Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for Putative John Doe

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendants. | Case Number(s): 2:12-cv-08333-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>**JOHN DOE'S *EX PARTE* APPLICATION FOR A STAY OF THE SUBPOENA RETURN DATE**<br><br>[*No Hearing Requested*] |

**JOHN DOE'S *EX PARTE* APPLICATION FOR A STAY OF THE SUBPOENA RETURN DATE**

## JOHN DOE'S *EX PARTE* APPLICATION
## FOR STAY OF SUBPOENA RETURN DATE

Undersigned counsel was retained by the putative John Doe defendant in this matter—meaning the ISP subscriber who received a letter notice from Verizon that plaintiff was seeking his identity—on Monday November 26, 2012. According to the notice from Verizon, Movant's deadline to object or otherwise respond to the subpoena is Thursday November 29, 2012, after which time, absent objection, Verizon will disclose Movant's identity to plaintiff. This request for a stay of the subpoena return is necessary in order to keep Movant's meritorious objections to the subpoena from being rendered moot (which is what will happen if Verizon discloses Movant's identity to the plaintiff as planned by Verizon on Friday November 30, 2012, absent a court filing by Movant before then).

Promptly upon being retained on Monday November 26, 2012, undersigned counsel began reviewing the pleadings, and contacted plaintiff's counsel, Mr. Brett Gibbs, to request an extension, as a professional courtesy, in order to provide the undersigned with time to examine the case. Mr. Gibbs wrote back on Monday that he would have to check with his client about an extension and that he "may or may not be able to respond" to the extension request before the November 29, 2012 deadline for the subpoena response. Mr. Gibbs further suggested that an extension would be more likely if Movant was interested in a settlement. In response, undersigned counsel referred Mr. Gibbs to this District's civility standards suggesting a liberal approach to routine requests for an extension that do not prejudice clients, and explained that if Mr. Gibbs could not promise provide an answer on the extension request by Wednesday November 28, 2012, he should say so now (on Monday) and the undersigned would move *ex parte* for an extension on Tuesday November 27, 2012. Mr. Gibbs wrote back (and Monday) and promised that he would respond to the extension request by Wednesday November 28, 2012. As of 8:00 p.m. on Wednesday November 28, 2012, Mr. Gibbs still had not responded to the extension request. Accordingly, the undersigned is compelled to file this *ex parte* application and

1 burden the Court with the kind of thing that attorneys really ought to be able to work out on
2 their own.
3       Good cause exists to support a stay of the subpoena return for the following reasons:
4       (1)    Movant will soon be filing a motion to quash the subpoena in this action.
5 The only reason Movant has not done so already is that Movant had difficulty locating
6 competent counsel for this kind of John Doe mass infringement case, and the undersigned
7 counsel was not engaged until Monday November 28, 2012. Further, the Movant here was
8 not the only client who engaged the undersigned counsel this week on short notice in a
9 mass-Doe copyright infringement case. Specifically, the undersigned spent Tuesday and
10 Wednesday of this week working on a motion to quash to be filed in the Eastern District of
11 Michigan on Thursday November 29, 2012, in *Malibu Media v. John Does 1-30*, E.D. Mi.
12 Case No. 12-cv-13312.
13       (2)    The motion to quash the subpoena that Movant plans to soon file in this
14 action has merit. For reasons that will soon be elaborated in the motion to quash itself, the
15 subpoena should be quashed for a number of reasons, including the following: (i) the
16 discovery is not "very likely" to lead to the identification of an actual defendant as required
17 by *Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980); and (ii) the subpoena
18 implicates Movant's limited First Amendment right to anonymity, but the subpoena fails
19 on the requisite First Amendment balancing test prescribed by *Semitool, Inc. v. Tokyo
20 Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).
21       (3)    If the Court does not grant the requested stay of the subpoena return Verizon,
22 per its policy in these kinds of cases, will disclose Movant's identity to plaintiff. If that
23 happens, if past experience is any guide, plaintiff will then turn Movant's information over
24 to its professional third party "settlement negotiators", who are basically unlicensed debt
25 collectors, who will begin harassing Movant for a settlement directly, regardless of the fact
26 that he is represented by counsel, including by using illegal Robocalls. Since Mr. Gibbs
27 cannot grant a routine extension on his own authority, or even provide an answer on an
28 extension request after two business days, Court intervention is now required to prohibit

**JOHN DOE'S *EX PARTE* APPLICATION FOR A STAY OF THE SUBPOENA RETURN DATE**

the motion to quash Movant intends to file from becoming moot. Since Movant wishes to remain anonymous, at least until a few preliminary issues are resolved, the motion to quash will be a waste of time if plaintiff has already learned Movant's identity.

(4) Plaintiff is not prejudiced whatsoever by this extension. The only possible prejudice plaintiff could claim is that the stay of the subpoena return date eats into the Rule 4(m) 120-day deadline for service of process. However, given that this case was filed on September 27, 2012 (only 60 days ago) plaintiff still has ample time to effect service on an appropriate defendant, if it chooses to do so.

The undersigned's attempts to meet and confer emails with Mr. Gibbs on this issue and avoid having to bother the Court with an *ex parte* extension request on what should be a routine matter are attached as Exhibit A to the accompanying Declaration of Morgan E. Pietz. As of 8:00 p.m. Thursday when this application as finalized, Mr. Gibbs had not responded to the final email in the chain. Even if Mr. Gibbs had refused an extension on Monday, on his own authority, rather than leaving the undersigned hanging for two more business days, the undersigned would still have needed to request an extension, in light of the new issues raised in the Ingenuity 13, LLC cases, as well as the undersigned's workload.

This *ex parte* application consists of this application, the accompanying declaration of Morgan E. Pietz, and Exhibit A thereto, which are the meet and confer emails.

For the foregoing reasons, Movant respectfully requests that the return date on the subpoena authorized by this Court (ECF No. 9) and issued by plaintiff to Verizon, which seeks Movant's identity, be stayed for thirty (30) days, or until the Court has an opportunity to rule on the Motion to Quash that Movant will soon be filing.

DATED: November 28, 2012

Respectfully submitted,

 _/s/ Morgan E. Pietz_____

Morgan E. Pietz (Cal. Bar No. 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile:   (310) 546-5301

*Attorney for Putative John Doe*