

Morgan Pietz <morganpietz@gmail.com>

# Ingenuity 13, LLC - C.D. Cal. 12-cv-8333 - Extension Request
4 messages

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>  Mon, Nov 26, 2012 at 6:08 PM
To: "Brett L. Gibbs, Esq." <blgibbs@wefightpiracy.com>

Brett,

I was retained today by a new client, who is either a putative John Doe defendant or perhaps a putative co-conspirator (don't know, haven't had a chance to look at the pleadings yet) in the above-entitled action.

The subpoena response deadline from the ISP is this Thursday 11/29/12. I plan to file a motion to quash (and possibly sever). Are you amenable to a 14 day extension?

Also, what is your opening settlement demand in these cases?

Best regards,
Morgan

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

**Brett Gibbs** <blgibbs@wefightpiracy.com>  Mon, Nov 26, 2012 at 6:31 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>

Mr. Pietz:

I would have to check with our client about that request. Just an FYI, our client usually does not like to grant these types of requests on short notice unless there is a reasonable chance that settlement may occur in the case. Judging by your past tactics in our Lightspeed case, I have little hope of settlement here. Our client does not like delay tactics, especially when it only benefits opposing party. With that said, I will still approach our client about this issue. Depending on when I can get in touch with the client, and considering the timing of this request, I may or may not get back to you before that deadline.

As for your settlement inquiry, since you asked, we would offer your client a $4,000 settlement for a full release of the claims in this case. Also, I will throw in a redaction letter to the ISP notifying the ISP that we are withdrawing our subpoena for your client's information. I can promise that, if you client decides on this route, and we get the payment before the ISP release on Thursday, our letter withdrawing our subpoena to the ISP will guarantee his anonymity. In other words, we won't see anything back from the ISP relating to his

case, and the case itself will be dropped with prejudice immediately.

Obviously, it is up to your client.  Talk with him, and, if he is leaning that way, I can draft up the documents to settle.  The benefit is obvious -- he won't have to pay you to draft a motion to quash that I can guarantee you will fail.

It's up to him.  Let me know what he says.

Regards,

Brett Gibbs

[Quoted text hidden]

--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges.  If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments.  Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                                                    Mon, Nov 26, 2012 at 7:11 PM
To: Brett Gibbs <blgibbs@wefightpiracy.com>

Brett,

If I understand you correctly, your position is that you "may or may not get back to me" by Thursday of this week regarding my request for an extension of the deadline that falls that day?  That is not very helpful.  If you cannot promise me a response on this simple request by Wednesday (more than two full business days from now), I'll just go ahead and seek an extension *ex parte* tomorrow.

Also, am I to understand that your willingness to entertain the basic professional courtesy of an extension is contingent upon your belief that you may be able to pressure my client into settling?  First, that is never going to work with me.  Second, as you very well know, I really cannot control when clients hire me on these cases,

and ISP subscribers often have trouble finding counsel and therefore end up hiring a lawyer last minute; the delay is not my fault, and it does not prejudice your client.

I do not believe that this client is interested in settling, but based on the rate my phone is starting to ring on these CD Cal Ingenuity 13 cases, that may change in the future for other putative John Does.

We are likely to be dealing with each other a lot, Brett. I would hate to see professional courtesy fall by the wayside for no good reason. Aside from that practical reality, I would also refer you to the following, particularly the fourth bullet point of Section B(2): http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines

Please advise.

Best regards,
Morgan
[Quoted text hidden]

---

**Brett Gibbs** <blgibbs@wefightpiracy.com>  Mon, Nov 26, 2012 at 7:55 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>

Morgan:

I don't like you patronizing comments. I don't respond well to them -- in fact, I don't know many who do. Your constant misunderstanding of things--whether purposeful or not--as well as your inclination to want to "teach" me things that I already am fully aware of is not exactly the acts of an attorney that wants to "get along" with opposing counsel.

Let me make this absolutely clear considering your confusion: I will talk with my client, and I should have an answer for you by Wednesday. The only issue is the last minute notice of this -- I understand that this is something that you cannot always control, obviously, but it nonetheless can be an inconvenience to my client. Both facts can equally coexist.

According your email, your client will not likely settle this case. Fine, I will alert my client of that new information when I get in touch with him.

All in all, you will hear from me by Wednesday.

On a side note, I am happy that you are getting more of our cases down there. It will be a pleasure to work with you on these cases in the future.

Regards,

Brett
[Quoted text hidden]