Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | Case No. 2:12-cv-8333-SVW(PJWx) <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S *EX PARTE* APPLICATION FOR STAY OF THE SUBPOENA RETURN DATE** |

**PLAINTIFF'S RESPONSE TO MOVANT'S *EX PARTE* APPLICATION FOR STAY OF THE SUBPOENA RETURN DATE**

An anonymous individual ("Movant") filed, through attorney Morgan E. Pietz, an *ex parte* application for stay of the subpoena return date. (ECF No. 13.) Movant claims he "received a letter from Verizon that plaintiff was seeking his identity on Monday November 26, 2012" and that Verizon will disclose his identity on November 30, 2012 if Movant does not object. (*Id.* at 2.) Movant requests that the return date of Plaintiff's subpoena be stayed for an additional thirty (30) days. (*Id.* at 4.) For the reasons set forth below, Movant's application for stay of the subpoena return date should be denied.

**ARGUMENT**

Movant's application should be denied for four reasons. First, Movant has improperly brought his application on an *ex parte* basis. Second, based on the information provided by Movant, his motion to quash is unlikely to be successful.

Third, a stay of the subpoena return date will be highly prejudicial to Plaintiff. Fourth, Movant improperly introduces evidence in violation of Federal Rule of Evidence 408.

## I. MOVANT HAS IMPROPERLY BROUGHT HIS APPLICATION ON AN *EX PARTE* BASIS

Movant's application is brought on an *ex parte* basis. (ECF No. 13.) *Ex parte* proceedings are generally disfavored. *U.S. v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("Ex parte hearings are generally disfavored"); *U.S. v. Kenney*, 911 F.2d 315, 321 (9th Cir. 1990) (recognizing "that in our system, adversary procedures are the general rule and ex parte examinations are disfavored."). *Ex parte* relief is appropriate only in rare circumstances, such as when there is no known opposing party with whom to confer. (*See, e.g.* ECF No. 8 at 11-12) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery). In the instant case there is a party in which Movant can confer—Plaintiff. Plaintiff understands Movant's temporal concerns, but Plaintiff should be allowed to weigh in on the prejudicial relief sought by Movant.

Further, Movant has failed to comply with the Local Rule for bringing an *ex parte* application. Central District of California Local Rule 7-19 states that:

> An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof. An applicant also shall lodge the proposed ex parte order.

L.R. 7-19. Movant failed to attach any memorandum addressing any of these requirements. Most importantly, Movant's application does not set forth any authority addressing why *ex parte* relief is appropriate here. (*See generally* ECF No 13.) Furthermore, Movant purposefully misstates the meet and confer email between him and Plaintiff's counsel. Despite Movant's claims that Mr. Gibbs "promised"

Movant's counsel that he would get back to him on Wednesday regarding stay request, Plaintiff's counsel indicated that he "should have an answer for [Movant's attorney] by Wednesday." That mandated time period, Planitiff's attorney explained, was very tight in terms of the getting in touch with the Plaintiff, receiving an answer on this request, and getting back to Movant's attorney by Wednesday. Additionally, instead of waiting to hear back from Plaintiff's attorney per Movant's counsel's request, Movant prematurely filed this motion prior to the end of Wednesday. In other words, the implicit agreement to give Plaintiff's counsel through Wednesday to return Movant's counsel's email was violated when Movant filed his *ex parte* motion that evening. Movant effectively failed to follow through with the period set on the meet and confer. Meeting and conferring is an essential element to Movant's *ex parte* motion. It was not adequately conducted. Movant's application is improperly filed on an *ex parte* basis and he failed to adhere to the local rules. As a result, his *ex parte* application should be denied.

