1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel to Prenda Law, Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                  CENTRAL DISTRICT OF CALIFORNIA

8
    INGENUITY13 LLC,                    )      **Case No. 2:12-cv-08333-DMG-PJW**
9                                        )
              Plaintiff,                 )      **PLAINTIFF'S RESPONSE**
10                                       )      **IN OPPOSITION TO MOVANT'S**
          v.                             )      **NOTICE OF RELATED CASES**
11                                       )
    JOHN DOE,                            )
12                                       )
              Defendant.                 )
13   _____)

14          An anonymous individual claiming to be the "Putative John Doe in 2:12-cv-

15   8333-DMG-PJW" ("Movant") filed, through Attorney Morgan Pietz, a Notice of

16   Related Cases. (ECF No. 11.) Movant asserts that six different cases,[1] involving

17   different plaintiffs, different defendants, and different copyrighted works are

18   somehow related. (*Id.*)[2] Movant's assertions are based on unsubstantiated insinuations

19   of misconduct set forth in a letter filed in the United States District Court of

20   _____

21   [1] *AF Holdings LLC v. John Doe*, 2:12-cv-05709-ODW-JC (C.D. Cal. 2012), *Ingenuity13 LLC v.
    John Doe*, 2:12-cv-06635-GHK-RZ (C.D. Cal. 2012), *Ingenuity13 LLC v. John Doe*, 2:12-cv-06660-
22   GAF-AGR (C.D. Cal. 2012), *Ingenuity13 LLC v. John Doe*, 2:12-cv-07385-DSF-FFM (C.D. Cal.
    2012), *Ingenuity13 LLC v. John Doe*, 2:12-cv-07386-DMG-JEM (C.D. Cal. 2012), *Ingenuity13 LLC
23   v. John Doe*, 2:12-cv-08322-DMG-PJW (C.D. Cal. 2012), and, *Ingenuity13 LLC v. John Doe*, 2:12-
    cv-08333-DMG-PJW (C.D. Cal. 2012).
24

25   [2] A summary of the cases is as follows:

26

| Case Number | Plaintiff | Copyrighted Work at Issue | IP Address |
|---|---|---|---|
| 2:12-cv-05709 | AF Holdings | Popular Demand | 66.27.196.248 |
| 2:12-cv-06635 | Ingenuity13 | Anything for Daddy | 99.12.183.52 |
| 2:12-cv-06660 (DISMISSED WITH PREJUDICE ON 11/1/12) | Ingenuity13 | | |
| 2:12-cv-07385 | Ingenuity13 | Anything for Daddy | 99.59.96.29 |
| 2:12-cv-07386 | Ingenuity13 | Teen Sex First Anal | 108.38.135.253 |
| 2:12-cv-08322 | Ingenuity13 | A Peek Behind the Scenes at a Show | 71.83.94.169 |
| 2:12-cv-08333 | Ingenuity13 | A Peek Behind the Scenes at a Show | 108.13.119.253 |

27

28

Minnesota by attorney Paul Godfread. (ECF No. 11-1.) Like attorney Godfread, Movant has failed to even perform a basic investigation to determine whether the allegations contained in the letter are true[3]. Like attorney Godfread, Movant provides no evidentiary support for his assertions. And like attorney Godfread, Movant's assertions claims are categorically false. One Minnesota court determined that attorney Godfread's letter did not merit any action. *AF Holdings LLC v. Roeum Hean*, No. 12-cv-1449 (D. Minn. Dec. 3, 2012), ECF No. 19 ("Attorney Paul Godfread's letter request seeking 'leave to file a motion to intervene and to seek discovery' has been reviewed by the court. The court will take no action on the request."). In accord with that decision, the Court should strike Movant's notice of related cases.

Movant sets forth four issues of law and fact that he believes to be common among the related cases. (ECF No. 11 at 2-5.) Movant does not provide any actual evidentiary support for these issues but instead relies on Movant's counsel's personal belief that the unsupported claims in attorney Godfread's letter *may* be accurate. (*Id.* at 4) ("For some time, *undersigned counsel* has *suspected* that John Steele and/or Prenda Law, Inc. may hold an undisclosed pecuniary interest in the outcome of this litigation.") (emphasis added); (*id.* at 4) ("there are *suggestions* that in these kinds of cases the lawyers are paid on a contingent fee basis, but the split between the lawyers and the clients *may* be 70/30 or even 90/10 in favor of the lawyers, which *may* constitute improper fee splitting.") (emphasis added). Movant's equivocal language in his notice demonstrates that Movant may not even believe the claims in attorney Godfread's letter. Movant's assertions here certainly cannot be taken seriously, as to give them any credence would require this Court, and other courts across the country, to relate all online copyright infringement cases on the basis of, at best, a UCLA Entertainment Law Review Article (which does not once mention either of the

---

[3] This is not surprising, considering that one of the cases Movant seeks to relate was dismissed with prejudice over a month ago, on November 1st. (*See supra* at n. 2.)

plaintiffs whose cases Movant seeks to relate), and, at worst, the biased and misguided website "fightcopyrighttrolls.com".

