Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorney for: Putative John Doe in 2:12-cv-8333-DMG-PJW

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>   Plaintiff,<br>v.<br><br>JOHN DOE,<br><br>   Defendant. | 2:12-cv-05709-ODW-JC<br><br>Assigned to: Judge Otis D Wright, II<br>Referred to: Magistrate Judge Jacqueline Chooljian<br><br>Complaint Filed July 2, 2012<br><br>**JOHN DOE'S SUPPLEMENT TO NOTICE OF RELATED CASES** |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>   Plaintiff,<br>v.<br><br>JOHN DOE,<br><br>   Defendant. | 2:2012-cv-06635-GHK-RZ<br><br>Assigned to: Judge George H. King<br>Referred to: Magistrate Judge Ralph Zarefsky<br><br>Complaint Filed August 2, 2012 |

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>      Defendant. | 2:2012-cv-06660-GAF-AGR<br><br>Assigned to: Judge Gary A. Feess<br>Referred to: Magistrate Judge Alicia G. Rosenberg<br><br>Complaint Filed August 2, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>      Defendant. | 2:2012-cv-07385-DSF-FFM<br><br>Assigned to: Judge Dale S. Fischer<br>Referred to: Magistrate Judge Frederick F. Mumm<br><br>Complaint Filed August 28, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>      Defendant. | 2:2012-cv-07386-DMG-JEM<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge John E. McDermott<br><br>Complaint Filed August 28, 2012 |

**JOHN DOE'S SUPPLEMENT TO NOTICE OF RELATED CASES**

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>         Plaintiff,<br><br>   v.<br><br>JOHN DOE,<br><br>         Defendant. | 2:2012-cv-08322-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>Complaint Filed September 27, 2012 |
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>         Plaintiff,<br><br>   v.<br><br>JOHN DOE,<br><br>         Defendant. | 2:2012-cv-08333-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>Complaint Filed September 27, 2012 |

**JOHN DOE'S SUPPLEMENT TO NOTICE OF RELATED CASES**

**SUPPLEMENT TO NOTICE OF RELATED CASES**

On December 3, 2012, undersigned counsel filed a Notice of Related cases in multiple actions in the Central District of California. The purpose of this Notice was to relate all of the cases filed by Prenda Law in this district on behalf of Ingenuity 13, LLC to all of the cases filed by Prenda Law in this district on behalf of AF Holdings, LLC.[1]

In addition to identifying other legal and factual issues common to all cases, such as the identical pleadings, the propriety of early discovery, whether the ISP subpoenas are "very likely" to identify actual defendants, and other pre-service litigation issues, the Notice of Related Cases also covers *deeply troubling* facts relating to one Mr. Alan Cooper of Minnesota. The facts explained by Mr. Cooper's attorney, and particularly when read in conjunction with the Florida hearing transcript, suggest possible systemic fraud, perjury, lack of standing, undisclosed financial interests, and improper fee splitting.

Remarkably though, the five-page "Plaintiff's Response in Opposition to Notice of Related Cases" filed December 7, 2012, does not provide a single substantive fact designed to assuage any of these very troubling concerns. Rather, Plaintiff's opposition attacks the evidentiary foundation for Mr. Cooper's assertions, plus *ad hominem* attacks on the undersigned, an on Mr. Cooper's attorney, without responding substantively to any of the deeply troubling issues raised by Mr. Cooper.

Since plaintiff is focused on the evidentiary foundation for Mr. Cooper's assertions, rather than the substance thereof, attached hereto as Exhibit A hereto is a sworn, notarized affidavit executed by Mr. Alan Cooper of Minnesota.

---

[1] Plaintiff's Response in Opposition to the Notice of Related Cases, filed December 7, 2012, erroneously suggests that the Notice of Related Cases covers only six, seemingly-randomly-chosen cases. This is incorrect. Some but not all of the Ingenuity 13 cases have already been related to one another. Thus, the Notice of Related Cases was filed in each of the lead cases and seeks relation of all of the cases, all of which are listed in Appendix 3 to the Notice of Related Cases. The Notice of Related Cases was filed in 12-cv-6660-GAF despite that case being terminated because that is the lead, low-numbered case currently assigned to Judge Fees, who has several other Ingenuity 13 cases currently, none of which are terminated, and all of which are related to the 12-cv-6660 lead case. Simply put, undersigned counsel respectfully suggests that all of the cases identified in Appendix 3 to the Notice of Related Cases should be assigned to the same judicial officer(s).

