Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC,<br><br>                    Plaintiff,<br>          v.<br>JOHN DOE<br><br>                    Defendant. | No. 2:12-cv-08333-DMG-PJW<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEY MORGAN PIETZ**<br><br>Judge: Hon. Dolly M. Gee<br>Date: January 18, 2013<br>Time: 9:30 A.M. |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 18, 2013 at 9:30 A.M., or as soon thereafter as the matter may be heard, the undersigned shall appear before the Honorable Judge Dolly M. Gee, at Courtroom 7, 2nd Floor, Los Angeles – Spring Street Courthouse, and shall then and there present a Motion for Sanctions against Attorney Morgan Pietz.

## MOTION FOR SANCTIONS AGAINST ATTORNEY MORGAN PIETZ

Plaintiff Ingenuity13 LLC, by and through its undersigned counsel, hereby files this Motion for Sanctions against Attorney Morgan Pietz, pursuant to the Court's inherent authority and 28 U.S.C. §1927.

## FACTUAL BACKGROUND

Mr. Pietz has engaged in a concerted, bad faith effort to elicit publicity for himself and obtain clients. His actions demonstrate a willful disregard of the norms and standards of the judicial process, as well as the consequences his actions have upon the judicial system, opposing counsel, and his own clients. As a result, he has cost true parties to the case, as well as the Court, money and time in responding and/or reading his numerous baseless and irrelevant court filings.

The most recent of these actions—and the one which best illuminates Mr. Pietz's true motivations—occurred on December 13, 2012. Mr. Pietz filed an Administrative Motion to Exceed Five-Page Limit for Administrative Motion to Relate Cases in the Northern District of California, in Case No. 4:12-cv-02049-PJH (hereinafter "12-2049). Mr. Pietz was clearly aware that Northern District Local Rules establish a 5 page limit for administrative motions. (*See* L.R. 7-11(a)). Mr. Pietz did not, however, bother to wait for the Court to rule on his Motion; instead, Mr. Pietz decided to file his Administrative Motion to Relate cases less than an hour after he'd moved the Court to grant him an exception to the page limit requirement. The Motion he submitted consisted of 108 total pages, 18 of which embodied his "argument"—still exceeding even the 10-page limit which he'd requested from the Court (but for which he did not wait to obtain approval). Mr. Pietz was apparently getting quite

anxious, as he did not even bother to request permission from the Court before filing his gargantuan Motion in four more cases, though Plaintiff notes that the filings in these other four cases now bear the notation "Filed in Error – Please Disregard."[1] Such conduct clearly indicates an ulterior motive. An attorney who merely sought to relate cases would, upon reading the local rules, realize that the Northern District has carefully set forth guidelines to minimize the breadth of argument in administrative motions. The Local Rules not only mandate a 5 page limit, but also provide only four days for opposing counsel to respond. It is thus alarmingly clear that Mr. Pietz's Motion to Relate Cases was not, as he claimed, borne out of a desire to achieve judicial efficiency. Why, then, would he have done all this? The clear answer is that he was motivated by a desire to achieve publicity, and thus broaden his client base. There is a community of individuals who are strongly anti-copyright enforcement, who operate the ridiculously-titled websites fightcopyrighttrolls.com and dietrolldie.com. Mr. Pietz's actions described herein are designed to achieve greater publicity from these websites, with the aim of drumming up business from defendants who have been sued by Prenda Law[2] for copyright infringement.

If the fiasco with Mr. Pietz's Administrative Motion to Relate Cases had been his only such action, it might have been possible to simply attribute this behavior to unskillful lawyering. However, Mr. Pietz has exhibited a pattern of such behavior. One of the most egregious examples is his publication of what the undersigned believed to be confidential communication between himself and Mr. Pietz. Though the undersigned stands by every word he said therein, Mr. Pietz has committed a grievous ethical violation by not only

