Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorney for Putative John Doe in 2:12-cv-08333-DMG-PJW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case Number(s): 2:12-cv-08333-DMG-PJW<br><br>Assigned to: Judge Dolly M. Gee<br>Referred to: Magistrate Judge Patrick J. Walsh<br><br>**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE** |

### *EX PARTE* APPLICATION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**

**PLEASE TAKE NOTICE** that the putative Putative John Doe in 2:12-cv-08333-DMG-PJW ("Movant"), by and through counsel, hereby applies to the Court *ex parte* for leave to take limited discovery prior to the Rule 26(f) conference, and to further stay the subpoena return date on the outstanding ISP subpoena seeking Movant's identity. This motion is made on the ground that "good cause" exists to authorize the limited discovery requested, per Rule 26(d)(1), because, very recently, deeply troubling factual allegations have been made which suggest the plaintiff is engaged in a widespread and systemic fraud on the Courts affecting thousands of ISP subscribers. Specifically, very troubling questions have been raised as to whether Prenda Law, Inc., has misappropriated the identity of one Mr. Alan Cooper of Minnesota, holding him out in verified federal court filings as the principal of plaintiff Ingenuity 13, a shell entity organized in St. Kitts and Nevis, without Mr. Cooper's knowledge or consent. Further, the circumstances seem to suggest that the plaintiff's lawyers behind this action, Prenda Law, Inc. and/or John Steele, may be the real—but undisclosed—parties in interest in this case. For weeks, undersigned counsel, and others, have sought answers from Prenda Law, Inc. and its clients AF Holdings, LLC and Ingenuity 13, LLC, to try and put these concerns to rest. None of the answers proffered to date have been at all reassuring; to the extent Prenda has engaged on the issue at all, the only answers provided have been evasive to a degree that is almost comical.

**(a)  A Very Limited Amount of Early Written Discovery is Appropriate in Light of Certain Facts Averred by One Alan Cooper of Minnesota, which Suggest Possible Systemic Fraud, Perjury, Identity Theft, and Lack of Standing**

Until there is some kind of reasonable explanation from the Plaintiff showing that this case is *not* actually part of a widespread, systemic fraud, the subpoena return date in

**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**

this case (and in all related cases)[1] should be stayed, so the Court plays no part in furthering what has been described by some federal Judges as an "essentially an extortion scheme". *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, Dkt. No. 7, 6/27/12; *see also* Fed. R. Civ. Proc. 1 (requiring that the federal rules "should be construed and administered to secure the *just*, speedy and inexpensive determination of every action and proceeding.")

If Prenda Law would simply identify the "Alan Cooper" who it claims is the true principal of Ingenuity 13, LLC and AF Holdings, LLC, or ***even confirm that such a person actually exists*** (notwithstanding the allegations of Alan Cooper of Minnesota), this *ex parte* application would not be necessary.  Essentially, whether or not there is another Alan Cooper is the million-dollar question.  However, Prenda Law has explicitly stated that it will not address any of the troubling factual circumstances raised by Mr. Cooper of Minnesota, or answer any questions on this topic, unless it is compelled to do so.

Accordingly, Movant respectfully requests leave of Court to propound the following limited written discovery, prior to a Rule 26(f) conference:

**(b)    Proposed Special Interrogatories**

First Special Interrogatory: Other than the Alan Cooper of Minnesota who is represented by attorney Paul Godfread, is there another Alan Cooper who is currently the principal[2] of Ingenuity 13, LLC—yes or no?

Second Special Interrogatory: If the answer to the first interrogatory is yes, state all contact information for this Alan Cooper, including current home address, business address, and telephone number.

Third Special Interrogatory: Other than the Alan Cooper of Minnesota who is represented by attorney Paul Godfread, was there ever another Alan Cooper who was, in the past, the principal of Ingenuity 13, LLC—yes or no?

