

Morgan Pietz <morganpietz@gmail.com>

## Activity in Case 2:12-cv-08333-DMG-PJW Ingenuity13 LLC v. John Doe Notice of Related Case(s)

**Morgan Pietz** <morganpietz@gmail.com>   Thu, Dec 13, 2012 at 1:12 PM
To: Brett Gibbs <blgibbs@wefightpiracy.com>

Brett,

I called Prenda's main number earlier today and asked for you.  After being put on hold, I was transferred to your extension.  The line rang a few times, then it sounded like the line was picked up, but then the line immediately went dead, so I did not have an opportunity to leave you a voicemail.

Please give me a call -- I would like to follow up with you regarding not only the issues below, but also some administrative matters relating to your cases in the Northern District of California.

Best regards,
Morgan

> On Fri, Dec 7, 2012 at 5:30 PM, Morgan Pietz <morganpietz@gmail.com> wrote:
>> Brett,
>>
>> For the record, I didnt yell or even raise my voice much less swear at you.  I assume you hung up because you are trying to dodge these troubling question.  Please quit with the theatrics.
>>
>> Sent from my iPhone
>>
>> On Dec 7, 2012, at 5:17 PM, Brett Gibbs <blgibbs@wefightpiracy.com> wrote:
>>
>>> Mr. Morgan:
>>>
>>> Mr. Morgan, I did not hang up on you. I take offense to your purposefully twisted versions of things.  At the end of our conversation, I said that "it was nice speaking with, I had other things to do and good bye" [paraphrasing].  That is not "hanging up" on someone, that is called ending a phone conversation (with respect, I might add).  Whether you heard my saying this over your yelling at me is not my fault.  You were swearing at me, and being extremely hostile to me on phone, and I frankly had other things of import to accomplish on my schedule -- the conversation was ten minutes long and the abuse I was subjected to was uncalled for.  A piece of advice: this is not how you "meet and confer" on an issue. It simply was not professional.
>>>
>>> The issue is entirely irrelevant to the instant matter.  I cannot stress this any further -- it is irrelevant.  You are basing relevancy on a letter filed in Minnesota that was ignored by that court.  Even that court in Minnesota recognized the letter for what it truly was -- a conspiracy theory letter with no factual basis.  I don't know how else to explain this to you.  As you understand, it is hard (if not impossible) to prove a negative -- especially to an individual like yourself that has no trust in things aside from his version of things.  Your use of the word "assume" is very apt in this situation.

As I told you over the phone, when you asked "Is there another Alan Cooper?", I said, "I am sure there are hundreds of Alan Coopers in this world." If your question had been framed more pointedly, and not so vague, maybe I could have provided you with a specific answer.

I don't wish to discuss this matter further with you because of the verbal abuse I experienced in our first phone call. You know, as well as I, that there is a certain courtesy-code displayed between even opposing attorneys -- your yelling and use of bad language directed towards me violates those rules. I would remind you of the following:

"As officers of the court with responsibilities to the
administration of justice, attorneys have an obligation to be
professional with clients, other parties and counsel, the
courts and the public. This obligation includes civility,
professional integrity, personal dignity, candor, diligence,
respect, courtesy, and cooperation, all of which are essential
to the fair administration of justice and conflict resolution."
[California Attorney Guidelines of Civility and Professionalism]

Please be ever mindful of this if we speak in the future.

Regards,

Brett Gibbs

On Fri, Dec 7, 2012 at 11:40 AM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:
> Brett,
>
> This is to confirm a few things, in writing, about our phone call of earlier today.
>
> Prior to hanging up on me, you confirmed that you would not be answering either of my questions below about (1) your client contact at Ingenuity 13 (not AF holdings, which I clarified today) or (2) a copy of Alan' Coopers verification in the Ingenuity 13 case in E.D. Cal., which you purported to keep a copy of, under penalty of perjury. You stated that you viewed these issues as irrelevant to the instant case, and would not answer them absent a more formal demand. I explained that I disagreed, because as far as I am concerned, the Alan Cooper issue goes straight to the heart of whether your client has proper standing, among other, more troubling issues.
>
> Also, to repeat my additional request: if any facts in the Alan Cooper letter filed in Minnesota are incorrect, then please let me know which fact and why it is incorrect. However, since you have so far refused to provide any specifics, I can only continue to assume that everything in that letter is correct.
>
> I also note that you again refused to say whether there is another Alan Cooper (other than the gentleman in Minnesota who filed the letter through counsel) who is/was the principal of AF Holdings of Ingenuity 13.
>
> Please contact me should you change your mind and decide that you do wish to discuss this matter further.
>
> Best regards,
> Morgan

On Fri, Dec 7, 2012 at 11:13 AM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:
> Re-forward.
>
> ---------- Forwarded message ----------
> From: **Morgan E. Pietz** <mpietz@pietzlawfirm.com>
> Date: Mon, Dec 3, 2012 at 7:23 PM
> Subject: Re: Activity in Case 2:12-cv-08333-DMG-PJW Ingenuity13 LLC v. John Doe Notice of Related Case(s)
> To: Brett Gibbs <blgibbs@wefightpiracy.com>
>
>
> Brett,
>
> If I am supposedly twisting your words (although you do not say how, or clarify whether you are now changing your mind), how about a couple of straight answers then, so nothing gets lost in translation:
>
> (1) Will you tell me the name of your supposed client contact at AF Holdings with whom you supposedly communicated with last week?  I do not want any details of the conversation, just a name.
>
> (2) Will you produce the original signature to the verification page, identified below, that supposedly contains "Alan Cooper's" handwritten signature?
>
> And if the answer to these questions is still no, which is what you said earlier today, please explain why.
>
> Best regards,
> Morgan
>
>
> On Mon, Dec 3, 2012 at 7:09 PM, Brett Gibbs <blgibbs@wefightpiracy.com> wrote:
>> Mr. Pietz:
>>
>> Assume whatever you would like to assume -- that seems to be what you have done throughout my cases with you.
>>
>> As for the former, you have grossly misstated the contents of the "very brief conversation from just prior to the telephonic conference."  I think this twisting of my words is intentional -- and I do not like playing childish and manipulative games.  So, I will not be drawn into this baseless banter, wasting everyone's time and money.
>>
>> If want to have an honest adult conversation, I will participate.  If you want to have a meet and confer on these issues, I will be available to do that next week.  Let me know when you are available.
>>
>> Regards,

Brett Gibbs

On Mon, Dec 3, 2012 at 6:17 PM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:
> Brett,
>
> I wanted to follow up on our very brief conversation from just prior to the telephonic conference with Judge Walsh today regarding the two issues raised in my email below.
>
> This email is to confirm that before Magistrate Judge Walsh joined us on the line, you stated that you would not be providing me with either the name of your client contact, or a copy of the original signature version of Alan Cooper's verification in the E.D. Cal Petition matter, which you stated, under penalty of perjury, that you have a copy of in your possession.
>
> In an effort to begin a meet and confer dialogue on the matter, can you please elaborate on the reason(s) that you are refusing to produce either of these things?
>
> Frankly, I think your refusal to answer the simple question of whether there is another Alan Cooper (i.e., not Mr. Steele's former caretaker in Minnesota) who is the principal of AF Holdings and Ingenuity 13 speaks volumes. Until you provide some kind of answer that makes sense, under penalty of perjury, I am going to assume the worst case scenario here and litigate accordingly.
>
> If you would like to discuss any of this, please feel free to give me a call.
>
> Best regards,
> Morgan
>
>
>
> On Mon, Dec 3, 2012 at 12:58 PM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:
>> Brett,
>>
>> Last week you told me that you lacked authority to grant me an extension request and would have to "check with [your] client" on whether you could grant a modest extension. Then, a few days later, you purported that you had answer on this issue (although you never did bother to tell me what your client's response was).
>>
>> In light of all of the serious questions raised in the Notice of Related Cases (filing receipt below) regarding who really owns AF Holdings and Ingenuity 13, I'd like you please clarify something for me: when you said you had to talk to your client last week, with whom did you speak?
>>
>> Also, with reference to Exhibit E (a copy of your verified petition in an ED Cal Ingenuty 13 case) to Appendix 1 (of the Notice of Related Cases), please consider this my first, informal request for a copy of the original signature of Alan Cooper. The verification page, which recites that it was "Notarized" on the heading, states under Alan Cooper's "/s/" signature that:
>>
>>> "I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition."

Please produce a copy of that original signature for my inspection.

Feel free to give me a call if you would like to discuss any of this prior to our 3:00 call with Magistrate Walsh today.

Best regards,
Morgan

---------- Forwarded message ----------
From: <cacd_ecfmail@cacd.uscourts.gov>
Date: Mon, Dec 3, 2012 at 12:41 PM
Subject: Activity in Case 2:12-cv-08333-DMG-PJW Ingenuity13 LLC v. John Doe Notice of Related Case(s)
To: ecfnef@cacd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Pietz, Morgan on 12/3/2012 at 12:41 PM PST and filed on 12/3/2012
**Case Name:**        Ingenuity13 LLC v. John Doe
**Case Number:**      2:12-cv-08333-DMG-PJW
**Filer:**            John Doe
**Document Number:** 15

**Docket Text:
NOTICE of Related Case(s) filed by Putative John Doe John Doe. Related Case(s): 2:12-cv-05709-ODW-JC; 2:12-cv-06635-GHK-RZ; 2:12-cv-06660-GAF-AGR; 2:12-cv-07385-DSF-FFM; 2:12-cv-07386-DMG-JEM; 2:12-cv-08322-DMG-PJW; 2:12-cv-08333-DMG-PJW (Attachments: # (1) Appendix 1 - Letter Filed by Counsel for Alan Cooper in District of Minnesota, # (2) Appendix 2 - Transcript of Prenda Hearing in Middle District of Florida, # (3) Appendix 3 - Table of Related Ingenuity 13 and AF Holdings Cases in Central District of California)(Pietz, Morgan)**

**2:12-cv-08333-DMG-PJW Notice has been electronically mailed to:**

Brett Langdon Gibbs &nbsp &nbsp blgibbs@wefightpiracy.com, docket@wefightpiracy.com

Morgan E Pietz &nbsp &nbsp mpietz@pietzlawfirm.com, lrudolph@pietzlawfirm.com

**2:12-cv-08333-DMG-PJW Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**_Notice of Related Cases v3.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/3/2012] [FileNumber=14739678-0
] [8fa7b4078f2edcb17f48906046f07118f65a17d9fd4cc4bb72a832a819fbb9d764c
53cad2cb7709c7326429417cf1da8198fa258763750d699bdcfb8302432f5]]
**Document description:**Appendix 1 - Letter Filed by Counsel for Alan Cooper in District of Minnesota
**Original filename:**1 - Alan Cooper - ECF Letter.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/3/2012] [FileNumber=14739678-1
] [b67f59fd3ea3af034988085bb0050c0b7bec0b51f4a2a1b9e1a86d884bee70902f8
b185448643eaaf0c168ea094d9bb795cfe18ea0a76694db229c8d4f0ed93b]]
**Document description:**Appendix 2 - Transcript of Prenda Hearing in Middle District of Florida
**Original filename:**2 - Nguyen Hearing Transcript - Tampa.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/3/2012] [FileNumber=14739678-2
] [800d30a30660cee9e1e1cd9e2085b2203c5f1560dc35331306948d42d5db2bacbb1
4c9c0de2ba4111a44f943ff62244c47022c110fb78c02cb7bc79c5b6db298]]
**Document description:**Appendix 3 - Table of Related Ingenuity 13 and AF Holdings Cases in Central District of California
**Original filename:**3 - Table of Cases.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/3/2012] [FileNumber=14739678-3
] [5ae2ecc869dce997f693775d8ff426a8a3c48b190e25e753128678117c874da161b
d2e4141ae7449e578ee22e9cd67e8a02439f2880ed9596a082b3653152487]]

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com


--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges.  If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments.  Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.



--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com

    Ph: (310) 424-5557
    Fx: (310) 546-5301
    www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges.  If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments.  Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to

> advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

--