Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> ─────────────────────────── ) | No. 2:12-cv-08333-ODW-JC <br><br> **PLAINTIFF'S RESPONSE TO ANONYMOUS JOHN DOE MOVANT'S** ***EX PARTE*** **APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY AND FOR A FURTHER STAY OF THE SUBPOENA RETURN DATE** |

## INTRODUCTION

An anonymous Movant ("Movant") identifying himself only as "Putative John Doe in 2:12-cv-08333-DMG-PJW" has applied to the Court for leave to take early discovery and for a further stay on the subpoena return date ("the Application"). (ECF No. 23.) Movant argues in its Application that it is entitled to *ex parte* early discovery because: (1) the requested early discovery is relevant to the issue of Plaintiff's standing to sue for copyright infringement and is also relevant to uncovering a possible fraud on the Court and/or undisclosed financial interests in the case (ECF No. 23-1 at 12); (2) prejudice to the Plaintiff can be easily avoided (ECF No. 23-1 at 15); (3) need for the requested discovery outweighs the minimal prejudice to Plaintiff (ECF No. 23-1 at 15); (4) *ex parte* relief is needed to preserve the ability of movant to file a meaningful motion to quash (ECF No. 23-1 at 16); and (5) even if the Court denies John Doe's request for limited early discovery, the Court should still order a brief stay of the ISP subpoena return date. (ECF No. 23-1 at 17.) For the reasons contained herein, Movant is not entitled to the *ex parte* early discovery or the subpoena stay for which he has applied.

## FACTUAL BACKGROUND

Movant's attorney, Mr. Morgan Pietz, is levying the libelous, unsubstantiated accusations contained in his Application for the purpose of gaining publicity, as well as a prejudicial advantage in the litigation of this case. Such a motive is to be expected from Mr. Pietz, who has offered the *same exact accusations* contained in the instant Application in two previous filings in this case. (*See* ECF No. 15, Notice of Related Cases; ECF No. 16, Supplement to Notice of related cases.)  He has offered the same exact accusations in another case, currently pending in the Northern District, *AF Holdings v. Doe*, No.  4:12-cv-02049-PJH (N.D. Cal 2012.)  Indeed, in his haste to garner publicity for his failing law practice, Mr. Pietz filed a Motion to Exceed Five-Page limit for Administrative Motion to Relate Cases (*Id.* at ECF No. 38)–his vehicle for hurling his ridiculous accusations in that particular case—and then, less than an hour later, and without waiting for any response to his request from the Court, Mr. Pietz submitted a 108 page Administrative Motion to Relate Cases[1]. Mr. Pietz did not wait for the Court's approval, and did not even comply with his own requested limit of 10 pages.

Mr. Pietz's blindly flung accusations are likely familiar to the judges of this district by now, as he filed these same accusations in six other Central District cases. Once again, Mr. Pietz's haste to garner publicity for his failing law practice had blinded his judgment, as he used a Notice of Related Cases and subsequent Supplement to Notice of Related Cases (as he did in the instant case) to argue that seven different cases[2], involving different Plaintiffs, different defendants, different copyrighted works, and different dates and times of infringement should all be related; given the laughable logic underlying his Notice and Supplement, it is clear that Mr. Pietz was using these filings as merely a vehicle to offer up his unsubstantiated allegations before the Court.

Mr. Pietz's publicity campaign, in which he vexatiously multiplies filings—all of which contain the same, baseless accusations—stretches even farther back, to a case in

---

[1] Of these 108 pages, 18 were devoted to argument

[2] AF Holdings v. Doe, 2:12-cv-05709-ODW-JC at ECF No. 11, ECF No. 13 (C.D. Cal. 2012).; Ingenuity13 LLC v. Doe, 2:12-cv-06635-GHK-RZ at ECF No. 11, ECF No. 13 (C.D. Cal 2012); Ingenuity13 LLC v. Doe, 2:12-cv-06660-GAF-AGR at ECF No. 9, ECF No. 10 (C.D. Cal 2012); Ingenuity13 LLC v. Doe, 2:12-cv-07385-DSF-FFM at ECF No. 13, ECF No. 15 (C.D. Cal 2012); Ingenuity13 LLC v. Doe, 2:12-cv-07386-DMG-JEM at ECF No. 9, ECF No. 11 (C.D. Cal 2012); Ingenuity13 LLC v. Doe, 2:12-cv-08322-DMG-PJW at ECF No. 13, ECF No. 15 (C.D. Cal. 2012); Ingenuity13 LLC v. Doe, 2:12-cv-08333-DMG-PJW at ECF No. 15, ECF No. 18) (C.D. Cal 2012).

which undersigned represents the Plaintiff and Mr. Pietz represents Defendant Jesse Nason (Lightspeed v. Nason (Super. Ct. Los Angeles County, 2012, No. NC057950)). In that case, Mr. Pietz filed three separate motions to be heard at one hearing: a motion for sanctions (based solely on the Complaint itself), a motion to furnish security, and a demurrer. Mr. Pietz chose to copy and paste the first six pages—containing the same sort of abusive, unsubstantiated allegations as he has presented in the instant Motion—across all three of his motions. The Court thoroughly admonished Mr. Pietz for his lack of judgment in filing the motion for sanctions and motion to furnish security, commenting on how he was wasting the resources of the Court. That case now carries on.

At this point, Mr. Pietz's actions have become nearly comical, but this is no laughing matter for the judicial system: his reckless behavior is an attempt to curry publicity and favor with two niche anti-copyright enforcement sites that are often turned to by defendants in Prenda Law cases, namely fightcopyrighttrolls.com and dietrolldie.com. A cursory glance at these websites, particularly the former one, would suggest that his publicity campaign has been effective. It should not, however, be rewarded by the judicial system. Indeed, Mr. Pietz went as far as to publish what the undersigned believed to be confidential communications between himself and Mr. Pietz in the aforementioned websites, in all of the aforementioned federal filings, as well as in the current filing, attached to Movant's Application as ECF No. 23-6. (See ECF No. 23-6.) Mr. Pietz should not have published these confidential communications in Court, and he most certainly should not have published these confidential communications online. Mr. Pietz's overburdening of the federal judiciary, and disregard for his obligations as an attorney, with the end aim of drumming up business for his apparently struggling law practice, and the titular aims of "relating cases" and "obtaining discovery," is simply unacceptable. Indeed, Plaintiff has filed a Motion for Sanctions in the instant action (*See* ECF No. 22) with the hope of bringing to Mr. Pietz's attention the reality that his conduct is unacceptable and unjustifiable. The most unfortunate aspect of Mr. Pietz's conduct is that his publicity campaign appears to be paying off: judging by his intervention in more and more cases as of late, it appears that he has gotten more clients. As Mr. Pietz succeeds in attracting more clients in his manner, and his unacceptable conduct continues to go unchecked, he will undoubtedly become progressively more emboldened to waste even

more of the federal judiciary's time and resources. This is an unfortunate state of affairs, and Plaintiff does sympathize with defendants who are being represented by an attorney more interested in his own financial gain than the defense of his clients. It is indisputable that, by using these tactics, Mr. Pietz has misused the public function of the courts to promote his business. Having described the context within which Mr. Pietz has filed the instant Application, Plaintiff now turns to the untenable arguments contained therein.

## LEGAL STANDARD

With regard to *ex parte* discovery, "unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3.

With regard to expedited discovery, "good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273 (N.D. Cal. 2002). To establish whether good cause exists, "the Court weighs [the] benefit to the administration of justice against the possible prejudice or hardship placed on [non-movant]." *Id*.

## ARGUMENT

### I. MOVANT IS NOT ENTITLED TO *EX PARTE* DISCOVERY

Movant has filed the instant Application for Expedited Discovery *ex parte*. Movant has not satisfied the requirements set forth by Local Rule 37-3 in filing its *ex parte* Application. Per Local Rule 37-3, "unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3. There has been no indication on the docket that the Court, in its discretion, has allowed the instant Application to be filed *ex parte*. In addition, Movant has not successfully argued irreparable injury or prejudice. In fact, he never uttered those words in his brief. Movant argues that his baseless conspiracy theories are "threshold issues" that should be resolved before this case is allowed to proceed any further. As described more fully below, the issues raised by Movant are simply invalid.

## II. MOVANT IS NOT ENTITLED TO EXPEDITED DISCOVERY

Movant's Application does not satisfy the good cause standard set forth by this District for evaluation of expedited discovery in *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002). Under *Semitool*, "good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* To establish whether good cause exists, "the Court weighs this benefit to the administration of justice against the possible prejudice or hardship placed on [non-movants]." *Id.*

### A. THERE IS NO BENEFIT TO THE ADMINISTRATION OF JUSTICE

The discovery sought by Defendant does not benefit the administration of justice. The instant action centers upon alleged copyright infringement. Movant asserts the following three bases as to why the requested early discovery is needed: (1) the requested early discovery is relevant to the issue of Plaintiff's standing to sue for copyright infringement; (2) the requested early discovery is relevant to uncovering a possible fraud on the court; (3) the requested early discovery is relevant to the issue of undisclosed financial interests in the case. (*See* ECF No. 23-1 at 12.) Movant has not, however, established that any of these bases is present in the instant action, and, furthermore, they are not, in fact, present in the instant action. As such, Movant would receive no legally cognizable benefit from being granted license to interrogate Plaintiff's attorney—though, as Movant's attorney is aware, Movant would incidentally benefit from the harassment, burden, delay, and expense that permitting the proposed discovery would cause Plaintiff's attorney.

#### 1. THE COPYRIGHT ASSIGNMENT AGREEMENT IS VALID

Plaintiff in this case presented a copyright assignment agreement, attached to Plaintiff's Complaint as Exhibit B, by which it obtained ownership of the copyright that has been infringed. (*See* ECF No. 1, Exh. B.) Movant asserts that "the requested early discovery is relevant to the issue of Plaintiff's standing to sue for copyright infringement." Movant is incorrect. The law of copyright requires only that the assignment be signed by the assignor and not the assignee; as such, any supposed inconsistency (or, more appropriately, any conspiracy theory) is wholly irrelevant to a *prima facie* showing of copyright ownership. *See* 17 U.S.C. 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990). As the

Ninth Circuit asserted in *Effects Associates, Inc. v. Cohen*, "The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do." *Id.* Exhibit B to Plaintiff's Complaint demonstrates that the assignor signed the assignment agreement (*See* ECF No. 1 at Exhibit B.) Movant's contentions based on conspiracy theories of Alan Cooper's involvement are thus meritless, and should be dismissed as such.

### 2.  NO FRAUD HAS OCCURRED

Movant bases his wild accusations of "possible fraud upon the Court" (ECF No. 23-1 at 15)—namely, the authenticity of the aforementioned assignment agreement—upon the Godfread Letter (ECF No. 23-3) and the Affidavit of Alan Cooper (ECF No. 23-4.) These documents are are not evidence of fraud upon the Court. Indeed, these documents are not evidence of anything at all. The District of Minnesota recognized as much: the Godfread Letter (attached to Movant's Application as ECF No. 12-2) was originally submitted in an AF Holdings case currently pending in the District of Minnesota, AF Holdings v. Doe (No. 0:12-cv-01449-JNE-FLN at ECF No. 18 (D. Minn. 2012)). The Court was not impressed, issuing a notice stating simply that "Attorney Paul Godfread's letter request seeking 'leave to file a motion to intervene and to seek discovery' has been reviewed by the court. The court will take no action on the request." Id at ECF No. 19. Movant's Application provides that very letter—which was dismissed for the ruse that it is by the District of Minnesota—as part of his evidence that fraud has occurred, and though he did have the courtesy to dress up these outlandish accusations, nearly verbatim, as a declaration, the fact that these wild accusations are now contained in a declaration does not make them any less wild, or any more relevant. Plaintiff has perpetrated no fraud upon the Court, and Movant has provided no justification for asserting that Plaintiff has perpetrated fraud upon the Court.  Lacking any factual proof, Defendant should not be able to go on a witch hunt to interrogate Plaintiff's attorney.

### 3.  THERE ARE NO UNDISCLOSED FINANCIAL INTERESTS

Movant asserts that the requested early discovery is relevant to uncovering undisclosed financial interests in the case. (ECF No. 23-1 at 12.)  As Plaintiff asserted in its Corporate Disclosure Statement, "Plaintiff AF Holdings LLC does not have a parent

corporation. No publicly held company owns 10% or more of Plaintiff's stock." (*See* ECF No. 2.) None of the mudslinging in which Movant engages throughout his Application provides any credible evidence contradicting Plaintiff's Corporate Disclosure Statement. As confirmed by the District of Minnesota, the statements of Alan Cooper—whether made in a letter from his attorney or dressed up in the clothing of a declaration—do not constitute credible evidence. There are no undisclosed financial interests in this case—at least on the part of Plaintiff; it would not be surprising in the least to discover that Movant or his attorney are bankrolled by the aforementioned niche anti-copyright enforcement blogs.

### B. PLAINTIFF WOULD SUFFER TREMENDOUS HARDSHIP

Plaintiff would suffer tremendous hardship and prejudice if the Court were to grant Movant's application, especially considering that, as described above, this hardship is not outweighed in any way by benefit to the administration of justice. Movant's Application amounts to the request of a license to interrogate Plaintiff's attorney, a course of action which Plaintiff contends is nearly unprecedented in the law. The first hardship Plaintiff will face is that Plaintiff's attorney is bound by attorney-client privilege to not answer most, if not all, of the questions proposed by Movant, raising complex ethical issues regarding whether attorney-client privilege can be waived for impromptu witch hunts, ethical questions which Plaintiff's attorney will have to expend time and money resolving. The second hardship Plaintiff will face is that Plaintiff will be forced to expend time and money to answer questions that are, as described above, irrelevant to the instant action. The third hardship Plaintiff will face is that of subjecting its attorney to this interrogation without any justification whatsoever; as described above, Movant's supposedly best-articulated case for being granted early discovery does not even articulate facially valid reasons for such entitlement.

The prejudice Plaintiff would suffer is that which any entity would suffer where unsubstantiated allegations are taken seriously and acted upon by the Court: Plaintiff is entitled to due process, and though there are limited, legally established situations in which one may request discovery *ex parte,* without providing notice to the other side, Movant has not appealed to any such authority in his Application, and would likely not find any authority in support of his conducting discovery in pursuit of his ridiculous allegations. In the context of the legal system as a whole, granting Movant's Application would allow any party to

fabricate unsubstantiated allegations and circumvent the established process for pursuing those allegations.

### III.   THE COURT SHOULD NOT ORDER STAY OF THE SUBPOENA RETURN

Movant separately moves for a stay of the subpoena return date. In support of this request, Movant once again restates his tired assertions of misconduct on the part of Plaintiff. "The information sought by early discovery" is ***not*** relevant at all, much less, as defendant asserts "highly relevant." There is simply nothing to see here; Mr. Pietz has taken baseless accusations that were rightfully disregarded and attempted to use those accusations to justify not only interrogating Plaintiff's attorney, but also to further delay the receipt of information whose receipt has already been delayed. Most importantly, Movant was already granted a stay of the subpoena return to allow him adequate time to file a Motion to Quash; as the record indicates, Movant has misused this allotted time, choosing to file the instant, unsubstantiated request for discovery, as well as the Notice and Supplement of Related Cases (ECF No. 15, 19)—more precisely, perhaps, Movant's attorney has wasted his client's time and money, misusing this allotted time to file these useless documents. Nevertheless, Movant has been given a month to file a Motion to Quash, and giving Movant any more time to do so is simply unwarranted. Movant should thus be denied his request for further stay of the subpoena.

### CONCLUSION

Mr. Pietz's conduct grows increasingly wearisome. His accusations are as false in this document as they were when included in the previous documents filed in this action, in documents filed in other cases in this District, in documents filed in cases in the Northern District, and in documents filed in state court. Mr. Pietz must be stopped. This Court should deny Movant's Application in its entirety.

///

///

///

///

                                                                                  Respectfully Submitted,

                                                                                  PRENDA LAW INC.

**DATED: December 20, 2012**

                                                                  By:     /s/ Brett L. Gibbs

                                                                           Brett L. Gibbs, Esq. (SBN 251000)
                                                                           Of Counsel to Prenda Law Inc.
                                                                           38 Miller Avenue, #263
                                                                           Mill Valley, CA 94941
                                                                           blgibbs@wefightpiracy.com
                                                                           *Attorney for Plaintiff*