Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC, <br><br>         Plaintiff, <br>    v. <br><br> JOHN DOE, <br><br>         Defendant. | **No.** 2:12-cv-08333-ODW-JC <br><br> **PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II** |

### PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II

### INTRODUCTION AND BACKGROUND

The integrity of our judicial system rests, in large part, upon the assumption that judges will regard the matters set before them with impartiality. The United States Constitution contains various safeguards to ensure that, where a judge is unable to regard a particular matter impartially, that judge shall be removed from considering the case.

The story Plaintiff now sets forth is rather simple: Honorable Judge Otis D. Wright, II simply abhors plaintiffs who attempt to assert their rights with respect to online infringement of pornography copyrights. Honorable Judge Wright's abhorrence of such assertions of right under the Copyright Act has risen to a level such that a neutral observer would have reasonable grounds to question Honorable Judge Wright's impartiality. Indeed, in light of Honorable Judge Wright's conduct,

Plaintiff contends that it would be *impossible* to convince a neutral observer that Honorable Judge Wright regards this particular type of case impartially.

Honorable Judge Wright's conduct with respect to at least three different Plaintiffs unambiguously establishes the deep-seated hostility with which he regards this particular type of case. The first of these examples comes from a discovery Order issued by Honorable Judge Wright in *Malibu Media v. Does 1-10*, No. 12-cv-3623 (C.D. Cal. 2012)[1] at ECF No. 7 (hereinafter "*Malibu Media* Order.") A true and correct copy of the *Malibu Media* Order is attached hereto as Exhibit A. (*See* Exhibit A.) In the *Malibu Media* Order, Honorable Judge Wright cast a multitude of aspersions upon Malibu Media, and did so without any further basis than the very fact that Malibu Media was bringing a lawsuit to protect a pornography copyright. Honorable Judge Wright begins his barrage by asserting that "Though Malibu now has the keys to discovery, the Court warns Malibu that any abuses will be severely punished." (*See* Exhibit A at 5.) Honorable Judge Wright makes this assertion without *any* indication that Malibu Media had engaged in any such abuse in the past; the assertion was based wholly on the fact that Malibu Media was attempting to protect a pornography copyright. (*See,* generally, Exhibit A.) Honorable Judge Wright lobs his next volley by asserting that

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch ***what is essentially an extortion scheme,*** for a case that plaintiff has no intention of bringing to trial.

(*Id.* at 6) (Emphasis added.) Honorable Judge Wright asserts that Malibu Media is running an extortion scheme with the help of the federal judiciary, and further asserts that Malibu Media does not intend to bring the case to trial, without, once again, *any* reference to actual conduct by Malibu Media that would suggest that these allegations are true—except, once again, the bare fact that Malibu Media sought to protect a

---

[1] All subsequent case citations refer to cases in the Central District of California unless otherwise indicated

pornography copyright. Honorable Judge Wright completes his diatribe against Malibu Media by asserting that

> By requiring Malibu Media to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do so the old-fashioned way and earn it.

(*Id.* at 6.) Honorable Judge Wright clearly wanted to punish Malibu Media for bringing its action; while not going as far as to deny discovery altogether, he wanted Malibu Media to expend more money to protect its copyrights. Though Honorable Judge Wright was clearly unhappy with the prospect of Malibu Media protecting its rights under the Copyright Act through early discovery, he nevertheless permitted Malibu Media to take discovery with respect to Doe 1, severing Does 2-10. (*Id.* at 7.) In other words, Honorable Judge Wright begrudgingly drew this line in the sand, while clearly not being thrilled with Malibu Media's actions. As explained below, however, Honorable Judge Wright's contentment with owners of pornography copyrights has only grown worse since then; most recently, copyright owners filing individual cases are not even getting the "courtesies" extended to Malibu Media in the above-referenced order.

On October 4, 2012, a series of 24 cases filed by AF Holdings LLC[2]—each of which alleged online infringement of a pornography copyright by an as yet unknown *individual*—was transferred to Honorable Judge Wright. Honorable Judge Wright's previous satisfaction with owners of pornography copyrights having to file separate actions against each individual defendant lasted only a few months; his "precedent" was obliterated in October of the same year. On October 19, 2012, Honorable Judge

---

[2] *AF Holdings v. John Doe*: 2:12-cv-05709-ODW-JC, 2:12-cv-05712-ODW-JC, 2:12-cv-05722-ODW-JC, 2:12-cv-05725-ODW-JC, 2:12-cv-06636-ODW-JC, 2:12-cv-06637-ODW-JC, 2:12-cv-06665-ODW-JC, 2:12-cv-06667-ODW-JC, 2:12-cv-06669-ODW-JC, 2:12-cv-06670-ODW-JC, 2:12-cv-07384-ODW-JC, 2:12-cv-07387-ODW-JC, 2:12-cv-07391-ODW-JC, 2:12-cv-07401-ODW-JC, 2:12-cv-07402-ODW-JC, 2:12-cv-07403-ODW-JC, 2:12-cv-07405-ODW-JC, 2:12-cv-07406-ODW-JC, 2:12-cv-07407-ODW-JC, 2:12-cv-08320-ODW-JC, 2:12-cv-08321-ODW-JC, 2:12-cv-08325-ODW-JC

Wright issued an Order Vacating Early Discovery Orders and Order to Show Cause (hereinafter "*AF Holdings* Order") in each and every one of the 24 *AF Holdings v. Doe* cases that were related and transferred to him. (*See AF Holdings v. Doe*, 2:12-cv-05709-ODW-JC at ECF No. 9) A true and correct copy of the *AF Holdings* Order is attached hereto as Exhibit B. (*See* Exhibit B.) In issuing the *AF Holdings* Order, Honorable Judge Wright contradicted *his own precedent* from the June 27, 2012 Malibu Media Order; despite the fact that each and every one of the cases subject to the Order was filed against an individual Doe Defendant, Honorable Judge Wright apparently was no longer convinced that that was sufficient to constitute "earning" the right to protect a pornography copyright. Furthermore, Honorable Judge Wright's *AF Holdings* Order contained the same generalized, baseless aspersions against AF Holdings as those which Honorable Judge Wright had cast in the Malibu Media Order. The Order's reasoning begins by asserting that "The Court is concerned with the potential for discovery abuse in cases like this." (*See* Exhibit A at 1.) Honorable Judge Wright goes on to generically describe the methodology by which online copyright infringement is litigated, but as with the *Malibu Media* Order, Honorable Judge Wright does not indicate ***even one example*** of conduct on the part of AF Holdings—other than the bare fact that it was attempting to protect a pornography copyright— that would indicate the risk of such abuse. Honorable Judge Wright goes on to assert that "The Court has a duty to protect the innocent citizens of this district from this sort of ***legal shakedown***, even though a copyright holder's rights may be infringed by a few deviants." (*Id.* at 2) (Emphasis added.) Within the span of two paragraphs, Honorable Judge Wright accused AF Holdings of posing the risk of discovery abuse and of engaging in a legal shakedown of innocent citizens, and did so, once again, without providing ***even one instance*** of conduct on the part of AF Holdings that would support such allegations—other than, of course, the fact that AF Holdings was attempting to protect its pornography copyright. A notable phrase from

the above citation is Honorable Judge Wright's assertions that "a copyright holder's rights may be infringed by a few deviants." *Id.* Indeed, this misunderstanding of the rampant ubiquity of copyright infringement may be the source of Honorable Judge Wright's considerable prejudice. For the record, it is well-known that copyright infringement is rampant, and is not, as Honorable Judge Wright suggested, engaged in by only a "few deviants." As the Court in *MGM v. Grokster* noted, "digital distribution of copyrighted material threatens copyright holders as never before" —an assertion which ***preceded*** the present ubiquity of high-speed Internet (and of Internet access generally) and highly efficient file-sharing protocols such as BitTorrent; earlier file-sharing protocols, such as Napster, were much slower and much less reliable.[3] Thus, the situation is obviously much graver now than it was in 2005, when the aforementioned holding was issued. Honorable Judge Wright goes on to describe AF Holdings' discovery process as a "fishing expedition", and it naturally bears repeating that Honorable Judge Wright does not cite ***even one*** example of conduct on the part of AF Holdings that would support this characterization—other than, of course, the fact that AF Holdings sought to protect a pornography copyright.

Honorable Judge Wright's substantial prejudice against pornography copyright holders was further demonstrated by the subsequent actions he took in the AF Holdings cases. The dockets for those cases indicate that Honorable Judge Wright had not ruled on whether AF Holdings had shown sufficient cause to warrant early discovery, and still has not done so. Nevertheless, Honorable Judge Wright issued an Order to Show Cause Re Lack of Service in each and every case that had exceeded the 120-day service provision contained in Federal Rule of Civil Procedure 4(m). A true and correct copy of one such order is attached hereto as Exhibit C. (*See* Exhibit C.) The Supreme Court, however, has unambiguously held that "the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."

---

[3] *MGM v. Grokster*, 545 US 913 (2005).

*Henderson v. United States*, 517 US 654, 661 (1996). The Supreme Court also noted that "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." *Id.* (Internal citations omitted). The fact that Honorable Judge Wright did not find good cause in a situation where, at least in some cases, AF Holdings did not even have information back from the subscriber as a result of Honorable Judge Wright's own Order Vacating Discovery—which, of course, left AF Holdings with no person to name or serve—further demonstrates Honorable Judge Wright's clear intent to quickly dispose of this type of case, regardless of the individual merits of each action. The Supreme Court asserted that courts have discretion to enlarge the 120-day period ***even when no good cause is shown***, and yet Honorable Judge Wright did not find ***his own order vacating discovery*** to be sufficient good cause. Furthermore, Honorable Judge Wright gave AF Holdings ***7 days***, in the midst of the federal holiday season, to respond to the Order.[4]

Honorable Judge Wright conducted himself in nearly the exact same manner with respect to Plaintiff in the instant action, Ingenuity13. On December 19, 2012, a series of 18 Ingenuity13 cases[5] —each of which alleged online infringement of a pornography copyright by an as yet unknown *individual*—was transferred to Honorable Judge Wright. On December 20, 2012, ***just one day later,*** Honorable Judge Wright issued an Order Vacating Discovery and Order to Show Cause in each and every Ingenuity13 case assigned to him (hereinafter "*Ingenuity13* Order.") (*See* 2:12-cv-06662-ODW-JC at ECF No. 11.) A true and correct copy of the *Ingenuity13* Order is attached hereto as Exhibit D. (*See* Exhibit D.) If there was any ambiguity as to whether Honorable Judge Wright generically disposes of each holder of pornography copyrights in the same manner, such ambiguity was put to rest by the

---

[4] The order was issued on December 20, 2012.
[5] *Ingenuity13 v. Doe*: 2:12-cv-06662-ODW-JC, 2:12-cv-06664-ODW-JC, 2:12-cv-06668-ODW-JC, 2:12-cv-07385-ODW-JC, 2:12-cv-07386-ODW-JC, 2:12-cv-07408-ODW-JC, 2:12-cv-07410-ODW-JC, 2:12-cv-08322-ODW-JC, 2:12-cv-08323-ODW-JC, 2:12-cv-08324-ODW-JC, 2:12-cv-08326-ODW-JC, 2:12-cv-08327-ODW-JC, 2:12-cv-08328-ODW-JC, 2:12-cv-08330-ODW-JC, 2:12-cv-08331-ODW-JC, 2:12-cv-08332-ODW-JC, 2:12-cv-08333-ODW-JC, 2:12-cv-08336-ODW-JC

promptness with which Honorable Judge Wright repeated, verbatim, his apparently quite deeply-held beliefs about the nature of such copyright holders. In the *Ingenuity13* Order, Honorable Judge Wright once again asserted that "The Court is concerned with the potential for discovery abuse in cases like this," (*Id.* at 1*),* once again offering no further justification than the fact that Ingenuity13 is attempting to protect pornography copyrights. Once again, Honorable Judge Wright repeats his generic assertion from the *AF Holdings* Order that "this Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown," but does not provide **a single fact** indicating that AF Holdings engaged in such a shakedown *(Id.)*. Once again Honorable Judge Wright repeats his erroneous assertion that copyright infringement is committed only by "a few deviants." (*Id.*) Though the *Ingenuity13* Order is virtually identical to the *AF Holdings* Order, one notable addition was Honorable Judge Wright's assertion that "Ingenuity13 must also explain how it can guarantee to the Court that any such subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route)." (*Id.* at 2-3.) Once again, Honorable Judge Wright bases a serious allegation, that Ingenuity13 coerces settlements, solely on the fact that Ingenuity13 attempts to protect pornography copyrights. The *Malibu Media* Order, the *AF Holdings* Order, and the *Ingenuity13* Order are **wholly** devoid of any factual basis for Honorable Judge Wright's allegations, save for the one thing that Malibu Media, AF Holdings, and Ingenuity13 have in common: they are all holders of pornography copyrights.

It is an unchangeable fact that, as human beings, our inner values and perspectives will shape our actions. A judge, however, has an obligation to temper personal prejudices when acting in the capacity of a judge. Honorable Judge Wright's conduct unambiguously indicates that he harbors deeply-held prejudice against plaintiffs who pursue claims of online infringement of pornography copyright—and

perhaps any copyright. Honorable Judge Wright had a responsibility, as a judge, to not allow that deeply-held prejudice to influence his conduct; his actions, as described above, indicate a clear failure to satisfy that responsibility.

Plaintiff now turns to the legal basis under which Honorable Judge Wright's conduct merits his disqualification from the instant action.

## LEGAL STANDARD

"Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States,* 510 US 540, 547 (*Citing* 28 U.S.C. § 455(a)). Under 28 U.S.C. § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Id.* at 548. Though there is an extrajudicial source factor—one which examines whether the evidence of bias on the part of a judge came from an extrajudicial source—this factor has several exceptions, one of which is the "pervasive bias" exception. *Id.* at 551 (*Citing Davis v. Board of School Comm'rs of Mobile County*, 517 F. 2d 1044, 1051 (CAS 1975)). The *Davis* Court defined the exception as follows: "there is an exception where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Davis v. Board of School Comm'rs of Mobile County,* 517 F. 2d 1044, 1051. As the Supreme Court asserted, "the fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias or prejudice' recusal." *Id. at* 554.

///

///

///

## ARGUMENT

I. **HONORABLE JUDGE WRIGHT'S CONDUCT CONSTITUTES PERVASIVE BIAS**

As set forth more fully in Plaintiff's Introduction and Background section,

Honorable Judge Wright has demonstrated pervasive bias against at least three different plaintiffs who sought to protect pornography copyrights. As described in Plaintiff's Introduction and Background, Honorable Judge Wright has summarily ascribed the same set of deplorable attributes to Malibu Media, AF Holdings, and Ingenuity13 on the sole basis that each sought to protect pornography copyrights. These attributes include: (1) discovery abuse; (2) use of the Court as a cog in a copyright enforcement business model; (3) coercion of settlement; (4) engaging in a legal shakedown of innocent citizens; (5) taking action when only a few deviants engage in copyright infringement (as described above, a factually erroneous assertion). Honorable Judge Wright's pattern of pervasive bias was further demonstrated by the fact that, in the *Malibu Media* Order, he asserted that it would be sufficient for plaintiff in the action to sue defendants individually for it to "earn" the right to "vindicate its copyrights" (*See* Exhibit A at 6), but retreated from *his own precedent* a scant four months later, indicating to AF Holdings in his *AF Holdings* Order (*See* Exhibit B at 2), and to Ingenuity13 in his *Ingenuity13* Order (*See* Exhibit D at 2), that he believes they are engaging in a "legal shakedown", despite having filed individual lawsuits. Honorable Judge Wright also put forth orders that appeared to have been issued with the intention of summarily disposing of these cases, especially in AF Holdings, where he issued Orders to Show Cause Re Lack of Service pursuant to 4(m)—the Supreme Court has held that a Court, in its discretion, may extend the deadline even where there is *no good cause*, and yet the Court chose to issue this Order, ***with a 7 day deadline***, in cases where Honorable Judge Wright's own Order vacating the prior discovery orders (*See* Exhibit B) rendered identification of the subscriber impossible in cases where the ISP had not yet responded.

   Though Honorable Judge Wright demonstrated his bias through judicial conduct, it is quite likely that the bias itself stemmed from an extrajudicial source. Had Honorable Judge Wright had any specific concerns with respect to Malibu Media,

AF Holdings, or Ingenuity13, one can imagine that he would have included such concerns in his orders to each of those parties. Instead, each order contained a generic, though vitriolic, characterization of each plaintiff as a bad actor, and did so solely on the basis of the fact that each was attempting to protect a pornography copyright. Indeed, the fact that Honorable Judge right summarily repeated nearly identical allegations against each plaintiff, without offering a single factual basis specific to any of the plaintiffs, is prima facie evidence that Honorable Judge Wright was developing his generalized conclusions about holders of pornography copyrights, as well as his determination that these generalized conclusions summarily apply to ***all*** pornography copyright holders, from an extrajudicial source.

## II. HONORABLE JUDGE WRIGHT'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED

In light of the facts presented herein, it is indisputable that an objective analysis of these facts would reasonably call into question Honorable Judge Wright's impartiality. Honorable Judge Wright's actions in each of the respective cases, particularly with regard to AF Holdings and Ingenuity13, clearly indicate an attempt to demolish the cases. It appears that Honorable Judge Wright's bias with respect to pornography copyright holders has deepened over the past few months; while he granted early discovery to Malibu Media with respect to one of the Doe Defendants in the action, he vacated prior discovery orders that were granted in cases which *followed the letter of Honorable Judge Wright's Malibu Media Order*—each case was against an individual Defendant. Despite this fact, Honorable Judge Wright vacated the prior discovery orders, and in support of this decision, he simply provided more generalized aspersions of pornography copyright holders attempting to protect their copyrights. *Stare decisis* is a key underpinning of our judicial system, and a judge who is willing to overturn *his own holding in less than four months* is clearly motivated by underlying vitriol toward the parties in question. Honorable Judge Wright's ascribing

identical, generalized characteristics to three different plaintiffs would objectively lead his impartiality to be reasonably questioned.

## CONCLUSION

The only way in which Honorable Judge Wright's conduct, as described herein, would be acceptable is if pornography copyright holders were subject, *ab initio,* to a completely different standard than other plaintiffs in the court system. A cursory inspection of the Copyright Act indicates no such differing standard. As such, Honorable Judge Wright's determination that all parties attempting to protect pornography copyrights are engaged in extortion is unambiguously indicative of a degree of bias that is simply not allowed under the purview of 28 U.S.C. § 455. Ultimately, Plaintiff is willing to bear a loss on the merits of its case, but Plaintiff cannot simply stand by while its right to assert its copyright is summarily denounced simply because of the nature of its copyrighted work. One of the foundational underpinnings of our judicial system is equality under the law—Plaintiff will be deprived of this constitutional guarantee should its cases be heard by a judge who has already deemed Plaintiff herein, as well as all similarly situated plaintiffs, guilty of misconduct.

Respectfully Submitted,

**DATED: December 30, 2012**

By: \_\_\_\_\_/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

11

PLAINTIFF'S MOTION FOR DISQUALIFICIATION        No. 2:12-cv-8333-ODW-JC