Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN DOE,<br><br>           Defendant. | Case Number(s): 2:12-cv-08333-ODW-JC<br><br>Disqualification Motion Referred to: Judge Michael W. Fitzgerald<br><br>Case Assigned to: Judge Otis D Wright, II<br>Discovery Referred to: Magistrate Judge Jacqueline Chooljian<br><br>**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II** |

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................2

TABLE OF AUTHORITIES ...........................................................3

I. INTRODUCTION AND SUMMARY ...........................................4

II. RELEVANT BACKGROUND ..................................................6

    (a) The *Malibu Media Order* and General Background on Pornographic
    Copyright Infringement Litigation ..............................................6

    (b) Closer Look at the Malibu Media Litigation in this District: Judge
    Klausner Focused on Distinction Between ISP Subscriber and Actual
    Defendant .............................................................................8

    (c) Background on the Related AF Holdings and Ingenuity 13 Cases Filed by
    Prenda Law, Inc. and the Instant Disqualification Motion........................12

III. ARGUMENT ....................................................................16

    (a) Legal Standard for Judicial Disqualification .............................16

    (b) The Disqualification Motion is Not Supported by Evidence and is Not
    Timely; It Could Have Been Made Back in October When Judge Wright
    Was Assigned the First of the Related Cases .............................17

    (c) Prenda Has Not Alleged an Extra Judicial Source for the Purported Bias19

    (d) Judge Wright's Prior Orders That Prenda Complains of Were More Than
    Justified and Have Actually Been Widely Accepted by Other Judges as
    Models for How to Deal With These Kinds of Cases ..............................19

        (1) The *Malibu Media Order* Was Justified, Has Been Subsequently
        Endorsed by Judge Klausner, and Widely Adopted by Many Other
        Judges Too ...............................................................19

        (2) The AF Holdings OSC re: Early Discovery and the Similar Orders
        Issued in the Related Ingenuity 13 Cases Were Also Justified, and
        Particularly So in Light of Prenda's Past History ..........................21

        (3) The OSC re: Failure to Serve Issued in Some of the Older AF
        Holdings Cases is Also Justified ..........................................24

    (e) Prenda is Desperate to Avoid Answering Questions About Alan Cooper,
    Systemic Fraud on the Court and the Copyright Office, Forgery, Identity
    Theft, and Concealment of the Real Parties in Interest ..........................24

IV. CONCLUSION ..................................................................25

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

# TABLE OF AUTHORITIES

**Cases**

*AF Holdings LLC v. Does* 1-96, No. C 11-03335 JSC, 2011 WL 4502413, at *2-3
(N.D. Cal. Sept. 27, 2011)..................................................................................11

*AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW ...................................................15

*AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW, ECF No. 9, 10/19/12...............13

*AF Holdings, LLC v. Matthew Ciccone,* E.D. Mi. No. 12-cv-14442.........................9

*Davis v. Board of School Comm'rs of Mobile County*, 517 F. 2d 1044, 1051 (5th Cir.
1975) ...................................................................................................................3, 18

*Digital Sin, Inc. v. Does 1-176,* -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan.
30, 2012) ............................................................................................................3, 23

*E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)......19

*Guava, LLC v. Comcast Comm'ns, LLC*, Circuit Court of St. Clair County, Illinois,
No. 12MR417.......................................................................................................9

*Hard Drive Prods. v. Does 1-90*, No. C 11-03825 HRL, 2012 WL 1094653, at *2-3
(N.D. Cal. Mar. 30, 2012) ...................................................................................11

*Hard Drive Prods.v. Does 1-90*, No. C 11-03825 HRL, 2012 WL 1094653, at *2-3
(N.D. Cal. Mar. 30, 2012) ...................................................................................13

*Liteky v. United States,* 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474
(1994) ...................................................................................................................3, 18

*Malibu Media,* C.D. Cal. No. 12-cv-1642-RGK, ECF No. 27, 7/31/12 ...................11

*Malibu Media, LLC v. John Does 1-10*, 2012 U.S. Dist. LEXIS 89286, C.D. Cal.
Case No. 12-cv-3623-ODW, ECF No. 7, 6/27/12 ..............................................5

*United States v. Antar*, 53 F.3d 568, 574-576 (3d Cir. 1995)...............................3, 18

*Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ....................3, 18

Statutes

28 U.S.C. § 144..........................................................................................................4, 16

28 U.S.C. § 455..........................................................................................................16

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

## I.  INTRODUCTION AND SUMMARY

Before the Court is "Plaintiff's Motion for Disqualification of Honorable Judge Otis D. Wright II," (ECF No. 35) (the "**Disqualification Motion**").

The Disqualification Motion is not supported by any declarations alleging that Judge Wright has a personal bias or prejudice, as required under 28 U.S.C. § 144 (in fact, Section 144 is not even mentioned). Plaintiff failed to aver even a single *fact* in support of the Disqualification Motion, so it should be denied for this reason alone. *See* L.R. 7-5(b).[1]

As to substance, the motion also fails on every count. Generally speaking, plaintiff argues that Judge Wright has a "substantial prejudice against pornography copyright holders," as supposedly evidenced by four of his decisions: (i) the June 2012 *Malibu Media Order*,[2] issued in an unrelated case; (ii) the October 2012 orders in the related AF Holdings cases requiring Prenda Law to explain exactly what it was going to do with ISP subscriber information prior to being authorized to use the Court's subpoena power to obtain that information from ISPs; (iii) the December 2012 orders applying the AF Holdings procedure to the newly-related Ingenuity 13 cases; and (iv) the December 2012 orders to show cause re: dismissal of the older cases for failure to abide the Rule 4(m) deadline (together, the "**Prior Orders**"). The point repeated *ad nauseam* throughout the Disqualification Motion is that although Judge Wright is concerned about abuses in these kinds of cases, as reflected in the Prior Orders, he supposedly did not cite "even one example" of any kind of wrongful conduct by either Malibu Media or Prenda Law.

---

[1] This is the second motion in a row plaintiff has filed unsupported by *any* declarations or other factual averments of any kind.  *See* Plaintiff's Motion for Sanctions Against Attorney Morgan E. Pietz (ECF No. 22) (*summarily denied* at ECF No. 31).

[2] *Malibu Media, LLC v. John Does 1-10*, 2012 U.S. Dist. LEXIS 89286, C.D. Cal. Case No. 12-cv-3623-ODW, ECF No. 7, 6/27/12. All citations are to Central District of California actions.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

There are many examples, expressed in federal court orders, chronicling bad faith litigation conduct by Prenda Law, Inc., its "of Counsel" Brett Gibbs, and/or John Steele, who may or may not still be formally associated with Prenda.  *See* Dec'l. of Morgan E. Pietz re: Prenda Law, Inc.[3]  The first indication of bad faith is that both Prenda and Malibu Media have filed hundreds of cases against **tens of thousands** of John Doe defendants in the past two years, yet not a single one of these cases has ever reached the merits.  Dec'l. of Morgan E. Pietz re: Prenda Law, Inc., <u>Exhibit F</u>.  Further, Judge Wright's Prior Orders *actually did cite* to several cases cataloging a litany of abuses by these plaintiffs.

Moreover, Judge Wright is not alone with respect to concern about the "blizzard" of pornographic copyright infringement cases that have recently inundated the federal courts. *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) Case No. 11-cv-3995-DRH-GRB, ECF No. 39.  Dozens of Judges across the country have expressed similar concerns, and many, including Judge Klausner of this District, have specifically cited to Judge Wright's *Malibu Media Order* with approval. *Malibu Media v. John Does 1-10,* C.D. Cal. No. 12-cv-1642-RGK, ECF No. 32, 10/10/12 (slip op.); *see also fn 7, infra.*  In short, Judge Wright's Prior Orders are rooted in precedent, supported by fact, and have been cited approvingly by various courts around the country.

The true motivation for the Disqualification Motion is that in this action, Judge Wright has granted the putative John Doe's request to conduct limited early discovery on the so-called "Alan Cooper" issue (ECF No. 32). Even more

---

[3] Similarly, there is no shortage of similar evidence of litigation abuses by Malibu Media. *See, e.g., In re: BitTorrent Adult Film Copyright Infringement Cases* E.D.N.Y. Case No. 12-cv-1147-JS-GRB, ECF No. 9, 7/31/12 ("*In re: Adult Film Cases II*"); Dec'l. of Morgan E. Pietz re: Malibu Media's Abusive Litigation Tactics, filed in *Malibu Media v. Does 1-10*, C.D. Cal. No. 12-cv-3614, ECF No. 31-1, 9/4/12.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

specifically, the putative John Doe in this case has presented credible—and still un-refuted—evidence to this Court that Prenda Law, Inc. and/or John Steele appears to be engaged in a widespread and systemic fraud on the Court, as well as possibly perjury, and actionable criminal fraud.  *See* Putative John Doe's Ex Parte Application for Leave to Take Early Discovery and for a Further Stay of the Subpoena Return Date, ECF No. 23, 12/18/12 (the "**Ex Parte re: Alan Cooper**"). Clearly, Prenda is trying to avoid the very troubling questions raised in the Ex Parte re: Alan Cooper, and this motion is a desperation stall tactic.

## II.  RELEVANT BACKGROUND

**(a)   The *Malibu Media Order* and General Background on Pornographic Copyright Infringement Litigation**

Much of the focus of the Disqualification Motion concerns the *Malibu Media Order* Judge Wright issued in *Malibu Media, LLC v. John Does 1-10*, 2012 U.S. Dist. LEXIS 89286, C.D. Cal. Case No. 12-cv-3623-ODW, ECF No. 7, 6/27/12. Despite this non-final order being barely six months old, it has already been cited by various courts around the country 33 times, and "followed" 10 times.[4]  Most notably, after all of the Malibu Media cases pending in this district were subsequently transferred to Judge Klausner, he revisited the *Malibu Media Order,* citing it with approval in his order severing all the Does and denying early discovery, ***even as to John Doe No. 1***.  *Malibu Media v. John Does 1-10*, C.D. Cal. No. 12-cv-1642-RGK, ECF No. 32, 10/10/12 (slip op.) ("*Malibu Media Order II*").[5]  Based on the number of subsequent decisions citing Judge Wright's original *Malibu Media Order* with

---

[4] Per Lexis Shepard's Report run January 9, 2013.  *See, e.g., AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 159990 (E.D. Cal. Nov. 6, 2012); *Malibu Media, LLC v. Does*, 2012 U.S. Dist. LEXIS 174038 (D. Colo. Dec. 7, 2012).

[5] This same order was also filed in each of the related cases, which included 12-cv-3614, one of several where undersigned counsel made an appearance, and 12-cv-3623, which previously had been assigned to Judge Wright.

-6-

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
**DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

approval, it would appear that describing it as 'widely adopted' is more apt than is describing it as evidence of 'pervasive bias.'[6]

Judge Wright concisely explained how this kind of litigation works, as follows,

> "The Court is familiar with lawsuits like this one. *AF Holdings LLC v. Does 1-1058*, No. 1:12-cv-48(BAH) (D.D.C. filed January 11, 2012); *Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694CW(PSG) (N.D. Cal. filed June 3, 2011); *K-Beech, Inc. v. John Does 1-85*, No. 3:11cv469-JAG (E.D. Va. filed July 21, 2011). These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits." *Malibu Media Order*, p. 6.

---

[6] *See also, e.g., Malibu Media, LLC v. John Does 1 through 13*, E.D. Cal. No. 12-cv-1260-JAM-DAD, ECF No. 30, 10/10/12, fn 3 (Drozd, M.J.) (*citing Malibu Media Order* and severing all Does in related Malibu Media cases in Eastern District of California); *Patrick Collins, Inc. v. John Does 1 through 9*, S.D. Cal. No. 12-cv-1436-H, ECF No. 23, 11/08/12, p. 6 (Huff, J.) (*citing Malibu Media Order* and severing all Does other than Doe No. 1); *Patrick Collins, Inc. v. John Does et al*, C.D. Cal. No. 12-cv-5267-JVS, ECF No. 21, 11/5/12, p. 7 (Selna, J.) (citing *Malibu Media Order II* and severing Does in all Patrick Collins cases filed in Central District of California)

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

Although the passage above was not written about this case, it is nevertheless a correct description, save perhaps two details.  First, as far as undersigned counsel is aware, ***not a single one of these pornography cases has ever reached the merits*** anywhere in the United States, save for the occasional default judgment.  Second, during the second half of 2012, presumably because Prenda was tired of losing the argument on "swarm joinder," Prenda appears to have stopped suing numerous John Does in a single federal action, and began targeting individuals one at a time. [7]  The related AF Holdings, LLC and Ingenuity 13, LLC cases filed in this district are all against a single John Doe defendant, "identified by IP address."

**(b)      Closer Look at the Malibu Media Litigation in this District: Judge Klausner Focused on Distinction Between ISP Subscriber and Actual Defendant**

In the first sustained foray by so-called "copyright trolls" into the Central District of California, starting in February of 2012, Malibu Media, LLC filed a slew of multiple defendant John Doe mass copyright infringement actions in this district.[8] A common tactic employed by both Malibu Media and Prenda Law, Inc. (which are different groups, up to much the same thing)[9] is to flaunt courts' related case rules.

---

[7] Prenda continues to seek to issue subpoenas by the dozen (or sometimes, hundreds at a time) in other jurisdictions where it thinks it is more likely to get away with it.  *See, e.g., AF Holdings, LLC v. Matthew Ciccone,* E.D. Mi. No. 12-cv-14442 (single "defendant" hundreds of "co-conspirators"); *Guava, LLC v. Comcast Comm'ns, LLC*, Circuit Court of St. Clair County, Illinois, No. 12MR417 (utilizing state pre-complaint discovery mechanism to subpoena information on 300 ISP subscribers in Computer Fraud and Abuse Act case).

[8] Undersigned counsel represented 17 different ISP subscribers who were the subject of Malibu Media subpoenas issued by Courts of this district.

[9] Malibu Media, Patrick Collins, K-Beech, Third Degree Films, Nucorp, Zero Tolerance and several other pornographers are or were clients of the Miami law firm of Lipscomb Eisenberg & Baker, PLLC, who steers litigation for those clients nationally, usually through "local counsel." The multiple pornographer clients of Prenda Law, Inc. are listed in the Dec'l. of Morgan E. Pietz re: Prenda Law, Inc. at ¶ 11.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

The reason for this is simple: both groups hope that by spreading their highly similar cases[10] out to multiple Judges, at least some of the Judges will authorize the plaintiffs to issue subpoenas to the ISPs—the single key element in the "copyright troll" business model.  The result of this tactic in the Malibu Media cases here was that several different Judges of this district initially took different positions as to the Malibu Media cases.  A few Judges initially authorized the ISP subpoenas.  Judge Wright, however, recognized the potential for abuse in this kind of lawsuit right from the start, as well as the tenuous nature of plaintiff's "swarm joinder" theory, and severed and dismissed all Does other than Doe No. 1, *sua sponte*.  *Malibu Media Order*, p. 7.

Judge Wright did ***not,*** however, close the courthouse doors to Malibu Media, or to other pornographers seeking to file copyright infringement cases.  To the contrary, Judge Wright gave Malibu Media "the keys to discovery," at least as to John Doe No. 1, along with a warning that "any abuses will be severely punished." *Malibu Media Order,* p. 5.

After undersigned counsel brought it to the Courts' attention that there were multiple, highly similar Malibu Media cases pending in this District, all of the cases were ultimately transferred to Judge Gary Klausner on July 10, 2012. Immediately upon receiving transfer of all the Malibu Media cases, Judge Klausner issued an order in each case vacating all prior orders authorizing Malibu Media to issue subpoenas to ISPs.  (Just like what Judge Wright did in the AF Holdings and Ingenuity 13 cases here).  Judge Klausner then issued a series of orders to show cause, first directing Malibu Media to show why its cases should not be dismissed for lack of personal jurisdiction, and then ordering that if Malibu Media wanted leave to issue new ISP subpoenas, it would have to apply again, explaining in greater detail why such discovery was warranted.  *Malibu Media,* C.D. Cal. No. 12-

---

[10] Each group uses its own set of the same cookie-cutter pleadings, same technical experts, same attorneys as local counsel, etc.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

cv-1642-RGK, ECF No. 27, 7/31/12.  Malibu Media did file a renewed motion for leave to take early discovery, which undersigned counsel opposed (undersigned counsel also filed a motion to sever).

Ultimately, Judge Klausner issued a comprehensive order in each of the Malibu Media cases that not only severed and dismissed all Does other than Doe No. 1, but, more significantly, denied early discovery *even as to Doe No. 1*, because Malibu Media failed to meet its burden of showing that the early discovery was "very likely" to result in the identification of actual defendant.  *Malibu Media Order II*, pp. 4-5.  Judge Klausner explained,

> "Plaintiff alleges '[b]ecause ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve defendants and proceed with the case.' (Pl's Mtn for Leave 4.)
>
> Plaintiff's argument is unavailing, because the subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent. *AF Holdings LLC v. Does* 1-96, No. C 11-03335 JSC, 2011 WL 4502413, at *2-3 (N.D. Cal. Sept. 27, 2011); *Hard Drive Prods. v. Does 1-90*, No. C 11-03825 HRL, 2012 WL 1094653, at *2-3 (N.D. Cal. Mar. 30, 2012). If the

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

subscriber has an unsecured network, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address. Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer.

It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publically-accessible internet service; consider coffee shops, workplaces, schools, and even cities. Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location. A given entity may have hundreds or thousands of users in a one to two-month period. Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer. Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendants.

The Court also finds that Plaintiff fails to demonstrate[] good cause to warrant early discovery. Based on similar reasons discussed above, it is not even reasonably likely that early discovery will lead to Defendants' identities and service of process. *Hard Drive*

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

*Prods.v. Does 1-90*, No. C 11-03825 HRL, 2012 WL
1094653, at *2-3 (N.D. Cal. Mar. 30, 2012). . .      Based
on the forgoing, Plaintiff fails to show that early discovery
is very likely to reveal the identities of Defendants and
fails to demonstrate good cause to warrant early discovery.
Thus, the Court **DENIES** Plaintiff's Motion." *Malibu
Media Order II*, p. 4.

Thus, Judge Wright was not the first Judge of this District to deny early discovery
even as to a single John Doe in a case like this—Judge Klausner was, in *Malibu
Media II*.  Judge Klausner also specifically cited to Judge Wright's *Malibu Media
Order* in support of the Court's decision to sever all of the Does.  *Id.* at. p. 5.

**(c)     Background on the Related AF Holdings and Ingenuity 13 Cases Filed by
Prenda Law, Inc. and the Instant Disqualification Motion**

Starting on July 2, 2012 (*i.e.*, about a week after Judge Wright issued the
*Malibu Media Order*) Mr. Brett Gibbs, who lists himself on the pleadings as "of
Counsel" to Prenda Law, Inc.,[11] began filing a slew of actions in the Central District
of California on behalf of AF Holdings, LLC and Ingenuity 13, LLC.  By September
of 2012, the grand total was 45 cases filed by Mr. Gibbs on behalf of these two
entities, each against a single "John Doe" defendant identified only by IP address.

All of the AF Holdings cases in this district were transferred to Judge Wright
as related cases, pursuant to Section 3.1 of General Order 08-05, on October 4, 2012.
*AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW, ECF No. 7, 10/4/12.  Shortly
thereafter, Judge Wright issued an Order to Show Cause in the related AF Holdings
cases. *AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW, ECF No. 9, 10/19/12 (the
"**AF Holdings OSC re: Early Discovery**").  It stated,

---

[11] In reality, Mr. Gibbs appears to have a fairly central role in the day-to-day operations of Prenda
Law.  *See* Dec'l. of Morgan E. Pietz re: Prenda Law, Inc. ¶¶ 8, 12, <u>Exhibit N</u>, p. 132, li. 23-24.
(All page references to the <u>Exhibits</u> to the Dec'l. of Morgan E. Pietz re: Prenda Law, Inc. are to the
continuous pagination on the bottom right).

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

"The Court is concerned with the potential for discovery abuse in cases like this. AF Holdings accuses the Doe Defendant of illegally copying a pornographic video. But the only information AF Holdings has is the IP address of the Doe Defendant. An IP address alone may yield subscriber information, but that may only lead to the person paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger. *Malibu Media LLC v. John Does 1–10*, No. 2:12-cv-01642-RGK-SSx, slip op. at 4 (C.D. Cal. Oct. 10, 2012). And given the subject matter of AF Holdings's accusations and the economics of defending such a lawsuit, it is highly likely that the subscriber would immediately pay a settlement demand—regardless whether the subscriber is the actual infringer. This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition discovery when all a plaintiff has is an IP address—the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage.

Thus, the Court hereby **ORDERS** AF Holdings **TO SHOW CAUSE** in writing within 14 days why early discovery is warranted in this situation. Under Ninth

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

Circuit precedent, a plaintiff should ordinarily be allowed discovery to uncover their identities, but discovery may be denied if it is (1) clear that discovery would not uncover the identities, or (2) that the complaint would be dismissed on other grounds. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). ***AF Holdings must demonstrate to the Court, in light of the Court's above discussion, how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens.*** Failure to timely comply with this order will also result in the dismissal of this case." *AF Holdings OSC re: Early Discovery*, pp. 2-3 (emphasis added).

Plaintiff submitted a response on November 1, 2012, which was generally underwhelming and particularly cursory with respect to details on the issue highlighted above in bold.

On December 3, 2012, undersigned counsel, on behalf of the putative John Doe defendant in *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333, filed a Notice of Related Cases identifying the multiple Ingenuity 13 cases filed by Penda in this district as related to the AF Holdings cases already assigned to Judge Wright. *AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW, ECF No. 11.   On December 19, 2012, all of the Ingenuity 13 cases pending here were also transferred to Judge Wright as related cases, per General Order 08-05. *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333, ECF No. 24.

-14-

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

On December 20, 2012, shortly after accepting transfer of the Ingenuity 13 cases, Judge Wright issued minute orders in each of the Ingenuity 13 cases that essentially adopted in the Ingenuity 13 cases the procedure already put in place in the *AF Holdings OSC re: Early Discovery*. *See Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333, ECF No. 28, 12/20/12.

Also on December 20, 2012, for some of the older AF Holdings cases, which had been filed over 120-days earlier, Judge Wright issued an Order to Show Cause re: Lack of Service. *AF Holdings, LLC v. John Doe*, 12-cv-5709-ODW, ECF No. 16. Plaintiff responded to this order on the Rule 4(m) issue in at least a few of the cases, on December 27, 2012. *See, e.g., id.* at ECF No. 18.

On December 31, 2012, plaintiff filed the instant Disqualification Motion in what appears to be most if not all of the related cases pending before Judge Wright. *Id.* at ECF No. 17; *Ingenuity 13*, No. 12-cv-8333 at ECF No. 37. On January 2, 2013, the Disqualification Motion was referred to Judge Michael W. Fitzgerald. On January 3, 2013, undersigned counsel filed a Request for Leave to File an opposition, requesting a deadline of January 14, 2013. *Ingenuity 13*, No. 12-cv-8333 at ECF No. 38.

On January 7, 2013, plaintiff filed an opposition to the Request for Leave to file an opposition. *Id.* at ECF No. 39. The focus of this opposition is as follows,

> "Morgan Pietz has submitted filings in approximately twenty cases in the Central District on the basis of the fact that he represents the putative John Doe in this case. However, Mr. Pietz has not offered a single shred of evidence to support this assertion. As it stands, Mr. Pietz could very well be intervening in all of these cases for his

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

1  own ends, with no real client that he is defending." *Id.* at

2  p. 1.[12]

3  Although the Court has not yet acted on undersigned Request for Leave to file by

4  January 14, 2013, since that is the deadline undersigned counsel specified in the

5  Request for Leave, this opposition to the Disqualification Motion is being filed as of

6  that date.

7  ### III.  ARGUMENT

8  **(a)  Legal Standard for Judicial Disqualification**

9  Two federal statutes govern disqualification of an Article III Judge: 28 U.S.C.

10  § 144 and 28 U.S.C. § 455.  Section 144 is the statute that specifically contemplates

11  a motion by a party seeking disqualification, but it has several procedural

12  requirements that plaintiff has not complied with here (including filing affidavits

13  with supporting facts, and a certification of counsel that the motion is filed in good

14  faith).  Further, the Disqualification Motion does make anything that could even be

15  construed as an argument under Section 144.

16  Accordingly, the only relevant statute at issue here is the statute dealing

17  primarily with a Judge's duty to recuse him or herself.  *See* 28 U.S.C. § 455. It

18  provides, in relevant part, that "Any justice, judge or magistrate [magistrate judge]

19  of the United States shall disqualify himself in any proceeding in which his

20  impartiality might be reasonably questioned." 28 U.S.C. § 455(a).  None of the

21
22  [12] First, this argument of plaintiff's ignores a sworn declaration filed by undersigned counsel in
23  12-cv-8333 at ECF No. 23-2, 12/18/12 (averring that undersigned counsel represents "the
   purported John Doe defendant in *Ingenuity 13, LLC v. John Doe*, C.D. Cal. Case No. 2:12-cv-
24  08333.")  Second, the irony of this allegation is stupendous.  One of the allegations in the Ex Parte
   re: Alan Cooper is that Prenda Law, Inc. and/or John Steele are actually the real parties in interest
25  in this action.  In other words, all of Prenda's systemic frauds seem to suggest a pattern of
   deception designed to hide the fact that Prenda has become either the actual or *de facto* real party
26  in interest in these cases.  Undersigned counsel is prepared to disclose the true identity of the
   putative John Doe defendant to the Court.  Is Prenda prepared to disclose to the Court who really
27  has a pecuniary interest in the outcome of this litigation by virtue of having a stake in AF Holdings
   and Ingenuity 13?
28

-16-

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
**DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

1  additional specific grounds for disqualification enumerated at Section 455(b) have
2  been claimed in the Disqualification Motion, and none of them apply.

3        As plaintiff acknowledges in the Disqualification Motion disqualification is
4  normally only appropriate where an alleged bias arises from an extrajudicial
5  source—in other words, bias against a party which develops during the course of
6  proceedings is not a valid ground for disqualification. *See* ECF No. 35, p. 8.

7        Rather, plaintiff relies entirely on the narrow "pervasive bias" exception to the
8  extrajudicial source rule. In typical Prenda fashion, citing an outdated case, plaintiff
9  misstates the applicable standard as one where "such pervasive bias and prejudice is
10  shown by otherwise judicial conduct as would constitute bias against a party." *Id.* at
11  p. 8; *citing Davis v. Board of School Comm'rs of Mobile County*, 517 F. 2d 1044,
12  1051 (5th Cir. 1975).

13        Since the United States Supreme Court decided *Liteky v. United States,* 510
14  U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), application of the
15  "pervasive bias" exception has been limited to cases where Judges displayed "***deep-
16  seated favoritism or antagonism that would make fair judgment impossible***."
17  (emphasis added); *see also United States v. Antar*, 53 F.3d 568, 574-576 (3d Cir.
18  1995) ("Post-*Liteky* cases involving allegations of bias derived from judicial
19  proceedings have ***construed the exception to the extrajudicial source requirement
20  narrowly***") (emphasis added); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926
21  (9th Cir. 2007) ("[A]n applicant is not denied a fair hearing merely because the
22  immigration judge has a point of view about a question of law or policy"); *quoting
23  Davis v. Bd. of School Comm'rs.*, 517 F.2d 1044 (5th Cir. 1975).

24  **(b)    The Disqualification Motion is Not Supported by Evidence and is Not
25            Timely; It Could Have Been Made Back in October When Judge Wright
26            Was Assigned the First of the Related Cases**

27        As noted above, the Disqualification Motion is not supported by any
28  declarations or affidavits. Since there is no evidentiary basis for any facts

-17-

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

supporting the motion, it could be denied on this basis alone.

A second threshold flaw, also fatal, is that the Disqualification Motion is not timely. This action is one of 45 related cases currently assigned to Judge Wright, all of which were filed by Prenda Law, Inc. on behalf of one of two mysterious shell companies organized in St. Kitts and Nevis, called AF Holdings, LLC and Ingenuity 13, LLC.  Most of these cases, those where AF Holdings is the named plaintiff, have been assigned to Judge Wright since the AF Holdings cases were all related on October 4, 2012.  If plaintiff truly believes, based on Judge Wright's June 27, 2012, *Malibu Media Order* that Judge Wright "simply abhors plaintiffs who attempt to assert their rights with respect to online infringement of pornography copyrights" one wonders why plaintiff waited until December 31, 2012 to seek disqualification? If plaintiff really thought that there was some kind of "pervasive bias" such that it could not get a fair shake from Judge Wright, the time to make the Disqualification Motion was in October of 2012, when Judge Wright took over the first of these related cases and issued the *AF Holdings OSC re: Early Discovery*.  So the Disqualification Motion should also be dismissed as untimely, because both 18 U.S.C. §§ 144 and 455 require that any disqualification issue be raised at the earliest possible opportunity.  *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (disqualification denied because party did not raise issue in timely manner).

Third, if Prenda was actually serious about the fact that it thinks it was unfairly prejudiced by any of Judge Wright's prior orders, shouldn't it have tried a motion for reconsideration?

Nevertheless, given the seriousness of the allegations at issue, the putative John Doe hopes the Court will look beyond these procedural flaws and deny this motion on the merits.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

**(c)      Prenda Has Not Alleged an Extra Judicial Source for the Purported Bias**

Here, plaintiff does not appear to allege any *extrajudicial* or personal bias. Indeed, since there are no supporting affidavits or declarations, how could there be any basis for such allegations?  Just because Judge Wright "has a point of view about a question of law," like say, that swarm joinder is wrong and lends itself to abuse, or a "policy," like say, requiring the plaintiff to explain what it is going to do with subpoena returns prior to authorizing early discovery, does not mean he should be disqualified.

**(d)      Judge Wright's Prior Orders That Prenda Complains of Were More Than Justified and Have Actually Been Widely Accepted by Other Judges as Models for How to Deal With These Kinds of Cases**

(1)      The *Malibu Media Order* Was Justified, Has Been Subsequently Endorsed by Judge Klausner, and Widely Adopted by Many Other Judges Too

As noted above, Judge Wright's Malibu Media Order was specifically endorsed, as to severance in cases like this, by Judge Klausner in the *Malibu Media Order II*.  Further, as noted above, myriad other courts from around the country have also cited to the Malibu Media Order with approval.  *See, e.g., Malibu Media Order II* (Klausner, J.); fns. 5 and 7, *supra*.

Moreover, Prenda's argument that Judge Wright issued the *Malibu Media Order* "without ***any*** indication that Malibu Media had engaged in [] abuse in the past," is also incorrect.  As noted above, when Judge Wright explained that "[t]he Court is familiar with lawsuits like this one," he cited to three cases: *AF Holdings LLC v. Does 1-1058*, No. 1:12-cv-48(BAH) (D.D.C. filed January 11, 2012); *Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694-CW(PSG) (N.D. Cal. filed June 3, 2011); and *K-Beech, Inc. v. John Does 1-85*, No. 3:11cv469-JAG (E.D. Va. filed July 21, 2011).

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

First, in one of several ironies permeating the Disqualification Motion, although Judge Wright did not cite to another *Malibu Media* case, one of the cases Judge Wright did cite to—the AF Holdings case pending in D.C.—was another Prenda Law case.  Dec'l. of Morgan E. Pietz re: Prenda Law, Inc., ¶ In that action, on March 2, 2012 (*i.e.*, three months before Judge Wright issued the Malibu Media Order) a collection of the nations large ISP's filed a brief seeking to quash the subpoenas Prenda had sought leave to issue.  *AF Holdings LLC v. Does 1-1058*, D.D.C. No. 1:12-cv-48-BAH, ECF No. 8-1, 3/2/12.  One of the arguments the ISPs made therein, among others, is that,

> "Plaintiff's current counsel has declared that in not one of the 118 multi-Doe actions filed during the last two years by the Prenda law firm (or its predecessors) has a single Doe been served. (citation omitted).[13]  Plaintiff's counsel simply moves from court to court seeking authorization to serve subpoenas for the broadest number of subscribers—imposing ever-increasing burdens on the ISPs—without using the information gathered for the purpose of litigating any case on the merits."  *Id.* at p. 19 of 27.

Thus, based on ***Prenda's own past, demonstrated questionable conduct***, Judge Wright was absolutely and 100% correct to be suspicious of Malibu Media's designs in a fundamentally similar case.

Further, Judge Wright's citation to the K-Beech case, wherein Judge Gibney of the Eastern District of Michigan chronicled a litany of abuses by K-Beech's professional "settlement negotiators" is also right on point and equally applicable to Malibu Media.  Both K-Beech and Malibu Media were represented by the same group of attorneys (ringleaders: Lipscomb, Eisenberg & Baker of Miami), and, more

---

[13] A copy of the same status report, wherein Mr. Gibbs outlines Prenda's abysmal service of process record is attached as <u>Exhibit F</u> to the Dec'l. of Morgan E. Pietz re: Prenda Law, Inc.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

importantly, both plaintiffs utilized the exact same group of notorious "settlement negotiators." *K-Beech, Inc. v. John Does 1-85*, E.D. Va. No. 3:11-cv-469-JAG, ECF No. 9, 10/05/11 ("The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11. . . Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 to end the litigation.  When any of the defendants have filed a motion to sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent defendants from bringing their motions before the Court for resolution."); *see also* Dec'l. of Morgan E. Pietz re: Malibu Media's Abusive Litigation Tactics, ¶ 11, filed in *Malibu Media v. Does 1-10*, C.D. Cal. No. 12-cv-3614, ECF No. 31-1, 9/4/12 (undersigned counsel averring that K-Beech and Malibu Media use the same group of "settlement negotiators").

Finally, despite justified misgivings about what Malibu Media was up to, Judge Wright did allow Malibu Media to keep moving its case forward.  Judge Wright, gave Malibu Media "the keys to discovery," for John Doe No. 1, albeit along with a warning that "any abuses will be severely punished." *Malibu Media Order,* p. 5.

> (2)   The AF Holdings OSC re: Early Discovery and the Similar Orders Issued in the Related Ingenuity 13 Cases Were Also Justified, and Particularly So in Light of Prenda's Past History

The most coherent point Prenda makes is that it feels it has been unfairly denied the opportunity to issue subpoenas prior to a Rule 26(f) conference, even to single John Does in cases that do not suffer from mis-joinder.

It is on this point—what to do about early discovery as to a John Doe No 1., or in a single John Doe case—that Judge Wright has hit the nail squarely on the head. What Judge Wright has done in the AF Holdings and Ingenuity 13 cases is put the onus on the plaintiff to *explain to the Court exactly what it plans to do with the*

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

*subscriber information it wants to subpoena from the ISPs.*  What Judge Wright correctly appreciates (as did Judge Klausner) is that just because a person pays the Internet bill for an account that is supposedly used improperly, does not mean that this person, who pays the bill, is necessarily the actual infringing John Doe defendant.  An IP address is not a person, and even the plaintiffs themselves admit that there is a high rate of error in these cases. *See, e.g., Digital Sins, Inc. v. Does 1-176,* -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012). ("***Plaintiff's*** **_counsel_** *estimated that 30% of the names turned over to the ISP's are not those of the individuals who actually downloaded or shared copyrighted material.*") Often, the actual perpetrator is the teenage kid next door, particularly where the ISP subscribers being targeted by plaintiff's subpoenas have open WiFi networks.

As Judge Wright explained,

> "This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition discovery when all a plaintiff has is an IP address—the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage." *AF Holdings OSC re: Early Discovery*, p. 2.

There are two key reasons—aside from this simply being a matter squarely within the Court's discretion—why it is entirely appropriate for the Court to require, via an OSC, that Prenda Law to explain what it intends to do with the ISP subscriber information it sought leave of court to obtain via a subpoena prior to the Rule 26(f) conference.

-22-

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

The first reason the OSCs are proper is that the law is clear in file sharing cases like this one, which seek to identify anonymous file sharers, that early discovery should only be allowed if it is "reasonably likely" to result in the identification of actual defendants. *Malibu Media Order II*, pp. 4-5. As explained above by Judge Klausner, although the ISP subpoena may be a *necessary* first step to identifying a defendant in a case like this, the subpoena by itself is not *sufficient* to identify an actual defendant. And Judge Wright has ordered that before Prenda Law is given the keys to discovery in this group of cases, it must first explain how it intends to go from "A" to "C" (i.e., from ISP subscriber information to identification of an actual defendant who can be named and served). The problem is that plaintiff has yet to explain how "B" works. Plaintiff has presumably been unable to satisfy the terms of the OSCs so far, because, in reality, it actually does not care to do the hard work of identifying actual defendants. That is, plaintiff would prefer instead to simply threaten ISP subscribers, saying 'pay us a few thousand dollars to 'settle,' or else you will be publicly accused of downloading pornography.' Never mind that plaintiff really has no intention of taking the case through to the merits; all it needs are ISP subpoena returns, and it has grist for its national "settlement" mill.

The second reason the OSCs are proper is that Prenda Law has a clear history, repeated in hundreds of cases against tens of thousands of John Doe defendants nationwide, of filing cases that it abandons, via a dismissal without prejudice, at the first hint of trouble, among other, more troubling misdeeds. To really appreciate the full scope of Prenda Law's abuse of the judicial system, the putative John Doe defendant suggests that the Court review the comprehensive accompanying Dec'l. of Morgan E. Pietz re: Prenda Law, Inc. While it is unclear how much of Prenda's sordid history Judge Wright was actually aware of when he issued the OSC Orders on Early Discovery, there is ample evidence in the attached declaration, which chronicles Prenda's past litigation abuses in detail, to prove that Judge Wright was right to be suspicious of Prenda's cases in this district.

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

Requiring that Prenda show what it wants to do with ISP subscriber information—other than simply seek to extort these people, many of whom are innocent—is the *exactly* the kind of judicial oversight needed in a case like this.

(3)   The OSC re: Failure to Serve Issued in Some of the Older AF Holdings Cases is Also Justified

The final argument Prenda makes in the Disqualification Motion is that Judge Wright is being unfair and biased by requiring that Prenda to request leave to keep its cases going notwithstanding Prenda's non-compliance with Rule 4(m).

Admittedly, the fact that Prenda may not know most of the identities of the Does here in this district because Judge Wright quashed prior subpoenas and has not yet acted upon Prenda's response to the OSC Orders re: Early Discovery may constitute grounds for a Rule 4(m) extension. However, in at least one case, the lead AF Holdings case, 12-cv-5709, Prenda does know who the John Doe defendant is, and has nevertheless not served this person, despite this case being ongoing for 196 days, and plaintiff has presumably known this persons identity for months.

Further, seven days is not an unreasonable amount of time for an OSC response on a failure to serve issue; it gives a plaintiff acting in good faith plenty of time to effect service. *See AF Holdings, LLC v. John Doe,* N.D. Cal. 5:12-cv-2394-LHK, ECF No. 27, 1/11/13 (Order to Show Cause giving Prenda Law seven days to "show why this action should not be dismissed for failure to serve the Defendant as required by Rule 4(m)").

**(e)   Prenda is Desperate to Avoid Answering Questions About Alan Cooper, Systemic Fraud on the Court and the Copyright Office, Forgery, Identity Theft, and Concealment of the Real Parties in Interest**

Since it is by now clear that the instant Disqualification Motion is patently frivolous, the Court may wonder: what could possibly motivate a litigant to bring such a meritless motion?  The answer is simple and it can be found on the docket of this action at ECF No. 32 (order granting putative John Doe's application to conduct

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**

limited early discovery on the Alan Cooper issue).  Since undersigned counsel presented this Court with credible—and still un-refuted—evidence suggesting that Prenda is actually engaged in not only civil fraud, but possibly actionable criminal fraud, Prenda has done two things.  First, it filed a frivolous motion to sanction undersigned counsel (both here and in a similar action in the Northern District of California) which was summarily denied by Judge Wright without an opposition even being filed.  That motion, too, was filed without so much as a single declaration or affidavit supporting it.  Second, when the threat of sanctions did not stop the Alan Cooper discovery from moving forward, Prenda filed the instant Disqualification Motion.  That Prenda is stalling, and *really* does not want to get into answering questions about the whole Alan Cooper situation seems obvious.

As to just exactly what the "Alan Cooper situation," means, the Court is respectfully referred to the accompanying Dec'l. of Morgan E. Pietz re: Prenda Law, Inc., ¶¶ 29–42, and to Putative John Doe's Ex Parte Application for Leave to Take Early Discovery and for a Further Stay of the Subpoena Return Date (ECF No. 23).  The extent of Prenda's bad faith and possible systemic fraud in these cases is really only just beginning to become clear.

## IV.  CONCLUSION

For all of the foregoing reasons, the Putative John Doe respectfully requests that the instant motion seeking to disqualify Judge Wright be denied.


Respectfully submitted,

DATED: January 14, 2013                    THE PIETZ LAW FIRM


                                           */s/ Morgan E. Pietz*

                                           Morgan E. Pietz
                                           THE PIETZ LAW FIRM
                                           Attorney for Putative John Doe(s)
                                           Appearing on Caption

**PUTATIVE JOHN DOE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
DISQUALIFICATION OF HONORABLE JUDGE OTIS D. WRIGHT, II**