1
2
3
4

Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

5

Attorney for Putative John Doe in 2:12-cv-08333-ODW-JC

6

**UNITED STATES DISTRICT COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA**

8
9
10
11
12
13
14
15
16
17

INGENUITY 13, LLC, a Limited Liability
    Company Organized Under the Laws of
    the Federation of Saint Kitts and Nevis,

          Plaintiff,

      v.

JOHN DOE,

          Defendant.

Case Number(s): 2:12-cv-08333-ODW-JC

Case Assigned to: Judge Otis D Wright, II
Discovery Referred to: Magistrate Judge
Jacqueline Chooljian

**DECLARATION OF
MORGAN E. PIETZ
RE: PRENDA LAW, INC.**

18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF MORGAN E. PIETZ

I, Morgan E. Pietz, have personal knowledge of the facts alleged herein and hereby declare as follows:

1.      I am a member in good standing of the State Bar of California, duly admitted to the practice of law in the state and federal courts of the State of California.

2.      I represent ISP subscribers who have been targeted by Ingenuity 13, LLC, through its counsel Prenda Law, Inc. f/k/a Steele Hansemeier PLLC ("Prenda") in copyright infringement cases Ingenuity 13 filed in both the Central District of California, and the Northern District of California. I also represent other clients in other cases brought by Prenda on behalf of other entities, sometimes along with local counsel, in other courts.

3.      I represent a putative John Doe defendant in the case indicated on the caption above.

4.      My clients in the Prenda cases, including this case, each received letters from their ISPs informing them that Prenda was attempting to subpoena their identity as part of a lawsuit.  Generally, my clients are the people who happen to pay the Internet bill for their household, not necessarily the people who actually committed the alleged infringement or other wrongful conduct.  However, Prenda constructs its lawsuits so as to make it unclear what exactly is the status of my clients.  The complaint does not exactly come out and say that the ISP subscriber equals the John Doe defendant.  However, the requests for early discovery, seeking leave to issue ISP subpoenas, generally tend to conflate ISP subscriber with Doe defendant.

**(a)      Steele Hansemeier, PLLC – Winter 2010 to November 2011**

5.      I am informed and believe that Chicago law partners John Steele (formerly a divorce attorney) and Paul Hansemeier, of what was then called Steele Hansemeier, PLLC, began filing copyright infringement cases on behalf of pornographers on or around September 2, 2010.  *See, Hard Drive Prod's., Inc. v. Does 1-100*, N.D. Ill. No. 1:10-cv-0506, ECF No. 1, 9/2/10.  Steele Hansemeier's efforts in this regard started to arouse public attention starting at least as early as November 15, 2010, which is the date of a

Chicago Tribune article talking about Mr. Steele's "fight against porn piracy":

http://articles.chicagotribune.com/2010-11-15/news/ct-met-porn-attorney-20101115_1_face-lawsuit-anti-piracy-campaign-copyright-violators

6.      I am informed and believe that since the early days of Steele Hansemeier, in addition to Mr. Steele, both Paul Hansemeier, an attorney, and Paul's brother Peter Hansemeier, who is purportedly knowledgeable about computers, have played an active role in the copyright litigation cases filed by this firm.  Typically, Peter Hansemeier would sign declarations in Steele Hansemeier (and later, Prenda Law, Inc.) copyright cases, averring that he had logged IP addresses that were allegedly used to download pornography illegally using the BitTorrent file sharing protocol.

7.      It did not take long for courts to being expressing skepticism about Prenda's BitTorrent lawsuits.  In early 2011, Judge Milton Shadur of the Northern District of Illinois, who sits in Chicago, where Steele Hansemeier was originally based, dismissed one of the firm's early cases, wherein Mr. Steele had sought to subpoena ISP subscriber information from all over the Country. *See CP Productions, Inc. v. Does 1-300*, No. 10-cv-6255 (N.D. Ill. March 2, 2011) (Shadur, Sen. J.) (minute order) ("This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, ***which has abused the litigation system in more than one way***. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, [counsel John Steele] is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.") (emphasis added); *see also Boy Racer, Inc. v. Does 1-22*, No. 11 C 2984, Slip Op. (N.D. Ill. May 9, 2011) (Shadur, Sen. J.) (noting that the Court "rejected attorney Steele's effort to shoot first and identify his targets later," and making clear that suits against a "passel of 'Does'" would not get anywhere in that Court).

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

8.      Undeterred, Steele Hansemeier actually expanded.  I am informed and believe that starting in March, 2011, Steele Hansemeier, through attorney Brett L. Gibbs in California, began filing cases outside of Illinois.  Mr. Gibbs, under the banner of Steele Hansemeier, PLLC, filed a slew of actions in the Northern District of California on behalf of various pornographers. *See, e.g., MCGIP, LLC v. Does 1-18*, N.D. Cal. Case No. 12-cv-1495, ECF No. 1, 3/28/11.  Steele Hansemeier, through other attorneys, also began filing actions in other states around the country, including the Southern District of Florida, among other places.

9.      Since the early days of Steele Hansemeier, the individuals noted above have maintained the same website, located at wefightpiracy.com.  True and correct copies of several iterations of the wefightpiracy.com website, showing how it has changed over time, as downloaded by me from web.archive.org, as well as a screenshot from the site as it appeared live on January 14, 2013, are attached hereto as **Exhibit A.**

**(b)     Prenda Law, Inc. – November 2011 to Present**

10.      I am informed and believe that in November of 2011, Steele Hansemeier, PLLC gave way to "Prenda Law, Inc.," an entity organized under the laws of the State of Illinois.  Curiously, "Prenda Law, Inc." appears to have been organized as a regular corporation, not a professional corporation. A true and correct copy of the entity detail for Prenda Law, Inc. on the Illinois Secretary of State website as of January 9, 2013 is attached hereto as **Exhibit B**.

11.      I am informed and believe that after the switch from Steele Hansemeier, PLLC to Prenda Law, Inc., the firm continued to file cases on behalf of the same group of clients, most, if not all of whom, produce pornography and/or hold some kind of copyright rights to pornography.  These clients of Prenda included:

- AF Holdings, LLC;
- Arte de Oaxaca, LLC;
- Boy Racer, Inc.;
- Bubble Gum Productions, LLC;

-4-
**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

- CP Productions, Inc.;
- First Time Videos, LLC;
- Future Blue, Inc.;
- Guava, LLC;
- Hard Drive Productions, Inc.;
- Ingenuity 13, LLC;
- Lightspeed Media Corporation;
- MCGIP, LLC;
- Millenniuem TGA, Inc.;
- Openmind Solutions, Inc.;
- Pacific Century International Ltd.;
- Pink Lotus Entertainment LLC;
- Sunlust Pictures, LLC;
- VPR Internationale;

Between September 2, 2010 and February 24, 2012, Prenda filed over 118 copyright infringement actions in various federal courts around the country, against more than 15,000 John Doe Defendants, on behalf of some of the above entities.

12.     I am informed and believe that after the switch from Steele Hansemeier, PLLC to Prenda Law, Inc., attorney Paul Duffy became the new nominal head of Prenda Law.  John Steele and Brett Gibbs continued to file pleadings and communicate with opposing counsel on behalf of Prenda, but typically referred to themselves as "of counsel." Prenda also filed many cases through "local counsel" in various jurisdictions, where Prenda Law was not technically on the pleadings, but was actually steering the litigation. *See, e.g., Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case No. 8:12-CV-1685-T-35MAP. A true and correct copy of a complaint filed by local counsel Matthew Jenkins of Nebraska, filed for Prenda on behalf of Lightspeed Media Corporation is attached hereto as **Exhibit C**.  This document shows how the email address used by local counsel on the pleadings was Brett Gibbs' email address, blgibbs@wefightpiracy.com.  I do not believe

this is an isolated incident, of local counsel from Prenda using Mr. Gibbs' email address on pleadings.

13.    I am informed and believe that as of April 12, 2012, John Steele was still identifying himself as "of counsel" to Prenda Law, Inc.  Attached hereto as **Exhibit D** is a true and correct copy of a *pro hac vice* application Mr. Steele filed in an important mutli-Doe case pending in Washington, D.C.  *AF Holdings, LLC v.  Does 1-1058*, D.D.C. No. 12-cv-0048-BAH, ECF No. 32, 4/20/12.  In the application, Mr. Steele recites that he is "of counsel with the law firm of Prenda Law, Inc."

**(c)    Prenda's "Settlement" Tactics: Demand Letters, Professional "Settlement Negotiators", and Robo Calls**

14.    I am informed and believe that where courts have allowed Prenda to utilize the subpoena power to obtain subscriber information from ISPs, over ISP and subscriber objections, the result has been a stream of unrelenting, debt collector style harassment, all designed to pressure these ISP subscribers to quickly settle their cases.  Prenda sends out misleading demand letters.  A true and correct copy of such a letter is attached hereto as **Exhibit E**.

15.    In particular, note how the letter, on page 1, identifies "Your IP address you were assigned ***during your illegal activity***." *Id.* p. 1. (emphasis added).  Thus, the letters sent to ISP subscribers tend to conflate the ISP subscriber with the actual infringer.  Another scare tactic are the citations to cases awarding astronomical statutory damages, without explaining the importance of willfulness into the calculation of such damages.  *Id.* p. 2.

16.    I am informed and believe that once Prenda has obtained a subscriber's information, in addition to sending out demand letters, it also begins calling that person incessantly, with threats that if they do not settle, they will be "named" in a federal lawsuit accusing them of illegally downloading pornography.  I have never received one of these phone calls personally, but multiple potential and actual clients of mine have told me much the same story in this regard: sometimes as many as three phone calls a day, sometimes

1   none for a month, but then they would start back up again, according to no discernible
2   pattern.

3       17.    Similarly, I am informed and believe, because several potential and actual
4   clients have told me so, that the phone calls included so-called "robo-calls," where it was a
5   machine doing the dialing. *See*: http://dietrolldie.com/2012/06/16/prenda-robo-calls-
6   stupidity-gone-automatic/

7       18.    I am informed and believe that most of the people working in the Prenda call
8   centers are not attorneys.  Rather, they are similar to professional telemarketers or debt
9   collectors, who often work from specific guidelines, and are possibly paid on commission.
10  The common theme in these harassing communications is pressure to "settle."

11  **(d)    Prenda Law: 118 Multiple Defendant Copyright Infringement Lawsuits,**
12  **Against 15,878 John Does, Zero (0) People Served, Until February of 2012**

13      19.    I am informed and believe that in February 2012, Prenda Law was forced to
14  make a damaging admission by Judge Lucy Koh of the Northern District of California.
15  After initially allowing subpoenas but then becoming suspicious of Prenda's attempt to
16  obtain an extension of the Rule 4(m) service of process deadline, Judge Koh *ordered* Mr.
17  Brett Gibbs to file a "list of the BitTorrent copyright infringement cases involving multiple
18  joined John Doe Defendants filed [by] Plaintiff's counsel's law firm or predecessor firm in
19  federal court.  Identify the case by name, case number, court, and filing date.  For each
20  case, indicate how may Doe defendants were actually served." *AF Holdings v. Does 1-135,*
21  N.D. Cal. Case No. 5:11-cv-0336-LHK, ECF No. 42, 2/23/12.  Judge Koh asked just the
22  right question.  The next day, Mr. Gibbs filed a status report with an Exhibit disclosing that
23  over the year and a half prior, Prenda Law f/k/a Steele Hansemeier, had filed ***118 multiple-***
24  ***defendant cases, against a staggering 15,878 Doe defendants, but they had <u>served zero</u>***
25  ***<u>(0) John Does</u>*** in any of these cases.  *Id.* at ECF No. 43-1, 2/24/12. pp. 4-6.  A true and
26  correct copy of this Exhibit A to the status report, which lists Prenda' cases, is attached
27  hereto as **<u>Exhibit F</u>**.  Specifically, the status report stated, as to the list of the 118 cases,
28  "Although our records indicate that we have filed suits against individual copyright

1    infringement defendants, our records indicate that no defendants have been served in any

2    of the below-listed cases."

3        20.    I am informed and believe that once word of this admission by Prenda got

4    out (defense attorneys began including the status report as an exhibit to motions to quash in

5    other cases) Prenda rightly recognized that in order to have any credibility with both the

6    courts and the people it was threatening with suit, it was going to have to start naming and

7    serving some people.  So, from a list of what I suspect must be several thousand ISP

8    subscribers who it has identified in prior court actions where the courts allowed the ISP

9    subpoenas, Prenda started naming and serving some individual defendants, a few at a time.

10   Once it did start serving people, Prenda used the opportunity to create a section on its

11   website where it could publicly shame the defendants it went after individually, with

12   searchable links to their names, and to the case documents, as a warning to the many John

13   Doe's its "settlement negotiators" were still actively pursuing.  As of January 11, 2013, this

14   section of Prenda's website lists 140 cases against individual, named defendants (although

15   many of these suits have already been dismissed, usually without prejudice, at the first hint

16   of litigation difficulty).  Each of these listings identifies the plaintiff by name.  The page

17   also separately lists 208 lawsuits Prenda has filed against John Does, which are described

18   as "Recent Cases Against Son-to-be-Identified Individuals."  *See*

19   *http://wefightpiracy.com/suits-against-individuals.php*, as of January 11, 2013.

20   **(e)    What Prenda *Tells Courts*: 'The Mere Fact that Someone Pays the Internet Bill**

21          **is Not Enough, By Itself, to Form the Reasonable Belief Necessary to Support a**

22          **Good Faith Allegation that this Person is the John Doe Defendant'**

23       21.    I am informed and believe that on multiple occasions, in half-hearted

24   attempts to request an extension of the Rule 4(m) deadline, but explain why no service has

25   yet been effected in his cases,[1] Mr. Gibbs has explained that the lack of service should be

26

27   _____

28   [1] Generally, a case that is nominally still pending against someone is more effective as settlement
     leverage than is a case that has been fully terminated.  Thus, Prenda generally ties to keep its cases
     alive, on life support, for as long as possible, but while doing as little actual litigating as possible.

DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.

excused because he cannot, consistent with Rule 11(b)(3), form the "reasonable basis" necessary to support a factual allegation that an ISP subscriber *is the actual infringer* without some kind of further discovery beyond the mere fact that a person happens to pay the Internet bill. *Hard Drive Prod's. v. Doe*, N.D. Cal. Case No. 22-1566, ECF No. 29, 11/11/11 (status report filed by Brett Gibbs); *see also Boy Racer, Inc. v. Does 1-52,* 2011 WL 7402999 (N.D. Cal. 2011) (Mr. Gibbs admitted that the ISP subpoenas "were not sufficient to 'fully identify' 'each P2P network user suspected of violating the plaintiff's copyright'"); *Hard Drive Productions v. Doe,* No. 4:11-cv-05634-PJH, ECF No. 9, pp. 9-10, 1/6/12 (plaintiff's ex parte application for further discovery, seeking leave to depose an ISP subscriber) (Mr. Gibbs represented to the Court that "Plaintiff must conduct additional limited ex parte discovery [beyond the subpoenas which had already been issued] to determine who should be named as the defendant in this case.").

22.     Further, I am informed and believe that Mr. Gibbs has been specifically warned by Judge Seeborg of the Northern District of California that, based on his admission that the ISP address alone is not enough to justify naming and serving someone with a pornography complaint, threatening to actually name and serve an ISP subscriber is inappropriate.  Specifically,

> "Given plaintiffs' admission that it lacks knowledge as to whether Wang [an ISP subscriber] is responsible for the alleged infringement, ***naming her as a defendant at this juncture would present a serious Rule 11 issue.*** As such, the argument has the appearance of an improper threat." *Hard Drive Productions, Inc. v. John Doe, No. 4:11-cv-05630* (Order Granting Leave to Issue Deposition Subpoena)(N.D. Cal. January 18, 2012)(ECF No. 10 at 2) (emphasis added).

In short, Mr. Gibbs has both admitted, and been specifically warned by a federal Judge, that something more is required, beyond the mere fact that someone happens to pay the

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

1  Internet bill, in order to justify naming and serving that person with a complaint in a case

2  like this.

3  **(f)    What Prenda *Actually Does* When it Thinks it Can Get Away With It:**

4        **'Shoot First, Identify Targets Later,' *i.e.*, Threaten to "Name" ISP Subscribers**

5        **in a Pornography Suit, and Then Let Them Prove Their Innocence in Court**

6        23.    Despite the above admissions and specific warning from Judge Seeborg on

7  Rule 11, I am personally aware of at least two occasions where Mr. Gibbs of Prenda Law

8  has actually done precisely the opposite, and gone ahead and named and served someone

9  (or tried to do so) based on the fact that they were the account billing contact identified by

10  the ISP.  In both instances, Prenda has tried to defend itself by saying that it did perform

11  some kind of online Internet investigation.  But in both instances, the investigation was a

12  farce and the "facts" supposedly yielded by the investigation were so wildly incorrect that

13  one has to wonder whether Prenda was not really just making these "facts" up.

14        24.    The first example of Prenda's bad faith in naming and serving an ISP

15  subscriber that I am aware of concerns my client Jesse Nason.  Facing a "stiffening judicial

16  headwind" in federal court a newer Prenda law tactic is to dress copyright infringement

17  claims up in state law and "computer fraud" clothing, in order to file suit in state courts.

18  Such was the case in *Lightspeed Media Corporation v. John Doe*, Circuit Court of St. Clair

19  County, IL, No. 11 L 683.  In that original Lightspeed case, Prenda, on behalf of

20  Lightspeed, filed suit against a single John Doe, alleging claims for violations of the

21  federal Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*) ("CFAA") as well as

22  several state law claims that were all pre-empted by the Copyright Act.  In addition to

23  seeking ISP information for this single defendant, Prenda also sought to subpoena a list of

24  6,600 IP addresses for supposed "co-conspirators," located all over the country, who had

25  supposedly assisted the lead defendant in his "password hacking" and computer fraud.  Mr.

26  Nason was not given the required notice by his ISP, so he was not able to object to the

27  subpoena seeking his information.  Although some ISPs later objected to these subpoenas,

28  resulting in the Illinois Supreme Court stepping in to issue a "supervisory order" curtailing

the IP address discovery issuing out of St. Clair County, Mr. Nason's ISP simply handed Mr. Nason's info over before any of that played out.  A few months after his information was released by his ISP, a process sever showed up on Mr. Nason's doorstep, and he was served in *Lightspeed Media Corporation v. Nason*, Los Angeles Superior Court No. NC057950.  When Mr. Gibbs was pressed at the first hearing in the matter to explain how, based on the prior admissions noted above, he could justify having named and served Mr. Nason in a public complaint, Mr. Gibbs responded that Prenda had determined that Mr. Nason "lived alone."  After I had a chance to confer with my client, I learned this was untrue; Mr. Nason has been married for several years, and lives with his wife.  No other justification for naming and serving Mr. Nason was presented (other than that he paid the Internet bill, and "lived alone," which was untrue).  After Mr. Nason had his first demurrer sustained, and all the state law claims dismissed with prejudice, on the eve of a second demurrer being filed, Prenda dismissed the remaining CFAA claim (without prejudice, of course).  A true and correct copy of the Declaration of Jesse Nason is attached hereto as **Exhibit G**.

25.    The second concrete example of Prenda's bad faith with respect to naming and serving an ISP subscriber that I am aware of occurred in *AF Holdings LLC v. John Doe et al.*, N.D. Cal. No. 12-cv-2049, ECF No. 45, 1/7/13 in a case pending before Judge Hamilton.  Prenda learned the ISP subscriber's identity in that case from *AF Holdings v. Does 1-135,* N.D. Cal. Case No. 5:11-cv-0336-LHK, which was the same case where Judge Koh ordered Mr. Gibbs to file the now infamous status report.  Prior to the earlier case being dismissed by Judge Koh on March 27, 2012 (11-cv-336, ECF No. 45) for failure to serve, however, an ISP subpoena was processed resulting in the identification of one Josh Hatfield as the ISP billing contact who paid for an account that was assigned one of the allegedly infringing IP addresses at issue.

26.    I am informed and believe that on April 24, 2012, Prenda filed a complaint asserting claims for copyright infringement and contributory copyright infringement against an unidentified Doe defendant, and another cause of action for negligence against

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

Josh Hatfield (the 12-cv-2049 action).  The initial complaint in the 12-cv-2049 action did not assert claims for copyright infringement against Hatfield.  Instead, the gravamen of the negligence claim against Hatfield was that he failed to secure his Internet network.  After Hatfield moved to dismiss the negligence claim, Prenda filed a first amended complaint ("FAC") asserting copyright infringement against the Doe, "and a claim of negligence against Hatfield, based on alleged third party's use of Hatfield's Internet connection to commit the infringement, and Hatfield's failure to secure this Internet connection and/or failure to monitor the unidentified third party's use of his Internet connection." *AF Holdings LLC v. John Doe et al.*, N.D. Cal. No. 12-cv-2049, ECF No. 45, 1/7/13, p. 3.  The FAC also explained in a footnote on page 1 that "at this stage of the litigation, [p]laintiff does not know if [d]efendant Doe is the same individual as Josh Hatfield."  FAC at 1, n.1. Hatfield then moved to dismiss the negligence claim, and the Court granted the motion, with prejudice. The Court also pointed out that the case was well past the 120-day Rule 4(m) service of process deadline, and ordered the plaintiff to file a proof of service by October 4, 2012.  The plaintiff did not do so.  Instead, it filed a motion on September 28, 2012, seeking leave to amend the complaint again, to now allege that Hatfield *was* the Doe defendant.

27.    I am informed and believe that a November 7, 2012, hearing on plaintiff's motion for leave to amend the complaint to allege that the ISP subscriber Hatfield actually was the Doe defendant being sued for copyright infringement, Judge Hamilton advised Mr. Gibbs that,

> "he would have to persuade the Court that he had discovered additional evidence, based on the same identification of a defendant that he had discovered additional evidence, based on the same identification of a defendant that he had know about for more than a year.  The Court gave counsel one week to submit a revised proposed SAC that demonstrated diligence and that supported the alleged 'new facts' asserted by counsel."

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

*AF Holdings LLC v. John Doe et al.*, N.D. Cal. No. 12-cv-2049, ECF No. 45, 1/7/13, p. 4.

On November 14, 2012, Mr. Gibbs did indeed file a proposed revised second amended complaint against Mr. Hatfield, which contained a new section entitled "Plaintiff's Further Investigation of Defendant."

28.     I am informed and believe that as in the Nason case, the "investigation" plaintiff claims to have conducted in the Hatfield case was (a) woefully insufficient as to methodology, and (b) resulted in wildly incorrect "facts." Judge Hamilton's order denying the motion for leave to amend the complaint, a true and correct copy of which is attached hereto as **Exhibit H**, explains all of the ways "Plaintiff's Further Investigation of Defendant" which appears to have mainly consisted of a bit of light google searching, was insufficient. However, even more notably, as in the Nason case, the "facts" Prenda came up with are wildly incorrect. In large measure, Mr. Gibbs explained his "good faith" belief that Mr. Hatfield was the actual infringer by pointing to facebook and Myspace pages ***that do not actually belong to Mr. Hatfield.*** A true and correct copy of Mr. Hatfield's declaration swearing to this is attached as **Exhibit I**. Just as Prenda's "investigation" supposedly revealed that Mr. Nason "lived alone," when he had been married for years, the "investigation" of Mr. Hatfield resulted in Prenda submitting to the Court facebook and Myspace pages that did not actually belong to Mr. Hatfield.

**(g)     Venturing Beyond Bad Faith And Into Fraud Territory: "Alan Cooper" and the *Sunlust Pictures* Transcript from Florida**

29.     I am informed and believe that starting in November of 2012, facts began to come to light regarding one Alan Cooper of Minnesota, all of which seem to suggest that Prenda has been engaged in systemic fraud, both on the courts and on the copyright office; forgery; identity theft, as well as improper fee splitting, and concealment of the identity of the real parties in interest in these cases, among other very troubling issues. My knowledge of the Alan Cooper issues is based primarily on two sources: (i) a letter Mr. Cooper's attorney filed on his behalf in two AF Holdings cases pending in Minnesota, a

1    true and correct copy of which is attached hereto as **Exhibit J**; and (ii) a sworn affidavit

2    executed by Mr. Cooper himself, a true and correct copy of which is attached hereto as

3    **Exhibit K**.

4           30.    Specifically, I am informed and believe that there is a gentleman from

5    Minnesota named Alan Cooper who formerly worked as a caretaker on a property owned

6    by John Steele.  Exhibit J; Exhibit K ¶ 4.

7           31.    I am informed and believe that Mr. Steele bragged to his caretaker Alan

8    Cooper about a copyright scheme Exhibit J, p 1., and, according to Mr. Cooper "Steele had

9    told me on at least one occasion that if anyone asked about companies that I should call

10   him." Appendix 2, ¶ 8.

11          32.    I am informed and believe that after this Minnesota Mr. Cooper became

12   suspicious, and searched online, he found out that Prenda Law had been using the name

13   "Alan Cooper" as the supposed principal of AF Holdings and Ingenuity 13, in various

14   federal court filings, including copyright assignment forms, and verifications filed on

15   behalf of Ingenuity 13, all of which were purportedly executed by "Alan Cooper" on behalf

16   of these entities.  Exhibit J, (Exhibit E thereto, page 8 of 8).

17          33.    I am informed and believe that, concerned about his potential personal

18   liability in connection with the scores of Ingenuity 13 and AF Holdings copyright

19   infringement lawsuits pending across the country, Mr. Cooper hired a lawyer named Paul

20   Godfread who asked Prenda Law to confirm that there was another Alan Cooper who is the

21   true principal of AF Holdings and Ingenuity 13, and that the identity of Alan Cooper of

22   Minnesota is not being misappropriated.  Exhibit J.

23          34.    I am informed and believe that immediately after Mr. Cooper's attorney filed

24   a notice of appearance on Mr. Cooper's behalf in an AF Holdings case pending in

25   Minnesota, John Steele attempted to call Mr. Cooper multiple times, despite the fact that

26   Mr. Cooper was represented by counsel.  Exhibit J.

27

28

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

35.     The signature used by Alan Cooper of Minnesota on his lease agreement with John Steele appears to be somewhat similar to the "Alan Cooper" signature used on various copyright assignments in Prenda's AF Holdings cases:

| *Image of Authenticated Signature of Minnesota Alan Cooper from His Lease with John Steele:*[2] | *Image of "Alan Cooper" Signature Used on Copyright Assignment Filed in C.D. Cal. 12-cv-5709 (Low-number Case):*[3] |
|---|---|
| SIGNED THIS 17TH OF NOVEMBER, 2006 <br><br> Landlord: _____ <br><br> John Steele, 21067 220th St. McGrath MN 56350. <br><br> Tenant: _____ | <br><br><br><br> Alan Cooper, on behalf of: <br><br> Assignee <br> AF Holdings, LLC |

36.     I am informed and believe that another example of this mysterious Alan Cooper supposedly signing federal court documents, this time a verification to a Rule 27 petition filed under penalty of perjury, occurred in *In the Matter of a Petition by Ingenuity 13, LLC,* E.D. Cal. Case No. 11-mc-0084-JAM-DAD, ECF No. 1, p. 8 of 8, 10/28/11.  A true and correct copy of the petition Mr. Gibbs filed on behalf of Ingenuity 13 in this matter is attached hereto as **Exhibit L**.  A look at the verification page reveals: (i) the

---

[2] The signature pictured here is from the lease agreement between Mr. Steele and Mr. Cooper that was attached to the affidavit of Alan Cooper, which is attached hereto as Exhibit K.

[3] This signature pictured here was found on the last page of Exhibit B to the complaint in *AF Holdings, LLC v. John Doe et al.*, C.D. Cal. No. 12-cv-5709, at ECF No. 1, p. 18.

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

petition is verified with an electronic "/s/" signature by "Alan Cooper, Manager of Ingenuity 13 LLC"; (ii) although the heading of the verification page says "Notarized Verification" there is no notary seal or other notary information on the document; (iii) instead, Mr. Gibbs himself swears that "I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition."

37.     Since at least November, Prenda has been dodging all questions asked by Minnesota Alan Cooper's attorney, and by me, about whether there is another person with the name Alan Cooper who was the true principal of AF Holdings and Ingenuity 13. Prenda refuses to say.  A true and correct copy of and email chain showing my attempts to have Mr. Gibbs answer these questions, and his evasive responses, is attached hereto as **Exhibit M**.

38.     Both Mr. Cooper's attorney and I have also asked Mr. Gibbs to produce a copy of the original notarized Alan Cooper verification he was obligated to maintain in the Rule 27 petition filed on behalf of Ingenutiy 13 in the Eastern District of California.  Mr. Gibbs has refused to produce the original Alan Copper signature. *See* <u>Exhibit M</u>.

39.     I am informed and believe that at almost the exact same time the Alan Cooper allegations were coming to light, another incident occurred at a Florida hearing in a Prenda case, involving a separate fraud on the court.  In *Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case No. 8:12-CV-1685-T-35MAP Judge Scriven ordered a principal of Prenda Law, Inc. to attend a hearing on a John Doe motion, and also ordered a principal of Sunlust Pictures, the plaintiff in that action, to attend the hearing as well.  A true and correct copy of the complete hearing transcript is attached hereto as **Exhibit N**. According to the transcript, Prenda's purported "sole principal" Paul Duffy, belatedly notified the Court that he could not attend due to a health issue.  After two prior local counsel sought to withdraw from the matter, Prenda placed an advertisement in a local newspaper and obtained a new, third local counsel (hired by plaintiff's counsel here Brett Gibbs) who,

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

after filing a notice of appearance and conferring with defense counsel, almost immediately sought to withdraw.

40.    I am informed and believe that Sunlust also did not send a principal to the Florida hearing; rather, it sent John Steele's former paralegal, a man named Mark Lutz, as the plaintiff's "corporate representative" for hire.  However, upon questioning Mr. Lutz, Judge Scriven quickly determined that Mr. Lutz had no authority to bind the company, and that he did not know who owned or managed it.  Accordingly, despite a Court order requiring them to do so, neither Prenda Law nor its client Sunlust Pictures sent a principal to the hearing.[4]  Note in particular page 20 of the transcript where Judge Scriven orders the purported "corporate representative" for the plaintiff, Mark Lutz (i.e., John Steele's former paralegal), away from the plaintiff's table and dismisses the case for "failure to present a lawful agent, for attempted fraud on the Court by offering up a person who has no authority to act on behalf of the corporation as its corporate representative" and invites a motion for sanctions.  Exhibit N.

41.    The combination of: (i) the facts averred by Mr. Cooper of Minnesota (Exhibits J and K); (ii) Prenda's almost comical attempts to stonewall on the question of whether there was another Alan Cooper who was the true principal of AF Holdings and Ingenuity 13, or answer any other questions on these matters (Exhibit M); (iii) Mr. Gibb's refusal or inability to produce the original Alan Cooper verification page from the Eastern District of California Rule 27 petition (Id.; Exhibit L); and (iv) the facts revealed in the Florida hearing transcript in Prenda's *Sunlust* case (Exhibit N),  made me extremely suspicious.  Taken together, these facts suggest a pattern of deception with respect to who is really behind these lawsuits.  Specifically, it appears that there is a pattern where, when

---

[4] Although one person closely connected with Prenda did attend the hearing: John Steele sat in the gallery, and purported not to be involved in the case, but after the Court noticed Mr. Lutz constantly trying to confer with Mr. Steele, the Judge asked Mr. Steele who he was, and then asked him for answers to some of her questions about Sunlust Pictures, which Mr. Steele provided. Exhibit N, p. 18:12-24.

-17-

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

1   pressed, Prenda has fraudulently held out close/former associates of John Steele as

2   purported representatives for the purported client in these cases.

3       42.    Based on these suspicions, I sought leave of court to conduct limited early

4   discovery into these issues, on behalf of my putative John Doe clients being threatened by

5   Prenda.  On December 26, 2012, Judge Wright of the Central District granted my

6   application for leave to take early discovery on the Alan Cooper questions (Ingenuity 13,

7   LLC v. John Doe, C.D. Cal. No. 12-cv-8333-ODW, ECF No. 32), and on January 4, 2013,

8   I duly propounded special interrogatories and requests to produce documents seeking

9   answers about Alan Cooper.  As of today, Prenda has not yet responded.

10  **(h)    Prenda Law Version 3.0: Recent Rebranding as the "Anti-Piracy Law Group"**

11      43.    Like a snake shedding its skin, and for reasons that are not hard to imagine

12  given the Florida hearing transcript (<u>Exhibit N</u>), among other reasons, it appears that

13  Prenda has recently decided to try and rebrand itself (again) and is now moving away from

14  the name Prenda Law, Inc.  Thus, I am informed and believe that starting around the first

15  of 2013, letters issuing from Prenda's offices in Chicago have issued under the letterhead

16  of the "Anti-Piracy Law Group" rather than Prenda Law.

17      44.    Further, as of January 9, 2013, the Prenda Law, Inc. entity registered in

18  Illinois is listed as "not in good standing" with the Illinois Secretary of State.  <u>Exhibit B</u>.

19      45.    However, there *is* an active listing in Illinois for an "Anti-Piracy Law Group

20  LLC," formed on November 8, 2012.  A true and correct copy of the Illinois Secretary of

21  State business entity listing for the Anti-Piracy Law Group LLC, as of January 14, 2013, is

22  attached hereto as **<u>Exhibit O</u>**.

23      46.    The Illinois business entity details for both Prenda Law, Inc. and the Anti-

24  Piracy Law Group, LLC list the same Chicago address for the agent for service, of 161

25  North Clark Street, Suite 3200, Chicago, Illinois 60601.

26      47.    According to the footer at the bottom of the January 14, 2013 version of the

27  wefightpiracy.com website, the content on the site "was prepared by Prenda Law Inc. (an

28

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**

Illinois law firm organized as a limited liability company with its principal office at 161 North Clark Street, Suite 3200, Chicago, Illinois 60601, Ph 1-800-380-0840)." Exhibit A.

48.     I am informed and believe that the Anti-Piracy Law Group, LLC is nothing more than a continuation of Prenda Law, Inc., which itself is nothing more than a continuation of Steele Hansemeier, PLLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

DATED: January 14, 2013

Executed this day at Manhattan Beach, California, by _____

                                                                Morgan E. Pietz, Declarant

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the above document was submitted to the CM/ECF system, which sent notification of such filing(s) to the plaintiff, which is registered for electronic service.

Respectfully submitted:  January 14, 2013     THE PIETZ LAW FIRM
                                                */s/ Morgan E. Pietz*
                                                Morgan E. Pietz
                                                THE PIETZ LAW FIRM
                                                Attorney for Putative John Doe(s)
                                                Appearing on Caption

-19-

**DECLARATION OF MORGAN E. PIETZ RE: PRENDA LAW, INC.**