UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08333-ODW (JCx)**              Date:  **January 15, 2013**

Title:      Ingenuity13 LLC -*v*- John Doe

---

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                          None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION [35], AND DENYING AS MOOT JOHN DOE'S REQUEST FOR LEAVE [38]

Plaintiff moves to recuse in this action the Honorable Otis D. Wright, II, United States District Judge, pursuant to 28 U.S.C. § 455(a).  The Court has reviewed Plaintiff's Motion for Disqualification (Docket No. 35) and has considered the allegations made by Plaintiff.

Plaintiff's Motion for Disqualification is without merit.  Plaintiff alleges no facts to suggest that Judge Wright is biased or prejudiced against it.

Plaintiff's argument boils down its disagreement with the merits of Judge Wright's discovery orders.  This is not a cognizable basis for disqualification.  *See, e.g.*, *In re Judicial Misconduct*, 579 F.3d 1062, 1064 (9th Cir. 2009) ("[C]omplainant repeatedly attacks the subject judge's rulings – just as he did in his previous motions to disqualify.  Complainant insists that he refers to the merits only to show the judge's persistent bias, but that is just another way of saying the judge was persistently wrong. . . . complainant's transparent attempt to relitigate his five disqualification motions by challenging the judge's failure to recuse is merits-related and must be dismissed."  (citations omitted)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08333-ODW (JCx)**                Date:   **January 15, 2013**

Title:       Ingenuity13 LLC -*v*- John Doe

---

Plaintiff acknowledges that, generally, judicial actions themselves are not an appropriate means of proving bias under Section 455(a). (Mot. at 8). Plaintiff argues, however, that Judge Wright's actions demonstrate "pervasive bias," an exception to the requirement of proving an extrajudicial source factor. (*Id.*) Plaintiff cites to *Liteky v. United States*, 510 U.S. 540, 547, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), and *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975).

Plaintiff's reliance on "pervasive bias" is mistaken. As the United States Supreme Court stated in *Liteky*,

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08333-ODW (JCx)**              Date:  **January 15, 2013**

Title:      Ingenuity13 LLC -*v*- John Doe

---

> have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

510 U.S. at 555-56 (citations omitted) (affirming convictions and denial of recusal motions).

In *Davis*, the plaintiffs sought to disqualify the district judge on an "imputation theory" that bias against their lawyer should be imputed to them. 517 F.2d at 1050. While the Fifth Circuit acknowledged an exception where "pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party," the court concluded that there was "an insufficient basis for such a finding in the circumstances" of that case. *Id.* at 1051 (district judge accused of racial bias, but issue in the case was class certification; link between purported bias and rulings was too attenuated for disqualification).

Here, Judge Wright's conduct simply does not demonstrate any pervasive bias against Plaintiff or other copyright holders of pornographic or erotic material. At most, Plaintiff demonstrates that Judge Wright is concerned with the potential for discovery abuse.

In examining the docket in this case, the Court reviewed the filings at Docket Nos. 27 and 32. Although this Court need not and does not so find, these filings suggest that the Motion for Disqualification itself was filed for the improper purpose of delay. Certainly nothing on the docket sheet strengthens Plaintiff's arguments for disqualification.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08333-ODW (JCx)**          Date:  **January 15, 2013**

Title:      Ingenuity13 LLC -v- John Doe

---

Accordingly, the Motion for Disqualification (Docket No. 35) is DENIED.

Putative John Doe's Request for Leave to File an Opposition to Plaintiff's Motion for Disqualification (Docket No. 38) is DENIED as moot.

IT IS SO ORDERED.