FILED
CLERK, U.S. DISTRICT COURT

JAN 23 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

INGENUITY 13, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

_____/

CASE No. 2:12-CV-08333 – ODW

## DECLARATION TO REFUTE INFORMATION PROVIDED BY PLAINTIFF'S COUNSEL, BRETT GIBBS, MOTION FOR SANCTIONS (DOCUMENT 22)

I, an anonymous John Doe, do hereby declare:

1. I'm over 18 years of age and competent to make this declaration.

2. I have personal knowledge of the facts in this declaration and the information provided by Plaintiff's counsel, Brett Gibbs, in his 'Motion For Sanctions Against Attorney Morgan Pietz' (Document #22). Note: This declaration addresses issues not covered by the courts denial of sanctions against Mr. Pietz (Document #31).

3. I have also sent eight previous declarations and memorandums (October 2011 – June 2012) for copyright infringement cases for various courts: Eastern District of Virginia (Richmond Division), *3:11-cv-00531-JAG (Patrick Collins v. Does 1-58)*, *3:11-cv-00469-JAG (K-Beech v. Does 1-85)*, District of Arizona, *2:11-cv-01602-GMS (Patrick Collins v. Does 1-54)*, the Northern District of Florida, *4:11-CV-00584 (Digital Sin, Inc., v. Does 1-145)*, Northern District of Illinois, *1:11-CV-09064 (Pacific Century International v. Does 1-31)*, District of Columbia, *1:12-cv-00048 (AF Holdings, LLC, v. Does 1-1058)*, Eastern District of Pennsylvania, *2:12-CV-02084 (Malibu Media, LLC, v. John Does 1-14)*, and the District of

Colorado, *1:12-cv-00656 (Sunlust Pictures, LLC, v. Willaim Cisa)*. Note: six of the eight declarations/memorandums were accepted by the courts.

4. I'm filing this declaration anonymously, as I'm one of the 200,000+ John Doe defendants in the multitude of copyright infringement cases filed throughout the U.S. If I were to file this declaration under true name, I feel I would be singled out for vindictive prosecution by my Plaintiff and the network of copyright infringement lawyers that file these types of cases. The case I was under has been dismissed, but like many other Doe defendants, I'm waiting for the statute of limitation to expire. The declarations/memorandums I have previously filed, and information I provide to Doe defendants on my Web site (*http://dietrolldie.com/*), have caused copyright infringement lawyers and Plaintiffs more work and the doubtless loss of settlement fees. This is plainly apparent as Plaintiff's counsel inaccurately labeled my Web site as being "anti-copyright enforcement" (Pages 3 & 6 of Document #22). Plaintiff's counsel is obviously hostile to personnel with a differing view on how matters of copyright infringement should be handled in the courts. To prevent identification and possible malicious actions against me, I will mail this declaration to the court and Plaintiff from a State other than my own.

5. Plaintiff will likely claim I have no standing to make this declaration, as I'm not the defendant in this case. I have standing and information countering Mr. Gibbs statements, his possible bad faith efforts as noted by another California judge, and that he has likely violated a Colorado court order in pursuing his company's business model in a California copyright infringement case. My standing is based on my direct knowledge of these types of cases and the operations of computer networks, to include small home/office networks, most (if not all) are what Plaintiff listed as defendants. I have gathered this knowledge first hand by working

as a certified Information Technology Specialist, as a Doe defendant, and by running a Web site dedicated to posting news and views concerning copyright infringement lawyers (AKA: Copyright Trolls) and John/Jane Does (*http://dietrolldie.com/*). While running my site, I have corresponded with many Doe defendants who like myself, are being abused by Plaintiffs and copyright infringement lawyers who follow this business model. Some of the Doe defendants I have interacted with have been pressured to settle with clients of Mr. Gibbs for cases filed in the Central District of California.

6. I hope my declaration will aid the Court in understanding the questionable practices of Plaintiff, copyright infringement lawyers, as well as show Mr. Gibbs is the one who acts is bad faith in pursuing these actions. The anonymous nature of this declaration does not detract from its truthfulness and I thank the court for indulging this John Doe.

7. <u>Inaccurate Statements by Mr. Gibbs</u>

   In Plaintiff's Motion For Sanctions against Mr. Pietz, Mr. Gibbs spuriously claims my Web site, dietrolldie.com is "anti-copyright enforcement," (Pages 3 & 6, Document #22) for no other reason than try to bolster his baseless claim that Mr. Pietz is acting in bad faith. This unsubstantiated claim reeks of bad faith on the part of Mr. Gibbs. I believe copyright owners should be able to seek redress for infringement and have stated such on my Web site and while corresponding with multiple Doe defendants. I have repeatedly told people that if they have done this (or are currently doing this), to stop. Where I and others (Doe Defendants, Citizens, Attorneys, and Judges) disagree is how Prenda Law Inc. (Plaintiff's counsel), and other copyright infringement attorneys are pursuing their agenda. I will continue to write articles on the issue of copyright trolling to get information out to the public, to the detriment of Plaintiffs and copyright infringement attorneys involved. This free

and open discussion does nothing to impede any of Plaintiff's copyright enforcement efforts. The only way it could impede them is if there is no reliable evidence to support a finding in favor of Plaintiff. As no copyright infringement case of Plaintiff's has ever been judged on its merits, this may be the truth of the matter. Note: Plaintiff has a well established history of dismissing settling and non-settling defendants and only seeks default judgments on personnel who fail to respond to a summons. If anything, the purported confidential emails posted to fightcopyrighttrolls.com, only go towards showing people what to expect when dealing with Mr. Gibbs. The suggestion of bad faith on the part of Mr. Gibbs recently came to light in another California copyright infringement case.

8. Suggestions Of Bad Faith, Case 4:12-cv-02049

On 7 Jan 13, the honorable Phyllis J. Hamilton, Northern District of California, denied a request by Mr. Gibbs for leave to file a second amended complaint (SAC), case *4:12-cv-02049, AF Holdings LLC, v. John Doe, et, al.*; Mr. Gibbs is attorney for this Plaintiff (Document #45, *4:12-cv-02049*). It should also be noted the CEO for AF Holdings LLC, a Mr. Alan Cooper, is the same CEO for the Plaintiff in this case and the subject of court approved interrogatories seeking clarification on if Mr. Cooper (CEO for Plaintiff) actually exists *(Document # 23 & 32).*

In her denial of the request to file a SAC, Judge Hamilton stated the new allegations in the SAC are "vague and speculative" and did not show any diligence on the part of Plaintiff. The court also found that AF Holdings delayed unduly in seeking leave to amend, and its conduct "is at least suggestive of bad faith." *(Pages 10-11, Document #45, 4:12-cv-02049)* A review of the proposed SAC submitted by Mr. Gibbs is shocking in its attempt to use irrelevant facts and innuendos to try to persuade the court to grant its request.

9. <u>Possible Violation of Colorado Court Order</u>

On 19 Oct 12, the honorable Kathleen Tafoya, District of Colorado, issued an order (Document #94), in Sunlust Pictures LLC, v. Willaim Cisa, case 1:12-cv-00656. Note: Sunlust Pictures LLC, is a client of Prenda Law Inc. The order vacated the previous order granting discovery of ISP subscriber information for the 1385 joint-tortfeasor in the case. The order also stated, "Insofar as any personal identifying information of the non-party "joint tortfeasors" has already been provided to Plaintiff from the "joint tortfeasors" ISPs, Plaintiff is prohibited from further communicating with these subscribers." Note: case 1:12-cv-00656 (Cisa) was voluntarily dismissed by Plaintiff 11 days after I sent a memorandum (Document # 98, 1:12-cv-00656) to the Colorado court detailing the violation of the joint tortfeasor no-contact order on multiple joint tortfeasors living in Virginia. Prior to the dismissal, Plaintiff had shown the court due diligence in attempting to serve Mr. Cisa and were likely moving forward with a motion for a default judgment.

On 13 Nov 12, Mr. Gibbs filed the following case in the Northern District of California, *Sunlust Pictures LLC, v. Theodore Hutcherson, 4:12-cv-05833*. This case against Mr. Hutcherson is a direct spin-off from case 1:12-cv-00656 (Cisa), as the public IP address, date/time of alleged copyright infringement, and Plaintiff's movie ("Sunny Leone - Goddess") are the same. In case 1:12-cv-00656 (Cisa), the public IP address 74.51.159.77, date/time: 3 Mar 2012, 06:44:38, is found at the bottom of page 23 of Exhibit A to the complaint (Document #1-1). In case 4:12-cv-05833 (Hutcherson), public IP address 74.51.159,77, date/time: 3 Mar 2012, 06:44:38, in found on pages 5 and 6. As Mr. Gibbs filed the case with the name of Mr. Hutcherson, he had obviously received the information from Plaintiff. On 27 Nov 12, the court issued a summons for Mr. Hutcherson. On 6 Dec 12, Mr. Gibbs motioned the court to

voluntarily dismiss the case against Mr. Hutcherson, with prejudice, "In accordance with Federal Rule of Civil Procedure 41(a)(1), the Defendant in this case has neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate." As Mr. Gibbs stated Mr. Hutcherson has not answered the complaint or motioned for a summary judgment, it is evident the summons was delivered to him. The delivery of the summons to Mr. Hutcherson is in direct violation of the 19 Oct 12, Colorado order prohibiting any contact with joint tortfeasors. Based on my knowledge of these cases and in particular Prenda Law Inc., I believe Mr. Gibbs, may have also sent settlement demand letters to Mr. Hutchinson or even had his office telephone him. This apparent violation of a Colorado court order adds additional weight to the claim that Mr. Gibbs is the one who continues to act in bad faith in pursuing these cases.

10. Conclusion

Mr. Gibbs spurious comments regarding my Web site and predisposition are nothing more than a smoke screen to try and hide his firm's unethical pursuit of profits under the guise of protecting Plaintiff's rights. His recent behavior has been cited by a California court as to having the suggestion of bad faith, in addition to an apparent violation of a Colorado court order in pursuing an alleged infringer in California. I ask the court to take note of these factors in handling this case, as well as any response it deems appropriate. I thank the court for hearing this declaration.

Dated: 1/16/2013

Respectfully submitted,

John Doe

John Doe, AKA: DieTrollDie
Web site: *http://dietrolldie.com*
*Doerayme2011@hotmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that on 1/16/2013, I served a copy of the foregoing document, via US Mail, on:

**Brett Gibbs**
**Of Counsel for Prenda Law Inc.**
**38 Miller Avenue, #263**
**Mill Valley, CA 94941**

Dated: 1/16/2013

Respectfully submitted,

*John Doe*

John Doe, AKA: DieTrollDie
*Blog: http://dietrolldie.com*
*Doerayme2011@hotmail.com*