# EXHIBIT "1"

# ISLAND OF NEVIS
## OFFICE OF THE REGISTRAR OF COMPANIES

*CERTIFICATE OF FORMATION*

I HEREBY CERTIFY that

**AF Holdings LLC**

is duly formed and has filed articles of organization under the provisions of the Nevis Limited Liability Company Ordinance 1995, as amended, on

*19th May, 2011*

Given under my Hand & Seal at Charlestown this *19th* day of *May, 2011*

_____
Registrar of Companies

hMc5jWXL

No. L 13042

EXHIBIT 1
15

# EXHIBIT "2"

David Wagar
1411 Paseo Jacaranda
Santa Maria, CA 93458-8312

11/07/2012
SENT VIA U.S. MAIL

*Meet and Confer Regarding a Federal Lawsuit*

Re: **Copyright Infringement**
Ingenuity 13 LLC v. John Doe and 2:12-cv-06662-PA-PLA
Ref #86383

Dear David Wagar:

Prenda Law, Inc. has been retained by Ingenuity13 LLC to pursue legal action against those individuals who have unlawfully infringed on its copyrighted content. Your name has come up in the above-referenced lawsuit, and has been directly connected with an instance of infringement of our client's works. I am contacting you as lead national litigation counsel for Ingenuity13 LLC. The purpose of this letter is to attempt to meet and confer with you with regard to our client's claims. I am doing this prior to pursing any further litigation.

On 6/28/2012 7:19, our agents observed the IP address assigned to you (96.248.225.171) illegally downloading and sharing our client's video-Five Fan Favorites-with others via the BitTorrent protocol. As you have been informed by Verizon Online, our client received your identifying information through the above-referenced lawsuit because you were are the account holder of 96.248.225.171. Please note that, currently, there is only one Defendant in this lawsuit. Through our agents' observations and the Verizon Online's revelations, it is abundantly clear that this Defendant is directly linked to your IP address.

1

**EXHIBIT 2**
16

At this point, while you are not being directly accused of committing the infringement yourself, **you** are *the only person known to my client who may know the identity of the infringer in this case.* Again, at this point, you are the only person in this case directly connected to the illegal infringement of our client's copyrighted content.

Please understand the severity of this matter. Under the Copyright Law of the United States, copyright owners like our client may recover $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, as here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000. Should this case go to trial, our client intends to pursue the full amount of monetary damages authorized by law.

With that said, I want to give you a chance to cooperate with us and settle these claims prior to becoming entrenched in long and expensive litigation. Our client's settlement offer is $4,000. Should this case progress without settlement, and should we choose to name and serve you (or a member of your household) in this suit, that settlement will have expired, and the amount our client would be willing to spend would go up in light of the fees and effort put into the case.

Please also consider this letter to be a formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney. In fact, we strongly encourage you to contact an attorney regarding this matter.

Please give me a call, or have your attorney call me, as soon as possible-my number is above-to meet and confer prior to bringing any further litigation. My client is more than willing to resolve this case through settlement without resorting to further court action. However, if you do not communicate with me, I will be forced to make conclusions on why you avoided my contact and, perhaps, pursue further litigation. Either way, I hope for both of our sakes to hear from you by 11/22/2012 at 4:00 p.m. CST.

Sincerely,


Brett L. Gibbs, Esq
Of Counsel to Prenda Law, Inc.
Licensed solely in the state of California.

blgibbs@wefightpiracy.com
Direct Line: (415) 325-5900

3

EXHIBIT 2
18

**EXHIBIT "3"**

David Wagar
1411 Paseo Jacaranda
Santa Maria, CA 93458-8312

11/21/2012
SENT VIA U.S. MAIL

*Meet and Confer Regarding a Federal Lawsuit*

Re: **Copyright Infringement**
Ingenuity 13 LLC v. John Doe and 2:12-cv-06662-PA-PLA
Ref #86383

Dear David Wagar:

I sent you a letter about two weeks ago informing you of the above-referenced lawsuit in which your Internet Protocol ("IP") address was identified in a BitTorrent swarm illegally downloading and uploading our client Ingenuity13 LLC's copyrighted content. That letter was also an attempt to meet and confer with you to resolve this case without further litigation. At this point, however, no resolution has been obtained.

I recommend that you retain an attorney in this matter if you have not already done so. I strongly encourage you, or your attorney, to contact me at the above-referenced number as soon as possible. If we cannot conclude this matter through settlement, our firm, on behalf of our client, will be forced to litigate further. This could include naming you and/or a member of your household-depending on our investigation-as the Defendant in this case.

Sincerely,


Brett L. Gibbs, Esq
Of Counsel to Prenda Law, Inc. Licensed solely in the state of California.
Direct Phone Line: (415) 325-5900

EXHIBIT 3
19

# EXHIBIT "4"

Marvin Denton
635 S Vanderwell Ave
West Covina, CA 91790

11/08/2012
SENT VIA U.S. MAIL

*Meet and Confer Regarding a Federal Lawsuit*

Re: **Copyright Infringement**
Ingenuity 13 LLC v. John Doe and 2:12-cv-06668-JAK-SH
Ref #86382

Dear Marvin Denton:

Prenda Law, Inc. has been retained by Ingenuity13 LLC to pursue legal action against those individuals who have unlawfully infringed on its copyrighted content. Your name has come up in the above-referenced lawsuit, and has been directly connected with an instance of infringement of our client's works. I am contacting you as lead national litigation counsel for Ingenuity13 LLC. The purpose of this letter is to attempt to meet and confer with you with regard to our client's claims. I am doing this prior to pursing any further litigation.

On 7/4/2012 7:51, our agents observed the IP address assigned to you (75.128.55.44) illegally downloading and sharing our client's video-Five Fan Favorites-with others via the BitTorrent protocol. As you have been informed by Charter Communications, our client received your identifying information through the above-referenced lawsuit because you were are the account holder of 75.128.55.44. Please note that, currently, there is only one Defendant in this lawsuit. Through our agents' observations and the Charter Communications's revelations, it is abundantly clear that this Defendant is directly linked to your IP address.

1

EXHIBIT 4
20

At this point, while you are not being directly accused of committing the infringement yourself, **you** are *the only person known to my client who may know the identity of the infringer in this case.* Again, at this point, you are the only person in this case directly connected to the illegal infringement of our client's copyrighted content.

Please understand the severity of this matter. Under the Copyright Law of the United States, copyright owners like our client may recover $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, as here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000. Should this case go to trial, our client intends to pursue the full amount of monetary damages authorized by law.

With that said, I want to give you a chance to cooperate with us and settle these claims prior to becoming entrenched in long and expensive litigation. Our client's settlement offer is $4,000. Should this case progress without settlement, and should we choose to name and serve you (or a member of your household) in this suit, that settlement will have expired, and the amount our client would be willing to spend would go up in light of the fees and effort put into the case.

Please also consider this letter to be a formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney. In fact, we strongly encourage you to contact an attorney regarding this matter.

Please give me a call, or have your attorney call me, as soon as possible-my number is above-to meet and confer prior to bringing any further litigation. My client is more than willing to resolve this case through settlement without resorting to further court action. However, if you do not communicate with me, I will be forced to make conclusions on why you avoided my contact and, perhaps, pursue further litigation. Either way, I hope for both of our sakes to hear from you by 11/23/2012 at 4:00 p.m. CST.

EXHIBIT 4
21

Sincerely,


Brett L. Gibbs, Esq
Of Counsel to Prenda Law, Inc.
Licensed solely in the state of California.

blgibbs@wefightpiracy.com
Direct Line: (415) 325-5900

EXHIBIT 4
22

# EXHIBIT "5"

Marvin Denton
635 S Vanderwell Ave
West Covina, CA 91790

11/22/2012
SENT VIA U.S. MAIL

*Meet and Confer Regarding a Federal Lawsuit*

Re: **Copyright Infringement**
**Ingenuity 13 LLC v. John Doe and 2:12-cv-06668-JAK-SH**
Ref #86382

Dear Marvin Denton:

I sent you a letter about two weeks ago informing you of the above-referenced lawsuit in which your Internet Protocol ("IP") address was identified in a BitTorrent swarm illegally downloading and uploading our client Ingenuity13 LLC's copyrighted content. That letter was also an attempt to meet and confer with you to resolve this case without further litigation. At this point, however, no resolution has been obtained.

I recommend that you retain an attorney in this matter if you have not already done so. I strongly encourage you, or your attorney, to contact me at the above-referenced number as soon as possible. If we cannot conclude this matter through settlement, our firm, on behalf of our client, will be forced to litigate further. This could include naming you and/or a member of your household-depending on our investigation-as the Defendant in this case.

Sincerely,


Brett L. Gibbs, Esq
Of Counsel to Prenda Law, Inc. Licensed solely in the state of California.
Direct Phone Line: (415) 325-5900

EXHIBIT 5
23