# EXHIBIT P



Morgan Pietz <morganpietz@gmail.com>

---

## Notice of Withdrawal as Counsel

---

**Brett Gibbs** <blgibbs@wefightpiracy.com>          Tue, Jan 29, 2013 at 5:56 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>

Mr. Pietz:

Please be on notice, I will be entering my notice of withdrawal as counsel of record for Ingenuity13 and AF Holdings in all cases filed in California. Mr. Paul Duffy will be substituting in as counsel.

Regards,

--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and all attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.



**Morgan Pietz <morganpietz@gmail.com>**

## Activity in Case 2:12-cv-08333-ODW-JC Ingenuity13 LLC v. John Doe Order

**Morgan Pietz** <morganpietz@gmail.com>                                      Fri, Feb 8, 2013 at 11:36 AM
To: Prenda <paduffy@wefightpiracy.com>
Cc: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>, Brett Gibbs <blgibbs@wefightpiracy.com>

No luck reaching you.

Please send me your part of the joint letter on the PO issue in N.D. Cal. No. 12-4976 by close of business today.  This nonsense has gone on long enough.  Note that you do NOT have my permission to simply file the letter.  You and Brett have now wasted so much time that circumstances have changed and I need to update my part.

I am tied up in Court the rest of the day.  Have a nice weekend.

Best regards,
Mirgan

Sent from my iPhone

On Feb 8, 2013, at 11:31 AM, Morgan Pietz <morganpietz@gmail.com> wrote:

> Paul I just tried that number and it went straight to a 'voicemailbox that has not been setup yet.'
>
> I am going to try again two more times, right now.
>
> Sent from my iPhone
>
> On Feb 7, 2013, at 4:59 PM, Prenda <paduffy@wefightpiracy.com> wrote:
>
>> 3128526136
>>
>>
>>
>> On Feb 7, 2013, at 6:33 PM, Morgan Pietz <morganpietz@gmail.com> wrote:
>>
>>> What number should I call?
>>>
>>> On Thu, Feb 7, 2013 at 3:57 PM, Prenda <paduffy@wefightpiracy.com> wrote:
>>>> I am representing that I will participate in the conference call that you agreed to participate in tomorrow. If there is something substantive you would like to talk about then I am all ears. Thanks.

On Feb 7, 2013, at 5:14 PM, Morgan Pietz <morganpietz@gmail.com> wrote:

> Paul,
>
> Since you seem to have an aversion to reading, I'll make this short then: are you representing
> that I should consider you as counsel of record in this case or not?
>
> I do plan to speak with you tomorrow at 11:30, at the very least about some other cases, but
> whether we will be covering *this* case depends on your answer to my question above.
>
> Best regards,
> Morgan
>
> On Thu, Feb 7, 2013 at 3:12 PM, Prenda <paduffy@wefightpiracy.com> wrote:
>> I agreed to have a meet and confer with you tomorrow. If you are canceling please let me
>> know and we can reschedule. Your email message (below) and your other messages are too
>> long for me to read but I am happy to talk directly with you about whatever you want. Thanks.
>>
>>
>>
>> On Feb 7, 2013, at 4:33 PM, Morgan Pietz <morganpietz@gmail.com> wrote:
>>
>>> Brett and Paul,
>>>
>>> I just noticed that the most recent email to me below appears to be from Paul Duffy not Brett
>>> Gibbs, who I understand has recently moved on to be the purported 'in-house counsel' for
>>> assorted Prenda-related entities.
>>>
>>> With respect to the case identified in the subject line, Mr. Gibbs is still counsel of record,
>>> and, as Mr. Gibbs himself correctly pointed out, no substitution has yet been filed making
>>> Paul Duffy counsel of record in this matter.
>>>
>>> Accordingly, Paul, if you would like to have a substantive discussion on *this* case, and the
>>> impending threat of sanctions which neither you nor Brett have responded to, I must insist
>>> that you enter some kind of appearance first. However, I would indeed like to keep our
>>> 11:30 a.m. PST phone appointment tomorrow, as I have a number of other matters, where
>>> you are properly counsel of record, which I would like to discuss with you.
>>>
>>> I will send you separate emails about those other matters, so that we may have a more
>>> productive conversation tomorrow.
>>>
>>> As to this matter, please advise whether I should be speaking to Mr. Duffy, to Mr. Gibbs, or to
>>> both/either of you?
>>>
>>> Best regards,
>>> Morgan
>>>
>>> On Wed, Feb 6, 2013 at 6:46 AM, Morgan Pietz <morganpietz@gmail.com> wrote:
>>>> Yes, at 11:30 PST.

Sent from my iPhone

On Feb 6, 2013, at 3:05 AM, Prenda <paduffy@wefightpiracy.com> wrote:

> Mr. Pietz - please let me know if you are free to meet and confer by telephone on Friday, February 8 at 9:am or later your time. Thanks.
>
>
>
> On Jan 30, 2013, at 8:18 PM, "Morgan E. Pietz" <mpietz@pietzlawfirm.com> wrote:
>
> > Brett,
> >
> > Since Mr. Duffy has not yet appeared in this case, and, as you correctly note, no substitution has been filed, much less approved, then, you are quite right: you are still counsel of record.  You know as well as I do that this matter is not concluded; the Court has not yet approved your voluntary dismissal (the Copyright Report is not what matters) and the minute order below, as well as my prior notice to you that I am likely going to be seeking sanctions, clearly mean that litigation here is not quite over yet.  As I am sure you know, a federal Court retains jurisdiction to consider sanctions, even after a complaint has been dismissed.
> >
> > Accordingly, I am going to reiterate my request, one final time, for a response to my query of January 29, about whether you will be responding to the discovery on Alan Cooper in which the Court has taken an interest.  Based on your most recent email, it does seem clear you are the appropriate (indeed, only) attorney to which it is appropriate to direct this question.
> >
> > I am cc'ing Mr. Duffy, both as a courtesy, and in the hopes that if he does seek to substitute in on your behalf, you and/or he can first answer my other questions below to allow me to determine whether I would oppose such a request.
> >
> > Best regards,
> > Morgan
> >
> > On Wed, Jan 30, 2013 at 5:53 PM, Brett Gibbs <blgibbs@wefightpiracy.com> wrote:
> > > Mr. Pietz:
> > >
> > > This case has been dismissed, and recently closed by the Court.  Please refer to the Court's docket.
> > >
> > > As for any questions regarding Mr. Duffy, you can contact him yourself if you desire.
> > >
> > > As for your statement directed at me, please note that there was no substitution of counsel form filed in the above-referenced case.
> > >
> > > It was a pleasure working with you.  Good luck in your future endeavors.

Regards,

Brett Gibbs

On Wed, Jan 30, 2013 at 4:29 PM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:

Brett,

I am in receipt of your email of yesterday night informing me that you plan on attempting to withdraw from this action, as well as the other AF Holdings and Ingenuity 13 actions in California, and that you hope that Mr. Paul Duffy will be allowed to substitute in on your behalf in these cases.

With respect to whether I will object to the proposed substitution in this case, could you please clarify a few things for me:

(1) It is almost now close of business, and I still have not heard back from you with respect to my query below. Have you forwarded my query to Mr. Duffy, and from whom, if anyone, should I expect a substantive response?

(2) I note that both on the California State Bar website, and in and recent filings made by Mr. Duffy in the Northern District of California yesterday and today, Mr. Duffy lists different addresses, both of which are located in Chicago, IL. I also note that a couple months ago, Mr. Duffy wrote Judge Scriven in Florida to explain that he could not travel by air to a hearing she had ordered him to appear at, due to eye surgery. Is Mr. Duffy able to travel by air now, such that he could be available to appear in California?

(3) I note that on both the State Bar website, and in Mr. Duffy's recent appearances in other cases, Mr. Duffy's affiliation is listed as something other than Prenda Law, Inc. My understanding was that Mr. Duffy was the "sole principal" of Prenda Law, Inc. and that you were "of counsel" to that firm. Has the firm been disbanded?

(4) Finally, I understand from other filings that you will now become "in house counsel" for AF Holdings. Is that correct? What about Ingenuity 13, are you now also "in house counsel" for Ingenuity 13, LLC.

Please get back to me on these issues so that I can determine whether I will oppose the proposed substitution.

Best regards,
Morgan

On Tue, Jan 29, 2013 at 2:19 PM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:

Brett,

I view your attempt to dodge the Alan Cooper discovery, by unilaterally dismissing the case without prejudice, as the coup de grâce in a series of bad faith actions in this case.  Please be advised, I will likely be seeking sanctions.

In view of the Court's order of earlier today, below, please advise whether you will be responding to the outstanding written discovery on Alan Cooper.  If you actually respond with properly verified, substantive answers, and produce the documents demanded to my office, by the original deadline of Monday 2/4/13, by 5:00 P.M., I will consider refraining from seeking sanctions (depending on your responses).

Please advise by close of business tomorrow (1/30) whether you will be responding to the discovery by Monday (2/4).

Best regards,
Morgan


---------- Forwarded message ----------
From: <cacd_ecfmail@cacd.uscourts.gov>
Date: Tue, Jan 29, 2013 at 11:19 AM
Subject: Activity in Case 2:12-cv-08333-ODW-JC Ingenuity13 LLC v. John Doe Order
To: ecfnef@cacd.uscourts.gov


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 1/29/2013 at 11:18 AM PST and filed on 1/28/2013

| | |
|---|---|
| **Case Name:** | Ingenuity13 LLC v. John Doe |
| **Case Number:** | 2:12-cv-08333-ODW-JC |
| **Filer:** | |

Case 2:12-cv-08333-ODW-JC   Document 53-1   Filed 02/20/13   Page 8 of 130   Page ID #:784

**Document Number:** 45

**Docket Text:**
**ORDER RE STATUS CONFERENCE by Judge Otis D. Wright, II: The parties to jointly prepare a status report, briefly indicating whether this early discovery was propounded and whether an answer was given in response. This status report must be filed by February 19, 2013. In addition, the parties are hereby ORDERED to appear for a status conference on March 4, 2013, at 1:30 p.m., to discuss the status of this early discovery.If the parties indicate in their status report that the early discovery has been properly propounded and answered, the Court will vacate the March 4, 2013 status conference. Failure to comply with this order or failure to appear for the scheduled status conference may result in sanctions, including monetary sanctions.(lc)**

**2:12-cv-08333-ODW-JC Notice has been electronically mailed to:**

Morgan E Pietz     mpietz@pietzlawfirm.com, lrudolph@pietzlawfirm.com

Brett Langdon Gibbs     docket@wefightpiracy.com, blgibbs@wefightpiracy.com

**2:12-cv-08333-ODW-JC Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206

Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com


--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT
NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18
U.S.C. 2510 et. seq. and is intended to remain confidential and is subject to applicable
attorney/client and/or work product privileges.  If you are not the intended recipient of this
message, or if this message has been addressed to you in error, please immediately alert the
sender by reply e-mail and then delete this message and all attachments.  Do not deliver,
distribute or copy this message and/or any attachments and if you are not the intended
recipient, do not disclose the contents or take any action in reliance upon the information
contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations,
we are now required to advise you that, unless otherwise expressly indicated, any federal tax
advice contained in this communication, including attachments and enclosures, is not intended
or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or (ii) promoting, marketing or recommending to another
party any tax-related matters addressed herein.


--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

# EXHIBIT Q

STATE OF MINNESOTA            DISTRICT COURT
COUNTY OF HENNEPIN      FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Alan Cooper,<br><br>         Plaintiff<br><br>v.<br><br>John Lawrence Steele, Prenda Law Inc., AF Holdings, LLC, Ingenuity13, LLC,<br><br>         Defendants | Court File No.:<br><br><br><br>**Complaint** |

Alan Cooper, for his Complaint states and alleges as follows:

## INTRODUCTION

Defendant John Steele and the law firm Prenda Law, Inc. have falsely used Plaintiff Alan Cooper's name as an officer or director of two St. Kitts & Nevis based limited liability companies for the purpose of concealing the their true owners and to defraud others. All Defendants have worked together and used Plaintiff's name in furtherance of their scheme to demand settlements relating to alleged copyright infringement from individuals across the nation. Plaintiff asks this court for damages and injunctive relief so that he can be compensated for unlawful use of his name and to prevent any further unlawful use.

## JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Mille Lacs County, Minnesota.

2. Defendant John Lawrence Steele is an individual residing in Cook County, IL. Steele's tortious conduct described in this Complaint was directed at Minnesota and he has knowingly caused the injuries described in this Complaint within Minnesota.

1

Furthermore, he also owns land in Aitkin County, MN. Therefore he is subject to personal jurisdiction pursuant to Minn. Stat. § 543.19.

3. Defendant Prenda Law, Inc. is a corporation with principal offices in Chicago, Illinois. Prenda has directed its tortious activities described in this Complaint towards individuals residing in the State of Minnesota and otherwise directed its business activities within the State of Minnesota including filing lawsuits within the State and sending settlement demands to residents of Minnesota.

4. Defendant Prenda Law, Inc. has at various times operated under the names "Steele Hansmeier, PLLC" and "Anti Piracy Law Group" but these entities are either identical, alter-ego identities, or are successor or predecessor firms. All of these law firms have the same principals, business model, and clients.

5. Defendant AF Holdings, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. AF Holdings, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

6. Defendant Ingenuity13, LLC is a Nevis based limited liability company and has brought several lawsuits in the State of Minnesota fraudulently using Plaintiff's name as an officer or director. Ingenuity13, LLC's conduct directed at Minnesota subjects it to personal jurisdiction within the state because this lawsuits arises out of its activities within Minnesota.

7. Venue is appropriate in Hennepin County because the tortious acts occurred in part within Hennepin County, including the use of Alan Cooper's name, by Defendants and for the benefit of Defendants in lawsuits filed in the U.S. District Court for the

2

District of Minnesota, located in Hennepin County.

## FACTS

8. Plaintiff had been hired in 2006 as a caretaker for a property Steele owns in Aitkin County.

9. Plaintiff was allowed to stay in a guest house on the property and helped with remodeling and general maintenance of the property.

10. While visiting his property, Steele had on several occasions discussed his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy.

11. Steele had also told Plaintiff that if anyone asked about any companies, that Plaintiff was not to answer and to call Steele directly.

12. Plaintiff confronted Steele, but was unable to determine what companies Steele was talking about.

13. Steele has in fact sued tens of thousands of individuals for copyright infringement nationwide.

14. Plaintiff has not participated in any part of Steele's litigation activities.

15. Steele and his law firm, Steele Hansmeier, PLLC, now known as Prenda Law, Inc. have gained significant attention due to the scope of their litigation.

16. Steele claims that he is merely "of counsel" with Prenda Law, Inc., but in fact controls operations at Prenda Law, Inc.

17. Sometime in November 2012, Plaintiff was informed that his name was being used as an officer or director of AF Holdings, LLC, a client of Prenda Law, Inc.

18. In various lawsuits filed in the past year, AF Holdings, LLC through its counsel has filed copies of copyright assignment agreements that bear the signature of an "Alan

3

Cooper" signing on behalf of AF Holdings, LLC.

19. A copy of one such assignment is attached as Exhibit A to this Complaint.

20. The signature of "Alan Cooper" in Exhibit A was not made by Plaintiff.

21. On at least one occasion, an "Alan Cooper" has acted as the manager of another client of Prenda Law, Ingenuity13, LLC.

22. A copy of one such document is attached as Exhibit B to this Complaint.

23. Again, Plaintiff did not sign the document shown as Exhibit B.

24. As described above, Steele and Plaintiff entered into an agreement for Cooper to care for Steele's property, a copy of that agreement is attached as Exhibit C.

25. Steele and the other Defendants used the signature in Exhibit C or another of Plaintiff's signatures as the model for creating the signature that appears on Exhibit A.

26. AF Holdings, LLC has filed over 200 copyright lawsuits in federal district courts across the nation within the past year.

27. Ingenuity13, LLC has filed over 50 copyright lawsuits in federal district courts across the nation within the past year.

28. All Defendants knew that Plaintiff's name was being used, without Plaintiff's knowledge, as an officer, director, or shareholder of both AF Holdings, LLC and Ingenuity13, LLC.

29. All Defendants intended to use Alan Cooper's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

30. All Defendants have in fact benefited from using Plaintiff's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

31. Defendants knew that Alan Cooper had not authorized the use of his name or signature on AF Holdings, LLC and Ingenuity13, LLC documents.

4

32. Both Steele and Prenda Law, Inc. participated in the creation of AF Holdings, LLC and Ingenuity13, LLC.

33. Defendants Steele and Prenda Law have actual control of Defendants AF Holdings LLC and Ingenuity13, LLC.

34. AF Holdings, LLC and Ingenuity13, LLC exist solely as instruments of Steele and Prenda Law, Inc.

35. Both Steele and Prenda Law, Inc. chose to organize AF Holdings, LLC and Ingenuity13, LLC in the nation of St. Kitts & Nevis because of the strict corporate privacy laws in that country.

36. Plaintiff's counsel made several attempts to contact Defendants about the use of the name "Alan Cooper" in lawsuits by AF Holdings, LLC and Ingenuity13, LLC.

37. Defendant Steele, when he heard that Prenda Law, Inc. had been contacted by Plaintiff's counsel did not respond to Plaintiff's counsel but rather called Plaintiff several times within a matter of minutes.

38. Despite repeated requests by Plaintiff's counsel, Defendants have not offered any explanation as to why Alan Cooper's name appears on documents relating to lawsuits filed by AF Holdings, LLC and Ingenuity13, LLC.

39. Plaintiff through his counsel filed the letter attached as Exhibit D in cases filed by AF Holdings, LLC and Ingenuity13, LLC in the District of Minnesota.

40. Defendants have claimed that the letter is "false" but have never attempted to explain what in particular about the allegations contained within that letter are false.

41. Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B.

5

## COUNT I

## INVASION OF PRIVACY - APPROPRIATION

42. Plaintiff repeats and realleges the above as if fully set forth below.

43. Defendants have appropriated Plaintiff's name for their own benefit.

44. Defendants did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

45. Defendants knew that the did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

46. Defendants intended to benefit and in fact did benefit by using Alan Cooper's name for corporate documents to conceal the true identities of officers, directors, and shareholders of AF Holdings, LLC and Ingenuity13, LLC.

## COUNT II

## VIOLATION OF MINN. STAT. § 325D.44

47. Plaintiff repeats and realleges the above as if fully set forth below.

48. Defendants, working in concert, have engaged in the following deceptive trade practices prohibited by Minn. Stat. § 325D.44.

49. By using Plaintiff's name as if he had signed documents on their behalf, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

50. Plaintiff is not the source of any of Defendants' goods or services and has never sponsored, approved or certified any of Defendants' goods or services.

51. By using Plaintiff's name in connection with documents signed on behalf of AF Holdings, LLC and Ingenuity13, LLC, Defendants have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or

6

certification by, another, namely Alan Cooper.

52. Plaintiff has no affiliation, connection, or association with Defendants and has never certified Defendants or their actions.

53. By filing documents in court, bearing Plaintiff's name, Defendant Prenda Law, Inc. has created the false appearance of affiliation, connection, association, or certification of Defendants' activities

54. Defendants actions, taken as a whole, create a likelihood that there would be confusion or misunderstanding relating to whether Alan Cooper was involved in any way with Defendants and their business activities.

## COUNT III

## CIVIL CONSPIRACY

55. Plaintiff repeats and realleges the above as if fully set forth below

56. All Defendants have entered an agreement to use Plaintiff's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC.

57. The use of Plaintiff's name in this manner is both unlawful and tortious.

58. By entering into this agreement, all Defendants have conspired to commit tortious acts as described within this Complaint.

59. Plaintiff has been damaged by these unlawful and tortious acts.

60. Each Defendant must therefore be held liable for any tortious act committed by any other Defendant.

## COUNT III

## ALTER EGO - PIERCING CORPORATE VEIL - AF HOLDINGS, LLC

61. Plaintiff repeats and realleges the above as if fully set forth below.

62. AF Holdings, LLC is not a properly organized limited liability corporation.

7

63. Upon information and belief, AF Holdings, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

64. AF Holdings, LLC has never had an officer or director named Alan Cooper who signed the document shown as Exhibit A.

65. Upon information and belief, either Steele or someone working at his request signed the document as "Alan Cooper" shown as Exhibit A.

66. Upon information and belief, AF Holdings, LLC has no true officers or directors.

67. Upon information and belief, AF Holdings, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

68. Upon information and belief, AF Holdings, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

69. Upon information and belief, AF Holdings, LLC observed little or no corporate formalities.

70. Upon information and belief, AF Holdings, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated numerous lawsuits.

71. Upon information and belief, AF Holdings, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

72. Upon information and belief, AF Holdings, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

73. Upon information and belief, AF Holdings, LLC has little or no corporate records.

74. Upon information and belief, AF Holdings, LLC's existence was a mere facade for individual dealings of its dominant members.

75. For the reasons above, AF Holdings, LLC's owners or members must be liable for AF

8

Holdings, LLC's actions.

## COUNT IV

### ALTER EGO - PIERCING CORPORATE VEIL - INGENUITY13, LLC

76. Plaintiff repeats and realleges the above as if fully set forth below.

77. Ingenuity13, LLC is not a properly organized limited liability corporation.

78. Upon information and belief, Ingenuity13, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

79. Ingenuity13, LLC has never had an officer or director named Alan Cooper who could have signed the document shown as Exhibit B.

80. Defendant Prenda Law, Inc. is obligated to retain the original signed version of the document shown as Exhibit B.

81. Plaintiff's counsel has requested to see or to be provided with a copy of the original signed version of the document shown as Exhibit B.

82. Defendants have not produced for Plaintiff's counsel copies of the signed version of the document shown as Exhibit B.

83. Upon information and belief, Ingenuity13, LLC has no true officers or directors.

84. Upon information and belief, Ingenuity13, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

85. Upon information and belief, Ingenuity13, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

86. Upon information and belief, Ingenuity13, LLC observed little or no corporate formalities.

87. Upon information and belief, Ingenuity13, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated

9

numerous lawsuits.

88. Upon information and belief, Ingenuity13, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

89. Upon information and belief, Ingenuity13, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

90. Upon information and belief, Ingenuity13, LLC has little or no corporate records.

91. Upon information and belief, Ingenuity13, LLC's existence was a mere facade for individual dealings of its dominant members.

92. For the reasons above, Ingenuity13, LLC's owners or members must be liable for Ingenuity13, LLC's actions.

## COUNT V

### ALTER EGO - PIERCING CORPORATE VEIL - PRENDA LAW, INC.

93. Plaintiff repeats and realleges the above as if fully set forth below.

94. Prenda Law, Inc. was an Illinois based corporation engaged in the practice of law.

95. Prenda Law, Inc. was not properly organized as a professional services corporation under Illinois law, as required of law firms organized as corporations.

96.  Prenda Law, Inc. did not file an annual renewal due in late 2012.

97. Despite having not filed an annual renewal, Prenda Law, Inc. continued to provide legal services including litigating cases on behalf of AF Holdings, LLC and Ingenuity13, LLC which made use of documents purportedly signed by Plaintiff.

98. Upon information and belief, Prenda Law, Inc. is a mere instrumentality of Steele.

99. Upon information and belief, officers of Prenda Law, Inc. have fraudulently used Plaintiff's name and thereby used the corporation to perpetrate a fraud.

100.Upon information and belief, Prenda Law, Inc. is and at all times was insufficiently

10

capitalized for purposes of corporate undertaking.

101. Upon information and belief, Prenda Law, Inc. observed little or no corporate formalities.

102. Upon information and belief, Prenda Law, Inc. was insolvent or non-existent at time of transaction in question.

103. Upon information and belief, Prenda Law, Inc.'s funds, to the extent it had any, were used solely for the benefit of the dominant shareholder.

104. Upon information and belief, Prenda Law, Inc. has little or no corporate records.

105. Upon information and belief, Prenda Law, Inc. was controlled by individuals other than its shareholders.

106. Upon information and belief, Prenda Law, Inc.'s existence was a mere facade for individual dealings of Steele.

107. For the reasons above, Prenda Law, Inc.'s owners or shareholders must be liable for it's actions.


WHEREFORE, Plaintiff Alan Cooper prays for judgment of the Court against the Defendants for the following relief:

1.      Monetary damages against all parties;

2.      Reasonable costs and disbursements;

3.      Injunctive relief, including, an order forbidding the further use of Plaintiff Alan Cooper's name in connection with any of Defendants' activities;

4.      Declarative relief, including, a determination that Plaintiff never acted signed documents on behalf of AF Holdings, LLC or Ingenuity13, LLC and has never been an officer or director of AF Holdings, LLC or Ingenuity13, LLC;

11

5.      Leave of the Court to amend this Complaint to add a claim for punitive

damages;

6.      For such other relief as the Court determines to be fair and equitable.


Dated: January 23, 2013                 GODFREAD LAW FIRM, PC


                                        By: _____
                                        Paul Godfread (389316)
                                        100 South Fifth Street, Suite 1900
                                        Minneapolis, MN 55402
                                        (612) 284-7325

                                        Attorney for Plaintiff, Alan Cooper




### ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable

attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211,

subd. 2, to the party against whom the allegations in this pleading are asserted.


Dated: January 22, 2013                 GODFREAD LAW FIRM, PC


                                        By: _____
                                        Paul Godfread (389316)


12

# EXHIBIT R

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |  |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. 3:12-cv-02396 EMC** |
|  | ) |  |
| Plaintiff, | ) | **ADR CERTIFICATION BY PARTIES** |
| v. | ) | **AND COUNSEL** |
|  | ) |  |
| JOHN DOE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ADR CERTIFICATION BY PARTIES AND COUNSEL**

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45)*;
(2) Discussed the available dispute options provided by the Court and private entities; and
(3) Considered whether this case might benefit from any available dispute resolution options.

Dated: July 20, 2012                        __/s/ Salt Marsh, AF Holdings Owner_____
                                                                              PARTY

Dated: July 20, 2012                        ___/s/ Brett L. Gibbs, Esq.,  Trial Counsel____
                                                                              COUNSEL

# EXHIBIT S

Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Joe Navasca

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JOE NAVASCA <br><br><br> Defendants. | Case No. 3:12-cv-02396-EMC <br><br> **Declaration of Nicholas Ranallo in Opposition to Motion to Shorten Time/Motion for Stay of Discovery** |

## <u>DECLARATION OF NICHOLAS RANALLO</u>

1.    I am an attorney duly licensed to practice in the State of California and before the District Court for the Northern District of California.  I am attorney of record for Joe Navasca, and this declaration is based on personal knowledge of the matters set forth herein or, to the extent so identified, upon information and belief formed after reasonable inquiry as described herein.

2.    On Friday, February 8, 2013, I received an electronic file from Joe Navasca comprised of a voicemail recording left at his residence on the same date.

Paragraph 5, below, represents my personal transcription of the voicemail message. I have retained an electronic copy of the message and can provide it to the court upon request.

3. Upon information and belief, the individual speaking in the voicemail message is Mark Lutz. This belief is based on my recognition of Mr. Lutz' voice from numerous past conversations with Mr. Lutz in his role as paralegal for Steele Hansmeier/Prenda Law.

4. On Friday, February 8, 2013, I sent a copy of the voicemail to Brett Gibbs requesting explanation. Beyond noting that I did not represent Jovino, Mr. Gibbs provided no information regarding why a law firm that is not formally involved in this case is seeking settlement from an individual that is not the defendant in this case, and/or seeking to amend the complaint to name an individual that was previously "eliminated" as a likely infringer.

5. The following represents my personal transcription of the February 8 voicemail. I have endeavored to be as accurate as possible:

"Yes, uh, this message is for Jovino. It's, uh, Anti-Piracy Law Group giving you a call about a couple of letters we mailed you which had to do with the copyright infringement lawsuit that you are a part of. And..um..yeah, I mean, we haven't entered into a settlement agreement as of yet. And, prior to moving forward and modifying the complaint to add your name, our client just asked us to give you a quick call. You know, I suppose if you want to avoid the expense and time that is associated with a case like this, call us back. We can be reached at (800) 380-0840. Your reference number is 84080. Thank you."

6. The telephone number identified in the message above is the number listed for Prenda Law, Inc., on its wefightpiracy.com web site.

7. The reference number noted above corresponds to prior letters from Plaintiff regarding the allegations of infringement from this case.

<u>SALT MARSH</u>

8. "Salt Marsh" is the individual identified as an "Owner" of AF Holdings in ECF No. 8 in this case, as well as numerous other cases in this district.

9. I am not aware of any individual with the actual name "Salt Marsh" that is associated with AF Holdings or John Steele.

10. However, upon information and belief, an individual named Tony or Anthony Saltmarsh does exist, and has documented associations with John Steele's family and the mysterious Alan Cooper, as described further herein.

11. Upon information and belief, Tony Saltmarsh previously lived at 4532 E. Villa Theresa Drive in Phoenix Arizona, 85032. This belief is based upon a "past address" search through peoplesmart.com. of the address and Mr. Saltmarsh. A copy of Mr. Saltmarsh's full report is annexed hereto as Exhibit B.

12. Upon information and belief, Jayme Steele also previously lived at 4532 E. Villa Theresa Drive in Phoenix, Arizona. This belief is likewise based on peoplesmart.com "past address" search for Ms. Steele. A copy of this report is annexed hereto as Exhibit C.

13. Upon information and belief, the 4532 E. Villa Theresa address was also previously used by VPR, Inc., a former Steele Hansmeier client. This belief is based on a review of the Nevada Secretary of State entity details attached hereto as Exhibit D.

14.     Upon information and belief, Alan Cooper was identified as, inter alia, the President and Treasurer of VPR, Inc. and likewise associated with the 4532 East Villa Theresa address.  This belief is likewise based on a review of the Nevada Secretary of State entity details, a copy of which are annexed hereto as Exhibit D.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on this 11th day of February, 2013, in Boulder Creek, California.

/s/  Nicholas R. Ranallo_____
Nicholas Ranallo

# Exhibit A

1
2
3
4
5
6
7         **UNITED STATES DISTRICT COURT**
8         **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10   INGENUITY 13 LLC, | Case Nos. 2:12-cv-8333-ODW(JCx) |
| 11              Plaintiff, | **ORDER TO SHOW CAUSE RE** |
| 12     v. | **SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS** |
| 13   JOHN DOE, | |
| 14              Defendant. | |

15      The Court hereby orders Brett L. Gibbs, attorney of record for AF Holdings

16 LLC and Ingenuity 13 LLC, to appear on March 11, 2013, at 1:30 p.m., to justify his

17 violations of Federal Rule of Civil Procedure 11 and Local Rule 83-3 discussed

18 herein.[1]

19 **A.**    **Legal Standard**

20      The Court has a duty to supervise the conduct of attorneys appearing before it.

21 *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). The power to punish

22 contempt and to coerce compliance with issued orders is based on statutes and the

23 Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512

---

24 [1] The violations discussed herein were committed in the following related cases: *AF Holdings LLC v.*

25 *Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012); *AF Holdings LLC v. Doe*, No.
2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-

26 6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-

27 ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx)
(C.D. Cal. filed Sept. 27, 2012). To facilitate this matter, Mr. Gibbs will be given the opportunity to

28 address these violations together in one hearing rather than in several separate hearings.

U.S. 821, 831 (1994). And though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

## B.    Rule 11(b)(3) Violations

By presenting a pleading to the Court, an attorney certifies that—after conducting a reasonable inquiry—the factual contentions in the pleading have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). This precomplaint duty to find supporting facts is "not satisfied by rumor or hunch." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). The reasonableness of this inquiry is based on an objective standard, and subjective good faith provides no safe harbor. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994); *Knipe v. Skinner*, 19 F.3d 72, 75 (2d Cir. 1994). The Court wields the discretion to impose sanctions designed to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed R. Civ. P 11(c)(4).

In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), the Court ordered Plaintiff on December 20, 2012, to show cause why it failed to timely serve the Defendant or, if the Defendant has already been served, to submit the proof of service. (ECF No. 12.) In response, Plaintiff noted that the delay was because it waited to receive a response from the subscriber of the IP address associated with the alleged act of infringement. (ECF No. 14.) Plaintiff further noted: "Though the subscriber, David Wagar, remained silent, Plaintiff's investigation of his household established that Benjamin Wagar was the likely infringer of Plaintiff's copyright." (ECF No. 14, at 2.) Based on this investigation, Plaintiff filed an Amended Complaint, substituting Benjamin Wagar for John Doe. (ECF No. 13.)

Plaintiff's Amended Complaint alleges the following in connection with Benjamin Wagar:

- "Defendant Benjamin Wagar ('Defendant') knowingly and illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same." (AC ¶ 1);

- "Defendant is an individual who, upon information and belief, is over the age of eighteen and resides in this District." (AC ¶ 4);

- "Defendant was assigned the Internet Protocol ('IP') address of 96.248.225.171 on 2012-06-28 at 07:19:47 (UTC)." (AC ¶ 4);

- "Defendant, using IP address 96.248.225.171, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.7.0.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (AC ¶ 22);

- "Plaintiff's investigators detected Defendant's illegal download on 2012-06-28 at 07:19:47 (UTC). However, this is a [*sic*] simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself [*sic*] place before and after this date and time." (AC ¶ 23);

- "The unique hash value in this case is identified as F016490BD8E60E184EC5B7052CEB1FA570A4AF11." (AC ¶ 24.)

In a different case, *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), Plaintiff essentially makes the same response to the Court's December 20, 2012 Order To Show Cause (ECF No. 12): "Though the subscriber, Marvin Denton, remained silent, Plaintiff's investigation of his household established that Mayon Denton was the likely infringer of Plaintiff's copyright." (ECF No. 13, at 2.) And based on this information, Plaintiff filed an Amended Complaint (ECF No. 16), similar in all respects to the one filed against Benjamin

Wagar in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), with the following technical exceptions:

- "Defendant was assigned the Internet Protocol ('IP') address of 75.128.55.44 on 2012-07-04 at 07:51:30 (UTC)." (AC ¶ 4);
- "Defendant . . . purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 3.1.3 . . . ." (AC ¶ 22);
- "The unique hash value in this case is identified as 0D47A7A035591B0BA4FA5CB86AFE986885F5E18E." (AC ¶ 24.)

Upon review of these allegations, the Court finds two glaring problems that Plaintiff's technical cloak fails to mask. Both of these are obvious to an objective observer having a working understanding of the underlying technology.

*1.    Lack of reasonable investigation of copyright infringement activity*

The first problem is how Plaintiff concluded that the Defendants actually downloaded the entire copyrighted video, when all Plaintiff has as evidence is a "snapshot observation." (AC ¶ 23.) This snapshot allegedly shows that the Defendants were downloading the copyrighted work—at least at that moment in time. But downloading a large file like a video takes time; and depending on a user's Internet-connection speed, it may take a long time. In fact, it may take so long the user may have terminated the download. The user may have also terminated the download for other reasons. To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for candy from a display does not automatically mean he stole it. No Court would allow a lawsuit to be filed based on that amount of evidence.

What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, an encrypted, unusable chunk of zeroes and ones. And as part of its prima facie

Supplemental Exhibits - Page 35

copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). If a download was not completed, Plaintiff's lawsuit may be deemed frivolous.

In this case, Plaintiff's reliance on snapshot evidence to establish its copyright infringement claims is misplaced. A reasonable investigation should include evidence showing that Defendants downloaded the entire copyrighted work—or at least a usable portion of a copyrighted work. Plaintiff has none of this—no evidence that Defendants completed their download, and no evidence that what they downloaded is a substantially similar copy of the copyrighted work. Thus, Plaintiff's attorney violated Rule 11(b)(3) for filing a pleading that lacks factual foundation.

### 2. *Lack of reasonable investigation of actual infringer's identity*

The second problem is more troublesome. Here, Plaintiff concluded that Benjamin Wagar is the person who illegally downloaded the copyrighted video. But Plaintiff fails to allege facts in the Amended Complaint to show how Benjamin Wagar is the infringer, other than noting his IP address, the name of his Bittorrent client, and the alleged time of download.[2] Plaintiff's December 27, 2012 Response to the Court's Order to Show Cause re Lack of Service sheds some light:

> Though the subscriber, David Wagar, remained silent, Plaintiff's investigation of his household established that Benjamin Wagar was the likely infringer of Plaintiff's copyright. As such, Plaintiff mailed its Amended Complaint to the Court naming Benjamin Wagar as the Defendant in this action. (ECF No. 14, at 2.)

The disconnect is how Plaintiff arrived at this conclusion—that the actual infringer is a member of the subscriber's household (and not the subscriber himself or anyone else)—when all it had was an IP address, the name of the Bittorrent client used, the alleged time of download, and an unresponsive subscriber.

---

[2] This analysis similarly applies in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), where Plaintiff fails to allege sufficient facts to show how Mayon Denton is the infringer.

Plaintiff's December 27, 2012 Discovery Status Report gives additional insight into Plaintiff's deductive process:

> In cases where the subscriber remains silent, Plaintiff conducts investigations to determine the likelihood that the subscriber, or someone in his or her household, was the actual infringer. . . . For example, if the subscriber is 75 years old, or the subscriber is female, it is statistically quite unlikely that the subscriber was the infringer. In such cases, Plaintiff performs an investigation into the subscriber's household to determine if there is a likely infringer of Plaintiff's copyright. . . . Plaintiff bases its choices regarding whom to name as the infringer on factual analysis. (ECF No. 15, at 24.)

The Court interprets this to mean: if the subscriber is 75 years old or female, then Plaintiff looks to see if there is a pubescent male in the house; and if so, he is named as the defendant. Plaintiff's "factual analysis" cannot be characterized as anything more than a hunch.

Other than invoking undocumented statistics, Plaintiff provides nothing to indicate that Benjamin Wagar is the infringer. While it is plausible that Benjamin Wagar is the infringer, Plaintiff's deduction falls short of the reasonableness standard required by Rule 11.

For instance, Plaintiff cannot show that Benjamin is the infringer instead of someone else, such as: David Wagar; other members of the household; family guests; or, the next door neighbor who may be leeching from the Wagars' Internet access. Thus, Plaintiff acted recklessly by naming Benjamin Wagar as the infringer based on its haphazard and incomplete investigation.

Further, the Court is not convinced that there is no solution to the problem of identifying the actual infringer. Here, since Plaintiff has the identity of the subscriber, Plaintiff can find the subscriber's home address and determine (by driving up and scanning the airwaves) whether the subscriber, (1) has Wi-Fi, and (2) has password-protected his Wi-Fi access, thereby reducing the likelihood that an unauthorized user outside the subscriber's home is the infringer. In addition, since Plaintiff is tracking a

6

number of related copyrighted videos, Plaintiff can compile its tracking data to determine whether other copyrighted videos were downloaded under the same IP address. This may suggest that the infringer is likely a resident of the subscriber's home and not a guest. And an old-fashioned stakeout may be in order: the presence of persons within the subscriber's home may be correlated with tracking data—the determination of who would have been in the subscriber's home when the download was initiated may assist in discovering the actual infringer.

Such an investigation may not be perfect, but it narrows down the possible infringers and is better than the Plaintiff's current investigation, which the Court finds involves nothing more than blindly picking a male resident from a subscriber's home. But this type of investigation requires time and effort, something that would destroy Plaintiff's business model.

The Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand. Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court—not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos.

And copyright lawsuits brought by private parties for damages are different than criminal investigations of cybercrimes, which sometimes require identification of an individual through an IP address. In these criminal investigations, a court has some guarantee from law enforcement that they will bring a case only when they actually have a case and have confidently identified a suspect. In civil lawsuits, no such guarantees are given. So, when viewed with a court's duty to serve the public interest, a plaintiff cannot be given free rein to sue anyone they wish—the plaintiff has to actually show facts supporting its allegations.

/ / /

/ / /

## C.     Local Rule 83-3 Violations

Under Local Rule 83-3, the Court possesses the power to sanction attorney misconduct, including: disposing of the matter; referring the matter to the Standing Committee on Discipline; or taking "any action the Court deems appropriate." L.R. 83-3.1.  This includes the power to fine and imprison for contempt of the Court's authority, for: (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; or, (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.  18 U.S.C. § 401.

The Court is concerned with three instances of attorney misconduct.  The first and second instances are related and concern violating the Court's discovery order. The third instance concerns possible fraud upon the Court.

### 1.     Failure to comply with the Court's discovery order

In *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012) and *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), the Court ordered Plaintiff to "cease its discovery efforts relating to or based on information obtained through any abovementioned Rule 45 subpoenas." (ECF No. 13, at 1; ECF No. 10, at 1.)  Further, Plaintiff was required to name all persons that were identified through any Rule 45 subpoenas.  (*Id.*)

Plaintiff responded on November 1, 2012, and indicated that it did not obtain any information about the subscribers in both of these cases.  (ECF No. 10, at 6–7, 10.)[3]  But in response to the Court's subsequent Orders to Show Cause, Plaintiff not only named the subscribers, but recounted its efforts to contact the subscriber and find additional information.  (ECF No. 15; ECF No. 18.)

This conduct contravenes the Court's order to cease discovery.  Plaintiff has provided no justification why it ignored the Court's order.

---

[3] This response was filed in *AF Holdings LLC v. Doe*, No. 2:12-cv-5709-ODW(JCx) (C.D. Cal. filed July 2, 2012).

Supplemental Exhibits - Page 39

### 2. Fraud on the Court

Upon review of papers filed by attorney Morgan E. Pietz, the Court perceives that Plaintiff may have defrauded the Court. (ECF No. 23.)[4] At the center of this issue is the identity of a person named Alan Cooper and the validity of the underlying copyright assignments.[5] If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems.

First, with an invalid assignment, Plaintiff has no standing in these cases. Second, by bringing these cases, Plaintiff's conduct can be considered vexatious, as these cases were filed for a facially improper purpose. And third, the Court will not idle while Plaintiff defrauds this institution.

### D. Conclusion

Accordingly, the Court hereby **ORDERS** Brett L. Gibbs, **TO SHOW CAUSE** why he should not be sanctioned for the following:

- In *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012), violating the Court's October 19, 2012 Order instructing AF Holdings to cease its discovery efforts based on information obtained through any earlier-issued subpoenas;

- In *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating the Court's October 19, 2012 Order instructing AF Holdings to cease its discovery efforts based on information obtained through any earlier-issued subpoenas;

/ / /

---

[4] Although the papers revealing this possible fraud were filed in *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012), this fraud, if true, was likely committed by Plaintiff in each of its cases before this Court.

[5] For example, in *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), Plaintiff filed a copyright assignment signed by Alan Cooper on behalf of Plaintiffs. (ECF No. 16-1.)

Supplemental Exhibits - Page 40

- In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating Rule 11(b)(2) by:
  - alleging copyright infringement based on a snapshot of Internet activity, without conducting a reasonable inquiry; or,
  - alleging that Benjamin Wagar is the infringer, without conducting a reasonable inquiry;
- In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6668-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012), violating Rule 11(b)(2) by:
  - alleging copyright infringement based on a snapshot of Internet activity, without conducting a reasonable inquiry; or,
  - alleging that Mayon Denton is the infringer, without conducting a reasonable inquiry;
- In *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012), perpetrating fraud on the Court by misappropriating the identity of Alan Cooper and filing lawsuits based on an invalid copyright assignment.

This order to show cause is scheduled for hearing on March 11, 2013, at 1:30 p.m., to provide Mr. Gibbs the opportunity to justify his conduct. Based on the unusual circumstances of this case, the Court invites Morgan E. Pietz to present evidence concerning the conduct outlined in this order. The Court declines to sanction Plaintiffs AF Holdings LLC and Ingenuity 13 LLC at this time for two reasons: (1) Mr. Gibbs appears to be closely related to or have a fiduciary interest in Plaintiffs; and; (2) it is likely Plaintiffs are devoid of assets.

If Mr. Gibbs or Mr. Pietz so desire, they each may file by February 19, 2013, a brief discussing this matter. The Court will also welcome the appearance of Alan Cooper—to either confirm or refute the fraud allegations.

Based on the evidence presented at the March 11, 2013 hearing, the Court will consider whether sanctions are appropriate, and if so, determine the proper

punishment. This may include a monetary fine, incarceration, or other sanctions sufficient to deter future misconduct. Failure by Mr. Gibbs to appear will result in the automatic imposition of sanctions along with the immediate issuance of a bench warrant for contempt.

**IT IS SO ORDERED.**

February 7, 2012

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

# Exhibit B

# Contact Report

## Tony Saltmarsh

Report Expiration
July 30, 2013

| | |
|---|---|
| *Name* | Tony Saltmarsh |
| *Age* | 28 |
| *Date of Birth* | 1/17/1985 |
| *Phone Number* | N/A |
| *Additional Phone Numbers* | 603-224-4510, 601-848-5514 |
| *Most Recent Address* | 314 W Monte Cristo Ave, Phoenix, AZ 85023-7420 |
| *Aliases/Name Variations* | Anthony J Saltmarsh |

---

**Email:**

| | |
|---|---|
| b****@comcast.net | **Tony Saltmarsh**<br>122 Bow Bog Road<br>Bow, NH 03304 |
| b****@attbi.com | **Tony Saltmarsh**<br>122 Bow Bog Road<br>Bow, NH 03304 |
| b****@aol.com | **Tony Saltmarsh**<br>122 Bow Bog Road<br>Bow, NH 03304 |
| b****@attbi.com | **Tony Saltmarsh**<br>122 Bow Bog Road<br>Bow, NH 03304 |
| b****@attbi.com | **Tony Saltmarsh**<br>122 Bow Bog Road<br>Bow, NH 03304<br>601-848-5514 |
| b****@comcast.net | **Tony Saltmarsh**<br>122 Bow Bog Rd<br>Bow, NH 03304-3902 |
| b****@attb1.com | **Tony Saltmarsh**<br>122 Bow Bog Rd<br>Bow, NH 03304-3902 |
| b****@geocities.com | **Tony Saltmarsh**<br>122 Bow Bog Rd<br>Bow, NH 03304-3902 |
| t****@msn.com | **Tony Saltmarsh**<br>122 Bow Bog Rd<br>Bow, NH 03304-3902 |

---

**4 addresses were found**

| Address | City, State, Zip | Phone | Added | Updated |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 314 W Monte Cristo Ave | Phoenix, AZ 85023-7420 | | 7/2011 | 7/2011 |
| 4532 E Villa Theresa Dr | Phoenix, AZ 85032-1554 | | 4/2009 | 4/2009 |
| 17212 N Scottsdale Rd, Apt 2312 | Scottsdale, AZ 85255-9615 | | 2/2007 | 9/2007 |
| 122 Bow Bog Rd | Bow, NH 03304-3902 | 603-224-4510 | | 2007 |

## Possible Relatives

Possible relatives are people who are likely relatives of Tony Saltmarsh based on matching surname and shared addresses. Please note that this will not include all relatives.

**5 possible relatives were found**

**Aaron A Saltmarsh**
**Alexander W Saltmarsh**
**Brandy Eileen Saltmarsh**
**Davis**
**Stephanie L Edwards**
**Name**                                          Age  Address

# Exhibit C

# Contact Report

**Jayme C Steele**

Report Expiration
July 30, 2013

---

| | |
|---|---|
| *Name* | Jayme C Steele |
| *Age* | 35 |
| *Date of Birth* | 3/30/1977 |
| *Phone Number* | 320-592-0011 |
| *Additional Phone Numbers* | 702-223-5209, 952-903-5343 |
| *Most Recent Address* | 314 W Monte Cristo Ave, Phoenix, AZ 85023-7420 |
| *Aliases/Name Variations* | Jamey Steele |

---

### 14 addresses were found

| Address Added Updated | City, State, Zip | Phone |
|---|---|---|
| 314 W Monte Cristo Ave<br>7/2011    7/2011 | Phoenix, AZ 85023-7420 | |
| 21251 220th St<br>6/2005    11/2006 | Mc Grath, MN 56350-4117 | 320-592-0011 |
| 3743 Irvington Ave<br>2/2000    12/2005 | Miami, FL 33133-6105 | |
| 7641 128th St W<br>12/1995 | Saint Paul, MN 55124-9767 | |
| 21468 E Bonanza Way | Queen Creek, AZ 85142-3291 | |
| 21067 220th St | Mc Grath, MN 56350-4019 | 320-592-0011 |
| 4532 E Villa Theresa Dr | Phoenix, AZ 85032-1554 | |

| | | |
|---|---|---|
| 4404 Sandhorse Ct | Las Vegas, NV 89130-5212 | 702-223-5209 |
| 222 Zamora Ave, Apt 7 | Coral Gables, FL 33134-3930 | |
| 7511 Bristol Village Dr | Minneapolis, MN 55438-2562 | 952-903-5343 |
| 3160 Florida Ave | Miami, FL 33133-5113 | |
| 824 Jefferson Ave | Miami Beach, FL 33139-5632 | |
| 5533 Lagorce Dr | Miami Beach, FL 33140-2137 | |

## Possible Relatives

Possible relatives are people who are likely relatives of Jayme C Steele based on matching surname and shared addresses. Please note that this will not include all relatives.

**4 possible relatives were found**

**Deborah A Steele**
**Elizabeth N Steele**
**John Lawrence Steele Jr**
**John L J Steel**
**Name**                                             **Age  Address**

# Exhibit D

# VPR INC.

## Business Entity Information

| Status: | Default | File Date: | 11/9/2010 |
|---|---|---|---|
| Type: | Domestic Corporation | Entity Number: | E0540532010-2 |
| Qualifying State: | NV | List of Officers Due: | 11/30/2012 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20101804310 | Business License Exp: | 11/30/2012 |

## Registered Agent Information

| Name: | SPIEGEL & UTRERA, P.A. | Address 1: | 1785 EAST SAHARA AVENUE, SUITE 490 |
|---|---|---|---|
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89104 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

## Financial Information

| No Par Share Count: | 0 | Capital Amount: | $ 75,000.00 |
|---|---|---|---|
| Par Share Count: | 75,000.00 | Par Share Value: | $ 1.00 |

## Officers

☐ Include Inactive Officers

| President - ALAN COOPER | | | |
|---|---|---|---|
| Address 1: | 4532 EAST VILLA THERESA DR | Address 2: | |
| City: | PHOENIX | State: | AZ |
| Zip Code: | 85032 | Country: | |
| Status: | Active | Email: | |

| Secretary - ALAN COOPER | | | |
|---|---|---|---|
| Address 1: | 4532 EAST VILLA THERESA DR | Address 2: | |
| City: | PHOENIX | State: | AZ |
| Zip Code: | 85032 | Country: | |
| Status: | Active | Email: | |

| Treasurer - ALAN COOPER | | | |
|---|---|---|---|
| Address 1: | 4532 EAST VILLA THERESA DR | Address 2: | |
| City: | PHOENIX | State: | AZ |
| Zip Code: | 85032 | Country: | |
| Status: | Active | Email: | |

| Director - ALAN COOPER | | | |
|---|---|---|---|
| Address 1: | 4532 EAST VILLA THERESA DR | Address 2: | |
| City: | PHOENIX | State: | AZ |
| Zip Code: | 85032 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | 20100841806-90 | # of Pages: | 4 |
| File Date: | 11/9/2010 | Effective Date: | |
| Initial Stock Value: Par Value Shares: 75,000 Value: $ 1.00 No Par Value Shares: 0 ------------------------------------------------------------------------ Total Authorized Capital: $ 75,000.00 | | | |

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20100868226-35 | # of Pages: | 1 |
| File Date: | 11/17/2010 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20120252442-44 | # of Pages: | 1 |
| File Date: | 4/10/2012 | Effective Date: | |
| (No notes for this action) | | | |

# EXHIBIT T



**Search** Domain or keyword            [ GO ]  |  Login

| Domain Names | Web Hosting | Email Hosting | Website Tools | Domain Tools |

Copyright POLO DOMAINS 2011.

Privacy Statement | Terms | Limits | Domain Generator | Domain Reseller | Cheap Domains

NOTISSUES.COM : tissues (en) no (en)

**Share Your Experience.**
Leave a comment about this Website ▾

**Nameserver Histroy**
DB: 53 : Wednesday 30 March 2011 (Old Record)
NS63.DOMAINCONTROL.COM (972893)
NS64.DOMAINCONTROL.COM (970180)
DB: 94 : Thursday 7 June 2012 >>> **NOW**
No records for this period
Domain may have expired or is not assigned nameservers

**DNS record history**
No DNS record data yet, this domain has been queued for checking (Should be an hour or so)

---------------------------
Whois on 17-April-2011
Refresh Data

[ Click here to remove whois data ]

---------------------------

Whois Server Version 2.0

--SI-VSCompRegistrars---

    Domain Name: NOTISSUES.COM
    Registrar: godaddy.com, inc.
    Whois Server: whois.godaddy.com
    Referral URL: http://registrar.godaddy.com
    Name Server: NS63.DOMAINCONTROL.COM
    Name Server: NS64.DOMAINCONTROL.COM
    Status: clientDeleteProhibited
    Status: clientRenewProhibited
    Status: clientTransferProhibited
    Status: clientUpdateProhibited
    Updated Date: 24-mar-2011
    Creation Date: 24-mar-2011
    Expiration Date: 24-mar-2012

**$0.99 Domains at Go Daddy**
GoDaddy.com
Why Pay More? Compare Us! Free Hosting
w/Site Builder & More.

AdChoices ▷

```
        >>> Last update of whois database: Sat, 16 Apr 2011 22:43:37 UTC <<<



        --SI-VSNotice---



        --SI-VSTerms---


        --SI-GDDDisclaimer---



        --SI-GDDnotRegistrant---



    Registrant:
        Alan Cooper
        4532 E Villa Theresa Dr.
        Phoenix, Arizona 85032
        United States


        Registered through: godaddy.com, inc. (http://www.godaddy.com)
        Domain Name: NOTISSUES.COM
            Created on: 24-Mar-11
            Expires on: 24-Mar-12
            Last Updated on: 24-Mar-11


        Administrative Contact:
                                  johnlsteele@gmail.com
            Cooper, Alan
            4532 E Villa Theresa Dr.
            Phoenix, Arizona 85032
            United States
            4806489301      Fax --


        Technical Contact:
                                  johnlsteele@gmail.com
            Cooper, Alan
            4532 E Villa Theresa Dr.
            Phoenix, Arizona 85032
            United States
            4806489301      Fax --


        Domain servers in listed order:
            NS63.DOMAINCONTROL.COM
            NS64.DOMAINCONTROL.COM



        ----------------------------
```

Commenter's name

(Your Name)

Comment Subject

Comment Body

Submit

No comments yet.

# EXHIBIT U

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

GUAVA LLC,                            )
                                      )
        Petitioner,                   )       No. 12 M R 417
                                      )
    v.                                )
                                      )
COMCAST CABLE COMMUNICATIONS, LLC,    )
                                      )
        Respondent.                   )
                                      )

FILED
ST. CLAIR COUNTY

NOV 20 2012

Kahului a. Dixon
CIRCUIT CLERK

### PETITION FOR DISCOVERY BEFORE SUIT TO IDENTIFY RESPONSIBLE PERSONS AND ENTITIES

1.      Petitioner, Guava LLC, through its undersigned attorney, hereby petitions this Court for entry of an Order requiring Comcast Cable Communications LLC ("Comcast") to provide the identifying information of the subscribers associated with the Internet Protocol ("IP") addresses listed on Exhibit A attached hereto, and in support thereof, states as follows:

### NATURE OF THE ACTION

2.      Petitioner brings this petition pursuant to Illinois Supreme Court Rule 224 to identify unidentified John Does ("Does") so that Petitioner may file an action for computer fraud and abuse and computer tampering against them.

### THE PARTIES

3.      Petitioner is a limited liability company that operates protected computer systems, including computer systems accessible in St. Clair County, Illinois.

4.      Respondent Comcast Cable Communications, LLC ("Comcast") is an Internet Service Provider ("ISP") that provides Internet services to the Does that Petitioner seeks to identify. Does are known to Petitioner solely by an Internet Protocol ("IP") address given to

1

Does by Comcast. An IP address is a unique number that is assigned to Internet users by an ISP at a given date and time.

5.    Comcast records the time and date that it assigns an IP address to a subscriber and maintains in logs for a period of time a record of the assignment. Comcast also maintain records which typically include the name, one or more addresses, one or more telephone numbers, and one or more e-mail addresses of the subscriber.  However, these records are not public and are not available to Petitioner at this time.  Comcast is the only entity that can link the Does' IP address to the Does' true identity.

## JURISDICTION AND VENUE

6.    Pursuant to 134 Ill. 2d R. 224 "[t]he action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides." Venue is proper because at least one of the Doe Defendants resides in St. Clair County, Illinois. Further, Comcast transacts business in St. Clair County, Illinois.

7.    This Court has subject matter jurisdiction over this matter because a petition for pre-suit discovery falls within the exclusive original jurisdiction of the Circuit Court. Ill. Const., Art. VI, § 9; 134 Ill. 2d R. 224; *see also Shutes v. Fowler*, 584 N.E.2d 920, 923 (Ill. App. Ct. 1991) ("Rule 224 is constitutional and confers subject-matter jurisdiction on the circuit court.")

## BACKGROUND

8.    Hacking has become a serious threat to anyone maintaining private or protected computer systems. *See* Michael Mimoso, *Cybercrime Gang Recruiting Botmasters for Large-Scale MiTM Attacks on American Banks*, THE THREAT POST, Oct. 4, 2012, attached hereto as Exhibit B (explaining that "[a]s many as 30 banks have been targeted" recently by cyber

2

hackers.); Bryon Acohido, *No Slowdown in Sight for Cyberattacks*, USA TODAY, July 30, 2012, attached hereto as Exhibit C (Eddie Schwartz, chief security officer of security firm RSA stating that "[i]t's easier and safer for a criminal to steal money from an online bank account, rather than have to walk into a bank — or to steal intellectual property in an online setting, rather than have to send in a human spy.").

9.     Even large corporations and governmental agencies are not immune from hacking attacks. *See* Kim Zetter, *Hackers Release 1 Million Apple Device IDs Allegedly Stolen From FBI Laptop*, WIRED, Sept. 4, 2012, attached hereto as Exhibit D (explaining that a hacker group obtained "1 million Apple device IDs that" were "obtained from an FBI computer they hacked.").

10.     Companies harmed by hacking are encouraged to seek relief in the courts. *See* Glenn Chapman, *Cyber Defenders Urges to go on the Offense*, AMERICAN FREE PRESS, July 26, 2012, attached hereto as Exhibit E (former FBI cyber crime unit chief Shawn Henry explaining that "I believe the threat from computer network attack is the most significant threat we face as a civilized world, other than a weapon of mass destruction." and Black Hat founder Jeff Moss proposing that "cyber attackers also be fought on legal fronts, with companies taking suspected culprits to court.").

## FACTUAL ALLEGATIONS

### A. Computer Fraud And Abuse

11.     Plaintiff owns and operates computer systems that distribute third-party adult entertainment content. By way of analogy, Plaintiff is like a satellite radio station in that it distributes content owned by others. Plaintiff generates revenue by requiring third-parties to pay

3

a fee for accessing its distributions systems. Members are assigned a username and password in order to access the distribution system.

12.    The Does obtained usernames and passwords from a website that allows its members to trade stolen usernames and passwords amongst one another. The Does used the stolen usernames and passwords to gain unauthorized access to Plaintiff's protected computer systems. Once they gained unauthorized access to Plaintiff's protected computer systems, they permitted others to do the same.

13.    The Does were able to access Plaintiff's computer systems as though they were paying members. The Does became privy to private information, including information regarding the identities of Plaintiff's customers, account information, financial information, computer programming and security information, and other information that Plaintiff protects and does not even give access to third parties, even those who pay for and obtain legitimate passwords to access Plaintiff's websites.

14.    Since Does accessed the website through a hacked password, they are not required to provide any identifying personal information, such as their true names, addresses, telephone numbers or email addresses. Does can only be identified by their IP addresses.

15.    Petitioner identified the IP addresses associated with the hackers through computer software that allowed Petitioner to detect the unauthorized breaches of its computer systems. The computer software detected the hacking, unauthorized access, and password sharing activity on Petitioner's computer systems. The individuals committing these unlawful activities are identified by their IP addresses as well as the dates and times they unlawfully accessed Petitioner's computer systems. This information is set forth in Exhibit A.

4

16.     Once the IP address and date and time of unlawful access were ascertained, Petitioner used publicly available reverse-lookup databases on the Internet to determine what ISP issued the IP address. The Does Petitioner seeks to identify through this petition are all subscribers of Comcast.

17.     Petitioner has suffered a loss due to the Does fraud and abuse of Petitioner's computer systems in excess of $250,000. Petitioner has suffered a loss in the form of 1) costs associated with detecting the unauthorized breaches and identifying the IP addresses of those associated, 2) costs associated with restoring its computer systems to their condition prior to the breach of its computer systems and preventing future breaches, and 3) lost revenue and costs incurred due to interruption of service.

18.     The above alleged facts support a claim of computer fraud and abuse by Petitioner against the Does under 18 U.S.C. § 1030.[1]

**B. Computer Tampering**

19.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

20.     The Does knowingly, and without the authorization of Petitioner, accessed Petitioner's computer systems.

21.     Once the Does gained unauthorized access, they knowingly, and without the authorization of Petitioner, obtained data and services as though they were paying members.

22.     Petitioner has suffered a loss due to the Does unauthorized tampering of Petitioner's computer systems in excess of $250,000. Petitioner has suffered a loss in the form of 1) costs associated with detecting the unauthorized breaches and identifying the IP addresses of

---

[1] A private right of action exists under the Act under 18 U.S.C. § 1030(g).

29.     Petitioner has a right to the relief sought in order to identify the unknown Does, which is a condition precedent to Petitioner filing an action against the Does, who will be defendants.

30.     The discovery sought is material to Petitioner's anticipated actions at law.

**WHEREFORE**, Petitioner respectfully requests that the Court enter a judgment:

(A)     Entering an Order requiring Comcast to turn over the following identifying information of the subscribers associated with the IP addresses listed on Exhibit A, attached hereto:

- True Name;

- Address;

- Telephone Number;

- E-mail Address; and

- Media Access Control Address.

(B)     Granting Petitioner further relief as this Court deems just and proper.

Respectfully submitted,

GUAVA LLC

DATED: November 16, 2012

By:     _____

Paul A. Duffy, Esq. (Bar No. 6210496)
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
312-952-6136
*Attorney for Petitioner*

7

By: _____

Kevin T. Hoerner, #6196686
Becker, Paulson, Hoerner &
Thompson, P.C.
5111 West Main Street
Belleville, IL 62226
(618) 235-0020
Attorney for Petitioner

8

## VERIFICATION

Under penalties of perjury as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believe the same to be true.

_____
Alan Moay – Declarant

SUBSCRIBED and SWORN TO
Before Me This _____ day of __November__, 2012.

_____
Notary Public

# EXHIBIT A

| IP Address | Date/Time (UTC) |
|---|---|
| 173.9.253.149 | 2012-10-05 01:12:01 |
| 23.25.47.84 | 2012-11-15 13:58:19 |
| 24.1.107.63 | 2012-08-10 21:11:53 |
| 24.1.141.155 | 2012-10-15 21:51:01 |
| 24.1.175.233 | 2012-10-08 04:06:10 |
| 24.1.191.211 | 2012-10-10 20:19:24 |
| 24.1.75.199 | 2012-11-15 09:33:40 |
| 24.1.95.156 | 2012-10-11 23:25:46 |
| 24.1.98.146 | 2012-08-03 05:28:23 |
| 24.12.113.158 | 2012-08-14 02:10:08 |
| 24.12.116.87 | 2012-10-11 19:14:53 |
| 24.12.160.43 | 2012-11-05 02:35:08 |
| 24.12.160.5 | 2012-11-12 22:09:42 |
| 24.12.17.76 | 2012-08-16 17:12:21 |
| 24.12.215.82 | 2012-11-06 15:25:41 |
| 24.12.235.189 | 2012-10-29 22:09:33 |
| 24.12.255.78 | 2012-11-01 04:26:30 |
| 24.12.30.72 | 2012-10-03 13:21:19 |
| 24.12.9.239 | 2012-08-06 23:35:11 |
| 24.13.103.83 | 2012-10-26 22:00:56 |
| 24.13.118.250 | 2012-10-10 22:09:37 |
| 24.13.137.179 | 2012-11-15 09:25:17 |
| 24.13.161.156 | 2012-10-25 12:50:30 |
| 24.13.172.38 | 2012-11-01 21:27:57 |
| 24.13.178.197 | 2012-10-01 00:32:51 |
| 24.13.187.100 | 2012-08-11 01:23:45 |
| 24.13.235.108 | 2012-08-14 18:29:03 |
| 24.13.59.132 | 2012-09-15 10:35:30 |
| 24.14.103.125 | 2012-09-18 15:50:10 |
| 24.14.116.211 | 2012-09-13 17:10:10 |
| 24.14.122.52 | 2012-08-09 14:14:22 |
| 24.14.13.193 | 2012-10-10 13:23:41 |
| 24.14.130.85 | 2012-10-06 16:43:11 |
| 24.14.162.27 | 2012-08-20 23:02:49 |
| 24.14.168.183 | 2012-09-29 13:46:42 |
| 24.14.175.98 | 2012-10-18 21:42:55 |
| 24.14.188.2 | 2012-10-31 22:18:00 |
| 24.14.191.2 | 2012-10-30 03:48:51 |
| 24.14.191.209 | 2012-10-25 18:28:44 |
| 24.14.211.234 | 2012-10-10 21:26:49 |
| 24.14.22.26 | 2012-09-15 20:12:28 |
| 24.14.226.226 | 2012-10-03 04:24:19 |
| 24.14.50.22 | 2012-09-13 23:57:01 |
| 24.15.0.234 | 2012-11-09 17:41:30 |
| 24.15.108.237 | 2012-11-04 07:50:59 |
| 24.15.188.130 | 2012-10-29 20:50:23 |

| | |
|---|---|
| 24.15.194.37 | 2012-11-09 01:53:56 |
| 24.15.21.54 | 2012-10-09 16:48:00 |
| 24.15.225.33 | 2012-11-08 05:47:49 |
| 24.15.29.44 | 2012-11-12 20:33:39 |
| 24.15.48.154 | 2012-11-06 01:50:48 |
| 24.15.94.96 | 2012-10-15 07:11:54 |
| 24.63.77.213 | 2012-10-01 17:55:01 |
| 24.7.197.117 | 2012-09-30 05:49:20 |
| 24.7.199.112 | 2012-09-16 19:54:04 |
| 24.7.214.221 | 2012-11-02 16:43:02 |
| 50.129.14.36 | 2012-10-16 20:32:04 |
| 50.129.252.207 | 2012-09-28 01:28:10 |
| 50.129.68.62 | 2012-09-29 13:00:56 |
| 50.129.69.141 | 2012-10-19 11:33:31 |
| 50.129.92.32 | 2012-10-24 20:34:18 |
| 50.140.131.57 | 2012-10-06 19:29:04 |
| 50.140.165.240 | 2012-09-21 01:02:25 |
| 50.140.169.244 | 2012-09-23 13:48:02 |
| 50.140.178.114 | 2012-10-05 03:32:14 |
| 50.141.173.240 | 2012-09-30 18:56:59 |
| 50.141.215.254 | 2012-09-30 00:45:57 |
| 50.141.247.73 | 2012-10-05 03:51:20 |
| 50.141.254.153 | 2012-11-09 02:38:17 |
| 50.77.161.249 | 2012-10-03 20:15:25 |
| 67.162.108.239 | 2012-10-09 12:08:40 |
| 67.162.29.173 | 2012-09-26 02:13:33 |
| 67.162.29.246 | 2012-10-08 23:51:27 |
| 67.162.38.22 | 2012-10-08 01:06:19 |
| 67.162.39.33 | 2012-09-27 13:25:24 |
| 67.162.47.179 | 2012-08-20 18:58:39 |
| 67.162.51.34 | 2012-08-10 03:26:21 |
| 67.162.81.65 | 2012-10-30 14:04:44 |
| 67.163.4.99 | 2012-09-26 04:31:30 |
| 67.163.69.45 | 2012-10-03 10:46:07 |
| 67.163.76.75 | 2012-08-01 06:48:44 |
| 67.163.89.166 | 2012-09-27 01:01:52 |
| 67.163.9.43 | 2012-11-04 11:15:13 |
| 67.165.167.146 | 2012-10-16 00:51:08 |
| 67.165.178.74 | 2012-10-27 02:43:29 |
| 67.165.179.58 | 2012-08-01 16:00:53 |
| 67.165.182.136 | 2012-10-06 17:09:50 |
| 67.165.183.182 | 2012-09-29 07:28:18 |
| 67.167.112.222 | 2012-10-24 21:51:26 |
| 67.167.13.9 | 2012-10-22 16:02:08 |
| 67.167.13.99 | 2012-09-29 06:57:11 |
| 67.167.18.189 | 2012-11-10 00:01:59 |
| 67.167.210.178 | 2012-11-15 06:40:40 |

| | |
|---|---|
| 67.167.246.116 | 2012-10-24 08:07:08 |
| 67.173.104.228 | 2012-10-10 05:53:29 |
| 67.173.113.134 | 2012-11-12 15:13:13 |
| 67.173.142.217 | 2012-10-09 00:52:13 |
| 67.173.41.116 | 2012-09-25 14:53:13 |
| 67.173.67.242 | 2012-10-13 21:41:46 |
| 67.173.71.42 | 2012-09-13 04:21:13 |
| 67.173.81.33 | 2012-10-08 14:16:06 |
| 67.173.94.229 | 2012-08-16 01:30:21 |
| 67.174.12.22 | 2012-08-08 17:41:23 |
| 67.174.24.44 | 2012-10-26 13:22:10 |
| 67.174.3.197 | 2012-09-23 02:06:36 |
| 67.174.7.214 | 2012-08-08 15:14:57 |
| 67.175.164.253 | 2012-10-10 23:57:29 |
| 67.175.167.179 | 2012-10-31 02:41:14 |
| 67.175.201.238 | 2012-11-09 17:08:21 |
| 67.175.219.14 | 2012-11-15 02:16:55 |
| 67.175.225.135 | 2012-10-17 07:27:02 |
| 67.175.34.7 | 2012-11-01 16:02:32 |
| 67.175.45.113 | 2012-09-22 20:19:53 |
| 67.175.62.183 | 2012-11-12 17:17:26 |
| 67.175.64.86 | 2012-10-23 16:29:14 |
| 67.175.7.224 | 2012-11-07 07:46:26 |
| 67.176.150.212 | 2012-09-24 03:23:17 |
| 67.176.153.52 | 2012-11-09 18:34:34 |
| 67.176.182.107 | 2012-10-28 20:20:16 |
| 67.184.1.244 | 2012-11-08 22:58:08 |
| 67.184.166.20 | 2012-08-10 23:48:18 |
| 67.184.177.95 | 2012-11-12 15:21:08 |
| 67.184.228.60 | 2012-09-21 04:12:43 |
| 67.184.24.103 | 2012-11-10 04:21:16 |
| 67.184.86.237 | 2012-11-04 02:24:27 |
| 67.186.127.41 | 2012-11-15 02:16:52 |
| 67.186.83.184 | 2012-10-05 17:56:05 |
| 67.186.86.5 | 2012-10-19 19:12:46 |
| 67.186.92.192 | 2012-11-12 22:33:48 |
| 68.51.99.159 | 2012-09-23 01:22:07 |
| 68.57.197.175 | 2012-10-18 04:18:36 |
| 68.57.219.140 | 2012-08-18 17:37:38 |
| 68.57.231.126 | 2012-10-07 11:33:01 |
| 68.57.233.25 | 2012-10-14 05:51:31 |
| 68.58.155.157 | 2012-10-29 22:23:38 |
| 68.58.68.84 | 2012-08-18 21:48:40 |
| 69.136.14.225 | 2012-11-12 15:47:21 |
| 69.136.9.65 | 2012-10-24 07:20:53 |
| 69.245.251.141 | 2012-10-27 04:19:52 |
| 69.246.215.8 | 2012-10-30 21:55:53 |

| | |
|---|---|
| 69.246.223.186 | 2012-11-05 04:52:55 |
| 71.194.120.21 | 2012-10-21 20:48:17 |
| 71.194.120.232 | 2012-09-16 16:34:15 |
| 71.194.185.170 | 2012-09-15 16:52:26 |
| 71.194.189.101 | 2012-11-10 00:36:23 |
| 71.194.248.8 | 2012-10-22 09:13:14 |
| 71.194.47.68 | 2012-09-28 02:50:38 |
| 71.194.6.203 | 2012-08-27 16:48:55 |
| 71.194.75.167 | 2012-11-05 01:09:28 |
| 71.194.76.21 | 2012-08-05 20:56:20 |
| 71.194.86.35 | 2012-10-01 17:33:32 |
| 71.201.196.162 | 2012-08-02 05:41:49 |
| 71.201.20.218 | 2012-10-16 08:51:40 |
| 71.201.200.210 | 2012-10-05 03:15:45 |
| 71.201.225.111 | 2012-09-24 03:38:27 |
| 71.201.240.10 | 2012-10-13 15:30:35 |
| 71.201.48.224 | 2012-08-05 04:48:50 |
| 71.201.53.217 | 2012-10-19 01:41:29 |
| 71.201.68.61 | 2012-11-08 14:55:02 |
| 71.228.2.201 | 2012-08-09 15:27:28 |
| 71.228.2.27 | 2012-11-06 21:05:50 |
| 71.228.23.118 | 2012-08-13 23:57:58 |
| 71.228.23.45 | 2012-08-15 20:52:23 |
| 71.229.73.180 | 2012-09-17 04:52:21 |
| 71.229.75.58 | 2012-08-28 16:18:05 |
| 71.239.129.20 | 2012-08-09 15:50:26 |
| 71.239.186.221 | 2012-08-14 16:30:32 |
| 71.239.187.67 | 2012-10-03 22:10:53 |
| 71.239.253.249 | 2012-09-19 06:31:04 |
| 71.239.27.180 | 2012-11-06 19:47:59 |
| 71.239.43.67 | 2012-11-10 07:08:51 |
| 71.239.44.253 | 2012-10-02 03:15:55 |
| 71.239.55.92 | 2012-11-10 08:21:48 |
| 71.239.61.141 | 2012-09-13 17:28:55 |
| 71.239.90.45 | 2012-09-29 20:11:30 |
| 71.57.3.17 | 2012-09-30 00:57:42 |
| 71.57.33.24 | 2012-10-21 15:16:46 |
| 71.57.44.80 | 2012-08-04 04:01:00 |
| 71.57.63.157 | 2012-08-20 01:27:27 |
| 71.57.92.76 | 2012-10-07 21:38:42 |
| 75.150.227.205 | 2012-10-23 15:58:01 |
| 76.16.1.11 | 2012-10-04 01:11:17 |
| 76.16.189.233 | 2012-11-09 18:53:22 |
| 76.16.213.19 | 2012-08-14 04:18:29 |
| 76.16.243.52 | 2012-10-24 12:58:31 |
| 76.16.255.164 | 2012-09-09 03:56:24 |
| 76.23.65.126 | 2012-08-15 22:42:40 |

| | |
|---|---|
| 76.23.68.15 | 2012-11-15 05:12:32 |
| 76.23.78.180 | 2012-11-03 08:32:20 |
| 76.29.26.158 | 2012-09-26 05:47:06 |
| 76.29.32.36 | 2012-08-11 06:27:26 |
| 76.29.35.172 | 2012-10-26 16:22:59 |
| 76.29.36.240 | 2012-11-01 16:17:39 |
| 76.29.44.43 | 2012-10-25 20:40:39 |
| 76.29.53.56 | 2012-10-15 14:40:17 |
| 76.29.63.21 | 2012-10-11 01:13:57 |
| 76.29.79.47 | 2012-10-01 04:11:21 |
| 76.29.97.30 | 2012-11-09 16:11:12 |
| 98.193.110.119 | 2012-10-01 22:52:43 |
| 98.193.41.242 | 2012-09-19 09:48:45 |
| 98.193.9.222 | 2012-10-01 02:38:37 |
| 98.206.106.234 | 2012-10-13 05:49:43 |
| 98.206.11.227 | 2012-11-15 15:49:25 |
| 98.206.118.16 | 2012-10-27 20:04:04 |
| 98.206.198.204 | 2012-08-31 23:26:45 |
| 98.206.227.66 | 2012-08-10 19:49:36 |
| 98.206.231.28 | 2012-08-03 19:26:19 |
| 98.206.245.122 | 2012-09-28 18:36:23 |
| 98.206.38.123 | 2012-10-11 22:26:06 |
| 98.206.40.164 | 2012-08-07 20:23:47 |
| 98.206.44.107 | 2012-08-21 16:56:35 |
| 98.206.48.241 | 2012-10-21 19:53:30 |
| 98.206.98.9 | 2012-11-14 09:11:24 |
| 98.212.11.69 | 2012-11-01 04:15:20 |
| 98.212.135.39 | 2012-11-03 21:02:29 |
| 98.212.155.105 | 2012-11-02 15:15:09 |
| 98.212.190.193 | 2012-09-26 02:18:32 |
| 98.212.196.209 | 2012-10-04 07:07:31 |
| 98.212.197.162 | 2012-08-27 00:32:19 |
| 98.212.220.251 | 2012-09-20 17:56:12 |
| 98.212.227.110 | 2012-08-02 21:56:21 |
| 98.212.36.159 | 2012-10-21 22:48:49 |
| 98.212.49.254 | 2012-08-18 18:23:38 |
| 98.212.62.146 | 2012-08-06 23:57:41 |
| 98.213.105.3 | 2012-09-14 00:03:10 |
| 98.213.108.128 | 2012-10-06 06:18:33 |
| 98.213.127.203 | 2012-08-24 02:07:41 |
| 98.213.129.83 | 2012-10-25 02:07:33 |
| 98.213.154.107 | 2012-10-08 06:29:27 |
| 98.213.161.246 | 2012-08-22 00:48:41 |
| 98.213.177.66 | 2012-10-23 11:42:38 |
| 98.213.182.122 | 2012-10-07 16:34:40 |
| 98.213.192.42 | 2012-09-23 17:08:44 |
| 98.213.208.66 | 2012-10-12 02:52:53 |

| | |
|---|---|
| 98.213.210.20 | 2012-09-27 22:32:13 |
| 98.213.227.230 | 2012-09-26 19:38:57 |
| 98.213.232.172 | 2012-08-06 10:03:47 |
| 98.213.38.72 | 2012-11-15 02:17:04 |
| 98.213.47.27 | 2012-11-13 00:06:40 |
| 98.213.51.85 | 2012-08-15 22:37:53 |
| 98.213.88.34 | 2012-09-30 03:04:53 |
| 98.213.93.81 | 2012-10-06 19:45:37 |
| 98.214.161.8 | 2012-10-27 02:45:40 |
| 98.214.170.43 | 2012-10-15 20:48:28 |
| 98.214.217.213 | 2012-08-09 19:50:51 |
| 98.215.116.187 | 2012-11-10 02:16:37 |
| 98.215.210.179 | 2012-11-05 07:06:52 |
| 98.215.212.122 | 2012-11-07 23:36:50 |
| 98.215.224.142 | 2012-08-03 05:01:51 |
| 98.215.227.45 | 2012-09-12 21:12:58 |
| 98.215.249.197 | 2012-10-17 22:15:23 |
| 98.215.32.36 | 2012-09-24 22:44:02 |
| 98.215.35.193 | 2012-09-12 13:30:14 |
| 98.215.54.93 | 2012-11-01 16:47:25 |
| 98.215.77.122 | 2012-09-29 20:47:48 |
| 98.215.86.225 | 2012-10-28 06:34:41 |
| 98.222.132.14 | 2012-09-21 19:32:16 |
| 98.222.55.252 | 2012-10-30 01:50:09 |
| 98.222.65.129 | 2012-08-14 15:59:40 |
| 98.222.74.155 | 2012-09-25 05:08:52 |
| 98.222.75.251 | 2012-11-12 22:59:38 |
| 98.222.90.191 | 2012-10-19 22:21:05 |
| 98.223.10.117 | 2012-11-06 18:58:02 |
| 98.223.168.201 | 2012-11-07 17:28:16 |
| 98.223.212.218 | 2012-10-02 00:37:03 |
| 98.223.3.225 | 2012-09-27 17:30:21 |
| 98.223.8.13 | 2012-10-07 01:27:37 |
| 98.223.8.234 | 2012-10-01 18:54:24 |
| 98.223.89.194 | 2012-08-01 14:56:54 |
| 98.226.118.15 | 2012-08-23 16:26:46 |
| 98.226.17.78 | 2012-10-12 13:41:22 |
| 98.226.211.151 | 2012-11-10 05:25:37 |
| 98.226.68.25 | 2012-09-22 02:36:51 |
| 98.227.107.209 | 2012-11-04 05:50:12 |
| 98.227.107.24 | 2012-11-08 00:33:57 |
| 98.227.110.118 | 2012-11-08 06:48:20 |
| 98.227.134.132 | 2012-10-22 16:04:40 |
| 98.227.137.60 | 2012-09-27 09:04:14 |
| 98.227.146.114 | 2012-11-01 02:10:16 |
| 98.227.166.161 | 2012-10-27 21:42:55 |
| 98.227.220.235 | 2012-10-11 01:24:35 |

| | |
|---|---|
| 98.227.221.131 | 2012-09-25 16:18:04 |
| 98.227.240.143 | 2012-10-17 18:26:10 |
| 98.227.36.247 | 2012-11-05 15:18:21 |
| 98.227.93.145 | 2012-09-27 08:35:27 |
| 98.228.138.109 | 2012-10-30 12:22:08 |
| 98.228.179.208 | 2012-08-20 15:23:41 |
| 98.228.196.35 | 2012-10-02 22:55:42 |
| 98.228.214.119 | 2012-11-12 21:38:02 |
| 98.228.231.69 | 2012-10-30 04:26:13 |
| 98.228.239.222 | 2012-08-10 01:41:49 |
| 98.228.245.111 | 2012-10-19 00:40:11 |
| 98.228.50.64 | 2012-09-29 03:53:02 |
| 98.228.72.139 | 2012-11-12 23:15:59 |
| 98.228.73.51 | 2012-10-09 02:14:11 |
| 98.253.133.48 | 2012-10-04 19:02:22 |
| 98.253.178.180 | 2012-08-15 00:37:52 |
| 98.253.188.21 | 2012-11-13 00:01:48 |
| 98.253.233.38 | 2012-11-02 23:27:27 |
| 98.253.39.234 | 2012-10-12 01:52:04 |

# EXHIBIT B

those associated, 2) costs associated with restoring its computer systems to their condition prior to the breach of its computer systems and preventing future breaches, and 3) lost revenue and costs incurred due to interruption of service.

23.     The above alleged facts support a claim of Computer Tampering under 720 ILCS 5 § 16D-3.[2]

## PRE-SUIT DISCOVERY

24.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

25.     Each Doe used one or more hacked passwords to gain unauthorized access to Petitioner's protected computer systems in direct violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and Computer Tampering, 720 ILCS 5 § 16D-3.

26.     The above alleged facts support claims of computer fraud and abuse and computer tampering by Petitioner against the Does. Petitioner will be an actual party, and not merely a witness or other third party to the claims brought against the Does.

27.     Petitioner does not know the Does' true identities. Each of the Does' true identities is known only to each Doe and by Comcast, to which each Doe subscribes.

28.     Petitioner seeks the name, address, telephone number, email address, MAC address and any other form of information that may be used to identify the Does. Petitioner is interested in and entitled to this information so that Petitioner may bring claims of computer fraud and abuse and computer tampering against the Does in this county.

---

[2] A private right of action exists under the Statute under 720 ILCS 5 § 16D-3(c).

October 4, 2012, 12:15PM

# Cybercrime Gang Recruiting Botmasters for Large-Scale MiTM Attacks on American Banks

by Michael Mimoso

A slew of major American banks, some already stressed by a stream of DDoS attacks carried out over the past 10 days, may soon have to brace themselves for a large-scale coordinated attack bent on pulling off fraudulent wire transfers.

RSA's FraudAction research team has been monitoring underground chatter and has put together various clues to deduce that a cybercrime gang is actively recruiting up to 100 botmasters to participate in a complicated man-in-the-middle hijacking scam using a variant of the proprietary Gozi Trojan.

This is the first time a private cybercrime organization has recruited outsiders to participate in a financially motivated attack, said Mor Ahuvia, cybercrime communications specialist for RSA FraudAction. The attackers are promising their recruits a cut of the profits, and are requiring an initial investment in hardware and training in how to deploy the Gozi Prinimalka Trojan, Ahuvia added. Also, the gang will only share executable files with their partners, and will not give up the Trojan's compilers, keeping the recruits dependent on the gang for updates

Generally, cybercrime gangs deploy as few as five individual botmasters to help in successful campaigns; with this kind of scale, banks could be facing up 30 times the number of compromised machines and fraudulent transfers, if the campaign is successful.

"This Trojan is not well known. This is not SpyEye or Citadel; it's not available for everyone to buy," Ahuvia said. "Security vendors and antivirus signatures are less likely to catch it or be familiar with it. It will be tricky for vendors to detect and block it. This gang is keeping a tight hold on the compiler. By only giving up executable files, they can control how any antivirus signatures are in the wild and keep unique signatures to a minimum."

As many as 30 banks have been targeted, many of them well known and high profile, Ahuvia said. RSA said the gang is targeting American banks because of past success in beating their defenses, as well as a lack of two-factor authentication required for wire transfers.Some European banks, for example, require consumers to use two-factor authentication. She added that RSA FraudAction was unsure how far along the recruitment campaign had gone, or when the attacks would launch.

"There is the chance that once we've gone public, they may abandon their plans because there's too much buzz around it," Ahuvia said. "On the other hand, I don't think anything we know will have such

a dramatic effect on them. There are so many Trojans available and so many points of failure in security that could go wrong, that they'd still have some chance of success."

RSA's researchers were able to make the connection to the Gozi Prinimalka Trojan, which has been in circulation since 2008 and responsible for $5 million in fraud-related losses. Prinimalka is similar to the Gozi Trojan in technical and operational aspects, RSA said, leading to speculation the HangUp Team, which was tied to previous Gozi attacks, is behind this attack as well. Prinimalka is Russian for the word "receive" and is a folder name in every URL patch given by this particular gang to its crimeware servers.

Prinimalka uses the same bot-to-server communication pattern and URL trigger list as Gozi, RSA said. But deployment of the two Trojans is different: Gozi writes a single DLL file to bots upon deployment, while Prinimalka writes two, an executable file and a DAT file which reports to the command and control server.

Once the Trojan is launched, the botmaster fires up a virtual machine synching module. The module then duplicates the victim's computer, including identifiable features such as time zone, screen resolution, cookies, browser type and version, and software identification, RSA said. This allows the botmaster to impersonate the victim's machine and access their accounts. Access is carried out over a SOCKS proxy connection installed on the victim's machine, RSA said.

The cloned virtual system then can move about on the genuine IP address of the compromised machine when accessing the bank website. Taking it a step further, the attackers deploy VoIP phone flooding software that will prevent the victim from receiving a confirmation call or text alerting them to unusual transfer activity, RSA said.

"They are looking for this to be a quick campaign," Ahuvia said. "They want to make as much as they can until the banks and users harden their systems. They want to cash out quickly."

*Commenting on this Article will be automatically closed on January 4, 2013.*

# EXHIBIT C

# No slowdown in sight for cyberattacks

By Byron Acohido, USA TODAY

Recommend   0       102

Videos you may be interested in



Sponsored Link
Strange Bean works For consumerreviews
by Taboola
More videos



LAS VEGAS - Cyber attacks are accelerating at a pace that suggests the Internet - already a risky environment - is likely to pose a steadily growing threat to individuals and companies for years to come.

**Getty Images**

Internet-generated attacks comprise the most significant threat we face as a civilized world, other than a weapon of mass destruction, according to one security expert.

That's the somber consensus of security and Internet experts participating in the giant Black Hat cybersecurity conference that concluded here this week.

Internet-generated attacks comprise "the most significant threat we face as a civilized world, other than a weapon of mass destruction," Shawn Henry, former head of the FBI's cybercrime unit, told some 6,500 attendees in a keynote address.

Joe Stewart, Dell SecureWorks' director of malware research, presented research detailing the activities of two large cyber gangs, one based in Shanghai the other in Beijing, that have cracked into the networks of thousands of companies over the past half dozen years.

The attacks invariably begin by infecting the computer of one employee, then using that machine as a toehold to patiently probe deep into the company's network. The end game: to steal customer lists, patents, bidding proposals and other sensitive documents.

Most Popular

**Stories**
HF Test
Don't fall for Facebook 'privacy' notice
Smart Office 2: A versatile software suite

**Videos**
Ed Baig reviews Kindle Paperwhite
'Pregnant man' struggles through nasty divorce
Tennis Channel Court Report 9-30-2012

**Photos**
Mayan calendar discovery
Facebook
Apple iPhone 5 first day sales

**Sponsored Links**

**BlackBerry® Bold™ 9900**
Get more at the speed, style and performance you love. Learn more.
BlackBerry.com

**The God Machine**
It can't create man but it can generate anything else at the click of a button.
hitaniyovaa.blod.com

**Microsoft® Windows Azure**
Discover Microsoft® Windows Azure. Sign Up for a Free 90-Day Trial!
www.windowsazure.com

Buy a link here

Each gang is made up of dozens of employees playing complementary roles in attacks that are "stealthy and persistent," says Stewart. "Even if they do get discovered and get kicked out of a network, they come back, targeting a different employee."

Another gang, analyzed by Dell SecureWorks' researcher Brett Stone-Gross, has been blasting out spam, designed to slip past spam filters. The messages carry instructions to click on a link to read bogus delivery invoices, airline reservations or cellphone bills. The link, however, takes the user to a web page that installs malicious software.

Stone-Gross said the gang currently has access to 678,000 infected PCs, some of which are used to carry out its lucrative specialty: orchestrating fraudulent wire transfers from online banking accounts.

Meanwhile, a different category of hackers is stepping up attacks, not on individual PCs, but on company websites. Website attacks now routinely occur thousands of times each, as criminals probe for ways to breach databases carrying usernames and passwords and other valuable data, says David Koretz, general manager of website security firm Mykonos, a division of Juniper Networks.

Some successful website hackers enjoy boasting —by publically posting some, if not most, of the stolen data. That's happened recently with data stolen from online retailer Zappos, matchmaking site eHarmony, business social networking site LinkedIn and search giant Yahoo, Koretz says.

Experts say web attacks continue to escalate partly because powerful, easy-to-use hacking programs are widely available for free. What's more, opportunities for an intruder to take control of an individual's PC, or access and probe a company's network, are multiplying as society uses more Internet-delivered services and Internet-connected mobile devices.

"It's easier and safer for a criminal to steal money from an online bank account, rather than have to walk into a bank — or to steal intellectual property in an online setting, rather than have to send in a human spy," says Eddie Schwartz, chief security officer of security firm RSA, a division of EMC.

For more information about reprints & permissions, visit our FAQ's. To report corrections and clarifications, contact Standard's Editor Brent Jones. For publication consideration in the newspaper, send comments to letters@usatoday.com. Include name, phone number, city and state for verification. To view our corrections, go to corrections.usatoday.com

Posted 7-27-2012 10:34 AM | Updated 7/04/2012 10:00 AM

**Most Popular E-mail Newsletter**

**Sign up to get:**
Top viewed stories, photo galleries and community posts of the day

Most popular right now:
HF Test



Sign up for USA TODAY E-mail Newsletters

**More from USATODAY**

Man kills girlfriend for revealing she was HIV positive USATODAY.COM in Our Crashes

More Duchess Kate topless pics out; police hunt photographer USATODAY.COM in Column Live

Column: Christian companies can't bow to sinful mandate USATODAY.COM in News

5 reasons to skip iPhone 5 lines USATODAY.COM in Tech

**More from the web**

If You Have Gmail... You Must Have This The Next Web

Apple's Next Big Thing Will Be Huge E&N

Cloud Will Never be Cheaper Than On-Promise: Claranet cio

How to Load Your Dishwasher: Common Mistakes People Make DivHunders rb

4 Things You Can Learn From Segway's Notorious Product Fail OPEN Forum

(?)

USA TODAY is now using Facebook Comments on our stories and blog posts to provide an enhanced user experience. To post a comment, log into Facebook and then "Add" your comment. To report spam or abuse, click the "X" in the upper right corner of the comment box. To find out more, read the FAQ and Conversation Guidelines.

# EXHIBIT D

Apple/Device IDs Allegedly Stolen From FBI Laptop | Threat Level | Wired.com

Threat Level
Privacy, Crime and Security Online
Hacks and Cracks
Cybersecurity

Like # 213 35          22          **Share**     14

# Hackers Release 1 Million Apple Device IDs Allegedly Stolen From FBI Laptop

By Kim Zetter Email Author
09.04.12
12:49 PM
Follow @KimZatter



*Photo: Wired*

The hacker group AntiSec has released 1 million Apple device IDs that they say they obtained from an FBI computer they hacked.

The hackers say they actually stole 12 million IDs, including personal information, from the hacked FBI computer, but released only 1 million in an encrypted file published on torrent sites. In a lengthy post online, the hackers wrote that last March, they hacked a laptop belonging to an FBI agent named Christopher K. Stangl from the bureau's Regional Cyber Action Team and the New York FBI office's Evidence Response Team.

The hackers say the IDs were stored in a file on Stangl's desktop titled "NCFTA_iOS_devices_intel.csv."

Supplemental Exhibits - Page 81

Apple UDevice IDs Allegedly Stolen From FBI Laptop | Threat Level | Wired.com

The file, according to the hackers, contained a list of more than 12 million Apple iOS devices, including Unique Device Identifiers (UDID), user names, names of devices, types of devices, Apple Push Notification Service tokens, ZIP codes, cellphone numbers, and addresses. The hackers released only 1 million UDIDs, however, and did not release the accompanying personal information for the IDs.

Apple UDIDs are a 40-character alphanumeric string that is unique to each Apple device.
It's not known why the FBI possessed the Apple IDs. The hackers suggested in a tweet from the the @AnonymousIRC account, that the FBI was using the information to track users.



**AnonymousIRC**
@AnonymousIRC

**Follow**

12,000,000 identified and tracked iOS devices, thanks FBI SSA
Christopher Stangl. #AntiSec

3 Sep 12                    Reply      Retweet      Favorite

Stangl may have been targeted because he was on an e-mail that members of Anonymous intercepted last January. The e-mail was sent to several dozen U.S. and European law-enforcement personnel to participate in a conference call discussing efforts to investigate Anonymous and other hacking groups. The email included a call-in number for the discussion, which members of Anonymous recorded and posted online last February.

The hackers say they released the Apple UDIDs so that people would know that the FBI may be tracking their devices and also because, they wrote in their online post, "we think it's the right moment to release this knowing that Apple is looking for alternatives for those UDID currently ... but well, in this case it's too late for those concerned owners on the list."

Apple has been criticized for hard-coding the ID's in devices, since they can be misused by application developers and others to identify a user, when combined with other information, and track them. Last April, Apple began rejecting applications that track UDIDs.

The Next Web has created a tool for users to check if their Apple UDID is among those that the hackers released.

Related
You Might Like
Related Links by Contextly

# EXHIBIT E

10/8/12                                    AFP: Cyber defenders urged to go on the offense

+You   Search   Images   Maps   Play   YouTube   News   Gmail   Documents   Calendar   More

[                                                    ]  [        ]            [ Sign in ]

## Cyber defenders urged to go on the offense

By Glenn Chapman (AFP) – Jul 26, 2012

LAS VEGAS — Computer security champions on Wednesday were urged to hunt down and eliminate hackers, spies, terrorists and other online evildoers to prevent devastating Internet Age attacks.

The first day of briefings at a prestigious Black Hat computer security gathering here opened with a former FBI cyber crime unit chief calling for a shift from defense to offense when it comes to protecting networks.

"We need warriors to fight our enemies, particularly in the cyber world right now," Shawn Henry said in a Black Hat keynote presentation that kicked off with dramatic video of hostage rescue teams training.

"I believe the threat from computer network attack is the most significant threat we face as a civilized world, other than a weapon of mass destruction."

The peril grows as water supplies, power grids, financial transactions, and more rely on the Internet and as modern lives increasingly involve working and playing on smartphones or tablet computers, according to Henry.

He relied off a list of adversaries ranging from spies and well-funded criminals to disgruntled employees with inside knowledge of company networks.

"Cyber is the great equalizer," Henry said.

"With a $500 laptop with an Internet connection anybody, anywhere in the world can attack any organization, any company," he continued. "The last time I checked, that was about 2.3 billion people."

After 24 years of working for the FBI, Henry in April switched to the private sector as the head of a division at startup CrowdStrike specializing in cyber attack incident responses and identifying adversaries.

The computer security industry to expand its arsenal beyond just building walls, filters and other safeguards against online intruders to include watching for, and gathering intelligence on, culprits who have slipped through.

"It is not enough to watch the perimeter," Henry said, equating computer security to protecting real world offices. "We have to be constantly hunting; looking for intruders."

In the cyber world, that translates into monitoring system activities such as whether files have been accessed or changed and by whom.

"The sophisticated adversary will get over that firewall and walk around, like an invisible man," Henry said. "We have to mitigate that threat."

Tactics for fighting cyber intruders should include gathering information about how they operate and the tools used, and then sharing the data in the industry and with law enforcement agencies in relevant countries.

"Intelligence is the key to all of this," Henry said. "If we understand who the adversary is, we can take specific actions."

Teamwork between governments and private companies means that options for responding to identified cyber attackers can range from improved network software to political sanctions or even military strikes, according to Henry.

"You can't make every school, every mall, every university, and every workplace impenetrable," Henry said. "We have to look at who the adversary is and stop them in advance of them walking in."

Black Hat founder Jeff Moss, the self-described hacker behind the notorious Def Con gathering that starts here on Thursday, backed Henry's argument.

"Maybe we need some white blood cells out there; companies willing to push the edge and focus on threat actors," Moss said, calling on the computer security community to "raise the immunity level."

Moss is head of security at the Internet Corporation for Assigned Names and Numbers, which oversees the world's website addresses.

"So, am I Luke, or am I Darth Vader, sometimes I'm not sure," Moss quipped about his roles in the hacker realm and the computer security industry.

"It depends upon which day and who asks."

Moss proposed that cyber attackers also be fought on legal fronts, with companies taking suspected culprits to court.

"I can't print money; I can't raise an army, but I can hire lawyers and they are almost as good," Moss said. "One way to fight the enemy is you just sue them."

Henry feared that it may take an Internet version of the infamous 9/11 attack in New York City to get the world to take the cyber threat to heart.

"We need to get down range and take them out of the fight," Henry said.





Former FBI cyber crime unit chief Shawn Henry was the keynote speaker at the Black Hat computer security gathering (AFP/Getty Images/File)

Map



Supplemental Exhibits - Page 84

AFP: Cyber defenders urged to go on the offense

"As well-trained, well-equipped cyber warriors you can have an impact; the stakes are high."

Copyright © 2012 AFP. All rights reserved. More »

**Man Cheats Credit Score**
1 simple trick & my credit score jumped 217 pts. Banks hate this!
www.thecreditsolutionprogram.com

**Counterterrorism Degree**
Study counterterrorism at AMU & receive an online college degree.
www.AMU.APUS.edu/Intelligence

**Long Term Care Ins**
6 Quotes,Free Guide & Consultation. Explore Your Insurance Options Now.
www.bcbs.com/long-term-care-quotes

**Single Woman Over 40?**
The Most Eligible Singles Over 40. Try Our Risk Free Site.
MatureSinglesOnly.com

Add News to your Google Homepage

©2012 Google - About Google News  - Blog  - Help Center - Help for Publishers - Terms of Use - Privacy Policy - Google Home

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

GUAVA LLC,                                )
                                          )       No. 12 m R 417
            Petitioner,                   )
                                          )
      v.                                  )
                                          )
COMCAST CABLE COMMUNICATIONS, LLC,        )
                                          )       FILED
            Respondent.                   )       ST. CLAIR COUNTY
                                          )
                                          )       NOV 2 0 2012
                                          )
                                          )       Jahalah R. Dixon
                                          )       CIRCUIT CLERK

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR DISCOVERY BEFORE SUIT TO IDENTIFY RESPONSIBLE PERSONS AND ENTITIES

### I.      INTRODUCTION

Through this petition for discovery, Petitioner, the owner of various private websites, seeks to learn the identities of unidentified John Does ("Does") from Internet Service Provider ("ISP") Respondent Comcast Cable Communications, LLC ("Comcast"), so that Petitioner may file computer fraud and abuse and computer tampering suit against these individuals. Since Does used the Internet to commit their violations, Petitioner only knows Does by their Internet Protocol ("IP") addresses. Does' IP addresses were assigned to Does by Comcast. Accordingly, Comcast can use the IP addresses to identify Does. Indeed, Comcast maintains internal logs, which record the date, time and customer identity for each IP address assignment made by Comcast. Significantly, Comcast only maintain these logs for a very short period of time.

Petitioner seeks an order requiring Comcast to respond to a subpoena that will be served it requiring Comcast to disclose the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address[1] of the Does. Petitioner will only use this information to resolve its computer fraud and abuse and computer tampering dispute with the Does. Without

---

[1] A MAC address is a number that identifies the specific device used for the hacking activity.

1

this information, Petitioner cannot name Does in future computer fraud and abuse and computer tampering suits nor immediately serve Does to pursue any such lawsuit to protect itself.

As explained below, Petitioner is indisputably entitled to learn the identity of Does and a petition for pre-suit discovery is a proper tool for this purpose. Accordingly, this Court should grant this petition.

## II.    FACTUAL BACKGROUND

Petitioner operates computer systems that distribute third-party adult entertainment content. As alleged in the Petition, Petitioner has actionable claims for computer fraud and abuse and computer tampering against each of the Does. Does used hacked passwords to gain unauthorized access to Petitioner's protected computer systems.

Although Petitioner does not know Does' true identities, Petitioner's agents identified each of the Does by a unique IP address assigned to that Doe by Comcast and the date and time of the hacking activity. Comcast maintains internal logs which record the date, time, and customer identify for each IP address assignment made. Comcast can use the IP address provided by Petitioner to identify the Does. Comcast, however, only retains the information necessary to correlate an IP address to a person for a short amount of time. Accordingly, time is of the essence with respect to getting the subpoenas to Comcast so that Comcast may preserve and maintain this information necessary to identify Does.

## III.    ARGUMENT

Petitioner may obtain the identities of the Does through a petition for discovery pursuant to Illinois Supreme Court Rule 224. A petition for discovery before suit to identify responsible persons and entities may be used by "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages . . ." 134

2

Ill. 2d R. 224. Illinois courts grant petitions for pre-suit discovery when, like in the present case, the identities of the defendants are unknown to the plaintiff. *John Gaynor v. Burlington Northern and Santa Fe Railway*, 750 N.E.2d 307, 312 (Ill. App. Ct. 2001) ("Rule 224's use is appropriate in situations where a plaintiff has suffered injury but does not know the identity of one from whom recovery may be sought."); *Roth v. St. Elizabeth's Hospital*, 607 N.E.2d 1356, 1361 (Ill. App. Ct. 1993) ("[Rule 224] provides a tool by which a person or entity may, with leave of court, compel limited discovery before filing a lawsuit in an effort to determine the identity of one who may be liable in damages.") (Quoting 134 Ill. 2d R. 224, Committee Comments, at 188-89)).

The "identity" that Petitioner is entitled to ascertain is more than just the names of the unknown Does. *John Gaynor*, 750 N.E.2d at 312 ("on occasion, the identification of a defendant may require more than simply a name and that, on those occasions, discovery under Rule 224 is not limited to the petitioner's ascertainment of a name only." (Citing *Beale v. EdgeMark Financial Corp.*, 664 N.E.2d 302 (Ill. App. Ct. 1996)). Petitioner requires this additional information,[2] because sometimes the Internet subscriber and the actual hacker are determined to not be one and the same.[3] Petitioner needs all the identifying information it seeks to make this determination.

Further, Petitioner is not precluded from the information it seeks simply because it is aware of the Does' IP addresses. The court in *Beale* explains that the pre-suit discovery is not precluded "solely on the basis of the petitioner's knowledge of a name only." 664 N.E.2d at 307.

---

[2] The address, telephone number, e-mail address, and Media Access Control address of each account holder.

[3] For instance, an individual who lives alone with a secure wireless Internet connection is very likely to be both the account holder and the hacker. In contrast, where the account holder is, for example, the wife of the household it is more likely the case—given the nature of Petitioner's business—that the husband or a college-aged son is the appropriate hacker. In other words, in the latter example the account holder and the hacker are most likely not the same individual.

3

Knowledge of the Does' IP addresses does not provide Petitioner with sufficient information to name and bring a lawsuit against them. If mere knowledge of the defendant's name is not enough to preclude pre-suit discovery under Rule 224, then mere knowledge of the Does' IP address is also not enough to preclude the pre-suit discovery.

In short, Petitioner is using the petition for pre-suit discovery for its intended purpose: to identify the names of the people who have harmed it. There is no legal or equitable reason why Petitioner should be prohibited from seeking the Does' identities from Comcast.

## IV.   CONCLUSION

For all the forgoing reasons, the Court should enter an order granting this petition.

Respectfully submitted,

Guava LLC

DATED: November 16, 2012

By:   _____
Paul A. Duffy, Esq. (Bar No. 6210496)
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
312-952-6136
*Attorney for Petitioner*

4

By: _____

Kevin T. Hoerner, #6196686
Becker, Paulson, Hoerner &
Thompson, P.C.
5111 West Main Street
Belleville, IL 62226
(618) 235-0020
Attorney for Petitioner

5

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

GUAVA LLC,                                     )
                                               )
      Petitioner,                       )      No.   12 M R 417
   v.                                      )
                                               )
COMCAST CABLE COMMUNICATIONS, LLC, )
                                               )
      Respondent.                       )
                                               )
_____ )

## ORDER GRANTING PETITION FOR DISCOVERY BEFORE SUIT TO IDENTIFY RESPONSIBLE PERSONS AND ENTITIES

     THIS CAUSE, having come before this Court on Petitioner's Petition for Discovery before Suit to Identify Responsible Persons and Entities ("Petition"), and the Court having reviewed said Petition, the Memorandum of Law filed in support thereof, and being otherwise duly advised in the premises, it is hereby

     ORDERED AND ADJUDGED as follows:

     1.    The Petition is GRANTED.

     2.    Petitioner may serve Respondent Comcast Cable Communications LLC ("Comcast") with a subpoena commanding Comcast to provide Petitioner with the true name, address, telephone number, e-mail address, Media Access Control ("MAC") address for each of the John Does ("Does") to whom Comcast assigned an Internet Protocol ("IP") address as set forth on Exhibit A to the Petition. Petitioner shall attach to any such subpoena a copy of this Order. Comcast shall comply with it the subpoena issued pursuant to this Order.

     3.    Comcast shall not require Petitioner to pay a fee in advance of providing the subpoenaed information; nor shall Comcast require Petitioner to pay a fee for an IP address that is not controlled by Comcast, or for duplicate IP addresses that resolve to the same individual, or

1

for an IP address that does not provide the name of a unique individual or for Comcast's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between Comcast and Petitioner regarding the reasonableness of the amount proposed to be charged by Comcast after the subpoenaed information is provided to Petitioner.

4.      Petitioner may only use the information disclosed in response to a subpoena served on Comcast for the purpose of identifying the unknown Does so Petitioner can protect and enforce its rights as set forth in its Petition.


DONE AND ORDERED in Chambers at St. Clair County, Illinois this _____

day of _____, 2012.


_____

CIRCUIT COURT JUDGE

2

# EXHIBIT V

EXHIBIT V
Supplemental Exhibits - Page 93

# IN THE CIRCUIT COURT

## FOR THE TWENTIETH JUDICIAL CIRCUIT

## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GUAVA, LLC,<br><br>                              Petitioner,<br><br>        v.<br><br>COMCAST CABLE COMMUNICATIONS,<br>LLC,<br><br>                              Respondent. | Case Number: 12-MR-417<br><br>Assigned to Honorable Andrew J. Gleeson<br><br><br>Hearing Date:   February 21, 2013<br>Hearing Time:   11:00 A.M.<br>Hearing Place:  Courtroom 404,<br>                              County Bldg., Belleville, IL |

## CONSOLIDATED REPLY IN SUPPORT OF JOHN DOES' MOTIONS TO QUASH

The oppositions filed in this matter only make it increasingly clear that this case is but the latest example of intentional fraud on the Court by the attorneys associated with Prenda Law, Inc.

**(a)      Fraud on the Court**

First, it is irrefutable that there are at least two obvious lies contained in plaintiff's Rule 224 Petition.  Paragraph 6 of the Petition sates, in no uncertain terms, and ***not*** on information and belief, that "Venue is proper because at least one of the John Doe Defendants resides in St. Clair County, Illinois.  Further, Comcast transacts business in St. Clair County, Illinois."  Petition ¶ 6.  As shown by the spreadsheet prepared by Comcast, attached hereto as <u>Exhibit R</u> (table showing IP addresses by county)[1], this statement, which was verified under penalty of perjury (although by whom is anyone's guess) is 100% false.  ***According to Comcast's records, not a single John Doe defendant actually resides in St. Clair County***.  There is a simple reason for this: ***Comcast does not transact business in St. Clair County***—Charter is the franchised cable operator in the area.  Making a stretch argument to try and find a home for a case in St. Clair County is one thing.  Resorting to outright fraud to achieve that goal is another.  This is no mere mistake.  Particularly in view of all the other suspiciously convenient "mistakes" Prenda appears to have made in this case,

---

[1] The Exhibit lettering used here is continued from the Exhibits to the Declaration of Morgan E. Pietz re: Prenda Law, Inc, which filed by Mr. Pietz in connection with his Motion to Quash.

- 1 -

and its sordid record of fraud on various other Courts around the country, this Court should see past any excuse of mere incompetence and recognize this as an intentional and deliberate fraud.

Second, beyond the lie used to establish jurisdiction and venue, the entire petition action and everything that has flowed from it is all a fraud, because the petition is fraudulently verified. More than a month ago, attorney Thomas Leverso, on behalf of a John Doe, filed a Rule 237 Petition and related Order to Show Cause pointing out the myriad reasons the verification filed in this case is not credible.  In response to these very serious allegations that Prenda has filed yet another[2] fraudulent verification, this time here in this action, Prenda has repeated its usual playbook of ignoring the problem for as long as possible, making procedural objections, and then trying to explain a fraud as some kind of clerical error.  The verification appears to say "Alan Moay," and as Mr. Leverso noted in his Rule 237 Petition, etc., that is a bogus name; according to an investigator using national databases, there is no record of anyone in the United States with such a name.

Prenda's new story, per its opposition to Mr. Leverso's Rule Petition, is that the verification does not say "Alan Moay," rather, it says "Alan Mony."  Opp to Leverson Motion, p. 5.  First of all, this, too, is false.  The verification very clearly says "Alan Moay." Prenda has been requested to bring the original verification document to the next hearing to settle this argument; but if past is prologue, it won't.  *See* Exhibit S (post 2/13 meet and confer email chain).

More importantly though, it now appears that "***Alan Mony," the supposed new name of the verifying "client," is also a bogus name***.  The same kind of national database search which revealed that there is no "Alan Moay" in the U.S. yields the same results for "Alan Mony"; it's a bogus name; there is no record of any such person.  Exhibit T (investigator report on "Alan Mony").  The closest name anywhere in the U.S. is for an "Allan Mony" with two l's.  *Id.* What does ring a bell though, as far as Prenda goes, is the name "Allan Mooney."  A man named "Allan Mooney" has previously been listed as the manager of MCGIP, LLC, one of Prenda's earlier

---

[2] Another example of a fraudulent verification filed by Prenda, supposedly signed by "Alan Cooper" was attached as Exhibit L to the Dec'l of Morgan E. Pietz.  That verification, along with various copyright assignment agreements also supposedly signed by "Alan Cooper" on behalf of Prenda sham entities, is the subject of the scathing Order to Show Cause re: Sanctions from Judge Wright of the Central District of California, a copy of which was lodged with this Court at the last hearing.  *See Ingenuity 13, LLC v. John Doe* , C.D. Cal. No. 12-cv-8333, ECF No. 48.

mysterious shell company plaintiffs (which Prenda's lawyers probably own). See <u>Exhibit U</u>, (Minnesota Secretary of State business entity detail for MCGIP, LLC.)  According to the Minnesota Secretary of State, the official address for MCGIP, LLC is "care of Alpha Law Group," at Alpha law's office in Minnesota.  Alpha Law Group is the newest firm name being used by John Steele's former (current?) law partner Paul Hansemeier, who is also the brother of Prenda's current preferred technical expert Pete Hansemeier.[3]  Further, a man using the email address "amooney29@gmail.com" is apparently involved in the online adult entertainment business, per an Adult Industry News article where Allan Mooney was selling the domain name <<u>orgasms.com</u>>, a copy of which is attached hereto as <u>Exhibit V</u>.  Finally, one "Alan Mooney" is also a current client of Alpha Law / Paul Hansemeier, in *Mooney v. Priceline.Com Incorporated et al.*, No. 12-cv-02731-DWF-JSM (D. Minn. Oct. 26, 2012).  <u>Exhibit W</u> (Hennepin County, Minnesota, complaint listing Paul Hansemeier of Alpha Law Firm LLC as attorney of record for plaintiff "Alan Mooney").

After Prenda's newest story was learned by defense counsel the morning of the 2/13 hearing in this matter,[4] Prenda's past connections to a man named "Allan Mooney" were pointed out to Prenda in follow up attempt meet and confer emails.  Specifically, Prenda's past history with "Allan Mooney" was detailed, and all three of Prenda's lawyers in this case were asked to confirm that the new story was that the person who verified the petition spells his name "Alan Mony."  Prenda's response, in its entirety (by way of Mr. Hoerner) was "The issues have already been briefed.  See you in court."  Accordingly, Mr. Hoerner was then advised that since he was the only one who had signed the opposition stating that the affiants name is "Alan Mony"[5] the defendants

---

[3] For background on how John Setele and Paul Hansemeier's firm started this scheme as Steele Hansemeier, PLLC, but then rebranded as Prenda Law, Inc., refer to the Declaration of Morgan E. Pietz re: Prenda Law, Inc., ¶¶ 5–13.

[4] This brings up yet another fraud in this case: the proofs of service on Prenda's oppositions. Attorney Morgan Pietz, at least, never received a copy of the opposition that was supposedly mailed to him on February 11, 2013.  Just whose name is on that proof of service anyway?  While this kind of thing is not usually worth making a fuss over, with Prenda, it is part of a pattern, and, unfortunately, completely typical.

[5] All of the other oppositions, other than the one where Prenda says the name of the client is really "Alan Mony" were signed by Paul Duffy of Chicago.  Presumably, Mr. Hoerner signed the

would proceed on the assumption that this spelling was correct, but would seek costs and fees if Prenda later decided to try and change its story, given the refusal to meet and confer on the issue.

As noted in Mr. Pietz's motion, and supporting declaration, this is not the first time that very serious questions have been raised about Prenda using false names to sign to Court documents, including verifications and declarations offered under penalty of perjury.  Pietz Motion, p. 8; Dec'l. of Morgan E. Pietz re: Prenda Law, Inc., ¶¶ 29–42.  In fact, this is not even the first time that Prenda, after being accused of fraud on the Court, has responded to that fraud with more fraud; an example which also involved Prenda's misspelling of the name of the supposed affiant.  In *Sunlust Pictures, LLC v. Nguyen*, M.D. Fl. No. 12-cv-1685, Prenda attempted to perpetrate another fraud on the Court (holding out John Steele's former paralegal as a "principal" of Sunlust Pictures), all as stated in the hearing transcript attached as <u>Exhibit N</u> to the Dec'l. of Morgan E. Pietz re: Prenda Law, Inc.  In an attempt to explain that fraud, Prenda ended up submitting a fraudulent declaration, where the person signing it supposedly misspelled his own name on the signature line.  The true principal of *Sunlust* is named Daniel Weber; but the first declaration which *he* supposedly signed, and which Prenda filed in their response to the sanctions motion spelled it "Webber" with to b's.  The first declaration was also full of other lies (i.e., that Weber was out of the US during the hearing he had been ordered to attend), which defense counsel there immediately pointed out.  Eventually, actual Daniel Weber did file a corrected declaration attempting to explain away his (attorney's) lies in the previous declaration.  The fraudulent first declaration, which attempted to explain the fraud on the court, is now the subject of a second sanctions motion. *Sunlust Pictures, LLC v. Nguyen*, M.D. Fl. No. 12-cv-1685 (ECF No. 46, 12/31/13) attached hereto as <u>Exhibit X</u>.

**(b)   Merits of Movants' Objections to Plaintiff's Rule 224 Petition**

Plaintiff's oppositions have no retort to the argument, made by Mr. Pietz in his motion to quash, that use of a Rule 224 petition here is *unnecessary* because the plaintiffs are already sufficiently identified (by I.P. address) that they can be sued for damages without resort to Rule

---

opposition (to Mr. Leverso's motion) containing the name "Alan Mony" so that Prenda can pretend there was some transcription error on the spelling over the phone, to explain why it is that Prenda has misspelled the name of the purported verifying client for a second time in this case, after being accused of fraud on that issue.

- 4 -

224 discovery. On its face, Rule 224 is narrowly limited to situations where discovery is "necessary," and *Gaynor v. Burlington Northern and Santa Fe Railway*, 750 N.E.2d 307 (2001) clarifies that if a plaintiff has enough information already to sue for damages, Rule 224 discovery should be denied.  Here, as in Gaynor, the existence of a parallel action for damages (here, the *Lightspeed* case) conclusively proves that Rule 224 discovery is not a "condition precedent" to filing a complaint for damages.  Even if we accept plaintiff's dubious representation  that Guava, LLC has "has no corporate or other relation" to Lightspeed Media Corporation (Opp. to Leverso Motion, p. 1), it does not matter.  Regardless of whether Lighspeed and Guava are the same entity or not, the bottom line is that Prenda has already proven conclusively, through the *Lightspeed* case, that in its view, Prenda can file a complaint against a single John Doe defendant, *identified only by IP address*, and then make its case using the regular discovery provisions of Rule 201.  If suing a John Doe identified by solely by IP address for damages was sufficient for Prenda in *Lightspeed*, why is Rule 224 discovery now suddenly a "condition precedent" to filing the *exact* same kind of suit here now?  Prenda has filed hundreds of complaints for damages, based on an IP address alone; its new position that it now believes Rule 224 discovery is *required* before it can file such complaints is another misrepresentation made in bad faith.

Movants cited chapter and verse, black letter law, that when considering a Rule 224 Petition, the Court should apply a Section 2-615 analysis to the claims at issue.  *See, e.g.,* Pietz Motion, pp. 9.  Having established that proposition, movants then cited a slew of CFAA cases[6] all of which clearly establish that plaintiff's claims do not pass muster under a Section 2-615 analysis. *See, e.g.,* Pietz Motion, pp. 16–20.  Plaintiff responded to this array of authority in its opposition with a bit of a curveball.  Rather than argue that the allegations in the Petition state a valid claim under the Computer Fraud and Abuse Act, plaintiff instead premises its argument on the notion that a Section 2-615 analysis of the underlying claim is not required in a Rule 224 petition action. Simply put, plaintiff needs to (re?)-read the many cases cited by movants which establish this point as black letter law.  The closest plaintiff comes to a coherent argument on this issue is the observation that many of the Rule 224 cases cited by movants involved underlying claims for

---

[6] No cases were needed on the Computer Tampering claim; the relief sought here is barred on the face of the statute itself, since there are no allegations of a virus or malware.  *See* Pietz Motion, pp. 19–20.

- 5 -

defamation, rather than underlying claims for CFAA or Computer Tampering violations. So what? The point of general standards for analysis is that they can be used in different circumstances. Whatever the underlying claim at issue, the law is clear that the applicable analysis that should be applied to Rule 224 petitions is a Rule 2-615 analysis. Plaintiffs are correct to note that "illegal hacking is not protected by the First Amendment;" however, neither, for that matter, is defamation protected by the First Amendment. Plaintiff's entire argument on the Section 2-615 analysis makes no sense and should be viewed as a tacit admission that the allegations in the Petition, if true, could not state a causes of action for CFAA or Computer Tampering.

One argument plaintiff does engage with in the oppositions is movants point that the petition is overbroad insofar as it requests phone numbers, emails and MAC addresses. As argued in Mr. Pietz's motion, Rule 224 petitions are limited to information needed to *identify* defendants, and in most cases, a name and address is sufficient for that purpose. Here, plaintiff wants the phone numbers, emails and MAC addresses not to *identify* potential defendants, but because it wants to hold Internet subscribers *responsible* for infringement.[7] But Rule 224 does not permit discovery to reach blame or liability; it is limited to identification of a potential defendant. Movants cite cases standing for the proposition that this means a name and address, no more. Plaintiff cites no authority suggesting that phone numbers, emails, or MAC addresses are appropriate information for a Rule 224 Petition, and there is none.

**(c)** **Response to Plaintiff's Counter Arguments in the Oppositions**

Plaintiff's main responsive counter-argument is that movants supposedly do not have standing to challenge a subpoena seeking their identifying information. First, this argument ignores this Court's December 12, 2012 order, which explicitly grants ISP subscribers like movants an opportunity to object this petition action. Second, Rule 224, on its face, provides for a required hearing. Third, this Court was correct to invite movants to object, because movants absolutely do have standing to object to the release of their identifying information to a litigant engaged in a fraudulent, extortionate enterprise. Even if plaintiffs were acting in good faith, and this entire action was not predicated on various frauds, movants would still have standing to object

---

[7] *See also* the copy of the Guava, LLC extortion letter being used in this case, which was lodged with the Court at the 2/13 hearing.

- 6 -

to the release of their information.  As expounded in further detail in Mr. Leverso's motion (pp. 2-5), movants here do have standing to object. The court need only look at essentially any reported appellate case on Rule 224 petitions ever decided to verify this proposition; the challenging party is almost always the third party about whom information is being sought (i.e., the real party in interest), not the respondent with the records.  Like a subpoena, the Rule 224 petition, seeks to infringe upon movants legitimate interests to be free of oppression, embarrassment, or undue burden. *See Bush v. Catholic Diocese*, 351 Ill.App.3d 588, 591, 814 N.E.2d 135 (3d Dist. 2004); *United States v. Ranieri*, 670 F .2d 702,772 (7th Cir. l982) *accord Special Mkts. Ins. Consultants, Inc. v. Lynch*, Case No. 11 C 9181, 2012 WLl565348 (N.D. Ill. May 2, 2012).

Plaintiff's other featured argument, that movants do not have "approval to proceed anonymously," is a complete red herring.  As the court rightly noted at the February 13, 2013 hearing with respect to the *in pro per* litigant in attendance, the main issue being litigated right now is whether the Movants should be identified to the plaintiff. The time to brief the issue anonymous participation in judicial proceedings, and the potential limited use of a "John Doe" pseudonym for purposes of the public docket, is after the court determines whether Movants should be identified in the first place and if these people are actually sude for damages.  Either the Court is going to deny the petition so that no information is disclosed, or it is going to order that Comcast identify the Movants to the plaintiff.  Plaintiff's position that 'in order to object to plaintiff's subpoena seeking to identify you, you need to first identify yourself to the plaintiff' is plainly a Catch 22 that makes no sense.

Most of the balance of plaintiff's oppositions amount to little more than personal attacks on certain of the defense attorneys involved in this action.  With respect to the attacks on Mr. Pietz, Judge Wright's order from the Central District of California, relating to a series of related cases where Mr. Pietz was very involved, speaks for itself. *Ingenuity 13, LLC v. John Doe* , C.D. Cal. No. 12-cv-8333, ECF No. 48 (copy lodged with the Court at the 2/13 hearing).  Since that order has been issued, Paul Duffy (counsel here) and Prenda Law have more or less dismissed all Ingenuity 13 and AF Holdings cases in California, and most of them across the country—which could perhaps be viewed as a tacit admission that all of Prenda's AF Holdings and Ingenuity 13

- 7 -

cases were also fraudulent upon inception—just like the fraudulently verified petition full of lies about venue and jurisdiction currently before this Court.

Finally, the extortion letter from Brett Gibbs,[8] as "in house counsel for Guava, LLC," clarifies what the movants have suspected all along: that this case is not really a 'password hacking' CFAA case, but a BitTorrent copyright infringement case in disguise.  Mr. Gibbs' letter makes clear that really, the gravamen of the complaint against the John Does is not that they breached a computer network; its that they engaged in file-sharing on BitTorrent (which is possibly copyright infringement, but not computer fraud).  This only lends further support to the notion that this whole suit is a transparent attempt to abuse this Court's jurisdiction, and the Rule 224 process, to seek the kind of discovery that Prenda is now routinely denied in copyright infringement cases in federal court.  Again, Prenda has told the Court one thing—*i.e.*, that it wants to sue people under the CFAA—but then done another—*i.e.*, try and then use the subpoena return info to bring claims for copyright infringement.

**(d)      Conclusion**

The kind of abuse Prenda Law is up to—lying about jurisdiction and venue, systemic filing of bogus verifications and other documents, filing claims that cannot withstand even basic legal scrutiny, pressuring people to "settle" when it knows many such people are probably totally innocent—undermine the very integrity of the legal system.  These missteps are not mistakes. They are part of a calculated scheme that, even without all of the fraud, comes very close to extortion.  However, the Declaration of Morgan E. Pietz makes clear that his case is part of a systemic, calculated national conspiracy, which (particularly if Alan Cooper's allegations of identity theft prove true) may very well be a criminal enterprise.  Accordingly, movants respectfully request that this court follow Judge Wright's lead, and come down on Prenda Law like a ton of bricks.  Prenda's various frauds on various courts—including this one—have gone on for long enough.  The Rule 224 subpoena should be denied as to the movants, and the next and final issue the Court should then consider is awarding sanctions and attorneys fees.

As of 12:00 noon PST on Friday February 15, 2013, undersigned counsel is authorized to report that in addition to Mr. Pietz's clients with IP address numbers 71.229.73.180 and

---

[8] This letter is the second document lodged with the Court at the February 13, 2013 hearing.

67.162.81.65; attorney Thomas Leverso, on behalf of his client with I.P. address number 68.58.68.84; attorney Earl Hubbs, on behalf of his client with IP address number 24.14.130.85; and attorney Holly A. Reese on behalf of her client with IP address number 79.29.36.240; all join in this consolidated reply.

Respectfully submitted,

DATED: February 15, 2013,

_____

Morgan E. Pietz (CA Bar No. 260629)*
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
Telephone:     (310) 424-5557
Facsimile :     (310) 546-5301
* *Pro Hac Vice*
Attorney for Movants

Laura K. Beasley (IL Bar No. 6274537)
JOLEY, NUSSBAUMER, OLIVER,
          DICKERSON & BEASLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220
Tel: (618) 235-2020
Fax: (618) 235-9632
Local Counsel for Movants

### **CERTIFICATE/PROOF OF SERVICE**

On this day, I, on oath, state that I on this day I served this notice and true and accurate copies of the above documents by personal service and/or mailing copies to each entity to whom they were directed by depositing the same in the U.S. Mail, proper postage prepaid in full, at a U.S. Postal Depository on this day before the hour of 4:00 p.m.

Dated: February 15, 2013          _____

                    Morgan E. Pietz (CA Bar No. 260629)*
                    THE PIETZ LAW FIRM

- 9 -

## SERVICE LIST

Kevin T. Hoerner
BECKER, PAULSON, HOERNER &
THOMPSON, P.C.
5111 West Main Street
Belleville, IL 62226

Paul Duffy
PRENDA LAW, INC.
2 North LaSalle Street, 13th Floor
Chicago, IL 60602

*Attorneys for Petitioner*

Comcast Cable Communications, LLC
c/o Subpoena Response Team
650 Centerton Road
Moorestown, NJ 08057

*In-House Legal For Respondent*

John D. Siever
DAVIS WRIGHT TREMAINE
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3401

*Outside Counsel for Respondent*

Andrew Toennies
714 Locust Street
St. Louis, MO 63101

*Local Counsel for Respondent*

Laura K. Beasley (IL Bar No. 6274537)
JOLEY, NUSSBAUMER, OLIVER,
& BEASLEY, P.C.
8 East Washington Street
Belleville, Illinois 62220

Thomas V. Leverso
LAW OFFICES OF THOMAS V. LEVERSO
33 West Higgins Road, Suite 3080
South Barrington, IL 6001

Erin K. Russell
THE RUSSELL FIRM
23 South Wacker Drive, 84th Floor
Chicago, IL 60606

Earl Hubbs
RICK REED
6464 West Main, Suite 1B
Belleville, IL 62223

Annie Bode Callahan
SMITH AMUNDSEN
12312 Olive Boulevard, Suite 100
St. Louis, MO 63141

Holly A. Reese
GOLDENBERG HELLER ANTOGNOLI &
ROWAND, P.C.
2227 South State Route 157
P.O. Box 959
Edwardsville, Illinois 62025

*Attorneys for ISP Subscribers*

- 10 -

| TICKET # | IP ADDRESS | CUSTOMER CITY | CUSTOMER COUNTY | CUSTOMER STATE |
|---|---|---|---|---|
| 431809 | 173.9.253.149 | PEOTONE | WILL | IL |
| 431810 | 23.25.47.84 | ROSELLE | DUPAGE, COOK | IL |
| 431811 | 24.1.107.63 | EVANSTON | COOK | IL |
| 431812 | 24.1.191.211 | CHICAGO | COOK | IL |
| 431813 | 24.1.141.155 | SPRINGFIELD | SANGAMON | IL |
| 431814 | 24.1.175.233 | CHICAGO | COOK | IL |
| 431815 | 24.1.75.199 | DECATUR | MACON | IL |
| 431816 | 24.12.113.158 | MOUNT PROSPECT | COOK | IL |
| 431817 | 24.1.95.156 | CHICAGO | COOK | IL |
| 431818 | 24.1.98.146 | CHICAGO | COOK | IL |
| 431819 | 24.12.116.87 | CHICAGO | COOK | IL |
| 431820 | 24.12.160.43 | BUFFALO GROVE | COOK | IL |
| 431821 | 24.12.160.5 | ROLLING MEADOWS | COOK | IL |
| 431822 | 24.12.17.76 | CHICAGO | COOK | IL |
| 431824 | 24.12.235.189 | LIBERTYVILLE | LAKE | IL |
| 431825 | 24.12.215.82 | EVANSTON | COOK | IL |
| 431826 | 24.12.255.78 | CHICAGO | COOK | IL |
| 431827 | 24.12.30.72 | AURORA | KANE, DUPAGE, ETC | IL |
| 431828 | 24.12.9.239 | CHICAGO | COOK | IL |
| 431829 | 24.13.103.83 | CHICAGO | COOK | IL |
| 431830 | 24.13.118.250 | CHICAGO | COOK | IL |
| 431831 | 24.13.137.179 | CHICAGO | COOK | IL |
| 431832 | 24.13.161.156 | SCHAUMBURG | DUPAGE | IL |
| 431834 | 24.13.172.38 | ARLINGTON HEIGHTS | COOK, LAKE | IL |
| 431835 | 24.13.178.197 | SCHAUMBURG | DUPAGE | IL |
| 431836 | 24.13.187.100 | GLENDALE HEIGHTS | DUPAGE | IL |
| 431837 | 24.13.235.108 | HIGHLAND PARK | LAKE | IL |
| 431838 | 24.13.59.132 | CHICAGO | COOK | IL |
| 431839 | 24.14.103.125 | CHICAGO | COOK | IL |
| 431840 | 24.14.116.211 | DEKALB | DEKALB | IL |
| 431841 | 24.14.122.52 | BENSENVILLE | DUPAGE | IL |
| 431842 | 24.14.13.193 | MUNDELEIN | LAKE | IL |
| 431845 | 24.14.130.85 | CHICAGO | COOK | IL |
| 431846 | 24.14.162.27 | NORRIDGE | COOK | IL |
| 431847 | 24.14.168.183 | CHICAGO | COOK | IL |
| 431848 | 24.14.175.98 | TINLEY PARK | COOK | IL |
| 431849 | 24.14.188.2 | GLEN ELLYN | DUPAGE | IL |
| 431850 | 24.14.191.2 | GLEN ELLYN | DUPAGE | IL |
| 431851 | 24.14.191.209 | GLEN ELLYN | DUPAGE | IL |
| 431852 | 24.14.211.234 | NEW LENOX | WILL | IL |
| 431853 | 24.14.22.26 | ADDISON | DUPAGE | IL |
| 431854 | 24.14.226.226 | NEW LENOX | WILL | IL |
| 431855 | 24.14.50.22 | OAK PARK | COOK | IL |
| 431856 | 24.15.0.234 | WILLOWBROOK | DUPAGE | IL |
| 431857 | 24.15.108.237 | CREST HILL | WILL | IL |
| 431858 | 24.15.188.130 | DOWNERS GROVE | DUPAGE | IL |
| 431859 | 24.15.194.37 | DEERFIELD | LAKE | IL |
| 431860 | 24.15.21.54 | BELLWOOD | COOK | IL |
| 431861 | 24.15.225.33 | MUNDELEIN | COOK | IL |
| 431862 | 24.15.29.44 | CHAMPAIGN | CHAMPAIGN | IL |
| 431863 | 24.15.48.154 | OAK PARK | COOK | IL |
| 431864 | 24.15.94.96 | LOCKPORT | WILL | IL |
| 431865 | 24.63.77.213 | CHESTNUT HILL | MIDDLESEX | MA |
| 431866 | 24.7.197.117 | CHAMPAIGN | CHAMPAIGN | IL |
| 431867 | 24.7.199.112 | CHAMPAIGN | CHAMPAIGN | IL |
| 431868 | 24.7.214.221 | WESTMONT | DUPAGE | IL |
| 431869 | 50.129.14.36 | CHICAGO | COOK | IL |
| 431870 | 50.129.252.207 | CHICAGO | COOK | IL |
| 431871 | 50.129.68.62 | ROCKFORD | WINNEBAGO | IL |
| 431872 | 50.129.69.141 | MACHESNEY PARK | WINNEBAGO | IL |
| 431873 | 50.129.92.32 | DEKALB | DEKALB | IL |
| 431874 | 50.140.131.57 | ADDISON | DUPAGE | IL |

HIGHLIGHT = GEO-CODED RESULTS ONLY
ALL OTHERS FROM ACCOUNT RECORDS

1

| TICKET # | IP ADDRESS | CUSTOMER CITY | CUSTOMER COUNTY | CUSTOMER STATE |
|---|---|---|---|---|
| 431875 | 50.140.165.240 | CHICAGO | COOK | IL |
| 431876 | 50.140.169.244 | CHICAGO | COOK | IL |
| 431877 | 50.140.178.114 | BOLINGBROOK | WILL, DUPAGE | IL |
| 431878 | 50.141.247.73 | DEKALB | DEKALB | IL |
| 431879 | 50.141.173.240 | CHICAGO | COOK | IL |
| 431880 | 50.141.215.254 | BROOKFIELD | COOK | IL |
| 431881 | 50.141.254.153 | FORT WAYNE | ALLEN | IN |
| 431882 | 50.77.161.249 | CHICAGO | COOK | IL |
| 431883 | 67.162.108.239 | CHICAGO | COOK | IL |
| 431884 | 67.162.29.173 | DEKALB | DEKALB | IL |
| 431885 | 67.162.29.246 | DEKALB | DEKALB | IL |
| 431886 | 67.162.38.22 | CHICAGO | COOK | IL |
| 431887 | 67.162.39.33 | CHICAGO | COOK | IL |
| 431888 | 67.162.47.179 | WAUKEGAN | LAKE | IL |
| 431889 | 67.162.51.34 | WORTH | COOK | IL |
| 431890 | 67.162.81.65 | CHICAGO | COOK | IL |
| 431891 | 67.163.4.99 | DEKALB | DEKALB | IL |
| 431892 | 67.163.69.45 | COUNTRYSIDE | COOK | IL |
| 431893 | 67.163.76.75 | ORLAND PARK | COOK | IL |
| 431894 | 67.163.89.166 | JOLIET | WILL, KENDALL | IL |
| 431895 | 67.163.9.43 | MOUNT PROSPECT | COOK | IL |
| 431896 | 67.165.167.146 | BARTLETT | KANE, DUPAGE, COOK | IL |
| 431897 | 67.165.178.74 | CHICAGO | COOK | IL |
| 431898 | 67.165.179.58 | CHICAGO | COOK | IL |
| 431909 | 67.165.182.136 | CHICAGO | COOK | IL |
| 431910 | 67.165.183.182 | CHICAGO | COOK | IL |
| 431911 | 67.167.112.222 | GLEN ELLYN | DUPAGE | IL |
| 431912 | 67.167.13.9 | QUINCY | ADAMS | IL |
| 431913 | 67.167.13.99 | QUINCY | ADAMS | IL |
| 431914 | 67.167.18.189 | BUFFALO GROVE | COOK | IL |
| 431915 | 67.167.210.178 | CHICAGO | COOK | IL |
| 431916 | 67.167.246.116 | WARRENVILLE | DUPAGE | IL |
| 431917 | 67.173.104.228 | WAUKEGAN | LAKE | IL |
| 431918 | 67.173.113.134 | WOODRIDGE | DUPAGE | IL |
| 431919 | 67.173.142.217 | WESTMONT | DUPAGE | IL |
| 431920 | 67.173.41.116 | LOMBARD | DUPAGE | IL |
| 431921 | 67.173.67.242 | ROLLING MEADOWS | COOK | IL |
| 431922 | 67.173.71.42 | CHICAGO | COOK | IL |
| 431923 | 67.173.81.33 | PALATINE | COOK | IL |
| 431924 | 67.173.94.229 | WAUKEGAN | LAKE | IL |
| 431925 | 67.174.12.22 | RIVER FOREST | COOK | IL |
| 431926 | 67.174.24.44 | ITASCA | DUPAGE | IL |
| 431927 | 67.174.3.197 | CHANNAHON | WILL | IL |
| 431928 | 67.174.7.214 | STONE PARK | COOK | IL |
| 431930 | 67.175.164.253 | MELROSE PARK | COOK | IL |
| 431931 | 67.175.167.179 | CHICAGO | COOK | IL |
| 431932 | 67.175.201.238 | CHICAGO | COOK | IL |
| 431933 | 67.175.219.14 | DEKALB | DEKALB | IL |
| 431934 | 67.175.225.135 | SCHILLER PARK | COOK | IL |
| 431935 | 67.175.34.7 | WESTERN SPRINGS | COOK | IL |
| 431936 | 67.175.45.113 | CHICAGO | COOK | IL |
| 431937 | 67.175.62.183 | LOCKPORT | WILL | IL |
| 431938 | 67.176.150.212 | CHICAGO | COOK | IL |
| 431939 | 67.175.64.86 | CHICAGO | COOK | IL |
| 431940 | 67.175.7.224 | CHICAGO | COOK | IL |
| 431942 | 67.176.153.52 | LAKE IN THE HILLS | MCHENRY | IL |
| 431943 | 67.176.182.107 | BLOOMINGTON | MCLEAN | IL |
| 431944 | 67.184.1.244 | LISLE | DUPAGE | IL |
| 431945 | 67.184.166.20 | ALGONQUIN | MCHENRY, KANE | IL |
| 431946 | 67.184.177.95 | CHICAGO | COOK | IL |
| 431947 | 67.184.228.60 | WEST DUNDEE | KANE | IL |
| 431948 | 67.184.24.103 | NORTH AURORA | KANE | IL |

HIGHLIGHT = GEO-CODED RESULTS ONLY
ALL OTHERS FROM ACCOUNT RECORDS

2

| TICKET # | IP ADDRESS | CUSTOMER CITY | CUSTOMER COUNTY | CUSTOMER STATE |
|----------|------------|---------------|-----------------|----------------|
| 431949 | 67.184.86.237 | ROSELLE | DUPAGE, COOK | IL |
| 431950 | 67.186.127.41 | BOLINGBROOK | WILL, DUPAGE | IL |
| 431951 | 67.186.83.184 | ORLAND PARK | COOK | IL |
| 431952 | 67.186.86.5 | DANVILLE | VERMILION | IL |
| 431953 | 67.186.92.192 | CAROL STREAM | DUPAGE | IL |
| 431954 | 68.51.99.159 | ELGIN | KANE, COOK | IL |
| 431955 | 68.57.197.175 | NORRIDGE | COOK | IL |
| 431956 | 68.57.219.140 | CHICAGO | COOK | IL |
| 431957 | 68.57.231.126 | ROCKFORD | WINNEBAGO | IL |
| 431958 | 68.57.233.25 | CHICAGO | COOK | IL |
| 431959 | 68.58.155.157 | CHICAGO | COOK | IL |
| 431960 | 68.58.68.84 | ROCKFORD | WINNEBAGO | IL |
| 431961 | 69.136.14.225 | DECATUR | MACON | IL |
| 431962 | 69.136.9.65 | DECATUR | MACON | IL |
| 431963 | 69.245.251.141 | CHICAGO | COOK | IL |
| 431964 | 69.246.215.8 | WAUCONDA | LAKE | IL |
| 431965 | 69.246.223.186 | CRYSTSAL LAKE | MCHENRY | IL |
| 431966 | 71.194.120.21 | PALATINE | COOK | IL |
| 431967 | 71.194.120.232 | PALATINE | COOK | IL |
| 431968 | 71.194.185.170 | CHICAGO | COOK | IL |
| 431969 | 71.194.189.101 | STREAMWOOD | COOK | IL |
| 431970 | 71.194.248.8 | NEW LENOX | WILL | IL |
| 431971 | 71.194.47.68 | NEW LENOX | WILL | IL |
| 431972 | 71.194.6.203 | AURORA | KANE, KENDALL, ETC | IL |
| 431973 | 71.194.75.167 | SCHILLER PARK | COOK | IL |
| 431974 | 71.194.76.21 | ROSELLE | DUPAGE, COOK | IL |
| 431975 | 71.194.86.35 | SKOKIE | COOK | IL |
| 431977 | 71.201.196.162 | CHICAGO | COOK | IL |
| 431978 | 71.201.20.218 | CHICAGO | COOK | IL |
| 431979 | 71.201.200.210 | BERWYN | COOK | IL |
| 431981 | 71.201.225.111 | BELLWOOD | COOK | IL |
| 431982 | 71.201.240.10 | ROMEOVILLE | WILL | IL |
| 431983 | 71.201.48.224 | FOREST PARK | COOK | IL |
| 431984 | 71.201.53.217 | CHICAGO | COOK | IL |
| 431985 | 71.201.68.61 | CHICAGO | COOK | IL |
| 431986 | 71.228.2.201 | SPRING VALLEY | BUREAU | IL |
| 431987 | 71.228.2.27 | LA SALLE | LASALLE | IL |
| 431988 | 71.228.23.118 | NAPERVILLE | DUPAGE, WILL | IL |
| 431989 | 71.228.23.45 | NAPERVILLE | DUPAGE, WILL | IL |
| 431990 | 71.229.73.180 | BLOOMINGTON | MCLEAN | IL |
| 431991 | 71.229.75.58 | NORMAL | MCLEAN | IL |
| 431992 | 71.239.129.20 | WHEATON | DUPAGE | IL |
| 431993 | 71.239.186.221 | ZION | LAKE | IL |
| 431994 | 71.239.187.67 | GRAYSLAKE | LAKE | IL |
| 431995 | 71.239.253.249 | CHICAGO | COOK | IL |
| 431996 | 71.239.27.180 | CHICAGO | COOK | IL |
| 431997 | 71.239.43.67 | NEW LENOX | WILL | IL |
| 431998 | 71.239.44.253 | CHICAGO | COOK | IL |
| 431999 | 71.239.55.92 | HUNTLEY | MCHENRY, KANE | IL |
| 432000 | 71.239.61.141 | CHICAGO | COOK | IL |
| 432001 | 71.239.90.45 | GURNEE | LAKE | IL |
| 432002 | 71.57.3.17 | NAPERVILLE | DUPAGE, WILL | IL |
| 432003 | 71.57.33.24 | NILES | COOK | IL |
| 432004 | 71.57.44.80 | FRANKLIN PARK | COOK | IL |
| 432006 | 71.57.63.157 | JOLIET | WILL, KENDALL | IL |
| 432007 | 71.57.92.76 | ROSELLE | DUPAGE, COOK | IL |
| 432008 | 75.150.227.205 | ROSELLE | DUPAGE, COOK | IL |
| 432009 | 76.16.1.11 | DOWNERS GROVE | DUPAGE | IL |
| 432012 | 76.16.189.233 | EVERGREEN PARK | COOK | IL |
| 432013 | 76.16.213.19 | CHICAGO | COOK | IL |
| 432014 | 76.16.243.52 | SCHAUMBURG | DUPAGE | IL |
| 432015 | 76.16.255.164 | CHICAGO | COOK | IL |

HIGHLIGHT = GEO-CODED RESULTS ONLY
ALL OTHERS FROM ACCOUNT RECORDS

3

| TICKET # | IP ADDRESS | CUSTOMER CITY | CUSTOMER COUNTY | CUSTOMER STATE |
|---|---|---|---|---|
| 432016 | 76.23.65.126 | CHICAGO | COOK | IL |
| 432017 | 76.23.68.15 | WAUKEGAN | LAKE | IL |
| 432018 | 76.23.78.180 | PEORIA | PEORIA | IL |
| 432019 | 76.29.26.158 | MORTON GROVE | COOK | IL |
| 432020 | 76.29.32.36 | CHICAGO | COOK | IL |
| 432021 | 76.29.35.172 | ANTIOCH | LAKE | IL |
| 432022 | 76.29.36.240 | CHICAGO | COOK | IL |
| 432023 | 76.29.44.43 | CHICAGO | COOK | IL |
| 432024 | 76.29.53.56 | PALATINE | COOK | IL |
| 432025 | 76.29.63.21 | PALATINE | COOK | IL |
| 432026 | 76.29.79.47 | CICERO | COOK | IL |
| 432027 | 76.29.97.30 | POSEN | COOK | IL |
| 432028 | 98.193.110.119 | PLAINFIELD | WILL, KENDALL | IL |
| 432029 | 98.193.41.242 | HUNTLEY | MCHENRY | IL |
| 432030 | 98.193.9.222 | WAUKEGAN | LAKE | IL |
| 432031 | 98.206.106.234 | OAK FOREST | COOK | IL |
| 432032 | 98.206.11.227 | GLENVIEW | COOK | IL |
| 432033 | 98.206.118.16 | MERRIONETTE PARK | COOK | IL |
| 432034 | 98.206.198.204 | CHICAGO | COOK | IL |
| 432035 | 98.206.227.66 | MOKENA | WILL | IL |
| 432037 | 98.206.231.28 | HINSDALE | DUPAGE | IL |
| 432038 | 98.206.245.122 | CHICAGO | COOK | IL |
| 432039 | 98.206.38.123 | CHICAGO | COOK | IL |
| 432040 | 98.206.40.164 | CHICAGO | COOK | IL |
| 432041 | 98.206.44.107 | CHICAGO | COOK | IL |
| 432042 | 98.206.48.241 | MCHENRY | MCHENRY | IL |
| 432043 | 98.206.98.9 | WARRENVILLE | DUPAGE | IL |
| 432044 | 98.212.11.69 | ROCKFORD | WINNEBAGO | IL |
| 432045 | 98.212.135.39 | URBANA | CHAMPAIGN | IL |
| 432047 | 98.212.155.105 | CHAMPAIGN | CHAMPAIGN | IL |
| 432048 | 98.212.190.193 | DES PLAINES | COOK | IL |
| 432049 | 98.212.196.209 | CHAMPAIGN | CHAMPAIGN | IL |
| 432050 | 98.212.197.162 | CHAMPAIGN | CHAMPAIGN | IL |
| 432051 | 98.212.220.251 | KEWANEE | HENRY | IL |
| 432052 | 98.212.227.110 | ROCKFORD | WINNEBAGO | IL |
| 432053 | 98.212.36.159 | BELVIDERE | BOONE | IL |
| 432054 | 98.212.49.254 | | | |
| 432055 | 98.212.62.146 | ROCKFORD | WINNEBAGO | IL |
| 432056 | 98.213.105.3 | SPRINGFIELD | SANGAMON | IL |
| 432057 | 98.213.108.128 | CHICAGO | COOK | IL |
| 432058 | 98.213.127.203 | ROCKFORD | WINNEBAGO | IL |
| 432059 | 98.213.129.83 | LOVES PARK | WINNEBAGO, BOONE | IL |
| 432063 | 98.213.154.107 | ROCKFORD | WINNEBAGO | IL |
| 432064 | 98.213.161.246 | CHICAGO | COOK | IL |
| 432066 | 98.213.177.66 | CHICAGO | COOK | IL |
| 432067 | 98.213.182.122 | CHICAGO | COOK | IL |
| 432069 | 98.213.192.42 | LOVES PARK | WINNEBAGO,BOONE | IL |
| 432070 | 98.213.208.66 | CHICAGO | COOK | IL |
| 432071 | 98.213.210.20 | CHICAGO | COOK | IL |
| 432072 | 98.213.227.230 | CHERRY VALLEY | WINNEBAGO, BOONE | IL |
| 432073 | 98.213.232.172 | JUSTICE | COOK | IL |
| 432074 | 98.213.38.72 | CHICAGO | COOK | IL |
| 432075 | 98.213.47.27 | HARWOOD HEIGHTS | COOK | IL |
| 432076 | 98.213.51.85 | WILMETTE | COOK | IL |
| 432077 | 98.213.88.34 | GLENWOOD | COOK | IL |
| 432078 | 98.213.93.81 | GLENWOOD | COOK | IL |
| 432079 | 98.214.161.8 | PEORIA | PEORIA | IL |
| 432080 | 98.214.170.43 | DUNLAP | PEORIA | IL |
| 432082 | 98.214.217.213 | DECATUR | MACON | IL |
| 432083 | 98.215.116.187 | BLOOMINGTON | MCLEAN | IL |
| 432084 | 98.215.210.179 | SPRINGFIELD | SANGAMON | IL |
| 432085 | 98.215.212.122 | SPRINGFIELD | SANGAMON | IL |

HIGHLIGHT = GEO-CODED RESULTS ONLY
ALL OTHERS FROM ACCOUNT RECORDS

4

| TICKET # | IP ADDRESS | CUSTOMER CITY | CUSTOMER COUNTY | CUSTOMER STATE |
|---|---|---|---|---|
| 432086 | 98.215.224.142 | CHICAGO | COOK | IL |
| 432087 | 98.215.227.45 | CHICAGO | COOK | IL |
| 432088 | 98.215.249.197 | SPRINGFIELD | SANGAMON | IL |
| 432089 | 98.215.32.36 | CHICAGO | COOK | IL |
| 432090 | 98.215.35.193 | CHICAGO | COOK | IL |
| 432091 | 98.215.54.93 | BLOOMINGTON | MCLEAN | IL |
| 432092 | 98.215.77.122 | CHICAGO | COOK | IL |
| 432093 | 98.215.86.225 | BLOOMINGTON | MCLEAN | IL |
| 432096 | 98.222.132.14 | CHAMPAIGN | CHAMPAIGN | IL |
| 432097 | 98.222.55.252 | URBANA | CHAMPAIGN | IL |
| 432098 | 98.222.65.129 | QUINCY | ADAMS | IL |
| 432099 | 98.222.74.155 | BARRINGTON | COOK | IL |
| 432100 | 98.222.75.251 | LAKE ZURICH | LAKE | IL |
| 432101 | 98.222.90.191 | PEORIA | PEORIA | IL |
| 432102 | 98.223.10.117 | BEACH PARK | LAKE | IL |
| 432103 | 98.223.168.201 | CHICAGO | LAKE | IL |
| 432104 | 98.223.212.218 | GLENDALE HEIGHTS | DUPAGE | IL |
| 432105 | 98.223.3.225 | HOFFMAN ESTATES | COOK,LASALLE | IL |
| 432106 | 98.223.8.13 | BEACH PARK | LAKE | IL |
| 432107 | 98.223.8.234 | ZION | LAKE | IL |
| 432108 | 98.223.89.194 | BLOOMINGTON | MCLEAN | IL |
| 432112 | 98.226.118.15 | ROCKFORD | WINNEBAGO | IL |
| 432122 | 98.226.17.78 | ORLAND HILLS | COOK | IL |
| 432123 | 98.226.211.151 | ELK GROVE VILLAGE | DUPAGE | IL |
| 432124 | 98.226.68.25 | BERWYN | COOK | IL |
| 432125 | 98.227.107.209 | CHICAGO | COOK | IL |
| 432126 | 98.227.107.24 | CHICAGO | COOK | IL |
| 432127 | 98.227.110.118 | CHICAGO | COOK | IL |
| 432128 | 98.227.134.132 | KANKAKEE | KANKAKEE | IL |
| 432129 | 98.227.137.60 | CARPENTERSVILLE | KANE | IL |
| 432130 | 98.227.146.114 | CARPENTERSVILLE | KANE | IL |
| 432131 | 98.227.166.161 | CALUMET CITY | COOK | IL |
| 432132 | 98.227.220.235 | GLENDALE HEIGHTS | DUPAGE | IL |
| 432133 | 98.227.221.131 | GLENDALE HEIGHTS | DUPAGE | IL |
| 432134 | 98.227.240.143 | MATTESON | COOK | IL |
| 432135 | 98.227.36.247 | DEKABL | DEKALB | IL |
| 432136 | 98.227.93.145 | RICHTON PARK | COOK | IL |
| 432137 | 98.228.179.208 | DEKALB | DEKALB | IL |
| 432138 | 98.228.138.109 | NAPERVILLE | DUPAGE, WILL | IL |
| 432139 | 98.228.196.35 | NILES | COOK | IL |
| 432140 | 98.228.214.119 | ARLINGTON HEIGHTS | COOK, LAKE | IL |
| 432141 | 98.228.231.69 | ARLINGTON HEIGHTS | COOK, LAKE | IL |
| 432142 | 98.228.239.222 | ARLINGTON HTS | CHAMPAIGN | IL |
| 432143 | 98.228.50.64 | CHAMPAIGN | CHAMPAIGN | IL |
| 432144 | 98.228.245.111 | SCHAUMBURG | DUPAGE | IL |
| 432145 | 98.228.72.139 | CHICAGO | COOK | IL |
| 432146 | 98.228.73.51 | CHICAGO | COOK | IL |
| 432147 | 98.253.133.48 | BURBANK | COOK | IL |
| 432149 | 98.253.178.180 | WEST CHICAGO | DUPAGE | IL |
| 432150 | 98.253.188.21 | CHICAGO | COOK | IL |
| 432151 | 98.253.233.38 | WILMETTE | COOK | IL |
| 432152 | 98.253.39.234 | WHEELING | COOK | IL |

HIGHLIGHT = GEO-CODED RESULTS ONLY
ALL OTHERS FROM ACCOUNT RECORDS

5



Morgan Pietz <morganpietz@gmail.com>

## Urgent M&C Request on Guava v. Comcast - St. Clair County 12-MR-417

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                     Thu, Feb 14, 2013 at 9:15 AM
To: Kevin Hoerner <kth@bphlaw.com>
Cc: "paduffy@wefightpiracy.com" <paduffy@wefightpiracy.com>, "johnlsteele@gmail.com"
<johnlsteele@gmail.com>, "jlsteele@wefightpiracy.com" <jlsteele@wefightpiracy.com>,
"lbeasley@ilmoattorneys.com" <lbeasley@ilmoattorneys.com>, "Thomas V. Leverso" <tvleverso@gmail.com>,
Erin Russell <erin@russellfirmchicago.com>, "John D. Seiver" <johnseiver@dwt.com>,
"atoennies@lashlybaer.com" <atoennies@lashlybaer.com>, "holly@ghalaw.com" <holly@ghalaw.com>,
"acallahan@sakawys.com" <acallahan@sakawys.com>

> Thanks, Kevin.  Just to be clear then, you signed the pleading, and you are now re-confirming that it was
> correct: the person who verified the petition in this action is named "Alan Mony."
>
> We will proceed on that basis then.
>
> If you change your story later, after refusing to meet and confer on this now, I am going to have to no choice
> but to seek attorneys' fees.
>
> Best regards,
> Morgan
>
> On Thu, Feb 14, 2013 at 8:32 AM, Kevin Hoerner <kth@bphlaw.com> wrote:

>> The issues have already been briefed.  See you in court.
>>
>>
>> **Kevin T. Hoerner**
>>
>> **Attorney at Law**
>>
>> **Becker, Paulson, Hoerner & Thompson, P.C.**
>>
>> **5111 West Main Street**
>>
>> **Belleville, Illinois 62226**
>>
>> **Phone: 618.235.0020**
>>
>> **From:** morganpietz@gmail.com [mailto:morganpietz@gmail.com] **On Behalf Of** Morgan E. Pietz
>> **Sent:** Thursday, February 14, 2013 10:29 AM
>> **To:** paduffy@wefightpiracy.com; johnlsteele@gmail.com; jlsteele@wefightpiracy.com
>> **Cc:** lbeasley@ilmoattorneys.com; Thomas V. Leverso; Erin Russell; John D. Seiver;
>> atoennies@lashlybaer.com; holly@ghalaw.com; acallahan@sakawys.com
>>
>> **Subject:** Urgent M&C Request on Guava v. Comcast - St. Clair County 12-MR-417

John, Paul, and Kevin,

In the interest of advancing the issues in this case, and ensuring that we don't have any more surprises at
the hearing next week, I'd like to meet and confer with you on an important new issue in this case,
stemming from your oppositions, on an expedited basis.

In Court yesterday, I asked Kevin if "Alan Moay" actually exists.  That may seem like an unusual question to
ask, but as you know, my experience with the mysterious "Alan Cooper" involved in your other lawsuits has
conditioned me to be skeptical.

Kevin told me that someone did verify the petition in this case, but that there may have been some kind of
typo on the name, but that he was not sure on the details.

Having now reviewed your opposition to Tom Leverso's motion (p. 5), I see that the new story is that the
verification supposedly says "Alan Mony" not "Alan Moay."  The verification sure looks like "Alan Moay" to
me.  Since it appears there may be a factual dispute about that point, I would ask you to bring the original
with you to Court next week.

More importantly, the name "Alan Mony" rings a bell.  I note that a man named "Allan Mooney" has
previously been listed as the manager of MCGIP, LLC, one of Prenda's earlier shell company plaintiffs.  I
further note that the address for MCGIP, LLC is "care of" Alpha Law Group, the most recent affiliation for
John's former (current?) law partner Paul Hansemeier, who is also the brother of Prenda's current preferred
technical expert Pete Hansemeier.  See the attached Minnesota Secretary of State business entity detail for
MCGIP, LLC.  Further, I note that a man with the name "Allen Mooney" is apparently involved in the online
adult entertainment business, per the attached Adult Industry News article where Allan Mooney was selling
the domain name <orgasms.com>.  Finally, I note that one "Alan Mooney" is also a current client of Alpha
Law / Paul Hansemeier, in *Mooney v. Priceline.Com Incorporated et al.*, No. 12-cv-02731-DWF-JSM (D.
Minn. Oct. 26, 2012) (listing Paul Hansemeier of Alpha Law Firm LLC as attorney of record for plaintiff
"Alan Mooney").  See the attached copy of the original Hennepin County complaint in that matter.

I further note that this is not the fist time there have been questions about Prenda submitting bogus
verifications (*see* Alan Cooper).  For that matter, it is not the first time a supposed Prenda "client" has
supposedly had trouble spelling their own name correctly on the signature line of a document where they
swore to tell the truth under penalty of perjury (*see* Daniel Web[b]er in the *Sunlust* case, where I
understand that the sanctions motions for both the initial fraud on the Court, and the subsequent fraudulent
declaration trying to explain the first fraud, are still pending).

I note that unlike the other oppositions I received, which were supposedly signed by Paul Duffy, that in the
opposition to Mr. Leverso's motion, which was the only one communicating the supposed new spelling for

Supplemental Exhibits - Page 110

your verifying client "Alan Mony", Kevin Hoerner signed, rather than counsel from Chicago.  Perhaps this is to maintain plausible deniability so that when it turns out the person's name is really "Allan Mooney" you can blame it on a miscommunication over the phone?  All of this just seems like a ploy to try and explain away that there are too many letters for "Allan Mooney" to be mistaken for "Alan Moay."

I would really like to believe that *this* case is not also a fraud, and that you are not attempting to cover up one lie with another (again).  But like I said, experience has taught me to be skeptical where Prenda is concerned.

So, in light of all these facts, and in order to give you an opportunity, in good faith, to explain yourself prior to the hearing, I have two questions:

(1) What is the correct spelling of the name of the person who verified the petition, what is that person's address, and are "Allen Mooney" of MCGIP fame, and "Alan Moay/Mony" the verifying "client" here, the same person?

(2) Since you repeatedly note in the oppositions that your verification is legitimate because it is notarized, what is the name, state, registration number, and business address for the notary who supposedly witnessed Mr. Al[l]an Moay/Mony/Mooney sign the verification?

Note that these good faith meet and confer questions are separate and apart from the issue of whether it is appropriate for Tom to use a Rule 237 and OSC procedure to compel you to produce the affiant and notary to testify at an evidentiary hearing.  For sure, we will get to that at the hearing next week.

I would like to incorporate and address your response on these questions into a combined reply, as courtesy to the Court.  In order to give the Judge time to read everything, I plan to file the reply on Friday.  Accordingly, I must insist that you get back to me by tonight (2/14). If this case is not a fraud, then you should have no problem providing this information, since I assume it must be readily at hand.  And then just bring the original verification with you next week.

Please feel free to give me a call if you'd like to discuss.

Best regards,

Morgan

On Thu, Feb 7, 2013 at 2:33 PM, Morgan E. Pietz <mpietz@pietzlawfirm.com> wrote:

Paul,

As you know, since I served you with a copy, I filed a motion to quash in this case.

I have not seen any kind of a response to my motion, or to any of the other similar motions filed by the other attorneys representing other Does. Did you file a response? If you did, or if you are still planning on doing so, please make sure you serve me with a copy ASAP.

Best regards,
Morgan

P.S. Note that I could not find an email address for Earl Hubbs, who I understand is also counsel for another objecting John Doe. If anyone else has it, please forward this correspondence to him.

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

Law Offices of Thomas V. Leverso 38 West Higgins Road, Suite 3080, South Barrington, IL 60010

FAX

2/15/2013

TO: Morgan Pietz

FAX: (310) 546-5301

PHONE: (310) 424-5557

FROM: Thomas Leverso

FAX: 630-627-1360

PHONE: 630-936-9902

PAGES: 18 (including this Cover

RE: "Alan Mony"

CC: N/A

COMMENTS:

Morgan:

Our investigation was able to turn up an "Allan Mony" in Indiana with two letter "L's". His only alias/alternate spelling is the name "Allen" with the letter "E" and still two letter "L's".

Regards,

T.

☐ URGENT

☐ PLEASE COMMENT

☐ PLEASE REVIEW

☐ FOR YOUR RECORDS



Supplemental Exhibits - Page 113

Feb 15 13:22:03 Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 Page 114 of 130 Page ID
#:890
Results for Alan Mony                                                                                    Page 1 of 2

## USA People Search — Find Anyone Instantly. Search Now!

Member Login

| People Search | Reverse Phone Lookup | Background Check | Criminal Records | Public Records |

| First: Alan | Mid. | Last: Mony | City: | State: All States | Zip: | Age: | SEARCH |

Similar names: Alith Mony, Alan Mony, Al Mony

Looking for A Mony? With USA People Search, you can find and reconnect with family, old friends, relatives just about anyone! We located A Mony in Portland, OR. Simply choose a record to get current address, phone number, plus more detailed background information! Reports are instant!

Found 33 results for A Mony

### For better results, please add a state

| Name/AKAs | Age | Address City, State | Phone | Possible Relatives | |
|---|---|---|---|---|---|
| 1. **MONY, ANTITHE**<br>Associated names:<br>ANTITHE, MONY | 35 | PORTLAND, OR<br>SEATTLE, WA | ✓ | MONY, ANNE (age 32)<br>MONY, LOUIS D'CERES (age 26)<br>PIERRE, ROSELENE M | View Details |
| 2. **MONY, ANIKA A**<br>Associated names:<br>MEYERS, ANIKA ANNE | 37 | PLAINWELL, MI<br>GALESBURG, MI<br>KALAMAZOO, MI | ✓ | MEYERS, MATTHEW LEE (age 38)<br>MONY, ANTHONY WILLIAM/CHARLES (age 34)<br>MONY, KRISTINA EL ZABETH (age 41)<br>See all relatives... | View Details |
| 3. **MONY, ADITYA** | 39 | TRENTON, NJ<br>FALLS CHURCH, VA<br>PLAINSBORO, NJ<br>DEVON, PA<br>PRINCETON JCT, NJ<br>NEW PROVIDENCE, NJ<br>OREM, UT<br>BRIDGEPORT, CT<br>OKLAHOMA CITY, OK<br>HOUSTON, TX | ✓ | MONY, NEERJA A | View Details |
| 4. **MONY, ANTHONY W** | 25 | PLAINWELL, MI<br>KALAMAZOO, MI<br>GALESBURG, MI<br>BRONX, NY | ✓ | | View Details |
| 5. **MONY, A.J. F** | 64 | GAINESVILLE, FL<br>CLEARWATER, FL | | MONY, ANGELA<br>MONY, FREDERICK | View Details |
| 6. **MONY, ALLAN B**<br>Associated names:<br>ALLEN, MONY | 65 | BRAZIL, IN | ✓ | HARTY, SALLY J (age 64) | View Details |
| 7. **MONY, ASHA**<br>Associated names:<br>MANY, ASHA<br>PARAMESWARAN, VICKY | 40 | TUCSON, AZ<br>CANTON, MI<br>MADISON HEIGHTS, MI<br>WESTLAND, MI | ✓ | | View Details |
| 8. **MONY, AIMAN JUDGE**<br>Associated names:<br>QADY, AIMAN S<br>A-MAN, AL QUADY<br>QADY, AIMAN-S<br>A-QADY, A<br>MOUSTAFA, AIMAN S<br>QADY, AIDEN S | 49 | DUBUQUE, IA<br>NAPERVILLE, IL<br>CAROL STREAM, IL<br>ROLLING MEADOWS, IL | ✓ | | View Details |
| 9. **MONY, ANGELA** | | GAINESVILLE, FL<br>CLEARWATER, FL | | MONY, A.J. F (age 64)<br>MONY, FREDERICK | View Details |
| 10. **MONY, ANITHE** | 41 | PORTLAND, OR<br>SEATTLE, WA | | MONY, HERARD | View Details |
| 11. **MONY, ALEXANDER B** | 23 | LONG BEACH, CA<br>SIGNAL HILL, CA | | | View Details |
| 12. **MONY, ANNE MARILIA** | | SEATTLE, WA | | | View Details |
| 13. **MONY, ASOMA** | 31 | MIAMI, OK | | | View Details |
| 14. **MONY, ANITHA** | 35 | HONOLULU, HI<br>SANTA MARIA, CA | | | View Details |
| 15. **MONY, ANSY** | 164 | | | | View Details |

| 16. | MONY, ABERGEL | | NEW YORK, NY | ✓ | | |
| 17. | MONY, ALY | | LONG BEACH, CA | ✓ | | |
| 18. | MONY, ABRAHAM | | HALETHORPE, MD | | | |
| 19. | MONY, AMY | | WORCESTER, MA | ✓ | | |
| 20. | MONY, ANTHONY | | ALEXANDRIA, VA | ✓ | | |
| 21. | MONY, ANDRE | | MIAMI, FL | ✓ | | |
| 22. | MONY, ABOITE | | BRADEN RIVER, FL | ✓ | | |
| 23. | MONY, ABCYD | | APACHE JUNCTION, AZ | | | |
| 24. | MONY, ARTIS J<br>Associated names:<br>J. MONDY A | 75 | DALLAS, TX | ✓ | | |
| 25. | MONY, ANITHA | 45 | KAPOLEI, HI | | | |
| 26. | MONY, ANITHE | 41 | SEATTLE, WA | | | |
| 27. | MONY, AMANDA | | WEST BLOOMFIELD, MI | | | |
| 28. | MONY, ANTHONY | | PLAINWELL, MI | ✓ | | |
| 29. | MONY, ANTHONY | | PLAINWELL, MI | ✓ | | |
| 30. | MONY, ANTHONY | 41 | PLAINWELL, MI | ✓ | | |
| 31. | MONY, ALEX | 41 | PHILADELPHIA, PA | | | |
| 32. | MONY, ALEX | 40 | PHILADELPHIA, PA | | | |
| 33. | MONY, ANN | | LAS VEGAS, NV | ✓ | | |

| First: | Mid. | Last: | City. | State: | Zip: | Age: |
|--------|------|-------|-------|--------|------|------|
| Alan | | Mony | | All States | | |



USA People Search — *Find Anyone Instantly, Search Now!*

Member Login

People Search | Reverse Phone Lookup | Background Check | Criminal Records | Public Records

| F irst | Mid. | Last | City | State | Zip | Age |
|--------|------|------|------|-------|-----|-----|
| Alan | | Mony | belleville | Illinois | | Estimated |

Similar names: Alan Mony, Alan Many, Al Mony

Looking for A Mony? With USA People Search, you can find and reconnect with family, old friends, relatives just about anyone! We located A Mony in Dubuque, IA. Simply choose a record to get current address, phone number, plus more detailed background information! Reports are instant!

Found 2 results for A Mony Il.

| Name/Alias | Age | Address (City, State) | Phone | Possible Relatives | |
|------------|-----|----------------------|-------|--------------------|--|
| 1. MONY, AIMAN JUDGE | 46 | DUBUQUE, IA<br>NAPERVILLE, IL<br>CAROL STREAM, IL<br>ROLLING MEADOWS, IL | n/a | ALQADY, IBRAHIM | View Details |
| Associated names:<br>AIMAN AL QJADY<br>QADY, AIMAN S<br>QADY, AIMAN S<br>QADY, AIMEM S<br>ALQADY, A<br>MOUSTAFA, AIMAN S | | | | | |
| 2. MONY, ACHARYA | | GLENVIEW, IL | n/a | | View Details |

©2012 USA People Search

Feb 15 13 12:04p Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 Page 118 of 130 Page ID
#:894
Results for Alan Mony Chicago Il Page 1 of 1



# USA People Search    Find Anyone Instantly, Search Now!

Member Login

| People Search | Reverse Phone Lookup | Background Check | Criminal Record | Public Records |

| First | Mid. | Last | City | State | Zip | Age |
|-------|------|------|------|-------|-----|-----|
| Alan  |      | Mony | minneapolis | Minnesota | | |

Looking for A Mony? With USA People Search, you can find and reconnect with family, old friends, relatives just about anyone! We located A Mony in Portland, OR. Simply choose a record to get current address, phone number, plus more detailed background information! Reports are instant!

Found 30 results for A Mony:

| Name/Aka | Age | Address, City, State | Phone | Possible Relatives |
|----------|-----|---------------------|-------|--------------------|
| 1 | MONY, ANTITHE<br>Associated names:<br>ANTHE, MONY | 41 | PORTLAND, OR<br>SEATTLE, WA | ✓ | MONY, ANNE (age 32)<br>MONY, HERARD<br>MONY, LOUIS DICERES (age 20)<br>see all relatives | 3days 22hrs 44min |
| 2 | MONY, ANIKA A<br>Associated names:<br>MEYERS, ANIKA ANNE | 37 | PLAINWELL, MI<br>GALESBURG, MI<br>KALAMAZOO, MI | ✓ | MEYERS, MATTHEW (age 38)<br>MONY, ANTHONY WILLIAU CHARLES (age 35)<br>MONY, KRISTINA ELIZABETH (age 41)<br>see all relatives | |
| 3 | MONY, ADITYA | 39 | TRENTON, NJ<br>FALLS CHURCH, VA<br>PLAINSBORO, NJ<br>DEVON, PA<br>PRINCETON JCT, NJ<br>NEW PROVIDENCE, NJ<br>OREM, UT<br>BRIDGEPORT, CT<br>OKLAHOMA CITY, OK<br>HOUSTON, TX | ✓ | MONY, NEERJA A | |
| 4 | MONY, ANTHONY W | 35 | PLAINWELL, MI<br>KALAMAZOO, MI<br>GALESBURG, MI<br>BRONX, NY | ✓ | | |
| 5 | MONY, AJ F | 54 | GAINESVILLE, FL<br>CLEARWATER, FL | | MONY, ANGELA<br>MONY, FREDERICK | |
| 6 | MONY, ALLAN B<br>Associated names:<br>ALLEN, MONY | 98 | BRAZIL, IN | ✓ | HARTY, SALLY J (age 54) | |
| 7 | MONY, ASHA<br>Associated names:<br>MANY, ASHA<br>PARAMESWARAN, MONY | 40 | TUCSON, AZ<br>CANTON, MI<br>MADISON HEIGHTS, MI<br>WESTLAND, MI | ✓ | | |
| 8 | MONY, AIMAN JUDGE<br>Associated names:<br>CADY, AIMAN S<br>AIMAN, AL QUADY<br>CADY, AIMAN S<br>ALCADY, A<br>MOUSTAFA, AIMAN S<br>CADY, AIMAN S | 49 | DUBUQUE, IA<br>NAPERVILLE, IL<br>CAROL STREAM, IL<br>ROLLING MEADOWS, IL | ✓ | | |
| 9 | MONY, ANGELA | | GAINESVILLE, FL<br>CLEARWATER, FL | | MONY, AJ F (age 54)<br>MONY, FREDERICK | |
| 10 | MONY, ALEXANDER B | 28 | LONG BEACH, CA<br>SIGNAL HILL, CA | | | |
| 11 | MONY, ANNE MARILIA | | SEATTLE, WA | | | |
| 12 | MONY, ASOMA | 31 | MIAMI, OK | | | |
| 13 | MONY, ANITHA | 35 | HONOLULU, HI<br>SANTA MARIA, CA | | | |
| 14 | MONY, ANSY | 104 | | | | |
| 15 | MONY, ABERGEL | | NEW YORK, NY | ✓ | | |
| 16 | MONY, ALY | | LONG BEACH, CA | ✓ | | |

Feb 15 12:13:04 Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 (650)927-1560 Page 120 of 130 Page ID
#:896
Results for Alan Mony Minneapolis Mn                                              Page 2 of 2

| 17 | MONY, ABRAHAM | | HALETHORPE, MD | | | |
| 18 | MONY, AMY | | WORCESTER, MA | | | |
| 19. | MONY, ANTHONY | | ALEXANDRIA, VA | | | |
| 20 | MONY, ANDRE | | MIAMI, FL | | | |
| 21 | MONY, ABOITE | | BRADEN RIVER, FL | | | |
| 22 | MONY, ABCYD | | APACHE JUNCTION, AZ | | | |
| 23 | MONY, ARTIS J | 75 | DALLAS, TX | | | |
|  | Associated names: J. MONDY A | | | | | |
| 24 | MONY, ANITHA | 45 | KAPOLE, HI | | | |
| 25 | MONY, AMANDA | | WEST BLOOMFIELD, MI | | | |
| 26 | MONY, ANTHONY | | PLAINWELL, MI | | | |
| 27. | MONY, ANTHONY | 41 | PLAINWELL, MI | | | |
| 28 | MONY, ALEX | 41 | PHILADELPHIA, PA | | | |
| 29. | MONY, ALEX | 40 | PHILADELPHIA, PA | | | |
| 30 | MONY, ANN | | LAS VEGAS, NV | | | |

| First | Mid | Last | City | State | Zip | Age |
|---|---|---|---|---|---|---|
| Alan | | Mony | minneapolis | Minnesota | | |

Supplemental Exhibits - Page 120

Feb 15 12:12:05 Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 Page 121 of 130 Page ID #:897

People Search from Intelius searches billions of public records instantly. Search free now!    Page 1 of 3





# Search results for Alan Mony in Chicago, IL.

We found 16 people that match your search.

Supplemental Exhibits - Page 121

People Search from Intelius searches billions of public records instantly. Search free now!   Page 2 of 3

Lim Mony — Schaumburg, IL; Seattle, WA

**6. Chelsey Mony**   Get more details

Chelsey Mony — Chicago, IL; Las Vegas, NV — Medical Physician — Steven Mony

**7. Vinod M Mony, age 38**   Get more details

Vinod M Mony — Westmont, IL; Addison; Hegewisch; Parsippany, NJ; Long Branch, NJ; Vienna

**8. Premalatha Mony, age 39**   Get more details

Premalatha Mony — Lombard, IL; Fairfield, IA; Indianola, IA; Centerville, IA — John Wiggins; Jean Wiggins; James Wiggins

**9. Vidya Krish Mony, age 30**   Get more details

Vidya Krish Mony — Lombard, IL; Troy, MI; Ann Arbor, MI — Krishnadev Mony; Usha Mony; Vijay Mony

**10. Sophan T Mony, age 45**   Get more details

Sophan T Mony — Chicago, IL; Bellingham, IL; Providence, RI

**11. Sreedevi Mony**   Get more details

Sreedevi Mony — Chicago, IL

**12. Mangesh Mony**   Get more details

Mangesh Mony — Buffalo Grove, IL; Moore

13. Barbara Mony

Barbara Mony     Medora IL

14. Premalatha Mony

Premalatha Mony     Winfield, IL

15. Judge Aiman Mony

Judge Aiman Mony     Carol Stream, IL

16. Bunni Mony

Bunni Mony     Mount
Mony Bunni     Freeport, IL

Dollar Bunni
Mounette Bunni
Jamal Bunni

Related People Searches

- Al Mony
- Alan Mony
- Alan Mony
- Allan Mony
- Allen Mony
- A Mony

Not the right person? Search again:

| First Name | MI | Last Name (required) | City / State | |
|---|---|---|---|---|
| Alan | | Mony | Chicago, IL. | Search |

Feb 15 13 Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 Page 124 of 130 Page ID #:900

People Search from Intelius searches billions of public records instantly. Search free now!    Page 1 of 2



# Search results for Alan Mony in Arizona

## We found Asha Mony



Related People Searches

Alan Mony
Asha Mony
Abi Mony
Avan Mony
Alex Mony
A Mony

Not the right person? Search again.

| First Name | | Last Name | City / State | |
|---|---|---|---|---|
| A an | | Mony | AZ | Search |

Feb 15 13  Case 2:12-cv-08333-ODW-JC   Document 53-1   Filed 02/20/13   Page 125 of 130   Page ID
#:901   (630) 627-1380   p. 13
People Search from Intelius searches billions of public records instantly. Search free now?   Page 2 of 2

Stay Connected With Us

© 2003-2013 Intelius, Inc.
All Rights Reserved



INTELIUS
Live in the know.

People Search   Background Check   Criminal Records   Reverse Lookup   Intelius Premier   Identity Protection   Employee Screening

People Search   Email Lookup   Social Network Search   Property Records   24-Hour People Search Pass

# Search results for Alan Mony in Belleville, IL

Narrow your results by   Middle Initial: All M.I.   Age: All Ages   Previous City: All Cities   Filter

We found 16 people that match your search.

## 1. Vijay K Mony, age 60

Get more details

| Complete Name | Resolved In | Relationships | Has Worked At | Related to | Age | Plan # | Address |
|---|---|---|---|---|---|---|---|
| Vijay K Mony | Chicago, IL | A. Vishee Mausc | | Krishnaiyer Mony | | | |
| Vidya Mony | Troy, MI | A.V. Financia. Inc | | Uma Mony | | | |
| | New York, NY | formerly GMAC Financial | | | | | |
| | East Lansing, | State Bar | | | | | |
| | MI | Cerberus Capital | | | | | |
| | Danbury, MI | Management | | | | | |
| | Fremont, CA | Accenture | | | | | |
| | | View All | | | | | |

## 2. Sarou Mony, age 56

Get more details

| Complete Name | Resolved In | Has Worked At | Has Studied At | Related to | Age | Plan # | Address |
|---|---|---|---|---|---|---|---|
| Sarou Mony | Glenview, IL | Loket Medical Group Ltd | Loyola Stritch School of | Corey Sarou | | | |
| Mony Sarou | Aurora, IL | Silver Cross Medical | MD | Laura Merens | | | |
| | Joliet, IL | Will Cnty Medical SC | University of Illinois at | Linda Sarou | | | |
| | Naperville, IL | Will County Medical | Chicago and Loyolas | Louis Sarou | | | |
| | Des Plaines, IL | Medicon Medical | Stritch School of MD | Florian Merens | | | |

## 3. Hing Mony, age 44

Get more details

| Complete Name | Resolved In | Has Worked At | Has Studied At | Related to | Age | Plan # | Address |
|---|---|---|---|---|---|---|---|
| Hing Mony | West Chicago, IL | Nicor Gas | Northern Illinois | Jessica Hing | | | |
| Mony May Mary | Yorkville, IL | Software Architects Inc | University | Vandeln Hing | | | |
| Mony N Mey | Naperville, IL | Walgreens | Indiana University | Rico Hing | | | |
| | Warrenville, IL | | Purdue University at | Corey Hing | | | |
| | View All | | Indianapolis | Kimhun Nou | | | |
| | | | | Rith Nou | | | |

## 4. Kristina Elizabeth Mony, age 41

Get more details

| Complete Name | Resolved In | Has Worked At | Has Studied At | Related to | Age | Plan # | Address |
|---|---|---|---|---|---|---|---|
| Kristina Elizabeth | Springfield, IL | Giffin Winning Cohen | Wayne State University | Anita Mony | | | |
| Mony | Bloomfield Hills, | Bodewes | Law School | Marie Mony | | | |
| | MI | Ocean Bodewes LLC | Kalamazoo College | | | | |
| | Kalamazoo, MI | Special Assistant Bionic | | | | | |
| | Galesburg, MI | | | | | | |

## 5. Lim Mony

Get more details

Supplemental Exhibits - Page 126



| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Lim Mony | Schaumburg, IL<br>Seattle, WA | ADHOC | | | | | |

6. Chelsey Mony — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Chelsey Mony | Chicago, IL<br>Las Vegas, NV | Modern Physician | | Steven Mony | | | |

7. Vinod M Mony, age 38 — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Vinod M Mony | Westmont, IL<br>Arlington Heights, IL<br>Parsippany, NJ<br>Long Branch, NJ<br>View All | | | | | | |

8. Premalatha Mony, age 39 — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Premalatha Mony<br>*Premalatha Wiggins* | Lombard, IL<br>Fairfield, IA<br>Indianola, IA<br>Centerville, IA | | | John Wiggins<br>Jean Wiggins<br>James Wiggins | | | |

9. Vidya Krish Mony, age 30 — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Vidya Krish Mony | Lombard, IL<br>Troy, MI<br>Ann Arbor, MI | | | Krishnayer Mony<br>Usha Mony<br>Vijay Mony | | | |

10. Sophan T Mony, age 48 — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Sophan T Mony | Chicago, IL<br>Bolingbrook, IL<br>Providence, RI | | | | | | |

11. Sreedevi Mony — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Sreedevi Mony | Chicago, IL | | | | | | |

12. Mangesh Mony — Get more details

| Name/Aliases | Has lived in | Has worked at | Has studied at | Related to | DOB | Phone | Address |
|---|---|---|---|---|---|---|---|
| Mangesh Mony<br>*Mangesh Sopan Madhe* | Buffalo Grove, IL | | | | | | |

13. Barbara Mony

Get more detail

14. Prematatha Mony

Get more detail

15. Judge Aiman Mony

Get more detail

16. Bunn: Mory

Get more detail

Related People Searches:

- Al Mory
- Stan Mony
- Paul Mony
- Alan Mony
- Avert Mony
- A Mony

Not the right person? Search again:

| First Name | M.I. | Last Name required | City / State | |
|---|---|---|---|---|
| Alan | | Mony | Belleville, IL | Search |

Feb 15 15 Case 2:12-cv-08333-ODW-JC  Document 53-1  Filed 02/20/13  Page 129 of 130  Page ID #:905

People Search from Intelius searches billions of public records instantly. Search free now!    Page 1 of 2



# Search results for Alan Mony in United States

## We found Ayrin Lamony!

Address History
Portsmouth WA

Ayrin Lamony
Portsmouth, VA



Get the Information You Need on Ayrin Lamony

Intelius reports include some or all of the following:

- Full Name
- Age & Date of Birth
- Addresses
- Address History
- Phone Numbers
- Aliases

- Relatives
- Neighbors
- Email Address(es)
- Social Networks
- Property Records
- Marriage & Divorce

- Death Records
- Criminal Records
- Bankruptcies
- Liens
- Judgments
- Lawsuits

Get a Report

Related People Searches

A. Mony
Alan Mony
Ann Mony
Allen Mony
Alan Mony
A Mony

Not the right person? Search again:

| First Name | M.I. | Last Name required | City / State |  |
|---|---|---|---|---|
| Alan |  | Mony | United States | Search |

Supplemental Exhibits - Page 129

Feb 15 13 Case 2:12-cv-08333-ODW-JC Document 53-1 Filed 02/20/13 Page 130 of 130 Page ID #:906 (630) 627-1360 p.18

People Search from Intelius searches billions of public records instantly. Search free now!     Page 2 of 2

Intelius helps you find a lost relative with
reverse lookup and get reverse phone
search. If you're a jobseeker, check out
background checks, and if the last one's...

Privacy Policy   Terms & Conditions

About Us
Products & Services
Become a Customer
Affiliate Program
Careers
Contact Us

Login/Sign up
People Directory
Help
About Our Records
Site Map

Stay Connected With Us

© 2003-2013 Intelius, Inc.
All Rights Reserved