IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>　　　Plaintiff,<br>v.<br><br>JOHN DOE,<br><br>　　　Defendant. | Case No. 2:12-cv-8333-ODW(JCx)<br><br>**DECLARATION OF BART HUFFMAN** |

I, Bart Huffman, hereby declare as follows:

　　　1.　　I am a partner with Locke Lord LLP, a law firm serving as outside counsel for SBC Internet Services, LLC d/b/a AT&T Internet Services ("AT&T") in connection with numerous subpoenas issued by attorneys with Prenda Law, Inc. in various state and federal courts across the nation. I am regularly assisted in such matters by Camille D. Kerr, who is a paralegal with Locke Lord LLP. The Declaration of Camille D. Kerr ("Kerr Declaration") is submitted concurrently herewith.

<u>The Subpoena to AT&T in No. 12-cv-05725</u>

　　　2.　　On July 12, 2012, AT&T was served in Chicago, Illinois, through AT&T's registered agent, CT Corporation, with a subpoena in *AF Holdings LLC v. John Doe*, No. 12-cv-05725 (C.D. Cal.) (the "Subpoena to AT&T" issued in the "5725 Lawsuit"),[1] as reflected in the corresponding subpoena package received from CT Corporation, a true and correct copy of which is attached hereto as Exhibit 1.

　　　3.　　The Subpoena to AT&T: (i) is signed by Paul Duffy of Prenda Law, Inc.; (ii) specifies that production should be made at the offices of Prenda Law, Inc., 161 N. Clark

---

[1] According to court records available on PACER, the 5725 Lawsuit is related to *AF Holdings, LLC v. John Doe*, Cause No. 12-cv-5709 (C.D. Cal.), which case is in turn related to the lawsuit in which this declaration is being submitted.

Street, Suite 3200, Chicago, IL 60601; (iii) is issued from the U.S. District Court for the Northern District of Illinois; and (iv) was served under cover of a letter from the "Prenda Law Inc. Subpoena Team."

4. There is no apparent reason for the issuance of the Subpoena to AT&T from the Northern District of Illinois other than that Mr. Duffy specified Prenda Law's office address in Chicago as the place of production. This practice has been criticized by federal courts.[2]

### Order to Cease Discovery efforts in No. 12-cv-05725

5. According to court records available on PACER, the 5725 Lawsuit was transferred to Judge Otis Wright on or about October 5, 2012. The 5725 Lawsuit was thereafter administered in connection with related case *AF Holdings LLC v. Doe*, No. 12-cv-5709 (C.D. Cal.).

6. On or about October 19, 2012, Judge Wright entered in the 5725 Lawsuit an Order Vacating Prior Early Discovery Orders and Order to Show Cause. (5725 Lawsuit, ECF No. 9.) In that Order, Judge Wright ordered Plaintiff to "cease its discovery efforts relating to or based on information obtained through [Rule 45 subpoenas allowed by a prior early discovery order]." (*Id.*)

---

[2] *See, e.g., Millennium TGA, Inc. v. Comcast Cable Commc'n, LLC*, No. 12-mc-00150, 2012 WL 2371426 at *3, *7-8 (D.D.C. Jun. 25, 2012) (plaintiff represented by Prenda Law) ("nonparty witness territorial convenience is a valid factor to consider on a motion for a protective order in connection with a Rule 45 subpoena.") (internal citations and quotations omitted); Order Denying Pl.'s Renewed Mot. for Leave to Take Early Disc. at 3-4, *AF Holdings LLC v. John Doe*, No. 12-cv-22157 (S.D. Fla. Sep. 17, 2012), ECF No. 10 (motion for expedited discovery denied where proposed subpoena was to be issued from the District for the District of Columbia), ECF No. 8 (proposed subpoena attached to motion reflects Paul Duffy of Prenda Law as proposed issuing attorney and a Prenda Law office as the proposed location specified for production); *Bubble Gum Prods., LLC v. Does 1-80*, No. 12-cv-20367, 2012 WL 2953309 at *5 n.9 (S.D. Fla. Jul. 19, 2012) ("Additionally, FED. R. CIV. P. 1 requires that the parties proceed in a cost-efficient manner. It is unclear why the subpoenas were issued in another judicial district for information about Doe Defendants who allegedly reside in this district."); *see also* Order Severing the Claims Against Does 2-31 Without Prejudice and Vacating the Portions of the Court's Order Granting Discovery as to Does 1-31, *AF Holdings, LLC v. Does 1-31*, No. 12-cv-20922 (S.D. Fla. Aug. 7, 2012), ECF No. 32 (expressing "uncertainty as to why the subpoenas were issued in another judicial forum and even more oddly, from another state"). The cited documents in cause numbers 12-cv-22157 and 12-cv-20922 do not appear to be available through LEXISNEXIS or Westlaw; accordingly, for the Court's convenience, copies of those decisions are attached hereto as Exhibits 2 and 3.

2

### Discovery Efforts by Prenda Law after the Order to Cease Discovery Efforts

7. As reflected in the Kerr Declaration, on November 1, 2012, Angela Van Den Hemel[3] of Prenda Law, Inc. sent an e-mail message to Camille D. Kerr forwarding a copy of the Subpoena to AT&T (along with proof of service) and asking for an update on the 5725 Lawsuit. (Kerr Decl. ¶ 2 and Ex. 1.) Ms. Van Den Hemel's e-mail message also included a copy of the same early discovery order that Judge Wright had vacated and expressly stated should not be the basis of subsequent discovery efforts. Ms. Van Den Hemel's e-mail message could only have been referring to whether AT&T had or was going to produce information in response to the Subpoena to AT&T, because AT&T had no other involvement in the case.

8. As reflected in the Kerr Declaration, on November 6, 2012, Angela Van Den Hemel sent a second e-mail message to Camille D. Kerr asking about the 5725 Lawsuit and the Subpoena to AT&T. (Kerr Decl. ¶ 3 and Ex. 2.)

9. On November 8, 2012, I sent an e-mail message to Ms. Van Den Hemel concerning the 5725 Lawsuit, in which I stated, "Upon review of the court files, it appears that any early discovery orders in this case (and a number of other AF Holdings cases) were vacated. Please let us know if you have information to the contrary." A true and correct copy of that e-mail message is attached hereto as Exhibit 4. I never received any response to my e-mail message, and I never received any further information or communication from Prenda Law, Inc. concerning the Subpoena to AT&T or the 5725 Lawsuit.

10. I understand from a recent review of court records available on PACER that the 5725 Lawsuit has been dismissed. No attorney or paralegal for Prenda Law, Inc. has notified me of such dismissal; nor, to my knowledge, has any attorney or paralegal for Prenda Law, Inc. ever notified anyone else associated with AT&T or Locke Lord LLP of such dismissal.

---

[3] On information and belief, Ms. Van Den Hemel is a paralegal.

3

11. I declare under penalty of perjury that the above is true and correct.

Dated: February 19, 2013

*Bart Huffman*