# EXHIBIT 1

## to the Declaration of Camille Kerr

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 1

## Kerr, Camille

| | |
|---|---|
| **From:** | Angela Van Den Hemel <akvandenhemel@wefightpiracy.com> |
| **Sent:** | Thursday, November 01, 2012 3:34 PM |
| **To:** | Kerr, Camille |
| **Subject:** | Subpoena Response Question: AF Holdings LLC v. John Doe; 2:12-cv-05725-JFW-JEM |
| **Attachments:** | _At&t Subpoena Packet - 5725.pdf; Signed - POS.pdf |

Good Afternoon, Camille:

When you have second, could you update me on the above-mentioned case? The subpoena was issued in early July.

Thank you,

Angela

--
Angela Van Den Hemel

Prenda Law Inc.
161 N Clark Street, Suite 3200
Chicago, IL 60601
P: 312-344-3207
www.wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT ADMISSIBLE UNDER FRE RULE 408.

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return email, delete this email and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.



July 12, 2012

**Via Hand Delivery**

        *Re:*    *AF Holdings LLC v. John Doe*
                *2:12-cv-05725-JFW-JEM*

Dear Custodian of Records:

    Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Central District of California. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

    We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

        subpoena@wefightpiracy.com

    If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at (415) 325-5900. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677        161 N Clark St., Suite 3200, Chicago, IL 60601        Tel: 312.880.9160

www.wefightpiracy.com

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 3

1  Brett L. Gibbs, Esq. (SBN 251000)
   Of Counsel to Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6
                IN THE UNITED STATES DISTRICT COURT FOR THE
7
                       CENTRAL DISTRICT OF CALIFORNIA
8

9

10
11  AF HOLDINGS LLC,                 )   Case No. 2:12-cv-05725-JFW-JEM
                                     )
12          Plaintiff,               )
                                     )
13      v.                           )   [~~PROPOSED~~] ORDER GRANTING
                                     )   PLAINTIFF'S EX PARTE
14  JOHN DOE,                        )   APPLICATION FOR LEAVE TO
                                     )   TAKE EXPEDITED DISCOVERY
15          Defendant.               )
                                     )
16
           **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE
17                        TO TAKE EXPEDITED DISCOVERY**

18      The Court has reviewed the Complaint with attached Exhibits, Plaintiff's *Ex*
19
    *Parte* Application for Leave to Take Expedited Discovery and all the papers filed in
20
    connection with the motion, and relevant case law. Accordingly, it is hereby
21
22      ORDERED that Plaintiff's *Ex Parte* Application for Leave to Take Discovery is

23  GRANTED; it is further
24
        ORDERED that Plaintiff may immediately serve Rule 45 subpoena(s) to
25
    identify John Doe associated with Internet Protocol ("IP") address listed in the
26
    Complaint, limited to the following categories of entities and information:
27
28

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 4

From Internet Service Provider (ISP) identified in Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and any other entity identified as a provider of Internet services to John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify John Doe associated with IP address listed in the Complaint, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address; it is further

ORDERED any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

ORDERED that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order; it is further

ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service;

Finally, it is ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

DATED: July 11, 2012

_John E. McDermott_
United States Magistrate Judge

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| AF HOLDINGS LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-cv-05725-JFW-JEM |
| JOHN DOE | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: SBC Internet Services, Inc. d/b/a AT&T Internet Services c/o C T Corporation System; 208 S. LaSalle St. Ste. 814, Chicago, IL 60604-1101.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most effective format if you let us know what your preferred format is.

| Place: Prenda Law Inc.<br>161 N Clark St. Suite 3200<br>Chicago, IL 60601 | Date and Time:<br>08/15/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____07/12/2012_____

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
AF Holdings, LLC_____, who issues or requests this subpoena, are:
Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (415) 325-5900

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 7

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 75.38.25.176 | 2012-03-27 17:38:08 |

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 9

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:12-cv-05725-JFW-JEM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   SBC Internet Services, Inc. d/b/a AT&T Internet Services
was received by me on *(date)*   07/12/2012   .

☑ I served the subpoena by delivering a copy to the named person as follows:   CT Corporation System

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 10

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:12-cv-05725-JFW-JEM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* SBC Internet Services, Inc. d/b/a AT&T Internet Services was received by me on *(date)* 07/12/2012.

☑ I served the subpoena by delivering a copy to the named person as follows: CT Corporation System GINA M. LENDI on *(date)* 07/12/12 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 07/12/12

*Server's signature*

BEBA GEORGIEVA
*Printed name and title*

161 N. CLARK, CHICAGO IL
*Server's address*

Additional information regarding attempted service, etc:

Exhibit 1
Exhibits to the Declaration of Camille Kerr
Page 11