Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorney for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF** |

It is becoming increasingly clear that attorneys associated with Prenda Law, Inc. likely engaged in a pattern of fraud and forgery designed to hide the fact that the lawyers in these cases essentially became their own clients.

**(a) Fraud**

First, there was Alan Cooper. Mr. Gibbs has no real explanation for the Alan Cooper situation, other than to disclaim responsibility and deflect blame for the apparent fraud, etc., to his supposed "supervising" attorneys at Prenda Law, Inc. Unfortunately for Mr. Gibbs, it is his name on the pleadings and "counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). Hopefully, Mr. Cooper himself can address theses issues at the March 11 hearing.

Now, there is also "Allan Mooney" a/k/a "Alan Mooney" a/k/a "Alan Mony." Newly discovered facts suggest that Alan Cooper may not be the only person who has had his identity misappropriated by Prenda in connection with its shell companies. Although some details are still hazy, suffice it to say that undersigned counsel (and many others) would very much like to question the real "Allan Mooney" on the record, under oath. Similarly, there is widespread interest in a subpoena to obtain testimony and records from the Minnesota bank that employs the notary who supposedly notarized Mr. Mooney's signature on legal pleadings filed in other jurisdictions. Then, of course, there is also Anthony "Salt Marsh" Saltmarsh. In short, "Alan Cooper" was not a mistake; there appears to be a pattern.

A few of the more glaring inconsistencies in Mr. Gibbs' initial response to the OSC have already been addressed; most notably, the apparent disagreement between Mr. Gibbs, and AF Holdings (via its 30(b)(6) deponent Paul Hansemeier), about the current owner of AF Holdings. (ECF No. 52, pp. 28-29).

It is also worth highlighting that Mr. Gibbs ***did not fully answer the Court's question about "[t]he names and contact information of the principals of AF Holdings LLC and Ingenuity 13 LLC."*** ECF No. 57 at 2:20-21. One thing Mr.

-2-

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**

Gibbs' March 1, 2013, declaration (ECF No. 58) does not contain is a straight answer to this question. The closest it comes is a statement that Mark Lutz (the former paralegal) is the CEO of these shell companies. Obviously, this begs the question, are there any *other* principals of AF and Ingenuity? What about Juan Alatorre, who is listed with Mr. Lutz on the Livewire Holdings, LLC website?[1] What about Steele, Duffy, and the Hansemeiers? Apparently then, the current story is that Mark Lutz (John Steele's former paralegal)[2] is the sole client and principal, directing a team of 20+ lawyers nationwide in hundreds of lawsuits filed on behalf of multiple entities. This 'Lutz as mastermind' story is simply not credible.

Another pattern with Prenda is that all of the persons involved constantly change hats; who is acting in what capacity seems to fluctuate to suit whatever the instant legal predicament happens to be. Inconsistencies include:

- Mr. Gibbs is *counsel of record* for AF Holdings, LLC (*e.g.*, C.D. Cal. No. 2:12-cv-5709, ECF No. 1) (7/2/12); Mr. Gibbs is "*in house counsel*" for AF Holdings (N.D. Cal. No. 3:12-cv-4221, ECF No. 22, p. 2) (1/30/13)[3]; Mr. Gibbs is *not in house counsel* to AF Holdings, and has never been anything other than AF Holdings' "independent contract attorney" (ECF No. 49, p. 3) (2/19/13).

- John Steele is "*of counsel*" to Prenda (Exhibit D) (4/20/12); John Steele is "*not an attorney with any law firm*" when questioned by Judge Scriven (Exhibit N, p. 135)(11/27/12); John Steele is *back to being "of counsel" to Prenda* in the St. Clair County Guava case (Supp'l. Dec'l. ¶ 15 (ECF No. 53)) (2/13/13).

- AF Holdings copyright assignment is executed by *Alan Cooper* (*e.g.*, C.D. Cal. No. 2:12-cv-5709, ECF No. 1) (12/20/2011); "*Salt Marsh*" is the "*AF

---

[1] http://livewireholdings.com/#!/page_about

[2] Mark Lutz is also the same man who attempted to defraud Judge Scriven (with John Steele watching in the gallery, providing direction) by holding himself out as a "corporate representative" for Sunlust Pictures. Exhibit N, pp. 142–144, 147-148.

[3] A copy of the motion for substitution of counsel form Mr. Gibbs filed indicating he was in house counsel for AF Holdings is attached as Exhibit EE. Given the existence of other documents listing Mr. Gibbs as "in house counsel" for both Guava, LLC (Exhibit X) and Livewire Holdings, LLC (ECF No. 49, fn 1) questions also remain about whether Mr. Gibbs continues on in these roles.

-3-

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**

*Holdings Owner*" (Exhibit R) (7/20/12); AF Holdings is **owned by a mystery trust**, and never had any other members or employees other than its manager Mark Lutz (ECF No. 52, p. 28) (2/19/13, 11:00 a.m.); AF Holdings is **owned by Livewire Holdings, LLC** (ECF No. 49, fn. 1) (2/19/13, 6:00 p.m.).

- Guava, LLC files a petition supposedly verified by client "***Alan Mony***" (ECF No. 51-1) (11/20/12); Prenda **confirms** "***Alan Mony***" is the client's name (Exhibit FF, p. 5) (2/12/13); Prenda files new verification, now spelling the purported client's name as "***Alan Mooney***" (Exhibit GG) (2/21/13); however, the real name of the "client" (who may or may not have agreed to lend his name to Prenda's efforts) is probably "***Allan Mooney***" (ECF No. 52, pp. 15–16).

In order to help the Court keep track of the dizzying array of shell companies, suspected straw men, and titles used by Prenda attorneys and other personnel, an explanatory organizational diagram is being filed herewith as Exhibit HH.

**(b)     Lack of Objectively Reasonable Investigation per Rule 11(b)**

Mr. Gibbs' attempt to explain the factual "investigation" he says he conducted prior to publicly accusing Mr. Wagar and Mr. Denton of illegally downloading pornography by naming them as defendants does not withstand scrutiny.

As explained by Mr. Gibbs, the first step in the "investigatory" process was sending threatening letters.[4] These letters explain to the Internet users that their names have "been directly connected with an instance of infringement" (which is not really true) and then offer to settle claims for $4,000. (*E.g.*, ECF No. 50-1, p. 4-5.) Mr. Gibbs' letters further state that the settlement offer expires when "we choose to name and serve you (or a member of your household) in this suit." *Id* at p. 5.

Aside from the threatening letters, Mr. Gibbs responds that his "investigation" consisted of four more elements: (i) a public records search for the Internet user identified in the subpoena return; (ii) a "web 2.0" search using common online

---

[4] The letters submitted to the Court (ECF No. 50-1, pp. 4–14) may be incomplete; usually Prenda encloses additional forms, including, at least, a credit card payment authorization.

-4-

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**

search engines; (iii) a geographical evaluation of target addresses; and (iv) some attempt at telephone communication with the Internet user identified in the subpoena return. ECF No. 50-1, ¶¶ 26–39.

Most obviously, the geographical evaluation is utterly deficient. With respect to both Messrs. Wagar and Denton, Mr. Gibbs avers that after he looked at their houses using Google maps he determined, "Considering the position of the house and the neighboring properties, including the seemingly main house on the lot, it seemed clear that, should the household have wireless Internet, it likely was not accessible by its neighbors." ECF No. 50-1, ¶¶ 31, 38. Copies of the kind of map results one might have expected Mr. Gibbs to provide as support for this assertion are attached hereto as <u>Exhibit II</u>. However, both maps actually show multiple neighbors easily within easy range of a standard 100–500 ft. WiFi signal.[5]

Further, Mr. Gibbs has not provided any documentary evidence showing that any of this supposed additional online investigation actually occurred *prior* to naming Mr. Wagar and Mr. Denton as defendants. Despite the proffered explanation, it is potentially revealing that the online "investigation" was not explained in the December 27, 2012 Responses to the OSCs re: Rule 4(m).

Moreover, as previously noted in John Doe's initial response to the instant OSC, this is not the first time Mr. Gibbs has named someone (or tried to) in a pornography case based on an objectively unreasonable online investigation. (ECF No. 52, pp. 25–27).[6]

Particularly since the "circumstances" here include: (i) embarrassing pornography allegations; (ii) Prenda routinely abandoning cases using dismissals without prejudice; (iii) the vast scale of Prenda' litigation efforts; (iv) and given that Mr. Gibbs has a prior history of similar bad actions, about which he has been specifically warned, naming Mr. Wagar and Mr. Denton was clearly sanctionable.

---

[5] *See, e.g.,* <u>Exhibit JJ</u>, p. 4-2 (manual for 10-year old wireless router; range 300-500 ft).
[6] Mr. Jesse Nason, a prior victim of Mr. Gibb's shoddy online "investigations," named in a state porn case is trying to make himself available to testify here on March 11. *See also* <u>Exhibit G</u>.

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**

Finally, Mr. Gibbs' purported justification for naming someone in a copyright infringement complaint based on "snapshot" evidence is also suspect. Mr. Gibbs attaches great import to the portion of Peter Hansemeier's declaration where he avers that "Once obtaining a full version of the Video file, John Doe (then a 'seeder') shared pieces of the copyrighted Video file (i.e. 'seed') with other individuals (i.e. 'peers')") (ECF No. 50, ¶ 40) *quoting* (ECF No. 6). However, a BitTorrent user need not have downloaded the entire file to share pieces of it; once some pieces are complete, the client automatically begins uploading those finished pieces to other peers.[7] Thus, Prenda's main technical "expert" appears to mischaracterize (or mis-apprehend) a key aspect of how the BitTorrent works. Mr. Gibbs further avers that "The fact that the infringers in Case No. 6662 and 6668 had completely downloaded the movies in question and had viewable copies of the movies was also confirmed in monitoring reports provided by 6881 Forensics." However, again, there are no details, and no copies of the 6881 Forensics "monitoring reports." Assuming such reports actually exist, many Does would likely be very interested in reviewing them.

**(c)  Violations of Court's Orders to Cease Discovery**

The declarations from AT&T (ECF Nos. 54, 55) are devastating on this point. Further, the "lag time" excuse is no excuse. Mr. Gibbs should have more promptly communicated with the ISPs to inform them of this Court's discovery orders, to ensure that no returns were made on already-vacated subpoenas.

**(d)  Conclusion**

In sum, it appears that the AF Holdings suits are based on forgeries and that Prenda attorneys are engaged in a pattern of fraud. Further, the investigations of Wagar and Denton and filing suit based on a "snapshot" observations were objectively unreasonable. Also, the discovery orders were violated. Accordingly, substantial compensatory and punitive sanctions are entirely appropriate.

---

[7] *E.g., Third Degree Films, Inc. v. Does 1-108*, No. 11-cv-3007, 2012 WL 1514807 at *1 (D. Md. 4/27/12) (quoting complaint filed by plaintiff in similar BitTorrent suit "As a piece of the seed file is downloaded, it is typically made available to other peers to download.").

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**

Respectfully submitted,

DATED: March 4, 2013          THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

**PUTATIVE JOHN DOE'S REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS FOR RULE 11 AND LOCAL RULE 83-3 VIOLATIONS AND REQUEST FOR RELIEF**