ANDREW J. WAXLER, SBN 113682
WON M. PARK, SBN 194333
WAXLER♦CARNER♦BRODSKY LLP
1960 East Grand Avenue, Suite 1210
El Segundo, California 90245
Telephone: (310) 416-1300
Facsimile: (310) 416-1310
e-mail: awaxler@wcb-law.com
e-mail: wpark@wcb-law.com

Specially Appearing for Respondent
BRETT L. GIBBS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>    Defendant. | Case No. 2:12-CV-8333-ODW (JCx)<br>[Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668]<br><br>[Assigned to Judge Otis D. Wright, II]<br><br>**BRETT L. GIBBS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S FEBRUARY 7, 2013 OSC**<br><br>[Complaint Filed: September 27, 2012]<br><br>[Filed Concurrently with Supplemental Declaration of Brett L. Gibbs; Supplemental Request for Judicial Notice; Objections to Evidence and Proposed Order on Objections to Evidence]<br><br>Trial date: None set |

I. **INTRODUCTION**

The response filed by attorney Morgan Pietz to the Court's February 7, 2013 Order to Show Cause (the "Pietz Response" and "OSC") fails to provide any evidence that demonstrates that Mr. Gibbs should be sanctioned. Indeed, the Pietz Response relies on guilt by association in attempting to assail Mr. Gibbs for his mere association with, and the alleged activity of, Steele Hansmeier PLLC ("S&H") and Prenda Law, Inc. ("Prenda").[1][2] As the Pietz Response fails to address or dispute the key facts which demonstrate that Mr. Gibbs did not engage in any malfeasance, Mr. Gibbs respectfully requests the Court discharge the OSC without the imposition of sanctions.

II. **MR. GIBBS DID NOT VIOLATE THE COURT'S OCTOBER 19, 2012 ORDERS**

The Pietz Response provides no evidence that Mr. Gibbs violated the Court's October 19, 2012 Orders. Indeed, the Declarations of Bart Huffman and Camille Kerr, while questioning the actions of a Prenda paralegal, do not accuse Mr. Gibbs of any wrongdoing. Mr. Gibbs did not instruct the Prenda paralegal to follow-up regarding the status of the subpoena following issuance of the Court's October 19, 2013 Orders, was not aware of any attempt to follow-up regarding the status of the subpoena until raised by Mr. Pietz, and specifically advised others at Prenda not to enforce the subpoenas. (Supp. Gibbs Decl. ¶ 4).

What is undisputed is Mr. Gibbs' good faith compliance with the Court's

---

[1] Indeed, the Pietz Response fails to contradict that Mr. Gibbs is not, and has never been, a principal or owner of S&H, Prenda, AF Holdings LLC ("AF Holdings") or Ingenuity 13 LLC ("Ingenuity"), nor the fact that Mr. Gibbs' sole relationship with these entities has been as a contracted outside attorney in an "Of Counsel" role.

[2] Mr. Gibbs no longer has a relationship with Prenda or Livewire Holdings LLC. He is no longer counsel of record for any cases involving Ingenuity and is counsel of record in one case for AF Holdings pending AF Holdings retaining new counsel. (Supp. Gibbs Dec. ¶ 3).

1

October 19, 2013 Orders as he timely caused the Orders to be served on the registered agents for service of process of the ISPs. Thus, Mr. Gibbs acted to ensure that the ISPs had notice that they were no longer required to respond to the subpoenas that had already been served. (Gibbs Decl. ¶ 21).

In addition, the Pietz Response does not provide any evidence or argument showing that the Court's October 19, 2012 Orders precluded Mr. Gibbs from making informal attempts to identify the infringers in Case Nos. 6636 and 6669. The Pietz Response also fails to contradict Mr. Gibbs' explanation that his client's responses of November 1, 2013 were accurate and that the failure to include the identities of the subscribers in Case Nos. 6636 and 6669 was likely caused by the lag time it took for the subpoena responses to be received by Prenda and the information uploaded to the computer database accessible by Mr. Gibbs.

Thus, the Pietz Response, stripped of its rhetoric and irrelevant accusations, does not contradict that Mr. Gibbs did not violate the Court's October 19, 2012 Orders.

### III. A REASONABLE INVESTIGATION AND INQUIRY WAS CONDUCTED

The Pietz Response is also void of any evidence showing that Mr. Gibbs failed to conduct a reasonable investigation under the circumstances before alleging copyright infringement against Benjamin Wagar and Mayon Denton.

First, the fact that the infringers in Case Nos. 6662 and 6668 downloaded complete and useable copies of the copyrighted film was confirmed before the cases were filed. This is undisputed.[3]

The Pietz Response's statement that Mr. Gibbs has previously represented to

---

[3] Although the Pietz Response attempts to question the use of Peter Hansmeier as the technical advisor to Prenda, it fails to dispute that the technology used to monitor the infringers accurately reflects that the infringers are illegally downloading useable and complete copies of the copyrighted films.

2

another court that it is unreasonable to simply name the IP subscriber as the alleged copyright infringer without further investigation is also of no consequence. The undisputed facts show that Mr. Gibbs did not simply name the IP subscribers in case Nos. 6662 or 6668. Indeed, he did not name the IP subscribers as the alleged infringers *because* his investigation led him to believe other members of their household were the likely infringers.[4]

In both Case Nos. 6662 and 6668, Mr. Gibbs made multiple attempts to contact the Denton and Wagar households via telephone and mail,[5] conducted multiple public information searches and Google property searches to exclude neighbors before naming Benjamin Wagar and Marvin Denton.[6]

Finally, the Pietz Response's apparent attempt to rely on the *Nason* case as alleged evidence to infer that the naming of Mr. Denton and Mr. Wagar were improper in Case Nos. 6662 and 6668 is also misplaced. Specifically, in *Lightspeed Media Corp. v. Nason*, Los Angeles County Superior Court Case No. NC057950, Mr. Pietz filed a motion for sanctions (among other motions) against Mr. Gibbs pursuant to California *Code of Civil Procedure* section 128.7(b)(3) on the grounds that Mr. Gibbs had no evidence or was unlikely to have evidence to support the allegation against defendant Jesse Nason.[7] However, the court denied Mr. Pietz's

---

[4] Statistics demonstrate that it is normally a young male in the household who is utilizing file sharing websites to illegally download copyrighted works. The United States Supreme Court has commented, "[M]any people (especially the young) use file-sharing software to download copyrighted works." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 928-929 (2005).

[5] Indeed, Mr. Wagar and Mr. Denton did not deny they downloaded the copyrighted film in response to Mr. Gibbs' attempts to contact them.

[6] Mr. Pietz's criticism of Mr. Gibbs' reasonable investigation under the circumstances through public records and internet searches is perplexing given the fact that much of Mr. Pietz's "evidence" of malfeasance by Prenda is also based on information apparently obtained from the internet and public information searches.

[7] Similar to Rule 11, California *Code of Civil Procedure* 128.7(b)(3) states in relevant part:

3

1 motion for sanctions. (Supp. RJN No. 6 – November 14, 2012 Minute Order).[8]

2 Thus, the facts demonstrate that Mr. Gibbs made a reasonable inquiry before identifying Mr. Wagar and Mr. Denton as defendants.

### IV. MR. GIBBS DID NOT MISAPPROPRIATE THE NAME OF ALAN COOPER

The litigations are not based on an invalid copyright and Mr. Gibbs did not misappropriate the identity of Alan Cooper or any other person.[9]

As an initial matter, the Pietz Response noticeably fails to dispute that the copyright litigations are based on a valid copyright assignment because the assignment was executed by the assignor, Heartbreaker, irrespective of the potential issue regarding the identity of Alan Cooper. *See* 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990); *see also* RJN No. 5, *AF Holdings v. Does* 1-96, United States District Court for the Eastern District of California Case No. 3:11-cv-03335-JSC – Order Re: Plaintiff's Renewed Request for Discovery Prior to Rule 26(f) Conference).

While the Pietz Response argues that other attorneys of Prenda were

---

[8] "(b) By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Cal. Code Civ. Proc. § 128.7(b)(3).

[8] The Pietz Response makes the irrelevant claim that Mr. Gibbs engaged in improper conduct in *Nason* and *Hatfield* simply because Mr. Gibbs' investigation uncovered facts which the defendants disputed. However, the Pietz Response does not dispute that the investigations were in fact conducted.

[9] Like Alan Cooper, Mr. Gibbs has no involvement in any attempt to misappropriate or misidentify the names of Salt Marsh or Alan Moody, Alan Moay, Alan Mony, or Allan Mooney. (Supp. Gibbs. Decl. ¶ 5).

somehow involved in the misappropriation of the name Alan Cooper, noticeably absent from the Pietz Response is any direct claim that Mr. Gibbs has engaged in any wrongful conduct in that regard. Indeed, the Pietz Response's attachment of the complaint filed by Mr. Cooper demonstrates that Mr. Cooper has no information to contradict the fact that Mr. Gibbs had no involvement, as Mr. Gibbs is not named as a defendant and Mr. Gibbs has never been accused by Alan Cooper of misappropriating his identity or forging his signature.[10] (Gibbs Decl. ¶ 43).

Thus, the assignment is valid because it was executed by the assignor, and the Pietz Response provides no support whatsoever that Mr. Gibbs' was involved in any attempt to misappropriate Alan Cooper's identity.

## V. CONCLUSION

Based on the foregoing, Mr. Gibbs respectfully requests the Court discharge its February 7, 2013 OSC.

Dated: March 4, 2013   WAXLER ♦ CARNER ♦ BRODSKY LLP

By: /s/ Won M. Park
ANDREW J. WAXLER
WON M. PARK
Specially Appearing for Respondent
BRETT L. GIBBS

---

[10] The Pietz Response attempts to raise an issue regarding Mr. Gibbs' statement that he first saw the signature of Alan Cooper on the copyright assignments. The Pietz Response points out that an *Ingenuity 13* case was filed in the Eastern District of California, Case No. 2:11-mc-00084, on October 11, 2011, that bears the electronic signature of Alan Cooper, which predates the *AF Holdings* cases filed in the Central District of California as a basis to claim that Mr. Gibbs' statement is inaccurate. However, Mr. Gibbs examined other assignment agreements bearing Alan Cooper's signature before Case No. 2:11-mc-00084 was filed. (Supp. RJN No. 7 – Complaint in *AF Holdings v. Does 1-97*, United States District Court for the Northern District Court of California Case No. 11-CV-3067 filed June 21, 2011). Thus, Mr. Gibbs accurately stated that the first time he saw Alan Cooper's signature was on the copyright assignments to AF Holdings.