**EXHIBIT "6"**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/14/12 | DEPT. G |
| HONORABLE Michael P. Vicencia JUDGE | D. Oura DEPUTY CLERK |
| HONORABLE _____ JUDGE PRO TEM | _____ ELECTRONIC RECORDING MONITOR |
| K. Thomas, C.A. Deputy Sheriff | A. Parrish CSR#8909 Reporter |

8:30 am  NC057950

LIGHTSPEED MEDIA CORPORATION
VS
JESSE NASON

Plaintiff Counsel: Brett Gibbs (X) Via Court Call
Defendant Counsel: Morgan Pietz (X)

FORWARDED FILE TO RESEARCH ATTY 10/22/12 (KT)

**NATURE OF PROCEEDINGS:**

DEMURRER

MOTION FOR ORDER REQUIRING PLAINTIFF TO FURNISH SECURITY AND FOR ORDER IMPOSING SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS

Matter is called for hearing.

Motions for an order requiring Plaintiff to furnish security and for an order imposing sanctions are denied.

Demurrer is sustained without leave to amend as to the second, fourth and fifth causes of action.

Demurrer is sustained with twenty days leave to amend as to the first and third causes of action.

Notice waived.

Page 1 of 1    DEPT. G

MINUTES ENTERED
11/14/12
COUNTY CLERK

EXHIBIT 6
3

# EXHIBIT "7"

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

E-filing

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

        Plaintiff,

v.

DOES 1-97

        Defendants.

No. CV11 3067

Judge:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

NOW COMES Plaintiff AF Holdings LLC, by and through its undersigned counsel, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1.     This action is reactionary. Plaintiff brings this civil action under the United States Copyright Act and its related conspiracy claim to combat the Doe Defendants' intentional infringement of Plaintiff's copyrighted creative works. The Doe Defendants, whose names Plaintiff expects to ascertain during expedited discovery, illegally reproduced and distributed the Work over an Internet computer network peer-to-peer "sharing" network and, upon information and belief, continue to do so as of the filing of this suit.

EXHIBIT 7
4

2.	Per N.D. Cal. Local Rule 3-5, this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

3.	This Court has personal jurisdiction over all of the parties because, upon credible information and belief, all the Doe Defendants either reside or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP addresses of each Doe Defendant to a point of origin within the State of California. This Court also has personal jurisdiction over non-resident Defendants, if any, under the California long-arm statute, California Code of Civil Procedure § 410.10, because they downloaded copyrighted content from, or uploaded it to, California residents, and thus committed copyright infringement in and through this State, and engaged in a civil conspiracy to commit copyright infringement with California residents. (*See also* Federal Rule of Civil Procedure ("FRCP") 4(k)(1)(A)).

4.	Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because, on information and belief, Doe Defendants reside in this District, may be found in this District, and/or committed acts in this District giving rise to Plaintiff's claims. Per N.D. Cal. Local Rule 3-2(c), this intellectual property action is exempt from these requirements.

5.	Joinder of Defendants is proper for just adjudication because all Defendants participated in a civil conspiracy to commit copyright infringement, which comprised of a series of

2
COMPLAINT                                                                     CASE NO.

EXHIBIT 7
5

transactions that ultimately ended in the Doe Defendants' illicit distribution of Plaintiff's unique copyrighted work amongst one another. The series of transactions in this case involved exchanging pieces of the Work's file over the Internet amongst Doe Defendants with each Doe Defendant sharing pieces of Plaintiff's copyrighted file with each other (otherwise known as "torrent swarming") to obtain a complete copy of Plaintiff's Work. The nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files, such as Plaintiff's Work. Due to BitTorrent's setup and this concerted action, it is impossible for individuals to the simply download files on BitTorrent without the active participation of others. Doe Defendants in this case, in order to download Plaintiff's Work, intentionally engaged in this concerted action with other Doe Defendants and other yet unnamed individuals on BitTorrent by entering the torrent swarm. The Doe Defendants are properly joined even if they were not engaged in a contemporaneous swarm because they have contributed to the chain of data distribution due to their prior involvement in like swarms. Doe Defendants also share the same questions of law with respect to their copyright infringement, including, but not limited to:

    (A) Whether Plaintiff is the rights holder of the copyrighted works at issue;

    (B) Whether "copying" has occurred within the meaning of the Copyright Act;

    (C) Whether entering a "torrent swarm" constitutes a willful act of infringement;

    (D) Whether entering a "torrent swarm" constitutes a civil conspiracy; and

    (E) Whether, and to what extent, Plaintiff has been damaged by the Doe Defendants' conduct.

All of these questions should be answered as part of a single suit for all of the reasons outlined by FRCP 19(a). Such joinder is mandated if "feasible." Such joinder is entirely "feasible" in this case.

//

//

## PARTIES

6. Plaintiff AF Holdings, LLC, is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.

7. The unique copyrighted work at issue in this case is an adult video entitled "Sexual Obsession" (hereinafter "Work"). The Work was available for download from well-known BitTorrent piracy sites within days of its publication and was among the most popular adult video downloads on a highly popular BitTorrent site–the appropriately named "Pirate Bay".

8. The Doe Defendants' actual names are unknown and unascertainable to Plaintiff. Instead, Plaintiff knows each Doe Defendant only by an Internet Protocol address (hereinafter "IP address"), which is a number assigned to devices, such as computers, connected to the Internet by an Internet Service Provider (hereinafter "ISP"). In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among IP addresses listed on Exhibit A, attached hereto, via the BitTorrent Internet protocol, an Internet website allowing for "peer-to-peer" (hereinafter "P2P") data exchanging. Plaintiff believes that the Defendants' identities will be revealed through expedited discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to identify Defendants by name.

## BACKGROUND

9. BitTorrent is a modern file sharing method (hereinafter "protocol") used for distributing data via the Internet.

10. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the

1  data stored on a server is largely dependent on the server's ability to continue functioning for
2  prolonged periods of time under high resource demands.

3     11.    In contrast, the BitTorrent protocol is a decentralized method of distributing data.
4  Instead of relying on a central server to distribute data directly to individual users, the BitTorrent
5  protocol allows individual users to distribute data among themselves by exchanging pieces of the file
6  with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol,
7  every user simultaneously receives information from and transfers information to one another.

8     12.    In BitTorrent vernacular, individual downloaders/distributors of a particular file are
9  called peers. The group of peers involved in downloading/distributing a particular file is called a
10 swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program
11 that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a
12 particular file.

13    13.    The BitTorrent protocol operates as follows. First, a user locates a small "torrent"
14 file. This file contains information about the files to be shared and about the tracker, the computer
15 that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client,
16 which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker
17 responds with a list of peers and the BitTorrent client connects to those peers to begin downloading
18 data from and distributing data to the other peers in the swarm. When the download is complete, the
19 BitTorrent client continues distributing data to other peers in the swarm until the user manually
20 disconnects from the swarm or the BitTorrent client otherwise does the same.

21    14.    The degree of anonymity provided by the BitTorrent protocol is extremely low.
22 Because the protocol is based on peers connecting to one another, a peer must broadcast identifying
23 information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in

a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

17. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Plaintiff is the assignee and owner of all right, title and interest worldwide in the Work and all proprietary rights therein including, without limitation, all copyrights and all past and future causes of action with respect to the same.

19. Upon information and belief, Plaintiff received this assignment from the Work's author and/or assignees of the Work's author.

20. The Work has been granted a Certificate of Registration from the U.S. Copyright Office (PA-1-725-120).

21. The Work is legally available for purchase to bona fide purchasers, but was obtained by Defendants through illegal distribution means.

22. Plaintiff employs proprietary P2P network forensic software to perform exhaustive real time monitoring of BitTorrent-based swarms involved in distributing Plaintiff's copyrighted creative works. This software is effective and accurate in capturing data about the activity of peers in a swarm and their infringing conduct.

23. Doe Defendants, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Work, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Work, and reproduced and distributed the Work to numerous third parties.

24. Plaintiff observed the Doe Defendants' activities in the torrent swarm specific to the Work and created a log of IP addresses identifying each Defendant and the date and time of the Doe Defendant's activity, attached hereto as Exhibit A.

## COUNT I – COPYRIGHT INFRINGEMENT
(U.S. Copyright Act – 17 U.S.C. §§ 101-1332)

25. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. Doe Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Each Doe Defendant knew, should have known, or had some constructive knowledge that their acts constituted copyright infringement.

7
COMPLAINT                                                      CASE NO.

EXHIBIT 7
10

28. Doe Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights. Doe Defendants' active participation on BitTorrent swarms relating to Plaintiff's Work make this fact abundantly clear.

29. Plaintiff has been damaged by Doe Defendants' conduct including, but not limited to, economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all of the past, and possibly future, damages stemming from the Doe Defendants' conduct. In fact, further irreparable harm to Plaintiff's copyrights and exclusive rights is imminent without Court intervention. Without restrictions, these infringers will run rampant.

30. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31. As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

### (California Common Law Tort)

32. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. In using the P2P BitTorrent file distribution method, each Doe Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute Plaintiff's Work by exchanging pieces of the Work file in a torrent swarm on BitTorrent.

34. Doe Defendants, in participating in said conspiratorial file exchanging network, agreed to engage in a concerted tortious action with other (currently discovered and undiscovered) Doe Defendants on the network to reproduce and distribute Plaintiff's Work.

35. Each of the Doe Defendants was an active participant in downloadeding a torrent file, opening it using a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing Plaintiff's Work without Plaintiff's permission, causing infringement damage to Plaintiff.

36. Participants in the torrent swarm, including Doe Defendants, have conspired to provide other individuals with pieces of Plantiff's Work in exchange for receiving other pieces of the same Work, eventually obtaining a complete copy of the file.

37. In furtherance of this civil conspiracy, Doe Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Work from, and distribute it to, others, and were willful participants in this joint activity.

38. Doe Defendants were fully aware of their participation in this conspiracy by taking part of these swarms on BitTorrent, and, in downloading Plaintiff's Works, demonstrate their understanding of their role in this conspiracy.

39. As a proximate result of this conspiracy, Plaintiff has been damaged as alleged above, and seeks just compensation for Doe Defendants' unjust acts.

//
//
//
//
//
//
//
//
//

9
COMPLAINT                                        CASE NO.

EXHIBIT 7
12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully prays this Court for Judgment and relief as follows:

1) That the Court enter a written judgment declaring that the Doe Defendants have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful;

2) That the Court enter a written judgment declaring that the Doe Defendants have injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) That the Court issue injunctive relief against Doe Defendants, enjoinng and restrianing the Doe Defendants and all others in active concert with them from further violating Plaintiff's copyrighted Works, and further issue an order impounding or requiring Doe Defendants to destroy all copies of those unlawfully copyrighted files in Doe Defendants' possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a);

4) That the Court enter a written judgment in favor of the Plaintiff against Defendants for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial;

5) As to Count II, that the Court order Doe Defendants jointly and severally liable to Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement; and for an award of compensatory damages based on the civil conspiracy count in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

6) That the Court enter a written judgment in favor of Plaintiff against the Defendants awarding the Plaintiff reasonable attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action pursuant to 17 U.S.C. § 505; and

7) That the Court issue any such further relief as the Court deems appropriate.

Respectfully Submitted,

AF Holdings LLC

DATED: June 21, 2011

By:     /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

By:     /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
*Attorney for Plaintiff*

# EXHIBIT A

EXHIBIT 7
15

| IP Address | ISP | Date/Time (UTC) |
|---|---|---|
| 108.0.221.94 | Verizon Online | 2011-04-08 08:10:13 PM |
| 108.13.156.153 | Verizon Online | 2011-04-09 11:53:55 PM |
| 108.13.17.195 | Verizon Online | 2011-04-01 06:43:32 AM |
| 132.239.76.253 | University of California at San Diego | 2011-04-01 07:46:44 PM |
| 173.55.149.143 | Verizon Online | 2011-04-09 10:33:24 AM |
| 173.55.71.204 | Verizon Online | 2011-04-09 06:16:44 PM |
| 173.55.81.60 | Verizon Online | 2011-04-01 10:05:26 PM |
| 173.58.139.80 | Verizon Online | 2011-04-05 01:40:44 AM |
| 173.60.201.4 | Verizon Online | 2011-04-09 01:56:51 PM |
| 174.50.130.4 | Comcast Cable Communications | 2011-04-05 07:20:10 PM |
| 174.65.117.224 | Cox Communications | 2011-04-09 05:02:43 AM |
| 208.51.82.210 | Global Crossing | 2011-04-01 02:41:52 AM |
| 24.130.125.113 | Comcast Cable Communications | 2011-04-08 01:22:38 AM |
| 24.205.189.206 | Charter Communications | 2011-04-08 10:49:32 PM |
| 24.205.97.222 | Charter Communications | 2011-04-09 06:48:03 AM |
| 24.4.51.10 | Comcast Cable Communications | 2011-04-06 01:41:13 PM |
| 24.5.156.70 | Comcast Cable Communications | 2011-04-01 09:20:54 PM |
| 24.6.134.18 | Comcast Cable Communications | 2011-04-02 01:35:48 AM |
| 66.74.84.162 | Road Runner | 2011-04-01 10:12:56 PM |
| 67.125.135.224 | AT&T Internet Services | 2011-04-09 08:02:18 AM |
| 67.160.193.242 | Comcast Cable Communications | 2011-04-01 08:23:52 PM |
| 67.161.65.207 | Comcast Cable Communications | 2011-04-01 12:15:18 AM |
| 67.166.130.140 | Comcast Cable Communications | 2011-04-07 08:26:09 PM |
| 67.169.166.241 | Comcast Cable Communications | 2011-04-05 03:29:56 PM |
| 67.170.246.36 | Comcast Cable Communications | 2011-04-09 04:33:58 PM |
| 67.172.169.92 | Comcast Cable Communications | 2011-04-09 12:18:20 AM |
| 67.180.235.233 | Comcast Cable Communications | 2011-04-01 03:55:48 PM |
| 67.180.8.210 | Comcast Cable Communications | 2011-04-01 03:28:40 AM |
| 67.181.120.80 | Comcast Cable Communications | 2011-04-09 01:03:51 AM |
| 67.181.252.132 | Comcast Cable Communications | 2011-04-08 09:07:20 PM |
| 67.182.96.201 | Comcast Cable Communications | 2011-04-01 06:30:48 PM |
| 67.187.159.119 | Comcast Cable Communications | 2011-04-05 04:43:05 PM |
| 67.188.13.70 | Comcast Cable Communications | 2011-04-06 03:20:50 AM |
| 67.188.132.6 | Comcast Cable Communications | 2011-04-01 06:30:06 PM |
| 67.188.29.151 | Comcast Cable Communications | 2011-04-01 02:14:42 PM |
| 68.107.63.75 | Cox Communications | 2011-04-01 05:08:35 AM |
| 68.111.82.122 | Cox Communications | 2011-04-09 11:00:22 PM |
| 68.189.90.137 | Charter Communications | 2011-04-07 10:32:44 PM |
| 68.190.213.81 | Charter Communications | 2011-04-01 12:29:48 AM |
| 68.228.68.212 | Cox Communications | 2011-04-06 06:58:00 AM |
| 68.238.68.159 | Verizon Online | 2011-04-05 04:16:51 PM |
| 68.4.190.86 | Cox Communications | 2011-04-01 07:45:44 PM |
| 68.4.75.98 | Cox Communications | 2011-03-31 07:24:48 PM |
| 68.6.129.195 | Cox Communications | 2011-04-09 06:49:44 PM |
| 69.62.177.84 | Surewest Broadband | 2011-04-02 12:58:45 AM |
| 70.181.121.68 | Cox Communications | 2011-04-07 07:59:08 PM |

EXHIBIT 7
16

| IP Address | ISP | Timestamp |
|---|---|---|
| 71.105.74.53 | Verizon Online | 2011-04-02 02:52:49 AM |
| 71.107.86.104 | Verizon Online | 2011-04-08 09:41:46 PM |
| 71.177.196.218 | Verizon Online | 2011-04-06 02:09:22 AM |
| 71.193.57.203 | Comcast Cable Communications | 2011-04-06 08:38:33 AM |
| 71.195.116.115 | Comcast Cable Communications | 2011-04-07 06:55:06 PM |
| 71.198.218.90 | Comcast Cable Communications | 2011-04-09 07:52:18 AM |
| 71.202.110.72 | Comcast Cable Communications | 2011-04-01 07:58:55 AM |
| 71.202.139.202 | Comcast Cable Communications | 2011-04-01 05:28:12 AM |
| 71.202.155.132 | Comcast Cable Communications | 2011-04-08 11:34:19 PM |
| 71.202.157.241 | Comcast Cable Communications | 2011-04-06 02:07:51 AM |
| 71.204.190.102 | Comcast Cable Communications | 2011-04-09 10:08:42 AM |
| 72.197.70.131 | Cox Communications | 2011-04-08 05:45:17 AM |
| 72.207.59.3 | Cox Communications | 2011-04-07 10:30:13 PM |
| 72.220.54.32 | Cox Communications | 2011-04-06 12:25:40 PM |
| 75.142.198.119 | Charter Communications | 2011-04-02 04:53:24 AM |
| 75.214.139.48 | Cellco Partnership DBA Verizon Wireless | 2011-04-05 10:10:15 PM |
| 76.103.240.210 | Comcast Cable Communications | 2011-04-09 04:00:58 AM |
| 76.103.33.246 | Comcast Cable Communications | 2011-04-01 08:35:52 PM |
| 76.126.120.10 | Comcast Cable Communications | 2011-04-01 02:31:53 AM |
| 76.126.4.163 | Comcast Cable Communications | 2011-04-01 10:52:32 PM |
| 76.126.62.167 | Comcast Cable Communications | 2011-04-06 05:26:26 PM |
| 76.127.101.203 | Comcast Cable Communications | 2011-04-01 07:58:56 AM |
| 76.169.127.173 | Road Runner | 2011-04-06 10:10:05 AM |
| 76.191.247.76 | Sonoma Interconnect | 2011-04-02 02:45:50 AM |
| 76.198.93.50 | AT&T Internet Services | 2011-04-08 09:15:20 PM |
| 76.20.107.195 | Comcast Cable Communications | 2011-04-09 01:21:27 PM |
| 76.20.68.238 | Comcast Cable Communications | 2011-04-09 09:15:09 AM |
| 76.90.74.24 | Road Runner | 2011-04-06 01:16:42 AM |
| 76.95.141.99 | Road Runner | 2011-04-08 02:52:52 PM |
| 96.229.199.53 | Verizon Online | 2011-04-01 07:17:07 PM |
| 96.251.23.65 | Verizon Online | 2011-04-05 10:34:15 PM |
| 96.39.244.199 | Charter Communications | 2011-04-01 07:53:15 PM |
| 97.90.5.46 | Charter Communications | 2011-04-01 01:05:50 AM |
| 97.93.16.237 | Charter Communications | 2011-04-02 02:21:48 AM |
| 98.112.115.222 | Verizon Online | 2011-03-31 11:21:28 PM |
| 98.154.127.38 | Road Runner | 2011-04-06 03:02:58 PM |
| 98.164.242.246 | Cox Communications | 2011-04-06 02:38:13 PM |
| 98.176.143.37 | Cox Communications | 2011-04-09 04:02:11 AM |
| 98.185.227.121 | Cox Communications | 2011-04-09 03:47:27 AM |
| 98.192.162.61 | Comcast Cable Communications | 2011-04-09 07:03:34 AM |
| 98.207.153.229 | Comcast Cable Communications | 2011-04-01 12:45:41 PM |
| 98.207.3.211 | Comcast Cable Communications | 2011-04-04 05:27:16 PM |
| 98.207.51.159 | Comcast Cable Communications | 2011-04-08 03:22:52 PM |
| 98.210.36.121 | Comcast Cable Communications | 2011-04-01 12:52:20 AM |
| 98.210.99.31 | Comcast Cable Communications | 2011-04-01 09:12:53 PM |
| 98.234.155.220 | Comcast Cable Communications | 2011-04-05 04:16:51 PM |
| 98.239.109.55 | Comcast Cable Communications | 2011-04-07 10:23:13 PM |

EXHIBIT 7
17

| IP Address | ISP | Date/Time |
|---|---|---|
| 98.248.49.19 | Comcast Cable Communications | 2011-04-02 03:52:52 AM |
| 98.255.19.175 | Comcast Cable Communications | 2011-04-06 08:08:34 AM |
| 99.121.204.166 | AT&T Internet Services | 2011-04-01 04:17:28 AM |
| 99.151.17.82 | AT&T Internet Services | 2011-04-01 08:27:52 PM |

EXHIBIT 7
18