1 | ANDREW J. WAXLER, SBN 113682
WON M. PARK, SBN 194333
2 | WAXLER♦CARNER♦BRODSKY LLP
1960 East Grand Avenue, Suite 1210
3 | El Segundo, California 90245
Telephone:   (310) 416-1300
4 | Facsimile:   (310) 416-1310
e-mail:       awaxler@wcb-law.com
5 | e-mail:       wpark@wcb-law.com

6 | Specially Appearing for Respondent
BRETT L. GIBBS
7 |

8 |                    UNITED STATES DISTRICT COURT

9 |                   CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | INGENUITY 13 LLC,                    ) Case No.  2:12-CV-8333-ODW (JCx)
                                         ) [Consolidated with Case Nos.:
12 |               Plaintiff,             ) 2:12-cv-6636; 2:12-cv-6669; 2:12-cv-
                                         ) 6662; 2:12-cv-6668]
13 |       vs.                           )
                                         ) [Assigned to Judge Otis D. Wright, II ]
14 | JOHN DOE,                           )
                                         ) **BRETT L. GIBBS' [PROPOSED]**
15 |               Defendant.            ) **ORDER RE OBJECTIONS TO THE**
     _____) **DECLARATION OF MORGAN E.**
16 |                                       **PIETZ, SUPPLEMENTAL**
                                           **DECLARATION OF MORGAN E.**
17 |                                       **PIETZ AND DECLARATIONS OF**
                                           **BART HUFFMAN AND CAMILLE**
18 |                                       **D. KERR AND EXHIBITS**
                                           **THERETO**
19 |
                                         [Filed Concurrently with Notice of
20 |                                      Lodging]

21 |                                      Date:  March 11, 2013
                                         Time: 1:30 p.m.
22 |                                      Dept.: 11

23 |                                      [Complaint Filed: September 27, 2012]

24 |
                                         Trial date: None set
25 |

26 |

27 |

28 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Respondent Brett L. Gibbs submits the following proposed order re objections to the Declaration of Morgan E. Pietz, Supplemental Declaration of Morgan E. Pietz and Declarations of Bart Huffman and Camille D. Kerr and exhibits thereto submitted in response to the Court's February 7, 2013 Order to Show Cause.

## UNTIMELINESS OBJECTIONS

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| 1.  Supplemental Declaration of Morgan E. Pietz and all exhibits thereto | 1. Untimely filed in violation of Court's February 7, 2013 Order | Sustained _____ Overruled _____ |
| 2.  Declaration of Bart Huffman and exhibit thereto | 2. Untimely filed in violation of Court's February 7, 2013 Order | Sustained _____ Overruled _____ |
| 3.  Declaration of Camille D. Kerr and all exhibits thereto | 3. Untimely filed in violation of Court's February 7, 2013 Order | Sustained _____ Overruled _____ |

## OBJECTIONS TO DECLARATION OF MORGAN E. PIETZ

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| 1.      Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: My clients in the Prenda cases, including this case, each received letters from their ISPs informing them that Prenda | 1. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Assumes Facts Not In Evidence; Improper | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| was attempting to subpoena their identity as part of a lawsuit. | Characterization of Evidence. | |
| **2.**    Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: Generally, my clients are the people who happen to pay the Internet bill for their household, not necessarily the people who actually committed the alleged infringement or other wrongful conduct. | 2. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **3.**    Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However, Prenda constructs its lawsuits so as to make it unclear what exactly is the status of my clients. | 3.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* § 701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **4.**    Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: | 4.  Irrelevant (*FRE* §§401, 402); Lacks Foundation | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| The complaint does not exactly come out and say that the ISP subscriber equals the John Doe defendant. | and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* § 701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 5.      Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However, the requests for early discovery, seeking leave to issue ISP subpoenas, generally tend to conflate ISP subscriber with Doe defendant. | 5.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §§701; Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ <br> Overruled _____ |
| 6.      Declaration of Morgan E. Pietz, pg. 2 -3 ¶ 5, as follows:  I am informed and believe that Chicago law partners John Steele (formerly | 6.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), | Sustained _____ <br> Overruled _____ |

| | **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection:** |
|---|---|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | a divorce attorney) and Paul Hansemeier, of what was then called Steele Hansemeier, PLLC, began filing copyright infringement cases on behalf of pornographers on or around September 2, 2010. *See, Hard Drive Prod's., Inc.* v. *Does 1-100,* N.D. Ill. No. 1:10-cv-0506, ECF No, 1, 9/2/10. | 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 7.     Declaration of Morgan E. Pietz, pg. 2 -3 ¶ 5, as follows:  Steele Hansemeier's efforts in this regard started to arouse public attention starting at least as early as November 15, 2010, which is the date of a Chicago Tribune article talking about Mr. Steele's "fight against porn piracy": http://articles.chicagotribune.com/2010-ll-15/news/ct-met-porn-attomey- 20101115_1_face-lawsuit-anti-piracy-campaign-copyright-violators | 7.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ <br>Overruled _____ |

4

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection:** |
|---|---|---|
| **8.**      Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: I am informed and believe that since the early days of Steele Hansemeier, in addition to Mr. Steele, both Paul Hansemeier, an attorney, and Paul's brother Peter Hansemeier, who is purportedly knowledgeable about computers, have played an active role in the copyright litigation cases filed by this firm. | 8. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ <br> Overruled _____ |
| **9.**      Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: Typically, Peter Hansemeier would sign declarations in Steele Hansemeier (and later, Prenda Law, Inc.) copyright cases, averring that he had logged IP addresses that were allegedly used to download pornography illegally using the BitTorrent file sharing protocol. | 9.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ <br> Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **10.** Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows: It did not take long for courts to begin expressing skepticism about Prenda's BitTorrent lawsuits. | 10. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **11.** Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows: In early 2011, Judge Milton Shadur of the Northern District of Illinois, who sits in Chicago, where Steele Hansemeier was originally based, dismissed one of the firm's early cases, wherein Mr. Steele had sought to subpoena ISP subscriber information from all over the Country. *See CP Productions, Inc.* v. *Does 1-300,* No. 10-cv-6255 (N.D. Ill. March 2, 2011) | 11.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| (Shadur, Sen. J.) (minute order) ("This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, ***which has abused the litigation system in more than one way.*** But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, [counsel John Steele] is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.") | | |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| (emphasis added); *see also Boy Racer, Inc. v. Does 1-22,* No. 11 C 2984, Slip Op. (N.D. Ill. May 9, 2011) (Shadur, Sen. J.) (noting that the Court "rejected attorney Steele's effort to shoot first and identify his targets later," and making clear that suits against a "passel of 'Does'" would not get anywhere in that Court). | | |
| **12.** Declaration of Morgan E. Pietz, pg. 4 ¶ 8, as follows: Undeterred, Steele Hansemeier actually expanded. | 12. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **13.** Declaration of Morgan E. Pietz, pg. 4 ¶ 8, as follows: I am informed and believe that | 13. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| starting in March, 2011, Steele Hansemeier, through attorney Brett L. Gibbs in California, began filing cases outside of Illinois. | Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 14.    Declaration of Morgan E. Pietz, pg. 4 ¶ 8, as follows: Mr, Gibbs, under the banner of Steele Hansemeier, PLLC, filed a slew of actions in the Northern District of California on behalf of various pornographers. *See, e.g., MCGIP, LLC v. Does 1-18,* N.D. Cal. Case No. 12-cv-1495, ECF No. 1, 3/28/11. | 14.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 15.    Declaration of Morgan E. Pietz, pg. 4 ¶ 8, as follows: Steele Hansemeier, through other attorneys, also began | 15.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* | Sustained _____ Overruled _____ |

9

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| filing actions in other states around the country, including the Southern District of Florida, among other places. | §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 16.    Declaration of Morgan E. Pietz, pg. 4 ¶ 9, as follows: Since the early days of Steele Hansemeier, the individuals noted above have maintained the same website, located at wefightpiracy.com. | 16. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 17.    Declaration of Morgan E. Pietz, pg. 4 ¶ 9, as follows: Exhibit A - True and correct copies of several iterations of the wefightpiracy.com website, showing how it has changed over time, as downloaded by me from web.archive.org, as | 17.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Improper Characterization | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| well as a screenshot from the site as it appeared live on January 14, 2013, are attached hereto as **Exhibit A.** | of Evidence; Improper Authentication of Document (*FRE* §901). | |
| **18.** Declaration of Morgan E. Pietz, pg. 4 ¶ 10, as follows: I am informed and believe that in November of 2011, Steele Hansemeier, PLLC gave way to "Prenda Law, Inc.," an entity organized under the laws of the State of Illinois. | 18. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **19.** Declaration of Morgan E. Pietz, pg. 4 ¶ 10, as follows: Curiously, "Prenda Law, Inc." appears to have been organized as a regular corporation, not a professional corporation. | 19. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **20.** Declaration of Morgan E. Pietz, pg. 4 ¶ 10, as follows: Exhibit B - A true and correct copy of the entity detail for Prenda Law, Inc. on the Illinois Secretary of State website as of January 9, 2013 is attached hereto as **Exhibit B.** | 20. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| **21.** Declaration of Morgan E. Pietz, pg. 4-5 ¶ 11, as follows: I am informed and believe that after the switch from Steele Hansemeier, PLLC to Prenda Law, Inc., the firm continued to file cases on behalf of the same group of clients, most, if not all of whom, produce pornography and/or hold some kind of copyright rights to | 21. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| pornography. | authentication of document (*FRE* §901). | |
| 22.    Declaration of Morgan E. Pietz, pg. 4-5 ¶ 11, as follows:  These clients of Prenda included:<br>• AF Holdings, LLC;<br>• Arte de Oaxaca, LLC;<br>• Boy Racer, Inc.;<br>• Bubble Gum Productions, LLC;<br>• CP Productions, Inc.;<br>• First Time Videos, LLC;<br>• Future Blue, Inc.;<br>• Guava, LLC;<br>• Hard Drive Productions, Inc.;<br>• Ingenuity 13, LLC;<br>• Lightspeed Media Corporation;<br>• MCGIP, LLC;<br>• Millenniuem TGA, Inc.;<br>• Openmind Solutions, | 22.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Inc.;<br>• Pacific Century International Ltd.;<br>• Pink Lotus Entertainment LLC;<br>• Sunlust Pictures, LLC;<br>• VPR Internationale; | | |
| 23.    Declaration of Morgan E. Pietz, pg. 4-5 ¶ 11, as follows:  Between September 2, 2010 and February 24, 2012, Prenda filed over 118 copyright infringement actions in various federal courts around the country, against more than 15,000 John Doe Defendants, on behalf of some of the above entities. | 23.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 24.    Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows:  I am informed and believe that after the switch from Steele Hansemeier, LLC to Prenda Law, Inc., attorney Paul Duffy became the new | 24. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| nominal head of Prenda Law. | In Evidence; Improper Characterization of Evidence. | |
| 25.     Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows:  John Steele and Brett Gibbs continued to file pleadings and communicate with opposing counsel on behalf of Prenda, but typically referred to themselves as "of counsel." | 25.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 26.     Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows:  Prenda also filed many cases through "local counsel" in various jurisdictions, where Prenda Law was not technically on the pleadings, but was actually steering the litigation.  *See, e.g., Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case | 26.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| No. 8:12-CV-1685-T-35MAP. | of Evidence. | |
| 27.   Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows:  Exhibit C - A true and correct copy of a complaint filed by local counsel Matthew Jenkins of Nebraska, filed for Prenda on behalf of Lightspeed Media Corporation is attached hereto as **Exhibit** C. | 27.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 28.   Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows:  This document shows how the email address used by local counsel on the leadings was Brett Gibbs' email address, blgibbs@wefightpiracy.com. | 28.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **29.** Declaration of Morgan E. Pietz, pg. 5-6 ¶ 12, as follows: I do not believe this is an isolated incident, of local counsel from Prenda using Mr. Gibbs' email address on pleadings. | 29. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **30.** Declaration of Morgan E. Pietz, pg. 6 ¶ 13, as follows: I am informed and believe that as of April 12, 2012, John Steele was still identifying himself as "of counsel" to Prenda Law, Inc. | 30. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **31.** Declaration of Morgan E. Pietz, pg. 6 ¶ 13, as follows: | 31. Irrelevant (*FRE* §§401, 402); Lacks | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Exhibit D - Attached hereto as **Exhibit D** is a true and correct copy of *a pro hac vice* application Mr. Steele filed in an important mutli-Doe case pending in Washington, D.C. *AF Holdings, LLC* **v.** *Does 1-1058,* D.D.C. No. 12-cv-0048-BAH, ECF No. 32, 4/20/12. | Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| **32.** Declaration of Morgan E. Pietz, pg. 6 ¶ 13, as follows: In the application, Mr. Steele recites that he is "of counsel with the law firm of Prenda Law, Inc." | 32. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **33.** Declaration of Morgan E. Pietz, pg. 6 ¶ 14, as follows: I am informed and believe that | 33. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal | Sustained _____ Overruled _____ |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection:** |
|---|---|---|
| where courts have allowed Prenda to utilize the subpoena power to obtain subscriber information from ISPs, over ISP and subscriber objections, the result has been a stream of unrelenting, debt collector style harassment, all designed to pressure these ISP subscribers to quickly settle their cases. | Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| **34.**   Declaration of Morgan E. Pietz, pg. 6 ¶ 14, as follows: Prenda sends out misleading demand letters. | 34.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **35.**   Declaration of Morgan E. Pietz, pg. 6 ¶ 14, as follows: Exhibit E - A true and correct | 35.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| copy of such a letter is attached hereto as **Exhibit E.** | Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 36.    Declaration of Morgan E. Pietz, pg. 6 ¶ 15, as follows: In particular, note how the letter, on page 1, identifies "Your IP address you were assigned *during your illegal activity*." *Id.* p.1 (emphasis added). | 36. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 37.    Declaration of Morgan E. Pietz, pg. 6 ¶ 15, as follows: | 37.  Irrelevant (*FRE* §§401, 402); Lacks | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Thus the letters sent to ISP subscribers tend to conflate the ISP subscriber with the actual infringer. | Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 38.    Declaration of Morgan E. Pietz, pg. 6 ¶ 15, as follows: Another scare tactic are the citations to cases awarding astronomical statutory damages, without explaining the importance of willfulness into the calculation of such damages. *Id.* p. 2. | 38.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 39.    Declaration of Morgan E. Pietz, pg. 6-7 ¶ 16, as follows:  I am informed and | 39. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal | Sustained _____ Overruled _____ |

21

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| believe that once Prenda has obtained a subscriber's information, in addition to sending out demand letters, it also begins calling that person incessantly, with threats that if they do not settle, they will be "named" in a federal lawsuit accusing them of illegally downloading pornography. | Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 40.   Declaration of Morgan E. Pietz, pg. 6-7 ¶ 16, as follows:  I have never received one of these phone calls personally, but multiple potential and actual clients of mine have told me much the same story in this regard: sometimes as many as three phone calls a day, sometimes non for a month, but then they would start back up again, according to no discernible pattern. | 40.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 41.   Declaration of Morgan | 41. Irrelevant (*FRE* §§401, | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| E. Pietz, pg. 7 ¶ 17, as follows: Similarly, I am informed and believe, because several potential and actual clients have told me so, that the phone calls included so-called "robo-calls," where it was a machine doing the dialing. *See:* http://dietrolldie.com/2012/06/16/prenda-robo-calls-stupidity-gone-automatic/ | 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Overruled _____ |
| 42.    Declaration of Morgan E. Pietz, pg. 7 ¶ 18, as follows: I am informed and believe that most of the people working in the Prenda call centers are not attorneys. | 42.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| 43.    Declaration of Morgan E. Pietz, pg. 7 ¶ 18, as follows: Rather, they are similar to professional telemarketers or debt collectors, who often work from specific guidelines, and are possibly paid on commission. | 43.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 44.    Declaration of Morgan E. Pietz, pg. 7 ¶ 18, as follows: The common theme in these harassing communications is pressure to "settle." | 44.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 45.    Declaration of Morgan | 45.  Irrelevant (*FRE* | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| E. Pietz, pg. 7-8 ¶ 19, as follows:   I am informed and believe that in February 2012, Prenda Law was forced to make a damaging admission by Judge Lucy Koh of the Northern District of California. | §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); S Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Overruled _____ |
| 46.    Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   After initially allowing subpoenas but then becoming suspicious of Prenda's attempt to obtain an extension of the Rule 4(m) service of process deadline, Judge Koh *ordered* Mr. Brett Gibbs to file a "list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed [by] Plaintiffs | 46.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| counsel's law firm or predecessor firm in federal court. | | |
| 47.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   Identify the case by name, case number, court, and filing date. | 47.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 48.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   For each case, indicate how many Doe defendants were actually served." *AF Holdings v. Does 1-135,* N.D. Cal. Case No. 5:11-cv-0336-LHK, ECF No. 42, 2/23/12. | 48.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| | Improper Characterization of Evidence. | |
| 49.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   Judge Koh asked just the right question. | 49.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 50.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   The next day, Mr. Gibbs filed a status report with an Exhibit disclosing that over the year and a half prior, Prenda Law f/k/a Steele Hansemeier, had filed *118 multiple-defendant cases, against a staggering 15,878 Doe defendants, but they had* | 50.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| *served zero (0) John Does* in any of these cases. *Id,* at ECF No, 43-1, 2/24/12. pp. 4-6. | | |
| 51.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   Exhibit F - A true and correct copy of this Exhibit A to the status report, which lists Prenda' cases, is attached hereto as **Exhibit F**. | 51.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 52.   Declaration of Morgan E. Pietz, pg. 7-8 ¶ 19, as follows:   Specifically, the status report stated, as to the list of the 118 cases, "Although our records indicate that we have filed suits against individual copyright infringement defendants, our | 52.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| records indicate that no defendants have been served in any of the below-listed cases." | | |
| 53.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: I am informed and believe that once word of this admission by Prenda got out (defense attorneys began including the status report as an exhibit to motions to quash in other cases) Prenda rightly recognized that in order to have any credibility with both the courts and the people it was threatening with suit, it was going to have to start naming and serving some people. | 53. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 54.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: So, from a list of what I suspect must be several thousand ISP subscribers who it has identified in prior court actions where the courts | 54.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| allowed the ISP subpoenas, Prenda started naming and serving some individual defendants, a few at a time. | Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 55.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: Once it did start serving people, Prenda used the opportunity to create a section on its website where it could publicly shame the defendants it went after individually, with searchable links to their names, and to the case documents, as a warning to the many John Doe's its "settlement negotiators" were still actively pursuing. | 55.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 56.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: As of January 11, 2013, this section of Prenda's website lists 140 cases against individual, named defendants | 56.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| (although many of these suits have already been dismissed, usually without prejudice, at the first hint of litigation difficulty). | Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 57.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: Each of these listings identifies the plaintiff by name. | 57.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 58.    Declaration of Morgan E. Pietz, pg. 8 ¶ 20, as follows: The page also separately lists 208 lawsuits Prenda has filed against John Does, which are described as "Recent Cases Against Soon-to-be-Identified | 58.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); | Sustained _____ Overruled _____ |

31

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Individuals." *See* *http://wefightpiracy.com/suits-against-individuals.php*, as of January 11, 2013. | Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| **59.** Declaration of Morgan E. Pietz, pg. 8-9 ¶ 21, as follows: I am informed and believe that on multiple occasions, in half-hearted attempts to request an extension of the Rule 4(m) deadline, but explain why no service has yet been effected in his case, Mr. Gibbs has explained that the lack of service should be excused because he cannot, consistent with Rule 11(b)(3), form the "reasonable basis" necessary to support a factual allegation that an ISP subscriber *is the actual infringer* without some kind of further discovery beyond the mere fact that a person happens | 59. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| to pay the Internet bill. *Hard Drive Prod's,* v. *Doe,* N.D. Cal. Case No. 22-1566, ECF No. 29, 11/11/11 (status report filed by Brett Gibbs); *see also Boy Racer, Inc.* v. *Does 1-52,* 2011 WL 7402999 (N.D. Cal, 2011) (Mr. Gibbs admitted that the ISP subpoenas "were not sufficient to 'fully identify' 'each P2P network user suspected of violating the plaintiffs copyright'"); *Hard Drive Productions* v. Doe, No. 4:1 l-cv-05634-PJH, ECF No. 9, pp. 9-10, 1/6/12 (plaintiffs ex parte application for further discovery, seeking leave to depose an ISP subscriber) (Mr. Gibbs represented to the Court that "Plaintiff must conduct additional limited ex parte discovery [beyond the subpoenas which had already been issued] to determine who | | |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| should be named as the defendant in this case."). | | |
| 60. Declaration of Morgan E. Pietz, pg. 8-9 ¶ 21, as follows:  Footnote 1 - Generally, a case that is nominally still pending against someone is more effective as settlement leverage than is a case that has been fully terminated. | 60. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 61. Declaration of Morgan E. Pietz, pg. 8-9 ¶ 21, as follows:  Thus, Prenda generally tries to keep its cases alive, on life support, for as long as possible, but while doing as little actual litigating as possible. | 61. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 62. Declaration of Morgan | 62. Irrelevant (*FRE* §§401, | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| E. Pietz, pg. 9-10 ¶ 22, as follows:   Further, I am informed and believe that Mr. Gibbs has been specifically warned by Judge Seeborg of the Northern District of California that, based on his admission that the ISP address alone is not enough to justify naming and serving someone with a pornography complaint, threatening to actually name and serve an ISP subscriber is inappropriate. | 402); Lacks Foundation and/or Personal Knowledge (*FRE §602*); Hearsay (*FRE §§801(c)*, 802); Improper Opinion (*FRE §701*); Speculation (*FRE §602*); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Overruled _____ |
| **63.**   Declaration of Morgan E. Pietz, pg. 9-10 ¶ 22, as follows:   Specifically,   "Given plaintiffs' admission that it lacks knowledge as to whether Wang [an ISP subscriber] is responsible for the alleged infringement, *naming her as a defendant at* | 63.  Irrelevant (*FRE §§401, 402*); Lacks Foundation and/or Personal Knowledge (*FRE §602*); Hearsay (*FRE §§801(c), 802*); Improper Characterization of Evidence; Improper Authentication of Document (*FRE §901*). | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| *this juncture would present a serious Rule 11 issue.* As such, the argument has the appearance of an improper threat." *Hard Drive Productions, Inc. v. John Doe, No. 4:11-cv-05630* (Order Granting Leave to Issue Deposition Subpoena)(N.D. Cal, January 18, 2012)(ECF No, 10 at 2) (emphasis added). | | |
| 64.    Declaration of Morgan E. Pietz, pg. 9-10 ¶ 22, as follows:   In short, Mr. Gibbs has both admitted, and been specifically warned by a federal Judge, that something more is required, beyond the mere fact that someone happens to pay the Internet bill, in order to justify naming and | 64.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| serving that person with a complaint in a case like this. | Improper Characterization of Evidence. | |
| **65.** Declaration of Morgan E. Pietz, pg. 10 ¶ 23, as follows: Despite the above admissions and specific warning from Judge Seeborg on Rule 11, I am personally aware of at least two occasions where Mr. Gibbs of Prenda law has actually done precisely the opposite, and gone ahead and named and served someone (or tried to do so) based on the fact that they were the account billing contact identified by the ISP. | 65. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **66.** Declaration of Morgan E. Pietz, pg. 10 ¶ 23, as follows: In both instances, Prenda has tried to defend itself by saying that it did perform some kind of online Internet investigation. | 66. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
|  | Facts Not In Evidence; Improper Characterization of Evidence. |  |
| 67.    Declaration of Morgan E. Pietz, pg. 10 ¶ 23, as follows:   But in both instances, the investigation was a farce and the "facts" supposedly yielded by the investigation were so wildly incorrect that one has to wonder whether Prenda was not really just making these "facts" up. | 67.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 68.    Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:   The first example of Prenda's bad faith in naming and serving an ISP subscriber that I am aware of concerns my client Jesse Nason. | 68. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **69.** Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:  Facing a "stiffening judicial headwind" in federal court a newer Prenda law tactic is to dress copyright infringement claims up in state law and "computer fraud" clothing, in order to file suit in state courts. | 69.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **70.** Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:  Such was the case in *Lightspeed Media Corporation* v. *John Doe,* Circuit Court of St. Clair County, IL, No. 11 L 683. | 70.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **71.** Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:  In that original | 71.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Lightspeed case, Prenda, on behalf of Lightspeed, filed suit against a single John Doe, alleging claims for violations of the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*) ("CFAA") as well as several state law claims that were all pre-empted by the Copyright Act. | Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 72.    Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:   In addition to seeking ISP information for this single defendant, Prenda also sought to subpoena a list of 6,600 IP addresses for supposed "co-conspirators," located all over the country, who had supposedly assisted the lead defendant in his "password hacking" and computer fraud. | 72.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 73.    Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as | 73.  Irrelevant (*FRE* §§401, 402); Lacks | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| follows:   Mr. Nason was not given the required notice by his ISP, so he was not able to object to the subpoena seeking his information. | Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| **74.**     Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:   Although some ISPs later objected to these subpoenas, resulting in the Illinois Supreme Court stepping in to issue a "supervisory order" curtailing the IP address discovery issuing out of St. Clair County, Mr. Nason's ISP simply handed Mr. Nason's info over before any of that played out. | 74.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **75.**     Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as | 75.  Irrelevant (*FRE* §§401, 402); Lacks | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| follows:  A few months after his information was released by his ISP, a process sever showed up on Mr. Nason's doorstep, and he was served in *Lightpseed Media Corporation v. Nason,* Los Angeles Superior Court No. NC057950. | Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| **76.**    Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:  When Mr. Gibbs was pressed at the first hearing in the matter to explain how, based on the prior admissions noted above, he could justify having named and served Mr. Nason in a public complaint, Mr. Gibbs responded that Prenda had determined that Mr. Nason "lived alone." | 76. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____<br>Overruled _____ |
| **77.**    Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:  After I had a chance | 77. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____<br>Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| to confer with my client, I learned this was untrue; Mr, Nason has been married for several years, and lives with his wife. | Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 78.   Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:   No other justification for naming and serving Mr. Nason was presented (other than that he paid the Internet bill, and "lived alone," which was untrue). | 78.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 79.   Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows:   After Mr. Nason had his first demurrer sustained, and all the state law claims dismissed with prejudice, on | 79.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| the eve of a second demurrer being filed, Prenda dismissed the remaining CFAA claim (without prejudice, of course). | (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 80. Declaration of Morgan E. Pietz, pg. 10-11 ¶ 24, as follows: Exhibit G - A true and correct copy of the Declaration of Jesse Nason is attached hereto as **Exhibit G.** | 80. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 81. Declaration of Morgan E. Pietz, pg. 11 ¶ 25, as follows: The second concrete example of Prenda's bad faith with respect to naming and serving an ISP subscriber that I | 81. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| am aware of occurred in *AF Holdings LLC* v. *John Doe et al,* N.D. Cal. No. 12-cv-2049, ECF No. 45, l/7/l 3 in a case pending before Judge Hamilton. | (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 82.    Declaration of Morgan E. Pietz, pg. 11 ¶ 25, as follows:   Prenda learned the ISP subscriber's identity in that case from *AF Holdings v. Does 1-135,* N.D. Cal. Case No. 5:1 l-cv-0336-LHK, which was the same case where Judge Koh ordered Mr. Gibbs to file the now infamous status report. | 82.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 83.    Declaration of Morgan E. Pietz, pg. 11 ¶ 25, as follows:   Prior to the earlier case being dismissed by Judge Koh on March 27, 2012 (1 l-cv-336, ECF No. 45) for failure to serve, however, an ISP | 83.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| subpoena was processed resulting in the identification of one Josh Hatfield as the ISP billing contact who paid for an account that was assigned one of the allegedly infringing IP addresses at issue. | Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 84.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  I am informed and believe that on April 24, 2012, Prenda filed a complaint asserting claims for copying infringement and contributory copyright infringement against an unidentified Doe defendant, and another cause of action for negligence against Josh Hatfield (the 12-cv-2049 action). | 84. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 85.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  The initial complaint in the 12-cv-2049 action did not assert claims for copyright | 85.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| infringement against Hatfield. | §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 86.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  Instead, the gravamen of the negligence claim against Hatfield was that he failed to secure his Internet network. | 86.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 87.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  After Hatfield moved to dismiss the negligence claim, Prenda filed a first amended complaint ("FAC") asserting copyright infringement against the Doe, | 87.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| "and a claim of negligence against Hatfield, based on alleged third party's use of Hatfield's Internet connection to commit the infringement, and Hatfield's failure to secure this Internet connection and/or failure to monitor the unidentified third party's use of his Internet connection." *AF Holdings LLC v. John Doe et al.,* N.D. Cal. No. 12-cv-2049, ECF No. 45, 1/7/13, p. 3. | Evidence; Improper Characterization of Evidence. | |
| **88.**    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  The FAC also explained in a footnote on page 1 that "at this stage of the litigation, [p]laintiff does not know if [defendant Doe is the same individual as Josh Hatfield." FAC at 1, n.l. | 88.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **89.**    Declaration of Morgan | 89.  Irrelevant (*FRE* | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| E. Pietz, pg. 11-12 ¶ 26, as follows:  Hatfield then moved to dismiss the negligence claim, and the Court granted the motion, with prejudice. | §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Overruled _____ |
| 90.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  The Court also pointed out that the case was well past the 120-day Rule 4(m) service of process deadline, and ordered the plaintiff to file a proof of service by October 4, 2012. | 90.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 91.    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  The plaintiff did not do so. | 91.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| | §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| **92.**   Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  Instead, it filed a motion on September 28, 2012, seeking leave to amend the complaint again, to now allege that Hatfield *was* the Doe defendant. | 92.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **93.**   Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  I am informed and believe that a November 7, 2012, hearing on plaintiffs motion for leave to amend the complaint to allege that the ISP | 93.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| subscriber Hatfield actually was the Doe defendant being sued for copyright infringement, Judge Hamilton advised Mr. Gibbs that, "he would have to persuade the Court that he had discovered additional evidence, based on the same identification of a defendant that he had discovered additional evidence, based on the same identification of a defendant that he had know about for more than a year. The Court gave counsel one week to submit a revised proposed SAC that demonstrated diligence and that supported the alleged 'new facts' asserted by counsel," | Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |

51

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **94.**    Declaration of Morgan E. Pietz, pg. 11-12 ¶ 26, as follows:  Mr. Gibbs did indeed file a proposed revised second amended complaint against Mr, Hatfield, which contained a new section entitled "Plaintiffs Further Investigation of Defendant." | 94. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **95.**    Declaration of Morgan E. Pietz, pg. 13 ¶ 28, as follows:  I am informed and believe that as in the Nason case, the "investigation" plaintiff claims to have conducted in the Hatfield case was (a) woefully insufficient as to methodology, and (b) resulted in wildly incorrect "facts." | 95.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **96.**    Declaration of Morgan E. Pietz, pg. 13 ¶ 28, as follows:  Judge Hamilton's order denying the motion for | 96. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| leave to amend the complaint, a true and correct copy of which is attached hereto as **Exhibit H** explains all of the ways "Plaintiffs Further Investigation of Defendant" which appears to have mainly consisted of a bit of light google searching, was insufficient. | Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 97.    Declaration of Morgan E. Pietz, pg. 13 ¶ 28, as follows:  Exhibit H - Judge Hamilton's order denying the motion for leave to amend the complaint, a true and correct copy of which is attached hereto as **Exhibit H** explains all of the ways "Plaintiffs Further Investigation of Defendant" which appears to have mainly consisted of a bit of light google searching, was insufficient. | 97.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 98.    Declaration of Morgan | 98.  Irrelevant (*FRE* | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| E. Pietz, pg. 13 ¶ 28, as follows:  However, even more notably, as in the Nason case, the "facts" Prenda came up with are wildly incorrect. In large measure, Mr. Gibbs explained his "good faith" belief that Mr. Hatfield was the actual infringer by pointing to facebook and Myspace pages *that do not actually belong to Mr. Hatfield.* | §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Overruled _____ |
| 99.      Declaration of Morgan E. Pietz, pg. 13 ¶ 28, as follows:  Exhibit I - A true and correct copy of Mr. Hatfield's declaration swearing to this is attached as **Exhibit I.** | 99.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| | Document (*FRE* §901). | |
| 100.   Declaration of Morgan E. Pietz, pg. 13 ¶ 28, as follows:  Just as Prenda's "investigation" supposedly revealed that Mr. Nason "lived alone," when he had been married for years, the "investigation" of Mr. Hatfield resulted in Prenda submitting to the Court facebook and Myspace pages that did not actually belong to Mr. Hatfield. | 100.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 101.   Declaration of Morgan E. Pietz, pg. 13-14 ¶ 29, as follows:  I am informed and believe that starting in November of 2012, facts began to come to light regarding one Alan Cooper of Minnesota, all of which seem to suggest that Prenda has been engaged in systemic fraud, both on the courts and on the copyright office; forgery; identity theft, | 101. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| as well as improper fee splitting, and concealment of the identity of the real parties in interest in these cases, among other very troubling issues. | | |
| **102.**   Declaration of Morgan E. Pietz, pg. 13-14 ¶ 29, as follows:  My knowledge of the Alan Cooper issues is based primarily on two sources: (i) a letter Mr. Cooper's attorney filed on his behalf in two AF Holdings cases pending in Minnesota, a true and correct copy of which is attached hereto as **Exhibit J**; and (ii) a sworn affidavit executed by Mr. Cooper himself, a true and correct copy of which is attached hereto as **Exhibit K.** | 102.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **103.**   Declaration of Morgan E. Pietz, pg. 13-14 ¶ 29, as follows:  Exhibit J - (i) a letter Mr. Cooper's attorney filed on | 103.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| his behalf in two AF Holdings cases pending in Minnesota, a true and correct copy of which is attached hereto as **Exhibit J:** | §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| **104.**    Declaration of Morgan E. Pietz, pg. 13-14 ¶ 29, as follows:  Exhibit K - (ii) a sworn affidavit executed by Mr. Cooper himself, a true and correct copy of which is attached hereto as **Exhibit K.** | 104.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| **105.**    Declaration of Morgan E. Pietz, pg. 14 ¶ 30, as follows:  Specifically, I am | 105.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

57

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| informed and believe that there is a gentleman from Minnesota named Alan Cooper who formerly worked as a caretaker on a property owned by John Steele. Exhibit J; Exhibit K ¶4. | Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| **106.**   Declaration of Morgan E. Pietz, pg. 14 ¶ 31, as follows:  I am informed and believe that Mr. Steele bragged to his caretaker Alan Cooper about a copyright scheme Exhibit J, p 1., and, according to Mr. Cooper "Steele had told me on at least one occasion that if anyone asked about companies that I should call him." Appendix 2, ¶8. | 106.   Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **107.**   Declaration of Morgan E. Pietz, pg. 14 ¶ 32, as follows:  I am informed and | 107.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| believe that after this Minnesota Mr. Cooper became suspicious, and searched online, he found out that Prenda Law had been using the name "Alan Cooper" as the supposed principal of AF Holdings and Ingenuity 13, in various federal court filings, including copyright assignment forms, and verifications filed on behalf of Ingenuity 13, all of which were purportedly executed by "Alan Cooper" on behalf of these entities. Exhibit J. (Exhibit E thereto, page 8 of 8). | Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 108. Declaration of Morgan E. Pietz, pg. 14 ¶ 33, as follows: I am informed and believe that, concerned about his potential personal liability in connection with the scores of Ingenuity 13 and AF Holdings copyright | 108. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| infringement lawsuits pending across the country, Mr. Cooper hired a lawyer named Paul Godfread who asked Prenda Law to confirm that there was another Alan Cooper who is the true principal of AF Holdings and Ingenuity 13, and that the identity of Alan Cooper of Minnesota is not being misappropriated. Exhibit J. | Facts Not In Evidence; Improper Characterization of Evidence. | |
| 109.   Declaration of Morgan E. Pietz, pg. 14 ¶ 34, as follows:  I am informed and believe that immediately after Mr. Cooper's attorney filed a notice of appearance on Mr. Cooper's behalf in an AF Holdings case pending in Minnesota, John Steele attempted to call Mr. Cooper multiple times, despite the fact that Mr. Cooper was represented by counsel. Exhibit | 109.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| | Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|---|
| 1 2 | | | |
| 3 | J. | | |
| 4 5 6 7 8 9 10 11 12 13 | 110.   Declaration of Morgan E. Pietz, pg. 15 ¶ 35, as follows:  The signature used by Alan Cooper of Minnesota on his lease agreement with John Steele appears to be somewhat similar to the "Alan cooper" signature used on various copyright assignments in Prenda's AF Holdings cases: | 110. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization | Sustained _____ Overruled _____ |
| 14 15 16 17 18 19 20 21 | *Image of Authenticated Signature of Minnesota Alan Cooper from His Lease with John Steele:[2]* | *Image of "Alan Cooper" Signature Used on Copyright Assignment Filed in CD. Cal. I2-cv-S709 (Low-number Case):[3]* of Evidence. | |
| 22 23 24 25 26 27 28 | | | |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **111.** Declaration of Morgan E. Pietz, pg. 15 ¶ 35, as follows: Footnote 2 - The signature pictured here is from the lease agreement between Mr. Steele and Mr. Cooper that was attached to the affidavit of Alan Cooper, which is attached hereto as <u>Exhibit K</u>. | 111. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **112.** Declaration of Morgan E. Pietz, pg. 15 ¶ 35, as follows: Footnote 3 - This signature pictured here was found on the last page of Exhibit B to the complaint in *AF Holdings, LLC v. John Doe et al.*, C.D. Cal. No. 12-cv-5709, at ECF No. 1, p. 18. | 112. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **113.** Declaration of Morgan E. Pietz, pg. 15-16 ¶ 36, as follows: I am informed and believe that another example of this mysterious Alan Cooper supposedly signing federal court documents, this time a verification to a Rule 27 petition filed under penalty of perjury, occurred in *In the Matter of a Petition by Ingenuity 13, LLC*, E.D. Cal. Case No. 11-mc-0084-JAM-DAD, ECF No. 1, p. 8 of 8, 10/28/11. | 113. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **114.** Declaration of Morgan E. Pietz, pg. 15-16 ¶ 36, as follows: Exhibit L - A true and correct copy of the petition Mr. Gibbs filed on behalf of Ingenuity 13 in this matter is attached hereto as **Exhibit L**. | 114. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| | Evidence; Improper Authentication of Document (*FRE* §901). | |
| **115.** Declaration of Morgan E. Pietz, pg. 15-16 ¶ 36, as follows: A look at the verification page reveals: (i) the petition is verified with an electronic "/s/" signature by "Alan Cooper, Manager of Ingenuity 13 LLC"; (ii) although the heading of the verification page says "Notarized Verification" there is no notary seal or other notary information on the document; (iii) instead, Mr. Gibbs himself swears that "I, Brett L. Gibbs, Esq., hereby confirm per Eastern District of California Local Rule 131(f) that counsel for Plaintiff has a signed original notarized version of the above Verified Petition." | 115. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **116.** Declaration of Morgan E. Pietz, pg. 16 ¶ 37, as follows: Since at least November, Prenda has been dodging all questions asked by Minnesota Alan Cooper's attorney, and by me, about whether there is another person with the name Alan Cooper who was the true principal of AF Holdings and Ingenuity 13. | 116. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **117.** Declaration of Morgan E. Pietz, pg. 16 ¶ 37, as follows: Prenda refuses to say. | 117. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **118.** Declaration of Morgan E. Pietz, pg. 16 ¶ 37, as follows: Exhibit M - A true | 118. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| and correct copy of and email chain showing my attempts to have Mr. Gibbs answer these questions, and his evasive responses, is attached hereto as **Exhibit M.** | Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 119. Declaration of Morgan E. Pietz, pg. 16 ¶ 38, as follows: Both Mr. Cooper's attorney and I have also asked Mr. Gibbs to produce a copy of the original notarized Alan Cooper verification he was obligated to maintain in the Rule 27 petition filed on behalf of Ingenutiy 13 in the Eastern District of California. Mr. Gibbs has refused to produce the original Alan Copper signature. *See* Exhibit M. | 119. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **120.** Declaration of Morgan E. Pietz, pg. 16-17 ¶ 39, as follows: I am informed and believe that at almost the exact same time the Alan Cooper allegations were coming to light, another incident occurred at a Florida hearing in a Prenda case, involving a separate fraud on the court. In *Sunlust Pictures, Inc. v. Tuan Nguyen*, M.D. Fl. Case No. 8:12-CV-1685-T-35MAP Judge Scriven ordered a principal of Prenda Law, Inc. to attend a hearing on a John Doe motion, and also ordered a principal of Sunlust Pictures, the plaintiff in that action, to attend the hearing as well. | 120. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **121.** Declaration of Morgan E. Pietz, pg. 16-17 ¶ 39, as follows: Exhibit N - A true and correct copy of the complete hearing transcript is | 121. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| attached hereto as **Exhibit** N. | §§801(c), 802); Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 122.   Declaration of Morgan E. Pietz, pg. 16-17 ¶ 39, as follows:  According to the transcript, Prenda's purported "sole principal" Paul Duffy, belatedly notified the Court that he could not attend due to a health issue. | 122.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 123.   Declaration of Morgan E. Pietz, pg. 16-17 ¶ 39, as follows:  After two prior local counsel sought to withdraw from the matter, Prenda placed an advertisement in a local newspaper and obtained a new, | 123.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| third local counsel (hired by plaintiff's counsel here Brett Gibbs) who, after filing a notice of appearance and conferring with defense counsel, almost immediately sought to withdraw. | Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 124.   Declaration of Morgan E. Pietz, pg. 17 ¶ 40, as follows:  I am informed and believe that Sunlust also did not send a principal to the Florida hearing; rather, it sent John Steele's former paralegal, a man named Mark Lutz, as the plaintiffs "corporate representative" for hire. | 124.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 125.   Declaration of Morgan E. Pietz, pg. 17 ¶ 40, as follows:  However, upon questioning Mr. Lutz, Judge Scriven quickly determined that Mr. Lutz had no authority | 125.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| to bind the company, and that he did not know who owned or managed it. | Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 126.   Declaration of Morgan E. Pietz, pg. 17 ¶ 40, as follows:  Accordingly, despite a Court order requiring them to do so, neither Prenda Law nor its client Sunlust Pictures sent a principal to the hearing. | 126.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 127.   Declaration of Morgan E. Pietz, pg. 17 ¶ 40, as follows:  Note in particular page 20 of the transcript where Judge Scriven orders the purported "corporate representative" for the plaintiff, | 127.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); | Sustained _____ Overruled _____ |

70

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Mark Lutz (i.e., John Steele's former paralegal), away from the plaintiffs table and dismisses the case for "failure to present a lawful agent, for attempted fraud on the Court by offering up a person who has no authority to act on behalf of the corporation as its corporate representative" and invites a motion for sanctions. Exhibit N. | Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 128.   Declaration of Morgan E. Pietz, pg. 17 ¶ 40, as follows:  Footnote 4 - Although one person closely connected with Prenda did attend the hearing: John Steele sat in the gallery, and purported not to be involved in the case, but after the Court noticed Mr. Lutz constantly trying to confer with Mr. Steele, the Judge asked Mr. Steele who he was, and then | 128.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

71

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| asked him for answers to some of her questions about Sunlust Pictures, which Mr. Steele provided. Exhibit N. p. 18:12-24. | | |
| 129. Declaration of Morgan E. Pietz, pg. 17-18 ¶ 41, as follows: The combination of: (i) the facts averred by Mr. Cooper of Minnesota (Exhibits J and K): (ii) Prenda's almost comical attempts to stonewall on the question of whether there was another Alan Cooper who was the true principal of AF Holdings and Ingenuity 13, or answer any other questions on these matters (Exhibit M); (iii) Mr. Gibb's refusal or inability to produce the original Alan Cooper verification page from the Eastern District of California Rule 27 petition (Id.; Exhibit L); and (iv) the facts revealed in the Florida hearing | 129. Irrelevant (FRE §§401, 402); Lacks Foundation and/or Personal Knowledge (FRE §602); Hearsay (FRE §§801(c), 802); Improper Opinion (FRE §701); Speculation (FRE §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| transcript in Prenda's *Sunlust* case (Exhibit N), made me extremely suspicious. | | |
| 130.   Declaration of Morgan E. Pietz, pg. 17-18 ¶ 41, as follows:  Taken together, these facts suggest a pattern of deception with respect to who is really behind these lawsuits. | 130.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 131.   Declaration of Morgan E. Pietz, pg. 17-18 ¶ 41, as follows:  Specifically, it appears that there is a pattern where, when pressed, Prenda has fraudulently held out close/former associates of John Steele as purported representative for the purported client in these cases. | 131.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **132.** Declaration of Morgan E. Pietz, pg. 18 ¶ 42, as follows:  Based on these suspicions, I sought leave of court to conduct limited early discovery into these issues, on behalf of my putative John Doe clients being threatened by Prenda. | 132.  Irrelevant (*FRE* §§401, 402); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **133.** Declaration of Morgan E. Pietz, pg. 18 ¶ 42, as follows:  On December 26, 2012, Judge Wright of the Central District granted my application for leave to take early discovery on the Alan Cooper questions (Ingenuity 13, LLC v. John Doe, CD. Cal. No. 12-cv-8333-ODW, ECF No. 32), and on January 4, 2013, I duly propounded special interrogatories and requests to produce documents seeking answers about Alan Cooper. | 133.  Irrelevant (*FRE* §§401, 402); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **134.** Declaration of Morgan E. Pietz, pg. 18 ¶ 42, as follows: As of today, Prenda has not yet responded. | 134. Irrelevant (*FRE* §§401, 402); Improper Characterization of Evidence. | Sustained _____ <br> Overruled _____ |
| **135.** Declaration of Morgan E. Pietz, pg. 18 ¶ 43, as follows: Like a snake shedding its skin, and for reasons that are not hard to imagine given the Florida hearing transcript (Exhibit **N**), among other reasons, it appears that Prenda has recently decided to try and rebrand itself (again) and is now moving away from the name Prenda Law, Inc. | 135. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ <br> Overruled _____ |
| **136.** Declaration of Morgan E. Pietz, pg. 18 ¶ 43, as follows: Thus, I am informed and believe that starting around the first of 2013, letters issuing from Prenda's offices in Chicago have issued under the letterhead of the "Anti-Piracy Law Group" rather than Prenda | 136. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes | Sustained _____ <br> Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| Law. | Facts Not In Evidence; Improper Characterization of Evidence. | |
| 137.   Declaration of Morgan E. Pietz, pg. 18 ¶ 44, as follows:  Further, as of January 9, 2013, the Prenda law, Inc. entity registered in Illinois is listed as "not in good standing" with the Illinois Secretary of State.  Exhibit B. | 137.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 138.   Declaration of Morgan E. Pietz, pg. 18 ¶ 45, as follows:  However, there *is* an active listing in Illinois for an "Anti-Piracy Law Group LLC," formed on November 8, 2012. | 138.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
|  | of Evidence. |  |
| **139.**   Declaration of Morgan E. Pietz, pg. 18 ¶ 45, as follows:  Exhibit O - A true and correct copy of the Illinois Secretary of State business entity listing for the Anti-Piracy Law Group LLC, as of January 14, 2013, is attached hereto as **Exhibit O.** | 139.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| **140.**   Declaration of Morgan E. Pietz, pg. 18 ¶ 46, as follows:  The Illinois business entity details for both Prenda Law, Inc. and the Anti-Piracy Law Group, LLC list the same Chicago address for the agent for service, of 161 North Clark Street, Suite 3200, Chicago, Illinois 60601. | 140.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
|---|---|---|
| **141.** Declaration of Morgan E. Pietz, pg. 18-19 ¶ 47, as follows:  According to the footer at the bottom of the January 14, 2013 version of the wefightpiracy.com website, the content on the site "was prepared by Prenda Law Inc. (an Illinois law firm organized as a limited liability company with its principal office at 161 North Clark Street, Suite 3200, Chicago, Illinois 60601, Ph. 1-800-380-0840)." <u>Exhibit A</u>. | 141.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| **142.** Declaration of Morgan E. Pietz, pg. 19 ¶ 48, as follows:  I am informed and believe that the Anti-Piracy Law Group, LLC is nothing more than a continuation of Prenda Law, Inc., which itself is nothing more than a continuation of Steele Hansemeier, PLLC. | 142.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection: |
| --- | --- | --- |
| | of Evidence. | |

## OBJECTIONS TO SUPPLEMENTAL DECLARATION OF MORGAN E. PIETZ

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
| --- | --- | --- |
| 1.     Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However, Prenda constructs is lawsuits so as to make it unclear what exactly is the status of my clients. | 1.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 2.     Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: The complaint does not exactly come out and say that the ISP subscriber equals the John Doe defendant. | 2.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | of Evidence. | |
| 3.      Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However, the requests for early discovery, seeking leave to issue ISP subpoenas, generally tend to conflate ISP subscriber with Doe defendant. | 3.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 4.      Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows: Exhibit P - Attached as <u>Exhibit P</u> hereto is a true and correct copy of an email chain I received wherein Mr. Gibbs noticed me that Mr. Duffy would be substituting in to this case as counsel of record, and an email where Mr. Duffy attempted to meet and confer with on 12-cv-8333. | 4.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 5.      Declaration of Morgan | 5.  Irrelevant (*FRE* §§401, | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| E. Pietz, pg. 3 ¶ 8, as follows: Exhibit Q - Attached as Exhibit Q hereto is a true and correct copy of Cooper's complaint for identify theft, etc. | 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Overruled _____ |
| 6.      Declaration of Morgan E. Pietz, pg. 3 ¶ 9, as follows: Exhibit R - Attached as Exhibit R hereto is a true and correct copy of documents identifying "Salt March" as the "owner" of AF Holdings. | 6.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 7.      Declaration of Morgan E. Pietz, pg. 3 ¶ 10, as | 7.  Irrelevant (*FRE* §§401, 402); Lacks Foundation | Sustained _____ Overruled _____ |

81

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| follows:  Exhibit S - Attached as <u>Exhibit S</u> hereto is a true and correct copy of a declaration attorney Nicholas Ranallo prepared regarding Anthony Saltmarsh. | and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 8.      Declaration of Morgan E. Pietz, pg. 3 ¶ 11, as follows:  Exhibit T - Attached as <u>Exhibit T</u> hereto is a true and correct copy of a website registration document showing "Alan Cooper" at an address in Phoenix linked to, John Steele, his sister and Anthony Slatmarsh. | 8.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 9.      Declaration of Morgan E. Pietz, pg. 3 ¶ 12, as follows:  Exhibit U - | 9.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| Attached as <u>Exhibit U</u> hereto is a true and correct copy of the petition in the St. Clair County Guava, LLC case, which appears to be verified by "Alan Moay" or "Alan Mony". | (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 10.    Declaration of Morgan E. Pietz, pg. 3 ¶ 13, as follows:  Exhibit V - Attached as <u>Exhibit V</u> hereto is a true and correct copy of my reply in the St. Clair County Guava, LLC case. | 10.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 11.    Declaration of Morgan E. Pietz, pg. 3 ¶ 14, as follows:  Exhibit W - Attached as <u>Exhibit W</u> hereto is a true and correct copy of | 11. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| the declaration about the collusion in a Minnesota Guava LLC case. | (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 12.    Declaration of Morgan E. Pietz, pg. 3 ¶ 15, as follows:  Johns Steele told me, in front of other, on February 13, 2013 in St. Clair County that he is currently of counsel to Prenda Law. | 12.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 13.    Declaration of Morgan E. Pietz, pg. 3 ¶ 16, as follows:  Exhibit X - Attached as Exhibit X hereto is a true and correct copy of a demand letter, dated January 30, 2013, from the St. Clair County case listing Mr. Gibbs as in house counsel for Guava, LLC. | 13.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| | (*FRE* §901). | |
| 14.    Declaration of Morgan E. Pietz, pg. 3 ¶ 17, as follows:  Exhibit Y - Attached as <u>Exhibit Y</u> hereto is a true and correct copy of a letter Mr. Duffy sent to Judge Scriven in Florida wherein he represents that he is the sole principal of Prenda Law. | 14.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 15.    Declaration of Morgan E. Pietz, pg. 4 ¶ 18, as follows:  Exhibit Z - Attached as <u>Exhibit Z</u> hereto is a true and correct copy of Mr. Duffy's bio from the wefightpiracy.com website, accessed February 20, 2013. | 15.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 16.    Declaration of Morgan | 16.  Irrelevant (*FRE* §§401, | Sustained _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| E. Pietz, pg. 3 ¶ 19, as follows:  Exhibit AA - Attached as Exhibit AA hereto is a true and correct copy of John L. Steele's LinkedIn profile where he states that he "sold [his] client book to Prenda Law in 2011." | 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Overruled _____ |
| 17.    Declaration of Morgan E. Pietz, pg. 4 ¶ 20, as follows:  Exhibit BB - Attached as Exhibit BB hereto is a true and correct copy of a complaint listing wherein Paul Hansemeier's firm Alpha Law Firm, LLC represents Guava, LLC in Minnesota. | 17.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 18.    Declaration of Morgan E. Pietz, pg. 4 ¶ 21, as | 18.  Irrelevant (*FRE* §§401, 402); Lacks Foundation | Sustained _____ Overruled _____ |

| | Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| | follows:  Exhibit CC - Attached as <u>Exhibit CC</u> hereto is a true and correct copy of the LinkedIn profile for Michael Dugas listing Prenda Law. | and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| | 19.    Declaration of Morgan E. Pietz, pg. 4 ¶ 22, as follows:  Exhibit DD - Attached as <u>Exhibit DD</u> hereto is a true and correct copy of an unpublished Ninth Circuit sanctions opinion. | 19.  Irrelevant (*FRE* §§401, 402); Argumentative; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |

### OBJECTIONS TO DECLARATION OF BART HUFFMAN

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| 1.    Declaration of Bart Huffman, pg. 1-2 ¶ 3, as follows:  The subpoena to AT&T:  (i) is signed by Paul Duffy of Prenda Law, Inc.; | 1.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| (ii) specifies that production should be made at the offices of Prenda Law, Inc., 161 N. Clark Street, Suite 3200, Chicago IL 60601; (iii) is issued from the U.S. District Court for the Northern District of Illinois; and (iv) was served under cover of a letter from the "Prenda Law Inc. Subpoena Team. | (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | |
| 2.    Declaration of Bart Huffman, pg. 2 ¶ 4, as follows:  There is no apparent reason for the issuance of the Subpoena to At&T from the Northern District of Illinois other than that Mr. Duffy specified Prenda Law's office address in Chicago as the place of production. | 2.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 3.    Declaration of Bart Huffman, pg. 2 ¶ 4, as | 3.  Irrelevant (*FRE* §§401, 402); Improper Opinion | Sustained _____ Overruled _____ |

| | **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection** |
|---|---|---|---|
| 1 | | | |
| 2 | follows: This practice has | (*FRE* §701); Argumentative; | |
| 3 | been criticized by federal | Improper Characterization of | |
| 4 | courts. | Evidence. | |
| 5 | 4.     Declaration of Bart | 4.  Irrelevant (*FRE* §§401, | Sustained _____ |
| 6 | Huffman, pg. 2 ¶ 5, as | 402); Improper | Overruled _____ |
| 7 | follows: According to court | Characterization of | |
| 8 | records available on | Evidence. | |
| 9 | PACER, the 5725 Lawsuit | | |
| 10 | was transferred to Judge | | |
| 11 | Otis Wright on or about | | |
| 12 | October 5, 2012. The 5725 | | |
| 13 | Lawsuit was thereafter | | |
| 14 | administered in connection | | |
| 15 | with related case *AF* | | |
| 16 | *Holdings LLC v. Doe*, No. | | |
| 17 | 12-cv-5709 (C.D. Cal.). | | |
| 18 | 5.     Declaration of Bart | 5.  Irrelevant (*FRE* §§401, | Sustained _____ |
| 19 | Huffman, pg. 2 ¶ 6, as | 402); Improper | Overruled _____ |
| 20 | follows: On or about | Characterization of | |
| 21 | October 19, 2012 Judge | Evidence. | |
| 22 | Wright entered in the 5725 | | |
| 23 | Lawsuit an Order Vacating | | |
| 24 | Prior Early Discovery | | |
| 25 | Orders and Order to Show | | |
| 26 | Cause. (5725 Lawsuit, ECF | | |
| 27 | No. 9.) | | |
| 28 | | | |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| 6.     Declaration of Bart Huffman, pg. 2 ¶ 6, as follows:  In that Order, Judge Wright ordered Plaintiff to "cease its discovery efforts relating to or based on information obtained through [Rule 45 subpoenas allowed by a prior early discovery order]." (*Id.*) | 6.  Irrelevant (*FRE* §§401, 402); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 7.     Declaration of Bart Huffman, pg. 3 ¶ 7, as follows:  As reflected in the Kerr Declaration, on November 1, 2012, Angela Van Den Hemel of Prenda Law, Inc. sent an e-mail message to Camille D. Kerr forwarding a copy of the Subpoena to AT&T (along with proof of service) and asking for an update on the 5725 Lawsuit.  (Kerr Decl. ¶ 2 and Ex. 1.) | 7.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 8.     Declaration of Bart | 8.  Irrelevant (*FRE* §§401, | Sustained _____ |

| | Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 1 | | | |
| 2 | Huffman, pg. 3 ¶ 7, as | 402); Lacks Foundation | Overruled _____ |
| 3 | follows:  Ms. Van Den | and/or Personal Knowledge | |
| 4 | Hemel's e-mail message | (*FRE* §602); Hearsay (*FRE* | |
| 5 | also included a copy of the | §§801(c), 802); Improper | |
| 6 | same early discovery order | Opinion (*FRE* §701); | |
| 7 | that Judge Wright had | Speculation (*FRE* §602); | |
| 8 | vacated and expressly stated | Argumentative; Assumes | |
| 9 | should not be the basis of | Facts Not In Evidence; | |
| 10 | subsequent discovery | Improper Characterization of | |
| 11 | efforts. | Evidence. | |
| 12 | 9.      Declaration of Bart | 9.  Irrelevant (*FRE* §§401, | Sustained _____ |
| 13 | Huffman, pg. 3 ¶ 7, as | 402); Lacks Foundation | Overruled _____ |
| 14 | follows:  Ms. Van Den | and/or Personal Knowledge | |
| 15 | Hemel e-mail message could | (*FRE* §602); Hearsay (*FRE* | |
| 16 | only have been referring to | §§801(c), 802); Improper | |
| 17 | whether AT&T had or was | Opinion (*FRE* §701); | |
| 18 | going to produce | Speculation (*FRE* §602); | |
| 19 | information in response to | Argumentative; Assumes | |
| 20 | the Subpoena to AT&T, | Facts Not In Evidence; | |
| 21 | because AT&T had no other | Improper Characterization of | |
| 22 | involvement in the case. | Evidence. | |
| 23 | 10.     Declaration of Bart | 10.  Irrelevant (*FRE* §§401, | Sustained _____ |
| 24 | Huffman, pg. 3 ¶ 9, as | 402); Hearsay (*FRE* | Overruled _____ |
| 25 | follows:  On November 8, | §§801(c), 802); Improper | |
| 26 | 2012, I sent an e-mail | Opinion (*FRE* §701); | |
| 27 | message to Ms. Van Den | Argumentative; Assumes | |
| 28 | | | |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| Hemel concerning the 5725 Lawsuit, in which I stated, "Upon review of the court files, it appears that any early discovery orders in this case (and a number of other AF Holdings cases) were vacated.  Please let us know if you have information to the contrary." | Facts Not In Evidence; Improper Characterization of Evidence. | |
| 11.    Declaration of Bart Huffman, pg. 3 ¶ 9, as follows:  Exhibit 4 - A true and correct copy of that e-mail message is attached hereto as Exhibit 4. | 11.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper Opinion (*FRE* §701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 12.    Declaration of Bart Huffman, pg. 3 ¶ 9, as follows:  I never received any response to my e-mail message, and I never | 12.  Irrelevant (*FRE* §§402); Hearsay (*FRE* §§801(c), 802); Argumentative; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| received any further information or communication from Prenda Law, Inc. concerning the Subpoena to AT&T or the 5725 Lawsuit. | | |
| 13.    Declaration of Bart Huffman, pg. 3 ¶ 10, as follows:  No attorney or paralegal for Prenda Law, Inc. has notified me of such dismissal; nor, to my knowledge, has any attorney or paralegal for Prenda Law, Inc. ever notified anyone else associated with AT&T or Locke Lord LLP of such dismissal. | 13.  Irrelevant (*FRE* §§402); Hearsay (*FRE* §§801(c), 802); Argumentative; Improper Characterization of Evidence. | Sustained _____ Overruled _____ |

## OBJECTIONS TO DECLARATION OF CAMILLE D. KERR

| Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|
| 1.    Declaration of Camille D. Kerr, pg. 1 ¶ 2, as follows:  On November 1, 2012, I received an e-mail message from Angela Van | 1.  Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation | Sustained _____ Overruled _____ |

93

| | **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection** |
|---|---|---|---|
| 1 | | | |
| 2 | Den Hemel, whom I believe | (*FRE* §602); Assumes Facts | |
| 3 | to be a paralegal with | Not In Evidence; Improper | |
| 4 | Prenda Law Inc., wherein | Characterization of | |
| 5 | Ms. Van Den Hemel | Evidence. | |
| 6 | requested an update with | | |
| 7 | respect to a subpoena to | | |
| 8 | AT&T issued in AF | | |
| 9 | Holdings LLC v. John Doe, | | |
| 10 | No. 12-cv-05725 (C.D. Cal.) | | |
| 11 | (the "Subpoena to AT&T" | | |
| 12 | issued in the "5725 | | |
| 13 | Lawsuit"). | | |
| 14 | 2.   Declaration of | 2.  Irrelevant (*FRE* §§401, | Sustained _____ |
| 15 | Camille D. Kerr, pg. 1 ¶ 2, | 402); Lacks Foundation | Overruled _____ |
| 16 | as follows:  Ms. Van Den | and/or Personal Knowledge | |
| 17 | Hemel's e-mail message to | (*FRE* §602); Hearsay (*FRE* | |
| 18 | me attached a copy of the | §§801(c), 802); Improper | |
| 19 | corresponding subpoena | Characterization of | |
| 20 | package, consisting of a | Evidence. | |
| 21 | cover letter, the July 11, | | |
| 22 | 2012 Order Granting | | |
| 23 | Plaintiff's Ex Parte | | |
| 24 | Application for Leave to | | |
| 25 | Take Expedited Discovery, | | |
| 26 | and the Subpoena to AT&T | | |
| 27 | with proof of service. | | |
| 28 | | | |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on Objection** |
|---|---|---|
| 3.    Declaration of Camille D. Kerr, pg. 1 ¶ 2, as follows:  Exhibit 1 - A true and correct copy of Ms. Van Den Hemel's e-mail message to me (including its attachments) is attached hereto as Exhibit 1. | 3.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 4.    Declaration of Camille D. Kerr, pg. 2 ¶ 3, as follows:  On November 6, 2012, Angela Van Den Hemel sent another e-mail message to me asking about the 5725 Lawsuit and the Subpoena to AT&T. | 4.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper Characterization of Evidence. | Sustained _____ Overruled _____ |
| 5.    Declaration of Camille D. Kerr, pg. 2 ¶ 3, as follows:  Exhibit 2 - A true and correct copy of that e-mail message is attached hereto as Exhibit 2. | 5.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | Sustained _____ Overruled _____ |
| 6.    Declaration of Camille D. Kerr, pg. 2 ¶ 4, as follows:  On November 8, | 6.  Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Improper | Sustained _____ Overruled _____ |

| | Material Objected to: | Grounds for Objection: | Ruling on Objection |
|---|---|---|---|
| 2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | 2012, I was copied on an e-mail message from Bart Huffman to Ms. Van Den Hemel concerning the 5725 Lawsuit, in which Mr. Huffman stated, "Upon review of the court files, it appears that any early discovery orders in this case (and a number of other AF Holdings cases) were vacated.  Please let us now if you have information to the contrary." | Characterization of Evidence; Improper Authentication of Document (*FRE* §901). | |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 7.    Declaration of Camille D. Kerr, pg. 2 ¶ 4, as follows:  I have not thereafter received any information or communication from Prenda Law, Inc. concerning the Subpoena to AT&T or the 5725 Lawsuit. | 7.  Irrelevant (*FRE* §§402); Hearsay (*FRE* §§801(c), 802); Argumentative; Improper Characterization of Evidence. | Sustained _____<br>Overruled _____ |

DATED: _____        By: _____
                                          Honorable Otis D. Wright, II
                                          Judge of the United States District Court