ANDREW J. WAXLER, SBN 113682
BARRY Z. BRODSKY, SBN 93565
WON M. PARK, SBN 194333
WAXLER ♦ CARNER ♦ BRODSKY LLP
1960 East Grand Avenue, Suite 1210
El Segundo, California 90245
Telephone: (310) 416-1300
Facsimile: (310) 416-1310
e-mail: awaxler@wcb-law.com
e-mail: bbrodsky@wcb-law.com
e-mail: wpark@wcb-law.com

Specially Appearing for Respondent
BRETT L. GIBBS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | Case No. 2:12-CV-8333-ODW (JCx)<br><br>[Assigned to Judge Otis D. Wright, II ]<br><br>**BRETT L. GIBBS' OBJECTIONS TO THE REPLY DECLARATION OF MORGAN E. PIETZ AND EXHIBITS THERETO AND THE TRANSCRIPT OF THE DEPOSITION OF AF HOLDINGS, LLC TAKEN ON FEBRUARY 19, 2013**<br><br>[OSC Filed: August 1, 2012]<br><br>Trial date: None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Respondent Brett L. Gibbs submits the following objections to the Reply Declaration of Morgan E. Pietz and Exhibits thereto and the Deposition Transcript of the deposition of AF Holdings LLC taken on February 19, 2013 submitted in response to the Court's February 7, 2013 Order to Show Cause. Mr. Gibbs asserts the following objections:

**OBJECTIONS TO DECLARATION OF MORGAN E. PIETZ**

| Material Objected to: | Grounds for Objection: |
|---|---|
| 1. Declaration of Morgan E. Pietz, pg. 2 ¶ 2, as follows: I represent ISP subscribers who have been targeted by Ingenuity 13, LLC, through its counsel Prenda Law, Inc. f/k/a Hansemeier PLLC ("Prenda") in copyright infringement cases Ingenuity 13 filed in both the Central District of California, and the Northern District of California. | 1. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* § 701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. |
| 2. Declaration of Morgan E. Pietz, pg. 2 ¶ 2, as follows: I also represent other clients in other cases brought by Prenda on behalf of other entities, sometimes along with local counsel, in other courts. | 2. Irrelevant (*FRE* §§401, 402). |
| 3. Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: My clients in the Prenda cases, including this case, each received letters from their ISPs informing them that Prenda was attempting to subpoena their identity as part of a lawsuit. | 3. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence. |
| 4. Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: Generally, my clients are people who happen to pay the Internet bill for their household, not necessarily the people who actually committed the | 4. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper |

| Material Objected to: | Grounds for Objection: |
|---|---|
| alleged infringement or other wrongful conduct. | Characterization of Evidence. |
| 5.  Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However, Prenda constructs its lawsuits so as to make it unclear what exactly is the status of my clients. | 5. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* § 701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. |
| 6.  Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: The complaint does not exactly come out and say that the ISP subscriber equals the John Doe defendant. | 6. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* § 701); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. |
| 7.  Declaration of Morgan E. Pietz, pg. 2 ¶ 4, as follows: However the requests for early discovery seeking leave to issue ISP subpoenas, generally tend to conflate ISP subscriber with Doe defendant. | 7. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Improper Opinion (*FRE* §§701; Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. |

| | Material Objected to: | Grounds for Objection: |
|---|---|---|
| 1 | | |
| 2-9 | **8.** Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: Exhibit EE - Attached as <u>Exhibit EE</u> hereto is a true and correct copy of the [Amended] "Motion for Withdrawal and Substitution of Counsel" filed by Mr. Gibbs in *AF Holdings, LLC v. Andrew Magsumnol,* N.D. Cal. No. 3:12-cv-4221-SC ECF No. 22, 1/30/13. | 8. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| 10-16 | **9.** Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: On page 2, Mr. Gibbs lists himself as "In-House Counsel, AF Holdings LLC". | 9. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Improper Characterization of Evidence. |
| 17-24 | **10.** Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: The prior day, January 29, 2013, Mr. Gibbs had filed a different version of the same motion (*id.* at ECF No. 21). | 10. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| 25-28 | **11.** Declaration of Morgan E. Pietz, pg. 3 ¶ 6, as follows: The only apparent difference between the two substitution | 11. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay |

4

| Material Objected to: | Grounds for Objection: |
|---|---|
| motions was the addition of the line where Mr. Gibbs signed for AF Holdings, as in house counsel, in the amended motion. | (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Improper Characterization of Evidence. |
| **12.**     Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows:  Exhibit FF - Attached as <u>Exhibit FF</u> hereto is a true and correct copy of the pleadings that Prenda's local counsel in St. Clair County, Illinois, Kevin Hoerner, filed in on or around February 13, 2013, in *Guava, LLC v. Comcast Cable Communication, LLC*, Circuit Court of St. Clair County Illinois, No. 12-MR-417. | 12. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| **13.**     Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows:  This pleading states on page 5 that the name of the person who supposedly verified the petition in that action is "Alan Mony." | 13. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Improper Characterization of Evidence. |
| **14.**     Declaration of Morgan E. Pietz, pg. 3 ¶ 7, as follows:  On February 14, 2013, among other questions, I asked Prenda's lawyers to confirm the spelling of the purported client who had signed the verification, and Mr. Hoerner responded | 14. Irrelevant (*FRE* §§401, 402); Hearsay (*FRE* §§801(c), 802); Argumentative; Improper Characterization of Evidence. |

| Material Objected to: | Grounds for Objection: |
|---|---|
| that day (this was the entire response); "The issues have already been briefed. See you in court." | |
| **15.** Declaration of Morgan E. Pietz, pg. 3 ¶ 8, as follows: Exhibit GG - Attached as <u>Exhibit GG</u> hereto is a true and correct copy of the amended verification filed by Prenda on February 21, 2013 in Guava St. Clair County action, purportedly executed by someone spelling their name "Alan Mooney." | 15. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| **16.** Declaration of Morgan E. Pietz, pg. 3 ¶ 9, as follows: Exhibit HH - Attached as <u>Exhibit HH</u> hereto is a true and correct copy of an explanatory organization diagram I am prepared for Prenda, etc. I am prepared to explain this document at the hearing and can provide documentary support for the connections. | 16. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| **17.** Declaration of Morgan E. Pietz, pgs. 3-4 ¶ 10, as follows: Attached as <u>Exhibit II</u> is a true and correct copy of two Google Earth maps that I prepared. The first map shows the Wagar residence | 17. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In |

| Material Objected to: | Grounds for Objection: |
|---|---|
| located at 1411 Paseo Jacardanda, Santa Maria, California 93458. (ECF No. 50 ¶ 29). The second map shows the Denton residence located 635 S. Vanderwell Avenue, West Covina, California 91790. | Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| **18.** Declaration of Morgan E. Pietz, pgs. 3-4 ¶ 10, as follows: In order to illustrate the range of a WiFi network, both maps show three circles around the residence, each with different radii: a 100 ft. circle (green), a 300 ft. circle (yellow), and a 500 ft. circle (red). | 18. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence. |
| **19.** Declaration of Morgan E. Pietz, pg. 4 ¶ 11, as follows: Exhibit JJ - Attached as <u>Exhibit JJ</u> hereto is a true and correct copy of the manual, chapter 4, for a wireless router owned by a client of mine in a prior, unrelated case. | 19. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |
| **20.** Declaration of Morgan E. Pietz, pg. 4 ¶ 11, as follows: The router at issue there was about ten years old, and specified a range of between 300-500 ft., | 20. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation |

| Material Objected to: | Grounds for Objection: |
|---|---|
| per page 4-2. This is simply an example of the kind of signal range available on a not-state-of-the-art router. | (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |

### OBJECTIONS TO DEPOSITION TRANSCRIPT OF AF HOLDINGS LLC TAKEN ON FEBRUARY 19, 2013

| Material Objected to: | Grounds for Objection: |
|---|---|
| 1. Deposition Transcript of the Deposition of AF Holdings LLC's designated witness taken on February 19, 2013 and lodged with the Court on March 7 and 8, 2013. | 1. Irrelevant (*FRE* §§401, 402); Lacks Foundation and/or Personal Knowledge (*FRE* §602); Hearsay (*FRE* §§801(c), 802); Speculation (*FRE* §602); Argumentative; Assumes Facts Not In Evidence; Improper Characterization of Evidence; Improper Authentication of Document (*FRE* §901). |

Dated: March 7, 2013         WAXLER♦CARNER♦BRODSKY LLP

By: /s/ W. M. P. Jr.
ANDREW J. WAXLER
WON M. PARK
Specially Appearing for Respondent
BRETT L. GIBBS

8