1  BENJAMIN J. FOX (CA SBN 193374)
   GIANCARLO UREY (CA SBN 267069)
2  MORRISON & FOERSTER LLP
   555 West Fifth Street
3  Los Angeles, California  90013-1024
   Telephone: 213.892.5200
4  Facsimile: 213.892.5454
   BFox@mofo.com
5  GUrey@mofo.com

6  Attorneys for Non-Party
   VERIZON ONLINE LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 INGENUITY LLC,                     No.  2:12-cv-8333-ODW (JCx)

12              Plaintiff,            And Related Case Nos.:
                                      2:12-cv-6636-ODW (JCx)
13      v.                            2:12-cv-6669-ODW (JCx)
                                      2:12-cv-6662-ODW (JCx)
14 JOHN DOE,                          2:12-cv-6668-ODW (JCx)

15              Defendant.
                                      DECLARATION OF
16                                    SEAN MORIARTY FROM
                                      VERIZON ONLINE, LLC
17                                    RE: SUBPOENAS IN
                                      *AF HOLDINGS* LITIGATION
18

19                                    Date:  March 11, 2013
                                      Time:  1:30 p.m.
20                                    Court:  Hon. Otis D. Wright

21

22

23

24

25

26

27

28

1203320

I, Sean Moriarity, state and declare:

1.      I am a Manager of IP Legal Compliance for Verizon Online LLC and have served in that capacity since 2008.  I have personal knowledge of the facts stated herein, and if called upon to do so, I could testify competently to them.

2.      My job responsibilities include assisting Verizon in responding to third-party subpoenas issued in civil litigation.  During the last two years, a significant portion of my time has been devoted to responding to subpoenas issued by plaintiffs who allege to be owners of sexually explicit films and are seeking the personal identifying information for Verizon's Internet subscribers based on a list of IP Addresses.  Other Verizon employees (including in-house counsel and other staff) also have been required to expend significant time and effort in responding to these types of subpoenas and the legal and privacy issues that they raise.

3.      On or about September 6, 2012, Verizon received subpoenas from plaintiff AF Holdings in *AF Holdings v. John Doe*, C.D. Cal. Case No. 12-cv-6669 and *AF Holdings v. John Doe*, C.D. Cal. Case No. 12-cv-6636.  True and correct copies of these subpoenas are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>.  Verizon processed these subpoenas in the ordinary course.

4.      Based on Verizon's records, it does not appear that Verizon received from AF Holdings or its counsel a copy of the Court's Order Vacating Prior Early Discovery Order and Order to Show Cause dated October 19, 2012, nor does it appear that Verizon received other form of notice that the subpoenas attached as Exhibits A and B had been withdrawn or were invalid.  If Verizon had received such notice, we would not have processed these subpoenas for AF Holdings.

5.      I have reviewed a declaration filed by Brett Gibbs in this litigation, dated February 19, 2013, in which Mr. Gibbs states:

> Following receipt of the October 19,2012 Orders, I caused
> the Court's October 19, 2012 Orders to be served on the
> registered agents for service of process of Verizon Online

1203320

1         LLC to ensure that Verizon Online LLC had notice not to
2 respond to the subpoenas that had already been served.

3 (Gibbs Decl. dated Feb. 19, 2013, at ¶ 21 [Dkt. 50].)  Again, based on Verizon's
4 records, this statement appears to be wrong.

5        6.      Verizon released the information responsive to AF Holdings'
6 subpoenas in the cases identified above (case nos. 12-cv-6669 and 12-cv-6636) by
7 fax to the Prenda law firm on November 7, 2012.  If Verizon had received notice of
8 the Court's Order dated October 19, 2012, we would not have released these
9 records to Plaintiff.

10

11        I declare under penalty of perjury of the laws of the United States that the
12 foregoing is true and correct.  Executed on March 11, 2013 in Arlington, Virginia.

13

14

15                          By: _____
                                  Sean Moriarty

16

17

18

19

20

21

22

23

24

25

26

27

28

1203320

# EXHIBIT A

 CT Corporation

**Service of Process
Transmittal**
09/05/2012
CT Log Number 521175020

|IIIIII IIIIIIII III IIIII IIIII IIIII IIIII IIIII IIIIII IIIII IIIII IIII|

**TO:**  Subpoena Processing
Verizon Corporate Security
2701 South Johnson Street, Custodian of Record, MC: TXD01613
San Angelo, TX 76904

**RE:  Process Served in Illinois**

**FOR:**  Verizon Online LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | AF Holdings LLC, Pltf. vs. John Doe, Dft. // To: Verizon Online LLC |
| **DOCUMENT(S) SERVED:** | Letter, Order, Subpoena, Attachment(s) |
| **COURT/AGENCY:** | Northern District of Illinois - U.S. District Court - Eastern Division, IL Case # 212CV06669DMGFMO |
| **NATURE OF ACTION:** | Subpoena - Email Records - Pertaining to IP Address 71.118.185.55 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/05/2012 at 14:21 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 10/08/12 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Paul Duffy
Prenda Law, Inc.
161 N. Clark St.
Suite 3200
Chicago, IL 60601
312-880-9160 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798909833184
SOP Papers with Transmittal, via Fax, Subpoena Processing 325-949-6916 |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Thad DiBartelo
208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.



September 5, 2012

**Via Hand Delivery**

    *Re:*   *AF Holdings LLC v. John Doe*
         *2:12-cv-06669-DMG-FMO*

Dear Custodian of Records:

Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Central District of California. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

    subpoena@wefightpiracy.com

If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at (415) 325-5900. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*



1
2
3
4
5
6
7
8
9              **UNITED STATES DISTRICT COURT**
10              **CENTRAL DISTRICT OF CALIFORNIA**
11
12    AF HOLDINGS, LLC,                          )      NO. CV 12-6669 DMG (FMOx)
                                                 )
13                                               )
                          Plaintiff,             )
14                                               )      **ORDER Re: APPLICATION FOR LEAVE TO**
                  v.                             )      **CONDUCT EXPEDITED DISCOVERY**
15                                               )
      JOHN DOE,                                  )
16                                               )
                          Defendant.             )
17                                               )
                                                 )
18

19          The court has reviewed and considered plaintiff's *Ex Parte* Application for Leave to Take

20    Expedited Discovery ("Application"), and concludes that oral argument is not necessary to resolve

21    this matter. See Fed. R. Civ. P. 78; Local Rule 7-15; <u>Willis v. Pac. Maritime Ass'n</u>, 244 F.3d 675,

22    684 n. 2 (9th Cir. 2001, <u>as amended</u> Mar. 27, 2001).

23                                        **BACKGROUND**

24          On August 2, 2012, plaintiff filed a Complaint against John Doe ("Doe defendant") for direct

25    and contributory copyright infringement and negligence, alleging that Doe defendant used a peer-

26    to-peer file-sharing protocol to download and upload plaintiff's copyrighted work without

27    permission. (Complaint at ¶¶ 1 & 22; Application at 1-2 & 10-11). Plaintiff does not know Doe

28    defendant's name, but has identified Doe defendant by a unique Internet Protocol ("IP") address

09/06/2012  16:12   3123454343                    SOP                                      PAGE   04/14
Case 2:12-cv-08333-ODW-JC  Document 78  Filed 03/11/13  Page 8 of 26  Page ID #:2065

Case 2:12-cv-06669-DMG-FMO  Document 8  Filed 09/04/12  Page 2 of 9  Page ID #:85

1  assigned to Doe defendant on the date and time of the alleged infringing activity. (Application at
2  1-2; Declaration of Peter Hansmeier in Support of Plaintiff's *Ex Parte* Application for Leave to to
3  Take Expedited Discovery ("Hansmeier Decl.") at ¶¶ 16-27).

4        On August 24, 2012, plaintiff filed the instant Application to conduct discovery prior to a
5  Rule 26(f) conference to uncover the identity of the Doe defendant.  (Application at 1).
6  Specifically, plaintiff's Application seeks leave to serve Rule 45 subpoenas on the Internet Service
7  Provider ("ISP") that assigned Doe defendant's IP address and any related intermediary ISPs.
8  (See Application at 1; Hansmeier Decl. at ¶¶ 28 & 30; [Proposed] Order Granting Plaintiff's *Ex*
9  *Parte* Application for Leave to Take Expedited Discovery ("Proposed Order") at 1-2).  The
10  subpoenas request identifying information concerning Doe defendant, i.e., Doe defendant's name,
11  address, telephone number, e-mail address, and Media Access Control ("MAC") address. (See
12  Application at 4-7; Hansmeier Decl. at ¶ 28; Proposed Order at 1-2).

13        The court considers the instant Application in light of the good cause standard for expedited
14  discovery and First Amendment privacy concerns. See UMG Recordings, Inc. v. Does 1-4, 2006
15  WL 1343597, at *1 (N.D. Cal. 2006); Arista Records LLC v. Does 1-43, 2007 WL 4538697, *1
16  (S.D. Cal. 2007); Sony Music Entm't Inc. v. Does 1-40, 326 F.Supp.2d 556, 564 (S.D.N.Y. 2004).

17                                      **DISCUSSION**

18  I.    GOOD CAUSE.

19        Under Rule 26(d), formal discovery is generally allowed only after "the parties have
20  conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).  However, courts may permit
21  expedited discovery before the Rule 26(f) conference upon a showing of good cause. Semitool,
22  Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Good cause exists
23  "where the need for expedited discovery, in consideration of the administration of justice,
24  outweighs the prejudice to the responding party." Id. at 276.

25        Here, there is good cause to grant plaintiff leave to conduct expedited discovery. First,
26  plaintiff alleges that Doe defendant copied plaintiff's copyrighted work without permission,
27  (Application at 1-2 & 10-11), and allegations of copyright infringement necessarily involve
28  irreparable harm to plaintiff. Health Ins. Ass'n. of Am. v. Novelli, 211 F.Supp.2d 23, 28 (D.D.C.

                                            2

1   2002) ("In copyright infringement cases, a copyright holder may be presumed to suffer irreparable
2   harm as a matter of law when his right to the exclusive use of copyrighted material is invaded[.]")
3   (internal quotation marks, brackets and citation omitted); see Arista Records, 2007 WL 4538697,
4   *1 (finding good cause to grant plaintiffs expedited discovery of Doe defendants' identity and
5   contact information based in part on plaintiffs' allegations of copyright infringement);  Capitol
6   Records, Inc. v. Doe, 2007 WL 2429830, at *1 (S.D. Cal. 2007) (same); UMG Recordings, 2006
7   WL 1343597, at *1 (same).

8            Second, there is a risk that Doe defendant's ISPs will not preserve the information that
9   plaintiff seeks.  (Application at 5-6; Hansmeier Decl. at ¶ 29); see Arista Records, 2007 WL
10  4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe defendants' identity
11  and contact information in copyright infringement case based in part on "the danger that [the ISP]
12  will not long preserve the information that [p]laintiffs seek[.]"); Capitol Records, 2007 WL 2429830,
13  at *1 (same); UMG Recordings, 2006 WL 1343597, at *1 (finding that "expedited discovery [of Doe
14  defendants' identity and contact information] is appropriate because ISPs typically retain user
15  activity logs for only a limited period, ranging from as short as a few days to a few months, before
16  erasing data.").

17           Third, plaintiff's discovery request seeks the identity and contact information for Doe
18  defendant associated with a unique IP address on the date and time of the alleged infringing
19  activity, (see Application at 1-2 & 4-7; Hansmeier Decl. at ¶ 28; Proposed Order at 1-2), and thus
20  is narrowly tailored "so as not to exceed the minimum information required to advance th[e] lawsuit
21  without prejudicing the [d]efendants[.]" Arista Records, 2007 WL 4538697, *1 (finding good cause
22  to grant plaintiffs expedited discovery of Doe defendants' identity and contact information in
23  copyright infringement case in part because the discovery request was "narrowly tailored . . . so
24  as not to exceed the minimum information required to advance this lawsuit without prejudicing the
25  [d]efendants"); see Capitol Records, 2007 WL 2429830, at *1 (same); UMG Recordings, 2006 WL
26  1343597, at *1 (N.D. Cal. 2006) (finding good cause to grant plaintiffs expedited discovery of Doe
27  defendants' names and contact information in copyright infringement case).

28

Case 2:12-cv-06669-DMG-FMO  Document 8   Filed 09/04/12  Page 4 of 9  Page ID #:87

1          Finally, without expedited discovery, plaintiff cannot identify Doe defendant, and thus
2    cannot pursue its lawsuit to protect its copyrighted works from infringement. See Arista Records,
3    2007 WL 4538697, *1 (finding good cause to grant plaintiffs expedited discovery of Doe
4    defendants' identity and contact information in copyright infringement case in part because "the
5    expedited discovery requested will substantially contribute to moving this case forward[ and] . .
6    ., without such discovery, [p]laintiffs cannot identify the Doe [d]efendants, and thus cannot pursue
7    their lawsuit to protect their copyrighted works from infringement."); see Capitol Records, 2007 WL
8    2429830, at *1 (same); UMG Recordings, 2006 WL 1343597, at *1 (finding good cause to grant
9    plaintiffs expedited discovery where "[p]laintiffs have no other way to obtain [Doe defendants'
10   names and contact information], which is necessary to advance the lawsuit by enabling [p]laintiffs
11   to effect service of process[, and where p]ostponing disclosure of information until the normal
12   course of discovery is not an option . . . because, without disclosure of [said] information, the
13   litigation cannot proceed to that stage.").

14         Accordingly, good cause exists for granting plaintiff leave to conduct expedited discovery
15   of Doe defendant's identity and contact information. See Arista Records, 2007 WL 4538697, *1;
16   Capitol Records, 2007 WL 2429830, at *1; UMG Recordings, 2006 WL 1343597, at *1; UMG
17   Recordings v. John Doe, 2008 WL 2949427, at *1 (N.D. Cal. 2008).

18   II.    FIRST AMENDMENT.

19         A person who uses the Internet to download or distribute copyrighted material without
20   permission is entitled to "some level of First Amendment protection." See Sony Music Entm't Inc.
21   v. Does 1-40, 326 F.Supp.2d 556, 564 (S.D.N.Y. 2004) (internal quotation marks and citation
22   omitted); see id. ("[T]he use of P2P file copying networks to download, distribute, or make
23   available for distribution copyrighted sound recordings, without permission, . . . qualifies as
24   speech, but only to a degree."). Accordingly, in balancing any First Amendment interest Doe
25   defendant may possess in anonymous speech against the need for disclosure, courts consider
26   the following factors: (1) whether any of plaintiff's claims can withstand a motion to dismiss, see
27   Seescandy, 185 F.R.D. at 579-80; (2) the specificity of the discovery request, see id. at 578 & 580;
28   Sony Music, 326 F.Supp.2d at 565; (3) the absence of alternative means to obtain the

                                                          4

1    subpoenaed information, see Seescandy, 185 F.R.D. at 579; Sony Music, 326 F.Supp.2d at 565;
2    (4) the need for the subpoenaed information to advance the claim, see Sony Music, 326
3    F.Supp.2d at 565; and (5) the speaker's expectation of privacy. See id.

4          Here, each of the five factors weighs in favor of disclosing Doe defendant's identifying
5    information in compliance with plaintiff's subpoena.  First, plaintiff alleges sufficient facts to
6    withstand a motion to dismiss on its copyright infringement claim.  To withstand a motion to
7    dismiss pursuant to Rule 12(b)(6), plaintiff must proffer "enough facts to state a claim to relief that
8    is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955,
9    1974 (2007); accord Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).
10   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
12   at 678, 129 S.Ct. at 1949; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).  Although the
13   plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements
14   of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; accord Iqbal, 556
15   U.S. at 678, 129 S.Ct. at 1949, "[s]pecific facts are not necessary; the [pleadings] need only give
16   the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson
17   v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks
18   and citations omitted); accord Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.  In considering
19   whether to dismiss a complaint, the court must accept the allegations of the complaint as true.
20   Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct.
21   807, 810 (1994).

22         To establish copyright infringement under 17 U.S.C. § 101, et seq., "two elements must be
23   proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work
24   that are original." Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282,
25   1296 (1991); see 17 U.S.C. §§ 106(1) & (3)-(5) (a copyright owner has the exclusive right to
26   reproduce, distribute, display and/or perform the copyrighted work).  Here, plaintiff alleges it owns
27   a valid copyright, (Complaint at ¶¶ 18-19), and the results of plaintiff's forensic investigation show
28   that Doe defendant, using a specific IP address identified in plaintiff's Complaint, reproduced and

5

09/06/2012  16:12  3123454343                    SOP                                          PAGE  08/14
Case 2:12-cv-08333-ODW-JC  Document 78  Filed 03/11/13  Page 12 of 26  Page ID #:2069

Case 2:12-cv-06669-DMG-FMO  Document 8  Filed 09/04/12  Page 6 of 9  Page ID #:89

1   distributed plaintiff's copyrighted work without plaintiff's permission. (See id. at ¶ 22; Hansmeier
2   Decl. at ¶¶ 16-27); Feist Publ'n, 499 U.S. at 361, 111 S.Ct. at 1296; 17 U.S.C. §§ 106(1) & (3)-(5).
3   Under the circumstances, plaintiff's allegations are sufficient to "give [Doe defendant] fair notice
4   of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93, 127 S.Ct.
5   at 2200.

6         Second, as previously discussed, see supra at § I., plaintiff here seeks identifying
7   information about a particular ISP subscriber, i.e., the user of the IP addresses listed in plaintiff's
8   Complaint, based on specific times and dates when the alleged infringing activity took place.
9   (Application at 1-2; Hansmeier Decl. at ¶¶ 16-27); Sony Music, 326 F.Supp.2d at 566 (finding
10  plaintiffs' need for disclosure outweighed Doe defendants' First Amendment right to remain
11  anonymous in part because plaintiffs' discovery request sought identifying information about
12  "particular [ISP] subscribers, based on the specific times and dates when [the infringing activity
13  allegedly took place].") (citations omitted). In addition, the IP addresses were each traced to a
14  physical address located within the State of California, (Complaint at ¶ 6), "which indicates that
15  the Court likely has jurisdiction over defendant[]." Seescandy, 185 F.R.D. at 579. In short,
16  plaintiff's "discovery request is . . . sufficiently specific to establish reasonable likelihood that the
17  discovery request would lead to identifying information that would make possible service upon [a]
18  particular defendant[] who could be sued in federal court." Sony Music, 326 F.Supp.2d at 566
19  (citations omitted); First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 249 (N.D. Ill. 2011)
20  ("[Plaintiff]'s discovery request is sufficiently specific to establish reasonable likelihood that it will
21  lead to identifying information that would make service possible upon those Doe Defendants who
22  could be sued in federal court[]" where plaintiff "seeks the identifying information for particular
23  Internet users who allegedly downloaded their copyrighted material . . . at specific times and
24  dates[.]").

25        Third, plaintiff has detailed the steps it has taken to learn Doe defendant's true identity,
26  including identifying the specific instances of unauthorized reproduction and distribution of
27  plaintiff's copyrighted works, obtaining the IP address allegedly responsible for the infringing
28  activity, and tracing the IP address to a specific ISP and an approximate geographical location.

6

1   (See Hansmeier Decl. at ¶¶ 16-28; Complaint at ¶ 6); Sony Music, 326 F.Supp.2d at 566 (finding
2   that "[p]laintiffs have also established that they lack other means to obtain the subpoenaed
3   information" when plaintiffs indicated they had "us[ed] a publicly available database to trace the
4   IP address for each defendant, based on the times of infringement.") (citations omitted); see id.
5   at 564-65 ("[T]he absence of alternative means to obtain the subpoenaed information[]" weighs
6   in favor of granting discovery of identifying information concerning an anonymous defendant.).

7            Fourth, as previously discussed, see supra at § I., there is clearly an essential need for the
8   subpoenaed information since "[a]scertaining the identit[y] and residence[] of . . . [Doe defendant]
9   is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[] will be
10  unable to serve process." Sony Music, 326 F.Supp.2d at 566 (finding plaintiffs' need for disclosure
11  outweighed Doe defendants' First Amendment right to remain anonymous in part because
12  "[p]laintiff [sic] have . . . demonstrated that the subpoenaed information is centrally needed for
13  plaintiffs to advance their copyright infringement claims.").

14           Finally, internet subscribers do not have a reasonable expectation of privacy in their
15  subscriber information as they have already conveyed such information to their ISPs. See London
16  v. Does 1-4, 279 Fed.Appx. 513, 514-15 (9th Cir. 2008) (unpublished disposition) (affirming denial
17  of motion to quash civil subpoena to ISP to reveal owner of email accounts because "exposure
18  of some identifying data does not violate the First Amendment[]"); Doe v. S.E.C., 2011 WL
19  4593181, at *3 (N.D. Cal. 2011) (noting that disclosure of identifying information freely
20  communicated to a third party "is routinely ordered by courts.") (internal quotation marks and
21  citation omitted); Guest v. Leis, 255 F.3d 325, 335-36 (6th Cir. 2001) ("Individuals generally lose
22  a reasonable expectation of privacy in their information once they reveal it to third parties."); First
23  Time Videos, 276 F.R.D. at 249 ("Internet subscribers do not have a reasonable expectation of
24  privacy in their subscriber information as they have already conveyed such information to their
25  ISPs.").

26           Moreover, where, as here, alleged illegal conduct is involved, individuals have only a
27  minimal expectation of privacy. See Arista Records, LLC v. Does 1-19, 551 F.Supp.2d 1, 9
28  (D.D.C. 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment

1  privacy interests are exceedingly small where the 'speech' is the alleged infringement of
2  copyrights."); Sony Music, 326 F.Supp.2d at 566 ("[D]efendants have little expectation of privacy
3  in downloading and distributing copyrighted songs without permission[.]") (citation and footnote
4  omitted); Gen. Bd. of Global Ministries, 2006 WL 3479332, at *1-2 & 5 (Unknown defendant
5  alleged to have intruded upon employer's email system and used employee's email account to
6  send fictitious messages of termination to other employees has "a minimal expectation of privacy
7  in the alleged tortious conduct set forth in the petition.").

8         Taken together, these five factors suggest that the Doe defendant's First Amendment right
9  to anonymous speech over the internet must give way to plaintiff's right to discovery. See Sony
10  Music, 326 F.Supp.2d at 567; Arista Records, 551 F.Supp.2d at 8-9.

11         **This Order is not intended for publication. Nor is it intended to be included in or**
12  **submitted to any online service such as Westlaw or Lexis.**

13         Based on the foregoing, IT IS ORDERED THAT:

14         1.    Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery **(Document**
15  **No. 6)** is **granted** to the extent set forth below.

16         2.    Plaintiff may serve immediate discovery on Verizon Internet Services and any related
17  intermediary ISPs (collectively, "the Entities") to obtain the identity of Doe defendant by serving
18  a subpoena pursuant to Rule 45 that seeks information sufficient to identify Doe defendant,
19  including Doe defendant's name, address, telephone number, e-mail address, and MAC address.

20         3.    If the Entities and/or Doe defendant wish(es) to file a motion to quash the subpoena
21  or to serve objections, they(s/he) must do so before the return date of the subpoena, which shall
22  be no less than twenty-one (21) days from the date of service of the subpoena.  Among other
23  things, the Entities may use this time to notify the person(s) in question.

24  / / /

25         4.    The Entities shall preserve any subpoenaed information or materials pending
26  compliance with the subpoena or resolution of any timely objections and/or motions to quash.

27         5.    Plaintiff shall serve a copy of this Order on the Entities when it serves the subpoena.
28

8

Case 2:12-cv-06669-DMG-FMO  Document 8   Filed 09/04/12  Page 9 of 9  Page ID #:92



1          6.       Any information disclosed to plaintiff in response to the Rule 45 subpoenas must be

2    used by plaintiff solely for the purpose of protecting plaintiff's rights in pursuing this litigation.

3    Dated this 4th day of September, 2012.

4                                                                          /s/
5                                                        Fernando M. Olguin
                                                         United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:12-cv-08333-ODW-JC  Document 78  Filed 03/11/13  Page 16 of 26  Page ID #:2073

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| AF HOLDINGS LLC | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   2:12-cv-06669-DMG-FMO |
| JOHN DOE | ) |
| | )  (If the action is pending in another district, state where: |
| *Defendant* | )       Central District of California          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records:  Verizon Online LLC c/o C T Corporation System; 208 S. LaSalle St. Ste. 814, Chicago, IL 60604-1101.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place:  Prenda Law Inc. | Date and Time: |
|---|---|
| 161 N Clark St. Suite 3200<br>Chicago, IL 60601 | 10/08/2012 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/05/2012

                    *CLERK OF COURT*
                                                         OR                    *[signature]*
        ───────────────────────────                          ───────────────────────────
        *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
AF Holdings LLC                                                     , who issues or requests this subpoena, are:

Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (415) 325-5900

Case 2:12-cv-08333-ODW-JC  Document 78  Filed 03/11/13  Page 17 of 26  Page ID #:2074

## SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 71.118.185.55 | 2012-07-05 08:46:12 |

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information:

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt. 
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT B

 CT Corporation

**Service of Process
Transmittal**
09/06/2012
CT Log Number 521176122

| | |
|---|---|
| **TO:** | Subpoena Processing<br>Verizon Corporate Security<br>2701 South Johnson Street, Custodian of Record, MC: TXD01613<br>San Angelo, TX 76904 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Verizon Online LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AF Holdings LLC, Pltf. vs. John Doe, Dft. // To: Verizon Online LLC |
| **DOCUMENT(S) SERVED:** | Letter, Order, Subpoena, Attachment(s) |
| **COURT/AGENCY:** | Northern District of Illinois - U.S. District Court - Eastern Division, IL<br>Case # 212CV06636ODWFFM |
| **NATURE OF ACTION:** | Subpoena - Email Records - Pertaining to IP Address 71.106.57.116 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/06/2012 at 11:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 10/08/12 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Paul Duffy<br>Prenda Law, Inc.<br>161 N. Clark St.<br>Suite 3200<br>Chicago, IL 60601<br>312-880-9160 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798909833184<br>SOP Papers with Transmittal, via Fax, Subpoena Processing 325-949-6916 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Thad DiBartelo<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.



September 5, 2012

**Via Hand Delivery**

     *Re:*    *AF Holdings LLC v. John Doe*
               *2:12-cv-06636-ODW-FFM*

Dear Custodian of Records:

Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Central District of California. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

      subpoena@wefightpiracy.com

If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at (415) 325-5900. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Case 2:12-cv-06636-ODW-FFM  Document 11    Filed 09/04/12  Page 1 of 2  Page ID #:76

1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel to Prenda Law Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6              IN THE UNITED STATES DISTRICT COURT FOR THE
7                     CENTRAL DISTRICT OF CALIFORNIA
8

9   AF HOLDINGS LLC,                    )       Case No. 2:12-cv-06636-ODW-FFM
10                                       )
         Plaintiff,                      )
11                                       )
           v.                            )       [PROPOSED] ORDER GRANTING
12                                       )       PLAINTIFF'S *EX PARTE*
    JOHN DOE,                            )       APPLICATION FOR LEAVE TO
13                                       )       TAKE EXPEDITED DISCOVERY
         Defendant.                      )
14                                       )

15    ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE
                       TO TAKE EXPEDITED DISCOVERY
16

17         The Court has reviewed the Complaint with attached Exhibits, Plaintiff's *Ex*

18   *Parte* Application for Leave to Take Expedited Discovery and all the papers filed in

19   connection with the motion, and relevant case law. Accordingly, it is hereby

20         ORDERED that Plaintiff's *Ex Parte* Application for Leave to Take Discovery is

21   GRANTED; it is further

22         ORDERED that Plaintiff may immediately serve Rule 45 subpoena(s) to

23   identify John Doe associated with the Internet Protocol ("IP") address listed in the

24   Complaint, limited to the following categories of entities and information:

25         From Internet Service Provider (ISP) identified in Plaintiff's *Ex Parte*

26         Application for Leave to Take Expedited Discovery and any other entity

27         identified as a provider of Internet services to John Doe in response to a

28         subpoena or as a result of ongoing BitTorrent activity monitoring:

09/06/2012  17:41    3123454343                    SDP                                PAGE  04/07
Case 2:12-cv-08333-ODW-JC  Document 78  Filed 03/11/13  Page 23 of 26  Page ID #:2080

Case 2:12-cv-06636-ODW-FFM  Document 11    Filed 09/04/12  Page 2 of 2  Page ID #:77

1    information sufficient to identify John Doe associated with the IP address
2    listed in the Complaint, including name, current (and permanent) address,
3    telephone number, e-mail address, and Media Access Control address; it
4    is further

5        ORDERED any information disclosed to the Plaintiff in response to a Rule 45
6    subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's
7    rights as set forth in its Complaint; it is further

8        ORDERED that Plaintiff and any entity which receives a subpoena shall confer,
9    if necessary, with respect to the issue of payment for the information requested in the
10   subpoena or for resolution of IP addresses which are not controlled by such entity,
11   duplicate IP addresses that resolve to the same individual, other IP addresses that do
12   not provide the name and other information requested of a unique individual, or for
13   the entity's internal costs to notify its customers; it is further

14       ORDERED that any entity which receives a subpoena and elects to charge for
15   the costs of production shall provide a billing summary and any cost reports that serve
16   as a basis for such billing summary and any costs claimed by such entity; it is further

17       ORDERED that Plaintiff shall serve a copy of this Order along with any
18   subpoenas issued pursuant to this Order; it is further

19       ORDERED that if any entity subpoenaed pursuant to this Order wishes to move
20   to quash the subpoena, it must do so before the return date of the subpoena, which
21   shall be 30 days from the date of service;

22       Finally, it is ORDERED that the subpoenaed entity shall preserve any
23   subpoenaed information pending the resolution of any timely-filed motion to quash.

24
25
26
27   DATED: September 4, 2012              /S/ FREDERICK F. MUMM
28                                        United States Magistrate Judge

                                    2

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| AF HOLDINGS LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:12-cv-06636-ODW-FFM |
| JOHN DOE | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Central District of California        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records: Verizon Online LLC c/o C T Corporation System; 208 S. LaSalle
St. Ste. 814, Chicago, IL 60604-1101.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: In accordance with the conditions in the attached order, provide the name, current (and permanent)
addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose
IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most
efficient and cost effective format if you let us know what your preferred format is.

| Place:  Prenda Law Inc. | Date and Time: |
|---|---|
| 161 N Clark St. Suite 3200 | 10/08/2012 10:00 am |
| Chicago, IL 60601 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  ___09/05/2012___

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

AF Holdings LLC _____ , who issues or requests this subpoena, are:

Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (415)
325-5900

## SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|------------|-----------------|
| 71.106.57.116 | 2012-07-09 20:55:12 |

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).