ORIGINAL

Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com

Specially Appearing for
JOHN STEELE; PAUL HANSMEIER;
PAUL DUFFY; and ANGELA VAN
DEN HEMEL



FILED
2013 MAR -8  PM 3:56

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>JOHN DOE,<br><br>            Defendant. | Case No.   2:12-cv-8333-ODW(JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER WITHDRAWING ORDER FOR JOHN STEELE, PAUL HANSMEIER, PAUL DUFFY, AND ANGELA VAN DEN HEMEL TO APPEAR**<br><br>Judge:          Hon. Otis D. Wright, II<br>Magistrate Judge:  Hon. Jacqueline Chooljian<br>Courtroom:    11<br><br>Complaint Filed:  September 27, 2012<br>Trial Date:     None set |

## I.

## <u>INTRODUCTION</u>

On March 5, 2013, this court issued an order that eight individuals would have to appear before this court on March 11, 2013. But this court lacks jurisdiction to order those individuals to appear in that they reside outside California, are not parties to this litigation, have not appeared in this action, and do not represent parties to this action.

- 1 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1        Moreover, although some of these individuals may have received notice as

2    the court ordered, others did not because those charged with providing notice

3    simply lacked the information necessary to do so. And, even those that were served

4    have not received reasonable notice of the nature of the proceedings they are being

5    ordered to appear in or what is expected of them besides their physical presence.

6        Further, they have not received a reasonable amount of notice to

7    accommodate cross-country travel or information regarding who will pay for such

8    travel. Based on these factors, the court should withdraw its order for John Steele,

9    Paul Hansmeier, Paul Duffy, and Angela Van Den Hemel to appear on Monday,

10    March 11, 2013 at 1:30 P.M.

## II.

## THE COURT LACKS PERSONAL JURISDICTION OVER THOSE IT HAS ORDERED TO APPEAR

14        Even where the court seeks to adjudicate issues between parties, it must have

15    personal jurisdiction over them. Here, Steele, Hansmeier, Duffy, and Van Den

16    Hemel are not parties and have not otherwise participated in this litigation. As

17    such, the public policy behind the need to determine personal jurisdiction is

18    arguably at an elevated level because, as individuals, they effectively have "no dog

19    in this fight."

20        Ordinarily, federal courts do not have nationwide personal jurisdiction. With

21    few exceptions, they have no broader power over persons outside the state in

22    which they sit than do the local state courts. Omni Capital Int'l, Ltd. v. Rudolph

23    Wolff & Co., Ltd. (1987) 484 U.S. 97, 104-105.

24    / / /

25    / / /

26    / / /

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1       Here, because they are not parties in this action, Steele, Hansmeier, Duffy,

2   and Van Den Hemel can be nothing more than witnesses. California Code of Civil

3   Procedure section 1989 provides that "a witness . . . is not obliged to attend as a

4   witness before any court, judge, justice or any other officer, unless the witness is a

5   resident within the state at the time of service." None of these individuals named in

6   the court's March 5, 2013 reside in California. Decl. of Steel, ¶¶ 3-6. Thus, the

7   court lacks jurisdiction to order them to appear.

**III.**

**STEELE, HANSMEIER, DUFFY, AND VAN DEN HEMEL DID NOT**

**RECEIVE REASONABLE NOTICE OF THIS PROCEEDING**

11       Due process mandates that a respondent to a Rule 11 sanctions motion

12   receive reasonable notice of the sanctions being sought and the opportunity to

13   submit an opposition. Fed. R. Civ. P. 11(c)(1); Miranda v. Southern Pac. Transp.

14   Co., 710 F.2d 516, 522 (9th Cir. 1983). This applies equally to sanctions imposed

15   sua sponte by the court. So, before imposing sanctions, the court must issue an

16   order to show cause why the respondent has not violated Rule 11 and allow the

17   party to be heard. Fed. R. Civ. P. 11(c)(3); Simmerman v. Corino, 27 F.3d 58, 64

18   (3rd Cir. 1994); Marlin v. Moody Nat'l Bank, N.A., 533 F.3d 374, 379 (5th Cir.

19   2008).

20       Although counsel submitting this application has been unable to identify any

21   authority addressing the notice requirements to witnesses ordered to appear at such

22   hearings, logic dictates that such individuals should at least be similarly

23   accommodated with reasonable notice. Here, the court's March 5, 2013 order that

24   notice be provided by March 7, 2013 to attend a March 11, 2013 hearing with no

25   further information is fundamentally unreasonable.

26       As set forth above, all of the witnesses that the court has ordered to appear

27   reside out-of-state. And all of them are employed within the legal services

28   industry. As such, providing two to three days' business notice that they need to

- 3 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    travel across the country for a hearing in a case they have not been part of is

2    inherently unreasonable in that it could adversely impact their clients.

3          Further, the notice that they appear was absent any information regarding the

4    reason for their appearance. Presumptively, it would be to provide testimony, but

5    the court has issued no order identifying what the scope of that testimony might be.

6    Without such notice, the witnesses may not properly prepare and are, therefore,

7    deprived of due process.

8          Finally, witnesses are entitled not only to receive payment for their

9    attendance, but also for travel expenses. 28 U.S.C. § 1821 (2013). But, the court's

10   order not only fails to provide who will compensate Steele, Hansmeier, Duffy, and

11   Van Den Hemel for their time and these expenses, but that they will be

12   compensated at all. Given the considerable expense of traveling such distances

13   (including consideration of the fact that one of the witnesses likely has limited

14   means given her employment as a paralegal), especially on such short notice when

15   many common carriers may not have seats available, this is a significant issue.

16         For these reasons, even if the court had jurisdiction over the parties, the

17   notice would be unreasonable to them and the court would, at a minimum, have to

18   withdraw the order and issue a new one for a future date that would afford Steele,

19   Hansmeier, Duffy, and Van Den Hemel reasonable notice of the hearing, their

20   rights, and the purpose for their appearance.

21   / / /

22   / / /

23   / / /

24

25

26

27

28

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR
ORDER WITHDRAWING ORDER FOR JOHN STEELE, PAUL HANSMEIER, PAUL DUFFY, AND ANGELA
VAN DEN HEMEL TO APPEAR

## IV.

## <u>CONCLUSION</u>

The court does not have jurisdiction to order out-of-state residents Steele, Hansmeier, Duffy, and Van Den Hemel to appear as witnesses at a hearing. And, even if it did, the notice that court provided for parties to travel across the country was incomplete and inadequate. For these reasons, the court should withdraw its March 5, 2013 ordering these individuals to appear in California on March 11, 2013.

Klinedinst PC

DATED: March 8. 2013             By: _____
                                      Heather L. Rosing
                                      David M. Majchrzak
                                      Specially Appearing for
                                      JOHN STEELE; PAUL
                                      HANSMEIER; PAUL DUFFY; and
                                      ANGELA VAN DEN HEMEL

14621918v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER WITHDRAWING ORDER FOR JOHN STEELE, PAUL HANSMEIER, PAUL DUFFY, AND ANGELA VAN DEN HEMEL TO APPEAR