Peter Hansmeier
*Pro Se*
Livewire Holdings, LLC
2100 M St. NW
Suite 170-417
Washington DC 20037-1233
(888)-588-9473/FAX (888)-964-9473

Specially Appearing

FILED
CLERK, U.S. DISTRICT COURT
MAR - 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No.   2:12-cv-8333-ODW(JCx)<br><br>**EX PARTE APPLICATION FOR ORDER WITHDRAWING ORDER FOR PETER HANSMEIER TO APPEAR**<br><br>Judge:            Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian<br>Courtroom:        11<br>Date:             --<br>Time:             --<br><br>Complaint Filed: September 27, 2012<br>Trial Date:      None set |

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT
MAR - 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

## I.
## INTRODUCTION

On March 5, 2013, this Court issued an order that eight individuals would have to appear before this Court on March 11, 2013. But this Court lacks jurisdiction to order those individuals to appear in that they reside outside California, are not parties to this litigation, and do not represent parties to this action.

Moreover, although some of these individuals may have received service of the order as the Court ordered, the undersigned individual did not.

- 1 -
EX PARTE APPLICATION FOR ORDER WITHDRAWING ORDER FOR PETER HANSMEIER TO APPEAR

Further, the undersigned individual has not received a reasonable amount of notice to accommodate cross-country travel or information regarding who will pay for such travel. Based on these factors, the Court should withdraw its order for Hansmeier to appear on Monday, March 11, 2013 at 1:30 P.M.

## II.
## THE COURT LACKS PERSONAL JURISDICTION OVER THOSE IT HAS ORDERED TO APPEAR

Even where the Court seeks to adjudicate issues between parties, it must have personal jurisdiction over them. Here, Hansmeier is not a party. As such, the public policy behind the need to determine personal jurisdiction is arguably at an elevated level because, as an individual, he effectively has "no dog in this fight."

Ordinarily, federal courts do not have nationwide personal jurisdiction. With few exceptions, they have no broader power over persons outside the state in which they sit than do the local state courts. Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd. (1987) 484 U.S. 97, 104-105.

Here, because his is not a party to this action, Hansmeier can be nothing more than witnesses. California Code of Civil Procedure section 1989 provides that "a witness . . . is not obliged to attend as a witness before any court, judge, justice or any other officer, unless the witness is a resident within the state at the time of service." Hansmeier does not reside in California. Decl. of Hansmeier, ¶ 2. Thus, the Court respectfully lacks jurisdiction to order him to appear.

## III.
## HANSMEIER DID NOT RECEIVE REASONABLE NOTICE OF THIS PROCEEDING

Due process mandates that a respondent to a Rule 11 sanctions motion receive reasonable notice of the sanctions being sought and the opportunity to submit an opposition. Fed. R. Civ. P. 11(c)(1); Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 522 (9th Cir. 1983). This applies equally to sanctions imposed

sua sponte by the Court. So, before imposing sanctions, the Court must issue an order to show cause why the respondent has not violated Rule 11 and allow the party to be heard. Fed. R. Civ. P. 11(c)(3); Simmerman v. Corino, 27 F.3d 58, 64 (3rd Cir. 1994); Marlin v. Moody Nat'l Bank, N.A., 533 F.3d 374, 379 (5th Cir. 2008).

Although the undersigned submitting this application has been unable to identify any authority addressing the notice requirements to witnesses ordered to appear at such hearings, logic dictates that such individuals should at least be similarly accommodated with reasonable notice. Here, the Court's March 5, 2013 order that notice be provided by March 7, 2013 to attend a March 11, 2013 hearing with no further information is fundamentally unreasonable.

As set forth above, Hansmeier resides out-of-state. He has a job that demands his attendance on the upcoming Monday. As such, providing two to three days' business notice that he needs to travel across the country for a hearing in a case involving third-parties is inherently unreasonable in that it could adversely impact his employment and he was never even formally served with the Court's order.

Further, the notice that he appear was absent any information regarding the reason for his appearance. Presumptively, it would be to provide testimony, but the Court has issued no order identifying what the scope of that testimony might be. Without such notice, the witness may not properly prepare and is, therefore, deprived of due process.

Finally, witnesses are entitled not only to receive payment for his attendance, but also for travel expenses. 28 U.S.C. § 1821 (2013). But, the Court's order not only fails to provide who will compensate him for his time and these expenses, but that he will be compensated at all. Given the considerable expense of traveling such distances, especially on such short notice when many common carriers may not have seats available, this is a significant issue.

For these reasons, even if the Court had jurisdiction over Hansmeier, the notice would be unreasonable to him and the Court should, at a minimum, have to withdraw the order and issue a new one for a future date that would afford Mr. Hansmeier reasonable notice of the hearing, his rights, and the purpose for his appearance.

## IV.
## CONCLUSION

The Court does not have jurisdiction to order out-of-state resident Hansmeier to appear as witnesses at a hearing. And, even if it did, the notice that Court provided for Hansmeier to travel across the country was incomplete and inadequate. For these reasons, the Court should withdraw its March 5, 2013 order requiring him to appear in California on March 11, 2013.

Respectfully, Submitted

DATED: March 8. 2013        By: _____
                                Peter Hansmeier
                                Specially Appearing *Pro Se*