Paul A. Duffy (SBN 224159)
Prenda Law Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Phone: 312-880-9160
Fax: 312-893-5677
E-mail:paduffy@wefightpiracy.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | No. 3:12-CV-02396-EMC |
| | ) | |
| Plaintiff, | ) | **NOTICE OF ALLEGATIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| JOE NAVASCA | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a

**Exhibit 2 - Page 1 of 50**

copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No.224159)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677

2

**Exhibit 2 - Page 2 of 50**

E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

Exhibit 2 - Page 3 of 50

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Paul A. Duffy

*Exhibit 2 - Page 4 of 50*

E-FILED
Thursday, 14 March, 2013  11:24:55 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AF HOLDINGS LLC,

      Plaintiff,

      v.

JOHN DOE,

      Defendant.

CASE NO. 1:12-CV-01258

Judge: Hon. James E. Shadid

Magistrate Judge: Hon. John A. Gorman

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a writing signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 5 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:    /s/ Paul Duffy
       Paul Duffy (Bar No. 6210496)
       Prenda Law Inc.
       161 N. Clark St., Suite 3200
       Chicago, IL 60601
       Phone: 312-880-9160
       Fax: 312-893-5677
       E-mail: paduffy@wefightpiracy.com
       *Attorney for Plaintiff*

2

**Exhibit 2 - Page 6 of 50**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy _____


3

*Exhibit 2 - Page 7 of 50*

**E-FILED**
Thursday, 14 March, 2013  11:34:56 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS (PEORIA)

| | |
|---|---|
| AF HOLDINGS LLC, | |
| Plaintiff, | CASE NO. 1:12-CV-01398 |
| v. | Judge: Hon. James E. Shadid |
| JOHN DOE, | Magistrate Judge:  Hon. John A. Gorman |
| Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 8 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:   /s/ Paul Duffy
      Paul Duffy (Bar No. 6210496)
      Prenda Law Inc.
      161 N. Clark St., Suite 3200
      Chicago, IL 60601
      Phone: 312-880-9160
      Fax: 312-893-5677
      E-mail: paduffy@wefightpiracy.com
      *Attorney for Plaintiff*

2

**Exhibit 2 - Page 9 of 50**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

**Exhibit 2 - Page 10 of 50**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AF HOLDINGS LLC,

       Plaintiff,

v.

CARLOS MARTINEZ,

       Defendant.

CASE NO. 1:12-cv-03567

Judge: Hon. Robert W. Gettleman

Magistrate Judge: Hon. Sheila M. Finnegan

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 11 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get
the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a
one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-
cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment
recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF
Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and
not the assignee, this inconsistency does not prevent a prima facie showing of copyright
ownership.") (internal citations omitted).

     Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue
in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the
assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the
assignor executed the assignment.

     Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating
their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in
the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

          By:    /s/ Paul Duffy
                Paul Duffy (Bar No. 6210496)
                Prenda Law Inc.
                161 N. Clark St., Suite 3200
                Chicago, IL 60601
                Phone: 312-880-9160
                Fax: 312-893-5677
                E-mail: paduffy@wefightpiracy.com
                *Attorney for Plaintiff*

2

**Exhibit 2 - Page 12 of 50**

Case 2:12-cv-08333-ODW-JC   Document 108-6   Filed 04/08/13   Page 13 of 50   Page ID
#:2533
Case: 1:12-cv-03567 Document #: 18 Filed: 03/14/13 Page 3 of 3 PageID #:80

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

*Exhibit 2 - Page 13 of 50*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 1:12-CV-03568 |
| Plaintiff, | |
| | Judge: Hon. Thomas M. Durkin |
| v. | |
| RICHARD TURNER, | |
| Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 14 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 15 of 50**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

*Exhibit 2 - Page 16 of 50*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 1:12-CV-03570 |
| Plaintiff, | |
| | Judge: Hon. Joan B. Gottschall |
| v. | |
| MICHAEL FOOTE, | |
| Defendant. | |

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a writing signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 17 of 50**

Case 2:12-cv-08333-ODW-JC   Document 108-6   Filed 04/08/13   Page 18 of 50   Page ID
#:2538
Case: 1:12-cv-03570 Document #: 16 Filed: 03/14/13 Page 2 of 3 PageID #:105

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 18 of 50**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy

3

**Exhibit 2 - Page 19 of 50**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AF HOLDINGS LLC,

      Plaintiff,

      v.

BOBBY RAMOS,

      Defendant.

CASE NO. 1:12-CV-04232

Judge: Hon. Robert W. Gettleman

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 20 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 21 of 50**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy


3

**Exhibit 2 - Page 22 of 50**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 1:12-CV-04234 |
| Plaintiff, | |
| | Judge: Hon. Gary Feinerman |
| v. | |
| KENNETH PAYNE, | |
| Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 23 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 24 of 50**

Case 2:12-cv-08333-ODW-JC   Document 108-6   Filed 04/08/13   Page 25 of 50   Page ID
#:2545
Case: 1:12-cv-04234 Document #: 19 Filed: 03/14/13 Page 3 of 3 PageID #:111

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

*Exhibit 2 - Page 25 of 50*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | |
|     Plaintiff, | CASE NO. 1:12-CV-04235 |
| v. | Judge: Hon. Matthew F. Kennelly |
| DANIEL LEVINE, | |
|     Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 26 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:    /s/ Paul Duffy
       Paul Duffy (Bar No. 6210496)
       Prenda Law Inc.
       161 N. Clark St., Suite 3200
       Chicago, IL 60601
       Phone: 312-880-9160
       Fax: 312-893-5677
       E-mail: paduffy@wefightpiracy.com
       *Attorney for Plaintiff*

2

**Exhibit 2 - Page 27 of 50**

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                             /s/ Paul Duffy

3

*Exhibit 2 - Page 28 of 50*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AF HOLDINGS LLC,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

CASE NO. 1:12-CV-04237

Judge: Hon. James B. Zagel

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 29 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:    /s/ Paul Duffy
       Paul Duffy (Bar No. 6210496)
       Prenda Law Inc.
       161 N. Clark St., Suite 3200
       Chicago, IL 60601
       Phone: 312-880-9160
       Fax: 312-893-5677
       E-mail: paduffy@wefightpiracy.com
       *Attorney for Plaintiff*

2

**Exhibit 2 - Page 30 of 50**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy

3

*Exhibit 2 - Page 31 of 50*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | |
| Plaintiff, | CASE NO. 1:12-cv-04239 |
| v. | Judge: Hon. Matthew F. Kennelly |
| JOHN DOE, | |
| Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 32 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 33 of 50**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

3

**Exhibit 2 - Page 34 of 50**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 1:12-CV-04244 |
| Plaintiff, | |
| | Judge: Hon. Milton I. Shadur |
| v. | |
| JOHN DOE, | |
| Defendant. | |

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 35 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 36 of 50**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy

3

*Exhibit 2 - Page 37 of 50*

Case 2:12-cv-08333-ODW-JC   Document 108-6   Filed 04/08/13   Page 38 of 50   Page ID
#:2558
Case: 1:12-cv-05075 Document #: 18 Filed: 03/14/13 Page 1 of 3 PageID #:97

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AF HOLDINGS LLC,

      Plaintiff,

v.

JOHN MAHER,

      Defendant.

CASE NO. 1:12-CV-05075

Judge: Hon. Edmond E. Chang

## NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 38 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

   Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

   Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:    /s/ Paul Duffy
       Paul Duffy (Bar No. 6210496)
       Prenda Law Inc.
       161 N. Clark St., Suite 3200
       Chicago, IL 60601
       Phone: 312-880-9160
       Fax: 312-893-5677
       E-mail: paduffy@wefightpiracy.com
       *Attorney for Plaintiff*

2

**Exhibit 2 - Page 39 of 50**

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy _____

3

**Exhibit 2 - Page 40 of 50**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | |
|     Plaintiff, | CASE NO. 1:12-CV-05077 |
| v. | Judge: Hon. Joan H. Lefkow |
| JOHN DOE, | Magistrate: Hon. Arlander Keys |
|     Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a writing signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 41 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

**Exhibit 2 - Page 42 of 50**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy

3

*Exhibit 2 - Page 43 of 50*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 1:12-CV-08030 |
| Plaintiff, | |
| v. | Judge: Hon. John J. Tharp, Jr. |
| JOHN DOE, | |
| Defendant. | |

### NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite

1

**Exhibit 2 - Page 44 of 50**

simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

Respectfully submitted,

DATED: March 14, 2013

By:     /s/ Paul Duffy
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark St., Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-5677
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

2

*Exhibit 2 - Page 45 of 50*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).


/s/ Paul Duffy _____

3

*Exhibit 2 - Page 46 of 50*

No. 12-7135

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

AF HOLDINGS, LLC,

*Plaintiff-Appellee,*

v.

DOES 1 – 1,508,

*Defendants,*

and

COX COMMUNICATIONS, INC., et al.,

*Appellants.*

### APPELLEE'S NOTICE OF ALLEGATIONS

Plaintiff hereby notifies the Court of allegations of forgery that were made during a hearing in a matter pending before the U.S. District Court for the Central District of California. *Ingenuity13 LLC v. John Doe*, No. 2:12-cv-08333-OWD-JC (C.D. Cal. Mar. 11, 2013). On March 11, 2013, an individual by the name of Alan Cooper alleged that his signature was forged on two separate agreements assigning the rights of various copyrighted works to Plaintiff, including the assignment at issue in this matter. (*See*, ECF No. 1-2 at 2.) Plaintiff categorically

**Exhibit 2 - Page 47 of 50**

denies Mr. Cooper's allegations, which arise nearly two years after certain of the alleged conduct occurred. Mr. Cooper has a pecuniary interest in his allegations by virtue of a lawsuit he filed against Plaintiff. *Cooper v. Steele, et al.*, No. 27-CV-13-3463 (Minn. Dist. Ct., Hennepin Cty., 2013).

Even if Mr. Cooper's allegations were true—and they are not—Plaintiff's assignments, including the assignment at issue in the instant action, remain valid. The formal requirements of a copyright assignment are "quite simple": a *writing* signed by the *assignor*. 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do."); *see also* Order, *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 ("The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. . . . As the law requires only that the assignment be signed by the assignor and not the assignee, this inconsistency does not prevent a prima facie showing of copyright ownership.") (internal citations omitted).

Mr. Cooper's allegations relate to the *assignee*, not the assignor. The assignment at issue in this action satisfies the Copyright Act's formal requirements. It is a writing signed by the assignor. Plaintiff's rights in the copyrighted work in this action were transferred when the assignor executed the assignment.

Plaintiff is treating Mr. Cooper's allegations with utmost seriousness and is investigating their substance. Because Mr. Cooper's allegations relate to the assignment agreement at issue in the instant litigation, Plaintiff respectfully brings the matter to the Court's attention.

**Exhibit 2 - Page 48 of 50**

By:    s/Paul A. Duffy

Paul A. Duffy

161 N. Clark St., Suite 3200

Chicago, IL 60601

Telephone: (312) 880-9160

Facsimile:  (312) 893-5677

*Attorney for the Appellee*

*Exhibit 2 - Page 49 of 50*

### CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by sing the appellate CM/ECF system on March 15, 2013.

s/ Paul A. Duffy
Paul A. Duffy

*Exhibit 2 - Page 50 of 50*