Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Nicholas Ranallo (SBN 275016)
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
Telephone: (831) 703-4011
Fax: (831) 533-5073

Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>Case Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668<br><br>**REQUEST FOR LEAVE TO FILE A REPLY** |

**REQUEST FOR LEAVE TO FILE A REPLY**

## REQUEST FOR LEAVE TO FILE A REPLY

The putative John Doe in 2:12-cv-08333-DMG-PJW by and through counsel, hereby requests leave to file a brief reply, of no more than 10 pages, by Tuesday April 16, 2013, in response to the new information contained in the three Responses to the Order to Show Cause filed by counsel for Paul Duffy, Prenda Law, Inc., and Angela Van Den Hemel (ECF No. 108); for Paul Hansemeier (ECF No. 109); and for John Steele (ECF No. 110). The proposed pleading would focus on the following:

First, there are two documents, not yet before this Court, establishing that John Steele, at least, *does* have an interest in Prenda clients, including AF Holdings. The documents are (i) a legal brief submitted by Steele's (prior) outside counsel to the State Bar of Florida, wherein Mr. Steele explained that "The Prenda law firm is comprised of Attorney Joe Perea and Paralegal Mark Lutz. Mr. Steele is actually a client of Prenda. **Steele maintains an ownership interest in several of Prenda's larger clients**. His presence at Prenda would be solely in the capacity of a client." (emphasis added). Since this pleading was filed in a judicial proceeding before the State Bar of Florida, this Court can properly take judicial notice of it. Further, (ii) there is a meet and confer email from AF Holdings / Prenda's local counsel in Florida, a Mr. Jacques Nazaire, wherein he states that Mr. Steele has an interest in AF Holdings, LLC. Specifically, while writing to Georgia John Doe defense counsel Blair Chintella about the Alan Cooper situation, Mr. Nazaire stated in an email "I would like to subpoena him [*i.e., Alan Cooper*] and have him state under oath that he has never received a dime from **John Steele, who has an interest in AF**." (emphasis added). Although the email is hearsay, it is admissible as an admission by a party opponent, because it was made by Mr. Nazaire in his capacity as an agent of AF Holdings, LLC. These documents directly rebut assertions made by Mr. Steele's counsel (assertions, which, it should be noted, were unsupported by any declaration from Mr. Steele) that there is "no evidence" Steele is involved with

the "clients" or this litigation. Undersigned counsel had hoped to question Mr. Steele about these documents at the April 2, 2013, hearing.  Similarly, there is also evidence that Mr. Hansemeier has been more involved in this case than he lets on.

  Second, the outrageous attacks made on the real Alan Cooper are shameful. However, they are also easily discredited, and undersigned counsel would appreciate an opportunity to do so.  Similarly, the other two declarations submitted by Mr. Duffy and Prenda also have problems, which undersigned counsel would like to briefly address and refute. Rebuttal will include a declaration by a defense IT expert.

  Third, there is an important issue in this case, with potentially far-reaching implications that go beyond Prenda, which is in danger of being overshadowed by the allegations of fraud and attorney misconduct.  Specifically, Prenda's current special counsel has offered the most spirited defense to date of the "shoot first and identify [] targets later" business model, which Judge Milton Shadur of the Northern District of Illinois chastised John Steele about all the way back in 2011.  *Boy Racer, Inc. v. Does 1-22*, No. 11 C 2984, Slip Op. (N.D. Ill. May 9, 2011) (Shadur, J.).  At the April 2, 2013 hearing, undersigned counsel had also hoped to further probe Prenda representatives on reasonableness of the Wagar and Denton investigations and of the "snapshot" infringement theory, but the blanket invocation of the Fifth Amendment by Prenda's associated attorneys obviously prevented that from occurring.  As undersigned counsel previously noted, the role that Rule 11(b) pleading standards should play in these kinds is an important issue that has been underexplored in existing case law.  In light of the potential precedential importance of an order on that issue, a reply to all the new legal arguments is likely in order.

  In addition to the three main issues noted above, there are a few other smaller points which undersigned counsel would also like the opportunity to address. Accordingly, the putative John Doe in 12-cv-8333 respectfully requests leave of Court to file a final reply of no more than ten pages, plus rebuttal exhibits, by Tuesday April 16, 2013.

-3-

**REQUEST FOR LEAVE TO FILE A REPLY**

Case 2:12-cv-08333-ODW-JC Document 111 Filed 04/10/13 Page 4 of 4 Page ID #:2666

Respectfully submitted,

DATED: April 10, 2013            THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

-4-

**REQUEST FOR LEAVE TO FILE A REPLY**