Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com

Attorneys Specially Appearing for
PAUL DUFFY; ANGELA VAN DEN
HEMEL and PRENDA LAW, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case No.  2:12-cv-8333-ODW(JCx)<br><br>Related Cases: 2:12-cv-05709-ODW-JC<br>             2:12-cv-08322-ODW-JC<br><br>**OBJECTION TO THE REQUEST OF PUTATIVE JOHN DOE TO FILE A REPLY BRIEF**<br><br>[Filed concurrently with Declaration of Philip W. Vineyard]<br><br>Judge:            Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian<br>Courtroom:        11<br><br>Complaint Filed: September 27, 2012<br>Trial Date:      None set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT .................................................................................................... 1

    A. The court's order to show cause hearings here were criminal proceedings .............................................................................................. 1

    B. The Respondents were entitled to a disinterested prosecutor, which Mr. Pietz assuredly was and is not ............................................. 3

        1. Pietz has a pecuniary interest in this case. .................................. 4

            a. Pietz advertises services that are intended to hinder prosecution of copyright infringement actions. ............... 4

            b. Pietz is padding his bill with order to show cause work. ................................................................................. 5

        2. Pietz has a legal interest in the subject matter of the order to show cause. ............................................................................. 6

    C. The evidence Pietz proposes to offer is vague, inadmissible, and incapable of satisfying the "beyond-a-reasonable-doubt" standard ................................................................................................. 7

        1. The purported evidence against John Steele is inadmissible .................................................................................. 7

        2. The Berry declaration prevents proof beyond a reasonable doubt ........................................................................ 9

        3. Pietz had the opportunity to submit evidence on Hansmeier's and Gibbs' investigatory techniques and failed to do so. ............................................................................. 10

III. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bourjaily v. United States*
483 U.S. 171 (1987) .................................................................................................. 9

*Breneman*
799 F.2d 470 (9th Cir. 1986) ..................................................................................... 9

*Durham v. County of Maui*
804 F.Supp.2d 1068 (D. Haw. 2011) ........................................................................ 9

*Gomez v. Rivera Rodriguez*
344 F.3d 103 (1st Cir. 2003) .................................................................................... 10

*Gompers v. Bucks Stove & Range Co.*
221 U.S. 418 (1911) ............................................................................................... 2, 3

*In re Gonda*
2011 WL 5240154, *3 (Br. N.D. Cal. 2011) ............................................................. 9

*Int'l Union, United Mine Workers of Am. v. Bagwell*
512 U.S. 821 (1994) .................................................................................................. 2

*Lee v. County of Los Angeles*
240 F.3d 754 (9th Cir. 2001) ..................................................................................... 8

*Mackey v. Burke*
751 F.2d 322 (10th Cir. 1984) ................................................................................. 10

*Newman v. San Joaquin Delta Community College Dist.*
272 F.R.D. 505 (E.D. Cal. 2011) .............................................................................. 8

*Penfield Co. of Cal. v. SEC*
330 U.S. 585 (1947) .................................................................................................. 2

*Prof'l Real Estate Investors v. Columbia Pictures Indus.*
508 U.S. 49 (1993) .................................................................................................... 7

*Sea-Land Service, Inc. v. Lozen Intern., LLC*
285 F.3d 808 (9th Cir. 2002) ..................................................................................... 9

*Standard Oil Co. v. Moore*
251 F.2d 188 (9th Cir. 1957) ................................................................................... 10

*U.S. v. Bonds*
608 F.3d 495 (9th Cir. 2010) ..................................................................................... 9

*U.S. v. Portsmouth Paving Corp*
694 F.2d 312 (4th Cir. 1982) ................................................................................... 10

*Wyatt v. Terhune*

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

315 F.3d 1108 (9th Cir.2003) .................................................................................. 8

*Xiong v. Veneman*
2005 U.S. Dist. LEXIS 35843 (E.D. Cal. 2005) .......................................... 11

*Young v. United States ex rel. Vuitton Et Fils S. A*
481 U.S. 787 (1987).................................................................................. 2, 5

Respondents Paul Duffy, Angela Van Den Hemel, and Prenda Law, Inc., respondents to this court's order to show cause, hereby offer the following objections to the Request for Leave to File a Reply submitted by the putative John Doe in case number 2:12-cv-08333-ODW-JC.

## I. INTRODUCTION

Morgan Pietz's and the putative John Doe's request to the court for leave to file a reply to the briefs filed by Prenda Law, Paul Duffy, Angela Van Den Hemel, Paul Hansmeier, and John Steele (collectively, the "Respondents") should be denied for three reasons:

- The Respondents are entitled to an independent prosecutor in these proceedings, which Pietz assuredly is not.
- The evidence Pietz seeks to submit is inadmissible, without substance, and outside the scope of the court's order to show cause notices.
- Pietz has submitted numerous filings in this case and, unlike the Respondents, has had the opportunity to call and examine witnesses, cross-examine Brett Gibbs, submit evidence (albeit questionable and objectionable evidence), and even provide speculative testimony under no penalty of perjury or threat of cross-examination concerning his own investigations and conclusions.

The order to show cause process has been flawed. Providing further deference to Pietz will only exacerbate an already faulty procedure.

## II. ARGUMENT

### A. The court's order to show cause hearings here were criminal proceedings

As explained in the brief Duffy, Van Den Hemel, and Prenda filed, this order to show cause proceeding is a criminal one. The court has stated in no uncertain terms that it (i) believed the Prenda-related parties had defrauded the court and (ii) would "consider whether sanctions are appropriate, and if so, determine the proper *punishment*…includ[ing] a *monetary fine*, *incarceration*, or

///

///

other sanction to deter future misconduct."[1,2] Sanctions for "completed act[s] of disobedience" are treated as punitive or criminal in nature. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828-29 (1994) (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 443 (1911)). "Thus, a 'flat, unconditional fine' totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." *Id.* at 829 (quoting *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 588 (1947)).

And, as Duffy, Van Den Hemel, and Prenda have already briefed (see ECF 108), once the court initiates proceedings against an attorney or party for purposes of criminal sanctions, the attorneys and/or parties subject to the proceedings must be provided both procedural and substantive due process rights, including but not limited to a disinterested, independent prosecutor, presentation of a defense, notice of charges, privilege against self-incrimination, and right to proof beyond a reasonable doubt. *Id.* at 826 (citations omitted); *Young v. United States ex rel. Vuitton Et Fils S. A.*, 481 U.S. 787, 804 (1987). Indeed, *Young* states the following:

> Private attorneys appointed to prosecute a criminal contempt action represent the United States, not the party that is the beneficiary of the court order allegedly violated. As we said in Gompers, criminal contempt proceedings arising out of civil litigation "are between the public and the defendant, and are not a part of the original cause." 221 U.S., at 445. The prosecutor is appointed solely to pursue the public interest in vindication of the court's authority. A private attorney appointed to prosecute a criminal contempt therefore certainly should be as

---

[1] February 7, 2013, Order to Show Cause re: Sanctions for Rule 11 and Local Rule 83-3 Violations, 10:27-28; 11:1-2 (ECF 48); Court's Order of March 14, 2013, re the Ex Parte Application of John Steele, Paul Hansmeier, Paul Duffy, and Angela Van Den Hamel (ECF 88), at p. 1-3.

[2] While it is acknowledged that the Court did not mention "incarceration" in its March 14, 2013, Order, the Court did state that it was amending its the February 7, 2013, Order to Show Cause "to include sanctions against the persons and entities in subparagraphs a-m below," which includes the Respondents. March 14, 2013, Order, at 1:25-28; 2:1-23.

disinterested as a public prosecutor who undertakes such a prosecution.

*Id.* Thus, before the court asked Pietz to present evidence against Respondents, it should have evaluated the interests Pietz has in this case.

### B. The Respondents were entitled to a disinterested prosecutor, which Mr. Pietz assuredly was and is not

In its February 7, 2013 order to show cause, the court invited Pietz, counsel for an unnamed putative Doe defendant, "to present evidence concerning the conduct outlined in this order."[3] And, indeed, Pietz did provide that "evidence," including the examination of witnesses, the video display of evidentiary and demonstrative exhibits, and the submission of multiple objectionable evidentiary exhibits into the record.[4] The court thereafter invited Pietz to appear at the April 2, 2013, hearing at which the Respondents were also to appear.[5] Although the proceedings lasted only an estimated 12 minutes, Pietz, without objection from the court, took his place with his co-counsel at the prosecutor's table, with several boxes of documents and the court's audio-visual equipment ready to levy against the Respondents.

The court has provided Pietz great deference, both in granting him an opportunity to present evidence against the Respondents and in yielding great leeway to explore areas of inquiry far outside the scope of the court's orders. The court may not have expressly named Pietz as its prosecutor, but every one of the court's actions concerning Pietz implies such a position has been appointed to him. The deference shown to Pietz and his unspoken role as prosecutor was and is a violation of the Respondents' due process rights.

---

[3] February 7, 2013, OSC (ECF 48), at 10:18-20.

[4] The Respondents had no opportunity to object to the evidence because the court did not allow their specially appearing counsel, Heather Rosing, to participate in the evidentiary portion of the proceedings.

[5] March 14, 2013, Order (ECF 88), at 3:14-15.

1. **Pietz has a pecuniary interest in this case.**

Pietz's role is not as a representative of a current party in this case. Indeed, Pietz's client has yet to be named to any lawsuit. Rather, Pietz is using the court's invitation in the proceedings to advertise for new clients and to run up a bill that he hopes the court will pay via sanctions imposed upon Brett Gibbs.

   a. **Pietz advertises services that are intended to hinder prosecution of copyright infringement actions.**

Attached as Exhibit A to the concurrently filed Declaration of Philip W. Vineyard is a print-out of the home page of Pietz's website, "pietzlawfirm.com." A simple review of the many links on the site associated with AF Holdings, Ingenuity 13, LLC, and Prenda Law, as well as the many articles and blog posts with titles such as "A Primer on Slaying the Copyright Troll," undermine any argument that Pietz is disinterested in his prosecution of the Respondents.

For example, as to the litigation involving Ingenuity 13, Pietz has provided the following on his website:

Ingenuity 13, LLC + Prenda Law

> This summer, Prenda Law, Inc. and its attorneys John Steele and Brett Gibbs have been busy filing lawsuits in California on behalf of Ingenuity 13, LLC. Ingenuity 13 is the latest plaintiff Prenda is using to orchestrate its national campaign to coerce copyright "settlements" from ISP subscribers who may or may not have actually downloaded any of plaintiff's movies.
> In a departure from prior practice, Prenda has been filing these lawsuits against single John Does. That means these cases will likely be harder to resolve because plaintiff will likely be seeking a higher settlement value (passing the cost on to the defendant) and there is one less procedural problem with the case. However, clients in these cases still have options. If you have received a letter from your ISP regarding an Ingenuity 13 subpoena, or if you have been contacted by an Ingenuity 13 representative directly, please contact The Pietz Law Firm.

These statements speak for themselves. Pietz is manipulating legal proceedings with Ingenuity 13, Prenda Law, John Steele, and Gibbs as

advertisements for business, and the court has unknowingly advanced these efforts. These facts certainly do not imply Pietz is a disinterested prosecutor. Rather, they scream just the opposite.

### b. Pietz is padding his bill with order to show cause work.

In an earnest quest to be paid for his work, Pietz has filed a declaration in which he details his time and financial resources spent in this matter. Indeed, citing his overall and "big firm" experience (less than five and two years, respectively), Pietz somewhat incredibly makes an argument that his services are worth $550 per hour, but discloses that he is willing to settle for $300 per hour.[6] Pietz thereafter provides a copy of his billing, which illustrates that he spent 120.5 hours doing legal work for, and paid $2,226.26 in expenses in, this matter. The total invoice amounts to $38,376.26,[7] all in defense of a client who had yet to be named to any lawsuit.

But a more thorough analysis of Pietz's invoice shows that a super-majority of his billing is spent on these order to show cause proceedings, which as noted in *Young*, is an action between the public and the Respondents. *Young, supra*, 481 U.S. at 804. Indeed, Pietz spent only 50.2 hours providing legal services before the court's February 7, 2013, notice of the order to show cause against Gibbs; the remainder (70.3 hours) was spent in response to the order to show cause. Unless he was acting as a prosecutor, Pietz has no basis to ask for these fees, but yet he filed the declaration anyway. Permitting him to file another repetitive, conclusory brief will serve only to increase the fees for which Pietz is asking remuneration, which may benefit Pietz, but will further violate Respondents' due process rights.

Another disclosure in Pietz's invoice raises significant due process concerns

---

[6] Declaration of Morgan E. Pietz Re: Fees and Costs, filed on April 5, 2013 (ECF 102), at ¶¶ 8, 9, 11.
[7] Decl. of Pietz, Ex. D.

as well. Pietz advanced the costs for Alan Cooper, on whose testimony and declaration this court has heavily relied, to fly out to Los Angeles for the March 11, 2013.[8] Pietz likewise and inexplicably advanced travel costs for Cooper's personal attorney, Paul Godfread. And Pietz failed to disclose these courtesies before examining Cooper.

Moreover, Cooper was but one of seven individuals the court ordered to appear at the hearing. And Pietz has not indicated, nor can he, that he offered to advance travel costs for any of the other witnesses. If he was truly a disinterested prosecutor, then his obligation would be to do everything possible to provide the court with the information it needs to make its decision. By independently selecting which of the individuals this court requested attend would be flown out, Pietz demonstrated his actual bias.

Quite simply, Pietz's invoice dooms these proceedings. It shows that he has an unmistakable bias and a pecuniary interest in the order to show cause proceedings in violation of the Respondents' due process rights.

### 2. Pietz has a legal interest in the subject matter of the order to show cause.

As noted in the putative John Doe's Request for Leave to File a Reply, Pietz argues that there is "an important issue in this case, with potentially far-reaching implications that go beyond Prenda, which is in danger of being overshadowed by the allegations of fraud and attorney misconduct."[9] Pietz affirmatively states that he had "hoped to further probe Prenda representatives on [sic] reasonableness of the Wagar and Denton investigations and of the 'snapshot" infringement theory."[10] And he concludes by noting that there is a "potential precedential importance of an

---

[8] Decl. of Pietz, Ex. D, billing entry identified by date of February 20, 2013.
[9] Request for Leave to File a Reply (ECF 111), 3:9-11.
[10] *Ibid.*, at 3:15-18.

- 6 -
OBJECTION TO THE REQUEST OF PUTATIVE JOHN DOE TO FILE A REPLY BRIEF
2:12-cv-8333-ODW(JCx)

order on that issue."[11]

But this is not a hearing to determine if the fictitiously-named-defendant model is a valid use of the court system for copyright infringement cases. Rather, this is a hearing about the conduct of Prenda Law and the other Respondents. This is a hearing to determine if the facts as developed by Peter Hansmeier and Gibbs, when coupled with the law cited in Duffy's, Van Den Hemel's, and Prenda's responsive brief, was sufficient to constitute what Justice Clarence Thomas called "probable cause" to file a lawsuit and avoid Rule 11 sanctions. *See Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 65-66 (1993). Pietz wants to use the court's order to show cause to provide the proverbial haymaker to future infringement actions, which necessarily must be commenced to obtain subpoenas to determine infringer's identities. That is not disinterested. That is a violation of the Respondents' due process rights.

C. **The evidence Pietz proposes to offer is vague, inadmissible, and incapable of satisfying the "beyond-a-reasonable-doubt" standard.**

1. The purported evidence against John Steele is inadmissible.

Pietz has stated in the putative John Doe's Request that there are two documents allegedly drafted by "Steele's (prior) outside counsel" that will prove that Steele has an ownership interest in AF Holdings.[12] Pietz acknowledges that the documents are hearsay, but argues that they fit into exceptions related to judicial notice and admissions against interest. Pietz is wrong on both fronts.

First, judicial notice may only be taken of documents and facts that are "not subject to reasonable dispute." FRE 201(b). The content of pleadings from other courts do not qualify. *Lee v. County of Los Angeles*, 240 F.3d 754, 774 (9th Cir. 2001)(error under Rule 201 for court to take judicial notice of the truth of matters

---

[11] *Ibid.*, at 3:22-23.
[12] Request for Leave to File a Reply (ECF 111), 2:9-26.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

asserted in extradition papers and in testimony at extradition hearing); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir.2003)("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"); *Wyatt v. Terhune,* 280 F.3d 1238, 1242 (9th Cir.2002)( "[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201."); *Newman v. San Joaquin Delta Community College Dist.*, 272 F.R.D. 505, 515 (E.D. Cal. 2011) (court cannot take judicial notice of the truth of facts asserted in court documents). To the extent the Court may disagree about the application of this legal principle, FRE 201 (e) and due process require the Court to allow Respondents a hearing on this issue.

Otherwise, Pietz is attempting to submit out-of-court statements by someone other than Steele as evidence of the truth of the matter asserted in the statement; *i.e.*, inadmissible hearsay[13]. No hearsay exception applies to the two documents proffered by Pietz. They are not, as Pietz alleges, nonhearsay party admissions, and Pietz has not meet his burden to prove otherwise. *See Bourjaily v. United States,* 483 U.S. 171, 175 (1987)(holding that proponent of hearsay must prove exception or exemption by preponderance of the evidence). Even assuming *arguendo* Steele is a party to this action, FRE 801(d)(2)(A) would involve Steele's own statements, which is not the case. *See Durham v. County of Maui*, 804 F.Supp.2d 1068, 1070 (D. Haw. 2011). FRE 801(d)(2)(B) requires proof that Steele adopted the statements, which Pietz cannot present. *Id., see also Sea-Land Service, Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 821 (9th Cir. 2002). Similarly, FRE 801(d)(2)(C) requires proof of the Steele's authorization to make the statements, which Pietz cannot proffer. Lastly, FRE 801(d)(2)(D) requires proof of

---

[13] Nearly all of the purported evidence submitted by Pietz to date, besides being improperly authenticated, comes from other cases, and Respondents object to these submissions on the bases stated herein. *See* Dkt 40-2, Exs. C, D, E, F, G, H, I, J and N; Dkt 53-1, Exs. Q, R, S, U, and V; Dkt 53-2, Exs. W, X, Y, and BB; Dkt 59-2, Exs. EE, FF, GG; Dkt 59; Dkt 69; Dkt 80.

the declarant's agency[14], which is similarly absent. *U.S. v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010); *Breneman, supra*, 799 F.2d 470, 473 (9th Cir. 1986).

Importantly, the proffered statements themselves cannot themselves establish the declarant's authority under subpart (C)the existence or scope of the agency under subpart (D). FRE 801(d)(2). *See also Gomez v. Rivera Rodriguez*, 344 F.3d 103, 106 (1st Cir. 2003)("It is hornbook law that an agency cannot be proven solely by the unsupported out-of-court statements of the claimed agent."); *Mackey v. Burke*, 751 F.2d 322, 326 n. 3 (10th Cir. 1984)(An agency relationship must be shown to exist by *independent evidence* in order for Plaintiffs to establish nonhearsay exception); *U.S. v. Portsmouth Paving Corp.*, 694 F.2d 312 (4th Cir. 1982)(Rule 801(d)(2) "demands as a prerequisite to admissibility a showing based on evidence independent of the alleged hearsay that the declarant is an agent of the party with authority to speak on the subject."). Lastly, because this context is akin to a criminal proceeding, independent evidence establishing that the agent was engaged in a conspiracy with its principal is required. *See Standard Oil Co. v. Moore*, 251 F.2d 188, 210 (9th Cir. 1957). Pietz has not provided such evidence.

### 2. The Berry declaration prevents proof beyond a reasonable doubt.

Pietz argues that the Berry declaration submitted to undermine Alan Cooper's testimony is shameful and easily discredited.[15] Yet, Pietz has not offered the court even a glimpse of the evidence to support this argument. If it is a technical argument; *e.g.*, "the texts are fake," arrangements are being made for a computer forensics engineer to download, store, and maintain a chain of custody for the text messages on Mr. Berry's phone.[16] If Pietz intends to file a competing declaration questioning Berry's credibility, the effect is insufficient to create proof

---

[14] Even evidence establishing a declarant's agency for Prenda does not establish agency for Steele. *See In re Gonda*, 2011 WL 5240154, *3 (Br. N.D. Cal. 2011).
[15] Request for Leave to File a Reply (ECF 111), 3:4-6.
[16] Declaration of Philip W. Vineyard, ¶ 4.

beyond a reasonable doubt that Cooper did not know about AF Holdings or that he did not sign the disputed copyright assignments. At best, it raises a competing credibility issue; *i.e.*, between Cooper and Berry, but nothing that will permit the court to reasonably rule that Pietz has presented evidence that, beyond a reasonable doubt, proves that the Respondents were responsible for a forged assignment or had an ownership interest in any of the plaintiff companies. As such, Pietz's proffered evidence is superfluous to these proceedings.

### 3. Pietz had the opportunity to submit evidence on Hansmeier's and Gibbs' investigatory techniques and failed to do so.

Pietz seeks to submit a declaration of a purported unnamed IT expert to rebut unknown portions of the Respondents' briefs. Again, with the burden upon him to justify the court's grant of leave to file a reply, Pietz fails to supply the following information: the expert's credentials, the subject matter of his declaration, and how that declaration will in any way remove any reasonable doubt that the Respondents should be sanctioned for the allegations in the court's orders to show cause. *See, e.g., Xiong v. Veneman*, 2005 U.S. Dist. LEXIS 35843 at 18-20 (E.D. Cal. 2005) (discussing burdens of proof for dispositive motions).

If the expert is to opine on the Rule 11 subject matter addressed in the Declaration of Joshua Chin, the question must be why Pietz did not offer that evidence during his case-in-chief on March 11, 2013. He had ample notice that this topic was the subject of the court's February 7, 2013 hearing and plenty of time at the hearing to explore the topic. But he chose to argue technical aspects on his own. Only when his lay opinions and speculative conclusions - which have been argued ad nauseam throughout the country - were challenged by someone with actual technical knowledge and credentials did he determine that he was in need of an expert. That ship has sailed. He had his chance. *See Id.*

Any further opportunities provided to Pietz to brief and present new material

after he has already (1) filed three briefs and 36 exhibits, (2) participated in one proceeding in which he presented numerous witnesses, 18 new exhibits, and his legal arguments and (3) then participated in a second proceeding where he offered no witnesses, no exhibits, and no arguments will only highlight further the flawed order to show cause procedures thus far on display. Worse yet, it will necessitate further proceedings, likely including additional briefing, by the Respondents, and a further consumption of this court's resources.

### III. CONCLUSION

The law is clear. The court is engaged in the prosecution of criminal allegations against the Respondents. When the opportunity came to impose punitive sanctions for litigation conduct that the court finds objectionable, it relied on Pietz, who has spent more than half of his 4 ½ year career fighting the Respondents, to act on the court's behalf. Through this, Pietz is, in reality, simply working to advance his career and financial goals, while the Respondent's due process rights are trampled. The court has sufficient information to determine whether sanctions should be issued against a number of individuals and entities. The record need not be further expanded to include additional, superfluous material that should not impact the court's decision, but will certainly cause further delay. As such, Paul Duffy, Angela Van Den Hemel, and Prenda Law Inc. request the court deny Pietz's request for further briefing.

Should the court allow Pietz to file an additional brief, then Duffy, Van Den Hemel, and Prenda request that they be afforded 10 days to file a reply.

DATED: April 11, 2013

15512138v1

Klinedinst PC

By: _____
Heather L. Rosing
David M. Majchrzak
Philip W. Vineyard
Attorneys for Specially Appearing for
PAUL DUFFY; ANGELA VAN DEN
HEMEL and PRENDA LAW. INC.