Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Specially appearing for
PAUL DUFFY, ANGELA VAN DEN
HEMEL, and PRENDA LAW, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case No.  2:12-cv-8333-ODW(JCx)<br><br>PAUL DUFFY, ANGELA VAN DEN HEMEL, AND PRENDA LAW, INC.'S RESPONSE TO PUTATIVE JOHN DOE'S REPLY TO BRIEFS<br><br>Judge:        Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian<br>Courtroom:  11<br>Date:         April 2, 2013<br>Time:         10:00 A.M.<br><br>Complaint Filed:  September 27, 2012<br>Trial Date:    None set |

## I.

## INTRODUCTION

The reply of Morgan Pietz[1] is improper for a number of reasons. Some have been articulated in the opposition to its filing and will not be repeated here. Others concern the vast evidentiary issues raised by his assault on John Steele, and will be left for Steele to respond to. But in relation to Paul Duffy, Angela Van Den Hemel,

---

[1] Which is nominally filed on behalf of an unidentified fictitiously named defendant.

and Prenda Law, Inc., the reply inappropriately suggests (1) that they "waited" too long to present documentary evidence when, in reality, they did so at the first opportunity afforded them, (2) that they should be sanctioned for an outside firm's investigation techniques that even Pietz's expert could not say either fell below the standard of care or led to inaccurate conclusions, (3) that Pietz should somehow be entitled to recover attorney fees from Duffy, Van Den Hemel, and/or Prenda, even though no such motion is pending against them, and he has been voluntarily serving as a biased prosecutor in proceedings initiated not by him, but rather by the court, after all actions had been dismissed, and (4) that the court may draw inferences within sanctions proceedings from a non-party's invocation of the Fifth Amendment.

## II.

## DUFFY, VAN DEN HEMEL, AND PRENDA HAD NO REASONABLE OPPORTUNITY TO SUBMIT DOCUMENTARY EVIDENCE TO THE COURT BEFORE THEIR APRIL 8, 2013 BRIEF

Pietz devotes a portion of his brief to complaining that he did not receive a copy of Brent Berry's declaration before April 8, 2013. But his complaint fails to answer two important questions. Why does it matter to his client? And what reasonable opportunity did Duffy, Van Den Hemel, and Prenda have to present it earlier?

As discussed in detail in earlier briefing, no assignment is at issue in the one Ingenuity 13 case involved in this proceeding in which Pietz represented someone. And that one action was dismissed on January 28, 2013. Thus, there would not be any reason for any communications between Pietz and Duffy, Van Den Hemel, and/or Prenda regarding Alan Cooper's comments or Berry's comments about the recent decline in Cooper's mental state.[2]

---

[2] Pietz also questions how Cooper could have signed assignments in the past when he is now suffering from mental problems that may impact his ability to testify

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   Pietz also inquires why these documents were not presented in relation to

2   Brett Gibbs's order to show cause hearing on March 11, 2013 or at the order to

3   show cause hearing against Duffy, Van Den Hemel, Prenda, and several others on

4   April 2, 2013. The answer is clearly and unambiguously reflected in the record.

5   Duffy, Van Den Hemel, and Prenda were not parties to the March 11, 2013

6   proceedings. They were requested to appear as witnesses and were never called to

7   testify.

8   And once the court ordered Duffy, Van Den Hemel, and Prenda to show

9   cause why they should not be sanctioned (on March 14), it did not provide them an

10   opportunity to submit advance briefs as it did with Gibbs. (ECF nos. 48 and 57; *cf.*

11   ECF 86.) At the April 2, 2013 hearing, Heather Rosing, specially appearing for

12   Duffy, Van Den Hemel, and Prenda, informed both Pietz and the court that she had

13   documents to submit as evidence and legal arguments to make and could either

14   present them there or through a brief. Without objection from Pietz, the court

15   declined to hear from Rosing and elected to receive the arguments and evidence

16   through a brief.  The court informed all attending, "We are done here." Apr. 2,

17   2013 Rep. Tr., 13:6-9. Thus, their April 8 brief—submitted pursuant to the court's

18   verbal approval given on April 2—was the first opportunity Duffy, Van Den

19   Hemel, and Prenda had to submit *any* argument or documentary evidence.

20   As an aside, Pietz likewise snipes again at the physical filing of Duffy and

21   Van Den Hemel's ex parte application by suggesting that the court's website is

22   insufficient authority to provide guidance regarding the rules for filing. Rep., p. 2,

23   fn. 2. But Pietz fails to cite any rule that contradicts this court's own guidelines that

24   unambiguously mandate a non-party to make its first filing via paper. Similarly, he

25   fails to offer any theories regarding how electronic filing may be done, given that

26   this court's computer system requires that all electronic filings be associated with

27
28   accurately. But the declaration of Brent Berry makes clear that there has been a
change in Cooper's personality over time. Thus, his present capacity does not
necessarily reflect his past.

RESPONSE TO PUTATIVE JOHN DOE'S REPLY TO BRIEFS BY PRENDA, INC., PAUL DUFFY. PAUL
HANSMEIER, AND JOHN STEELE

1   parties *who have already filed in the action*, thereby precluding non-parties from

2   filing their first documents electronically.

### III.

### SCHOEN'S DECLARATION FAILS TO SHOW THAT THE PRE-LITIGATION INVESTIGATION WAS INACCURATE, LET ALONE FELL BELOW THE STANDARD OF CARE

7   The significance in Schoen's declaration can be summarized in one clause.

8   "[T]he declarations omit information that [Schoen] believe[s] [are] material to a

9   determination of whether that method is reasonably accurate." Decl. of Schoen, p.

10   2:13-14. In other words, even a purported expert, let alone this court, cannot reach

11   the conclusion that Peter Hansmeier's techniques were flawed.

12   And Schoen takes that even one step further by stating that he "do[es] not

13   mean to suggest that Mr. Hansmeier is unable to gather or did not gather relevant

14   information to support Plaintiff's allegations." Decl. of Schoen, p. 3:10-11. That

15   begs the question, if a third party expert cannot reach a conclusion that the

16   investigation was insufficient, how could attorneys be imputed with knowledge

17   that their outside expert's methodology was so flawed that they could not

18   reasonably rely on his results? And how could that knowledge rise to the level of

19   culpability necessary to justify sanctions against the attorneys?

20   Schoen further opines that the nature of BitTorrent technology is to allow

21   downloads of data out of sequence. Decl. of Schoen, ¶ 10. Schoen suggests that, as

22   a result, an incomplete download may contain numerous gaps that disorient the

23   human viewer.[3] *Id.* at ¶ 11. But whether the download is appealing or presented as

---

24

25   [3] Schoen coyly declares that he "ha[s] heard that some BitTorrent clients could be

26   set to prioritize downloading of the beginning of the file before other parts…" to enable viewing of an incomplete file (Decl. of Schoen, ¶ 19), but a Google search for the BitTorrent user manual provides the simple instruction an infringer can use

27   to set such a priority. That command is "bt.prio_first_last_piece" and can be found at http://www.bittorrent.com/help/manual/appendixa0212. The manual even states

28   it will increase the chances that a file can be previewed before download completion.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

originally intended is not the standard for determining whether a copyright was infringed upon. Rather, as explained more completely in Duffy's, Van Den Hemel's, and Prenda's response to the order to show cause, even a de minimis unauthorized copying of a protected work—even when integrated with new, original work—may constitute infringement. *See* Newton v. Diamond, 388 F.3d 1189, 1190-1195 (9th Cir. 2003).

Because there is no evidence that the outside contractor investigated improperly or a legal bar to bringing claims based upon infringing even a small portion of copyrighted work, Duffy, Van Den Hemel, and Prenda should not be sanctioned for Gibbs's decisions to name particular Doe defendants.[4]

## IV.

### THE COURT MAY NOT ISSUE SANCTIONS AGAINST DUFFY, VAN DEN HEMEL, OR PRENDA THAT REQUIRE A PAYMENT TO PIETZ DUE TO THE LACK OF NOTICE AND THE NATURE OF THE PROCEEDINGS

Pietz's reply represents the first time Duffy, Van Den Hemel, and/or Prenda have received any notice that he is seeking to recover fees against them.[5] But such argument is inappropriate because, as a matter of law, Pietz cannot recover his fees against these responding parties.

If the court initiates Rule 11 proceedings, as it did so here, it may not award attorney fees and expenses to the other parties. Such awards are authorized only to the "movant" on a "motion." Fed. R. Civ. P. 11(c)(4); Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94-95 (2d Cir. 1999). Moreover, Rule 11 provides that the "court must not impose a monetary sanction on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal …."

---

[4] And, again, no defendant was named in the case in which Pietz has appeared.

[5] They were served with a supplemental declaration in support of Pietz's attempts to recover fees against Gibbs.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    Fed. R. Civ. P. 11 (c)(5)(B); *see also* Gonzales v. Texaco Inc., 344 Fed. Appx. 304,

2    309 (9th Cir. Cal. 2009). Because the case was dismissed on January 28, 2013, no

3    monetary sanctions of any nature would be appropriate here.

4         Even if the court could order Duffy, Van Den Hemel, or Prenda to pay fees,

5    it would still be improper. As set forth in more detail in Duffy's, Van Den

6    Hemel's, and Prenda's April 8 response and April 11 objection, Pietz is an

7    improper, biased, and voluntary prosecutor. Importantly, he seeks fees not related

8    to representation of a client (as typically would be the case in a Rule 11

9    proceeding), but for his post-dismissal role as a sanctions prosecutor.

10        Pietz suggests that he is representing the subscriber. Rep., pp. 9:22-10:4.

11   However, his position during these proceedings demonstrates an irreconcilable

12   conflict of positions. On the one hand, Pietz claims that Ingenuity 13 could not

13   identify the ISP subscriber using the information it obtained. And Pietz has

14   likewise claimed that AF Holdings and/or Ingenuity 13 have jumped to erroneous

15   conclusions regarding who the properly named defendants would be based on

16   profiles of household members after subscribers were identified—suggesting that it

17   was improper to name a teenage male as the defendant when the subscriber was an

18   elderly woman.

19        But here, Pietz claims that he represents that subscriber, who may or may

20   not have become the defendant. Ingenuity 13 did not name any defendant or even

21   identify a subscriber for the court in the one case at issue that Pietz was defending.

22   So, it would seem impossible for Pietz to identify who that subscriber would be—

23   unless the data that Ingenuity 13 collected was, in fact, sufficient to identify the

24   subscriber. And, even if Pietz could have identified the subscriber using Ingenuity

25   13's data, his representation of that individual would constitute speculation as to

26   who the actual defendant was or should be—something Pietz has repeatedly argued

27   is improper.

28        Without identifying the name of the individual(s) who he claims to represent

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(person's names are not confidential and, therefore, not protected by privilege), Pietz has, in essence, engaged in a smoke and mirrors act. It seems clear that he is either acting on his own or on behalf of Electronic Frontier Foundation ("EFF") (*see* https://www.eff.org/issues/file-sharing/subpoena-defense), who also employs Pietz's expert, Seth Schoen (Decl. of Schoen, ¶ 1).[6] The overriding mission of EFF has been to shield the internet from effective regulation—"defending it from the intrusion of territorial government." Jack L. Goldsmith & Tim Wu, Who Controls the Internet?: Illusions of a Borderless World 18 (2006). This mission is opposed to any effective enforcement of intellectual property rights. Purporting to speak on behalf of "cyberspace," a co-founder of EFF (who presently serves on its board of directors) has warned the "Governments of the Industrial World" that "[y]our legal concepts of property, expression, identity, movement, and context do not apply to us." John Perry Barlow, A Declaration of the Independence of Cyberspace (Feb. 8, 1996), available at https://projects.eff.org/~barlow/Declaration-Final.html (as of April 17, 2013).

Panel counsel for such an organization is clearly not disinterested in prosecuting sanctions against attorneys working to enforce copyrights. It would be patently unfair to impose sanctions Duffy, Van Den Hemel, and/or Prenda to finance a crusade not only antagonistic to them, but to the law.

**V.**

**PIETZ'S FIFTH AMENDMENT AUTHORITIES ARE INAPPLICABLE TO**

**THESE CRIMINAL PROCEEDINGS**

Pietz has failed to rebut the legal authorities provided by Duffy, Van Den Hemel, and Prenda dictating that the court may not make negative inferences from the the invocation of the Fifth Amendment during these criminal proceedings.

---

[6] In the event the court is equivocating on awarding fees in any manner related to this action, it should address the question of who is actually funding Pietz's extensive work, Electronic Frontier Foundation or a subscriber that Pietz claims cannot be identified.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Indeed, Pietz has failed to provide any authority that supports any argument that these proceedings are something other than criminal proceedings. Ignoring this threshold issue, Pietz jumps to and relies upon a long string of cases (ECF 117, 7:12-28) that hold a party to civil litigation may not invoke the Fifth Amendment in efforts to avoid answering questions material to the issues in the case, without facing negative implications regarding the substantive issues in that litigation.

Here, Fifth Amendment rights were asserted by non-parties to the litigation and not in the context of the dispute, but rather, in the context of a sanctions proceeding. Pietz fails to cite any authorities concluding that negative implications may be drawn from invocation of Fifth Amendment rights in the context of sanctions hearings. But that is not the worst of his failures.

Pietz also relies on a transcript from a conference held in a settled class action in the Southern District of New York in which the presiding judge states, without authority and with no indication that criminal sanctions were to be levied by the court, that a negative inference could be had against class counsel whom the court suspected had criminal exposure related to unpaid settlement moneys from the underlying case.[7] *See* ECF 117, 8:3-14 (citing In re: Bisys Securities Litigation, S.D.N.Y. No. 12-cv-3840, ECF No. 182, 4/20/2009 (Rakoff, J.) [Rep. Tr., 4:23-25; 5:1-8]). There are many reasons why *Bisys* and the transcript arising from it have no precedential value, but the simplest is because *Bisys* is a settled case. *See* Georgia-Pacific Corp. v. United States, 1979 U.S. Ct. Cl. Lexis 961 at 128, fn. 63 (Ct. of Claims 1979) ("[a] settled case has no precedential value.") (citing Pitcairn v. United States, 212 Ct. Cl. 168, 195 (Ct. of Claims 1976)). Indeed, Pietz has a history of citing to non-precedential authority.[8]

---

[7] It should be noted that nowhere in the transcript did the attorney accused of misconduct personally and expressly invoke the Fifth Amendment, although his counsel at the conference raised the potential of invocation.  Tr. of Hr'g., at 4:23-25; 5:1-8

[8] *See* ECF 117, 10:15-21 (citing to *In re Avon Townhomes Venture*, 2012 Bankr.

RESPONSE TO PUTATIVE JOHN DOE'S REPLY TO BRIEFS BY PRENDA, INC., PAUL DUFFY. PAUL HANSMEIER, AND JOHN STEELE

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    Pietz has failed to present a single legal authority stating that the court may

2  make negative inferences concerning either (1) the invocation of the Fifth

3  Amendment by persons ordered to appear at a criminal proceeding or (2) the

4  invocation of the Fifth Amendment by persons who had not even appeared as

5  counsel of record in the underlying civil proceedings that spawned the later

6  criminal proceedings. Absent those authorities, Pietz's arguments concerning

7  potential inferences from invocation of the Fifth Amendment simply amount to

8  nothing.

## VI.

## CONCLUSION

11    For the reasons set forth above and in their response to the order to show

12  cause, Paul Duffy, Angela Van Den Hemel, and/or Prenda Law, Inc. should not be

13  sanctioned. In the event that the court disagrees and issues sanctions against one or

14  more of them, it should not issue sanctions that would result in a payment of any

15  fees to Morgan Pietz, his firm, or his special interest group sponsor, Electronic

16  Frontier Foundation.

Klinedinst PC

DATED: April 17, 2013          By: _____
                                   Heather L. Rosing
                                   David M. Majchrzak
                                   Philip W. Vineyard
                                   Specially appearing for
                                   Paul Duffy, Angela Van Den Hemel,
                                   and Prenda Law, Inc.

15517876v1

LEXIS 1410 (B.A.P. 9th Cir. 2012)).

RESPONSE TO PUTATIVE JOHN DOE'S REPLY TO BRIEFS BY PRENDA, INC., PAUL DUFFY. PAUL
HANSMEIER, AND JOHN STEELE