Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Specially appearing for
PAUL DUFFY, ANGELA VAN DEN
HEMEL, and PRENDA LAW, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, | Case No.   2:12-cv-8333-ODW(JCx) |
| Plaintiff, | PAUL DUFFY, ANGELA VAN DEN HEMEL, AND PRENDA LAW, INC.'S OBJECTIONS TO EVIDENCE |
| v. | |
| JOHN DOE, | Judge:        Hon. Otis D. Wright, II Magistrate Judge: Hon. Jacqueline Chooljian Courtroom:   11 Date:          April 2, 2013 Time:          10:00 A.M. |
| Defendant. | |
| | Complaint Filed:   September 27, 2012 Trial Date:    None set |

Paul Duffy, Angela Van Den Hemel, and Prenda Law, Inc. object to the

following evidence presented by Morgan Pietz, purportedly on behalf of Defendant

John Doe, in connection with order to show cause proceedings before this court:

## A. **Declaration of Morgan Pietz (ECF no. 40-1), Filed January 14, 2013**

(1) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

page 2, paragraph 4, in its entirety.

This evidence is objected to on the ground that it lacks foundation. (Pietz

has not established how he has personal knowledge regarding his client's

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   receipt of letters, internet payments, or internet usage, or of Prenda's

2   litigation intentions.) FED. R. EVID. 602.

3   (2) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

4   pages 2-3, paragraph 5, in its entirety.

5   This evidence is objected to on the ground that it lacks foundation. (Pietz

6   has not established how he has personal knowledge regarding another

7   law firm's history.) FED. R. EVID. 602. This evidence also contains

8   inadmissible hearsay. FED. R. EVID. 801(c).

9   (3) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

10  page 3, paragraph 6, in its entirety.

11  This evidence is objected to on the ground that it lacks foundation. (Pietz

12  has not established how he has personal knowledge regarding another

13  law firm's history and procedures.) FED. R. EVID. 602.

14  (4) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

15  pages 3, paragraph 7, in its entirety.

16  This evidence is objected to on the ground that it lacks foundation. (Pietz

17  has not established how he has personal knowledge regarding another

18  law firm's history.) FED. R. EVID. 602. This evidence also contains

19  inadmissible hearsay. FED. R. EVID. 801(c).

20  (5) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

21  page 4, paragraph 8, in its entirety.

22  This evidence is objected to on the ground that it lacks foundation. (Pietz

23  has not established how he has personal knowledge regarding another

24  law firm's history and procedures.) FED. R. EVID. 602.

25  (6) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

26  page 4, paragraph 9, "Since the early days of Steele Hansmeier, the

27  individuals noted above have maintained the same website, located at

28  wefightpiracy.com."

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    This evidence is objected to on the ground that it lacks foundation. (Pietz

2    has not established how he has personal knowledge regarding another

3    law firm's history and procedures.) FED. R. EVID. 602. This evidence is

4    also irrelevant. (None of the order to show cause proceedings are related

5    to any attorney's website.) FED. R. EVID. 401.

6    (7)  Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

7    page 4, paragraph 10, "I am informed and believe that in November of

8    2011, Steele Hansmeier, PLLC gave way to 'Prenda Law, Inc.' an entity

9    organized under the laws of the State of Illinois."

10   This evidence is objected to on the ground that it lacks foundation. (Pietz

11   has not established how he has personal knowledge regarding another

12   law firm's history and procedures.) FED. R. EVID. 602.

13   (8)  Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

14   pages 4-5, paragraph 11, in its entirety.

15   This evidence is objected to on the ground that it lacks foundation. (Pietz

16   has not established how he has personal knowledge regarding Prenda's

17   litigation and client histories.) FED. R. EVID. 602.

18   (9)  Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

19   pages 5-6, paragraph 12, in its entirety.

20   This evidence is objected to on the ground that it lacks foundation. (Pietz

21   has not established how he has personal knowledge regarding another

22   law firm's history and procedures.)  Fed. R. Evid. 602

23   (10)  Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

24   page 6, paragraph 13, in its entirety.  Pietz has not established through

25   admissible evidence his personal knowledge regarding the purported *pro*

26   *hac vice* application or Mr. Steele's purported status as "of counsel" to

27   Prenda Law in a matter filed in Washington D.C.  Exhibit D has not been

28   sufficiently authenticated to prove the content of the record and therefore

- 3 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   is inadmissible hearsay for purposes of relying on the document's content

2   to prove the matters asserted. Fed. R. Evid. 602, 802, 902, 1005.

3   (11) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

4   page 6, paragraph 14, in its entirety.  Pietz has not established through

5   admissible evidence his personal knowledge of the matters asserted in

6   paragraph14 and further engages in inappropriate testimony and

7   argument, speculative lay opinion, and legal conclusions, all based solely

8   on inadmissible hearsay.  Exhibit E is hearsay and not properly

9   authenticated.  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

10  (12) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

11  page 6, paragraph 15, in its entirety.  Pietz has not established through

12  admissible evidence his personal knowledge of the matters asserted in

13  paragraph15 and further engages in inappropriate testimony and

14  argument, speculative lay opinion, and legal conclusions.  Exhibit E,

15  upon which Pietz declares, is hearsay and not properly authenticated.

16  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

17  (13) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

18  pages 6-7, paragraph 16, in its entirety.  Pietz has not established through

19  admissible evidence his personal knowledge of the matters asserted in

20  paragraph16 and further engages in inappropriate testimony and

21  argument, speculative lay opinion, and legal conclusions, all supported

22  solely on the hearsay statements of his alleged clients.  Fed. R. Evid. 401,

23  602, 701, 801, 802, 805.

24  (14) Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

25  page 7, paragraph 17, in its entirety.  Pietz has not established through

26  admissible evidence his personal knowledge of the matters asserted in

27  paragraph17 and further engages in inappropriate testimony and

28  argument, speculative lay opinion, and legal conclusions, all supported

solely on the hearsay and double hearsay statements of his alleged clients and the bloggers of the "DieTrollDie" website.  Fed. R. Evid. 401, 602, 701, 801, 802, 805.

(15)    Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 7, paragraph 18, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph18 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802.

(16)    Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 7-8, paragraph 19, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph19 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely by hearsay.  Exhibit F has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted. Fed. R. Evid. 401, 602, 701,801, 802, 901, 902, 1005.

(17)    Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 8, paragraph 20, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 20 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 1005.

(18)    Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 8-9, paragraph 21, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   paragraph 21 and further engages in inappropriate testimony and

2   argument, speculative lay opinion, and legal conclusions, all supported

3   solely on inadmissible hearsay. Fed. R. Evid. 401, 602, 701, 801, 802.

4   (19)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

5   pages 9-10, paragraph 22, in its entirety.  Pietz has not established

6   through admissible evidence his personal knowledge of the matters

7   asserted in paragraph 22 and further engages in inappropriate testimony

8   and argument, speculative lay opinion, and legal conclusions, all

9   supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701,

10   801, 802, 1005.

11   (20)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

12   page 10, paragraph 23, in its entirety.  Pietz has not established through

13   admissible evidence his personal knowledge of the matters asserted in

14   paragraph 23 and further engages in inappropriate testimony and

15   argument, speculative lay opinion, and legal conclusions, all supported

16   solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802.

17   (21)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

18   page 10, paragraph 24, in its entirety.  Pietz has not established through

19   admissible evidence his personal knowledge of the matters asserted in

20   paragraph 24 and further engages in inappropriate testimony and

21   argument, speculative lay opinion, and legal conclusions, all supported

22   solely on inadmissible hearsay.  Exhibit G constitutes inadmissible

23   hearsay and double hearsay and contains inappropriate argument,

24   speculative lay opinion, and legal conclusions.  Fed. R. Evid. 401, 602,

25   701, 801, 802, 805.

26   (22)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

27   page 11, paragraph 25, in its entirety.  Pietz has not established through

28   admissible evidence his personal knowledge of the matters asserted in

paragraph 25 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802.

(23)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 11-12, paragraph 26, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 26 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 1005.

(24)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 12-13, paragraph 27, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 27 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 1005.

(25)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 13, paragraph 28, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 28 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Exhibit H has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Exhibit I constitutes inadmissible hearsay. Fed. R. Evid. 401, 602, 701, 801, 802, 901, 1005.

(26)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

pages 13-14, paragraph 29, in its entirety. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 29 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay. Exhibits J and K have not been properly authenticated, lack foundation, and contain and constitute inadmissible hearsay and double hearsay. Exhibit K has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted. Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(27)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 14, paragraph 30, in its entirety. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 30 and further engages in inappropriate testimony and argument, and speculative lay opinion, all supported solely on inadmissible hearsay. Exhibits J and K have not been properly authenticated, lack foundation, and contain and constitute inadmissible hearsay and double hearsay. Exhibit K has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted. Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(28)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 14, paragraph 31, in its entirety. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 31 and further engages in inappropriate testimony and argument, and speculative lay opinion, all supported solely on

- 8 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   inadmissible hearsay.  Exhibit J has not been properly authenticated ,

2   lacks foundation, and contains and constitutes inadmissible hearsay and

3   double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

4   (29)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

5   page 14, paragraph 32, in its entirety.  Pietz has not established through

6   admissible evidence his personal knowledge of the matters asserted in

7   paragraph 32 and further engages in inappropriate testimony and

8   argument, and speculative lay opinion, all supported solely on

9   inadmissible hearsay.  Exhibits J has not been properly authenticated ,

10   lacks foundation, and contains and constitutes inadmissible hearsay and

11   double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

12   (30)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

13   page 14, paragraph 33, in its entirety.  Pietz has not established through

14   admissible evidence his personal knowledge of the matters asserted in

15   paragraph 33 and further engages in inappropriate testimony and

16   argument, and speculative lay opinion, all supported solely on

17   inadmissible hearsay.  Exhibits J has not been properly authenticated ,

18   lacks foundation, and contains and constitutes inadmissible hearsay and

19   double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

20   (31)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

21   page 14, paragraph 34, in its entirety.  Pietz has not established through

22   admissible evidence his personal knowledge of the matters asserted in

23   paragraph 34 and further engages in inappropriate testimony and

24   argument, and speculative lay opinion, all supported solely on

25   inadmissible hearsay.  Exhibits J has not been properly authenticated ,

26   lacks foundation, and contains and constitutes inadmissible hearsay and

27   double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

28   (32)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1),

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

page 15, paragraph 35, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 35 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Pietz has not established himself as an expert on handwriting and therefore engages in inappropriate expert testimony on the issue of matching handwriting samples.  Exhibit K has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit K has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(33)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 15-16, paragraph 36, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 36 and further engages in inappropriate testimony and argument, speculative lay opinion, and legal conclusions, all supported solely on inadmissible hearsay.  Pietz has not established himself as an expert on handwriting and therefore engages in inappropriate expert testimony on the issue of matching handwriting samples.  Exhibit L has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit L has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 702, 801, 802, 805, 901, 902, 1005.

(34)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 16, paragraph 37, lines 7-8 ("by Minnesota Alan Cooper's attorney").  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 37, as they pertain to Cooper's attorney, and further engages in inappropriate argument and speculative lay opinion. Fed. R. Evid. 401, 602, 701, 801, 802.

(35)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 16, paragraph 38, line 13 ("Both Mr. Cooper's attorney…").  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 38, as they pertain to Cooper's attorney.  Pietz further engages in inappropriate argument and legal conclusions in line 14 ("the original notarized Alan Cooper verification he was obligated to maintain…").  Fed. R. Evid. 401, 602, 701, 801, 802.

(36)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 16-17, paragraph 39.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 39 and engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit N has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit N has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(37)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 17, paragraph 40.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 40

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 11 -

and engages in inappropriate testimony, argument, speculative lay opinion, and legal conclusions, all supported solely by inadmissible hearsay.  Exhibit N has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit N has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(38)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 17-18, paragraph 41.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 41 and engages in inappropriate testimony, argument, speculative lay opinion, and legal conclusions, all supported solely by inadmissible hearsay.  Exhibits J, K, L, and N have not been properly authenticated , lack foundation, and contain and constitute inadmissible hearsay and double hearsay.  Exhibits K, L, and N have not been sufficiently authenticated to prove the content of the public record and therefore constitute inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(39)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 18, paragraph 43.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 43 and engages in inappropriate testimony, argument, speculative lay opinion, and legal conclusions, all supported solely by inadmissible hearsay.  Exhibit N has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit N has not been sufficiently authenticated to prove the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted. Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(40)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 18, paragraph 44.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 44 and engages in inappropriate testimony, argument, speculative lay opinion, and legal conclusions, all supported solely by inadmissible hearsay.  Exhibit B has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay.  Exhibit B has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(41)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 18, paragraph 45.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 45 and engages in inappropriate testimony, argument, speculative lay opinion, and legal conclusions, all supported solely by inadmissible hearsay.  Exhibit O has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay.  Exhibit O has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(42)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 18, paragraph 46.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 46

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 13 -

and engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibits B and O, upon which Pietz relies, have not been properly authenticated, lack foundation, and contain and constitute inadmissible hearsay.  Exhibits B and O have not been sufficiently authenticated to prove the content of the public record and therefore constitute inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(43)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), pages 18-19, paragraph 47, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 47 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit A has not been properly authenticated , lacks foundation, and contains and constitutes inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

(44)   Declaration of Morgan Pietz, filed January 14, 2013 (ECF no. 40-1), page 19, paragraph 48, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 48 and further engages in inappropriate testimony, argument, and speculative lay opinion and legal conclusions, all supported solely on inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802.

**B. Supplemental Declaration of Morgan E. Pietz (ECF no. 53), Filed on February 20, 2013**

(45)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 2, paragraph 2, line 7.  Pietz has not established through admissible evidence his personal knowledge of the alleged evolution of Prenda Law, Inc. from Steele Hansmeier PLLC; thus, his

- 14 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

commentary that Prenda Law, Inc. was formerly known as Steele
Hansmeier PLLC is nothing but speculative lay opinion and constitutes
an unsupported legal conclusion. Fed. R. Evid. 401, 602, 701.

(46)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013
(ECF no. 53), page 2, paragraph 4, lines 18-23.  Pietz has not established
through admissible evidence his personal knowledge of the matters
asserted in paragraph 4, lines 18-23 (starting with "However, Prenda…"),
and further engages in inappropriate testimony, argument, and
speculative lay opinion and legal conclusions, all supported solely by
inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802.

(47)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013
(ECF no. 53), page 3, paragraph 8, in its entirety.  Pietz has not
established through admissible evidence his personal knowledge of the
matters asserted in paragraph 8.  Exhibit Q has not been properly
authenticated, lacks foundation, and contains and constitutes inadmissible
hearsay.  Exhibit Q has not been sufficiently authenticated to prove the
content of the public record and therefore constitutes inadmissible
hearsay for purposes of relying on the documents' content to prove the
matters asserted.  Fed. R. Evid. 401, 602, 801, 802, 901, 902, 1005.

(48)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013
(ECF no. 53), page 3, paragraph 9, in its entirety.  Pietz has not
established through admissible evidence his personal knowledge of the
matters asserted in paragraph 9.  Exhibit R has not been properly
authenticated, lacks foundation, and contains and constitutes inadmissible
hearsay.  Exhibit R has not been sufficiently authenticated to prove the
content of the public record and therefore constitutes inadmissible
hearsay for purposes of relying on the documents' content to prove the
matters asserted.  Fed. R. Evid. 401, 602, 801, 802, 901, 902, 1005.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(49)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 3, paragraph 10, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 10.  Exhibit S has not been properly authenticated, lacks foundation, and contains inadmissible hearsay, double hearsay, and inappropriate testimony, argument, and speculative lay opinions and legal conclusions of the declarant.  Exhibit S has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(50)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 3, paragraph 11, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 11 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit T has not been properly authenticated, lacks foundation, and contains and constitutes inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

(51)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 3, paragraph 12, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 12 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit U has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay.  Exhibit U has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on

- 16 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    the documents' content to prove the matters asserted.  Fed. R. Evid. 401,

2    602, 701, 801, 802, 901, 902, 1005.

3    (52)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013

4    (ECF no. 53), page 3, paragraph 14, in its entirety.  Pietz has not

5    established through admissible evidence his personal knowledge of the

6    matters asserted in paragraph 14 and further engages in inappropriate

7    testimony, argument, and speculative lay opinion and legal conclusions,

8    all supported solely by inadmissible hearsay and double hearsay.  Exhibit

9    W has not been properly authenticated, lacks foundation, and constitutes

10   and contains inadmissible hearsay and double hearsay.  Exhibit W has

11   not been sufficiently authenticated to prove the content of the public

12   record and therefore constitutes inadmissible hearsay for purposes of

13   relying on the documents' content to prove the matters asserted.  Fed. R.

14   Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

15   (53)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013

16   (ECF no. 53), page 3, paragraph 15, in its entirety.  Pietz's recitation of

17   what John Steele purportedly told him is inadmissible hearsay.   Fed. R.

18   Evid. 401, 801, 802.

19   (54)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013

20   (ECF no. 53), page 3, paragraph 16, in its entirety.  Pietz has not

21   established through admissible evidence his personal knowledge of the

22   matters asserted in paragraph 16 and further engages in inappropriate

23   testimony, argument, and speculative lay opinion, all supported solely by

24   inadmissible hearsay.  Exhibit X has not been properly authenticated,

25   lacks foundation, and constitutes inadmissible hearsay.  Fed. R. Evid.

26   401, 602, 701, 801, 802, 901.

27   (55)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013

28   (ECF no. 53), page 3, paragraph 17, in its entirety.  Pietz has not

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

established through admissible evidence his personal knowledge of the matters asserted in paragraph 17 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit Y has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

(56)    Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 4, paragraph 18, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 18.  Exhibit Z has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay. Fed. R. Evid. 401, 602, 801, 802, 901.

(57)    Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 4, paragraph 19, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 19 and further engages in inappropriate testimony and argument, all supported solely by inadmissible hearsay and double hearsay.  Exhibit AA has not been properly authenticated, lacks foundation, and constitutes and contains inadmissible hearsay and double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

(58)    Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 4, paragraph 20, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 20 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit BB has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay.  Exhibit BB has not been sufficiently authenticated to prove the content of the public

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(59)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 4, paragraph 21, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 21 and further engages in inappropriate testimony and argument, all supported solely by inadmissible hearsay and double hearsay.  Exhibit CC has not been properly authenticated, lacks foundation, and constitutes and contains inadmissible hearsay and double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

(60)   Supplemental Declaration of Morgan Pietz, filed February 20, 2013 (ECF no. 53), page 4, paragraph 22, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 22.  Exhibit DD has not been properly authenticated, lacks foundation, constitutes inadmissible hearsay, and expressly states that the attached Memorandum is "not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3."  Exhibit DD has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 801, 802, 901, 902, 1005.

## C. Declaration of Bart Huffman (ECF no. 54), Filed on February 20, 2013

(61)   Declaration of Bart Huffman (ECD no. 54), filed on February 20, 2013, page 1, paragraph 3, line 23.  Huffman has not established through admissible evidence his personal knowledge of Paul Duffy's signature or an expertise that would permit him to opine that Paul Duffy signed the purported subpoena.  Fed. R. Evid. 401, 602, 701, 702.

- 19 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(62)   Declaration of Bart Huffman (ECD no. 54), filed on February 20, 2013, page 2, paragraph 4, in its entirety.  Huffman has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 4 and further engages in inappropriate testimony, argument, speculative lay opinions, and legal conclusions, all supported solely by unauthenticated and inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(63)   Declaration of Bart Huffman (ECD no. 54), filed on February 20, 2013, page 3, paragraph 7, in its entirety.  Huffman has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 7 and further engages in inappropriate testimony, argument, speculative lay opinions, and legal conclusions, based on the hearsay declarations of Camille D. Kerr.  Fed. R. Evid. 401, 602, 701, 801, 802.

(64)   Declaration of Bart Huffman (ECD no. 54), filed on February 20, 2013, page 3, paragraph 8, in its entirety.  Huffman has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 8 and further engages in inappropriate testimony and argument, based on the hearsay declarations of Camille D. Kerr.  Fed. R. Evid. 401, 602, 701, 801, 802.

**D. Reply Declaration of Morgan E. Pietz (ECF no. 59-1), Filed on March 4, 2013**

(65)   Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 2, paragraph 2, line 7.  Pietz has not established through admissible evidence his personal knowledge of the alleged evolution of Prenda Law, Inc. from Steele Hansmeier PLLC; thus, his commentary that Prenda Law, Inc. was formerly known as Steele Hansmeier PLLC is nothing but speculative lay opinion and constitutes an unsupported legal

conclusion. Fed. R. Evid. 401, 602, 701.

(66) Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 2, paragraph 4, lines 18-23. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 4, lines 18-23 (starting with "However, Prenda…"), and further engages in inappropriate testimony, argument, and speculative lay opinion and legal conclusions, all supported solely on inadmissible hearsay. Fed. R. Evid. 401, 602, 701, 801, 802.

(67) Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 3, paragraph 6, in its entirety. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 6 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay. Exhibit EE has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay. Exhibit EE has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted. Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(68) Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 3, paragraph 7, lines 9-14. Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 7, lines 9-14, and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay. Lines 16-17 (starting with "Mr. Hoerner responded…") are objectionable as hearsay. Exhibit FF has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay. Exhibit FF has not been sufficiently authenticated to prove the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 21 -

content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(69)   Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 3, paragraph 8, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 8 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit GG has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay.  Exhibit GG has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(70)   Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 3, paragraph 9, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 9 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Exhibit HH has not been properly authenticated, lacks foundation, and constitutes and contains inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 901.

(71)   Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 4, paragraph 10, lines 2-4 (starting with "In order to illustrate…").  Pietz has not established through admissible evidence how he scaled his photos, justifying the graphic illustration of the hypothetical circumferences of an available wi-fi signal.  Pietz has not established his expert experience in establishing scale on a third party provider's satellite

- 22 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

photos, the potential ranges for a wi-fi signal, or the graphical representations of those hypothetical ranges.  Thus, Exhibit II is inadmissible as an altered copy of an original document, which has not been properly authenticated and lacks foundation.  Fed. R. Evid. 401, 602, 701, 702, 901.

(72)   Reply Declaration of Morgan Pietz, filed March 4, 2013 (ECF no. 59-1), page 4, paragraph 11, lines 7-9.  Pietz engages in inappropriate testimony, argument, and speculative lay and expert opinion concerning Exhibit JJ, for which no foundation has been laid and which has not been properly authenticated.  Pietz has not established his expert experience in determining that Exhibit JJ "is simply an example of the kind of signal range available on the a not-state-of-the-art router" or that the stated 300-500 foot range is the actual range of the router described in the manual. Furthermore, Pietz has not established the relevance of a 10-year old router to the instant action.  Finally, Pietz's inappropriate arguments concerning the range are based solely on the hearsay contained in the document.  Fed. R. Evid. 401, 602, 701, 702, 801, 802, 901.

**E.**  **Notice of Lodging Deposition Transcript From 30(b)(6) Deposition of AF Holdings (ECF no. 69) and Transcript from 30(b)(6) Deposition of AF Holdings (ECF nos. 69-1 and 71)**

(73)   Notice of Lodging Deposition Transcript from 30(b)(6) Deposition of AF Holdings (ECF no. 69), in its entirety, and Transcript from 30(b)(6) Deposition of AF Holdings (ECF nos. 69-1 and 71), in its entirety.  The purported transcript contains and constitutes hearsay, is lodged without foundation, and is improperly authenticated.  The transcripts lodged with the court is neither verified by the deponent nor authenticated by the court reporter.  Fed. R. Evid. 401, 602, 801, 802; Orr v. Bank of Am., 285 F.3d 764, 774 (9th Cir. 2002)(" It is insufficient for a party to submit,

- 23 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

without more, an affidavit from her counsel identifying the names of the
deponent, the reporter, and the action and stating that the deposition is a
'true and correct copy.'  Such an affidavit lacks foundation even if the
affiant counsel were present at the deposition." (internal citations
omitted));  Pavone v. Citicorp Credit Servs., 60 F. Supp. 2d 1040, 1045
(S.D. Cal. 1997) (excluding a deposition for failure to submit a signed
certification from the reporter).

F. **Declaration of Sean Moriarty From Verizon Online, LLC Re:**
   **Subpoenas in *AF Holdings* Litigation (ECF no. 77), Filed on March 11,**
   **2013**

(74)   Declaration of Sean Moriarty from Verizon Online, LLC re:
Subpoenas in *AF Holdings* Litigation (ECF no. 77), filed on March 11,
2013, page 2, paragraph 4, in its entirety.  Moriarty fails to provide
foundation (*i.e.*, describing Verizon Online, LLC's document retention
procedures and whether he actually searched the documents received),
while engaging in inappropriate testimony, argument, and speculative lay
opinions concerning Verizon Online, LLC's non-receipt of documents
from the court or AF Holdings and its attorneys and Verizon's
hypothetical response to receipt of the documents.  Fed. R. Evid. 401,
602, 701.

(75)   Declaration of Sean Moriarty from Verizon Online, LLC re:
Subpoenas in *AF Holdings* Litigation (ECF no. 77), filed on March 11,
2013, page 3, paragraph 5, lines 3-4.  Moriarty fails to provide foundation
(*i.e.*, describing Verizon Online, LLC's document retention procedures
and whether he actually searched the documents received), while
engaging in inappropriate testimony, argument, and speculative lay
opinions concerning the accuracy of Brett Gibbs' declaration.  Fed. R.
Evid. 401, 602, 701.

- 24 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(76)   Declaration of Sean Moriarty from Verizon Online, LLC re: Subpoenas in *AF Holdings* Litigation (ECF no. 77), filed on March 11, 2013, page 3, paragraph 6, lines 7-9 (starting with "If Verizon had received…").  Moriarty fails to provide foundation (*i.e.*, describing Verizon Online, LLC's document retention procedures and whether he actually searched the documents received), while engaging in inappropriate testimony, argument, and speculative lay opinions concerning Verizon Online, LLC's non-receipt of documents from the court or AF Holdings and its attorneys and Verizon's hypothetical response to receipt of the documents.  Fed. R. Evid. 401, 602, 701.

**G. Declaration of Sean Moriarty From Verizon Online, LLC Re: Subpoenas in *AF Holdings* Litigation (ECF no. 78), Filed on March 11, 2013**

(77)   Declaration of Sean Moriarty from Verizon Online, LLC re: Subpoenas in *AF Holdings* Litigation (ECF no. 78), filed on March 11, 2013, page 2, paragraph 4, in its entirety.  Moriarty fails to provide foundation (*i.e.*, describing Verizon Online, LLC's document retention procedures and whether he actually searched the documents received), while engaging in inappropriate testimony, argument, and speculative lay opinions concerning Verizon Online, LLC's non-receipt of documents from the court or AF Holdings and its attorneys and Verizon's hypothetical response to receipt of the documents.  Fed. R. Evid. 401, 602, 701.

(78)   Declaration of Sean Moriarty from Verizon Online, LLC re: Subpoenas in *AF Holdings* Litigation (ECF no. 78), filed on March 11, 2013, page 3, paragraph 5, lines 3-4.  Moriarty fails to provide foundation (*i.e.*, describing Verizon Online, LLC's document retention procedures and whether he actually searched the documents received), while

- 25 -

engaging in inappropriate testimony, argument, and speculative lay opinions concerning the accuracy of Brett Gibbs' declaration. Fed. R. Evid. 401, 602, 701.

(79)   Declaration of Sean Moriarty from Verizon Online, LLC re: Subpoenas in *AF Holdings* Litigation (ECF no. 78), filed on March 11, 2013, page 3, paragraph 6, lines 7-9 (starting with "If Verizon had received…").   Moriarty fails to provide foundation (*i.e.*, describing Verizon Online, LLC's document retention procedures and whether he actually searched the documents received), while engaging in inappropriate testimony, argument, and speculative lay opinions concerning Verizon Online, LLC's non-receipt of documents from the court or AF Holdings and its attorneys and Verizon's hypothetical response to receipt of the documents. Fed. R. Evid. 401, 602, 701.

## H. Declaration of Morgan E. Pietz (ECF no. 117-1), Filed on April 16, 2013

(80)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1), page 2, paragraph 2, line 6-8.  Pietz has not established through admissible evidence his personal knowledge that Prenda Law, Inc. had "targeted" his client "as the supposed John Doe defendant in *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333." Pietz also engages in inappropriate testimony, argument, and speculative lay opinion.  Indeed, Pietz's client was never named a defendant in this matter. Fed. R. Evid. 401, 602, 701.

(81)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1), page 2, paragraph 3, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 3 and further engages in inappropriate testimony, argument, and lay and expert opinion, all supported solely by inadmissible hearsay and double hearsay.  Exhibit KK has not been properly authenticated,

- 26 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    lacks foundation, and constitutes and contains inadmissible hearsay and

2    double hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901.

3    (82)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),

4    page 2, paragraph 4, in its entirety.  Pietz has not established through

5    admissible evidence his personal knowledge of the matters asserted in

6    paragraph 4 and further engages in inappropriate testimony, argument,

7    and speculative lay opinion, all supported solely by inadmissible hearsay.

8    Pietz has not shown that the author of the letter was acting within his

9    scope of agency on behalf of John Steele.  Further, Exhibit LL is

10   irrelevant, as "an interest in Prenda clients" does not necessarily equate to

11   an ownership interest in AF Holdings, LLC or Ingenuity 13, LLC.

12   Exhibit LL has not been properly authenticated, lacks foundation, and

13   constitutes inadmissible hearsay.  Exhibit LL has not been sufficiently

14   authenticated to prove the content of the public record and therefore

15   constitutes inadmissible hearsay for purposes of relying on the

16   documents' content to prove the matters asserted.  Fed. R. Evid. 401,

17   602, 701, 801, 802, 901, 902, 1005.

18   (83)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),

19   page 2, paragraph 5, in its entirety.  Pietz has not established through

20   admissible evidence his personal knowledge of the matters asserted in

21   paragraph 5 and further engages in inappropriate testimony, argument,

22   speculative lay opinion, and legal conclusions, all supported solely by

23   inadmissible hearsay.  Exhibit MM has not been properly authenticated,

24   lacks foundation, and constitutes and contains inadmissible hearsay and

25   double hearsay.  Exhibit MM has not been sufficiently authenticated to

26   prove the content of the public record and therefore constitutes

27   inadmissible hearsay for purposes of relying on the documents' content

28   to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805,

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 27 -

901, 902, 1005.

(84)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1), pages 2-3, paragraph 6, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 6 and further engages in inappropriate testimony and argument, all supported solely by inadmissible hearsay.  Exhibits MM and NN have not been properly authenticated, lack foundation, and constitute and contain inadmissible hearsay and double hearsay.  Exhibits MM and NN have not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(85)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1), page 3, paragraph 7, in its entirety.  Pietz has not established through admissible evidence his personal knowledge of the matters asserted in paragraph 7 and further engages in inappropriate testimony, argument, and speculative lay opinion, all supported solely by inadmissible hearsay.  Pietz has no foundation to state that the CM/ECF was current as of April 12, 2013, or that "Nazaire remains counsel of record of AF Holdings, LLC."  Exhibit OO and has not been properly authenticated, lacks foundation, and constitutes inadmissible hearsay.  Exhibit OO has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(86)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1), page 3, paragraph 8, in its entirety.  Pietz has not established through

- 28 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

admissible evidence his personal knowledge of the matters asserted in
paragraph 8 and further engages in inappropriate testimony, argument,
and speculative lay opinion, all supported solely by inadmissible hearsay.
Pietz has no personal knowledge that the Brent Berry of the Pietz
declaration is the Brent Berry who provided a declaration concerning
Alan Cooper in this matter or that the real estate pictured at the website
provided in the Pietz declaration was once owned by John Steele.
Exhibit PP has not been properly authenticated, lacks foundation, and
constitutes inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802,
901.

(87)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),
page 3, paragraph 9, in its entirety.  Pietz has not established through
admissible evidence his personal knowledge of the matters asserted in
paragraph 9 and further engages in inappropriate testimony, argument,
and speculative lay opinion, all supported solely by inadmissible hearsay.
Exhibit PP, upon which Pietz relies for his improper testimony and
argument, has not been properly authenticated, lacks foundation, and
constitutes inadmissible hearsay.  Fed. R. Evid. 401, 602, 701, 801, 802,
901.

(88)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),
page 3, paragraph 10, in its entirety.  Pietz has not established through
admissible evidence his personal knowledge of the matters asserted in
paragraph 10.  Exhibit QQ and has not been properly authenticated, lacks
foundation, and constitutes and contains inadmissible hearsay and double
hearsay (a transcript downloaded from a link provided on the Wall Street
Journal's blogsite).  Exhibit QQ has not been sufficiently authenticated to
prove the content of the public record and therefore constitutes
inadmissible hearsay for purposes of relying on the documents' content

- 29 -

1    to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 805,

2    901, 902, 1005.

3    (89)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),

4    page 4, paragraph 11, lines 3 ("reasonably expended"), 4-5 ("which I was

5    surprised to see special counsel attack, given that it is on the low end of

6    the applicable range for an attorney with my experience."), 8-10 ("I view

7    the reply and related filings as made necessary by the late filing of new

8    arguments by Prenda Senior Management, and by the legal issues

9    broached by the surprising invocation of the Fifth Amendment").  Pietz

10   engages in inappropriate testimony, argument, lay and expert opinions,

11   and legal conclusions.  Fed. R. Evid. 401, 602, 701, 702.

12   (90)   Declaration of Morgan Pietz, filed April 16, 2013 (ECF no. 117-1),

13   page 4, paragraph 12, in its entirety.  Pietz engages in inappropriate

14   testimony, argument, and speculation.  Further, the sanctions to which

15   Pietz refers in paragraph 12, arising from Prenda Law's purported failure

16   to respond to discovery, arise from application of Federal Rule of Civil

17   Procedure 26, not Rule 11 or Rule 83.  The Court's OSC order arose after

18   dismissal of the underlying cases; therefore, Pietz's improper argument is

19   also irrelevant to the issues before the court.  Fed. R. Evid. 401, 602, 701;

20   FRCP Rules 11, 26, 83.

21   **I.   Declaration of Graham W. Syfert (ECF no. 124), Filed on April 18, 2013**

22   (91)   Declaration of Graham W. Syfert (ECF no. 124), filed on April 18,

23   2013, page 2, paragraph 2, lines 9-12 (starting with "conducted the

24   hearing...").[1]  Syfert has not established through admissible evidence his

25   personal knowledge of the matters asserted in lines 9-12 and further

26   engages in inappropriate testimony, argument, speculative lay opinion,

27   and legal conclusions, all supported solely by inadmissible hearsay (the

28   ───────────────────

[1] It is highly doubtful that Mr. Syfert "conducted" the hearing.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

rebuke allegedly provided by Judge Scriven and Exhibit N).   Exhibit N, upon which Syfert relies, has not been properly authenticated, lacks foundation, and contains and constitutes inadmissible hearsay and double hearsay.  Exhibit N has not been sufficiently authenticated to prove the content of the public record and therefore is inadmissible hearsay for purposes of relying on the document's content to prove the matters asserted. Fed. R. Evid. 401, 602, 701, 801, 802, 805, 901, 902, 1005.

(92)   Declaration of Graham W. Syfert (ECF no. 124), filed on April 18, 2013, page 2, paragraph 3, lines 15-17 (starting with "and hereby affirm…" and ending with "a Florida Attorney…").  Syfert has not established through admissible evidence his personal knowledge of the matters asserted in lines 15-17 regarding whether Exhibit LL was John Steele's "answer to the Florida bar complaint" filed by Syfert.   Exhibit LL has not been sufficiently authenticated to prove the content of the public record and therefore constitutes inadmissible hearsay for purposes of relying on the documents' content to prove the matters asserted.  Fed. R. Evid. 401, 602, 701, 801, 802, 901, 902, 1005.

(93)   Declaration of Graham W. Syfert (ECF no. 124), filed on April 18, 2013, page 2, paragraph 4, lines 22-25 (starting with "or the Florida Bar…").  Syfert has not established through admissible evidence his personal knowledge of the matters asserted in lines 22-25 regarding whether the Florida Bar added the asterisks to Exhibit LL and how additional headers and footers appeared on Exhibit LL.  Fed. R. Evid. 401, 602, 701.

**J.  March 11, 2013 Hearing on Order to Show Cause**

(94)   Exhibit 6 at March 11, 2013 hearing, Declaration of Bart Huffman, in its entirety.

///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

This evidence is objected to on the ground that it lacks foundation. (Pietz has not established how he has personal knowledge regarding the authenticity of this document.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

The following portions of this exhibit are also objected to as follows:

(a) Paragraph 3, "The Subpoena to AT&T (i) is signed by Paul Duffy of Prenda Law, Inc." This evidence is objected to on the ground that it lacks foundation. (Huffman has not established how he has personal knowledge regarding a third party's conduct.) FED. R. EVID. 602.

(b) Paragraph 4, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Huffman has not established how he has personal knowledge regarding a third party's conduct and/or thoughts.) FED. R. EVID. 602.

(c) Paragraph 5, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Huffman has not established how he has personal knowledge regarding a third party's conduct and/or thoughts.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

(d) Paragraph 6, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Huffman has not established how he has personal knowledge regarding a third party's conduct and/or thoughts.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

(e) Paragraph 7, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Huffman has not established how he has personal knowledge regarding a third party's conduct and/or thoughts.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 32 -

1       (f) Paragraph 8, in its entirety. This evidence is objected to on the

2           ground that it lacks foundation. (Huffman has not established how

3           he has personal knowledge regarding a third party's conduct and/or

4           thoughts.) FED. R. EVID. 602. This evidence also contains

5           inadmissible hearsay. FED. R. EVID. 801(c).

6  (95)   Exhibit 7 at March 11, 2013 hearing, Declaration of Camille D. Kerr,

7       in its entirety. This evidence is objected to on the ground that it lacks

8       foundation. (Pietz has not established how he has personal knowledge

9       regarding the authenticity of this document.) FED. R. EVID. 602. This

10       evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

11  (96)   Exhibit 8 at March 11, 2013 hearing, Declaration of Sean Moriarty, in

12       its entirety. This evidence is objected to on the ground that it lacks

13       foundation. (Pietz has not established how he has personal knowledge

14       regarding the authenticity of this document.) FED. R. EVID. 602. This

15       evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

16       The following portions of this exhibit are also objected to as follows:

17       (a) Paragraph 3, in its entirety. This evidence is objected to on the ground

18           that it lacks foundation. (Moriarty has not established how he has

19           personal knowledge, including, for example, whether he personally

20           reviewed Verizon records.) FED. R. EVID. 602.

21       (b) Paragraph 4, in its entirety. This evidence is objected to on the ground

22           that it lacks foundation. (Moriarty has not established how he has

23           personal knowledge, including, for example, whether he personally

24           reviewed Verizon records.) FED. R. EVID. 602.

25       (c) Paragraph 5, "Again, based on Verizon's records this statement

26           appears to be wrong." for example, whether he personally reviewed

27           Verizon records.) FED. R. EVID. 602. This evidence also contains

28           inadmissible hearsay. FED. R. EVID. 801(c).

- 33 -

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(d) Paragraph 6, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Moriarty has not established how he has personal knowledge, including, for example, whether he personally reviewed Verizon records.) FED. R. EVID. 602.

(97)   Exhibit 10 at March 11, 2013 hearing, Declaration of Michael B. Stone, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Pietz has not established how he has personal knowledge regarding the authenticity of this document.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

The following portions of this exhibit are also objected to as follows:

(a) Paragraph 4, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Stone has not established how he has personal knowledge regarding a third party's conduct.) FED. R. EVID. 602.

(b) Paragraph 5, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Stone has not established how he has personal knowledge regarding a third party's conduct.) FED. R. EVID. 602.

(98)   Exhibit 11 at March 11, 2013 hearing, Declaration of Samuel Teitelbaum, in its entirety.  This evidence is objected to on the ground that it lacks foundation. (Pietz has not established how he has personal knowledge regarding the authenticity of this document.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c). This evidence also contains irrelevant material. (It concerns litigation involving none of the same parties, attorneys, or law firms as the cases subject to this order to show cause hearing.) FED. R. EVID. 401. The following portions of this exhibit are also objected to as follows:

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

(a) Paragraph 2, "which has since changed its name [sic] Prenda Law, Inc." This evidence is objected to on the ground that it lacks foundation. (Teitelbaum has not established how he has personal knowledge regarding the relative organizational histories of Steele Hansmeier, PLLC and Prenda Law, Inc.) FED. R. EVID. 602.

(b) Paragraph 2, in its entirety, except first two sentences. This evidence contains inadmissible hearsay. FED. R. EVID. 801(c).

(c) Paragraph 5, in its entirety. This evidence contains inadmissible hearsay. FED. R. EVID. 801(c). This evidence also contains irrelevant material. FED. R. EVID. 401.

(d) Paragraph 6, "Apparently after the Boy Racer Inc. vs. Does 1-60 case was dismissed." This evidence is objected to on the ground that it lacks foundation. (Teitelbaum has not established how he has personal knowledge regarding when the case was dismissed such that he can reach a definitive conclusion regarding the relative times of the dismissal and new case filing.) FED. R. EVID. 602.

(e) Paragraph 7, "I was informed by my lawyer that plaintiff had served me with a Deposition Subpoena notice at my former residence in Menlo Park, CA on February 1, 2012." This evidence is objected to on the ground that it lacks foundation. This evidence is objected to on the ground that it lacks foundation. (Teitelbaum has not established how he has personal knowledge regarding service.) FED. R. EVID. 602. This evidence contains inadmissible hearsay. FED. R. EVID. 801(c).

(99)   Exhibit 12 at March 11, 2013 hearing, Affidavit of John Steele, in its entirety.  This evidence is objected to on the ground that it lacks foundation. (Pietz has not established how he has personal knowledge regarding the authenticity of this document.) FED. R. EVID. 602. This

- 35 -

evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

(100) Exhibit 13 at March 11, 2013 hearing, Motion for Withdrawal and Substitution of Counsel, in its entirety. This evidence is objected to on the ground that it lacks foundation. (Pietz has not established how he has personal knowledge regarding the authenticity of this document.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c). This evidence also contains irrelevant material. (It concerns litigation outside the cases subject to this order to show cause hearing.) FED. R. EVID. 401.

(101) Exhibit 14 at March 11, 2013 hearing, Declaration of Matt Catlett, in its entirety. This evidence contains inadmissible hearsay. FED. R. EVID. 801(c). This evidence also contains irrelevant material. (It concerns litigation outside the cases subject to this order to show cause hearing.) FED. R. EVID. 401.

The following portions of this exhibit are also objected to as follows:

(a) Paragraph 3, "On the last page, where Matthew Jenkins, the local counsel who filed the complaint, lists his contact information, the email address he lists on the pleadings is 'blgibbs@wefightpiracy.com'" This evidence is objected to on the ground that it lacks foundation. (Catlett has not established how he has personal knowledge regarding who filed or prepared the pleadings.) FED. R. EVID. 602. This evidence also contains inadmissible hearsay. FED. R. EVID. 801(c).

(b) Paragraph 4, "apparently in error, from Sirh-Ryun Douglas. I believe this e-mail was intended for my opposing counsel in the Lightspeed Case, Matthew Jenkins (we have the same first name). This e-mail appears to show Ms. Dugas involved in an active role managing Prenda Matters with Prenda local counsel.'" This evidence is

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

objected to on the ground that it lacks foundation. (Catlett has not
established how he has personal knowledge regarding third parties'
thoughts or conduct.) FED. R. EVID. 602.

(102) Exhibit 18 at March 11, 2013 hearing, demand letter in *Guava LLC v.
Comcast Cable Communications, Inc.*, in its entirety. This evidence is
objected to on the ground that it lacks foundation. (Pietz has not
established how he has personal knowledge regarding the authenticity of
this document.) FED. R. EVID. 602. This evidence also contains
inadmissible hearsay. FED. R. EVID. 801(c). This evidence also contains
irrelevant material. (It concerns litigation outside the cases subject to this
order to show cause hearing.) FED. R. EVID. 401.

Klinedinst PC

DATED: April 23, 2013          By:

Heather L. Rosing
David M. Majchrzak
Philip W. Vineyard
Specially appearing for
Paul Duffy, Angela Van Den Hemel,
and Prenda Law, Inc.

15521967v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

PAUL DUFFY, ANGELA VAN DEN HEMEL, AND PRENDA LAW, INC.'S
OBJECTIONS TO EVIDENCE