ORIGINAL

Ingenuity13, LLC
2100 M Street Northwest
Suite 170-417
Washington, D.C. 20037
1-888-588-9473
admin@livewireholdings.com

Fee paid

FILED
CLERK, U.S. DISTRICT COURT

MAY 17 2013

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN DOE,<br><br>*Defendant.* | CASE NO. 2:12-CV-8333-ODW (JCx)<br><br>Judge:       Hon. Otis D. Wright, II<br>Magistrate Judge:  Hon. Jacqueline Chooljian<br><br>**INGENUITY13, LLC'S NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |

MAY 17 2013

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Ingenuity13, LLC hereby appeals to the United States Court of Appeals for the Ninth Circuit from: (1) the Court's May 6, 2013 Order Issuing Sanctions (ECF No. 130), attached as Exhibit A; (2) the Court's Order Granting Request for Leave to File a Reply (ECF No. 116) attached as Exhibit B; (3) the Court's March 14, 2013 Order to show cause (ECF No. 86) (amending and incorporating ECF No. 48) attached as Exhibit C; and (4) the Court's Order to appear (ECF No. 66) attached as Exhibit D.

Respectfully submitted,

DATED: May 17, 2013

Mark Lutz
Corporate officer for Ingenuity13, LLC
On Behalf of Ingenuity13, LLC
2100 M Street Northwest
Suite 170-417
Washington, D.C. 20037
1-888-588-9473
admin@livewireholdings.com

2

## REPRESENTATION STATEMENT

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), AF Holdings, LLC submits this Representation Statement. The following list identifies all parties to the action and all persons and entities affected by the orders appealed from, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate:

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff Ingenuity13, LLC and related-case Plaintiff AF Holdings, LLC | Brett L. Gibbs, Esq. (SBN 251000)<br>38 Miller Avenue, Suite 263<br>Mill Valley, CA 94941<br>415-325-5900<br>blgibbs@wefightpiracy.com |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310)546-5301<br><br>Nicholas Ranallo<br>371 Dogwood Way<br>Boulder Creek, CA 95006<br>nick@ranallolawoffice.com<br>Telephone: (831) 703-4011<br>Fax: (831) 533-5703 |

NOTICE OF APPEAL AND REPRESENTATION STATEMENT      CASE NO. 2:12-CV-8333-ODW (JCx)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> JOHN DOE, <br><br> *Defendant.* | CASE NO. 2:12-CV-8333-ODW (JCx) <br><br> Judge:       Hon. Otis D. Wright, II <br> Magistrate Judge:  Hon. Jacqueline Chooljian <br><br> **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 2100 M Street Northwest, Ste. 170-417, Washington, D.C. 20037. I have caused service of:

## INGENUITY13, LLC'S NOTICE OF APPEAL
## AND REPRESENTATION STATEMENT

On the following parties via U.S. Mail first-class, postage prepaid:

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff Ingenuity13, LLC and related-case Plaintiff AF Holdings, LLC | Brett L. Gibbs, Esq. (SBN 251000) <br> 38 Miller Avenue, Suite 263 <br> Mill Valley, CA 94941 <br> 415-325-5900 <br> blgibbs@wefightpiracy.com |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629) <br> The Pietz Law Firm <br> 3770 Highland Ave., Ste. 206 <br> Manhattan Beach, CA 90266 <br> mpietz@pietzlawfirm.com <br> Telephone: (310) 424-5557 <br> Facsimile: (310)546-5301 <br><br> Nicholas Ranallo <br> 371 Dogwood Way <br> Boulder Creek, CA 95006 <br> nick@ranallolawoffice.com <br> Telephone: (831) 703-4011 <br> Fax: (831) 533-5703 |

NOTICE OF APPEAL AND REPRESENTATION STATEMENT      CASE NO. 2:12-CV-8333-ODW (JCx)

1      I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17,

2   2013.

3

Signature

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

NOTICE OF APPEAL AND REPRESENTATION STATEMENT      CASE NO. 2:12-CV-8333-ODW (JCx)

# EXHIBIT A

## Case No.: 2:12-cv-08333-ODW-JC

## Dkt. Entry 130

1  calculated to be just below the cost of a bare-bones defense. For these individuals,
2  resistance is futile; most reluctantly pay rather than have their names associated with
3  illegally downloading porn. So now, copyright laws originally designed to
4  compensate starving artists allow, starving attorneys in this electronic-media era to
5  plunder the citizenry.

6  Plaintiffs do have a right to assert their intellectual-property rights, so long as
7  they do it right. But Plaintiffs' filing of cases using the same boilerplate complaint
8  against dozens of defendants raised the Court's alert. It was when the Court realized
9  Plaintiffs engaged their cloak of shell companies and fraud that the Court went to
10 battlestations.

11              **II.   PROCEDURAL HISTORY**

12 The Court issued its February 7, 2013 Order to Show Cause re Sanctions to
13 allow counsel, Brett Gibbs, to explain why he ignored the Court's discovery-stay
14 Order, filed complaints without reasonable investigation, and defrauded the Court by
15 asserting a copyright assignment secured with a stolen identity. (ECF No. 48.) As
16 evidence materialized, it turned out that Gibbs was just a redshirt.

17 Gibbs's behavior in the porno-trolling collective was controlled by several
18 attorneys, under whom other individuals also took their orders. Because it was
19 conceivable that these attorneys (and others) were culpable for Gibbs's conduct, the
20 Court ordered these parties to appear.

21 The following additional parties were ordered to appear: (a) John Steele, of
22 Steele Hansmeier PLLC, Prenda Law, Inc., and/or Livewire Holdings LLC; (b) Paul
23 Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings LLC; (c) Paul
24 Duffy, of Prenda Law, Inc.; (d) Angela Van Den Hemel, of Prenda Law, Inc.;
25 (e) Mark Lutz, of Prenda Law, Inc., AF Holdings LLC, and/or Ingenuity 13 LLC;
26 (f) Alan Cooper, of AF Holdings LLC; (g) Peter Hansemeier, of 6881 Forensics, LLC;
27 (h) Prenda Law, Inc.; (i) Livewire Holdings LLC; (j) Steele Hansmeier PLLC; (k) AF
28 Holdings LLC; (l) Ingenuity 13 LLC; (m) 6881 Forensics, LLC; and (n) Alan Cooper,

1  of 2170 Highway 47 North, Isle, MN 56342.  (ECF Nos. 66, 86.)  These parties were
2  ordered to show cause why they should not be sanctioned for their behind-the-scenes
3  role in the conduct facially perpetrated by Gibbs.  These parties were also ordered to
4  explain the nature of their operations, relationships, and financial interests.

## III.  LEGAL STANDARD

6      The Court has a duty to supervise the conduct of attorneys appearing before it.
7  *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996).  The power to punish
8  contempt and to coerce compliance with issued orders is based on statutes and the
9  Court's inherent authority.  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512
10  U.S. 821, 831 (1994).  Though this power must be exercised with restraint, the Court
11  has wide latitude in fashioning appropriate sanctions to fit the conduct.  *See Roadway
12  Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

13      Under the Court's inherent authority, parties and their lawyers may be
14  sanctioned for improper conduct.  *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).
15  This inherent power extends to a full range of litigation abuses, the litigant must have
16  engaged in bad faith or willful disobedience of a court's order.  *Id.* at 992.  Sanctions
17  under the Court's inherent authority are particularly appropriate for fraud perpetrated
18  on the court.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

## IV.  DISCUSSION

20  **A.  Findings of fact**

21      Based on the evidence presented on the papers and through sworn testimony,
22  the Court finds the following facts, including those based on adverse inferences drawn
23  from Steele, Hansmeier, Duffy, and Van Den Hemel's blanket refusal to testify.[3]

24      1.    Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered
25  law practices.  Seeking easy money, they conspired to operate this enterprise and

26

27  [3] Even if their refusal was based on the Fifth Amendment privilege against self-incrimination, the
   Court still may draw adverse inferences against them in this civil proceeding.  *Baxter v. Palmigiano*,
28  425 U.S. 308, 318 (1976).

1    formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for
2    the sole purpose of litigating copyright-infringement lawsuits.  They created these
3    entities to shield the Principals from potential liability and to give an appearance of
4    legitimacy.

5         2.    AF Holdings and Ingenuity 13 have no assets other than several
6    copyrights to pornographic movies.  There are no official owners or officers for these
7    two offshore entities, but the Principals are the de facto owners and officers.

8         3.    The Principals started their copyright-enforcement crusade in about 2010,
9    through Prenda Law, which was also owned and controlled by the Principals.  Their
10   litigation strategy consisted of monitoring BitTorrent download activity of their
11   copyrighted pornographic movies, recording IP addresses of the computers
12   downloading the movies, filing suit in federal court to subpoena Internet Service
13   Providers ("ISPs") for the identity of the subscribers to these IP addresses, and
14   sending cease-and-desist letters to the subscribers, offering to settle each copyright-
15   infringement claim for about $4,000.

16        4.    This nationwide strategy was highly successful because of statutory-
17   copyright damages, the pornographic subject matter, and the high cost of litigation.
18   Most defendants settled with the Principals, resulting in proceeds of millions of
19   dollars due to the numerosity of defendants.  These settlement funds resided in the
20   Principals' accounts and not in accounts belonging to AF Holdings or Ingenuity 13.
21   No taxes have been paid on this income.

22        5.    For defendants that refused to settle, the Principals engaged in vexatious
23   litigation designed to coerce settlement.  These lawsuits were filed using boilerplate
24   complaints based on a modicum of evidence, calculated to maximize settlement
25   profits by minimizing costs and effort.

26        6.    The Principals have shown little desire to proceed in these lawsuits when
27   faced with a determined defendant.  Instead of litigating, they dismiss the case.  When
28   pressed for discovery, the Principals offer only disinformation—even to the Court.

7.     The Principals have hired willing attorneys, like Gibbs, to prosecute these cases. Though Gibbs is culpable for his own conduct before the Court, the Principals directed his actions.  In some instances, Gibbs operated within narrow parameters given to him by the Principals, whom he called "senior attorneys."

8.     The Principals maintained full control over the entire copyright-litigation operation.  The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case.

9.     The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

10.     The Principals ordered Gibbs to commit the following acts before this Court: file copyright-infringement complaints based on a single snapshot of Internet activity; name individuals as defendants based on a statistical guess; and assert a copyright assignment with a fraudulent signature.  The Principals also instructed Gibbs to prosecute these lawsuits only if they remained profitable; and to dismiss them otherwise.

11.     Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared.  Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies. But this deception was calculated so that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them.  With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement.

**B.    Sanctions**

Although the Court originally notified the parties that sanctions would be imposed under Federal Rule of Civil Procedure 11(b)(3) and Local Rule 83-3, the Court finds it more appropriate to sanction the parties under its inherent authority. *See In re DeVille*, 361 F.3d 539, 550 (9th Cir. 2004) ("[T]he bankruptcy court's failure to specify, in advance of the disciplinary proceedings, that its inherent power was a basis for those proceedings, did not serve to undercut its sanctioning authority."). The sanctions for Plaintiffs' misconduct are as follows.

*1.    Rule 11 sanctions*

The Court maintains that its prior analysis of Plaintiffs' Rule 11 violations is accurate. (ECF No. 48.) Plaintiffs can only show that someone, using an IP address belonging to the subscriber, was seen online in a torrent swarm. But Plaintiffs did not conduct a sufficient investigation to determine whether that person actually downloaded enough data (or even anything at all) to produce a viewable video. Further, Plaintiffs cannot conclude whether that person spoofed the IP address, is the subscriber of that IP address, or is someone else using that subscriber's Internet access.    Without better technology, prosecuting illegal BitTorrent activity requires substantial effort in order to make a case.    It is simply not economically viable to *properly* prosecute the illegal download of a single copyrighted video.

Enter Plaintiffs and their cottage-industry lawsuits. Even so, the Court is not as troubled by their lack of reasonable investigation as by their cover-up. Gibbs argued that a deep inquiry was performed *prior* to filing.    Yet these arguments are not credible and do not support Gibbs's conclusions. Instead, Gibbs's arguments suggest a hasty after-the-fact investigation, and a shoddy one at that.

For instance, Gibbs characterized Marvin Denton's property as "a very large estate consisting of a gate for entry and multiple separate houses/structures on the property." (ECF No. 49, at 19.) He stated this to demonstrate the improbability that Denton's Wi-Fi signal could be received by someone outside the residence.    But

1   Denton's property is not a large estate; it is a small house in a closely packed

2   residential neighborhood.  There are also no gates visible.



20      Gibbs's statement is a blatant lie.  His statement resembles other statements

21   given by Plaintiffs in this and their other cases: statements that sound reasonable but

22   lack truth.  Thus, the Court concludes that Gibbs, even in the face of sanctions,

23   continued to make factual misrepresentations to the Court.

24      Nevertheless, Rule 11 sanctions are inappropriate here because it is the wrong

25   sanctions vehicle at this stage of litigation.  The cases have already been dismissed

26   and monetary sanctions are not available. Fed. R. Civ. P 11(c)(5)(B) (a court cannot

27   impose a monetary sanction on its own unless it issued the show-cause order before

28   voluntary dismissal).  The more appropriate sanction for these Rule 11 violations is

1   what the Court had already imposed: denial of requests for early discovery.  (ECF
2   No. 28.)

3       *2.   Sanctions under the Court's inherent authority*

4       In addition to Gibbs's misrepresentations, there is the matter of the ignored
5   Court Order vacating early discovery. (ECF No. 28.)  The evidence does not show
6   that the Order was ignored because of miscommunication among Plaintiffs.   The
7   Order was purposely ignored—hoping that the ISPs were unaware of the vacatur and
8   would turn over the requested subscriber information.

9       Then there is the Alan Cooper forgery.  Although a recipient of a copyright
10  assignment need not sign the document, a forgery is still a forgery.  And trying to pass
11  that forged document by the Court smacks of fraud.  Unfortunately, other than these
12  specific instances of fraud, the Court cannot make more detailed findings of fraud.

13      Nevertheless, it is clear that the Principals' enterprise relies on deception.  Part
14  of that ploy requires cooperation from the courts, which could only be achieved
15  through deception.   In other words, if the Principals assigned the copyright to
16  themselves, brought suit in their own names, and disclosed that they had the sole
17  financial interest in the suit, a court would scrutinize their conduct from the outset.
18  But by being less than forthcoming, they defrauded the Court.  They anticipated that
19  the Court would blindly approve their early-discovery requests, thereby opening the
20  door to more settlement proceeds.

21      The Principals also obfuscate other facts, especially those concerning their
22  operations, relationships, and financial interests.   The Principals' web of
23  disinformation is so vast that the Principals cannot keep track—their explanations of
24  their operations, relationships, and financial interests constantly vary.  This makes it
25  difficult for the Court to make a concrete determination.

26      Still, the Court adopts as its finding the following chart detailing Plaintiffs'
27  relationships.  Though incomplete, this chart is about as accurate as possible given
28  Plaintiffs' obfuscation.



As for Van Den Hemel, Lutz, and Hansemeier, they are not without fault even though they acted under orders from the Principals. They were not merely assimilated; they knowingly participated in this scheme, reaping the benefits when the going was good. Even so, their status as non-attorneys *and* non-parties severely limits the sanctions that could be levied against them.

Despite these findings, the Court deems these findings insufficient to support a large monetary sanction—a seven-digit sanction adequate to deter Plaintiffs from continuing their profitable enterprise. Even if the Court enters such a sanction, it is certain that Plaintiffs will transfer out their settlement proceeds and plead paucity. Yet Plaintiffs' bad-faith conduct supports other more fitting sanctions.

///

1    First, an award of attorney's fees to Defendants is appropriate.  This award
2  compensates them for expenses incurred in this vexatious lawsuit, especially for their
3  efforts in countering and revealing the fraud perpetrated by Plaintiffs.

4    So far, only Morgan Pietz and Nicholas Ranallo have appeared.[4]  Upon review,
5  the Court finds Pietz's expenditure of 120.5 hours at an hourly rate of $300 reasonable
6  based on his experience, work quality, and quantity of necessary papers filed with the
7  Court.  (ECF No. 102.)  Although many of these hours were spent after the case was
8  dismissed, these hours were spent in connection with the sanction hearings—time well
9  spent.   Similarly, the attorney's fees and costs incurred by Ranallo also appear
10  reasonable.

11    Therefore, the Court awards attorney's fees and costs in the sum of $40,659.86
12  to Doe: $36,150.00 for Pietz's attorney's fees; $1,950.00 for Ranallo's attorney's fees;
13  $2,226.26 for Pietz's costs; and $333.60 for Ranallo's costs.  As a punitive measure,
14  the Court doubles this award, yielding $81,319.72.[5]   This punitive multiplier is
15  justified by Plaintiffs' brazen misconduct and relentless fraud.  The Principals, AF
16  Holdings, Ingenuity 13, Prenda Law, and Gibbs are liable for this sum jointly and
17  severally, and shall pay this sum within 14 days of this order.

18    Second, there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer
19  from a form of moral turpitude unbecoming of an officer of the court.  To this end, the
20  Court will refer them to their respective state and federal bars.

21    Third, though Plaintiffs boldly probe the outskirts of law, the only enterprise
22  they resemble is RICO.  The federal agency eleven decks up is familiar with their
23  prime directive and will gladly refit them for their next voyage.  The Court will refer
24  this matter to the United States Attorney for the Central District of California.  The
25  will also refer this matter to the Criminal Investigation Division of the Internal

26

27  [4] They appeared on behalf of the Doe Defendant in the case *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-
8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).
28  [5] This punitive portion is calculated to be just below the cost of an effective appeal.

1    Revenue Service and will notify all judges before whom these attorneys have pending

2    cases. For the sake of completeness, the Court requests Pietz to assist by filing a

3    report, within 14 days, containing contact information for: (1) every bar (state and

4    federal) where these attorneys are admitted to practice; and (2) every judge before

5    whom these attorneys have pending cases.

6        *4.    Local Rule 83-3 sanctions*

7        For the same reasons stated above, the Court will refer Duffy and Gibbs to the

8    Standing Committee on Discipline (for this District) under Local Rule 83-3.

9                        **V.   CONCLUSION**

10       Steele, Hansmeier, Duffy, Gibbs, Prenda Law, AF Holdings, and Ingenuity 13

11   shall pay, within 14 days of this order, attorney's fees and costs totaling $81,319.72 to

12   Doe. The Court enters additional nonmonetary sanctions in accordance with the

13   discussion above.

14   **IT IS SO ORDERED.**

15   May 6, 2013

16

17   _____

18             **OTIS D. WRIGHT, II**

       **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# Case No.: 2:12-cv-08333-ODW-JC

# Dkt. Entry 116

1 Morgan E. Pietz (SBN 260629)
  THE PIETZ LAW FIRM
2 3770 Highland Ave., Ste. 206
  Manhattan Beach, CA 90266
3 mpietz@pietzlawfirm.com
  Telephone:  (310) 424-5557
4 Facsimile :  (310) 546-5301

5 Nicholas Ranallo (SBN 275016)
6 371 Dogwood Way
  Boulder Creek, CA 95006
7 nick@ranallolawoffice.com
  Telephone: (831) 703-4011
8 Fax: (831) 533-5073

9 Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13

| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis, | Case Number: 2:12-cv-08333-ODW(JCx) |
|---|---|
| Plaintiff, | Case Assigned to: District Judge Otis D Wright, II |
| v. | Discovery Referred to: Magistrate Judge Jacqueline Chooljian |
| JOHN DOE, | Case Consolidated with Case Nos.: 2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668 |
| Defendant. | **ORDER GRANTING REQUEST FOR LEAVE TO FILE A REPLY** |

-1-

**[PROPOSED] ORDER GRANTING
REQUEST FOR LEAVE TO FILE A REPLY**

## ORDER

On April 10, 2013, the putative John Doe in 2:12-cv-08333-DMG-PJW by and through counsel, requested leave to file a brief reply, of no more than 10 pages, by Tuesday April 16, 2013, in response to the new information contained in the three Responses to the Order to Show Cause filed by counsel for Paul Duffy, Prenda Law, Inc., and Angela Van Den Hemel (ECF No. 108); for Paul Hansemeier (ECF No. 109); and for John Steele (ECF No. 110).

For good cause shown, it is hereby **ORDERED** that the putative defendant's request for leave to file a reply of no more than ten pages by Tuesday April 16, 2013 is **GRANTED**.

**SO ORDERED.**

Dated:  April 11, 2013                By: _____

Hon. Otis D. Wright, II
United States District Judge

-2-
**[PROPOSED] ORDER GRANTING**
**REQUEST FOR LEAVE TO FILE A REPLY**

# EXHIBIT C

## Case No.: 2:12-cv-08333-ODW-JC

## Dkt. Entry 86

1
2
3
4
5
6
7
8
9
10
11
12
13
14

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INGENUITY 13 LLC, | Case Nos. 2:12-cv-8333-ODW(JCx) |
|---|---|
|        Plaintiff, | **ORDER** |
|   v. | |
| JOHN DOE, | |
|        Defendant. | |

15      The Court has received the Ex Parte Application filed on behalf of John Steele,
16 Paul Hansmeier, Paul Duffy, and Angela Van Den Hemel, requesting the Court to
17 withdraw its March 5, 2013 Order requiring their attendance on March 11, 2013.

18      Based on the papers filed and the evidence presented during the March 11, 2013
19 hearing, the Court concludes there is at least specific jurisdiction over these persons
20 because of their pecuniary interest and active, albeit clandestine participation in these
21 cases. Not only does the Ex Parte Application lack merit, its eleventh-hour filing
22 exemplifies gamesmanship. Accordingly, the Ex Parte Application is **DENIED**.

23      The March 11, 2013 hearing raised questions concerning acts performed by
24 other persons related to Prenda Law, Inc., Steele Hansmeier PLLC, Livewire Holdings
25 LLC, AF Holdings LLC, Ingenuity 13 LLC, and 6881 Forensics, LLC. The evidence
26 presented suggests these persons may be culpable for the sanctionable conduct
27 explained in the Court's February 7, 2013 Order to Show Cause, which the Court
28 previously attributed to Brett Gibbs only. Further, it appears that these persons, and

Case 2:12-cv-08333-ODW-JC  Document 86  Filed 03/14/13  Page 3 of 3  Page ID #:2135

3) Why they should not be sanctioned for defrauding the Court by misrepresenting the nature and relationship of the individuals and entities in subparagraphs a–m above;

4) Why John Steele and Paul Hansmeier should not be sanctioned for failing to make a *pro hac vice* appearance before the Court, given their involvement as "senior attorneys" in the cases; and

5) Why the individuals in subparagraphs a–g above should not be sanctioned for contravening the Court's March 5, 2013 Order (ECF No. 66) and failing to appear on March 11, 2013.

Gibbs is **ORDERED** to serve a copy of this order on the persons and entities in subparagraphs a–m above by March 15, 2013, and must file proofs of service with the Court by March 18, 2013. Gibbs is further **ORDERED** to appear on March 29, 2013, at 10:30 a.m.

No other parties are required to appear on March 29, 2013. If so desired, Morgan E. Pietz and Nicholas R. Ranallo may appear on behalf of Defendant Doe.

Should the persons and entities in subparagraphs a–m above not appear on March 29, 2013, the Court is prepared to draw reasonable inferences concerning their conduct in the cases before the Court, including any inferences derived from their failure to appear. Failure to comply with this order will result in the imposition of sanctions.

**IT IS SO ORDERED.**

March 14, 2013

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT D

## Case No.: 2:12-cv-08333-ODW-JC

## Dkt. Entry 66

1
2
3
4
5
6
7
8
9

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>                    Plaintiff,<br>       v.<br>JOHN DOE,<br><br>                    Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**ORDER** |

10
11
12
13
14

15    In light of the parties' recent representations made in response to the Court's
16  Order to Show Cause, the Court hereby orders the following:

17        1)    The following persons are hereby **ORDERED** to appear on March 11,
18  2013, at 1:30 p.m.:

19              a)    John Steele, of Steele Hansmeier PLLC and/or Livewire Holdings
20                    LLC;
21              b)    Paul Hansmeier, of Steele Hansmeier PLLC and/or Livewire
22                    Holdings LLC;
23              c)    Paul Duffy, of Prenda Law, Inc.;
24              d)    Angela Van Den Hemel, of Prenda Law, Inc.;
25              e)    Mark Lutz, CEO of AF Holdings LLC and Ingenuity 13 LLC;
26              f)    Alan Cooper, of AF Holdings LLC;
27              g)    Peter Hansemeier of 6881 Forensics, LLC; and
28              h)    Alan Cooper, of 2170 Highway 47 North, Isle, MN 56342.

1      2)      Brett L. Gibbs is hereby **ORDERED** to serve a copy of this order on the
2  persons in subparagraphs a–g above by March 7, 2013.

3      3)      Morgan E. Pietz is hereby **ORDERED** to serve a copy of this order on
4  the person in subparagraph h above by March 7, 2013.

5      **IT IS SO ORDERED.**

6      March 5, 2013

7

8                                    _____
9                                    OTIS D. WRIGHT, II
10                                   UNITED STATES DISTRICT JUDGE