ORIGINAL



Fee paid

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  AF Holdings, LLC
2  2100 M Street Northwest
   Suite 170-417
   Washington, D.C. 20037
3  1-888-588-9473
   admin@livewireholdings.com
4

5

6

7  # UNITED STATES DISTRICT COURT

8  ## CENTRAL DISTRICT OF CALIFORNIA

9  INGENUITY 13 LLC,

        *Plaintiff,*

10

11         v.

12  JOHN DOE,

13         *Defendant.*

| | |
|---|---|
| | CASE NO. 2:12-CV-8333-ODW (JCx) |
| | Judge: Hon. Otis D. Wright, II |
| | Magistrate Judge: Hon. Jacqueline Chooljian |
| | **AF HOLDINGS, LLC'S NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF APPEAL AND REPRESENTATION STATEMENT          CASE NO. 2:12-CV-8333-ODW (JCx)

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that AF Holdings, LLC hereby appeals to the United States Court of Appeals for the Ninth Circuit from: (1) the Court's May 6, 2013 Order Issuing Sanctions (ECF No. 130), attached as Exhibit A; (2) the Court's Order Granting Request for Leave to File a Reply (ECF No. 116) attached as Exhibit B; (3) the Court's March 14, 2013 Order to show cause (ECF No. 86) (amending and incorporating ECF No. 48) attached as Exhibit C; and (4) the Court's Order to appear (ECF No. 66) attached as Exhibit D.

Respectfully submitted,

DATED: May 17, 2013

Mark Lutz
Corporate Officer of AF Holdings, LLC
On Behalf of AF Holdings, LLC
2100 M Street Northwest
Suite 170-417
Washington, D.C. 20037
1-888-588-9473
admin@livewireholdings.com

1
2
3

## REPRESENTATION STATEMENT

4
5
6
7
8

Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), AF Holdings, LLC submits this Representation Statement. The following list identifies all parties to the action and all persons and entities affected by the orders appealed from, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate:

9

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff Ingenuity13, LLC and related-case Plaintiff AF Holdings, LLC | Brett L. Gibbs, Esq. (SBN 251000)<br>38 Miller Avenue, Suite 263<br>Mill Valley, CA 94941<br>415-325-5900<br>blgibbs@wefightpiracy.com |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310)546-5301<br><br>Nicholas Ranallo<br>371 Dogwood Way<br>Boulder Creek, CA 95006<br>nick@ranallolawoffice.com<br>Telephone: (831) 703-4011<br>Fax: (831) 533-5703 |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF APPEAL AND REPRESENTATION STATEMENT        CASE NO. 2:12-CV-8333-ODW (JCx)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN DOE,<br><br>*Defendant*. | CASE NO. 2:12-CV-8333-ODW (JCx)<br><br>Judge:         Hon. Otis D. Wright, II<br>Magistrate Judge:  Hon. Jacqueline Chooljian<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 2100 M Street Northwest, Ste. 170-417, Washington, D.C. 20037. I have caused service of:

## AF HOLDINGS, LLC'S NOTICE OF APPEAL
## AND REPRESENTATION STATEMENT

On the following parties via U.S. Mail first-class, postage prepaid:

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff Ingenuity13, LLC and related-case Plaintiff AF Holdings, LLC | Brett L. Gibbs, Esq. (SBN 251000)<br>38 Miller Avenue, Suite 263<br>Mill Valley, CA 94941<br>415-325-5900<br>blgibbs@wefightpiracy.com |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310)546-5301<br><br>Nicholas Ranallo<br>371 Dogwood Way<br>Boulder Creek, CA 95006<br>nick@ranallolawoffice.com<br>Telephone: (831) 703-4011<br>Fax: (831) 533-5703 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2013.

Signature

NOTICE OF APPEAL AND REPRESENTATION STATEMENT          CASE NO. 2:12-CV-8333-ODW (JCx)

# EXHIBIT A

## Case No.: 2:12-cv-08333-ODW-JC

## Dkt. Entry 130

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, | Case No. 2:12-cv-8333-ODW(JCx) |
| Plaintiff, | **ORDER ISSUING SANCTIONS** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

"The needs of the many outweigh the needs of the few."
—Spock, *Star Trek II: The Wrath of Khan* (1982).

## I.   INTRODUCTION

Plaintiffs[1] have outmaneuvered the legal system.[2]   They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs.   And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video.   Then they offer to settle—for a sum

---

[1] The term "Plaintiffs" used in this order refers to AF Holdings LLC, Ingenuity 13 LLC, as well as related entities, individuals, and attorneys that collaborated in the underlying scheme fronted by AF Holdings and Ingenuity 13.

[2] This order concerns conduct committed in the following related cases: *AF Holdings LLC v. Doe*, No. 2:12-cv-6636-ODW(JCx) (C.D. Cal. filed Aug. 1, 2012); *AF Holdings LLC v. Doe*, No. 2:12-cv-6669-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-6662-ODW(JCx) (C.D. Cal. filed Aug. 2, 2012); *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).

calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

Plaintiffs do have a right to assert their intellectual-property rights, so long as they do it right. But Plaintiffs' filing of cases using the same boilerplate complaint against dozens of defendants raised the Court's alert. It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battlestations.

## II.   PROCEDURAL HISTORY

The Court issued its February 7, 2013 Order to Show Cause re Sanctions to allow counsel, Brett Gibbs, to explain why he ignored the Court's discovery-stay Order, filed complaints without reasonable investigation, and defrauded the Court by asserting a copyright assignment secured with a stolen identity. (ECF No. 48.) As evidence materialized, it turned out that Gibbs was just a redshirt.

Gibbs's behavior in the porno-trolling collective was controlled by several attorneys, under whom other individuals also took their orders. Because it was conceivable that these attorneys (and others) were culpable for Gibbs's conduct, the Court ordered these parties to appear.

The following additional parties were ordered to appear: (a) John Steele, of Steele Hansmeier PLLC, Prenda Law, Inc., and/or Livewire Holdings LLC; (b) Paul Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings LLC; (c) Paul Duffy, of Prenda Law, Inc.; (d) Angela Van Den Hemel, of Prenda Law, Inc.; (e) Mark Lutz, of Prenda Law, Inc., AF Holdings LLC, and/or Ingenuity 13 LLC; (f) Alan Cooper, of AF Holdings LLC; (g) Peter Hansemeier, of 6881 Forensics, LLC; (h) Prenda Law, Inc.; (i) Livewire Holdings LLC; (j) Steele Hansmeier PLLC; (k) AF Holdings LLC; (l) Ingenuity 13 LLC; (m) 6881 Forensics, LLC; and (n) Alan Cooper,

1  of 2170 Highway 47 North, Isle, MN 56342. (ECF Nos. 66, 86.) These parties were
2  ordered to show cause why they should not be sanctioned for their behind-the-scenes
3  role in the conduct facially perpetrated by Gibbs. These parties were also ordered to
4  explain the nature of their operations, relationships, and financial interests.

5                          **III.   LEGAL STANDARD**

6        The Court has a duty to supervise the conduct of attorneys appearing before it.
7  *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996). The power to punish
8  contempt and to coerce compliance with issued orders is based on statutes and the
9  Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512
10  U.S. 821, 831 (1994). Though this power must be exercised with restraint, the Court
11  has wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway*
12  *Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

13        Under the Court's inherent authority, parties and their lawyers may be
14  sanctioned for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).
15  This inherent power extends to a full range of litigation abuses, the litigant must have
16  engaged in bad faith or willful disobedience of a court's order. *Id.* at 992. Sanctions
17  under the Court's inherent authority are particularly appropriate for fraud perpetrated
18  on the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

19                          **IV.   DISCUSSION**

20  **A.   Findings of fact**

21        Based on the evidence presented on the papers and through sworn testimony,
22  the Court finds the following facts, including those based on adverse inferences drawn
23  from Steele, Hansmeier, Duffy, and Van Den Hemel's blanket refusal to testify.[3]

24        1.    Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered
25  law practices. Seeking easy money, they conspired to operate this enterprise and

26

---

27  [3] Even if their refusal was based on the Fifth Amendment privilege against self-incrimination, the
Court still may draw adverse inferences against them in this civil proceeding. *Baxter v. Palmigiano*,
28  425 U.S. 308, 318 (1976).

formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

2.    AF Holdings and Ingenuity 13 have no assets other than several copyrights to pornographic movies. There are no official owners or officers for these two offshore entities, but the Principals are the de facto owners and officers.

3.    The Principals started their copyright-enforcement crusade in about 2010, through Prenda Law, which was also owned and controlled by the Principals. Their litigation strategy consisted of monitoring BitTorrent download activity of their copyrighted pornographic movies, recording IP addresses of the computers downloading the movies, filing suit in federal court to subpoena Internet Service Providers ("ISPs") for the identity of the subscribers to these IP addresses, and sending cease-and-desist letters to the subscribers, offering to settle each copyright-infringement claim for about $4,000.

4.    This nationwide strategy was highly successful because of statutory-copyright damages, the pornographic subject matter, and the high cost of litigation. Most defendants settled with the Principals, resulting in proceeds of millions of dollars due to the numerosity of defendants. These settlement funds resided in the Principals' accounts and not in accounts belonging to AF Holdings or Ingenuity 13. No taxes have been paid on this income.

5.    For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort.

6.    The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case. When pressed for discovery, the Principals offer only disinformation—even to the Court.

**B.   Sanctions**

Although the Court originally notified the parties that sanctions would be imposed under Federal Rule of Civil Procedure 11(b)(3) and Local Rule 83-3, the Court finds it more appropriate to sanction the parties under its inherent authority. *See In re DeVille*, 361 F.3d 539, 550 (9th Cir. 2004) ("[T]he bankruptcy court's failure to specify, in advance of the disciplinary proceedings, that its inherent power was a basis for those proceedings, did not serve to undercut its sanctioning authority."). The sanctions for Plaintiffs' misconduct are as follows.

*1.   Rule 11 sanctions*

The Court maintains that its prior analysis of Plaintiffs' Rule 11 violations is accurate. (ECF No. 48.) Plaintiffs can only show that someone, using an IP address belonging to the subscriber, was seen online in a torrent swarm. But Plaintiffs did not conduct a sufficient investigation to determine whether that person actually downloaded enough data (or even anything at all) to produce a viewable video. Further, Plaintiffs cannot conclude whether that person spoofed the IP address, is the subscriber of that IP address, or is someone else using that subscriber's Internet access. Without better technology, prosecuting illegal BitTorrent activity requires substantial effort in order to make a case. It is simply not economically viable to *properly* prosecute the illegal download of a single copyrighted video.

Enter Plaintiffs and their cottage-industry lawsuits. Even so, the Court is not as troubled by their lack of reasonable investigation as by their cover-up. Gibbs argued that a deep inquiry was performed *prior* to filing. Yet these arguments are not credible and do not support Gibbs's conclusions. Instead, Gibbs's arguments suggest a hasty after-the-fact investigation, and a shoddy one at that.

For instance, Gibbs characterized Marvin Denton's property as "a very large estate consisting of a gate for entry and multiple separate houses/structures on the property." (ECF No. 49, at 19.) He stated this to demonstrate the improbability that Denton's Wi-Fi signal could be received by someone outside the residence. But

Case 2:12-cv-08333-ODW-JC   Document 130   Filed 05/06/13   Page 7 of 11   Page ID #:2895

1    Denton's property is not a large estate; it is a small house in a closely packed

2    residential neighborhood.  There are also no gates visible.



20      Gibbs's statement is a blatant lie.  His statement resembles other statements

21    given by Plaintiffs in this and their other cases: statements that sound reasonable but

22    lack truth.  Thus, the Court concludes that Gibbs, even in the face of sanctions,

23    continued to make factual misrepresentations to the Court.

24      Nevertheless, Rule 11 sanctions are inappropriate here because it is the wrong

25    sanctions vehicle at this stage of litigation.  The cases have already been dismissed

26    and monetary sanctions are not available.  Fed. R. Civ. P 11(c)(5)(B) (a court cannot

27    impose a monetary sanction on its own unless it issued the show-cause order before

28    voluntary dismissal).  The more appropriate sanction for these Rule 11 violations is

1    what the Court had already imposed: denial of requests for early discovery.  (ECF

2    No. 28.)

3        *2.      Sanctions under the Court's inherent authority*

4        In addition to Gibbs's misrepresentations, there is the matter of the ignored

5    Court Order vacating early discovery.  (ECF No. 28.)  The evidence does not show

6    that the Order was ignored because of miscommunication among Plaintiffs.  The

7    Order was purposely ignored—hoping that the ISPs were unaware of the vacatur and

8    would turn over the requested subscriber information.

9        Then there is the Alan Cooper forgery.  Although a recipient of a copyright

10   assignment need not sign the document, a forgery is still a forgery.  And trying to pass

11   that forged document by the Court smacks of fraud.  Unfortunately, other than these

12   specific instances of fraud, the Court cannot make more detailed findings of fraud.

13       Nevertheless, it is clear that the Principals' enterprise relies on deception.  Part

14   of that ploy requires cooperation from the courts, which could only be achieved

15   through deception.  In other words, if the Principals assigned the copyright to

16   themselves, brought suit in their own names, and disclosed that they had the sole

17   financial interest in the suit, a court would scrutinize their conduct from the outset.

18   But by being less than forthcoming, they defrauded the Court.  They anticipated that

19   the Court would blindly approve their early-discovery requests, thereby opening the

20   door to more settlement proceeds.

21       The Principals also obfuscate other facts, especially those concerning their

22   operations, relationships, and financial interests.   The Principals' web of

23   disinformation is so vast that the Principals cannot keep track—their explanations of

24   their operations, relationships, and financial interests constantly vary.  This makes it

25   difficult for the Court to make a concrete determination.

26       Still, the Court adopts as its finding the following chart detailing Plaintiffs'

27   relationships.  Though incomplete, this chart is about as accurate as possible given

28   Plaintiffs' obfuscation.



As for Van Den Hemel, Lutz, and Hansemeier, they are not without fault even though they acted under orders from the Principals.  They were not merely assimilated; they knowingly participated in this scheme, reaping the benefits when the going was good.  Even so, their status as non-attorneys *and* non-parties severely limits the sanctions that could be levied against them.

Despite these findings, the Court deems these findings insufficient to support a large monetary sanction—a seven-digit sanction adequate to deter Plaintiffs from continuing their profitable enterprise.  Even if the Court enters such a sanction, it is certain that Plaintiffs will transfer out their settlement proceeds and plead paucity.  Yet Plaintiffs' bad-faith conduct supports other more fitting sanctions.

/ / /

1   First, an award of attorney's fees to Defendants is appropriate.   This award
2   compensates them for expenses incurred in this vexatious lawsuit, especially for their
3   efforts in countering and revealing the fraud perpetrated by Plaintiffs.

4   So far, only Morgan Pietz and Nicholas Ranallo have appeared.[4]   Upon review,
5   the Court finds Pietz's expenditure of 120.5 hours at an hourly rate of $300 reasonable
6   based on his experience, work quality, and quantity of necessary papers filed with the
7   Court. (ECF No. 102.)  Although many of these hours were spent after the case was
8   dismissed, these hours were spent in connection with the sanction hearings—time well
9   spent.   Similarly, the attorney's fees and costs incurred by Ranallo also appear
10  reasonable.

11  Therefore, the Court awards attorney's fees and costs in the sum of $40,659.86
12  to Doe: $36,150.00 for Pietz's attorney's fees; $1,950.00 for Ranallo's attorney's fees;
13  $2,226.26 for Pietz's costs; and $333.60 for Ranallo's costs.  As a punitive measure,
14  the Court doubles this award, yielding $81,319.72.[5]   This punitive multiplier is
15  justified by Plaintiffs' brazen misconduct and relentless fraud.  The Principals, AF
16  Holdings, Ingenuity 13, Prenda Law, and Gibbs are liable for this sum jointly and
17  severally, and shall pay this sum within 14 days of this order.

18  Second, there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer
19  from a form of moral turpitude unbecoming of an officer of the court.  To this end, the
20  Court will refer them to their respective state and federal bars.

21  Third, though Plaintiffs boldly probe the outskirts of law, the only enterprise
22  they resemble is RICO.  The federal agency eleven decks up is familiar with their
23  prime directive and will gladly refit them for their next voyage.  The Court will refer
24  this matter to the United States Attorney for the Central District of California.  The
25  will also refer this matter to the Criminal Investigation Division of the Internal

26

27  [4] They appeared on behalf of the Doe Defendant in the case *Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. filed Sept. 27, 2012).
28  [5] This punitive portion is calculated to be just below the cost of an effective appeal.

1   Revenue Service and will notify all judges before whom these attorneys have pending

2   cases. For the sake of completeness, the Court requests Pietz to assist by filing a

3   report, within 14 days, containing contact information for: (1) every bar (state and

4   federal) where these attorneys are admitted to practice; and (2) every judge before

5   whom these attorneys have pending cases.

6        *4. Local Rule 83-3 sanctions*

7        For the same reasons stated above, the Court will refer Duffy and Gibbs to the

8   Standing Committee on Discipline (for this District) under Local Rule 83-3.

9                   **V.   CONCLUSION**

10       Steele, Hansmeier, Duffy, Gibbs, Prenda Law, AF Holdings, and Ingenuity 13

11   shall pay, within 14 days of this order, attorney's fees and costs totaling $81,319.72 to

12   Doe. The Court enters additional nonmonetary sanctions in accordance with the

13   discussion above.

14   **IT IS SO ORDERED.**

15   May 6, 2013

16

17

18                                   **OTIS D. WRIGHT, II**

                          **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# Case No.: 2:12-cv-08333-ODW-JC

# Dkt. Entry 116

1 | Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
2 | 3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
3 | mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
4 | Facsimile :   (310) 546-5301

5 | Nicholas Ranallo (SBN 275016)
371 Dogwood Way
6 | Boulder Creek, CA 95006
nick@ranallolawoffice.com
7 | Telephone:  (831) 703-4011
Fax:  (831) 533-5073
8 |

9 | Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 |

14 | INGENUITY 13, LLC, a Limited
Liability Company Organized Under
15 | the Laws of the Federation of Saint
Kitts and Nevis,
16 |

17 |              Plaintiff,

18 |        v.

19 |

20 | JOHN DOE,

21 |              Defendant.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case Number: 2:12-cv-08333-ODW(JCx)

Case Assigned to:
District Judge Otis D Wright, II

Discovery Referred to:
Magistrate Judge Jacqueline Chooljian

Case Consolidated with Case Nos.:
2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668

**ORDER GRANTING REQUEST FOR LEAVE
TO FILE A REPLY**

-1-

**[PROPOSED] ORDER GRANTING
REQUEST FOR LEAVE TO FILE A REPLY**

1

## ORDER

2       On April 10, 2013, the putative John Doe in 2:12-cv-08333-DMG-PJW by

3   and through counsel, requested leave to file a brief reply, of no more than 10 pages,

4   by Tuesday April 16, 2013, in response to the new information contained in the

5   three Responses to the Order to Show Cause filed by counsel for Paul Duffy, Prenda

6   Law, Inc., and Angela Van Den Hemel (ECF No. 108); for Paul Hansmeier (ECF

7   No. 109); and for John Steele (ECF No. 110).

8       For good cause shown, it is hereby **ORDERED** that the putative defendant's

9   request for leave to file a reply of no more than ten pages by Tuesday April 16, 2013

10  is **GRANTED**.

11      **SO ORDERED**.

12

13  Dated:  April 11, 2013          By: _____

14                                              Hon. Otis D. Wright, II
                                                United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -2-
                        **[PROPOSED] ORDER GRANTING**
                        **REQUEST FOR LEAVE TO FILE A REPLY**

# EXHIBIT C

## Case No.: 2:12-cv-08333-ODW-JC

## Dkt. Entry 86

1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8               **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10   INGENUITY 13 LLC, | Case Nos. 2:12-cv-8333-ODW(JCx) |
| 11                 Plaintiff, | **ORDER** |
| 12         v. | |
| 13   JOHN DOE, | |
| 14                 Defendant. | |

15         The Court has received the Ex Parte Application filed on behalf of John Steele,
16   Paul Hansmeier, Paul Duffy, and Angela Van Den Hemel, requesting the Court to
17   withdraw its March 5, 2013 Order requiring their attendance on March 11, 2013.

18         Based on the papers filed and the evidence presented during the March 11, 2013
19   hearing, the Court concludes there is at least specific jurisdiction over these persons
20   because of their pecuniary interest and active, albeit clandestine participation in these
21   cases.   Not only does the Ex Parte Application lack merit, its eleventh-hour filing
22   exemplifies gamesmanship.   Accordingly, the Ex Parte Application is **DENIED**.

23         The March 11, 2013 hearing raised questions concerning acts performed by
24   other persons related to Prenda Law, Inc., Steele Hansmeier PLLC, Livewire Holdings
25   LLC, AF Holdings LLC, Ingenuity 13 LLC, and 6881 Forensics, LLC.   The evidence
26   presented suggests these persons may be culpable for the sanctionable conduct
27   explained in the Court's February 7, 2013 Order to Show Cause, which the Court
28   previously attributed to Brett Gibbs only.   Further, it appears that these persons, and

1   their related entities, may have defrauded the Court through their acts and
2   representations in these cases.

3        Thus, the Court amends its February 7, 2013 Order to Show Cause (ECF
4   No. 48) to include sanctions against the persons and entities in subparagraphs a–m
5   below:

6        a)   John Steele, of Steele Hansmeier PLLC, Prenda Law, Inc., and/or
7             Livewire Holdings LLC;
8        b)   Paul Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings
9             LLC;
10       c)   Paul Duffy, of Prenda Law, Inc.;
11       d)   Angela Van Den Hemel, of Prenda Law, Inc.;
12       e)   Mark Lutz, of Prenda Law, Inc., AF Holdings LLC and/or Ingenuity
13            13 LLC;
14       f)   Alan Cooper, of AF Holdings LLC;
15       g)   Peter Hansemeier, of 6881 Forensics, LLC;
16       h)   Prenda Law, Inc.;
17       i)   Livewire Holdings LLC;
18       j)   Steele Hansmeier PLLC;
19       k)   AF Holdings LLC;
20       l)   Ingenuity 13 LLC; and
21       m)   6881 Forensics, LLC.

22       These persons and entities are **ORDERED** to appear on March 29, 2013, at
23   10:30 a.m., **TO SHOW CAUSE** for the following:

24       1)   Why they should not be sanctioned for their participation, direction,
25            and execution of the acts described in the Court's February 7, 2013
26            Order to Show Cause;
27       2)   Why they should not be sanctioned for failing to notify the Court of
28            all parties that have a financial interest in the outcome of litigation;

3)  Why they should not be sanctioned for defrauding the Court by misrepresenting the nature and relationship of the individuals and entities in subparagraphs a–m above;

4)  Why John Steele and Paul Hansmeier should not be sanctioned for failing to make a *pro hac vice* appearance before the Court, given their involvement as "senior attorneys" in the cases; and

5)  Why the individuals in subparagraphs a–g above should not be sanctioned for contravening the Court's March 5, 2013 Order (ECF No. 66) and failing to appear on March 11, 2013.

Gibbs is **ORDERED** to serve a copy of this order on the persons and entities in subparagraphs a–m above by March 15, 2013, and must file proofs of service with the Court by March 18, 2013. Gibbs is further **ORDERED** to appear on March 29, 2013, at 10:30 a.m.

No other parties are required to appear on March 29, 2013. If so desired, Morgan E. Pietz and Nicholas R. Ranallo may appear on behalf of Defendant Doe.

Should the persons and entities in subparagraphs a–m above not appear on March 29, 2013, the Court is prepared to draw reasonable inferences concerning their conduct in the cases before the Court, including any inferences derived from their failure to appear. Failure to comply with this order will result in the imposition of sanctions.

**IT IS SO ORDERED.**

March 14, 2013

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

**EXHIBIT D**

**Case No.: 2:12-cv-08333-ODW-JC**

**Dkt. Entry 66**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| INGENUITY 13 LLC, | Case Nos. 2:12-cv-8333-ODW(JCx) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

In light of the parties' recent representations made in response to the Court's Order to Show Cause, the Court hereby orders the following:

1) The following persons are hereby **ORDERED** to appear on March 11, 2013, at 1:30 p.m.:

    a) John Steele, of Steele Hansmeier PLLC and/or Livewire Holdings LLC;

    b) Paul Hansmeier, of Steele Hansmeier PLLC and/or Livewire Holdings LLC;

    c) Paul Duffy, of Prenda Law, Inc.;

    d) Angela Van Den Hemel, of Prenda Law, Inc.;

    e) Mark Lutz, CEO of AF Holdings LLC and Ingenuity 13 LLC;

    f) Alan Cooper, of AF Holdings LLC;

    g) Peter Hansemeier of 6881 Forensics, LLC; and

    h) Alan Cooper, of 2170 Highway 47 North, Isle, MN 56342.

1      2)    Brett L. Gibbs is hereby **ORDERED** to serve a copy of this order on the

2  persons in subparagraphs a–g above by March 7, 2013.

3      3)    Morgan E. Pietz is hereby **ORDERED** to serve a copy of this order on

4  the person in subparagraph h above by March 7, 2013.

5      **IT IS SO ORDERED.**

6      March 5, 2013

7

8                               _____

9                                OTIS D. WRIGHT, II

                            UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28