Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Attorneys for Specially Appearing for
PRENDA LAW, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| INGENUITY 13 LLC, | Case No. 2:12-cv-8333-ODW(JCx) |
|---|---|
| Plaintiff, | **APPLICATION OF PRENDA LAW, INC. FOR ORDER STAYING PROCEEDINGS AND ENFORCEMENT OF ORDER ISSUING SANCTIONS PENDING APPEAL** |
| v. | |
| JOHN DOE, | Date:<br>Time: |
| Defendant. | Judge: Hon. Otis D. Wright, II<br>Magistrate Judge: Hon, Jacqueline Chooljian<br>Complaint Filed: September 27, 2012<br>Trial Date: None set |

Prenda Law, Inc. ("Prenda Law") hereby applies to this court for an order staying the underlying proceedings and enforcement of the court's May 6, 2013, Order Issuing Sanctions pending resolution of Prenda Law's pending appeal before the United States Court of Appeals for the Ninth Circuit. The basis for this Application is that enforcement of the Order Issuing Sanctions could both materially harm Prenda Law's reputation and financial concerns and cause undue scrutiny of, and potential injury to, the court's application of its inherent authority.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER STAYING PROCEEDINGS AND ENFORCEMENT OF ORDER ISSUING SANCTIONS

## I. INTRODUCTION

Prenda Law, Inc. ("Prenda Law"), one of the many entities and persons subject to the court's May 6, 2013, Order Issuing Sanctions, is appealing the May 6 order, as well as at least three others concerning the Order to Show Cause ("OSC") proceedings initiated by the court on February 7, 2013. The gravamen of Prenda Law's appeal will be that the court exceeded its inherent authority pursuant to Central District Local Rule 83, but more notably that the court deprived Prenda Law of Due Process in the issuing of sanctions. Specifically, the court informed Prenda Law and other similarly situated persons and entities that they were the targets of an investigation that could lead to incarceration and punitive sanctions, but thereafter treated the subsequent proceedings, if in name only, as civil proceedings.

In draping what could only be deemed a criminal investigation in the "civil" nomenclature, the court failed to provide Prenda Law the opportunity to cross-examine witnesses who had provided testimony at the March 11, 2013, OSC hearing; accepted into evidence, and drew inferences from, documents that were improperly authenticated or certified and for which there was no foundation; by way of the threatened criminal sanctions, invited key witnesses to invoke their Fifth Amendment rights, only to wrongfully take negative inferences from those invocations; failed to employ a disinterested prosecutor; and failed to apply the "beyond a reasonable doubt" standard for imposition of the punitive sanctions. These violations of Due Process, if given the continuing imprimatur of the District Court in the ongoing enforcement of the May 6 Order Issuing Sanctions, will damage the court's ability to rely on its inherent authority in the future, because enforcement of the May 6 Order, if found to be erroneous, will have caused

- 2 -

APPLICATION OF PRENDA LAW, INC. FOR ORDER STAYING PROCEEDINGS AND ENFORCEMENT OF ORDER ISSUING SANCTIONS PENDING APPEAL
2:12-cv-8333-ODW(JCx)

judicially-created injury to Prenda Law's reputational and financial interests, as well as to those interests of Prenda Law's clients in other venues. Such injury undermines the public's trust in our judicial system.

## II. STATEMENT OF RELEVANT FACTS

On February 7, 2013, this court issued an OSC regarding Sanctions ordering Plaintiff's counsel, Brett Gibbs, to appear before the court to respond to several allegations of improper behavior and attempted fraud on the court. At pages 10-11 of that order, the court stated it would consider whether sanctions, including fines and incarceration, were appropriate "to deter future misconduct."[1] On March 5, 2013, in response to representations made to the court, the court ordered, relevant to this application, non-parties John Steele, Paul Hansmeier, Paul Duffy, and Angela Van Den Hemel to appear before it on March 11, 2013.[2] The order was silent on the reasons why the non-parties were to appear.

On March 8, 2013, Steele, Hansmeier, Duffy, and Van Den Hemel filed an ex parte application for an order withdrawing the court's previous order for the non-parties' appearance, based in no small part on lack of jurisdiction and improper notice.[3] On March 14, 2013, after a lengthy March 11, 2013, hearing involving examination of witnesses and the submission of "evidence" and argument, the court denied the aforementioned ex parte application and amended its February 7, 2013, OSC regarding Sanctions to encompass the non-parties and Prenda Law.[4] The March 14 order also instructed the non-parties and Prenda, among others, to appear at a further OSC hearing on March 29, 2013, which was later continued to April 2, 2013, upon the court's own order.[5,6] At the April 2 hearing, the individuals that the court believed to be associated with Prenda Law

---

[1] ECF No. 48, 10:27-28; 11:1-2
[2] ECF No. 66.
[3] ECF Nos. 81-85, 91.
[4] ECF No. 86:18-22.
[5] ECF No. 86, 2:22-23.
[6] ECF No. 88.

invoked their Fifth Amendment privilege against self-incrimination, leading the court to adjourn the proceedings within 12 minutes. Just prior to adjournment, counsel for Prenda Law requested leave to present legal and evidentiary arguments, whether orally or via brief. The court chose the latter, and on April 8 and 18, 2013, Prenda Law, Duffy, and Van Den Hemel filed their responses to the OSC.[7]

On May 6, 2013, the court filed its Order Issuing Sanctions against Gibbs, Steele, Hansmeier, Duffy, Prenda, and others, and in so doing, triggered the filing of at least three Notices of Appeal.[8] Those sanctions were significant, including an attorney's fees award, a punitive doubling of that award, and referral of the sanctioned parties to the United States District Attorneys' Office, the IRS, multiple courts throughout the country, and the respective State Bars of the practicing attorneys for potential criminal investigation.

### III. ARGUMENT

Federal Rules of Appellate Procedure, Rule 8, applies to an appellant's request for a stay of an order of the district court pending appeal. Fed. Rules App. Proc., Rule 8(a). The United States Supreme Court has created a 4-pronged analysis by which to determine whether an appellant should be granted a stay by the district courts. Those prongs are as follows:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

---

[7] ECF Nos. 108, 120.
[8] ECF Nos. 140, 149, and Prenda Law's Notice, filed concurrently herewith.

Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987). Here, the equities clearly gravitate toward Prenda Law, because both its and the public's interests align.

### A. A Strong Showing of Success on The Merits Is Satisfied By Virtue That Serious Legal Questions Have Been Raised

In 2011, the Ninth Circuit decided Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011), which massaged the standard by which an appellant seeking a stay must show its potential success on the merits. The Ninth Circuit determined that the standard did not require a showing that "success is more likely than not," but rather that an applicant show that there was a "fair prospect" for success; "a substantial case on the merits;" or that "serious legal questions are raised." Id. at 967-68 (numerous citations omitted). Here, violations of Prenda Law's Due Process rights have been raised, as has been the court exceeding its inherent authority not only to impose punitive monetary sanctions, but also to hit Prenda Law where it hurts – in its other cases across the country, its reputation, and its business model – all which suffer because the court determined that it was appropriate to refer Prenda Law to the U.S. District Attorneys' Office, the IRS, courts in which Prenda Law is prosecuting cases on behalf of its clients, and the corresponding State Bars in which Prenda Law's attorneys are licensed.

The extent of the sanctions begs analysis, as do the multiple findings of fact justifying the sanctions, which were based on inferences taken from the invocation of the Fifth Amendment and the review of unauthenticated, uncertified documents from unrelated litigation. For example, in the Ninth Circuit, the inadmissibility of an unauthenticated deposition transcript that a court reporter has failed to certify has long been established. Orr v. Bank of Am., 285 F.3d 764, 774 (9th Cir. 2002)("It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' Such an affidavit lacks foundation even if the affiant counsel were present at the deposition." (internal

citations omitted)); Pavone v. Citicorp Credit Servs., 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997) (excluding a deposition for failure to submit a signed certification from the reporter). Yet, the court, in both the OSC hearings and its May 6 Order, relied heavily on the transcript from the deposition of Paul Hansmeier to support the court's ultimate conclusions of fact.

Similarly, the primary bases for the court's extension of the February 7, 2013, OSC re Sanctions to Prenda Law were multiple filings by Morgan Pietz, counsel for the putative John Doe Defendant, and Brett Gibbs, Pietz's opposing counsel. Yet, when the opportunity presented itself to permit counsel for Prenda to cross-examine Gibbs and Pietz (whose demonstrative exhibit made it into the court's May 6 Order Issuing Sanctions) at the March 11, 2013, hearing, the court simply told Prenda Law's counsel to "have a seat" and refused her the opportunity to participate in the hearing.[9] Thereafter, the court accepted into evidence numerous exhibits for which no or little foundation was laid (e.g., the aforementioned demonstrative exhibit prepared by Pietz[10]), begging the question on what basis or bases the court could lawfully form conclusions of fact for its May 6 Order.

There is a simple threshold issue that likely determines whether the court's procedures meet Due Process standards – were the OSC proceedings criminal or civil in nature? Whether a court's threat of potential incarceration and punitive sanctions turns a civil proceeding into a criminal one is a serious question of law that implicates society's interests in freedom, a non-coercive judiciary, and the premature destruction of a person's or company's reputation and business interests. Pursuant to Leiva-Perez, these are "serious legal questions" that have been raised by Prenda Law and justify a stay of the instant proceedings and the enforcement of

---

[9] ECF No. 93, 6:15-25; 7:1-7.
[10] When asked by Brett Gibbs' counsel whether the court would permit examination of Mr. Pietz concerning his testimony about the demonstrative exhibit, the court responded "I don't make a habit of placing lawyers under oath, but this case may change that." ECF No. 93, 58:17-23.

-6-

the court's May 6, 2013, Order Issuing Sanctions.

### B. Prenda Law Will Assuredly Be Injured If the Court Proceeds to Enforce Its May 6, 2013, Order

The Ninth Circuit has noted the stigmatizing effect a formal sanction has over an attorney. *See* United States v. Talao, 222 F.3d 1133, 1138 (9th Cir. 2000)("If the court's formal finding is permitted to stand, it is likely to stigmatize Harris among her colleagues and potentially could have a serious detrimental effect on her career."). "Public criticism of a lawyer in an opinion in which the court does not undertake the job of fact-finding with all the procedural safeguards involved in a disciplinary proceeding may destroy or severely damage a lawyer's reputation." Andrew L. Kaufman, *Judicial Ethics: The Less-Often Asked Questions*, 64 Wash. L. Rev. 851, 864 (1989). Furthermore, the court's conclusions of fact, which Prenda Law believes to be unsupported by admissible evidence, are currently being used against Prenda Law's clients in cases throughout the country. Those clients should not be prejudiced by an order that Prenda Law believes has questionable merit.

The court should stay enforcement of its order and publicly pronounce in language as equally provocative as the underlying May 6, 2013, order that an appeal is pending regarding both the legal and factual conclusions therein. If the court was correct in its decision-making, a stay merely delays the inevitable punishment, and no prejudice can arise. If, on the other hand, the Ninth Circuit agrees with Prenda Law, the court would have caused great harm to both Prenda Law and its clients, thereby undermining judicial authority.

### C. There Are No Parties Who Will Be Prejudiced By a Stay

The underlying matter has been dismissed. No defendants were named to the underlying Complaint. The only person who will complain of prejudice will be the attorney of an unknown John Doe, who has made it his life's work to chase after Prenda Law. Depending on your perspective, this may or may not be a good

- 7 -

APPLICATION OF PRENDA LAW, INC. FOR ORDER STAYING PROCEEDINGS AND ENFORCEMENT OF ORDER ISSUING SANCTIONS PENDING APPEAL
2:12-cv-8333-ODW(JCx)

thing, but in any event, that pursuit was a voluntary decision made by Mssrs. Pietz and Ranallo. Further, the court awarded to Pietz and Ranallo a majority of the attorneys' fees for work performed after the underlying lawsuit's dismissal and then doubled the award as a punitive measure. Therefore, no "party" will be prejudiced by a stay of the proceedings or enforcement of the May 6 Order.

### D.      The Public's Interest Lies In The Upholding of Due Process

The court, in one of its many Star Trek quotations, eschewed the needs of the many over those of the few, undoubtedly in reference to the many John Doe defendants who may or may not have engaged in illegal piracy and the relatively few persons subjected to the court's Order Issuing Sanctions. However, more fundamental than the interest of not being accused of doing something illegal are the methods and procedures memorialized in the United States Constitution and its Bill of Rights to protect those accused of crimes and to protect the property interests of the citizenry. Upholding Due Process means that a falsely accused perpetrator gets his or her day in court; it means that a single branch of government cannot become prosecutor, judge, jury, and warden. How the court conducted its OSC proceeding in the instant case has trumped any interest a John Doe infringer might have in remaining free of a Prenda Law settlement letter. Due Process is at issue; there is nothing as fundamental and important to society in general than this concept. The fourth prong of the stay analysis militates to an order granting Prenda Law's requested stay.

### IV.     CONCLUSION

The court has its order. Whether landing today, tomorrow, next month, or next year, the court has dropped an anvil on Prenda Law's interests across the country. There is no prejudice in slowing down the inevitable if the bases for the court's May 6, 2013, Order Issuing Sanctions can withstand the Ninth Circuit's scrutiny. However, if it cannot, then this court has initiated a great injustice on Prenda Law. The equities and responsibilities that arise with the exercise of great

power dictate that the court slowly, and with great care, utilize its inherent authority to punish, lest it abrogates the trust society has placed beneath it to mete out such punishment. For all of the foregoing reasons, the court should grant Prenda Law's Application for a Stay.

Klinedinst PC

DATED: May 20, 2013        By: _____
Heather L. Rosing
David M. Majchrzak
Philip W. Vineyard
Attorneys for Specially Appearing for
PRENDA LAW, INC.

15550224v1