O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>            Plaintiff,<br>   v.<br>JOHN DOE,<br><br>            Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR STAY OF ENFORCEMENT; ORDER TO SHOW CAUSE RE ATTORNEY'S-FEE AWARD** |

    Prenda Law, Inc., through its attorneys at Klinedinst PC, filed a notice of appeal to the Ninth Circuit. (ECF No. 157.) Oddly, to this notice of appeal, Prenda attached an ex parte application seeking a stay of enforcement of the Court's May 6, 2013 Order Issuing Sanctions. (ECF No. 157-1.) Not only was this application improperly filed; but once again, Prenda resorted to an eleventh-hour plea for relief.

    Even assuming this application was properly filed, the Court finds no basis to grant Prenda's request. Under the Court's order, Prenda, along with John Steele, Paul Hansmeier, Paul Duffy, Brett Gibbs, AF Holdings LLC, and Ingenuity 13 LLC, were required to pay by May 20, 2013, an attorney's-fee award of $81,319.72. By filing this application, it appears no such payment was made.

    Instead, an emergency motion was filed with the Ninth Circuit to stay enforcement of the order. That motion was promptly denied. (ECF No. 150.) Prenda now seeks to remedy a problem of their own making. By refusing to pay, or at least

refusing to post a supersedeas bond, Prenda (and the other parties) cannot establish that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Prenda's application is therefore **DENIED**.

Further, Steele, Hansmeier, Duffy, Gibbs, AF Holdings, Ingenuity 13, and Prenda are hereby **ORDERED TO SHOW CAUSE** why they have contravened the Court's order to pay the attorney's-fee award. The Court hereby imposes a penalty of $1,000 per day, per person or entity,[1] until this attorney's-fee award is paid or a bond for the same amount is posted. This penalty shall be paid to the Clerk of Court on the same day the attorney's-fee award is paid or the bond is posted. This penalty must be paid unless it is evident that the award was paid or the bond was posted on or before May 20, 2013. Failure to comply will result in additional sanctions.

Upon motion and posting of a supersedeas bond, the Court will stay execution of the attorney's-fee award. Fed. R. Civ. P. 62(d).

Finally, as a housekeeping matter, the Court requests Brett Gibbs to file requests for withdrawal of attorney in this and the related cases. Brett Gibbs appears to have withdrawn from these cases. (OSC Hr'g Tr. 87:1–8, Mar. 11, 2013 ("I am no longer employed by Prenda or any other corporation or LLC that is involved in these cases.").) Given the circumstances and the relationship between Gibbs and his *clients*, the Court will approve his requests for withdrawal.

**IT IS SO ORDERED.**

May 21, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] That is, Steele, Hansmeier, Duffy, Gibbs, AF Holdings, Ingenuity 13, and Prenda.