Brett Gibbs
38 Miller Avenue, #263
Mill Valley, CA 94941
Telephone: (415) 381-3104
brett.gibbs@gmail.com
*In Propria Persona*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN DOE, <br><br> *Defendant*. | CASE NO. 2:12-CV-8333-ODW (JCx) <br><br> Judge: Hon. Otis D. Wright, II <br> Magistrate Judge: Hon. Jacqueline Chooljian <br><br> **RESPONSE TO COURT'S MAY 21 ORDER TO SHOW CAUSE; REQUEST FOR DISCHARGE** |

## RESPONSE TO COURT'S MAY 21 ORDER TO SHOW CAUSE; REQUEST FOR DISCHARGE

Attorney Brett L. Gibbs, *in propria persona*, hereby responds to the Court's May 21, 2013, "Order Denying Ex Parte Application for Stay of Enforcement; Order to Show Cause Re Attorney's Fee Award" (May 21 Order.) In that order, the Court, amongst other things, stated, "Steele, Hansmeier, Duffy, Gibbs, AF Holdings, Ingenuity 13, and Prenda are hereby ORDERED TO SHOW CAUSE why they have contravened the Court's order to pay the attorney's fee award. The Court hereby imposes a penalty of $1,000 per day, per person or entity." In response to the Court's May 21 Order, Mr. Gibbs responds as follows:

///

## FACTS

Mr. Gibbs was not able to pay the Court's attorney's-fee award or secure a bond for the same amount. (*See* Declaration of Brett Gibbs in Support of Motion [Gibbs Decl.] ¶ 2.) The entire amount of the fees and costs ordered was $81,319.72. *See* Doc. No. 130. Considering his current financial circumstances, Mr. Gibbs was, and still is, unable to pay that amount. (Gibbs Decl. ¶ 3).

Starting with some background, after being diagnosed with brain cancer in July 10, 2009, Mr. Gibbs was terminated by his law-firm employer. (Gibbs Decl. ¶ 4). Mr. Gibbs put his law practice on hold for almost two years to deal with his health situation.

Currently, Mr. Gibbs has liabilities exceeding his assets. His bank account has a balance of less than $500. (Gibbs Decl. ¶ 5). He currently owes more than $50,000 on a loan he used to pay for his legal education. (Gibbs Decl. ¶ 6). He also owes money to other creditors. (Gibbs Decl. ¶ 7). Mr. Gibbs does not own any real estate or other assets that would allow him to pay the court's fees and costs order or use as collateral for a bond in the required amount. (Gibbs Decl. ¶ 8).

Mr. Gibbs did attempt to purchase a supersedeas bond. In discussions with bonding companies over the past two weeks, Mr. Gibbs has been told that he would have to post cash or real property collateral of at least $100,000 to obtain a supersedeas bond to stay the amount due in the Court's May 6, 2013 Order. (Gibbs Decl. ¶ 9). Mr. Gibbs does not own any real property or have sufficient other assets that would enable him to secure a bond. (Gibbs Decl. ¶ 10).

Mr. Gibbs income will not allow him to pay a penalty of $1,000 per day. Mr. Gibbs is currently working part time as a contract attorney, but in that role working on his own he has earned less than $5,000 total since parting ways with Prenda Law

and Livewire Holdings, LLC over two and one-half months ago. (Gibbs Decl. ¶ 11).[1] Mr. Gibbs has significant ongoing medical expenses for treatment of his brain cancer. Just over the past two months, for instance, Mr. Gibbs has had to pay approximately $700.00 in out-of-pocket medical expenses. (Gibbs Decl. ¶ 12). He is on a heavy supplement regime and a special diet to attempt to suppress the cancer, both of which are very costly. (Gibbs Decl. ¶ 13). He expects this level of health-related expenditures to continue or increase for the rest of his life in light of his incurable condition.

## LEGAL STANDARD[2]

The Court has full discretion to discharge its own Order to Show Cause. The issue in the Court's OSC is, in essence: Why did Mr. Gibbs not pay the $81,319.72, or get a bond to cover that amount, before May 21, 2013? In discussing the reason why Mr. Gibbs was unable to secure the bond, it appears important to review a court's discretion in staying payment of an ordered amount or a judgment upon filing an appeal. A court has significant discretion to shape the exact bond amount, and even to consider whether to require a bond in the first place, where there is a major issue of economic ability to pay the full amount of the bond.

A court has discretion to stay the bond requirement, when there is a major issue of economic ability to pay, but the individual asking for such relief must show good cause for the court to issue such a stay. In *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979), for instance, the court of appeals said that proof of appellant's "financial condition is so impaired that it would have difficulty in securing a supersedeas bond" could suffice as good cause. *See also In re Wymer*, 5 B.R. 802, 806-7 (9th Cir. Bank. Ct. 1980) (analyzing and

---

[1] Mr. Gibbs acknowledges that, for part of this time, he was attending his wedding, and, later, his honeymoon.
[2] Mr. Gibbs intends to file a separate Motion to Stay the Court's May 6, 2013 Order based on Mr. Gibbs' current financial condition and inability to obtain a supersedeas bond..

3
RESPONSE TO OSC; REQUEST FOR DISCHARGE   NO. 2:12-CV-8333-ODW

applying *Poplar* and the general standards set forth therein). "(I)f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191; *see also Trans World Airlines, Inc. v. Hughes*, 314 Supp. 94 (S.D.N.Y. 1970), aff'd 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F.Supp. 501 (E.D. Pa. 1973) (stay of execution granted on basis of security agreement, following defendants' showing of lack of sufficient assets to satisfy the judgment or to obtain a bond in amount thereof and that execution of the judgment would place each of the defendants in insolvency); *Wunshel & Small, Inc. v. United States*, 554 F.Supp. 444-45 (U.S.Cl.Ct. 1983); *United States v. Kurtz*, 528 F.Supp. 1113, 1115.

Indeed, the Court is vested with discretion to waive the bond requirement and fashion an alternative remedy that ensures an appellee does not suffer any prejudice. As an example, in *Miami International Realty Co., Paynter*, 807 F.2d 871, the Tenth Circuit Court of Appeals affirmed the District Court's order staying execution of the judgment without requiring a supersedeas bond in light of the appellant's financial inability to obtain a bond. In *Paynter*, the Tenth Circuit Court of Appeals affirmed the District Court's decision to stay execution of the judgment without requiring a bond wherein the appelle's rights were protected by an order that required, among other things, that appellant not "sell, transfer, convey, encumber, pledge or in any other manner, other than is reasonably necessary for purposes of providing for his cost of living and practicing or engaging in a profession or occupation, dissipate any asset or assets ... or any other things or right of any value whatsoever." *Id.* at 872-873.According to the Ninth Circuit in *In re Wymer*, "the foregoing standards for discretionary stays on appeal are equally applicable whether the discretion is exercised

by the trial court or the appellate court." 5 B.R. at 807.  Under Ninth Circuit precedent, the Court has the discretion to modify or stay the bond as to an individual who can show that he is unable to pay the ordered amount and/or that "posting of a full bond would impose an undue financial burden." *In re Wymer*, 5 B.R. at 807.

## DISCUSSION

Mr. Gibbs' financial situation goes beyond a mere "financial burden;" it concerns his inability to pay altogether. This is why he could not pay the $81,319.72 or obtain a supercedeas bond in light of his dire financial situation, despite his best efforts to do so before May 21, 2013.  Mr. Gibbs, as demonstrated above and in the attached declaration, is also clearly not able to pay the $1,000 a day sanction that was issued by the Court's May 21 Order.  At the current pace, a $1,000 per day sanction would exhaust his entire bank account and a month of his wages within three days.

Mr. Gibbs is not trying to skirt his duties here.  As he will present in his separate motion seeking a stay of execution, Mr. Gibbs, he is willing to entertain any alternative arrangement that would allow the Court to effect a stay on his behalf.  He would, for example, be willing to enter into an agreement to not "sell, transfer, convey, encumber, pledge or in any other manner, other than is reasonably necessary for purposes of providing for his cost of living and practicing or engaging in a profession or occupation, dissipate any asset or assets ... or any other things or right of any value whatsoever." *See Miami International Realty Co., Paynter*, 807 F.2d 871 (district court ordered in order to achieve a stay in that case). He wants to cooperate, he just needs a reasonable way to achieve that.

In response to the Court's Order to Show cause, put simply, Mr. Gibbs' current financial situation did not, and still does not, allow him to satisfy the Court's attorney's-fee award or secure a bond for the required amount.  That is why he was unable to pay the full amount or proffer a superseadeas bond prior to May 21, 2012.

Based on the foregoing, given that the sole reason Mr. Gibbs did not pay the

sanctions or post a bond for the amount set in the Court's May 6, 2013 order was due to his financial condition and inability to obtain a bond, Mr. Gibbs respectfully requests the Court discharge the current OSC as to him and relieve him of his obligation to pay $1,000 per day.[3]

DATED: May 23, 2013

Respectfully submitted,

/s/ Brett Gibbs
Brett Gibbs
38 Miller Avenue, #263
Mill Valley, CA 94941
Telephone: (415) 381-3104
brett.gibbs@gmail.com
*In Propria Persona*

---

[3] As noted previously, Mr. Gibbs intends to file a Motion to Stay the Court's Order based on the same facts and legal standards presented above in an attempt to stay the entire amount and/or come up with a reasonable alternative to the paying the entire $81,319.72 or securing a bond for a lesser amount (or any other viable alternatives).

6

RESPONSE TO OSC; REQUEST FOR DISCHARGE   NO. 2:12-CV-8333-ODW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rules.

Brett L. Gibbs, Esq.