Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Nicholas Ranallo (SBN 275016)
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
Telephone: (831) 703-4011
Fax: (831) 533-5073

Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>Case Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669;<br>2:12-cv-6662; 2:12-cv-6668<br><br>**DOE'S RESPONSE TO PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 AND MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES** |

# I. INTRODUCTION AND SUMMARY

The putative John Doe in 12-cv-8333 and his counsel ("Doe") hereby responds to Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties ("Bond Motion") manually-filed May 23, 2013 (ECF No. 170).

The Bond Motion and the bond itself are deficient in several key respects, accordingly Doe must oppose the instant motion and request that the instant bond amount be increased, and that the bond be modified to contain certain conditions.

First, no good faith effort has been made to meet and confer about the details of a supersedeas bond. *See* Exhibit 1.

Second, the bond is not in a sufficient amount to furnish full security. As previously explained to Prenda in unanswered meet and confer attempts, the amount of the appeal bond here should secure: (i) the underlying award, per Fed. R. Civ. Proc. 62(d) (*see also* Fed. R. App. Proc. 8); (ii) interest for the anticipated duration of the appeal;[1] (iii) damages for delay;[2] (iv) costs on appeal per Fed. R. App. Proc. 7;[3] (v) which includes attorneys' fees on appeal where, as here, the underlying statute provides for award of attorneys fees "as part of the costs."[4] As detailed in the

---

[1] *Fed. Prescription Service, Inc. v. American Phar'm. Asso'c.*, 636 F.2d 755, 758 (D.C. Cir. 1980) (affirming district Court stay that mandated that interest would continue to run from date of judgment).

[2] *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 68 (D. Conn. 2007) (noting that current Appellate Rules do not contain guidance on amount of supersedeas bond and looking to former Rule 73(d) which provided that "appellant would be liable under a supersedeas bond for the satisfaction of the judgment in full together with costs, interests, and ***damages for delay***") (emphasis added).

[3] *See* 20-308 Moore's Federal Practice - Civil § 308.31 ("if an appellant seeks a stay of enforcement of the final judgment pending disposition of the appeal under Appellate Rule 8, the court will fix one bond for both costs [per Appellate Rule 7] and supersedeas").

[4] 17 U.S.C. § 505; *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("We agree with the Second, Sixth, and Eleventh Circuits and hold that the term "costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute, including attorney's fees"); 20-307 Moore's Federal Practice - Civil § 307.21 ("in a copyright infringement case, the amount of the appeal bond may be set to cover the appellee's attorney's fees

meet and confer correspondence which Prenda has essentially ignored, undersigned counsel believes full security in this case would be $237,583.60. Calculation of that amount is explained in detail in Exhibit 1.[5]

Third, the bond is due and payable to "John Doe" which is unclear and might lead to a check that can never be cashed. It should be made due and payable to The Pietz Law Firm.

Fourth, either all seven parties (or, perhaps, everyone other than Mr. Gibbs) should post separate bonds to cover their own joint and several liability, or else a condition should be placed on the bond such that it can be executed upon following an affirmation or dismissal of the monetary portion of *any* appeals for *any* of the parties it covers.

Fifth, although the bond purports to secure the payment due and payable by six different parties (i.e., all parties other than Gibbs), none of those parties have executed the instrument. *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991) (bonds should be interpreted like contracts) *cf. EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1155 (5th Cir. Tex. 1995) (affirming district court's award of sanctions against attorney who first filed supersedeas bond that was incomplete and insufficient and then filed second bond which "failed to give adequate assurance the bond would be effective" in that it was not executed by a surety with clear authority).

Sixth, in view of the confusion occasioned by *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995), and the high likelihood that some or all of the Prenda parties will seek bankruptcy protection before their various appeals are concluded, an express condition on the bond is requested protecting against such maneuvering.

---

as well as other standard cost items on appeal") *citing Adsani v. Miller*, 139 F.3d 67, 71-79 (2d Cir. 1998).

[5] Exhibit 1 specifies a total bond amount of $207,583.60. The $30,000 increase is on account of the fact that two new, separate appeals have been filed (for Prenda Law, Inc. and AF Holdings, LLC) since the initial meet and confer email was sent, at $15,000 each, in appellate costs.

-3-
**DOE'S RESPONSE TO PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 AND MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES**

Specifically, as a condition of this Court accepting the bond, it is requested that all of the Prenda parties, as well as the surety, be estopped from arguing in any Court other than this one that execution on the bond should be stayed, avoided or otherwise forestalled, in connection with bankruptcy proceedings. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 332 (1995) (Stevens, J. dissenting) ("whenever possible, such questions [i.e., regarding whether execution on a supersedeas bond can be enjoined in bankruptcy proceedings] should be resolved before the court accepts the bond as security for collection of the judgment being appealed"). The only valid reason to prohibit executing on the instant bond (as amended and increased) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals.

## II. BACKGROUND

On May 6, 2013, this Court ordered the Prenda Law, Inc. and it associated clients and attorneys to pay a sanctions award of $81,319.72 within fourteen days, with liability jointly and severally payable. ECF No. 130 (the "**Sanctions Order**"). The fourteen days expired May 21, 2013. On Thursday May 16, 2013, Paul Hansmeier filed an emergency motion to the Ninth Circuit for a stay pending appeal. Undersigned counsel filed an response thereto on an expedited timeframe (which was requested by the Court of Appeals, which deemed the motion and emergency motion) on Friday May 17, 2013. In the response to the emergency appellate motion, undersigned counsel noted that no attempt had been made to meet and confer; had Mr. Hansmeier bothered to inquire, he would have been told that a stay of the monetary portion of the award was agreeable, subject to posting of a full supersedeas bond on appropriate terms and conditions. However, undersigned counsel did note an intention to oppose any stay of the non-monetary aspects of the Court's order. Exhibit 2. The emergency motion for stay pending appeal was denied by the Court of Appeals on Monday May 20, 2013 (*see* ECF No. 150). Later that day, Prenda Law, Inc., through special counsel, filed a notice of appeal (ECF

No. 157) with an application attached thereto, seeking a stay of enforcement (ECF No. 157-1).

The first undersigned counsel heard about a bond, or payment, from any Prenda party (with the exception of Mr. Gibbs; his motions will be addressed by separate response) was on Monday May 20, 2013, when Paul Duffy sent a short email on the subject, offering to post a bond in the amount of 125% of the amount awarded in the Sanctions Order. Undersigned counsel dutifully responded later that day (to all parties), outlining a number of concerns about the amount and conditions that should attach to a supersedeas bond, reiterating concerns raised in the appellate response papers regarding no stay of the non-monetary aspects of this Court's order, and requesting that Prenda respond with their views on the substantive topics raised. Exhibit 1.

On May 21, 2013, this Court issued an Order Denying Ex parte Application for Stay of Enforcement ; Order to Show Cause Re Attorney's-Fee Award. ECF No. 164. The next day, after close of business on May 22, 2013, still not having heard anything regarding payment or a bond, undersigned counsel again emailed all Prenda parties in another attempt to meet and confer regarding appeal bond details. Exhibit 1. In response to the May 22 query attempting to spur further discussion on the several points raised by undersigned counsel previously on the bond issue, Mr. Duffy wrote back "You had no substantive points. If you think of some and can articulate them coherently I would be glad to consider them. Thanks for thinking of me." *Id.* Shortly after receiving Mr. Duffy's foregoing email, undersigned counsel pointed out to everyone that such a response was not very helpful, and invited the rest of the Prenda parties to respond in substantive fashion. Nobody did. Mr. Duffy, however, did write the whole group one more time, in nonsensical and vaguely threatening fashion, to indicate that has apparently made a conscious decision[6] to

---

[6] Note that Mr. Duffy's last message was ***not*** an auto-response, it was sent almost an hour after the prior message to which it was responding, and it copies everyone, including the cc fields (all of which would be unusual for an *automatic* response to a message flagged as SPAM).

send undersigned counsel's email messages to the SPAM folder. Exhibit 1.

The next day, May 23, 2013, after blatantly evading attempts to actually discuss appeal bond details, Mr. Duffy filed the instant Bond Motion, reporting to the Court that "Movant attempted to meet and confer with opposing counsel Morgan Pietz on the type and amount of the bond. . .". ECF No. 170 at 2:4-5. Prenda Law, Inc., through special counsel, subsequently joined in Duffy's Bond Motion on May 31, 2013. ECF No. 173. No other party has joined Mr. Duffy's motion to approve the bond.

Separately, Brett Gibbs is the only party to have filed a response to the Court's May 21, 2013 OSC (*see* ECF No. 168) and he subsequently filed his own motion to be relieved from the Court's Sanctions Order, and from the daily sanctions penalty (ECF No. 171).

### III. ARGUMENT

Civil Rule 62(d) provides,

> "(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. Proc. 62(d).

Similarly, Appellate Rule 8 provides, in relevant part,

> "Rule 8. Stay or Injunction Pending Appeal
>
> (a) Motion for Stay.
>
> (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
>
> (A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a supersedeas bond; or. . ."

Fed. R. App. Proc. 8.

In addition to Appellate Rule 8, which applies only to appellants seeking a stay pending appeal, Appellate Rule 7 applies in all cases and provides for an appellate bond to secure "costs" on appeal. Appellate Rule 7 provides,

> "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule."

"It is important that the language contained in a supersedeas bond be clear and unambiguous. No federal statute, provision of the Federal Rules of Civil Procedure, or provision of the Federal Rules of Appellate Procedure defines the conditions that trigger a surety's obligation under a supersedeas bond." *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 67 (D. Conn. 2007).

Although there is little guidance for Courts in setting supersedeas bonds under the current rules, the former rules provided additional detail, and Courts often still look to the older rules. *Id.* at 67 (noting that current Appellate Rules do not contain guidance on amount of supersedeas bond and looking to former Rule 73(d) which provided that "appellant would be liable under a supersedeas bond for the satisfaction of the judgment in full together with costs, interests, and damages for delay"); *see also Fed. Prescription Service, Inc. v. American Phar'm. Asso'c.*, 636 F.2d 755, 758 (D.C. Cir. 1980) (affirming district Court stay that mandated that interest would continue to run from date of judgment).

Where an appellant seeks a stay pending appeal, the bond should cover not only a supersedeas obligation securing the award below, but it should also cover costs on appeal per Fed. R. App. 7. *See* 20-308 Moore's Federal Practice - Civil § 308.31 ("if an appellant seeks a stay of enforcement of the final judgment pending disposition of the appeal under Appellate Rule 8, the court will fix one bond for both

costs [per Appellate Rule 7] and supersedeas").

The question of whether "costs" on appeal includes attorneys fees has divided some Circuits, but the Ninth Circuit has adopted the majority view that attorney's fees are recoverable on appeal where they are included as "costs" in the underlying statute. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("We agree with the Second, Sixth, and Eleventh Circuits and hold that the term "costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute, including attorney's fees").

**(a)   Amount of Bond**

Here, the underlying case is a copyright infringement action. *See* ECF No. 1. The Copyright Act expressly provides for the award of attorney's fees "as part of the costs." 17 U.S.C. § 505. Accordingly, "in a copyright infringement case, the amount of the appeal bond may be set to cover the appellee's attorney's fees as well as other standard cost items on appeal" 20-307 Moore's Federal Practice - Civil § 307.21) *citing Adsani v. Miller*, 139 F.3d 67, 71-79 (2d Cir. 1998).

In California, post-judgment interest is calculated at a set rate of 10% per year. *See* Cal. Civ. Code § 685.010. In 2011, according to the *LA Times*, the average length for an appeal to the Ninth Circuit was 16.2 months.[7] Here, Doe has rounded down on time, basing their calculation on 10% interest per year for 12 months, which means $8,131.97 in anticipated interest. Doe proposes using the same figure as damages for delay.

Accordingly, full security for the order below would be $97,583.66.

Turning next to costs on appeal, as further explained in <u>Exhibit 1</u>, Doe calculates spending $5,000 in hard costs, plus $45,000 in attorneys fees to defend the initial appeal. However, this case has been appealed by seven different parties, each of whom has undertaking their own, separate appeal. Accordingly, Doe has proposed security for each additional appeal (after the first one) in the amount of

---

[7] http://articles.latimes.com/2011/oct/15/local/la-me-9th-circuit-vacancies-20111012

$15,000 each. $50,000 + ($15,000 x 6) = $140,000 to secure costs on appeal, per Fed. R. App. Proc. 7.

Adding the two sums together (security for order below, plus security for costs on appeal, including attorneys' fees on appeal) is how Doe got to the proposed figure of $237,583.66 for the full supersedeas bond.

**(b)      Condition: Bond Made Payable to John Doe or The Pietz Law Firm**

As noted, the bond as presently constituted is due and payable to "John Doe" which is unclear and might lead to a check that can never be cashed. Accordingly, the bond shall made due and payable to John Doe or The Pietz Law Firm.

**(c)      Condition: Add Joint and Several Language**

The bond does not reflect the fact that each of the parties has been ordered to pay the fee award jointly and severally. If the Court's order is affirmed on appeal as to some defendants but not others, this could be problematic, unless: (i) either each party posts his or its own bond; or (ii) a condition is attached to the bond that it can be executed upon "as long as there is at least one party who fails to have the his or its liability on the monetary portion of the fee award reversed on appeal."

**(d)      Condition: All the Debtors Should Sign the Bond**

None of the Prenda parties have executed the bond. While having a surety with valid authority is the most important person to execute the bond, in view of the additional conditions contemplated herein, and the authority holding that bonds are interpreted like contracts, the other debtors receiving its benefit should also execute it. *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991) (bonds should be interpreted like contracts) *cf. EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1155 (5th Cir. Tex. 1995) (affirming district court's award of sanctions against attorney who first filed supersedeas bond that was incomplete and insufficient and then filed second bond which "failed to give adequate assurance the bond would be effective" in that it was not executed by a surety with clear authority).

**(e)    Condition: No Circumvention by Bankruptcy**

In *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) the Supreme Court held that it was improper for a victorious creditor-appellee to seek to execute on a supersedeas bond in defiance of a bankruptcy court stay order expressly enjoining that action. The Court reasoned that the creditor should have opposed the stay in bankruptcy court rather than ignoring the stay order and collaterally attacking it by seeking to execute on the supersedeas bond. In a powerful dissent addressing the inequity of such a situation, Justice Stevens suggested that in his view "whenever possible, such questions [i.e., regarding whether execution on a supersedeas bond can be enjoined in bankruptcy proceedings] should be resolved before the court accepts the bond as security for collection of the judgment being appealed." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 332 (1995) (Stevens, J. dissenting). Accordingly, Does asks this Court to do just that, and impose a condition on the bond that the Prenda parties be estopped from seeking to prevent execution on the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended and increased) should be if all of the Prenda parties prevail on the monetary portion of their appeals. The need for such a condition is particularly acute given that Prenda (like Celotex) is likely about to be besieged by a wide array of Court actions seeking sanctions and fee awards.

Under the unique circumstances of this action, which include the fact that underlying order below is a sanctions award for fraudulent conduct and the web of mysterious offshore entities controlled by the Prenda parties, the Court would be well within its discretion to set such a condition on the bond.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons, Doe respectfully requests that the amount of the bond be increased to $237,583.66, and that the bond be conditioned as explained above.

Respectfully submitted,

DATED: June 3, 2013                    THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption