# EXHIBIT 1



Morgan Pietz <morganpietz@gmail.com>

## Mr. Duffy's Query Regarding a Bond
5 messages

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>　　　　　　　　　　　　　Mon, May 20, 2013 at 5:57 PM
To: Paul Duffy <paduffy@wefightpiracy.com>
Cc: Paul Hansmeier <prhansmeier@thefirm.mn>, John Steele <johnlsteele@gmail.com>, brett.gibbs@gmail.com, Nicholas Ranallo <nick@ranallolawoffice.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>

　　Mr. Duffy,

　　I appreciate you reaching out today in an attempt to get payment of the fee award resolved in cooperative fashion.  My understanding is that except for Ms. Rosing, who I believe remains counsel of record for Prenda Law, Inc., that all of you are now unrepresented by outside counsel (meaning lawyers other than yourselves).  If I am incorrect on that point, please advise.

　　As to your query, I must reject your offer of 125% of the amount awarded below for the appeal bond securing a stay pending appeal.

　　First, I would refer you to the response I filed to Paul Hansmeier's emergency motion to the Ninth Circuit.  Money is only part of the issue.  A stay of the non-monetary aspects of the Court's order is a non starter.

　　Second, 125% of $81,319.72 is not even close to full security for this case.  The appeal will likely take at least a year.  Accordingly, adding statutory interest of 10% per year works out to an additional $8,131.97, which I would double as damages for delay (*see e.g., Fed. Prescription Service, Inc. v. American Phar'm. Asso'c.*, 636 F.2d 755, 758 (D.C. Cir. 1980).  In addition, I must insist upon costs on appeal, per FRAP 7.  Since the order below includes an attorneys fee award, the costs on appeal include estimated attorneys fees associated with the appeal (of the attorneys' fee award).  On the initial appeal, I estimate $5,000 in hard costs, plus $45,000 in additional attorneys fees, for a FRAP 7 bond total of $50,000 for the first appeal.  Now, consider the fact that rather than joining in a single appeal, each of you have filed separate appeals.  So far, there are five different appeals currently pending.  That multiplies my work (and the Court's) considerably.  Since I anticipate being able to re-use some, but not all of the work I do in opposing your multiple appeals, but there will still be separate costs and legal issues for each, a separate charge for each of the subsequent appeals is appropriate, albeit at a substantial discount as compared to the lead appeal.  If you do choose to try and consolidate the appeals and briefing, then, obviously, that will take less of everyone's time, meaning that my ultimate attorneys fees from the appeal may be less then what you have secured with the bond.

　　Based on the current status, as to amount, I see the math as follows:

　　$81,319.72 - Amount of original award below
　　$8,131.97 - Interest (@ 10% per year), based on one-year estimate for appeal
　　$8,131.97 - Damages for delay
　　$50,000 - Estimated appellate costs, initial appeal (Hansmeier)
　　$15,000 - Estimated appellate costs, subsequent appeal 2 (Ingenuity 13)
　　$15,000 - Estimated appellate costs, subsequent appeal 3 (Steele)
　　$15,000 - Estimated appellate costs, subsequent appeal 4 (Duffy)
　　$15,000 - Estimated appellate costs, subsequent appeal 5 (Gibbs)

If any additional notices of appeal are still being processed or contemplated, add $15,000 for each. However, based on the docket as of this moment (and assuming no more new appeals), adding everything together above works out to a **total bond amount of $207,583.60** for full security.

Note that my willingness to agree to any of this (as opposed to simply opposing your motion for a stay pending appeal -- which I think you have to recognize is essentially dead in the water absent my concurrence) is expressly conditioned upon a speedy agreement, and prompt posting of the bond, on such additional terms, all to be specified in the bond itself, approved by me at my sole discretion, and executed by *all* parties, and all as to be publicly filed, for confirmation by the District Court. Note that the bond itself should include language securing priority over any kind of other creditors, and an express waiver of a right to appeal execution on the bond following a dismissal of the appeal or affirmation as to *any* party.

One final query as to substance: what form of surety do you propose? That may be a sticking point -- I would urge you not to get creative.

I am leaving town for a week starting tomorrow. While away, I will not have access to email. I would encourage you all to think over my proposal, decide if you can live with that number, and forward me your proposed language for a bond, incorporating all of the points above, all by 5:00 PST on Wednesday 5/29. I will not seek contempt until I have at least had an opportunity to consider and respond to your detailed proposal, assuming it is offered in good faith by that deadline.

I look forward to your response.

Best regards,
Morgan


On Mon, May 20, 2013 at 3:35 PM, Paul Duffy <paduffy@wefightpiracy.com> wrote:
> Mr. Pietz: In light of the Ninth Circuit's denial of Mr. Hansmeier's motion for a stay, it appears that we will be moving forward with posting of a supersedeas bond. We are prepared to post a bond in the amount of 125% of the amount awarded in the May 6 Order. Please let me know if your client will stipulate to a stay of proceedings pending the resolution of an appeal upon posting of that bond.
>
> --
> Paul A. Duffy
> Attorney
> Licensed only in the state of IL, MA, CA, and the District of Columbia
>
> Tel: (312) 880-9160
> Fax: (312) 893-5677
>
> 161 N. Clark St. Suite 3200
> Chicago, IL 60601
>
> www.wefightpiracy.com
> paduffy@wefightpiracy.com
>
> --
> Paul A. Duffy
> Attorney
> Licensed only in the state of IL, MA, CA, and the District of Columbia

Tel: (312) 880-9160
Fax: (312) 893-5677

161 N. Clark St. Suite 3200
Chicago, IL 60601

www.wefightpiracy.com
paduffy@wefightpiracy.com


--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>   Wed, May 22, 2013 at 5:29 PM
To: Paul Duffy <paduffy@wefightpiracy.com>
Cc: Paul Hansmeier <prhansmeier@thefirm.mn>, John Steele <johnlsteele@gmail.com>, brett.gibbs@gmail.com, Nicholas Ranallo <nick@ranallolawoffice.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>

All,

I trust you saw the Court's order issuing additional sanctions, accruing daily, until you pay the fee award or post a bond.

Since I have not heard anything from any of you in response to my query (now superseded by order of the Court) as to the specifics of how a bond would work, I wanted to follow up and inquire: were you planning on complying with the Court's order, and, if so, when?

I am certainly happy to consider a bond, and review any language you may propose, but, at this point, total radio silence on your part suggests that perhaps you are not taking the Court's orders as to payment of the fee award very seriously.

Could you kindly indicate by tomorrow on whether and how you plan to tender payment, or whether you intend to pursue the bond option?  If the latter, then please respond to my substantive points, below, ASAP.

Best regards,
Morgan
[Quoted text hidden]

---

**Prenda** <paduffy@wefightpiracy.com>   Wed, May 22, 2013 at 5:48 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>

You had no substantive points. If you think of some and can articulate them coherently I would be glad to consider them. Thanks for thinking of me.

[Quoted text hidden]

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                                           Wed, May 22, 2013 at 5:56 PM
To: Prenda <paduffy@wefightpiracy.com>
Cc: Paul Hansmeier <prhansmeier@thefirm.mn>, John Steele <johnlsteele@gmail.com>, brett.gibbs@gmail.com, Nicholas Ranallo <nick@ranallolawoffice.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>

   Mr. Duffy, (I assume I am talking to Paul Duffy, anyway),

   Simply, that is not a helpful comment.

   Would anyone else care to respond in substantive fashion?

   Best regards,
   Morgan
   [Quoted text hidden]

---

**Prenda** <paduffy@wefightpiracy.com>                                                  Wed, May 22, 2013 at 6:40 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>
Cc: Paul Hansmeier <prhansmeier@thefirm.mn>, John Steele <johnlsteele@gmail.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, Nicholas Ranallo <nick@ranallolawoffice.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>

   Thanks for your message Sir/Madam! Unfortunately, due to your inappropriate language and messages, which are within the access of my young children, I must place you in my "spam" filter.  Unfortunately, I delete such messages daily without reading them. I  wish you a speedy recovery, and make it a GREAT day!
   [Quoted text hidden]

# EXHIBIT 2

Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorneys for Putative John Doe

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL HANSMEIER,<br><br>      Movant-Appellant<br><br>  v.<br><br>JOHN DOE,<br><br>      Defendant-Appellee. | No. 13-55859<br><br>On appeal from the United States District Court for the Central District of California, No. 2:12-cv-8333-ODW<br><br>**PUTATIVE JOHN DOE'S RESPONSE TO EMERGENCY MOTION UNDER CIRCUIT RULE 27-3** |

**RESPONSE**

The putative John Doe-appellee ("Doe") in this action, by and through counsel, hereby responds to the Emergency Motion Under Circuit Rule 27-3 filed by movant–appellant Paul Hansmeier ("Hansmeier") on May 16, 2013 (ECF No. 3).

**(a)     Stay of the Award of Compensatory Civil Sanctions**

Assuming one precondition is first satisfied, Doe would not oppose a stay pending appeal on the payment of the monetary portion of the Court's order below. The precondition is that Hansmeier first post a supersedeas bond, sufficient to fully secure payment of the fee award below, plus estimated interest, plus appellate costs per Fed. R. App. Proc. 7, all in an amount and on such conditions as to be determined by the district court. *See* Fed. R. App. Proc. 8(a)(2)(E). Had Hansmeier attempted to confer on the instant emergency motion before filing it, or notified undersigned counsel it was coming, counsel for Doe would have been happy to convey this information to Hansmeier.

The need for a substantial bond to secure payment of costs and fees from Prenda is not an idle request. Prenda Law, Inc. and its associated lawyers are an organization that is rapidly falling apart. They have dismissed the vast majority of their pending court cases across the country—cases which are their sole source of revenue. Meanwhile, as the days go by, they are increasingly being hit with new motions and orders to show cause for sanctions in various courts[1] where they have tried, with mixed success, to escape from the consequences of their actions. Further, the lawyers and the entities involved here are likely the subject of potential criminal investigations, including an IRS investigation, flowing from the court's formal referrals in the sanctions order below. In short, there may not be any solvent persons

---

[1] *E.g.*, *AF Holdings, LLC v. Patel*, N.D. Ga. No. 2:2012-cv-00262, ECF Nos. 16, 30 (motions for sanctions); *AF Holdings, LLC v. Harris,* D. Ariz. No. 2:12-cv-02144-GMS, ECF No. 51, 5/17/13 (Court ordering plaintiff's counsel to show cause as to "why Plaintiff and/or counsel should not be sanctioned pursuant to the Court's inherent power and Fed. R. Civ. P. 11 for filing a fraudulent document with this Court.")

around to collect from for much longer. Further, as will be detailed in briefing on the merits, the lawyers' interests in these cases (as well as their assets, one presumes) are hidden behind a web of Nevis LLC's and mysterious offshore trusts. These are all complicated factual issues, with which the district court is already familiar, which is why the district court should set the amount and terms of the bond.

In short, although Doe does not believe that Hansmeier has very convincing grounds for a stay pending appeal, and that he is not likely to prevail on the merits,[2] Doe would stipulate to a stay of the monetary portion of the order below simply to facilitate eventual collection.

**(b)     Stay of the Award of Compensatory Civil Sanctions**

With respect to the non-monetary aspects of the Court's order below, Doe feels differently. Aside from the monetary award, the remainder of the Court's order below is essentially addressed to protecting the public from the harm being perpetrated by Prenda in its so-called "copyright troll" lawsuits, aspects of which have been found to be fraudulent.

First of all, the bell cannot be un-rung, the horse is already out of the barn, etc. Whatever damage the court's order was going to do to Mr. Hansmeier's reputation is already done. Mr. Hansmeier himself notes the widespread circulation of the court's order below in the media. What good then does a stay do? Further, it is not as if this case burst into the public eye all of a sudden, only when the court issued its order—various news outlets have been scrutinizing Prenda for months.[3] If Mr. Hansmeier successfully chips away at any piece of the court's order below here on appeal, at that time he will certainly be free to update the appropriate Judges,

---

[2] *See F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1141 (9th Cir. 2001) (affirming district court's award of double attorneys fees as compensatory civil sanction, which is exactly what the district court did here).

[3] *E.g.*, April 9, 2013, *LA Times*, "A federal judge takes on 'copyright trolls'", Hiltzik, Michael, http://articles.latimes.com/2013/apr/09/business/la-fi-hiltzik-20130410; *See also* http://arstechnica.com/search/?query=prenda%20&pagenum=5&sort=relevance&sortdir=desc (collecting Ars Technica's Prenda coverage going back to 2012).

licensing authorities, investigators, and the media with the results of the appeal. But staying the district court's order now will do precisely nothing with respect to rehabilitating Mr. Hansmeier's reputation in the meantime.

A United States District Court, after extensive briefing, and two evidentiary hearings, has made a finding that, "there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer from a form of moral turpitude unbecoming of an officer of the court." He and the other principals of Prenda also been found to have engaged in "brazen misconduct and relentless fraud." Obviously, these are very serious concerns, and the courts and public with whom Hansemeier is transacting business should absolutely be informed and appraised of these findings, even if an appeal is underway.

Accordingly, Doe respectfully requests that the stay pending appeal be conditionally granted as to the monetary portion of the court's order below, subject to posting of a supersedeas bond in an amount and on such conditions as determined by the district court, and that the stay be denied as to the non-monetary aspects of the court's order below.

Respectfully submitted,
DATED: May 17, 2013                                    THE PIETZ LAW FIRM


                                                       */s/ Morgan E. Pietz*
                                                       Morgan E. Pietz
                                                       THE PIETZ LAW FIRM
                                                       Attorney for Putative John Doe

- 4 -