# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, <br><br> Plaintiff, <br> v. <br> JOHN DOE, <br><br> Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx) <br><br> **AMENDED ORDER DENYING IN PART AND CONDITIONALLY GRANTING IN PART PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 AND MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES [170, 171, 173, 174, 175]** |

The Court has duly considered Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties ("Bond Motion") manually-filed May 23, 2013 (ECF No. 170), and the response thereto filed by the putative John Doe in 12-cv-8333 and his counsel and hereby **ORDERS** as follows:

1. The bond already posted with the Court is conditionally approved as security for this Court's Sanctions Order (ECF No. 130) subject to the following conditions, each of which shall be deemed a part of the bond itself:

   a. The bond shall be payable to and enforceable by "John Doe or The Pietz Law Firm."

    b.    The bond is made joint and several and may be executed upon if any of the parties to the bond fails to reverse the monetary portion of this Court's Sanctions Order (ECF No. 130) on appeal as to him or it. In other words, if the fee award survives as against any party, the bond may be executed upon even if other parties prevail on appeal.

    c.    The Prenda parties, as well as the surety, are estopped from arguing in any Court other than this one that execution on the bond should be stayed, avoided or otherwise forestalled. This expressly includes an attempt to circumvent execution of the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals, as determined by this Court.

    d.    The surety, and each Prenda party relying upon the bond for security shall execute and acknowledgment recognizing the validity of these conditions. Any party who fails to execute and file such an acknowledgment on the docket within 7 days shall be deemed in violation of this Court's order.

2. Further, the Prenda parties shall be required to post an additional bond in the amount of $135,933.66 (which is the $237,583.66 total, minus the $101,650.00 bond that the Prenda parties other than Mr. Gibbs have already posted) to cover costs on appeal, which includes attorney's fees since the underlying case is a copyright case. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The additional bond shall be subject to all the same conditions as the bond noted above. Failure to post the additional bond within 14 days shall result in the imposition of additional sanctions.

Due to the unique circumstances of this action, which include the fact that underlying order below is a sanctions award for fraudulent conduct and the web of mysterious offshore entities controlled by the Prenda parties, the above conditions are necessary to effect justice.

**IT IS SO ORDERED.**

June 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**