Paul Hansmeier (MN Bar #387795)
Alpha Law Firm LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 234-5744
prhansmeier@thefirm.mn

*In Propria Persona*



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC, <br> *Plaintiff,* <br> v. <br> JOHN DOE, <br> *Defendant.* | CASE NO. 2:12-CV-8333-ODW (JCx) <br><br> Judge: Hon. Otis D. Wright, II <br> Magistrate Judge: Hon. Jacqueline Chooljian <br><br> **EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL** |

## INTRODUCTION AND SUMMARY

Paul Hansmeier ("Movant") hereby respectfully moves the Court on an emergency basis for clarification and reconsideration of its June 6, 2013, Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (ECF No. 176, hereinafter "June 6 Order"). Emergency consideration of this motion is necessary because the June 6 Order has threatened sanctions if certain conditions are not satisfied as of June 14, 2013.

Clarification and reconsideration are proper here, because the Court would traditionally take and fully consider briefing from the potentially affected parties. Here, the June 6 Order issued before the matter was fully submitted for decision, and thus issued *sua sponte*. See L.R. 83-9.1.2 ("If no

oral argument is conducted … a motion shall be deemed submitted for decision as of the date the last memorandum or other pleading is permitted to be filed."); L.R. 7-10 (permitting a reply memorandum to be filed no later than fourteen days prior to the date designated for the hearing); ECF No. 170 (setting June 24, 2013 hearing date). As such, the June 6 Order did not benefit from a full briefing on the underlying issues, particularly on issues raised for the first time in the response brief filed by the putative John Doe on June 3, 2013. (ECF No. 175, hereinafter "Bond Response").

For the reasons herein stated, the Court should clarify the terms of the June 6 Order, extend the deadlines imposed therein, and vacate the portions of the Order requiring an additional bond. In the alternative, if the Court does not make these corrections, it should temporarily stay the terms of the June 6 Order for a reasonable period so that the potentially affected parties may seek relief from the June 6 Order from the U.S. Court of Appeals for the Ninth Circuit.

## ARGUMENT

### I. THE COURT SHOULD CLARIFY THE TERMS OF THE JUNE 6 ORDER

The Court should issue an order to clarify the terms of the June 6 Order. The June 6 Order requires the "Prenda parties" to file an acknowledgement with the Court and post an additional bond. (ECF No. 176.) Yet, the June 6 Order does not define "Prenda parties." (*See generally id.*) None of the persons *potentially* subject to the June 6 Order knows whether they are *actually* subject to it. Because this threshold issue is undefined, the Court should issue a clarifying order that identifies the persons who are required to comply with the various mandates of the June 6 Order.

### II. THE COURT SHOULD EXTEND THE DEADLINES IMPOSED IN THE JUNE 6 ORDER

The Court should extend the deadlines imposed in the June 6 Order. The June 6 Order was entered on June 7, 2013, and requires the "Prenda parties" to comply with it by June 14, 2013. As an initial matter, no one potentially subject to the Court's order can determine whether they are actually subject to it.

Further, many of the persons potentially subject to the June 6 Order receive notifications of the Court's orders via U.S. Mail, and not electronic notification. A June 14, 2013, compliance date is an unreasonably immediate deadline when many of the persons potentially subject to the June 6

Order may not receive notice of it before the date of compliance. Relatedly, these same persons are required by this Court's Local Rules to make filings via U.S. Mail. It is simply not physically possible for these persons to "execute and file such an acknowledgement on the docket" by June 14, 2013. (June 6 Order, ECF No. 176, at 2–3.) This would be true even if they mailed their acknowledgement to the district court clerk on the same day they received notice of the June 6 Order. The Court should extend the deadlines imposed in the June 6 Order so that they are possible to meet.

Finally, the June 6 order implicates important legal rights, including the filing of an acknowledgment that may result in the waiver of legal rights. The seven-day compliance deadline imposed by the June 6 Order deprives the persons potentially subject to it, including many who are proceeding *pro se*, the ability to seek legal advice regarding the order's implications. Basic notions of due process would have allowed the persons potentially subject to the Order a reasonable amount of time to seek legal advice before responding to it.

Each of these considerations weighs heavily in favor of extending the deadlines imposed in the June 6 Order. As issued, the June 6 Order is impossible to comply with because it does not identify actual persons who are subject to it or allow sufficient time to comply. The extraordinarily tight deadlines also prevent persons potentially subject to it from obtaining legal advice regarding the Order's mandates.

In contrast, there is no apparent reason why the deadlines imposed by the order should be so immediate. No one will be prejudiced by a reasonable extension of time of the deadlines. Indeed, everyone affected by the June 6 Order, including the Court, the persons potentially subject to it and the putative John Doe has an interest in avoiding unnecessary collateral proceedings and seeing that the basic mandates of due process are satisfied. Movant respectfully submits that 30 days from the date that a clarifying order issues would be a reasonable deadline for compliance with any such order.

///

///

///

### III. THE COURT SHOULD VACATE THE PORTION OF THE JUNE 6 ORDER REQUIRING AN ADDITIONAL BOND

The Court ordered the "Prenda parties" to post an additional bond amount of $135,933.66 to cover costs on appeal. According to the calculations contained in the putative John Doe's response, this amount consists entirely of requests that directly conflict with binding precedent. For that reason, the Court should vacate the portion of the June 6 order requiring an additional bond.

#### a. The Putative John Doe Is Not Eligible to Collect Appellate Attorneys' Fees Because The Sanctions Orders Appealed From Did Not Arise Under a Fee-Shifting Statute.

The putative John Doe claimed an entitlement to attorneys' fees on appeal, and the Court imposed an additional bond, based on the proposition that this action started as a claim for relief under the Copyright Act. (*See* June 6 Order, ECF No. 176, at 3; Bond Response, ECF No. 175, at 3, 7–9.) But in actuality, no person or entity has appealed an order arising under the Copyright Act. The orders appealed from are sanctions orders, which the Supreme Court and the Ninth Circuit have clearly held to be distinguishable from decisions on the merits of claims involving fee-shifting statutes.

It is well-established in this Circuit that "costs on appeal" under Federal Rule of Appellate Procedure 7 do not include attorneys' fees unless "attorneys' fees" are defined as "costs" by an applicable fee-shifting statute. *Azizian v. Federated Dept. Stores, Inc.*, 499 F. 3d 950, 958 (9th Cir. 2007). Here, the orders being appealed are not decisions under a fee-shifting statute, such as the Copyright Act, but sanctions orders issued pursuant to the Court's inherent power. The Supreme Court has directly ruled that attorneys' fees are not recoverable as costs on an appeal of a sanctions order, because a sanctions order is separable from the underlying action. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990). "[T]he expenses incurred in defending the award on appeal are directly caused by the district court's sanction and the appeal of that sanction, *not by the plaintiff's initial filing in district court.*" *Id.* (emphasis added). In turn, the Ninth Circuit has recognized that the U.S. Supreme Court "rejected the argument that the party seeking sanctions would not have incurred its appellate expenses if the offending pleading had never been filed." *Lyddon v. Geothermal Properties, Inc.*, 996 F.2d 212, 214 (9th Cir. 1993) (citing *Cooter & Gell*, 496 U.S. at 406). Although

*Cooter & Gell v. Hartmarx Corp.* specifically addressed sanctions issued pursuant to Rule 11, the Ninth Circuit has extended the principles stated therein to also cover situations where sanctions are imposed under a court's inherent powers:

> In *Cooter & Gell* ... the Court reasoned that Rule 11 sanctions were limited to "those expenses directly caused" by the improper filing, which did not include costs of appeal. We extended that principle in *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992). In *Lockary*, the district court imposed sanctions against the plaintiffs' law firm under its inherent authority rather than Rule 11. *Id.* at 1170.

*In re So. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 466 (9th Cir. 2010). Thus, an appeal of a sanctions order is distinguishable from an appeal of the underlying action, and the "initial filing in district court" may not be used to justify appellate attorneys' fees on this appeal of sanctions.

The fact that the orders appealed from here are sanctions orders, distinguishable and separable from decisions under the Copyright Act, is shown most clearly in light of two elements from the procedural history of this case. First, none of the orders being appealed from were issued prior to the respective plaintiffs' voluntary dismissals of the initial copyright actions without prejudice under Federal Rule of Civil Procedure 41(a). Second, at no point during this case did the putative John Doe ask for (*see generally* ECF No. 52, ECF No. 102), nor did the Court award, attorneys' fees under the Copyright Act for any work done at the district court level. Rather, fees were awarded as sanctions under the Court's inherent authority. (*See* ECF No. 130, at 9–11.)

In sum, while attorneys' fees might be defined as "costs" under the Copyright Act, they are not defined as costs for the purpose of an appeal of an order imposing sanctions under the Court's inherent authority. The precedent of the Supreme Court and the Ninth Circuit both clearly hold that an appeal of a sanctions order is separable and distinguishable from the subject matter of "the plaintiff's initial filing in district court." *Cooter & Gell*, 496 U.S. at 407; *In re So. Cal. Sunbelt Developers, Inc.*, 608 F.3d at 466. Because the putative John Doe is not eligible to recover appellate attorneys' fees as costs on appeal with respect to the sanctions orders, no person, including the "Prenda parties," should be required to post security for the putative John Doe's estimated appellate attorneys' fees. Therefore, the Court should vacate the portion of its order requiring the "Prenda parties" to post additional security for these fees.

### b. The Putative John Doe is not Eligible to Collect Appellate Attorneys' Fees Under the Copyright Act.

Even if the orders appealed from arose under the Copyright Act, which they did not, the putative John Doe would still not be eligible to collect appellate attorneys' fees under the Copyright Act. The reason for this is simple: he is not a prevailing party. Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the *prevailing party* as part of the costs.

17 U.S.C. § 505 (emphasis added). Prevailing party status turns on whether there has been a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2009). Dismissal without prejudice precludes prevailing party status under the Copyright Act. *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009) (applying *Buckhannon* in holding that a dismissal without prejudice precludes prevailing party status under the Copyright Act).

Plaintiff dismissed this case against John Doe without prejudice. (ECF No. 43.) Even assuming, *arguendo*, that the putative John Doe and the actual John Doe are the same person—a point that has not been established—the putative John Doe has not prevailed. Thus, he is not eligible to recover attorney's fees as part of costs on appeal under the Copyright Act. *See Azizian*, 499 F.3d at 959 (holding that the district court erred by requiring security in the Rule 7 bond for attorney's fees as costs taxable under a fee-shifting statute where the appellee was not eligible to recover under the fee-shifting statute). For these reasons, the Court should vacate the portion of its order requiring the "Prenda parties" to post security for the putative John Doe's appellate attorneys' fees.[1]

---

[1] Additionally, it is important to note that the Court also may not include appellate attorneys' fees in the amount of an appeal bond under a sanctions theory. The Court has no discretion under Fed. R. Civ. P. 11, under Fed. R. App. P. 38, or under its inherent powers to include appellate attorneys' fees in the amount of an appeal bond. *See Cooter & Gell*, 496 U.S. at 408; *In re So. Cal. Sunbelt Developers, Inc.*, 608 F.3d at 466; *Azizian*, 499 F.3d at 960–61.

### c. The Court May Not Lawfully Impose A Bond Amount That Includes "Damages For Delay."

The Court should vacate the portion of its order requiring the "Prenda parties" to post additional security which adopts the putative John Doe's arguments in favor of a 10% surcharge for "damages for delay." The putative John Doe justified his request for this security by reference to former Rule 73, which is defunct and was superseded by the modern Federal Rules of Civil Procedure in 1968. (Bond Response, ECF No. 175, at 2.) Even beyond the questionable use of a long-abrogated rule, the putative John Doe failed to inform the Court that such "damages for delay" historically were limited to two situations which do not apply here.

First, according to the very case cited by the putative John Doe, "damages for delay" would be relevant only upon entry of a *judgment. See Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 68 (D. Conn. 2007). Here, the appeal is taken from an order imposing sanctions, not a judgment. The Court awarded no damages, and thus there cannot be "damages for delay" in satisfaction of such a judgment.

Second, historically, as well as in modern case law from states that continue to maintain statutory "damages for delay", "damages for delay" must be proven—either by reference to the full monetary amount of a damages award, in which case a statutory percentage is applied, or by reference to actual damages that will be suffered due to delay if the amount of the judgment is not immediately satisfied. *See, e.g., Bainbridge v. Bainbridge*, 662 S.W.2d 655, 658 (Tex. Ct. App. 5th 1983). Furthermore, "damages for delay" are only appropriate where such proven damages are not adequately compensated by statutory interest on the judgment. *Id.* Here, as noted previously, there is no damages award—merely a sanctions order to pay attorney's fees—and there is no statutory percentage that can be applied. Thus, the putative John Doe would have to prove what actual damages, if any, would be suffered by delay of payment. Such proof of actual damages could, for example, reference the premium paid for an indemnity bond needed to sell disputed property during the pendency of an appeal. *See id.* Here, the Putative John Doe can prove no actual damages from delay, since there is no property in dispute, merely an order awarding attorney's fees. The Putative John Doe cannot prove, and will not suffer, any damages whatsoever from the delay of payment

which are not adequately compensated by statutory interest. *See id.* (awarding limited damages for delay only where the decree appealed from "bears no interest that would compensate for the delay"). The already-posted bond is in a sum sufficient to cover interest on the Court's award of sanctions, and that interest is wholly sufficient to compensate the putative John Doe for the delay associated with appeal. "Damages for delay" are thus inappropriate here for a litany of reasons, and the Putative John Doe has overreached in suggesting that this Court apply this long-abrogated Rule.

### d. The $101,650.00 Bond Already Posted With the Court Is More Than Sufficient to Provide the Putative John Doe With Security for Costs on Appeal.

Simple math shows that the additional $135,933.66 bond ordered posted by the Court consists entirely of security for appellate costs that Supreme Court and Ninth Circuit precedent clearly preclude from being included in a Rule 7 appellate bond under the circumstances present here, as explained above. The June 6 Order adopted the putative John Doe's requested bond amount in its entirety—including both appellate attorneys' fees and "damages for delay." (*See* June 6 Order, ECF No. 176, at 3.) The security for attorneys' fees requested by the putative John Doe totaled $140,000 and the "damages for delay" security requested by the putative John Doe totaled $8,131.97. (*See* Bond Response, ECF No. 175, at 8–9.) In sum, these amounts total $148,131.97—an amount that far exceeds the $135,933.66 additional bond requested by the putative John Doe and granted by the Court. Because neither appellate attorneys' fees or "damages for delay" are appropriate, the putative John Doe is thus over-collateralized by the bond that has already been posted. The Court should therefore vacate the portion of the June 6 Order requiring the "Prenda parties" to post an additional bond in the amount of $135,933.66.

### IV. THE COURT SHOULD STAY ITS ENFORCEMENT OF THE JUNE 6 ORDER PENDING ITS ISSUANCE OF A CLARIFYING ORDER OR, IN THE ALTERNATIVE, PENDING APPEAL

As issued, the June 6 Order is impossible to comply with because it does not identify the actual persons who must comply with it. Movant respectfully requests that the Court stay the June 6 Order until such time as it issues a clarifying order that resolves this ambiguity. Further, if the Court declines to vacate the portion of its order requiring an additional bond, Movant respectfully requests

1  that the Court temporarily stay the June 6 Order so that any person ultimately identified as a "Prenda
2  party" can seek relief from the U.S. Court of Appeals for the Ninth Circuit.

DATED: June 10, 2013

Respectfully submitted,

Paul Hansmeier (MN Bar #387795)
Alpha Law Firm LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 234-5744
prhansmeier@thefirm.mn
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>   *Plaintiff,*<br><br>  v.<br><br>JOHN DOE,<br><br>   *Defendant.* | CASE NO. 2:12-CV-8333-ODW (JCx)<br><br>Judge:     Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

 I, the undersigned, am a citizen of the United States and am at least eighteen years of age.

My business address is 80 S. 8th St. Suite 900, Minneapolis, MN 55402. I have caused service of:
**PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR, IN THE ALTERNATIVE, FOR AN ORDER STAYING THE JUNE 6 ORDER PENDING APPEAL**

On the following parties via U.S. Mail first-class, postage prepaid:

| PARTIES | COUNSEL OF RECORD/PRO SE |
|---|---|
| Prenda Law, Inc.<br>161 N.Clark St. Ste. 3200<br>Chicago, IL 60601 | Klinedinst PC<br>501 West Broadway, Suite 600<br>San Diego, California 92101<br>Telephone: (619) 239-8131<br>Fax: (619) 238-8707<br>e-mail: hrosing@klinedinstlaw.com<br>e-mail: dmajchrzak@klinedinstlaw.com |
| Ingenuity13, LLC<br>Springates East<br>Government Road<br>Charleston, Nevis | Pro Se |
| AF Holdings, LLC<br>Springates East<br>Government Road<br>Charleston, Nevis | Pro Se |
| Paul Duffy<br>2 N. La Salle St. St., 13th Floor<br>Chicago, IL 60602 | Pro Se |
| John Steele<br>1111 Lincoln Rd. Ste. 400<br>Miami Beach, FL 33138 | Pro Se |

| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310)546-5301<br><br>Nicholas Ranallo<br>371 Dogwood Way<br>Boulder Creek, CA 95006<br>nick@ranallolawoffice.com<br>Telephone: (831) 703-4011<br>Fax: (831) 533-5703 |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2013.

_____
Signature