Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Nicholas Ranallo (SBN 275016)
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
Telephone: (831) 703-4011
Fax: (831) 533-5073

Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>Case Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669;<br>2:12-cv-6662; 2:12-cv-6668<br><br>**DOE'S RESPONSE TO PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL** |

-1-

# RESPONSE

Once again, attorneys associated with the Prenda Law firm have failed to follow the rules applicable to ex parte applications[1] and have waited until the eleventh hour before seeking "emergency" relief. *See, e.g.,* ECF No. 86 ("Not only does the Ex Parte Application lack merit, its eleventh-hour filing exemplifies gamesmanship"); ECF No. 164 ("Not only was this application improperly filed; but once again, Prenda resorted to an eleventh-hour plea for relief").

Further, had Prenda's lawyers attempted to meet and confer in good faith about the specifics of a bond prior to posting one and filing a motion seeking to have it approved, it might have been possible to avoid the instant "emergency" motion altogether. *See* ECF No. 175-2 at pp. 2–5 (email chain where Prenda lawyers ignore attempts to meet and confer about bond specifics).

As to substance, the question of whether a bond for costs on appeal should include attorney's fees appears to come down to whether or not this Court's prior sanctions order (ECF No. 130) has effected a "material alteration of the legal relationship of the parties," thus enabling an award of attorney's fees under Section 505 of the Copyright Act. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001); *Cadkin v. Loose*, 569 F. 3d 1142, 1145 (9th Cir. 2009) (holding that *Buckhannon's* material alteration test applies to § 505 of the Copyright Act).

As Mr. Hansmeier has correctly (albeit tardily) pointed out, normally, a plaintiff's voluntary dismissal without prejudice does not bring about the requisite material alteration of the legal relationship between the parties sufficient to confer prevailing party status on a defendant. *Cadkin,* 569 F.3d at 1145 (9th Cir. 2009).

---

[1] Notwithstanding the proof of service, as of June 13, 2013, undersigned counsel still has not received a service copy of the "emergency motion." The first notice received of any kind was when the motion was filed on the ECF docket, which happened just before the ECF system going offline for the annual power-down. Undersigned counsel was not able to view the motion until Thursday morning June 13, 2013.

**DOE'S RESPONSE TO PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL**

**(a) There Was a Change in Legal Status Because the Prenda Parties Are Now Under Formal Investigation**

Here, however, there are extraordinary facts. The voluntary dismissal here was followed not only by monetary sanctions, but by extensive factual findings that the plaintiffs and their lawyers have engaged in grave misconduct coupled with referrals to prosecutorial agencies. Thus, in a sense, there was a "material alteration" of the legal relationship between the parties insofar as that the Prenda parties are now being formally prosecuted for the very activities at issue in this litigation, as a direct result of this action. Thus, distinguishing *Cadkin*, here it cannot be said that the end result "leaves the situation as if the action had never been," (*Cadkin*, 569 F.3d at 1150) because the Prenda parties are in rather more legal trouble now than they were when it started.

**(b) The Court Should Consider Striking Plaintiff's Complaint as a Further Sanction**

The Court might also consider another approach, which would both (1) better serve the policy underlying the Copyright Act, and (2) appropriately punish the Prenda parties for continuing to ignore this Court's orders, and applicable rules, in defiance of the very severe sanctions already imposed. To wit, what the Court might consider is striking the plaintiff's complaint with prejudice, as a further sanction, of last resort. *See Eagle Hospital Phys'ns. v. SRG Consulting, Inc.*, 561 F.3d 1298, 1302-03 (11th Cir. 2009) (affirming sanction striking litigant's pleading where he engaged in bad faith and the court made a finding that no lesser sanction would suffice).

If *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575, 576 (9th Cir. 1941) were still the law on this Circuit, the instant case would very clearly qualify as the kind where, based on the policy considerations underlying the Copyright Act, a defendant should be considered the prevailing party after the plaintiff dismisses a case without prejudice. Here, the putative Doe defendant has

been forced to incur substantial expense to defend himself, and this kind of cases clearly runs counter to the policies underlying the Copyright Act,[2]—both of which are factors which would have guided a court's inquiry under *Corcoran*. *Id.*

On this circuit,[3] the apparent effect of *Buckhannon* has been to somewhat limit the discretion of district courts to consider defendant's expenses and the policies underlying the Copyright Act when determining whether to award prevailing party attorney's fees under Section 505 of the Copyright Act after a voluntary dismissal. *Cadkin*, 569 F. 3d at 1144–49.

Simply put, the policies underlying the Copyright Act would be better served if plaintiffs filing abusive copyright infringement cases like the ones at issue here could not count on always "cut[ting] [their] losses and run[ing] out of court, using Rule 41 as an emergency exit." *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 390 (1990). The threat of a voluntary dismissal without prejudice still resulting in the award of prevailing party attorney's fees would act as a substantial deterrent to this particular kind of abusive copyright "settlement" business.

Post-*Buckhannon*, the principal tool available to district courts faced with a plaintiff like Prenda, who files many cases but dismisses most of them voluntarily, at the first hint of trouble, is the threat of post-dismissal sanctions. This Court has already invoked this power by awarding compensatory sanctions to the target of Prenda's abusive litigation scheme, in the form of double attorney's fees.

However, the putative John Doe would argue that under the truly exceptional circumstances of this case, where the bad faith has continued, in defiance of the severe sanctions already issued, even a further sanction is warranted. Namely, the

---

[2] The Court here said it best, "So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry." ECF No. 130 at 2:3-5.

[3] Notably, the Seventh Circuit has taken an opposite view, holding that voluntary dismissal by a plaintiff in a copyright case *can* render the defendant a prevailing party under *Buckhannon*. *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008).

-4-
**DOE'S RESPONSE TO PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL**

Court might consider striking the plaintiff's complaint, with prejudice, as a sanction. *See Eagle Hospital Phys'ns.*, 561 F.3d at 1302-03.

In *Eagle Hospital,* as here, defendant Gerst engaged in flagrant bad faith conduct and invoked his Fifth Amendment right against self-incrimination, which led the district court to strike his pleadings and award sanctions. According to the Court of Appeals, the court below "felt that a severe sanction was necessary 'to act as a deterrent to other litigants'" that Gerst's "egregious misconduct disrupted the litigation. . .and that extreme sanctions were necessary to punish [Gerst] and deter others." *Id.* at 1306-07. Gerst argued (1) that the court violated his Fifth Amendment rights by drawing adverse inferences from his refusal to testify, and that (2) the court violated his Fifth Amendment rights by sanctioning him and dismissing his suit in response to his taking the fifth. *Id.* at 1303. The Court of Appeals "disagree[ed] on both counts," finding that the district court did not abuse its discretion in awarding a sanctions of last resort, and noting that the district court had made a specific finding that no lesser sanction would suffice. *Id.*

Here, this Court has already awarded substantial sanctions. ECF No. 130. Since then, the attorneys' fee award was not paid within the requisite 14-days. Other than Mr. Gibbs, no party has responded to the Court's order to show cause as to why they should not be sanctioned $1,000 a day for not timely posting a bond or paying the sanctions award. To undersigned's knowledge, the applicable $7,000 daily sanction has not been posted with the Clerk. An "emergency" motion was made to the Ninth Circuit without bothering to even try and post a bond, or take the issue up first in the district court, and without explaining why doing so was impracticable. Undersigned counsel's attempts to meet and confer in good faith about the specifics of the bond were rebuffed with a bunch of nonsense, precipitating the most recent "emergency" motion, which is yet another improperly filed ex parte. In short, the bad faith continues.

Simply, given the egregious misconduct already addressed in this case, and

-5-
**DOE'S RESPONSE TO PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL**

the fact that the bad faith continues to this date, one must ask, if this case is not worthy of a "sanction of last resort," then what case is?

Accordingly, the putative John Doe respectfully requests that the Court *sua sponte* strike the plaintiff's complaint *with prejudice*, declare the putative John Doe a prevailing party, thereby mooting the instant dispute about whether attorneys fees should be included in the appellate bond. If the putative John Dos is adjudged a prevailing party, Prenda should then be required to secure appellate costs which include attorneys' fees, which would provide further incentive for robust prosecution of some fairly important issues on appeal.

**(c)     The Issues Other than Attorney's Fees on Appeal**

The term "Prenda parties" should have been clarified in the proposed order, for which undersigned counsel apologizes. By this, it is meant the seven parties who were sanctioned, namely Paul Hansmeier, John Steele, Paul Duffy, Brett Gibbs, Prenda Law, Inc., AF Holdings, LLC, and Ingenuity 13, LLC.

Mr. Hansmeier raises no substantive arguments attacking the conditions on the bond. Accordingly, there is no reason to delay filing the required acknowledgments of these conditions.

Finally, given the possibility of looming bankruptcy for the Prenda parties, the putative John Doe requests that the bond issue be finally resoled as expeditiously as possible. The Kleindinst Firm, on behalf of Prenda Law, Inc., is already threatening an "emergency appeal" to the Ninth Circuit, along the same lines as the current motion before this Court. *See* Exhibit 1.

//

Respectfully submitted,

DATED: June 14, 2013                    THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

**DOE'S RESPONSE TO PAUL HANSMEIER'S EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JUNE 6 ORDER, OR IN THE ALTERNATIVE, FOR AN ORDER STAYING IMPOSITION OF THE JUNE 6 ORDER PENDING APPEAL**