O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>            Plaintiff,<br>    v.<br>JOHN DOE,<br><br>            Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**ORDER RE SUPERSEDEAS-BOND REQUIREMENT AND MAY 21, 2013 SANCTIONS ORDER [178], [180], [181]** |

The Court issues this order to resolve several pending issues and requests. These include the following:

- Stipulation Between Movant Brett L. Gibbs and Attorney Morgan E. Pietz (ECF No. 178);
- Paul Hansmeier's Emergency Motion for Clarification and Reconsideration of the Court's June 6 Order, or in the Alternative, for an Order Staying Imposition of the June 6 Order Pending Appeal (ECF No. 180);
- Prenda Law's Notice of Appeal and Emergency Motion to the Ninth Circuit Court of Appeal Re: the District Court's Amended Order Denying in Part and Conditionally Granting in Part Respondent Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (ECF No. 181).

///

On June 11, 2013, the Court issued its Amended Order concerning the supersedeas-bond requirement. (ECF No. 177.) The order imposed additional conditions, including terms upon which the bond may be executed and an additional bond in the amount of $135,933.66. The order allowed the Prenda parties seven days to acknowledge these conditions and fourteen days to post the additional bond.[1] Upon reconsideration, the Court hereby extends both deadlines to July 15, 2013. Failure to meet this new deadline will result in the imposition of monetary sanctions. The Court will not consider any further motions to reconsider or stay enforcement in this matter.

Further, although the Prenda parties' bond was not posted with the Court until May 22, 2013—two days after the deadline—the Court finds that there was a good-faith effort on their part to obtain the bond. The bond was obtained on May 16, 2013. (ECF No. 174.) Therefore, the Court hereby **VACATES** its May 21, 2013 Order imposing sanctions of $1,000 per day, per person or entity as to each of the Prenda parties.

To the extent Paul Hansmeier's Emergency Motion and Prenda Law's Emergency Motion seeks relief not mentioned above, those Motions are **DENIED**. (ECF Nos. 180, 181.)

Finally, the Court notes that the posted bond conspicuously omits Gibbs as an obligee. The Court also recognizes Gibbs' inability to pay and his dissociation with the Prenda parties. But the Court cannot grant his stipulation with Defendant Doe as to the applicability of the bond: the Court cannot compel the Prenda parties to post a bond on Gibbs's behalf. (*See* ECF No. 178.)

In light of Gibbs' circumstances, the Court hereby **VACATES** its May 21, 2013 Order imposing sanctions as to Gibbs and waives the Rule 62(d) bond requirement as to Gibbs. Nevertheless, the Court notes that Gibbs remains jointly and

---

[1] The "Prenda parties" refer to the parties named as obligees on the bond posted on May 23, 2013: Ingenuity 13 LLC, John Steele, Paul Hansmeier, Paul Duffy, AF Holdings LLC, and Prenda Law, Inc. (ECF No. 174.)

severally liable with the Prenda parties for the May 6, 2013 sanctions and takes no position with respect to the enforceability of the Prenda parties' bond in the event Gibbs is the sole party ultimately found liable on appeal.

**IT IS SO ORDERED.**

June 17, 2013

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**