Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :  (310) 546-5301

Nicholas Ranallo (SBN 275016)
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
Telephone:  (831) 703-4011
Fax:              (831) 533-5073

Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

```
                FILED
        CLERK, U.S. DISTRICT COURT

             JUN 17 2013

        CENTRAL DISTRICT OF CALIFORNIA
        BY: ____CC____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN DOE,<br><br>   Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>Case Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669;<br>2:12-cv-6662; 2:12-cv-6668<br>**EXHIBIT 2 TO<br>NOTICE OF LODGING<br>EMERGENCY APPELLATE<br>MOTION AND RESPONSE** |

-1-
**EXHIBIT 2 TO NOTICE OF LODGING EMERGENCY APPELLATE
MOTION AND RESPONSE**

# EXHIBIT 2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC<br><br>    Plaintiff<br>and<br><br>PRENDA LAW, INC.,<br><br>    Movant-Appellant<br><br>v.<br><br>JOHN DOE,<br><br>    Defendant-Appellee. | Ninth Circuit Case No. 13-55881<br><br>[Related Ninth Circuit Case Numbers:<br>13-56028; 13-55859; 13-55871; 13-55880;<br>13-55882; 13-55883; 13-55884]<br><br>On appeal from the United States District<br>Court for the Central District of California,<br>C.D. Cal. No. 2:12-cv-8333-ODW<br>Honorable Otis D. Wright, II, District Judge<br><br>**RESPONSE TO EMERGENCY MOTION** |

- 1 -

## RESPONSE

The putative John Doe-appellee ("Doe") in this action, by and through counsel, hereby responds to the Emergency Motion Under Circuit Rule 27-3 filed by movant–appellant Prenda Law, Inc. on June 14, 2013 (ECF No. 9).

**(a)  Summary of Relevant Procedural History**

The case below, *Ingenuity 13, LLC v. John Doe*, C.D. Cal. No. 12-cv-8333-ODW, involves four attorneys (John Steele, Paul Hansmeier, Paul Duffy, and Brett Gibbs), their law firm (Prenda Law, Inc.), and their two purported "clients" (Ingenuity 13, LLC and AF Holdings, LLC) (collectively, the "Prenda Parties").

The district court, by its Order Issuing Sanctions dated May 6, 2013, severely sanctioned each of the Prenda Parties for their conduct of fraudulent copyright infringement litigation, awarding double attorneys fees to the putative John Doe defendant represented by undersigned counsel. C.D. Cal. No. 12-cv-8333 ECF No. 130. The attorney's fee award was made payable jointly and severally by all seven of the Prenda Parties. *Id.* In addition to awarding monetary sanctions, the district court made a number of devastating factual findings, and referred the four attorneys to the U.S. Attorney's Office and to the IRS Criminal Investigation Division for investigation. *Id.*

The Prenda Parties were ordered to pay the attorney's fees to undersigned counsel within 14-days. *Id.* They did not do so. Instead, they filed a first "emergency" motion, for a stay pending appeal directly to the Ninth Circuit, without first raising that issue in the district court, and without posting a bond. Ninth Cir. Case No. 13-55859, ECF No. 3, 5/16/13.[1] Undersigned counsel responded to that motion, opposing a stay with respect to the non-monetary aspects of the district court's sanctions order, but noting that *if an appropriate bond was first posted,*

---

[1] For the Court's convenience, a collection of the relevant pleadings and orders cited in this procedural history section, both from the case below (Nos. 170-184) and from the prior "emergency" appellate motion in a related appeal (Nos. 3, 4, 6) are attached as Exhibit 1.

*subject to appropriate conditions*, Doe would not oppose a stay pending appeal on the monetary portion of the court's order. *Id.* at ECF No. 4, 5/17/13. The Ninth Circuit motion panel denied the stay application without prejudice. *Id.* at ECF No. 6, 5/20/13.

Around the same time that the first emergency motion went to the Ninth Circuit, undersigned counsel attempted to meet and confer with all of the Prenda Parties regarding the appropriate amount and conditions on an appellate bond. C.D. Cal. No. 12-cv-8333, ECF No. 184 (meet and confer correspondence). The Prenda Parties essentially ignored this meet and confer attempt (responding with bellicose nonsense) (*see id.*) and proceeded to post a bond in an amount of their own choosing, without addressing any of the substantive issues Doe had raised, and subject to no conditions. *Id.* at ECF Nos. 170, 174. Doe responded to Prenda's motion to have their bond approved, asking that it be approved subject to certain conditions, and asking that an additional bond be required to secure costs on appeal, which Doe argued should include attorney's fees on appeal, since the underlying case is a copyright action, which provides for attorneys fees as part of the "costs." *Id.* at ECF No. 175; *see Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The district court agreed with Doe's arguments, and entered the proposed order drafted by undersigned counsel. C.D. Cal. No. 12-cv-8333 at ECF Nos. 176, 177.

Again, without any attempt to meet and confer, one of the Prenda Parties, Paul Hansmeier, then proceeded to file an "Emergency Motion for Clarification and Reconsideration"[2] of the district court's order conditionally approving the bond. *Id.* at ECF No. 180, 6/10/13.[3] Perplexingly, this motion to the district court seeking to

---

[2] Essentially, an improper ex parte application, since there is no provision for "emergency" motions under District Court Local Rules in the Central District of California.

[3] Although the "emergency" motion to the district court is dated June 10, 2013 on the docket, since it was paper filed, it was not actually transmitted on the docket until 3:27 P.M. June 12, 2013.

address the conditional approval of the appellate bond makes many of the same arguments now being simultaneously made to the Ninth Circuit motion here in the instant motion. *Id.* Doe duly responded to the district court "emergency" motion, within 24 hours, addressing most of the substantive points now being raised in two different courts at the same time. *Id.* at ECF Nos. 183, 184.

After waiting approximately 72 hours after first giving notice, while steadfastly refusing multiple requests to specify the date certain by which they would be seeking relief (*id.* at ECF No. 184), Prenda Law, Inc., through its special counsel, filed the instant "emergency" motion on Friday afternoon June 14, 2013.

**(b)    The Ninth Circuit Should Take No Action Until The District Court First Decides the Emergency Motion for Clarification and Reconsideration**

As a result of the Prenda Parties *continuing* bad faith, in response to Prenda's arguments on the bond issue, Doe has asked that the District Court strike plaintiff's complaint *with prejudice* as a sanction. *Id.* at ECF No. 183, pp. 3-6. If the district court does so, it would essentially moot the main issue about which the Prenda Parties are currently complaining: namely, whether their appellate bond should provide security for Doe's attorney's fees on appeal. Doe would therefore respectfully request that this Court take no action until the instant issues are determined in the first instance by the district court.

**(c)    Prenda's Emergency Motion Should, Eventually, Be Denied on the Merits**

In addition, there *has* been a "material alteration" of the legal relationship between the parties in that, as a direct result of the district court action, the Prenda Parties are all now being formally investigated for criminal misconduct. Thus, under the *highly* unusual factual circumstances of this case, Doe should be

considered a prevailing party under the Copyright Act, and that the bond for costs fees on appeal should include attorney's fees.[4]

Substantively, Doe will not repeat here the arguments already made to the district court on the questions now before both the district court and this court. Instead, this court is respectfully referred to the opposition below, at C.D. Cal. No. 12-cv-8333, ECF No. 183.

However, upon review of the instant emergency motion to the Ninth Circuit, Doe is compelled to address two additional points.

First, It is notable that the "emergency" two courts are being asked to address simultaneously is framed in terms of guarding against the *non-monetary* aspects of the sanction order taking effect (Rule 27-3 Certificate, at ECF No. 3-1). Specifically, Mr. Hansmeier, an attorney, complains that he will be irreparably harmed if the fact he has been found to have engaged in "brazen misconduct and relentless fraud" (C.D. Cal. No. 12-cv-8333 at ECF No. 130) would irreparably harm his legal career. *Id.* Although *that* is supposedly the "emergency," the majority of Mr. Hansmeier's briefing is then focused *not* on avoiding the inevitable reputational harm that will accrue given his role in Prenda's fraudulent litigation scheme, but rather on avoiding paying more money in the form of an appellate bond. With respect to the money, there is no "emergency"; either the bond should include attorney's fees on appeal, or not, but misusing two courts' ex-parte and emergency procedures is no way to go about seeking a reduction in the dollar amount of a bond.

Second, aside from conclusory statements in the Affidavit of Paul Duffy filed in this action (ECF No. 9-3)[5] there is no evidence whatsoever that the Prenda Parties cannot afford secure an additional bond in the amount ordered by the district court.

---

[4] This is no idle concern, given that the Prenda Parties have turned a single district court action into an eight-headed hydra on appeal, with seven different parties filing eight different, and apparently uncoordinated appeals, all dealing with the same subject matter.

[5] Tellingly, Mr. Duffy's affidavit was **not** filed in the collateral proceeding before Judge Wright, who is obviously already very familiar with Prenda's complex national operations.

Mr. Duffy avers that "Prenda Law is currently winding down its operations and is in the process of dismissing its remaining cases." *Id.* at ¶ 3. In marked contrast to Mr. Duffy's statement under penalty of perjury, another Prenda principal, John Steele, recently told the adult industry news outlet AVN just the opposite. According to a May 7, 2013 article in AVN, "For his part, Steele told AVN that it is his understanding that Livewire Holdings, one of the entities identified by Judge Wright—by way of an actual Prenda relationship chart included in the order—as being a member of the Prenda family, 'is filing multiple new cases this week.'"[6] Since being severely sanctioned, Prenda has continued its litigation scheme unabated—the only difference has been a move from copyright cases in federal courts, to cases filed in St. Clair County, Illinois, for state law "computer hacking" claims. Thus, when Mr. Duffy averred here that "Because Prenda law has not filed any new ***copyright infringement*** cases in several months," (*id.* at ¶ 4) (emphasis added) Prenda cannot pay an additional bond, he is pulling a fast one. Prenda has indeed largely given up filing *copyright infringement* suits, but they continue to file suits for "computer hacking" in state courts.[7] For example, in one case in St. Clair County, Illinois, that is still ongoing, Prenda has received leave to issue subpoenas to over 300 different Internet Service Providers, for information on perhaps tens of thousands of Internet users, from all over the country. *LW Systems, LLC v. Christopher Hubbard*, Circuit Court of St. Clair County, Illinois, No. 13-L-15. Exhibit 2. More recently still, on April 17, 2013, Mr. Duffy filed *Peg Leg Productions, LLC v. Charter Communications*, Circuit Court of St. Clair County, Illinois, No. 13-MR-142, which is yet another ***new*** suit where the Prenda lawyers are

---

[6] http://business.avn.com/articles/legal/Sanctioned-Copyright-Lawyer-Says-He-Will-Appeal-Judge-s-Order-516284.html  Exhibit 4. (*nsfw* due to ads).

[7] Once Prenda obtains Internet user information in a "computer hacking" case in state court, it then sends these people letters which threaten to tell their neighbors they are downloading pornography (unless they pay a settlement), and citing the copyright infringement statutory damage award in the Jamie Thomas-Rasset case as an example of the kinds of damages these people can expect to pay in their "computer hacking" cases. Exhibit 5.

seeking to threaten people with pornography allegations to leverage improper settlements. Mr. Duffy should be familiar with that case, since he signed the complaint. Exhibit 3. These kinds of misrepresentations are, unfortunately, entirely typical of Prenda Law, Inc. and its attorneys.

In short, before any court believes the Prenda Parties' protestations of poverty, they should require the Prenda Parties to share some hard numbers. Based on the St. Clair County, Illinois, cases alone, there can be little doubt that Prenda continues to engage in essentially the same scheme (albeit now in state court guise) that Judge Wright sanctioned them for in the instant proceedings. This factor, too, weighs heavily against staying the non-monetary aspects of the district court's sanctions order. The Prenda Parties have made clear that they will not stop or even pause their fraudulent litigation scheme, which makes the non-monetary parts of the district court's order here all the more appropriate.

For the foregoing reasons, Doe respectfully requests that the Ninth Circuit take no action on the instant "emergency" motion until the district court first resolves the collateral proceeding below addressing the same subject matter.

Respectfully submitted,
DATED: June 17, 2013

THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will send notification of such filing to all participants in the case who are registered CM/ECF users.

I further certify that some of the participants in the case are not registered CM/ECF users, and that I caused the foregoing to be mailed via the United States Postal Service to the non-CM/ECF participants listed in the "Service List" below.

Respectfully submitted,
DATED: June 17, 2013                         THE PIETZ LAW FIRM

                                             /s/ Morgan E. Pietz

                                             Morgan E. Pietz
                                             THE PIETZ LAW FIRM
                                             Attorney for Putative John Doe

## SERVICE LIST

Nicholas R. Ranallo
Law Offices of Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006

# EXHIBIT 1

Exhibit 1 - 1

ORIGINAL

FILED

2013 MAY 23 PM 4:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

Paul Duffy
2 N. LaSalle St., 13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136

*In Propria Persona*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY13 LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN DOE,<br><br>*Defendant*. | Case No. 2:12-cv-08333-ODW(JCx)<br><br>**PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 AND MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES**<br><br>Date: June 24, 2013<br>Time: 1:30 p.m.<br><br>Judge: Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian |

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, movant Paul Duffy ("Duffy") respectfully requests that the Court approve the supersedeas bond, which was posted with the District Court on May 22, 2013,[1] and thereby stay enforcement of the May 6, 2013, and the May 21, 2013, Orders imposing monetary sanctions and penalties. The May 6, 2013, sanctions award (Dkt. 130) was in the amount of $81,319.72. In its May 21, 2013, Order assessing further penalties and

---

[1] A true and correct and conformed copy of which is attached hereto as Exhibit A.

1

PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 MAY 21
ORDERS IMPOSING SANCTIONS AND PENALTIES

Exhibit 1 - 2

denying Prenda Law, Inc.'s Application for a Stay of the Proceedings (Dkt. 164), the Court indicated that it would approve a supersedeas bond in the amount of the May 6, 2013, sanctions order.[2] Movant attempted to meet and confer with opposing counsel Morgan Pietz on the type and amount of the bond. A compromise could not be reached, but this Court's May 21, 2013, Order thereafter delineated the requirements for a supersedeas bond. The moving party believes that the bond posted with the Court on May 22, 2013, satisfies the requirements of the Court's May 21 Order, and that the amount will cover both the Court's original May 6, 2013, sanctions order and the imposition of penalties in the May 21, 2013, Order. *See* Exhibit A.

Duffy respectfully requests that the Court approve the supersedeas bond and grant the requested stay of enforcement of the May 6 and May 21 Orders. Under Ninth Circuit law, the purpose of a supersedeas bond is to secure an appellee from a loss that may result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The posting of a bond protects the prevailing party from the risk of a later uncollectible judgment and compensates for delay in the entry of the final judgment. *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

Duffy believes the form and bond of surety to be acceptable to the Clerk's office because (1) the surety, SureTec Insurance Company, is approved by the United

---

[2] The principal amount of the bond posted is $101,650.00. The overage amount is intended to cover the additional sanctions imposed by the Court in its May 21, 2013 order. Because the sanctions calculation was subject to different interpretations, the bond, out of an abundance of caution was in the amount of 125% of the original sanctions award.

2
PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES

Exhibit 1 - 3

States Department of the Treasury, Bureau of Financial Management (*see https://www.federalregister.gov/articles/2012/07/02/2012-15800/companies-holding-certificates-of-authority-as-acceptable-sureties-on-federal-bonds-and-as,* "Companies Holding Certificates of Authority as Acceptable Sureties on Federal Bonds and as Acceptable Reinsuring Companies," U.S. Department of the Treasury, July 2, 2012); and (2) the agent of the surety resides in the District and has executed the bond as attorney-in-fact. (*See* Exhibit A.) The bond thus provides the appellee with protection while Duffy pursues his right to appellate review. The undersigned therefore respectfully requests that the Court approve the bond and issue an order staying the enforcement of the May 6, 2013, and May 21, 2013, Orders imposing sanctions and penalties upon Duffy.

For the foregoing reasons, Duffy resbond Motionpectfully requests that this Court grant this Motion and approve the supersedeas bond posted with the Court on May 22, 2013, and stay enforcement of the Court's orders imposing sanctions and penalties pursuant to Rule 62(d) of the Federal Rules of Civil Procedure.

DATED: May 23, 2013           By: _____
                              Paul Duffy
                              2 N. LaSalle St., 13th Floor
                              Chicago, IL 60602
                              Telephone: (312) 952-6136
                              *In Propria Persona*

3
PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES

Exhibit 1 - 4

## SureTec Insurance Company

THE UNITED STATE DISTRICT COURT, __CENTRAL__ DISTRICT OF __CALIFORNIA__

INGENUITY 13 LLC,
   Plaintiff,

v.

JOHN DOE,
   Defendant.

COPY

No. 1:12-cv-9333-ODW(JCx)

UNDERTAKING FOR _____

Appeal

WHEREAS, the above named Ingenuity 13 LLC, John Steele, Paul Hansmeier, Paul Duffy, AF Holdings LLC & Prenda Law Inc. desire(s) to give undertaking for __Supersedeas__ as provided by section __917.1__ of __California__ Code of Civil Procedure and as provided by applicable rules of the Federal Rules of Civil Procedure.

NOW, THEREFORE, the undersigned surety, does hereby obligate itself, jointly and severally to John Doe under said statutory obligations in the sum of One Hundred and One Thousand, Six Hundred and Fifty and NO/100's ------ Dollars ($101,650.00).

IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the part of the Surety, the Court may, upon notice to it of not less than ten days, proceed summarily and render judgment against it in accordance with their obligation and award execution thereon.

Signed, sealed and dated this __16th__ day of __May__, __2013__.

BOND NO. __3347707__

PREMIUM: __$1017.00__

BY: _Justin Buenaventura_   Attorney-in-fact

SureTec Insurance Company
3033 5th Ave., Ste 300
San Diego, CA 92103

LODGED
CLERK, U.S. DISTRICT COURT

MAY 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY

Exhibit 1 - 5