John Steele
1111 Lincoln Road
Suite 400
Miami Beach, FL 33139

*Pro Se*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

INGENUITY 13 LLC,

      *Plaintiff,*

  v.

JOHN DOE,

      *Defendant.*

CASE NO. 2:12-CV-8333-ODW (JCx)

Judge:         Hon. Otis D. Wright, II
Magistrate Judge:  Hon. Jacqueline Chooljian

**JOHN STEELE'S EMERGENCY MOTION TO VACATE ORDERS AND FOR ORDER TO SHOW CAUSE**

## INTRODUCTION AND SUMMARY

John Steele ("Movant") recently reviewed the docket in this matter and was shocked to learn that attorneys Pietz and Ranallo have been submitting scores of papers to the Court over the past month without serving him. Movant has been proceeding in this case *pro se* since May 17, 2013, and has not received a single document from attorneys Pietz and Ranallo since then. Movant conferred with other *pro se* persons and learned that they did not receive documents from attorneys Pietz and Ranallo either. The attempt by attorneys Pietz and Ranallo to systematically deny *pro se* persons their right to be heard is a critical due process violation that the Court must swiftly address. Attorneys Pietz and Ranallo have sought, *inter alia,* an appellate attorneys' fee bond in the amount of $135,933.66 and onerous bond conditions, but the *pro se* persons have not been afforded an opportunity to challenge those efforts. Accordingly, Movant respectfully requests that the Court vacate its order requiring the "Prenda parties" to post an additional bond in the amount of $135,933.66, its order requiring the "Prenda parties" to consent to new bond conditions, and to order attorneys Pietz and Ranallo to show cause for why they should not be sanctioned for their brazen misconduct.

1    Emergency consideration of this motion is appropriate because Movant is facing crippling

2  monetary sanctions if he does not comply with orders that were obtained *ex parte*. (*See* ECF 189)

3  (threatening the imposition of monetary sanctions if Movant does not post an additional bond in the

4  amount of $135,933.66 and agree to additional conditions regarding the bond by July 15, 2013.)

5  **I.    ATTORNEYS PIETZ AND RANALLO HAVE FAILED TO SERVE THE PAPERS**

6       **THEY HAVE SUBMITTED IN THIS MATTER ON PERSONS APPEARING *PRO SE***

7       Service of papers (other than the summons and complaint) on *pro se* persons must be made

8  by: (1) handing it to the person; (2) leaving at the person's office or dwelling; or (3) mailing it to the

9  person's last known address. Fed. R. Civ. P. 5. Other methods of service are acceptable only if the

10  person being served has consented in writing to the proposed method. *Id.* The Local Rules of this

11  Court require service in accordance with Fed. R. Civ. P. 5 for individuals not registered for the

12  district court's CM/ECF System. L.R. 5-3.2. Further, a proof of service on such individuals in the

13  form required by Local Rule 5-3.1.2 must accompany each of these papers. *Id.*

14       In this matter, attorneys Pietz and Ranallo have brazenly violated the service mandates of the

15  Federal Rules of Civil Procedure and the Local Rules of this Court. A cursory review of the papers

16  they submitted shows that they did not serve their papers on *pro se* persons. (*See, e.g.,* ECF No. 69)

17  (failing to attach proof of service); (ECF No. 70) (same); (ECF No. 74) (same); (ECF No. 75)

18  (same); (ECF No. 76) (same); (ECF No. 77) (same); (ECF No. 78) (same); (ECF No. 79) (same);

19  (ECF No. 80) (same); (ECF No. 102) (same); (ECF No. 111) (attaching a proof of service, but

20  failing to include *pro se* persons on the service list); (ECF No. 117) (failing to attach proof of

21  service); (ECF No. 118) (same); (ECF No. 119) (same); (ECF No. 124) (same); (ECF No. 148)

22  (same); (ECF No. 175) (same); (ECF No. 183) (same); (ECF No. 184) (same); (ECF Nos. 190-191)

23  (same.)

24       The conclusion that attorneys Pietz and Ranallo failed to serve their papers on the *pro se*

25  persons is supported by the Declaration of Morgan E. Pietz Re: Fees and Costs. (ECF No. 102.) In

26  his declaration, Mr. Pietz conspicuously declines to seek recovery for service costs with respect to

27  *pro se* persons. (*See* ECF No. 102-1 at 15-16.) Mr. Pietz's failure to seek recovery for these costs

28

1    was not an act of generosity. (*See, e.g., id.* at 16) (seeking recovery of $10 in advanced costs for

2    Blair Chintella's "Gas/Paper/Toner".) The Declaration of Nicholas Ranallo Re: Fees and Costs also

3    fails to seek recovery for *pro se* service costs. (*See id.* at 20-22.) Finally, the persons who appeared

4    *pro se* in this matter have affirmed that attorneys Pietz and Ranallo failed to serve papers on them.

5    **II.     THE FAILURE OF ATTORNEYS PIETZ AND RANALLO TO SERVE *PRO SE***

6    **PERSONS WITH PAPERS IS A SEVERE DUE PROCESS VIOLATION**

7         "The fundamental requisite of due process of law is the opportunity to be heard." *Goldberg v.*

8    *Kelly*, 397 U.S. 254, 267 (1970) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). Movant has

9    been denied his due process right to be heard because these proceedings have been conducted *ex*

10   *parte* with respect to him ever since May 17, 2013, when his counsel withdrew from representation.[1]

11   Since that date Mr. Steele has not been served with any paper by attorneys Pietz or Ranallo. Yet,

12   attorneys Pietz and Ranallo have filed papers asking the Court to impose an enormous additional

13   bond on Movant (ECF 175), to require Movant to consent to onerous bond conditions (*id.*), to have

14   the Court strike the plaintiff's complaint as a further sanction (ECF No. 183), and to define "Prenda

15   parties" as including Mr. Gibbs (*id.*).

16         Movant has not had an opportunity to respond to any of these efforts and now finds himself

17   in a position where he is facing crippling monetary sanctions if he fails to comply with requests that

18   were granted *ex parte*. The Star Chamber tactics of attorneys Pietz and Ranallo have no place in a

19   United States district court. Due process concerns are particularly strong where, as here, the Court

20   adopted the putative John Doe's proposed order without alteration. (*See, e.g.,* ECF No. 176)

21   (adopting the putative John Doe's proposed order, including his counsel's signature block); (*see also*

22   ECF No. 177) (amending the proposed order to remove the signature block, footer text and

23   emphasis.)

24         The fact that other persons may have submitted papers to oppose the efforts of attorneys

25   Pietz and Ranallo is meaningless. The oppositions were submitted by individuals whose interests

26

27   _____

[1] For the sake of clarity, Mr. Steele has been served with papers filed by Messers. Hansmeier and
28   Duffy and those filed by Prenda Law, Inc.

1 diverge from Movant's.  Prenda Law, Inc., Mr. Duffy and Mr. Hansmeier, for example, sought
2 independent representation from Movant during the order to show cause proceedings.

3 **III.   THE BRAZEN MISCONDUCT OF ATTORNEYS PIETZ AND RANALLO**
4 **DEMANDS A COMMENSURATE SANCTION**

5 This Court should take a hard line against the brazen misconduct of attorneys Pietz and
6 Ranallo.  Submitting scores of papers to the Court without serving them on opposing persons does
7 not just smack of fraud—it is fraud.  The order to show cause proceedings and subsequent bond
8 proceedings have been conducted *ex parte* with respect to *pro se* individuals.  An inadvertent failure
9 to serve a paper or two might be the product of an innocent oversight; an unbroken pattern of doing
10 so is fraud on the court.[2]

11 The integrity of the judicial system depends on the proper functioning of the adversary
12 process.  Courts place trust in litigants to serve one another with their papers.  When licensed
13 attorneys maliciously disregard this fundamental obligation, a court may find that "the very temple
14 of justice has been defiled." *Universal Oil Co. v. Root Rfg. Co.*, 328 U.S. 575, 580 (1946).  In such
15 circumstances, this Court may disbar those admitted to practice before it, impose monetary sanctions
16 and order remedial measures. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).

17 At a minimum, Movant respectfully requests the Court to vacate the imposition of the
18 $135,933.66 attorneys' fee bond, vacate the imposition of new bond conditions, refer attorneys Pietz
19 and Ranallo to the Standing Committee on Discipline of the United States District Court for the
20 Central District of California, and order attorneys Pietz and Ranallo to properly serve every paper
21 submitted in this matter on every *pro se* person.  Further, the Court should impose monetary
22 sanctions on attorneys Pietz and Ranallo in an amount that will help reimburse the *pro se* persons for

23
24
25 [2] Notably, this is not the only attempt by attorneys Pietz and Ranallo to subvert the adversary
26 process.  In the "Stipulation Between Movant Brett L. Gibbs and Attorney Morgan E. Pietz" (ECF 178), Pietz and Ranallo colluded with Gibbs to seek affirmative relief against the "Prenda parties"
27 without using proper motion procedures.  This was an attempt to defraud the Court because Pietz, Gibbs and Ranallo all benefited from the proposed stipulation while the "Prenda parties" stood to
28 lose, thus necessitating notice and an opportunity to be heard.

1  the attorneys' fees they incur in evaluating their legal position in light of attorney Pietz's and
2  Ranallo's fraud on the Court.

3  The undersigned has conferred with prospective counsel and learned that a $10,000.00
4  retainer will be required to procure legal advice on addressing the brazen misconduct of attorneys
5  Pietz and Ranallo. Because there are ten[3] *pro se* persons affected by the service failures, the grand
6  total compensatory sanction imposed on attorney Pietz and Ranallo should be $100,000.00. The
7  Court has placed enormous trust in attorneys Pietz and Ranallo to conduct themselves according to
8  the highest ethical standards in this proceeding. Attorneys Pietz and Ranallo have betrayed that
9  trust.

## CONCLUSION

11  The Court should vacate the orders described herein and impose sanctions on attorneys Pietz
12  and Ranallo.

16  DATED: June 21, 2013

Respectfully submitted,

John Steele
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139
*Pro Se*

---

26
27
28

[3] The ten *pro se* persons affected by the brazen misconduct of attorneys Pietz and Ranallo are: (1) John Steele; (2) Paul Duffy; (3) Paul Hansmeier; (4) Mark Lutz; (5) Angela Van Den Hemel; (6) Peter Hansmeier; (7) AF Holdings, LLC; (8) Ingenuity13, LLC; (9) Livewire Holdings, LLC; and (10) 6881 Forensics, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INGENUITY 13 LLC, | CASE NO. 2:12-CV-8333-ODW (JCx) |
| *Plaintiff,* | |
| v. | Judge:  Hon. Otis D. Wright, II<br>Magistrate Judge:  Hon. Jacqueline Chooljian |
| JOHN DOE, | |
| *Defendant.* | **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.

My address is 1111 Lincoln Road, Suite 400, Miami Beach, FL 33139.  I have caused service of:

**JOHN STEELE'S EMERGENCY MOTION TO
VACATE ORDERS AND FOR ORDER TO SHOW CAUSE**

On the following parties via U.S. Mail first-class, postage prepaid:

| PARTIES | COUNSEL OF RECORD/PRO SE |
|---|---|
| Prenda Law, Inc.<br>161 N.Clark St. Ste. 3200<br>Chicago, IL 60601 | Klinedinst PC<br>501 West Broadway, Suite 600<br>San Diego, California 92101<br>Telephone: (619) 239-8131<br>Fax: (619) 238-8707<br>e-mail: hrosing@klinedinstlaw.com<br>e-mail: dmajchrzak@klinedinstlaw.com |
| Ingenuity13, LLC<br>Springates East<br>Government Road<br>Charlestown, Nevis | Pro Se |
| Livewire Holdings, LLC<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| 6881 Forensics, LLC<br>Springates East<br>Government Road<br>Charlestown, Nevis | Pro Se |
| AF Holdings, LLC<br>Springates East<br>Government Road | Pro Se |

6

| | |
|---|---|
| Charlestown, Nevis | |
| Brett L. Gibbs<br>38 Miller Avenue, #263<br>Mill Valley, CA94941 | Pro Se |
| Mark Lutz<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Paul Duffy<br>2 N. La Salle St. St., 13th Floor<br>Chicago, IL 60602 | Pro Se |
| Paul Hansmeier<br>Alpha Law Firm, LLC<br>900 IDS Center<br>80 South 8th St.<br>Minneapolis, MN 55402 | Pro Se |
| Peter Hansmeier<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Angela Van Den Hemel<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310)546-5301 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 21, 2013.

Signature