**HELLER & EDWARDS**
Lawrence E. Heller, Esq. - Bar No. 69770
lheller@hellerandedwards.com
9454 Wilshire Boulevard, Suite 500
BEVERLY HILLS CA 90212-2982
Telephone: (310) 550-8833
Facsimile: (310) 858-6637

Specially Appearing for Morgan E. Pietz and Nicholas Ranallo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>Defendant. | USDC Case No.: 2:12-cv-08333-ODW-JC<br>[Consolidated with Case Nos. 2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO STEELE'S MOTION FOR RECONSIDERATION AND RELATED "NOTICES"; COUNTER MOTION TO STRIKE AND FOR SETTING AN OSC RE: SANCTIONS<br>[ECF Nos. 201, 202, 203, 204, 205]<br><br>[Filed concurrently with the Declarations of Lawrence E. Heller and Morgan E. Pietz]<br><br>DATE: July 12, 2013<br>TIME: 11:00 a.m.<br>Courtroom: 11 [The Honorable Otis D. Wright] |

//
//
//
//
//
//
//
//

TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................. 1

II. MOVING PARTY'S MOTION FOR RECONSIDERATION IS IMPROPER BECAUSE IT FAILS TO PRESENT ANY NEW EVIDENCE ........................... 3

III. STEELE HAS VIOLATED HIS DUTY TO MAINTAIN UPDATED CONTACT INFORMATION WITH THE COURT ................................... 5

IV. MORE DOCTORED DOCUMENTS, MORE LYING ..................... 6

    A. Purposefully Omitted Email Header on Steele's Exhibit 1 ............... 6

    B. Proof of Steele Had Actual Notice on the Bond Issue .................. 7

V. STEELE SHOULD BE SANCTIONED ................................ 10

VI. CONCLUSION ................................................... 11

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ausmus v. Lexington Ins. Co.*
    (S. D. CAL 2007) 2009 WL 2058549, *2 .................................................. 3, 4

*Costello v. United States Gov't*
    (C.D. Cal 1991) 765 F. Supp 1003 .......................................................... 4

*Kona Enterprises, Inv. v. Estate of Bishop*
    (9th Cir. 2000) 229 F.3d 877 ................................................................... 4

*National Ecological Found. v. Alexander*
    (6th Cir. 2007) 477 F.3d 466 .................................................................. 3

*Orange St. Partners v. Arnold*
    (9th Cir. 1999) 179 F.3d 656 .................................................................. 4

*School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*
    (9th Cir. 1993) 5 F.3d 1255, 1263 ......................................................... 3, 4

*Siegsworth v. City of Aurora*
    (7th Cir. 2007) 487 F.3d 506 .................................................................. 3

*Wallis v. J.R. Simplot Co.*
    (9th Cir. 1994) 26 F.3d 885 .................................................................... 3

STATUTES

Federal Rules of Civil Procedure, Rule 11(b)(1-4) ........................................... 10
                            Rule 59(e) ............................................................ 3
                            Rule 60(b) ........................................................... 3

Opposition to Steele Motion.wpd

## I. **INTRODUCTION**

One might imagine that after being severely sanctioned by this court for what amounts to no less than a criminal enterprise which exploited an unknowing court system in order to extort an innocent citizenry, John Steele and his cohorts would think twice before filing frivolous and procedurally defective motions.[1] One might imagine. Instead, apparently relying on the misguided maxim (at least in this instance) that the best defense is a good offense, Mr. Steele has filed a one-page document, which he styles as a "Motion for Reconsideration," predicated on his assertion that an email from attorney Morgan Pietz "may cause the court to reconsider its position." (Motion 1:17-18). Not surprisingly Mr. Steele's "Motion for Reconsideration"[2] cites no legal authority whatsoever.

To begin with, a motion for reconsideration must be predicated on newly-discovered, material evidence, or new law. *See* L.R. 7-18. Specifically,

> "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18.

---

[1] Mark Lutz, Paul Hansmeier and Peter Hansmeier have filed what they call "Notices to the Court," which are unsworn pleadings which attempt to evidence that they have not received certain pleadings since going pro se. Among numerous other defects, these "Notices" are neither verified, nor sworn to under penalty of perjury and, to the extent they have any evidentiary value at all, should be struck or at least wholly ignored.

[2] The motion for reconsideration was originally filed at ECF No. 201. However, Steele omitted the June 23rd email from the original Motion for Reconsideration. Thereafter, Steele filed an "Amended" Motion for Reconsideration at ECF No. 205, which was exactly the same as the original motion, except that someone hand wrote the word "Amended" across the caption, and it contains the missing Exhibit 1 email.

But Mr. Steele makes no attempt to explain to the court in what manner the Pietz email constitutes "new evidence", or why Steele couldn't have obtained that "evidence" prior to filing the original "Emergency Motion to Vacate Orders and For Order to Show Cause" (ECF No. 197, 6/21/13) ("Motion to Vacate").

Mr. Steele's argument in the Motion to Vacate was that his due process rights were denied because, after going pro se on May 17, 2013, he was not served (by mail) with papers filed by Pietz. His argument now on reconsideration is exactly the same, except for the addition of the June 23 email from Pietz to the Prenda parties. But the June 23 email does not contain any new facts; it merely confirms what Steele argued on the Motion to Vacate. Moreover, the evidence that Steele now urges as a basis for reconsideration was never disputed by Pietz, and was presumably the exact evidence the Court considered when it summarily denied the Motion to Vacate. A new email confirming an old fact is not the same as the disclosure of a new, material fact. The latter is the standard for reconsideration, and the June 23rd email from Pietz to Steele et al. Comes nowhere close to meeting that standard (see Section II below).

In the Motion to Vacate, Steele's "evidence" was that Pietz supposedly "submitted *scores of papers*. . .without serving him." (Motion to Vacate 1:15-16–bolding added). In the Motion for Reconsideration, he similarly argues that "Pietz and Ranallo have fraudulently invoked the Court's coercive power by filing <u>requests for relief</u> without notifying [Steele] and others." But the truth is that since Steele and his contingent went pro se around May 16, 2013, Pietz has filed two documents which were served by CM/ECF only. Neither of the documents at issue were "requests for relief;" rather, they were an *opposition* to Paul Hansmeier's motion for approval of the bond (ECF No. 175. 6/3/2013) and an *opposition* to Prenda Law, Inc.'s motion for reconsideration on the bond (ECF Nos. 183 and 184, 6/13/2013).

Moreover, as shown below, it is actually Steele and his fellow conspirators who are in violation of the Court's rules respecting the notification of change of contact information. *See* L.R. 83-2.4. When those parties completed Substitution of Attorney forms releasing their special counsel, they declined to provide email addresses, fax numbers, and telephone numbers, as required by rule. *See id.;* ECF No. 143-1 (Steele's Proposed Order on Request for Approval of

Substitution of Attorney)[3] (see Section III below).

Exacerbating the frivolousness of Steele's motion is that Steele apparently once again has submitted a doctored document and engaged in intentional misrepresentations to this court in furtherance of the motion (see Section IV below).

Although already sanctioned by this court, it is clear that neither Steele nor his contingent have learned their lesson. As frivolous as Steele's motion is, Pietz and Ranallo were compelled to retain outside counsel to defend it. Pietz and Ranallo should be compensated for having to respond to this baseless motion through the court's issuance, on its own initiative, of an OSC re: Sanctions or, alternatively, through the court's setting of a hearing date for Pietz and Ranallo to have their Rule 11 sanctions motion heard (see Section V below).

It must be said: finally, enough is enough!

## II. MOVING PARTY'S MOTION FOR RECONSIDERATION IS IMPROPER BECAUSE IT FAILS TO PRESENT ANY NEW EVIDENCE

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration" Rather, such motions are treated as motions to alter or amend a judgment or order under Rule 59(e), or motions for relief from judgments or orders under Rule 60(b). Steele's motion would arguably fall into the former category.

It is axiomatic that motions for reconsideration are not vehicles for relitigating old issues, unless the arguments or evidence was not available earlier. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Circuit, 2007); *National Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir., 2007).[4]

> "Reconsideration under Rule 59(e) is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the

---

[3] Steele declines to provide phone, email and fax. Some of the others just miss one or two categories of information.

[4] See also, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n. 6 (9th Cir. 1994): "Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."

controlling law.'" *Ausmus*, 2009 WL 2058549, *2 (quoting *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) provides for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). See also *Ausmus*, 2009 WL 2058549, *2 ("A Rule 59(e) motion 'should not be granted absent highly unusual circumstances'") (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

"A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, *2 (S.D. Cal. 2007). This rule reflects the Court's interest in "preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F.Supp. 1003, 1009 (C.D.Cal 1991).

Steele's "new" evidence is an email sent by Pietz on June 23, 2013 which Steele argues "admits that (Pietz) has not served any of the *pro se* persons in this case with any papers." (Motion 1:18-19).[5] But, of course, Steele knew at the time he filed his initial Motion to Vacate on June 21, 2013 that papers were being filed by Pietz and others (<u>including apparently by this court</u>) that were only served through the court's e-filing system. Indeed, in his Motion to Vacate Steele specifically asserts that "the conclusion that attorneys Pietz and Ranallo failed to serve their papers on the *pro se* litigants is supported by the Declaration of Morgan E. Pietz Re: Fees and Costs (ECF 102). In his declaration Mr. Pietz conspicuously declines to seek recovery for services with respect to *pro se* persons." (Motion to Vacate 2: 24-27).

It is accordingly beyond cavil that Steele knew prior to filing his Motion to Vacate, and that he specifically asserted therein, that Pietz failed to serve him documents after he went pro

---

[5] From this pleader's vantage point Pietz' email can only be considered the exercise of a professional courtesy towards opposing counsel. "Having been alerted to the problem" (that Steele and his colleagues were supposedly no longer receiving ECF filings) Pietz states that, if only he had been previously advised, he would "have been happy to get that taken care of that for you." He then states that his secretary will henceforth serve Steele and the others with paper copies of future filings and offers to do so by email since the mailing costs "are likely to be taxed as part of the bond" which Steele and the others have just posted.

se, other than electronically. Pietz' June 23rd email, although sent after the Motion to Vacate was filed and denied, does not even remotely constitute "new" evidence. At best, it is a reaffirmation of the basis of Steele's initial motion. Accordingly, the motion is improper and <u>for that reason alone</u> must be denied out of hand by the court.

### III. STEELE HAS VIOLATED HIS DUTY TO MAINTAIN UPDATED CONTACT INFORMATION WITH THE COURT

All litigants, including pro se litigants, must provide the Court and all parties with full contact information, including telephone and email address,

> *"Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.* A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." L.R. 41-6.

Further, in the event of a change in a pro se litigants contact information, he or she must update the Court and serve notice on all parties in any pending actions,

> *"Notification of Change of Name, Address, Firm Association, Telephone Number, Facsimile Number or E-Mail Address.* . . An attorney who is a member of the bar of this Court or who has been authorized to appear in a case in this Court, and any party who has appeared pro se in a case pending before the Court, and who changes his or her name, office address (or residence address, if no office is maintained), law firm association (if any), <u>telephone number, facsimile number, or e-mail address must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties.</u>"

1  L.R. 83-2.4 (underlining added).

2  As evidenced by his motion to substitute in pro se, in the place of prior special counsel (who was registered for CM/ECF service) John Steele has not provided this Court, or the putative Doe defendant with complete contact information. ECF No. 143-1. Steele omits his telephone number, email address, and fax number, although he surely has one of each. *Id.* Steele, after all, is still an attorney, and is required to maintain that kind of information with the Illinois Attorney Registration & Disciplinary Commission.[6]

Moreover, Steele himself has submitted evidence to this Court definitively establishing that he maintains at least the email address: johnlsteele@gmail.com. Specifically, in his "Amended" Motion For Reconsideration (ECF No. 205, pp. 6-7), Steele for the first time attaches as Exhibit 1 the email which he omitted from the original Motion for Reconsideration (ECF No. 201), and which he swears, under penalty of perjury, that he received at the said email address. Steele's submission of the June 23rd email confirms that he does in fact have an email account he has used recently, and that he is therefore in violation of L.R. 41-6 and L.R. 83-2.4, for failing to provide that email address to the Court and to all parties. Similarly, Steele's Illinois ARDC page lists a phone number; so he has one of those too, which he has also neglected to provide to the Court or the parties. There can be little doubt that he also has a fax number he failed to disclose. In view of Steele's violations of the local rule designed to facilitate service of process, the instant motion is clearly brought in bad faith.

## IV. MORE DOCTORED DOCUMENTS, MORE LYING

### A. Purposefully Omitted Email Header on Steele's Exhibit 1

In view of Mr. Steele's sworn assertion that he actually did receive the June 23rd email from Pietz,[7] it is thus surprising that the email in question, which was sent to johnlsteele@gmail.com, immediately <u>bounced back</u> to sender from that address. (*See* Pietz Dec'l., Exhibit 1). In light of the bounce-back, there are only two possibilities: (i) either Steele

---

[6] http://www.iardc.org/lawyersearch.asp.

[7] Specifically, Steele avers, "Attached hereto as Exhibit A is a true and correct copy of an e-mail <u>I received</u> from Morgan E. Pietz on June 23, 2013." *See* ECF No. 205, p. 5 and Exhibit A (underline added).

has somehow configured his Gmail account to automatically respond with false "Delivery to the following recipient failed permanently" messages to all emails he receives, even though he actually does receive the messages; or (ii) as seems more probable, Steele did not receive the June 23rd email directly, but rather it was forwarded to him by one of his cronies who was also included on Pietz's email chain. A close look at the top of Steele's Exhibit A shows partial text remnants[8], Moreover, the email is of an abnormally small size. Both of these facts strongly suggest <u>that a header has been cutoff at the top of the email to conceal how it was received</u>. It seems apparent that Steele has purposefully omitted an email header, which would presumably show one of his co-conspirators forwarding the June 23rd message from Pietz to whatever new email address Steele is using nowadays.

      Since Steele's motion, as well as his sworn affidavit, tacitly rely upon the premise that he has not been in close contact with Paul Hansmeier, Paul Duffy, and counsel for Prenda Law, Inc., about the bond issue since going pro se, one can certainly understand why he may have been tempted to cut out the header showing him communicating with these people. In other words, in what would seem to be a truly staggering—and foolish—bit of chutzpah, Steele appears to have once again tried to slip a doctored document past this Court in the hopes of getting his way.

      Further, given that the johnlsteele@gmail.com email address was used by "someone" to register certain Internet domain names to "Alan Cooper" at a Phoenix residence where Steele's sister lived with Anthony Saltmarsh,[9] there can be little question as to why Steele might have been tempted to discontinue using that account. Using that email address potentially links Steele to criminal identity theft activity. <u>However, thanks to his recent filing, Mr. Steele has now sworn, under penalty of perjury, that he has recently received email sent to johnlsteele@gmail.com, even though that may be perjury.</u>

    **B.**    <u>**Proof Steele Had Actual Notice on the Bond Issue**</u>

---

[8] Above where it says "1 message."

[9] See <u>Exhibit T</u> previously filed at ECF No. 53-1, p. 53 (but not received into evidence).

1  Another email from Steele, on which he may have copied Pietz inadvertently, further and
2  fatally undermines Steele's instant motion, and shows that the entire issue now before the Court
3  is (again) brought in bad faith.[10]

4  According to Steele's initial Motion to Vacate, filed June 21, 2013, Steele "*recently*
5  reviewed the docket in this matter and was shocked to learn that attorneys Pietz and Ranallo have
6  been submitting scores of papers to the Court over the past month without serving [Steele]."
7  (emphasis added). Specifically, Steele points to two pleadings by Pietz (ECF Nos. 175 and 183)
8  which Steele complains he had "not had an opportunity to respond to", namely papers where
9  Pietz and Ranallo:

> "ask[ed] the Court to impose an enormous additional bond on Movant (ECF No.
> 175), to require Movant to consent to onerous bond conditions (*id.*), to have the
> Court strike plaintiff's complaint as a further sanction (ECF No. 183), and to
> define "Prenda parties" as including Mr. Gibbs (*id.*)" ECF No. 197, p. 3:11–15.[11]

14 However, through what may have been an inadvertent slip-up, there is compelling
15 evidence that Steele was actually aware, or should have been aware of ECF No. 175 (Pietz's
16 opposition to Duffy's motion to approve the initial bond) since at least June 14, 2013. On May
17 23, 2013, Paul Duffy filed his motion to have the bond he posted on behalf of all Prenda parties
18 other than Gibbs approved by this Court (ECF No. 171).[12] On June 3, 2013, Pietz filed a
19 response asking that the bond be conditionally approved, subject to certain conditions, and
20 subject to the posting of an additional bond (ECF No. 175). It is this document, ECF No. 175,
21 from early June, which Steele would later say he was denied an opportunity to respond to. On
22 June 6, 2013, the Court entered the proposed order submitted with the response, conditionally
23 approving the bond, as requested by Pietz (ECF No. 176). On June 11, 2013, Prenda Law, Inc.

---

[10] The additional email also establishes that John Steele has also recently been *sending* emails from johnlsteele@gmail.com, not just *receiving* email at that address.

[11] To the extent Steele's motion makes any sense, his complaint seems to be that he was not served those two documents, both of which, as noted above, were *oppositions* to motions filed by parties other than Steele, and both dealt with the bond issue.

[12] Although this motion was file-stamped on May 23, 2013, it was not actually served via ECF until May 29, 2013.

through associate Philip Vineyard of the Kleindinst Firm, announced by email to all parties (including to johnlsteele@gmail.com) that they would be appealing the Court's order on the bond (i.e. appealing ECF No. 176) and filing an emergency motion seeking relief from the Ninth Circuit on that issue. (Pietz Dec'l., Exhibit B.)

By itself, the email from Philip Vineyard to Steele et al. Would have been sufficient to put Steele on notice of the fact that proceedings were underway in the District Court on the bond issue. *See id.* at pp. 1-2. The fact that Prenda was appealing the issue would also have put Steele on notice that the bond proceedings had not gone as his similarly situated counterparts may have hoped. However, that is not all that happens on the email thread.

On June 14, 2013, at 9:54 AM, Mr. Vineyard circulated to all parties what he styled a "pre-executed version of Prenda Law's emergency motion to the Ninth Circuit" on the bond issue. *Id.* at p. 11.

About a half hour later, at 10:20 AM, John Steele wrote back to Mr. Vineyard, copying Pietz, saying,

> "Philip,
>
> Great motion. On page 5, I want to take issue with the bottom of the page, right before footnote 23. No one that I am aware of (on our side) stated that Prenda or anyone else had a policy of demanding a settlement amount just low enough to avoid legal action. This is something the bad guys always claim." *Id.* at 14.

Vineyard then wrote back a few minutes later saying "Thanks, John. I shall amend the motion to reflect this perspective."[13] Both the "pre-execution" version Vineyard circulated, which Steele apparently reviewed and provided guidance on, as well as the final version ultimately filed with the Ninth Circuit, extensively discuss Pietz's opposition to Duffy's motion

---

[13] This obviously begs the question of why counsel for Prenda Law, Inc., whose "sole principal" is supposedly Paul Duffy is taking their marching orders from Steele, a party with which Prenda likely has a conflict (particularly in view of Hansmeier's deposition testimony that obtaining the Alan Cooper signature was all Steele's doing). This email is further evidence that Steele and his associates have been in close coordination regarding the remaining litigation issues in this action, as well as in the 8 (at last count) various appeals that have been spawned from this case.

to the approve the bond (ECF No. 175)[14] Clearly, Steele reviewed Vineyards motion on June 14, 2013, and Vineyard's motion discusses at length the opposition (i.e., ECF No. 175) to which Steele states he was denied an opportunity to respond because he was unaware of it. There can be no question that Steele had every opportunity to respond to Pietz's opposition, despite his false claims, which form the basis of his motion, to the contrary.

Further, Steele has known that there would be a dispute about the amount and conditions of the bond since at least May 20, 2013. *See* ECF No. 175-2, pp. 1-5 (meet and confer email from Pietz to Prenda parties, including to johnlsteele@gmail.com, which was ignored by all of them, except for some nonsensical ramblings from Mr. Duffy).

In view of all this evidence, it seems that Steele was just about as "shocked" about the bond issue before this Court as Captain Renault was to find that gambling was going on at Rick's Café Americain. (*See* Cap't. Renault, *Casablanca,* Warner Bros. (1942)). The instant motion is only the latest example of Steele's bad faith, and to the extent that Steele argues his lack of actual knowledge of the bond litigation in this Court, he is clearly lying.

## V. **STEELE SHOULD BE SANCTIONED**

Simply, the instant motion is frivolous in the extreme both procedurally and factually, and has been a waste of time for all concerned. Moreover, it is not the first frivolous motion that attempts to sanction Pietz that the Prenda parties have filed in this case. *See* ECF No. 22 (motion to sanction Pietz). Despite the baselessness of the motion, Pietz and Ranallo were compelled to engage outside counsel to defend them in this matter. Simply, Steele should pay the tab. He has repeatedly demonstrated that he holds this Court in low esteem, that he will flout the rules, and engage in bad faith of the very worst kind. No sanction is too severe.

Both of Steele's motions fulfill the requirements of *Fed. Rules Civ.Pro*, Rule 11(b) (1 through 4). The motions were brought to harass, delay and unreasonably increase the cost of litigation; are not warranted by existing law (improper motion to reconsider), and have no

---

[14] A copy of the "pre-execution" version circulated by Vineyard and reviewed by Steele is attached to the Pietz Dec'l. as <u>Exhibit 3</u>. The final, as-filed version of the appellate motion is available at Ninth Circuit No. 13-55881, ECF No. 9, 6/14/13. Other than with respect to incorporation of Mr. Steele's comments, there do not appear to be any other differences between the two versions.

evidentiary support whatsoever.

Based thereon, Pietz respectfully requests that this court, pursuant to its own initiative, set an Order to Show Cause hearing for Steele to show why his conduct in filing both motions is not a violation of Rule 11(b) or, alternatively, set a date for Pietz and Ranallo to bring a motion for sanctions against Steele.

## VI. CONCLUSION

Based on the foregoing, Attorneys Morgan Pietz and Nicholas Ranallo respectfully request that this court deny John Steele's Motin to Vacate in it's entirety and set an OSC Re: Sanctions as requested herein.

DATED: July 8, 2013.          ***HELLER & EDWARDS***


By: /s/Lawrence E. Heller
    Lawrence E. Heller
Attorney for Morgan Pietz and Nicholas Ranallo

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 9454 Wilshire Boulevard, Fifth Floor, Beverly Hills, California, and I am employed in the office of a member of the bar of this Court at whose direction this service was made.

On July 8, 2013, I served the foregoing document described as

*MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO STEELE'S MOTION FOR RECONSIDERATION AND RELATED "NOTICES"; COUNTER MOTION TO STRIKE AND FOR SETTING AN OSC RE: SANCTIONS [ECF Nos. 201, 202, 203, 204, 205]*

on all interested parties in this action by placing a true and correct copy of the document in a sealed envelope addressed as follows:

**SEE PROOF OF SERVICE LIST**

☒ **BY MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope(s) was (were) sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date in the United States Mail at Los Angeles, California.

☐ **BY PERSONAL SERVICE** as follows: I caused such envelope(s) to be delivered by hand to the addressee(s) by _____ Messenger Service. Delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.

☒ **BY OVERNIGHT COURIER SERVICE** as follows: I caused the above-referenced document to be delivered to _____ for overnight courier service to the addressee(s).

☒ **BY ELECTRONIC MAIL (email)** as follows: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF electronic filing system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 8, 2013, at Beverly Hills, California.

/s/Cora Mayrina
Cora Mayrina

# PROOF OF SERVICE LIST

*Ingenuity 13, LLC v. John Doe*
USDC Case No.: 2:12-cv-08333-ODW-JC
[Consolidated with Case Nos. 2:12-cv-6636; 2:12-cv-6669; 2:12-cv-6662; 2:12-cv-6668]

John Steele, Pro Se
1111 Lincoln Road
MIAMI BEACH FL 33139    **Via Federal Express and email to "johnsteele@gmaile.com**

**Via U.S. MAIL and email (where available)**

Brett L. Gibbs, Esq., Pro Se
28 Altamont Avenue
Mill Valley, CA 94941
(415) 381-3104
brett.gibbs@gmail.com

Paul Hansmeier, Pro Se
Alpha Law Firm LLC
80 S. 8th Street, Suite 900
Minneapolis, MN 55402
(612) 234-5744
prhansmeier@thefirm.com

Paul Duffy, Pro Se
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136
Fax: 312-346-8434
paduffy@wefightpiracy.com

Pro se and for Ingenuity 13, LLC and for AF Holdings, LLC

Mark Lutz, Pro Se
Peter Hansmeier, Pro Se
c/o Livewire Holdings, LLC
2100 M Street Northwest
Suite 170-417
Washington, D.C. 20037

Angela Van Den Hemel, Pro Se
***PRENDA LAW INC.***
161 North Clark Street, Suite 3200
Chicago, IL 60601

Peter Hansmeier
c/o Livewire Holdings, LLC
2100 Street Northwest, Suite 170-417
Washington DC 20037

**By ECF Electronic Notice:**

Prenda Law, Inc., through counsel Heather Rosing, Esq., and Philip Vineyard, Esq.
Putative John Doe, through counsel Morgan Pietz, Esq., and Nicholas Ranallo, Esq.
Morgan Pietz and Nicholas Ranallo, through special counsel Lawrence Heller, Esq