# EXHIBIT 1



**Morgan Pietz <morganpietz@gmail.com>**

## Service of Process

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
To: morganpietz@gmail.com

Sun, Jun 23, 2013 at 3:50 PM

Delivery to the following recipient failed permanently:

    johnlsteele@gmail.com

Technical details of permanent failure:
The email account that you tried to reach does not exist. Please try double-checking the recipient's email address for typos or unnecessary spaces. Learn more at http://support.google.com/mail/bin/answer.py?answer=6596

----- Original message -----

MIME-Version: 1.0
X-Received: by 10.52.180.136 with SMTP id do8mr8610759vdc.111.1372027836619;
 Sun, 23 Jun 2013 15:50:36 -0700 (PDT)
Sender: morganpietz@gmail.com
Received: by 10.220.171.4 with HTTP; Sun, 23 Jun 2013 15:50:36 -0700 (PDT)
Date: Sun, 23 Jun 2013 15:50:36 -0700
X-Google-Sender-Auth: 18s7BE66JenHfNLCSkmrNF6e0Zc
Message-ID: <CACE15=+-NBNiUHGNdkc3zEwsWyxUKMUMKH44X9m2-3BcPOHK9w@mail.gmail.com>
Subject: Service of Process
From: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>
To: johnlsteele@gmail.com
Cc: Nicholas Ranallo <nick@ranallolawoffice.com>,
    "Heather L. Rosing" <HRosing@klinedinstlaw.com>, Brett Gibbs <brett.gibbs@gmail.com>,
    Paul Hansmeier <prhansmeier@thefirm.mn>, Prenda <paduffy@wefightpiracy.com>,
    "Philip W. Vineyard" <PVineyard@klinedinstlaw.com>, "Rudolph, Leslie" <lrudolph@pietzlawfirm.com>
Content-Type: multipart/alternative; boundary=bcaec5171e51d2e39d04dfda1f26

Mr. Steele,

I am catching up on some work here today, and just saw your latest Friday motion, and the denial thereof that followed hard on its heels. Previously, all parties were registered for ECF and received copies of all pleadings that way. However, it does appear that since you and your colleagues went pro se, you are no longer getting ECF notices.

Had you alerted us to the problem, we'd have been happy to get that taken care of for you. I will let my assistant know to make sure to use your registered address for paper service copies going forward. Since fees for the service copies are likely to be taxed as part of the bond your team has posted, just let us know if you'd like us to serve you via this email, to save you the expense.

    7/2/13 8:04 PM

In fact, I might propose that to all the pro se Prenda parties appearing on this email chain who are not registered for ECF -- for both the district court action, and the 8 appeals to the Ninth Circuit, shall we stipulate to email service? Please let me know.

Best regards,
Morgan

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com <http://www.pietzlawfirm.com/>

# EXHIBIT 2



Morgan Pietz <morganpietz@gmail.com>

---

## Ingenuity 13, LLC v. John Doe
7 messages

---

**Philip W. Vineyard** <PVineyard@klinedinstlaw.com>                Tue, Jun 11, 2013 at 7:03 PM
To: "Morgan E. Pietz (mpietz@pietzlawfirm.com)" <mpietz@pietzlawfirm.com>, "johnlsteele@gmail.com"
<johnlsteele@gmail.com>, "prhansmeier@thefirm.mn" <prhansmeier@thefirm.mn>, "nick.ranallolawoffice.com"
<nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>
Cc: "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>,
"Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Counsel,

Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying
in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying
Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In
addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the
following alternative orders regarding Dkt. Entry No. 177:

1.   An order vacating district court's Amended Order and issuing instructions to the district court to approve
the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.   An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's
prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7
appellate costs bond; and/or

3.   An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's
underlying appeal of the district court's OSC sanctions order.

The bases for the Appeal and Motion are the following:

1.   The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a
second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original
copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1). As such, the district court
no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act. Further, a
dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys'
fees provision cannot be invoked. *See* Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir.
2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable*
fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co.
v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file.
There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to

**EXHIBIT 2**

play.").

2.    The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.


Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion. If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible. I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable. Please let us know if you have any questions.


Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                    Tue, Jun 11, 2013 at 8:14 PM

To: "Philip W. Vineyard" <PVineyard@klinedinstlaw.com>

Cc: "johnlsteele@gmail.com" <johnlsteele@gmail.com>, "prhansmeier@thefirm.mn" <prhansmeier@thefirm.mn>, "nick@ranallolawoffice.com" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>, "Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Mr. Vineyard,

I will indeed oppose the motion.

If you have not already done so, I suggest that you immediately notify the Ninth Circuit motions unit that you will be waiting until Thursday and then filing an "emergency" motion seeking relief. . .by when exactly? To avoid the kind of ambiguity that Mr. Duffy's "emergency" appellate motion occasioned, and the resulting fire drill response, I would also suggest that you advise everyone, including the motions unit, on the date by which you are seeking relief, as soon as possible.

Best regards,
Morgan

On Tue, Jun 11, 2013 at 7:03 PM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:

Counsel,


Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:


1.    An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.    An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.    An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.


The bases for the Appeal and Motion are the following:


1.    The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1). As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act. Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys'

fees provision cannot be invoked. *See* <u>Azizian v. Federated Dep't Stores, Inc.</u>, 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable* fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.    The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.


Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion. If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible. I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable. Please let us know if you have any questions.


Regards,



Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento



Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you

are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

---

**Philip W. Vineyard** <PVineyard@klinedinstlaw.com>                    Wed, Jun 12, 2013 at 12:12 AM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>
Cc: "johnlsteele@gmail.com" <johnlsteele@gmail.com>, "prhansmeier@thefirm.mn" <prhansmeier@thefirm.mn>, "nick@ranallolawoffice.com" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>, "Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Mr. Pietz,

I intend with my best efforts to file the Notice of Appeal with the district court tomorrow and will disclose to the court that we are filing an emergency motion with the 9th circuit by no later than Friday. I shall have my assistant inform the Ninth Circuit that the motion is coming as well. Circuit Rule 27 provides the briefing schedule for emergency motions. Please let us know if you have any questions.

Sent from my iPhone

On Jun 11, 2013, at 8:14 PM, "Morgan E. Pietz" <mpietz@pietzlawfirm.com> wrote:

> Mr. Vineyard,
>
> I will indeed oppose the motion.
>
> If you have not already done so, I suggest that you immediately notify the Ninth Circuit motions unit that you will be waiting until Thursday and then filing an "emergency" motion seeking relief. . .by when exactly? To avoid the kind of ambiguity that Mr. Duffy's "emergency" appellate motion occasioned, and the resulting fire drill response, I would also suggest that you advise everyone, including the motions unit, on the date by which you are seeking relief, as soon as possible.
>
> Best regards,
> Morgan
>
> On Tue, Jun 11, 2013 at 7:03 PM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:

Counsel,

Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:

1.    An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.    An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.    An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.

The bases for the Appeal and Motion are the following:

1.    The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1). As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act. Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys' fees provision cannot be invoked. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable* fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.    The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.

Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion. If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible. I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable. Please let us know if you have any questions.

Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.


--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged,

confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                    Wed, Jun 12, 2013 at 9:44 AM
To: "Philip W. Vineyard" <PVineyard@klinedinstlaw.com>
Cc: "johnlsteele@gmail.com" <johnlsteele@gmail.com>, "prhansmeier@thefirm.mn" <prhansmeier@thefirm.mn>, "nick@ranallolawoffice.com" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>, "Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Mr. Vineyard,

I asked a simple question which you have not yet answered: what is the date by which you are seeking relief? The normal 10-day response deadline specified in Circuit Rule 27 generally does not apply to "emergency" motions. Rather, the motions unit usually sets a deadline *depending on the date by which the emergency relief is being requested* -- hence my query. Please advise.

Again, you should also let the motions unit know this information, immediately.

Best regards,
Morgan

> On Wed, Jun 12, 2013 at 12:12 AM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:
> Mr. Pietz,
>
> I intend with my best efforts to file the Notice of Appeal with the district court tomorrow and will disclose to the court that we are filing an emergency motion with the 9th circuit by no later than Friday. I shall have my assistant inform the Ninth Circuit that the motion is coming as well. Circuit Rule 27 provides the briefing schedule for emergency motions. Please let us know if you have any questions.
>
> Sent from my iPhone
>
> On Jun 11, 2013, at 8:14 PM, "Morgan E. Pietz" <mpietz@pietzlawfirm.com> wrote:
>
>> Mr. Vineyard,
>>
>> I will indeed oppose the motion.
>>
>> If you have not already done so, I suggest that you immediately notify the Ninth Circuit motions unit that you will be waiting until Thursday and then filing an "emergency" motion seeking relief. . .by when exactly? To avoid the kind of ambiguity that Mr. Duffy's "emergency" appellate motion occasioned, and the resulting fire drill response, I would also suggest that you advise everyone, including the motions unit, on the date by which you are seeking relief, as soon as possible.
>>
>> Best regards,
>> Morgan
>>
>> On Tue, Jun 11, 2013 at 7:03 PM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:

Counsel,

Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:

1.    An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.    An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.    An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.

The bases for the Appeal and Motion are the following:

1.    The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1). As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act. Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys' fees provision cannot be invoked. *See* Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable* fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.    The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.

Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion. If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible. I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable. Please let us know if you have any questions.

Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.


--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary,

privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you
are not the named addressee or the employee or agent responsible for delivering this e-mail to the named
addressee, be advised that you have received this e-mail in error and you are prohibited from any
dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please
immediately contact the sender by reply e-mail, telephone, or facsimile.


--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

---

**Philip W. Vineyard** <PVineyard@klinedinstlaw.com>                    Fri, Jun 14, 2013 at 9:54 AM
To: "Morgan E. Pietz (mpietz@pietzlawfirm.com)" <mpietz@pietzlawfirm.com>, "johnlsteele@gmail.com"
<johnlsteele@gmail.com>, "Paul Hansmeier (prhansmeier@thefirm.mn)" <prhansmeier@thefirm.mn>, "Nicholas
Ranallo (nick@ranallolawoffice.com)" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com"
<brett.gibbs@gmail.com>
Cc: "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>,
"Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

All interested parties and their counsel of record,


Attached is the pre-executed version of Prenda Law's emergency motion to the Ninth Circuit concerning the
subject matter discussed in the earlier e-mails found below. We anticipate the executed version of the motion
will be filed with the Ninth Circuit by the end of the day today, at which time you will also be served with the
motion. For those of you without ECF privileges, we shall e-mail a copy of the executed motion for your
review. Please let us know if you have any questions.


Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA 90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com


**From:** Philip W. Vineyard
**Sent:** Tuesday, June 11, 2013 7:04 PM
**To:** Morgan E. Pietz (mpietz@pietzlawfirm.com); johnlsteele@gmail.com; prhansmeier@thefirm.mn; nick@ranallolawoffice.com; brett.gibbs@gmail.com
**Cc:** Heather L. Rosing; David Majchrzak; Denise M. Carrillo
**Subject:** Ingenuity 13, LLC v. John Doe


Counsel,


Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:


1.    An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.    An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.    An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.


The bases for the Appeal and Motion are the following:

1.   The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1).  As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act.  Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys' fees provision cannot be invoked.  *See* Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable* fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.   The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.


Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion.  If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible.  I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable.  Please let us know if you have any questions.


Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

 **9th Circuit_ Emergency Motion (316-2356)-c.DOC**
101K

---

**John Steele** <johnlsteele@gmail.com>                                        Fri, Jun 14, 2013 at 10:20 AM
To: "Philip W. Vineyard" <PVineyard@klinedinstlaw.com>
Cc: "Morgan E. Pietz (mpietz@pietzlawfirm.com)" <mpietz@pietzlawfirm.com>, "Paul Hansmeier (prhansmeier@thefirm.mn)" <prhansmeier@thefirm.mn>, "Nicholas Ranallo (nick@ranallolawoffice.com)" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>, "Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Philip,

Great motion.

On page 5, I want to take issue with the bottom of the page, right before foot note 23. No one that I am aware of (on our side) stated that Prenda or anyone else had a policy of demanding a settlement amount just low enough to avoid legal action. This is something the bad guys always claim.


On Fri, Jun 14, 2013 at 12:54 PM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:

All interested parties and their counsel of record,


Attached is the pre-executed version of Prenda Law's emergency motion to the Ninth Circuit concerning the subject matter discussed in the earlier e-mails found below. We anticipate the executed version of the motion will be filed with the Ninth Circuit by the end of the day today, at which time you will also be served with the motion. For those of you without ECF privileges, we shall e-mail a copy of the executed motion for your review. Please let us know if you have any questions.


Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA 90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

**From:** Philip W. Vineyard
**Sent:** Tuesday, June 11, 2013 7:04 PM
**To:** Morgan E. Pietz (mpietz@pietzlawfirm.com); johnlsteele@gmail.com; prhansmeier@thefirm.mn; nick@ranallolawoffice.com; brett.gibbs@gmail.com
**Cc:** Heather L. Rosing; David Majchrzak; Denise M. Carrillo
**Subject:** Ingenuity 13, LLC v. John Doe


Counsel,


Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:


1. An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2. An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.    An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.

The bases for the Appeal and Motion are the following:

1.    The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1).  As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act.  Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys' fees provision cannot be invoked.  *See* Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an ***applicable*** fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.    The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.

Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion. If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible. I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable. Please let us know if you have any questions.

Regards,


Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento

Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.

---

**Philip W. Vineyard** <PVineyard@klinedinstlaw.com>                     Fri, Jun 14, 2013 at 10:23 AM
To: John Steele <johnlsteele@gmail.com>
Cc: "Morgan E. Pietz (mpietz@pietzlawfirm.com)" <mpietz@pietzlawfirm.com>, "Paul Hansmeier (prhansmeier@thefirm.mn)" <prhansmeier@thefirm.mn>, "Nicholas Ranallo (nick@ranallolawoffice.com)" <nick@ranallolawoffice.com>, "brett.gibbs@gmail.com" <brett.gibbs@gmail.com>, "Heather L. Rosing" <HRosing@klinedinstlaw.com>, David Majchrzak <DMajchrzak@klinedinstlaw.com>, "Denise M. Carrillo" <DCarrillo@klinedinstlaw.com>

Thanks, John. I shall amend the motion to reflect this perspective.

Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA 90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento

Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

**From:** John Steele [mailto:johnlsteele@gmail.com]
**Sent:** Friday, June 14, 2013 10:21 AM
**To:** Philip W. Vineyard
**Cc:** Morgan E. Pietz (mpietz@pietzlawfirm.com); Paul Hansmeier (prhansmeier@thefirm.mn); Nicholas
Ranallo (nick@ranallolawoffice.com); brett.gibbs@gmail.com; Heather L. Rosing; David Majchrzak; Denise
M. Carrillo
**Subject:** Re: FW: Ingenuity 13, LLC v. John Doe

Philip,

Great motion.

On page 5, I want to take issue with the bottom of the page, right before foot note 23.  No one that I am aware
of (on our side) stated that Prenda or anyone else had a policy of demanding a settlement amount just low
enough to avoid legal action.  This is something the bad guys always claim.

On Fri, Jun 14, 2013 at 12:54 PM, Philip W. Vineyard <PVineyard@klinedinstlaw.com> wrote:

All interested parties and their counsel of record,

Attached is the pre-executed version of Prenda Law's emergency motion to the Ninth Circuit concerning the
subject matter discussed in the earlier e-mails found below.  We anticipate the executed version of the motion
will be filed with the Ninth Circuit by the end of the day today, at which time you will also be served with the
motion.  For those of you without ECF privileges, we shall e-mail a copy of the executed motion for your
review.  Please let us know if you have any questions.

Regards,

Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA 90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento


Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

**From:** Philip W. Vineyard
**Sent:** Tuesday, June 11, 2013 7:04 PM
**To:** Morgan E. Pietz (mpietz@pietzlawfirm.com); johnlsteele@gmail.com; prhansmeier@thefirm.mn; nick@ranallolawoffice.com; brett.gibbs@gmail.com
**Cc:** Heather L. Rosing; David Majchrzak; Denise M. Carrillo
**Subject:** Ingenuity 13, LLC v. John Doe


Counsel,


Prenda Law has determined that it will be filing a Notice of Appeal to Judge Wright's Amended Order Denying in Part and Conditionally Granting in Part Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties (Dkt. Entry No. 177). In addition, Prenda Law will be filing an emergency motion with the Ninth Circuit Court of Appeals requesting the following alternative orders regarding Dkt. Entry No. 177:


1.   An order vacating district court's Amended Order and issuing instructions to the district court to approve the original supersedeas bond posted by Paul Duffy, as well as the stays requested in Mr. Duffy's motion;

2.   An order modifying the district court's Amended Order to exclude opposing counsel Morgan Pietz's prospective attorneys' fee incurred during the appeal as a basis for setting the amount of the FRAP Rule 7 appellate costs bond; and/or

3.   An order consolidating Prenda Law's appeal of the district court's Amended Order with Prenda Law's underlying appeal of the district court's OSC sanctions order.

The bases for the Appeal and Motion are the following:

1.     The district court's reliance on the Copyright Act as a basis for its order instructing appellants to post a second bond covering John Doe's attorneys' fees incurred during appeal is unlawful, because the original copyright action was dismissed without prejudice pursuant to FRCP Rule 41(a)(1).  As such, the district court no longer has jurisdiction by which to award attorneys' fees pursuant to the Copyright Act.  Further, a dismissal without prejudice is not a ruling on the merits; thus, the Copyright Act's prevailing party attorneys' fees provision cannot be invoked.  *See* Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007)("the term 'costs on appeal' in Rule 7 includes all expenses defined as "costs" by an *applicable* fee-shifting statute, including attorney's fees.") (bold is this author's emphasis); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077-78 (9th Cir. 1999)("The [filing of notice (of dismissal)] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.").

2.     The district court has exceeded its authority in permitting a non-party to execute on the bonds while the appeals are still pending.

Prenda Law will request a stay of enforcement of the district court's Amended Order as the Ninth Circuit considers Prenda Law's emergency motion.  If you intend to oppose Prenda Law's motion, please so inform this office as soon as possible.  I shall be in San Jose all day tomorrow on another matter and will have limited access to my computer facilities; therefore, I shall spend Thursday on the applicable motion and shall forward it as soon as practicable.  Please let us know if you have any questions.

Regards,

Philip W. Vineyard

Attorney

213.406.1100, ext. 3353

213.406.1101 (fax)

KLINEDINST PC

777 S. Figueroa St., Suite 2800

Los Angeles, CA  90017

pvineyard@klinedinstlaw.com

www.klinedinstlaw.com

San Diego * Santa Ana * Los Angeles * Sacramento

.

Legal Assistant: Denise Carrillo

dcarrillo@klinedinstlaw.com

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.


NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which it is addressed and may contain information that is proprietary, privileged, confidential or otherwise exempt from disclosure under applicable Federal or State Law. If you are not the named addressee or the employee or agent responsible for delivering this e-mail to the named addressee, be advised that you have received this e-mail in error and you are prohibited from any dissemination, distribution or copying of this e-mail. If you have received this e-mail in error, please immediately contact the sender by reply e-mail, telephone, or facsimile.