John Steele
1111 Lincoln Road, Suite 400
Miami Beach, Florida 33139

*Pro Se*



FILED
CLERK, U.S. DISTRICT COURT
JUL 12 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>JOHN DOE,<br><br>    *Defendant.* | CASE NO. 2:12-CV-8333-ODW (JCx)<br><br>Judge:         Hon. Otis D. Wright, II<br>Magistrate Judge:  Hon. Jacqueline Chooljian<br><br>**JOHN STEELE'S REPLY TO RESPONDENTS RESPONSE TO MOTION FOR RECONSIDERATION** |

The response submitted by attorneys Pietz and Ranallo ("Respondents") contains a shocking admission: Respondents concede that they *never served any pro se person with any paper throughout the pendency of this entire action.* (*See generally* ECF No. 207) The record before the Court on this most-fundamental issue is now complete. Respondents had a duty to serve the *pro se* persons with the papers they were filing. *See* Fed. R. Civ. P. 5; *see also* L.R. They utterly and deliberately failed to meet that duty. As a result, this entire proceeding has been conducted *ex parte* with respect to the *pro se* persons.

## I. INTRODUCTION

Respondents' many guesses about when Movant was first on actual notice of Pietz's filings are totally irrelevant because they all post-date the day on which the Court ruled on the respective filings. Due process requires notice *and* an opportunity to be heard; notice *or* an opportunity to be heard is hopelessly insufficient. Respondents' suggestion that Movant's right to appeal is a satisfactory substitute for due process at the district court level is both absurd and wrong.

Once again, the Respondents are forced to resort to material misstatements of fact to compensate for the inadequacy of their arguments. In Respondents' most recent filing, these misstatements include:

(1) "This is not the first frivolous motion that attempts to sanction Pietz that the Prenda parties have filed in this case" (ECF No. 207 at 13) (citing to ECF No. 22, a motion that was drafted, filed and signed by attorney Brett Gibbs—who was excluded from the Court's definition of "Prenda parties.");

(2) "But the truth is that since Steele and his contingent went *pro se* around May 16, 2013, Pietz has filed two documents which were served by CM/ECF only." (ECF No. 207 at 5.) Not only do the Respondents fail to note, for example, that the joint stipulation between Gibbs and Pietz was not served on several of the *pro se* persons, but they attempt to gloss over the fact that several persons, including Peter Hansmeier, Mark Lutz, Livewire Holdings, LLC, 6881 Forensics, LLC and others have been appearing *pro se* since as early as March 5, 2013. Mr. Steele's due process right are not only implicated by Pietz's failure to serve documents on him, but also Pietz's failure to serve documents on others who might raise arguments to challenge Pietz's often-bizzare assertions; and

(3) "[An] email from Phillip Vineyard should have been sufficient to put Steele on notice of the fact that proceedings were underway in the District Court on the bond issue." (ECF No. 207 at 12.) Mr. Vineyard's e-mail did not contain a copy of any of Mr. Pietz's submissions to the District Court.

The extent of the fraud that has been committed on this Court by Respondents is slowly, but steadily, emerging. The first category of fraud—failing to serve any of the *pro se* persons with any of the papers they have submitted over the course of this *entire proceeding*—has been definitively established by the papers before the Court; Pietz and Ranallo *do not dispute* that they engaged in this fraud.

Other categories of fraud are coming to light. For example, the attorneys' fee declaration submitted by Pietz contains several extraordinary entries. Among these is an entry for 4.20 hours for, *inter alia*, a telephone conference with one, "D. Browning." (ECF No. 102-1 at 14.) Who is this D. Browning? Is he an attorney, an investigator or somebody else? The staggering answer to this question is: a newspaper reporter for the Minneapolis Star Tribune. (*See, e.g.,* ECF No. 76-1) (lodging article bylined, "Dan Browning".) Put plainly, Pietz sought and recovered attorney's fees for participating in an interview with a newspaper reporter. The undersigned has never before seen an attempt to collect attorneys' fees for public relations efforts. Because he later managed to secure a punitive doubling of these fees, Pietz's efforts in this regard are not only a fraud, but a double-fraud.

Other areas of inquiry are also yielding indications of fraud. For example, evidence is emerging that Pietz and attorney Brett Gibbs have been collaborating behind-the-scenes during these proceedings in order to ensnare people from across the United States who did not participate in these proceedings—except, of course, to be sanctioned.

## II. MOVANT'S MOTION FOR RECONSIDERATION PRESENTED NEW EVIDENCE IN THE FORM OF PIETZ'S DAMAGING ADMISSIONS

The Respondents bizarrely assert that Movant did not submit new evidence with his motion for reconsideration. (*See* ECF No. 6-8.) Yet, Movant's motion for reconsideration was accompanied by an e-mail from Pietz, in which Pietz cavalierly admitted to not serving any of the *pro se* persons with any paper during the entire proceeding. In Movant's original motion, he was forced to infer failure of service through the Respondents' failure to attach certificates of service and his lack of receipt of any document filed by the Respondents in this matter. Pietz's e-mail removed any doubt regarding the Respondents' failure to serve their papers, and thus constituted new evidence.

///

///

///

### III. MOVANT HAS MAINTAINED CONTACT INFORMATION SUFFICIENT FOR SERVICE THROUGHOUT THESE PROCEEDINGS

The next red-herring raised by Respondents relates to Movant's contact information. Respondents do not dispute that Movant's mailing address is accurate. (*See* ECF No. 207 at 8-9.) Respondents claim that Movant's so-called "violations of the local rule designed to facilitate service of process" indicates that he has acted in bad-faith. (*Id.* at 9.) The *obvious* point ignored by the Respondents, of course, is that Movant has never consented to service via e-mail or facsimile. Respondents are obligated by the Federal Rules of Civil Procedure and the Local Rules to serve Movant via U.S. mail. Their abject failure to do so throughout the course of this proceeding is the precise fraud from which Steele is seeking relief. To the extent that Movant is not in compliance with the local rules, Movant apologizes and will take corrective action. However, Movant would respectfully inform the Court that the ARDC rules pertaining to Illinois attorneys practicing in the state of Illinois does not apply when that Illinois attorney is proceeding pro se in a state he or she is not licensed to practice law in. Here, Movant is proceeding *pro se* and has never applied for admission to the California state bar or the U.S. District for the Central District of California. In fact, Movant has never applied for *pro hac vice* status for any case in the state of California at any time during his legal career.

### IV. THE RESPONDENTS' INSINUATION THAT STEELE DOCTORED DOCUMENTS IS A TOTAL LIE

The Respondents apparently believe that doubling-down on their fraud is a wise strategy. They are wrong. The Respondents fraudulently assert that Steele "doctored" the e-mail that Pietz sent him. Yet, the text of the e-mail submitted by Steele and the text of the e-mail submitted in the Respondent's motion is *identical*. The Respondents' assertion that Steele somehow doctored Pietz's e-mail is a total lie. The Respondents then attempt to prove that Movant had actual notice of the bond issue. This argument, too, is a red herring.

Having actual notice of the bond issue *after it has been* decided is obviously not the same as being served with notice of the bond issue *when it is being* decided.

///

///

///

## V. RESPONDENTS' REQUEST FOR SANCTIONS IS AN ATTEMPT TO BULLY A *PRO SE* PERSON FOR EXPOSING THEIR FRAUD

The crux of Movant's motion is that Respondents defrauded this Court by failing to serve any of the *pro se* persons with any documents throughout this entire proceeding. This point is not even disputed. (*See generally*, ECF No. 207.)

Respondents make an improper request to the Court for sanctions against Steele under Rule 11. If the Respondents truly believe that Steele's motion is frivolous, they are free to comply with the mandatory procedures contained in Rule 11. They have not done so. Further, as the Court stated in its Order Issuing Sanctions (ECF No. 130), monetary sanctions are not available in a post-dismissal, Court-initiated Rule 11 proceeding.

Movant does not believe the Respondents are ignorant of these points. Instead, Movant believes that the Respondents are simply trying to bully their way out of their now-exposed fraud. No one in the world disputes whether Respondents have defrauded the Court. The only question is whether this Court will hold two California attorneys—who had to swear under oath to follow the local rules when they were admitted to the Central District of California—responsible for their misconduct.

## CONCLUSION

Movant respectfully requests the Court to take whatever actions it deems appropriate to protect the Court, Movant and the other *pro se* persons from the Respondents' recently-discovered fraud.

Respectfully submitted,

1  DATED: July 9, 2013

                                        _____
                                        John Steele
                                        1111 Lincoln Road, Suite 400
                                        Miami Beach, Florida 33139

                                        *Pro Se*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | CASE NO. 2:12-CV-8333-ODW (JCx)<br><br>Judge:　　　　　　Hon. Otis D. Wright, II<br>Magistrate Judge:　Hon. Jacqueline Chooljian<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My address is 1111 Lincoln Road, Suite 400, Miami Beach, FL 33139. I have caused service of:

**REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION**

On the following parties via U.S. Mail first-class, postage prepaid:

| PARTIES | COUNSEL OF RECORD/PRO SE |
|---|---|
| Prenda Law, Inc.<br>161 N.Clark St. Ste. 3200<br>Chicago, IL 60601 | Klinedinst PC<br>501 West Broadway, Suite 600<br>San Diego, California 92101<br>Telephone: (619) 239-8131<br>Fax: (619) 238-8707<br>e-mail: hrosing@klinedinstlaw.com<br>e-mail: dmajchrzak@klinedinstlaw.com |
| Ingenuity13, LLC<br>Springates East<br>Government Road<br>Charlestown, Nevis | Pro Se |
| Livewire Holdings, LLC<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| 6881 Forensics, LLC<br>Springates East<br>Government Road<br>Charlestown, Nevis | Pro Se |

| | |
|---|---|
| AF Holdings, LLC<br>Springates East<br>Government Road<br>Charlestown, Nevis | Pro Se |
| Brett L. Gibbs<br>38 Miller Avenue, #263<br>Mill Valley, CA 94941 | Pro Se |
| Mark Lutz<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Paul Duffy<br>2 N. La Salle St. St., 13th Floor<br>Chicago, IL 60602 | Pro Se |
| Paul Hansmeier<br>Alpha Law Firm, LLC<br>900 IDS Center<br>80 South 8th St.<br>Minneapolis, MN 55402 | Pro Se |
| Peter Hansmeier<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Angela Van Den Hemel<br>2100 M Street Northwest, Suite 170-417<br>Washington, D.C. 20037 | Pro Se |
| Non-Party Putative John Doe | Morgan Pietz (SBN 260629)<br>The Pietz Law Firm<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266 |
| Morgan Pietz and Nicholas Ranallo | Heller & Edwards<br>Lawrence E. Heller<br>9454 Wilshire Boulevard, Suite 500<br>Beverly Hills, CA 90212-2983 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2013.

Signature /s/

---

8
REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION
CASE NO. 2:12-CV-8333-ODW (JCx)