O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>            Plaintiff,<br>    v.<br>JOHN DOE,<br><br>            Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [201]** |

John Steele moves for reconsideration of the Court's denial of his Emergency Motion to Vacate Orders and for Order to Show Cause. (ECF No. 199.) Steele argues that he was deprived of due process because he was not given an opportunity to be heard on previous motions filed with the Court. After considering the papers filed in support and opposition to this Motion and the arguments made at the July 12, 2013 hearing, the Court **DENIES** Steele's Motion and directs Morgan Pietz and Nicholas Ranallo to file a regularly noticed motion for sanctions.

Steele's instant two-page Motion is essentially a motion to reconsider his prior Motion for reconsideration. (ECF No. 197.) That earlier-filed Motion asked the Court to vacate the additional-bond requirement of $135,933.66, and to impose sanctions against Morgan Pietz and Nicholas Ranallo for three reasons: (1) Pietz and Ranallo failed to properly serve papers on Steele and other pro se parties (ECF No. 197, at 2–3); (2) this failure to serve amounted to a deprivation of due process

because Steele did not have the "opportunity to respond" to Pietz and Ranallo (ECF No. 197, at 3–4); and (3) Pietz and Ranallo's "unbroken pattern" of failing to serve papers amounted to "fraud on the court" (ECF No. 197, at 4–5). Steele now asks the Court to reconsider its denial of that Motion.

There are two roads to reconsideration, Rules 59(e) and 60(b). Rule 60(b) permits a court to relieve a party of an order for several enumerated reasons, such as mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1–3, 6). With respect to the "any other reason" prong, Ninth Circuit case law allows a party to seek relief under this catchall provision only when the party demonstrates "extraordinary circumstances" warranting a court's favorable exercise of discretion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). To satisfy its burden under this lofty standard, a party must prove both (1) an injury and (2) circumstances beyond its control. *Id.*

Rule 59(e) allows a party to move to alter or amend a judgment. But this Rule can only be invoked to reconsider a decision on the merits. It cannot be used to attack "legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982).

The Local Rules further elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. L.R. 7-18.

Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

///

Steele's instant Motion for Reconsideration fails on every front. First, he does not assert a proper legal basis for reconsideration. Steele cites no law in his Motion. And during the hearing, Steele claimed that his basis for reconsideration was his Fifth Amendment right to due process. Exactly how this translates to a legal basis for reconsideration is anyone's guess. Steele's Motion offers nothing new for the Court to consider—he uses it only as a vehicle to rehash his earlier-rejected arguments.

Second, assuming this is a proper motion for reconsideration, the Court finds that any failure by Pietz and Ranallo to serve papers to Steele was caused by Steele's own incompetence. On May 16, 2013, Steele filed his Request for Approval of Substitution of Attorney, where he requested to represent himself in place of his attorney Thomas Mazzucco. (ECF No. 143.) But in the Request and the accompanying forms, Steele entered his address incorrectly—not once, but four times.[1] And because the Clerk of Court entered on the docket Steele's address as shown, it is very likely that correspondence sent via mail since May 16, 2013, never reached Steele. Nevertheless, it is Steele's duty to ensure that the Court has his proper address. *See* L.R. 41-6 (authorizing the Court to dismiss an action for a pro se party's failure to update his address with the Court). And Steele has a duty to provide the Court with not only his current address, but also his telephone number, fax number, and email address. *See id.*; L.R. 83-2.7. Steele cannot skirt this duty merely because he is in pro se—the Local Rules apply whether a party is represented by an attorney or in pro se. L.R. 1-3 ("Persons appearing *pro se* are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties *pro se* unless the context requires otherwise.").

Third, Pietz and Ranallo had no duty to serve Steele the vast majority of documents that he complains about not having been served. It is undisputed that Steele was represented by attorneys between March 8, 2013, and May 16, 2013—so

---

[1] Steele left off a "1" from his address and incorrectly entered it as 111 Lincoln Road, Suite 400, Miami Beach, FL 33139. (ECF No. 143.)

Pietz and Ranallo had no duty in that timeframe to separately serve Steele in addition to his attorneys. (ECF Nos. 81, 101.) Prior to that time, the Court ordered Brett Gibbs to serve relevant papers to Steele in his individual capacity. (ECF No. 66.) Of the 21 documents Steele complains about, only 6 of them were filed after May 16, 2013. (ECF No. 197, at 2.) And of these six documents, one was a report filed by Pietz to the Court (ECF No. 148), while the other five pertain to motions filed by other parties and did not involve Steele (ECF Nos. 175, 183, 184, 190, 191.) None of these six allegedly unserved documents required a response from Steele. The Court sees no possible prejudice to Steele even if he was never served with these six documents.

Fourth, although Steele seems to contend that this lack of service prejudiced him, because he was nonetheless involved in the motions filed by his cohorts through his joint and several liability for the Court-ordered sanctions, evidence suggests that Steele had actual knowledge despite any failure by Pietz and Ranallo to properly serve him. Pietz presents an email chain suggesting that Steele was centrally involved in the entire supersedeas bond issue, with Steele commenting, "Philip [Vineyard], Great motion." (Pietz Decl., Ex. 2.) Moreover, Steele's intimate knowledge of the case docket—in sufficient detail to point out the documents that have not been served—further suggests that he had actual knowledge of the papers filed by Pietz and Ranallo. (*See e.g.*, ECF No. 197, at 2.) This raises the question how Steele was able to do this given his assertions at the hearing that he did not log onto CM/ECF or otherwise see the case docket.

Finally, the Court notes that the Prenda parties (John Steele, Paul Duffy, Paul Hansmeier, Peter Hansmeier, Mark Lutz, AF Holdings LLC, Ingenuity 13 LLC, and Prenda Law, Inc.) continue to act in concert. Philip Vineyard's email chain, addressed to a number of these Prenda parties, confirms this. Also, the similarities in the substance, formatting, footers, and service list of the three Notices to the Court, filed by Mark Lutz, Paul Hansmeier, and Peter Hansmeier, in relation to Steele's instant

1 Motion further indicate that at least the four of them are in cahoots. (ECF Nos. 201–
2 204.) The concurrent filing of their papers are another indication of their relatedness.
3 Even without these indicia, the Court has already determined that the Prenda parties
4 have a history of conspiring together—there is nothing to suggest that they have
5 stopped. (ECF No. 130.)

6 Based on these findings, the Court finds Steele's Motion meritless and
7 frivolous. Therefore, it is appropriate to consider whether sanctions should be
8 awarded to Pietz and Ranallo for the expense of defending this Motion, one where
9 Steele sought sanctions against them for their failure to serve.

10 Pietz and Ranallo are hereby directed to file a regularly noticed motion for
11 Rule 11 sanctions against Steele in connection with his filing of this Motion. A
12 hearing should be noticed for the motion no later than August 26, 2013. The Court
13 hereby reminds Steele that failure to timely oppose the motion may result in the
14 automatic imposition of the requested sanctions. L.R. 7-12.

15 Steele's Motion for Reconsideration is hereby **DENIED**. Steele is advised that
16 the Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring
17 Street, Room G-19, Main Street Floor, Los Angeles, California 90012. The clinic is
18 open on Mondays, Wednesdays, and Fridays between the hours of 9:30 a.m. to
19 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site
20 information and guidance to individuals who are representing themselves in federal
21 civil actions. Steele is encouraged to visit the clinic for advice concerning his case.

22 **IT IS SO ORDERED.**
23 July 18, 2013

25 _____
26 **OTIS D. WRIGHT, II**
 **UNITED STATES DISTRICT JUDGE**