Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Attorneys Specially Appearing for Respondent
PRENDA LAW, INC.

# UNITED STATE DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE,, <br><br> Defendant. | Case No.   2:12-CV-08333-ODW (JCx) <br><br> **PRENDA LAW, INC.'S NOTICE OF DISSOLUTION** <br><br> Dept:           11 <br> Judge:         Hon. Otis D. Wright <br> Complaint Filed: September 27, 2012 <br> Trial Date:    None set |

TO THE COURT, THE PARTIES, ALL RESPONDENTS AND THEIR ATTORNEYS OF RECORD.

Please take notice that on July 26, 2013, the Illinois Secretary of State approved Respondent Prenda Law, Inc.'s request for voluntary dissolution. Notwithstanding Prenda Law, Inc.'s dissolution, applicable federal and Illinois legal authorities permit Prenda Law, Inc. to maintain its current appeals of the various orders arising from the district court's order to show cause ("OSC") proceedings in the above-captioned matter. To wit, Federal Rule of Civil Procedure, Rule 17, states in relevant part:

> **Rule 17. Plaintiff and Defendant; Capacity; Public Officers**
>
> **(b)** Capacity to Sue or Be Sued. Capacity to sue or be sued is

determined as follows:

    **(2)** for a corporation, by the law under which it was organized;

Sections 12.30 and 12.80, respectively, of Illinois' Business Corporation Act (805 ILCS 5/1.01, *et seq*.) state in relevant part the following:

**§ 805 ILCS 5/12.30**

Sec. 12.30. Effect of dissolution.

**(a)** Dissolution of a corporation terminates its corporate existence and a dissolved corporation shall not thereafter carry on any business except that necessary to wind up and liquidate its business and affairs, including:

    **(5)** Doing such other acts as are necessary to wind up and liquidate its business and affairs.

**(c)**     Dissolution of a corporation does not:

    **(4)** Prevent suit by or against the corporation in its corporate name;

    **(5)** Abate or suspend a criminal, civil or any other proceeding pending by or against the corporation on the effective date of dissolution.

**§ 805 ILCS 5/12.80**

Sec. 12.80. Survival of remedy after dissolution.

The dissolution of a corporation either (1) by filing articles of dissolution in accordance with Section 12.20 of this Act [805 ILCS 5/12.20], (2) by the issuance of a certificate of dissolution in accordance with Section 12.40 of this Act [805 ILCS 5/12.40], (3) by a judgment of dissolution by a circuit court of this State, or (4) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Finally, the U.S. Supreme Court has recognized congressional and judicial respect for the principles of federalism by deferring to the states in determining whether a corporation organized pursuant to a state's laws may continue its federal

litigation pursuits beyond the corporation's dissolution.

> But a time-honored feature of the corporate device is that a corporate entity may be utterly dead for most purposes, yet have enough life remaining to litigate its actions. All that is necessary is a statute so providing.

Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634-35 (1949)(citing Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257 (1927); Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 277 (1917)).

In summary, Prenda Law, Inc. provides this notice in order to conform to its disclosure responsibilities before this court, but in no way should this notice be construed to act as a waiver or dismissal of Prenda Law, Inc.'s appeals in this matter.

Klinedinst PC

DATED: August 2, 2013

By: /s/ Philip W. Vineyard
Heather L. Rosing
David M. Majchrzak
Philip W. Vineyard
Attorneys Specially Appearing for Respondent PRENDA LAW, INC.

15616108v1