Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Attorneys for Respondent PRENDA LAW, INC.

# UNITED STATE DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE,, <br><br> Defendant. | Case No.   2:12-CV-08333-ODW (JCx) <br><br> **KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL FOR PRENDA LAW, INC.** <br><br> Dept:          11 <br> Judge:         Hon. Otis D. Wright <br> Complaint Filed: September 27, 2012 <br> Trial Date:    None set |

TO THE COURT, THE PARTIES, ALL RESPONDENTS AND THEIR ATTORNEYS OF RECORD.

Please take notice that on August 30, 2013, Klinedinst PC and its attorneys, Heather L. Rosing, David M. Majchrzak, and Philip W. Vineyard (collectively, "Klinedinst"), renewed their application to the Ninth Circuit Court of Appeals for an order permitting Klinedinst to withdraw as counsel for Prenda Law, Inc. ("Prenda"). Given the procedural status of this matter; *i.e.*, the active portion of this litigation is now before the Ninth Circuit Court of Appeals in the manner of eight consolidated appeals, and without guidance as to which court would ultimately rule on Klinedinst's renewed application, Klinedinst has filed identical

777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
KLINEDINST PC

1    versions of the application in both the Appellate and District Courts.

2        The bases for Klinedinst's renewed application is that Prenda has failed to

3    pay Klinedinst for its services and failed to execute a retention agreement

4    memorializing the terms and conditions of Klinedinst's representation of Prenda in

5    this matter, including the appeal.  Klinedinst has met and conferred with all parties

6    participating in the appeal and/or their counsel, and no party or counsel has

7    communicated any opposition to Klinedinst's renewed application.

8

9                                    Klinedinst PC

10

11   DATED: August 30, 2013          By:  /s/ Philip W. Vineyard
                                           Heather L. Rosing
12                                         David M. Majchrzak
                                           Philip W. Vineyard
13                                         Attorneys for PRENDA LAW, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO
WITHDRAW AS COUNSEL**

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED APPLICATION TO WITHDRAW AS COUNSEL

## I.   INTRODUCTION

Heather Rosing, David Majchrzak, and Philip Vineyard of the law firm Klinedinst PC (collectively, "Klinedinst"), current counsel of record for Prenda Law, Inc. ("Prenda") in the Ninth Circuit and in the Order to Show Cause ("OSC") proceedings held in the Central District (which are the subject of Prenda's appeal), hereby re-apply to this court for an order authorizing Klinedinst's withdrawal as counsel of record for Prenda.  New facts justify Klinedinst's renewed application: (i) Prenda has not executed Klinedinst's attorney retention agreement despite multiple requests to do so; (ii) Prenda has not funded Klinedinst's required retainer for representation in this matter; (iii) Prenda has not paid Klinedinst's last two invoices and currently owes an estimated $17,000 in fees and costs, $14,766.80 of which were incurred and billed in June and July; and (iv) Prenda has voluntarily dissolved itself, as earlier noticed to this court.[1]

This application is unopposed by any party and constitutes an emergency in that Klinedinst is providing services to a dissolved company, which has shown a historical and current incapacity to pay for the services rendered and which is unable to engage in revenue-producing business to assure payments to this firm in the future.  Prenda is not an indigent individual reliant upon its counsel to avoid incarceration or other penalty, but was instead a for-profit entity established by an experienced attorney.  Klinedinst should not be compelled to maintain its current representation of Prenda given the foregoing circumstances.

## II.   STATEMENT OF RELEVANT FACTS

To refresh this court's recollection, Klinedinst's representation of Prenda had been expressly limited by agreement to the district court's OSC proceedings,

---

[1] Appellate Court Dkt. Entry 17-1; District Court ECF No. 234.

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

but upon conclusion of those proceedings and despite Prenda's acquiescence to Klinedinst's withdrawal, both the district court and the appellate court denied Klinedinst's applications to be relieved as counsel.  Those rulings were based on (i) the discretion of the courts to grant the applications and (ii) the preclusion of a corporate entity from making formal appearances pro se before each court.[2] Pursuant to those orders, Klinedinst continued its representation of Prenda before both courts and performed the acts necessary to protect Prenda's interests in its appeal of the district court's OSC and appellate bonding orders.[3]

On June 25, 2013, six days after the Court of Appeals denied Klinedinst's Motion to Withdraw as Counsel, Klinedinst requested Prenda to execute a retention agreement with Klinedinst and to pay a reasonable retainer for future fees and costs incurred and arising from Prenda's appeal.[4, 5]  As it awaited execution of the retention agreement and payment of the retainer, Klinedinst performed its obligations to Prenda as required by California's Rules of Professional Conduct and the courts' orders.  (*See, e.g.*, the filings referenced in fn. 3.)  As of August 26, 2013, Prenda had yet to execute the retention agreement or pay the requested retainer, despite multiple requests to do so from June 25 through August 7, 2013.[6] In addition, Klinedinst has provided Prenda two invoices for Klinedinst's fees and costs incurred in this matter, both of which remain unpaid.[7]  The invoices collectively total $14,766.80 in fees and costs incurred in June and July 2013, and Klinedinst has incurred an estimated additional $2,200 in the first two weeks of

---

[2] Appellate Court Dkt Entries 5-1, 13; District Court ECF Nos. 144, 147.

[3] *See, e.g.,* Appellate Court Dkt. Entries 6-1, 9-1, 11-1, 15-1, 17-1; District Court ECF Nos. 157, 157-1, 173, 181, 198, 221, 234.

[4] Pursuant to California Business & Professions Code section 6068, and erring on the side of caution, Klinedinst will not, absent a lawful court order, disclose the terms and conditions of its proposed agreement, the amount of its requested retainer, the fees to be charged against it, or any other privileged information arising therefrom.

[5] *See* Declaration of Philip W. Vineyard, attached hereto, at ¶7.

[6] Vineyard Dec., ¶8.

[7] Vineyard Dec., ¶8, 9.

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

August.[8, 9]

On or about August 1, 2013, Klinedinst learned that Prenda was the subject of a voluntary dissolution in the state of Illinois, the state in which Prenda was organized.[10] Klinedinst researched the applicable laws to ensure Prenda was able to continue its appeal in the Ninth Circuit and thereafter prepared and filed on August 2, 2013, a notice of Prenda's voluntary dissolution in the appellate and district courts.[11] On August 7, 2013, Klinedinst informed Prenda via e-mail that if the retention agreement was not executed and the retainer and past-due invoices not paid by August 9, 2013, Klinedinst would move the courts for an order permitting its withdrawal.[12] Klinedinst explained in that e-mail the ramifications of an order granting the proposed motion, but notwithstanding these disclosures, Prenda has yet to execute the retention agreement or pay the requested retainer or past-due invoices.[13]

Klinedinst met and conferred with its client, each of the pro se appellants (to the extent that each of them continue to use their last known e-mail addresses), and counsel for the appellee and putative John Doe on August 16, 2013, to determine if any of them would oppose Klinedinst's renewed application.[14] As of August 26, 2013, no party or his or its counsel has provided notice of any opposition to the substance of this renewed application.[15]

This application will be concurrently filed with both the district and appellate courts.

777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017
KLINEDINST PC

---

[8] Vineyard Dec., ¶9.

[9] Prior to June 26, 2013, Prenda's defense had been funded by its errors and omissions insurer. Vineyard Dec., ¶¶3, 6.

[10] Vineyard Dec., ¶10.
[11] Appellate Court Dkt. Entry 17-1; District Court ECF No. 234; Vineyard Dec., ¶11.
[12] Vineyard Dec., ¶12.
[13] Vineyard Dec., ¶¶8, 12.
[14] Vineyard Dec., ¶14.
[15] Vineyard Dec., ¶15.

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## III.  ARGUMENT

### A.  Authorities for Klinedinst's Motion to Withdraw

Central District Local Rule 83-2.3.2 states the following:

> *Motion for Withdrawal*. An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action.

Similarly, Local Rule 83-2.3.4, in relevant part, states the following:

> *Organizations*. An attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear *pro se*.

Central District Local Rule 83-2.3.5 concludes the following:

> *Delays by Substitution of Attorneys*. Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion.

### B.  Klinedinst Satisfies The Analysis Determining Whether An Application To Withdraw As Counsel Is Proper.

In its order denying Klinedinst's initial attempt to withdraw as Prenda's counsel, the district court cited to *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 U.S. Dist. LEXIS 69618 (C.D. Cal. 2009) ("*HLC*") for the analysis that must be undertaken to determine whether a request for withdrawal should be denied or granted.[16]  The questions to be considered constitute the following:

1. The reasons why withdrawal is sought;

2. The prejudice withdrawal may cause to other litigants;

---

[16] ECF, No. 147, 1:21-27.

KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

3.  The harm withdrawal might cause to the administration of justice; and

4.  The degree to which withdrawal will delay resolution of the case.[17]

These questions are repeated in analyses in venues throughout the First, Second, Fourth, Sixth, and Ninth Circuits, all while considering the application of the underlying state's Rules of Professional Conduct.[18]

### 1.    Why withdrawal is sought.

In this case, not only had Prenda agreed to limit Klinedinst's representation to the OSC proceedings, but it has since failed to pay Klinedinst for its continuing efforts in protecting Prenda's right to an appeal, inclusive of motions opposing multiple orders imposing over $230,000 in appellate bonding requirements. Although the research, preparation, and compilation of the appellate materials have yet to impose a significant burden on Klinedinst, the November 19, 2013, submission deadline for opening briefs and supporting records requires that Klinedinst ramp up its efforts within the next few weeks, all under the nearly guaranteed threat that it will receive no payments for that work.

Non-payment of fees is a valid basis for federal courts to grant motions to withdraw, even if the offending client is a corporation.[19]  Klinedinst is already

---

[17] *See* Id. at 2.

[18] *See* Kelly v. Cuomo (In re Cuomo), 2013 Bankr. LEXIS 2511, at 60-62 (Bankr. D. Nev. 2013) (citing Brown & Bain, P.A. v. O'Quinn, 518 F.3d 1037, 1039-42 (9th Cir. 2008); Brandon v. Blech, 560 F.3d 536, 537-38 (6th Cir. 2009); Jo Ann Howard & Assocs., P.C. v. Cassity, 2012 U.S. Dist. LEXIS 8691, at 8-11 (E.D. Mo. 2012); Nat'l Career College, Inc. v. Spellings, 2007 U.S. Dist. LEXIS 50705, at 5-7 (D. Haw. 2007); Hammond v. T.J. Litle & Co., Inc., 809 F. Supp. 156, 162-63 (D. Mass. 1992); Irwin v. Mascott, 196 F. App'x 455, 455 (9th Cir. 2006); Rophaiel v. Alken Murray Corp., 1996 U.S. Dist. LEXIS 7796, at 2-4 (S.D.N.Y. 1996); Malarkey v. Texaco, Inc., 1989 U.S. Dist. LEXIS 8764, at 1-2 (S.D.N.Y. 1989); In re Schley, 2012 Bankr. LEXIS 2135 at 6 (Bankr. E.D. Va. 2012); Danvers Sav. Bank v. Cuddy (In re Cuddy), 322 B.R. 12, 17 (Bankr. D. Mass. 2005); Goldstein v. Albert (In re Albert), 277 B.R. 38, 50-51 (Bankr. S.D.N.Y. 2002).

[19] *See* Moss Landing Commer. Park LLC v. Kaiser Aluminum Corp., 2009 U.S. Dist. LEXIS 25772, at 2-3 (N.D. Cal. 2009)(ruling an LLC must immediately retain new counsel following

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

owed nearly $17,000 in fees and costs, and the bulk of work on Prenda's appeal has not even started.  It would be extremely prejudicial to Klinedinst if it were forced to continue Prenda's appeal to its conclusion with no retention agreement (i) setting out the basis of Klinedinst's representation and (ii) establishing a contractual basis to recoup its fees and costs in the completion of Prenda's appeal. Indeed, Section 12.30 of Illinois's Business Corporation Act states that one of the effects of Prenda's dissolution is to preclude it from carrying on "any business except that necessary to wind up and liquidate its business and affairs…"[20]  With Prenda dedicating whatever is left of its resources to the defense of clients in other venues or for satisfying court orders in this matter, Klinedinst is almost assured of receiving no payment for what will likely be over six months of substantial work.

### 2.    The prejudice withdrawal may cause to other litigants.

If the court were to grant Klinedinst's renewed application, the opposing John Doe would arguably still have a binding order against Prenda from the OSC proceedings.  Thus, John Doe's status quo remains.  The other appellants are pro se.  Prenda not going forward with its appeal does not preclude the other appellants from briefing and arguing their appeals.  Finally, the dismissal of Prenda's appeal, assuming subsequent counsel is not retained, does not in any way require a change in briefing deadlines for the consolidated appeal.  Therefore, none of the remaining parties to the appeal are prejudiced in any way.

///

///

---

the district court's granting a motion to withdraw filed by the LLC's counsel); Das v. WMC Mortg. Corp., 2011 U.S. Dist. LEXIS 119058, at 6 (N.D. Cal. 2011)("Plaintiffs' failure to pay legal fees is grounds for granting a motion to withdraw."); Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, at 2 (S.D. N.Y 1997)(permitting withdrawal of corporate defendant's counsel based on failure to pay counsel's fees); Ferruzzo v. Superior Court, 104 Cal. App. 3d 501, 504 (1980)("An attorney may be allowed to withdraw without offending the rule against corporate self-representation.").

[20] See 805 ILCS 5/12.30

KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

### 3. The harm withdrawal might cause to the administration of justice.

Much like the arguments immediately above, Klinedinst's withdrawal in no way jeopardizes any of the deadlines set by the appellate court. There are no pending hearings or proceedings in the district court, and to Klinedinst's knowledge, there is nothing that Prenda might argue on appeal that is necessary to any other appellant's or appellee's arguments. In fact, if Prenda does not retain subsequent counsel and continue its appeal, the appellate court will have one less brief to consider, and the district court will have one less party with which to worry in the case of a potential remand.

Prenda still has nearly three months by which to retain subsequent counsel and have an appellate brief filed. It is not an indigent appellant in need of an attorney's help; it is a law firm, which specialized in copyright and technology-related matters. Prenda is a sophisticated entity able to take care of its own interests; thus, Klinedinst's withdrawal has little to no effect on the administration of justice.

### 4. The degree to which withdrawal will delay resolution of the case.

The court may ameliorate any concerns for delay by placing Prenda on a reasonable deadline for the retention of subsequent counsel, thereby ensuring that Prenda's new counsel has sufficient time to prepare and file Prenda's appeal within the previously established schedule. Failure to abide by the deadline will result in the dismissal of Prenda's appeal pursuant to the preclusion of a corporation appearing pro se before the federal courts. That hypothetical dismissal again would have no impact on the remaining appellate parties' deadlines to file their respective briefs.

## IV. CONCLUSION

Based on the foregoing facts and legal authorities, and Klinedinst's

1     exhibition of good faith and strident efforts in the protection of Prenda's legal and

2     financial interests, the court should grant Klinedinst's renewed application to

3     withdraw as counsel of record for Prenda. Simply, had Prenda been able to pay its

4     bills and the required retainer, as well as execute Klinedinst's retention agreement,

5     Klinedinst would not be before this court a second time. However, the

6     circumstances dictate as much, leaving Klinedinst with a heavy burden that

7     requires the court's intervention.

8

9                           Klinedinst PC

10

11     DATED: August 30. 2013         By: /s/ Philip W. Vineyard

12                                    Heather L. Rosing
                                   David M. Majchrzak

13                                    Philip W. Vineyard
                                   Attorneys for Respondent PRENDA

14                                    LAW. INC.

15     15642841v1

16

17

18

19

20

21

22

23

24

25

26

27

28

777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017
KLINEDINST PC

**KLINEDINST PC'S NOTICE OF RENEWED APPLICATION AND RENEWED APPLICATION TO WITHDRAW AS COUNSEL**