Heather L. Rosing, Bar No. 183986
David M. Majchrzak, Bar No. 220860
Philip W. Vineyard, Bar No. 233628
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com
dmajchrzak@klinedinstlaw.com
pvineyard@klinedinstlaw.com

Attorneys for Respondent PRENDA
LAW, INC.

# UNITED STATE DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE,, <br><br> Defendant. | Case No.  2:12-CV-08333-ODW (JCx) <br><br> **DECLARATION OF PHILIP W. VINEYARD IN SUPPORT OF KLINEDINST PC'S RENEWED APPLICATION TO WITHDRAW AS COUNSEL** <br><br> Dept:          11 <br> Judge:        Hon. Otis D. Wright <br> Complaint Filed:  September 27, 2012 <br> Trial Date:   None set |

I, Philip W. Vineyard, declare as follows:

1.      I am over the age of 18 years and a senior associate with the law firm Klinedinst PC, counsel of record for Prenda Law, Inc. ("Prenda"). I am a member in good standing with the California State Bar and admitted to practice in all of the State's courts, as well as in the federal courts for the Central and Northern Districts of the State of California and the Ninth Circuit Court of Appeals.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could competently testify thereto, except as to those matters which are set forth as based upon my information and belief and, as to such matters, I am

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

informed and believe that they are true and correct.

3.     Our firm was retained on March 7, 2013, by Prenda's errors and omissions insurer to specially appear, as relevant here, on behalf of Prenda before the U.S. District Court for the Central District of the State of California in the matter entitled *Ingenuity 13, LLC v. John Doe*, assigned case number 2:12-cv-8333-ODW(JCx) by the Central District. Our and Prenda's special appearances were made pursuant to the district court's March 5, 2013, order (ECF No. 66), which was related to an order to show cause ("OSC") initially issued against appellant Brett Gibbs on February 7, 2013 (ECF No. 48). The final and other intermediate orders from those proceedings are the subject matter of Prenda's pending appeals before the Ninth Circuit Court of Appeals.

4.     Relevant to the instant Application, we were retained and agreed to specially appear on behalf of Prenda solely through the order to show cause proceedings. Prenda and its sole shareholder, Paul Duffy, were aware of and agreed to this limited scope of representation, and throughout the representation, we reminded Prenda, through Duffy, about the limited scope of our representation. As part of our duties, we agreed to communicate any necessary information to any subsequent counsel after the conclusion of the OSC proceedings.

5.     On May 6, 2013, the district court served through the ECF system an Order Issuing Sanctions against, among others, Prenda. To my belief, the order concluded the OSC proceedings. Thereafter, I prepared and filed Klinedinst's application to be relieved as counsel. That application, as it applied to Prenda, was denied by the district court on May 17, 2013 (ECF No. 147). On May 24, 2013, I filed a motion in the Court of Appeals requesting its motion panel to reverse the district court's denial of Klinedinst's application to withdraw (Dkt. Entry 5-1). That request was denied on June 19, 2013 (Dkt. Entry 13).

6.     Prenda's errors and omissions insurer, which was paying for Prenda's defense through the OSC proceedings, informed us that it was discontinuing, and

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

DECLARATION OF PHILIP W. VINEYARD IN SUPPORT OF KLINEDINST PC'S RENEWED
APPLICATION TO WITHDRAW AS COUNSEL

in fact did discontinue, payment of our invoices shortly after the conclusion of the OSC proceedings.  The last day of work performed pursuant to the agreement with the insurer was June 25, 2013.

7.     On June 25, 2013, I e-mailed Paul Duffy of Prenda to inform him that the firm would require an executed retention agreement and payment of a retainer for the continued representation of Prenda.  I attached a copy of the retention agreement to the e-mail and instructed Mr. Duffy that a failure to execute the agreement or to pay this firm's fees and costs would in all likelihood result in this firm filing a motion to withdraw as counsel.

8.     I and Heather Rosing, the partner assigned to this matter, requested on multiple occasions in the time period June 25, 2013, through August 7, 2013, that Prenda execute the firm's retention agreement, pay the required retainer, and pay past-due invoices generated through Klinedinst's representation of Prenda.  As of August 26, 2013, none of these tasks were commenced or completed by Prenda.

9.     Since Prenda's errors and omissions insurer stopped funding Prenda's representation, Klinedinst has issued two invoices to Prenda.  Those invoices collectively total $14,766.80 in fees and costs incurred in the month of June and July 2013.  In addition, Klinedinst has incurred an estimated additional $2,200 in fees and costs for the first two weeks of August.

10.     I learned on August 1, 2013, that Prenda was the subject of a voluntary dissolution in Illinois.  I confirmed this fact by accessing and conducting a business entity search on the website for the Secretary of State for the State of Illinois.

11.     I immediately conducted the legal research necessary to determine whether Prenda could continue its appeal of the district court's underlying OSC and appellate bonding orders.  Upon satisfying myself that Prenda could maintain its appeal before the Ninth Circuit Court of Appeals, I prepared and had filed notices of Prenda's dissolution in the appellate and district courts (Dkt. Entry 17-1,

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

3

**DECLARATION OF PHILIP W. VINEYARD IN SUPPORT OF KLINEDINST PC'S RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

ECF No. 234).  In those notices, I provided the legal authorities protecting Prenda's right to a continued appeal.

12.     On August 7, 2013, I e-mailed Paul Duffy and informed him that if Prenda did not by August 9, 2013, execute Klinedinst's retention agreement and pay the required retainer and all past-due invoices for services rendered and costs incurred, Klinedinst would renew its requests with the appellate and district courts to withdraw as counsel.

13.     In accordance with my professional and statutory duties, I disclosed in my August 7, 2013, e-mail to Duffy multiple ramifications of an order granting Klinedinst's renewed request to withdraw as counsel, as well as the preclusion on Prenda appearing pro se in these proceedings.  Many of the disclosures mirrored those provided to Prenda just before Klinedinst's initial attempt to withdraw as counsel.

14.     On August 16, 2013, I met and conferred via e-mail with all parties to the consolidated appeals and/or their counsel of record.  In that e-mail, I disclosed the substance of Klinedinst's renewed application to withdraw as Prenda's counsel and asked for notice of any opposition to the application.

15.     As of August 26, 2013, I have received no notice of opposition to Klinedinst's renewed application.  On August 21, 2013, via e-mail, Morgan Pietz, counsel for the putative John Doe, expressly noticed his client's non-opposition to the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

///

///

///

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

4

**DECLARATION OF PHILIP W. VINEYARD IN SUPPORT OF KLINEDINST PC'S RENEWED APPLICATION TO WITHDRAW AS COUNSEL**

Executed the 30th day of August, 2013, at Los Angeles, California.

/s/Philip W. Vineyard
Philip W. Vineyard

5