# EXHIBIT A

**RELEASE AND SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of **May 16, 2013** ("Effective Date"), by and between Brett Gibbs ("Gibbs") and Paul Duffy, John Steele, Paul Hansmeier, Prenda Law Inc., Steele Hansmeier PLLC, Alpha Law Firm LLC. (Releasees)

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby irrevocably acknowledged, Brett Gibbs agrees as follows:

**Gibbs** and his agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies hereby remise, release, and forever discharge Releasees, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable for any acts related to Mr. Gibbs employment by Prenda Law Inc., Steele Hansmeier PLLC, Alpha Law Firm LLC, or any acts committed by Releasees against Gibbs from the beginning of time through the date of this agreement.

Gibbs recognizes and understands that he is releasing the aforementioned liability for any act or omission occurring from the beginning of time up to and including the date of this Agreement which relates to Gibbs and Releasees, regardless of whether or not Gibbs knew of said act, omission or of any injury relating thereto.

1. Independent Counsel. Each party acknowledges that they have read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executes the same freely of their own accord.

2. Venue. The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties under here shall be a court of competent jurisdiction in Minneapolis, Minnesota.

3. Binding Effect. This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

4. Nonwaiver. No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

5. Severability. If any provision or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

6. Entire Agreement. This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promise not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

7. Successors and Assigns. This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns.

8. Jointly Drafted. The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

_____
Brett Gibbs
May 16, 2013