### II. MOVANT'S EVENTUAL MOTION TO QUASH WILL LIKELY BE UNSUCCESSFUL

Movant argues that good cause exists for a stay of the subpoena because his motion to quash has merit. (ECF No. 13 at 3.) However, based on the reasons provided by Movant, this is incorrect. Movant provides two reasons as to why his motion to quash Plaintiff's subpoena will have merit: 1) "the discovery is not 'very likely' to lead to the identification of an actual defendant" and 2) "the subpoena implicates Movant's limited First Amendment right to anonymity." (*Id.*) Both of these issues have already been addressed in Plaintiff application for leave to take expedited discovery. (ECF No. 8.) And the Court already ruled on these issues when it granted Plaintiff's application. (ECF No. 9.) Movant's motion to quash, therefore, would actually be a motion for reconsideration of the Court's Order of October 9, 2012, and a motion for reconsideration has a much stricter standard for relief. *Brown v. Kinross*

*Gold, USA*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("Reconsideration of a prior ruling is appropriate…where the initial decision was clearly erroneous or manifestly unjust.") (*Citing Nunes v. Ashcroft,* 375 F. 3d 805, 807-808 (9th Cir. 2004)); *see also* L.R. 7-18.

Further, Movant mischaracterizes the requirement set forth in *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980). Movant argues that "the discovery is not 'very likely' to lead to the identification of an actual defendant." (ECF No. 13 at 3) (citing *Gillespie*, 629 F.2d at 642-643). Plaintiff is not required that to show that the discovery is "very likely" to lead to the identification of the unknown defendant, but instead "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, *unless it is clear* that discovery would not uncover the identities." *Id.* (emphasis added). Because motions for reconsideration are rarely granted and Movant demonstrates a fundamental misunderstanding of the controlling law, his eventual "motion to quash" will likely be unsuccessful.

### III. A STAY OF THE SUBPOENA RETURN DATE WILL BE HIGHLY PREJUDICIAL TO PLAINTIFF

Movant argues that "Plaintiff is not prejudiced whatsoever by this extension." (ECF No. 13 at 4.) Movant acknowledges the Rule 4(m) 120-day deadline for service of process, but argues that "[P]laintiff still has ample time to effect service on an appropriate defendant if it chooses to do so." (*Id.*) Plaintiff filed it complaint on September 27, 2012—over 60 days ago. (ECF No. 1.) Movant seeks to delay the case by an additional 30 days in which to file his motion. (ECF No. 13.) After Movant files his motion, Verizon will withhold his identifying information until the Court rules on the motion. Even after Plaintiff were to get his identifying information back, Plaintiff must conduct a further inquiry to determine if the subscriber associated with the infringing IP address is, in fact, the actual infringer. Finally, if Plaintiff is able to identify the true infringer, it must still amend the complaint and name and serve the Defendant with process. All of this takes considerable time, and in Plaintiff's

counsel's experience cases similar to this often run into issues with Rule 4(m) due to the unusual circumstances of the case, even without any delays. A delay of 30 days will likely result in a violation of Rule 4(m). A stay of the subpoena return date will, therefore, be highly prejudicial to Plaintiff.

### IV. MOVANT IMPROPERLY INTRODUCES EVIDENCE IN VIOLATION OF FEDERAL RULE OF EVIDENCE 408

Movant references and attaches e-mail between his counsel and Plaintiff's counsel. (ECF No. 13-2.) Several of the e-mails contain compromise offers and negotiations. (*Id.*) As a result, these e-mails cannot be used as evidence pursuant to Federal Rule of Evidence 408(a). Indeed, the e-mails from Plaintiff's counsel even indicate as much. (ECF No. 13-2 at 2) ("NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIABLE UNDER FRE RULE 408."). Movant has improperly introduced this evidence into this action. As a result, the e-mail chain should be struck and Movant's application denied.

### CONCLUSION

The Court's should deny Movant's *ex parte* application for stay of the subpoena return date. Movant has improperly brought his application on an ex parte basis. Based on the information provided by Movant, his motion to quash is unlikely to be successful. A stay of the subpoena return date will be highly prejudicial to Plaintiff. Movant improperly introduces evidence in violation of Federal Rule of Evidence 408.

///
///
///
///
///
///
///
///

Respectfully Submitted,

AF HOLDINGS LLC,

**DATED: November 30, 2012**

By: _____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*