Movant attempts to further defame Plaintiff by attaching and referencing a hearing transcript from a case in the Middle District of Florida and arguing that "it appears that plaintiff's lawyers may truly be the parties in interest in these cases". (ECF No. 11 at 4-5) (citing *Sunlust Pictures, Inc. v. Tuan Nguyen*, No. 12-1685 (M.D. Fla. 2012)); (*see also* ECF No. 11-2). First, the only way in which Movant has demonstrated that that transcript is at all relevant to the instant action (much less to the question of whether the aforementioned six cases are related) is the fact that Prenda Law, Inc. is mentioned in the transcript, and the undersigned is of counsel for Prenda Law, Inc. Under this rationale, literally any situation in which a particular law firm is even accused of misconduct would give rise to the need to relate all cases in which that firm is taking part. Second, Movant's allegation that "it appears that plaintiff's lawyers may truly be the parties in interest in these cases" is not substantiated, in any way, by the evidence that he has offered. (ECF No. 11 at 5.) Indeed, even Movant is only willing to go so far as to say that "it appears" that is the case. (*Id.*) Apparently, "fightcopyrighttrolls" is not a sufficient basis, even for him, to stake his reputation upon these unfounded conspiracy theories.

Movant goes on to argue that "in each case there will be the exact same *identical* question regarding the propriety of the pre-Rule 26 subpoenas. Specifically, multiple courts in this district are now being asked to consider whether the subpoenas, by themselves, are 'very likely' to result in the identification of actual defendants." (ECF No. 11 at 9) (emphasis in original). As an initial matter, Movant mischaracterizes the standard for plaintiffs seeking the identities of unknown defendants. Plaintiffs are not required to show that the discovery is "very likely" to lead to the identification of the unknown defendant, but instead "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, *unless*

PLAINTIFF'S RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASES   No. 2:12-cv-08333-DMG-PJW

1    *it is clear* that discovery would not uncover the identities." *Gillespie v. Civiletti*, 629

2    F.2d 637 (9th Cir. 1980) (emphasis added).

3           More importantly, the question of the degree to which cases such as this are

4    related to each other has been addressed multiple times, in cases in which multiple

5    Doe defendants were joined together. Federal courts, particularly in California, have

6    repeatedly held that joinder of multiple Doe defendants is improper. *See*, e.g. *Malibu*

7    *Media v. Does 1-7,* No. 2:12-cv-1459 GEB CKD (E.D. Cal.) (Does 2-7 dismissed

8    without prejudice); *Media Products, Inc. v. Does 1-128*, No. 2:12-cv-01937 LKK

9    DAD (E.D. Cal.) (Does 2-131 dismissed without prejudice); *Discount Video Center,*

10   *Inc. v. Does 1-5041*, No. C 11-02694-CW (N.D. Cal.) (Does 2-5041 severed from the

11   action and dismissed without prejudice). For that reason, Plaintiff in the instant action

12   chose to file an individual case against an individual Doe defendant. For the Court to

13   now hold that the cases are related would be to demonstrate an unjustifiable prejudice

14   against Plaintiff, and against this sort of action generally. Holders of copyrights are

15   entitled to compensation under the United States Copyright Act, and it would be a

16   miscarriage of justice for these cases to be held to be not so related that joinder is

17   permissible, but related enough that Plaintiff is not entitled to a separate evaluation of

18   its claims with respect to each Defendant, each of whom will undoubtedly offer

19   unique circumstances, defenses, and legal theories in support of his defense.

20          Movant further argues that "there are multiple *pre-service* issues Courts are

21   typically asked to consider in these kinds of cases." (ECF No. 11 at 7) (emphasis in

22   original). Though this is a roughly accurate description of the circumstances, the fact

23   remains that, post-service, each case becomes its own unique set of circumstances. To

24   assert that cases are related simply because there are similar issues centering around

25   service of process would lead to the relation of an absurd number of cases within the

26   judicial system—e.g., every case in which service must be made by publication

27   because reasonable efforts failed to uncover the location of the defendant.

28

PLAINTIFF'S RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASES    No. 2:12-cv-08333-DMG-PJW

As Plaintiff has demonstrated above, the rationales offered by Movant simply fall short. Plaintiff would opine that Movant's attorney has sought to relate these cases for no further reason than his own convenience, as he represents each of the Doe defendants in the cases he seeks to assert are related—except, of course, for case 2:12-cv-6660, which was dismissed with prejudice over a month ago. Neither Movant's counsel's convenience, nor the ill-conceived rationales that he has provided in his Notice of Related Cases, justify the course of action that he proposes.

## CONCLUSION

For the reasons contained herein, the Court should hold that the cases that Movant seeks to relate are, in fact, unrelated. Further, the Court should strike Movant's repeated unsubstantiated allegations regarding fraud.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: December 7, 2012**

By:  /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system on December 7, 2012 on all counsel or parties of record who are deemed to have consented to electronic service.

                                _____/s/_ Brett L. Gibbs, Esq._____

                                     Brett L. Gibbs, Esq.

PLAINTIFF'S RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASES   No. 2:12-cv-08333-DMG-PJW