For approximately the past two weeks, undersigned counsel as well as Mr. Cooper's attorney, have sought answers from Prenda Law on the following questions:

(1) Is there another Alan Cooper, other than the gentleman in Minnesota who was John Steele's former caretaker, who is or was the principal of AF Holdings, LLC and/or Ingenuity 13, LLC?;

(2) Will plaintiff's counsel Brett Gibbs produce the original signature to the verified petition, supposedly executed by hand by "Alan Cooper" and notarized, which Mr. Gibbs stated, under penalty of perjury, that he has a copy of in his own possession and control? *See In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 2:11-mc-JAM-DAD, ECF No. 1, 10/28/11;[2]

(3) Will Mr. Gibbs identify his client contact at Ingenuity 13 and AF Holdings, given that Mr. Gibbs purported to speak with his "client" at Ingenuity 13 only two weeks ago?

So far, Prenda has not only refused to answer these specific questions, it has refused to even discuss these matters at all. A true and correct copy of email correspondence memorializing undersigned counsel's recent attempts to meet and confer on these issues with Mr. Gibbs is attached hereto as Exhibit B.

Similarly, although Prenda attacks the evidentiary foundation for suggestions that it may be pocketing as much as 90% of the take from its lawsuits (with its client receiving only 10%), Prenda does not actually state that such a split is incorrect. Similarly, although the undersigned shared his suspicion that Prenda Law and/or John Steele may be the undisclosed real parties in interest in these cases, Prenda Law does not actually deny that suggestion either.

---

[2] A copy of Ingenuity 13's verified petition executed by "Alan Cooper" is attached as "Exhibit E" to the Letter Mr. Cooper's attorney filed with the Minnesota courts (the complete ECF letter filing from Cooper's attorney is attached as Appendix 1 to the Notice of Related Cases filed herein on December 3, 2012).

Finally, Prenda argues that undersigned counsel has attempted to "defame" Prenda Law by including as <u>Appendix 2</u> to the Notice of Related Cases a recent transcript from a hearing in a Prenda case that was conducted in federal Court in Florida. Prenda argues that the Florida hearing is irrelevant. The undersigned disagrees; the Florida hearing transcript provides further evidence of what appears to be a pattern whereby Prenda law is attempting to defraud the Courts across the country by falsely holding out former/current personal acquaintances of John Steele as the purported principals of the plaintiff entities that Prenda Law represents in its national copyright infringement campaign. In other words, the Florida hearing transcript provides yet further evidentiary support for the same kind of deeply troubling circumstances that have been raised by Alan Cooper of Minnesota.

In sum, the undersigned respectfully suggests that all of the Ingenuity 13, LLC cases pending in this district be transferred to Judge Wright, who is already presiding over all of the AF Holdings cases pending in this district. Such a transfer would undoubtedly result in a substantial savings of judicial labor by streamlining the consideration of several identical legal and factual issues relating to pre-service discovery, plus all of the troubling issues raised by Mr. Cooper.

Respectfully submitted,

DATED: December 10, 2012                THE PIETZ LAW FIRM

                                        */s/ Morgan E. Pietz*

                                        Morgan E. Pietz
                                        THE PIETZ LAW FIRM
                                        Attorney for Putative John Doe(s)
                                        Appearing on Caption

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff, which is registered for electronic service.

Check if Applicable:

[ ] Copies of these documents were also served via U.S. Mail, on this date, to the following parties, who are not registered for electronic service:

N/A

Respectfully submitted: December 10, 2012     THE PIETZ LAW FIRM
*/s/ Morgan E. Pietz*
Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

**JOHN DOE'S SUPPLEMENT TO NOTICE OF RELATED CASES**