---

[1] 3:12-cv-02393-CRB, 5:12-cv-02394-LHK, 3:12-cv-02396-EMC; 4:12-cv-02411-PJH; the docket currently reflects that these latter four motions were filed in error, but the fact remains that Mr, Pietz acted as described above in the matter of Case No. 4:12-cv-02049-PJH
[2] For which the undersigned serves in an of Counsel role

publishing those emails as an exhibit to his Supplement to Notice of Related Cases in this District, and his Administrative Motion to Relate Cases in the Northern District of California, but also providing the email exchange to the fightcopyrighttrolls.com website. While this is a reality that has taken over the traditional legal practice—meet and confers are published the moment they are complete, no sense of professionalism or confidentiality or courtesy amongst (some) lawyers—it does not have to be accepted as the new standard.

Mr. Pietz's attempts to attract the attention of defendants in the undersigned's cases stretch even farther back. Mr. Pietz is attorney for Defendant in *Lightspeed v. Nason* (Super. Ct. Los Angeles County, 2012, No. NC057950). In that case, Mr. Pietz filed three separate motions to be heard at one hearing: a motion for sanctions (based solely on the Complaint itself), a motion to furnish security, and a demurrer. Mr. Pietz chose to copy and paste the first six pages—containing the same sort of abusive, unsubstantiated allegations as he has presented in the instant Motion—across all three of his motions. The Court thoroughly admonished Mr. Pietz for his lack of judgment in filing the motion for sanctions and motion to furnish security, commenting on how he was wasting the resources of the Court. That case now carries on, and the Court in that area is well aware of Mr. Pietz's tactics.

Mr. Pietz, apparently not content with his body of sanctionable conduct, also filed an "*Ex Parte* Application for Leave to Take Limited Discovery Prior to Rule 26(f) Conference Regarding Alan Cooper and to Stay Subpoena Date" in Case No. 3:12-cv-04976-JSW on December 14, 2012 (ECF No. 12). This document consists of a nearly verbatim rehashing of the baseless, irrelevant conspiracies that Mr. Pietz set forth in his Administrative Motion to Relate Cases and his Administrative Motion to Exceed Five-Page Limit for Administrative

Motion to Relate Cases in the instant action. This conduct on the part of serial-filer Mr. Pietz directly mirrors his conduct before the Los Angeles Superior Court in *Lightspeed v. Nason*; Mr. Pietz takes the same abusive, unfounded allegations, repeats them verbatim across multiple forms of documents, and expects that he will get the results that he wants. Mr. Pietz's bad faith, transparent attempts to gain publicity, by unreasonably and vexatiously multiplying the proceedings, should no longer go unpunished. Plaintiff contends that this Court should act swiftly and firmly to demonstrate to Mr. Pietz that he cannot continue to conduct his practice in this manner.

## LEGAL STANDARD

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. Nasco*, 501 U.S. 32, 43 (1991) (Internal citations omitted). Under this inherent authority, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* Under this inherent authority, a court may further assess attorney's fees when a party "shows bad faith by delaying or disrupting the litigation." *Id.*

"Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## ARGUMENT

### I. MR. PIETZ SHOULD BE SANCTIONED UNDER THE COURT'S INHERENT AUTHORITY

#### A. MR. PIETZ HAS ACTED IN BAD FAITH

As described in Plaintiff's factual background, Mr. Pietz's actions in the Central District of California, in the Northern District of California, in the Los Angeles County Superior Court, and over the Internet all clearly indicate that Mr. Pietz's motive in conducting himself as he has is to gain publicity for his practice. Specifically, Mr. Pietz's redundant and multiplicative filings against Prenda Law clients are an attempt to persuade defendants in Prenda Law cases to hire him for their defense. It turns out that such harassing actions are looked upon favorably by two niche anti-copyright enforcement websites, fightcopyrighttrolls.com and dietrolldie.com. Indeed, Mr. Pietz's strategy could be said to have worked, as the former blog has devoted two of its last four blog entries to Mr. Pietz's filings.³ The first post in footnote 3, "Brett Gibbs Throws a Tantrum", contains what the undersigned believed to be confidential e-mail communications between himself and Mr. Pietz, communications which were undoubtedly provided to the website by Mr. Pietz in an effort to bolster his publicity campaign. Though publicizing such confidential communication, without having any justification for doing so, in multiple filings, was bad enough, his publicizing those communications to an anti-copyright enforcement blog for his own benefit is the epitome of bad faith.

Mr. Pietz indicated in his Notice of Related Cases, as well as his Supplement to Notice of Related Cases, his client is the putative Doe defendant in case No. 2:12-cv-8333-DMG-PJW.⁴ Similarly, Mr. Pietz's client in the Northern District of California is the

---

³ http://fightcopyrighttrolls.com/2012/12/11/facing-uncomfortable-questions-brett-gibbs-throws-a-tantrum/, http://fightcopyrighttrolls.com/2012/12/17/another-day-another-tantrum-but-this-time-brett-gibbs-directs-judges-to-this-site/

⁴ *See* "Notice of Related Cases" and "Supplement to Notice of Related Cases"

"putative John Doe in 3:12-cv-04976-JSW."[5] If Mr. Pietz were not acting in bad faith, he would be making the arguments that he is currently making (far-fetched though they may be) within *only* the context of those cases and those cases alone. His duty is to help his clients avoid liability for copyright infringement in those two cases. In his reckless pursuit of publicity, Mr. Pietz has abandoned that duty, attempting instead to abuse the judicial process for his own gain.

///

### B. MR. PIETZ HAS ACTED VEXATIOUSLY AND WANTONLY

Mr. Pietz's conduct is motivated by gaining publicity on the niche anti-copyright enforcement blogs to which defendants in Prenda cases often turn for (misguided and inaccurate) advice. Even a cursory examination of the websites demonstrates an irrationally concentrated hatred for Prenda Law on the part of their authors. Thus, in order to ingratiate himself to the authors of these websites, Mr. Pietz has structured his publicity campaign to both allege unsubstantiated claims against Prenda Law and also make those allegations in as unnecessarily repetitive a manner as possible, forcing Plaintiff's counsel to literally throw away time and money to individually address different filings that should have, at the very least, been made as a single filing in the case in which Mr. Pietz represents the "putative Doe Defendant"[6] (though in reality the filings should not have been made at all).

As described in the Factual Background section above, Mr. Pietz's tendency toward vexatious conduct has been repeatedly established, in not only the Central District of California, but also in the Northern District of California and in the Los Angeles County

---

[5] *See AF Holdings v. John Doe*, No. 4:12-cv-02049-PJH at ECF No. 40.
[6] 3:12-cv-04976-JSW in the Northern District of California, No. 2:12-cv-8333-DMG-PJW in the Central District of California

Superior Court. Mr. Pietz has wantonly conducted his publicity campaign. He has ignored several of the principles which govern attorney conduct, including violating his duty to his client and ignoring his responsibility to maintain the confidentiality of confidential communication. He filed a 108 page Administrative Motion to Relate Cases (consisting of 18 pages of "argument") in the Northern District case 12-2049[7] just 59 minutes after filing an Administrative Motion to Exceed Five-Page Limit for Motion to Relate Cases. It is undoubtedly forgivable to err in consulting or interpreting local rules. What is not forgivable is recognizing that a rule exists and then completely ignoring the rule; indeed, the 18 pages of argument in Mr. Pietz's Administrative Motion to Relate Cases exceeded even the 10 pages which he requested in his request to exceed the five-page limit. Mr. Pietz's haste, and his decision to not even await the permission that he requested from the Court, is an affront to the dignity of the Court, and demonstrates a wanton disregard for his obligations as an attorney. Let us imagine, for a moment, how Mr. Pietz's client might feel upon learning that Mr. Pietz willfully disregarded the rules in this manner. What rationale could Mr. Pietz offer as to why he did so? Mr. Pietz would presumably have included his rationale in his Administrative Motion to Relate Cases if any meritorious rationale existed; given that Mr. Pietz's true rationale was to accumulate publicity as quickly as possible, it is unsurprising that Mr. Pietz offered no explanation to the Court as to why he would willfully disregard a rule he had just requested permission from the Court to be excused from following. Mr. Pietz's unnecessarily duplicative and overly burdensome filings in the instant action—

---

[7] *AF Holdings v. John Doe,* No. 4:12-cv-02049-PJH

8
PLAINTIFF'S MOTION FOR SANCTIONS     No. 2:12-cv-08333-DMG-PJW

namely, his Notice of Related Cases and Supplement to Notice of Related Cases—begin making more sense in this context.

### C. MR. PIETZ HAS DELAYED AND DISRUPTED THE LITIGATION IN BAD FAITH

Mr. Pietz has not offered any justification for his actions described herein because it is impossible for him to admit to his true motives. The cases in which Mr. Pietz has so unceremoniously inserted himself, as well as the cases in which he purportedly represents the "putative Doe defendant," are copyright infringement cases. In all of the duplicative, vexatious filings made by Mr. Pietz, only the argument regarding standing even ***remotely*** relates to Plaintiff's claim of copyright infringement. In addition to the fact that all of Mr. Pietz's accusations are absolutely ridiculous, the fact also remains that the law requires only that an assignment agreement be signed by the assignor, and not the assignee, rendering these conspiracy theories irrelevant to a *prima facie* showing of copyright ownership. *See* 17 U.S.C. 204; *Effects Associates, Inc. v. Cohen,* 908 F. 2d 555, 557 (9th Cir. 1990). All of Mr. Pietz's remaining ruminations are just as baseless and unsubstantiated, and, in addition, are ***completely*** unrelated to whether the individuals in each case committed copyright infringement. Once again, if Mr. Pietz's true motivation was to properly defend his clients, maybe his conduct would be somewhat less sanctionable (though certainly sanctionable nevertheless). However, Mr. Pietz's actions have done a disservice to all parties involved, including his clients. Rather than establish a potential defense for his clients, or allow the litigation to play out between the Plaintiff and the actual defendants, who are not his clients, in the other respective cases, Mr. Pietz has focused all of his efforts on vexatiously and duplicatively attacking Prenda Law and profiting from the resulting publicity. This has

obviously resulted in significant disruption and delay of the proceedings, which might otherwise play out as an actual examination of the merits of the claim asserted by Plaintiff and the defenses asserted by the respective defendants.

## II. MR. PIETZ SHOULD BE SANCTIONED UNDER 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Mr. Pietz's conduct is a shining example of the sort of conduct which 28 U.S.C. § 1927 sought to deter and punish. Mr. Pietz has not only levied numerous libelous, unsubstantiated, and irrelevant allegations against Prenda Law, but he has done so across multiple cases in the Central and Northern Districts of California (as well as in the media and blogs), with the ultimate aim of garnering publicity and attracting Prenda Law defendants as clients. Mr. Pietz, while unreasonably and vexatiously multiplying the proceedings in this manner, has ignored his duty to respect the Court and to represent his client, and has harassed and overburdened Plaintiff's counsel. The undersigned estimates that he has incurred 10 hours of additional work on the instant case as a result of Mr. Pietz's actions, and that, according to his hourly rate of $325/hour, the Court should impose sanctions of $3250 in attorney's fees upon Mr. Pietz.

## CONCLUSION

For the reasons contained herein, serial-filer Mr. Pietz has engaged in sanctionable conduct, and should be sanctioned by the Court in order to punish his conduct and deter him from engaging in similar conduct in the future. As described herein, Mr. Pietz will not cease

his publicity campaign unless and until he is forced to do so. That time is clearly long overdue.

///

///

///

///

///

                                                Respectfully Submitted,

                                                PRENDA LAW INC.

**DATED: December 17, 2012**

                                      By:      /s/ Brett L. Gibbs_____

                                                Brett L. Gibbs, Esq. (SBN 251000)
                                                Of Counsel to Prenda Law Inc.
                                                38 Miller Avenue, #263
                                                Mill Valley, CA 94941
                                                blgibbs@wefightpiracy.com
                                                *Attorney for Plaintiff*