---

[1] On December 3, 2012, Movant here filed a Notice of Related Cases for all of the AF Holdings, LLC and Ingenuity 13, LLC cases pending in the Central District of California.

[2] "Principal" will be defined broadly to mean officer, director, manager, member, etc.

Fourth Special Interrogatory: If the answer to the third interrogatory is yes, state all contact information for this Alan Cooper, including all known home addresses, business addresses, and telephone numbers.

Fifth Special Interrogatory: Other than the Alan Cooper of Minnesota who is represented by attorney Paul Godfread, is there another Alan Cooper who is currently the principal of AF Holdings, LLC—yes or no?

Sixth Special Interrogatory: If the answer to the fifth interrogatory is yes, state all contact information for this Alan Cooper, including current home address, business address, and telephone number.

Seventh Special Interrogatory: Other than the Alan Cooper of Minnesota who is represented by attorney Paul Godfread, was there ever another Alan Cooper who was, in the past, the principal of AF Holdings, LLC—yes or no?

Eighth Special Interrogatory: If the answer to the seventh interrogatory is yes, state all contact information for this Alan Cooper, including all known home addresses, business addresses, and telephone numbers.

Ninth Special Interrogatory: If the answer to the third interrogatory is yes, state each position this Alan Cooper held at Ingenuity 13, LLC and the dates such position was held.

Tenth Special Interrogatory: If the answer to the seventh interrogatory is yes, state each position this Alan Cooper held at AF Holdings, LLC and the dates such position was held.

Eleventh Special Interrogatory: Was the Alan Cooper of Minnesota who is represented by attorney Paul Godfread ever a principal, even unwittingly, of Ingenuity 13, LLC?

Twelfth Special Interrogatory: Was the Alan Cooper of Minnesota who is represented by attorney Paul Godfread ever a principal, even unwittingly, of AF Holdings, LLC?

Thirteenth Special Interrogatory: On November 26, 2012, when undersigned counsel emailed Brett Gibbs to ask for a routine extension request, Mr. Gibbs responded by

-3-
**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**

email "I would have to check with our client about that request.  Just an FYI, our client usually does not like to grant these types of requests on short notice unless there is a reasonable chance that settlement may occur in the case."  Later, Mr. Gibbs purported to have an answer on his query to the "client" regarding an extension.  Who is the client contact at Ingenuity 13, LLC that Mr. Gibbs spoke with on this matter?  Note, no details of the communication are being requested, just the name of the client contact.

Fourteenth Special Interrogatory: Reference is made to the following civil actions filed by AF Holdings, LLC and Ingenuity 13, LLC in the Northern District of California: 4:2012-cv-02049-PJH; 3:2012-cv-02393-CRB; 5:2012-cv-02394-LHK; 3:2012-cv-02396-EMC; 3:2012-cv-02404-SC; 4:2012-cv-02411-PJH; 3:2012-cv-02415-CRB; 4:2012-cv-03248-PJH; 3:2012-cv-04218-WHA; 5:2012-cv-04219-LHK; 5:2012-cv-04446-EJD; 5:2012-cv-04447-RMW; 5:2012-cv-04448-EJD; 3:2012-cv-04982-CRB; 3:2012-cv-04216-JSW; 3:2012-cv-04217-RS; 5:2012-cv-04445-LHK; 3:2012-cv-04449-SC; 3:2012-cv-04450-MMC; 3:2012-cv-04976-JSW; 3:2012-cv-04977-WHA; 4:2012-cv-04978-PJH; 5:2012-cv-04979-LHK; 5:2012-cv-04980-EJD; 3:2012-cv-04981-RS.  With respect to the copyright assignments attached to the complaints in these actions, as Exhibit B thereto, which all appear to have a similar signature by "Alan Cooper," please state whether the person who signed these assignments was the Alan Cooper of Minnesota who is represented by attorney Paul Godfread—yes or no?

Fifteenth Special Interrogatory: If the answer to the fourteenth interrogatory is no, then state all contact information for the person that did sign these documents, including all known home addresses, business addresses, and telephone numbers.

**(c)    Proposed Document Demands**

First Document Demand: For each person you identified in response to special interrogatories one through ten, and fifteen, produce this person's government-issued picture identification.

Second Document Demand: For each person you identified in response to special interrogatories two and four, produce all documents or other records evidencing the

-4-
**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**

position(s) this person held at Ingenuity 13, LLC.

Third Document Demand: For each person you identified in response to special interrogatory six and eight, produce all documents or other records evidencing the position(s) this person held at AF Holdings, LLC.

Fourth Document Demand: Produce the original signature of Alan Cooper on the verified petition filed by Mr. Gibbs in *In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 2:11-mc-JAM-DAD, ECF No. 1, 10/28/11.[3]

Fifth Document Demand: Reference is made to the following civil actions filed by AF Holdings, LLC and Ingenuity 13, LLC in the Northern District of California: 4:2012-cv-02049-PJH; 3:2012-cv-02393-CRB; 5:2012-cv-02394-LHK; 3:2012-cv-02396-EMC; 3:2012-cv-02404-SC; 4:2012-cv-02411-PJH; 3:2012-cv-02415-CRB; 4:2012-cv-03248-PJH; 3:2012-cv-04218-WHA; 5:2012-cv-04219-LHK; 5:2012-cv-04446-EJD; 5:2012-cv-04447-RMW; 5:2012-cv-04448-EJD; 3:2012-cv-04982-CRB; 3:2012-cv-04216-JSW; 3:2012-cv-04217-RS; 5:2012-cv-04445-LHK; 3:2012-cv-04449-SC; 3:2012-cv-04450-MMC; 3:2012-cv-04976-JSW; 3:2012-cv-04977-WHA; 4:2012-cv-04978-PJH; 5:2012-cv-04979-LHK; 5:2012-cv-04980-EJD; 3:2012-cv-04981-RS. With respect to the copyright assignments attached to the complaints in these actions, as Exhibit B thereto, which all appear to have a similar signature by "Alan Cooper," please produce each of the original assignment documents for inspection.

**(d)     Counsel Have Met and Conferred on These Issues But Counsel for Plaintiff Would Not Address the Alan Cooper Issues and Will Oppose this Application**

Undersigned counsel conferred with plaintiff's counsel Brett Gibbs by both email and telephone regarding the issues raised in this application. A copy of the written meet and confer correspondence on the Alan Cooper issue is attached to the supporting declaration hereto as <u>Appendix 4</u>. When last we spoke, Mr. Gibbs reiterated that he would

---

[3] A copy of Ingenuity 13's verified petition executed by "Alan Cooper" is attached as "Exhibit E" to the Letter Mr. Cooper's attorney filed with the Minnesota courts (the complete ECF letter filing from Cooper's attorney is attached hereto as <u>Appendix 1</u>).

**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**

not produce any of the requested information without being compelled to do so and I advised him I would be making this kind of more formal request, which he indicated he would oppose.  Dec'l. of Morgan E. Pietz ¶ 6.

     This *ex parte* application is based on this application, the accompanying memorandum of points and authorities in support hereof, the declaration of Morgan E. Pietz and appendices thereto, on the pleadings and records on file in this action, and on any testimony proffered at a hearing on this issue, if any.

Respectfully submitted,

DATED: December 18, 2012         THE PIETZ LAW FIRM

                                                  */s/ Morgan E. Pietz*

                                                  Morgan E. Pietz
                                                  THE PIETZ LAW FIRM
                                                  Attorney for Putative John Doe(s)
                                                  Appearing on Caption

**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**

# CERTIFICATE OF SERVICE

I hereby certify that on this day, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff, which is registered for electronic service.

Respectfully submitted: December 18, 2012   THE PIETZ LAW FIRM
*/s/ Morgan E. Pietz*
Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

-7-
**PUTATIVE JOHN DOE'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE**