Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Nicholas Ranallo (SBN 275016)
371 Dogwood Way
Boulder Creek, CA 95006
nick@ranallolawoffice.com
Telephone: (831) 703-4011
Fax: (831) 533-5073

Attorneys for Putative John Doe in 2:12-cv-08333-ODW-JC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13, LLC, a Limited Liability Company Organized Under the Laws of the Federation of Saint Kitts and Nevis,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case Number: 2:12-cv-08333-ODW-JC<br><br>Case Assigned to:<br>District Judge Otis D Wright, II<br><br>Discovery Referred to:<br>Magistrate Judge Jacqueline Chooljian<br><br>Case Consolidated with Case Nos.:<br>2:12-cv-6636; 2:12-cv-6669;<br>2:12-cv-6662; 2:12-cv-6668<br><br>**DOE'S RESPONSE TO MOTION FOR INDICATIVE RULING VACATING MAY 6, 2013 ORDER ISSUING SANCTIONS AGAINST MOVANT BRETT L. GIBBS** |

## RESPONSE

On October 17, 2013, plaintiff's prior counsel and individually sanctioned party Brett L. Gibbs filed a Motion for Indicative Ruling Vacating May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs (ECF No. 240) ("Motion for Indicative Ruling"). The putative John Doe defendant in this action ("Doe"), by and through counsel, hereby responds to the Motion for Indicative Ruling follows:

To the extent that the Motion for Indicative Ruling seeks reconsideration, based on new evidence (Fed. R. Civ. Proc. 60(b)(2)), of whether Mr. Gibbs should be liable for his conduct of this case and the other related cases, Doe objects and opposes the request. Although Doe has not yet sought to execute against Mr. Gibbs' assets despite the fact that Gibbs did not post an appellate bond, Doe must reserve the right to keep open such an option pending the outcome of the appeal.

Even assuming that the purported new evidence could not have been obtained previously with reasonable diligence, nothing in the Motion for Indicative Ruling justifies absolving Mr. Gibbs of liability completely. The new evidence mainly serves to further inculpate John Steele, Paul Hansmeier, Paul Duffy, perhaps rightly deflecting most of the blame their way. Ultimately though, regardless of Mr. Gibbs' recent and commendable attempts to let the full truth be known about Prenda, it was Gibbs' name signed on the pleadings in this matter. That fact unavoidably makes Mr. Gibbs an important participant in the bad faith wrought on the Court and on the various Internet subscribers targeted in Prenda's web of deceit. The evidence presented on Mr. Gibbs' role in sanctionable conduct should not be re-litigated now.

In view of the order imposing joint and several liability, determining the appropriate comparative fault of Gibbs versus Steele, Hansmeier, Duffy and their related entities should not be Doe's problem. Even if Gibbs' rightful share of the fault may be smaller than that of the others, to release Mr. Gibbs entirely from financial responsibility in the manner requested would be unjust in general and unfair to Doe in particular.

  The new evidence proffered by Mr. Gibbs is significant, and it generally supports this Court's sanction award. The various Prenda-related parties should be on notice that Doe considers the instant motion and supporting evidence to be a proper part of the record on appeal and will be addressing it in appellate briefing. However, the precise relief requested by Mr. Gibbs, wherein he seeks to avoid liability entirely, is not something to which Doe can agree. Had Mr. Gibbs perhaps set his sights a little lower, and moved this Court to make amended or additional findings, per Fed. R. Civ. Proc. 52(b), Doe might have considered such a request more favorably.[1] However, that is not the motion before this Court. Further, Doe's first priority at this stage is to move the appeal along as speedily as possible. With appellant's opening briefs due November 19, 2013, and even assuming no extensions, since none have yet been requested, there should be plenty of time for the Prenda-related parties to digest all of this information and be prepared to address it on appeal.

  For the foregoing reasons, Doe respectfully requests that the Court deny the instant Motion for an Indicative Ruling.

Respectfully submitted,
DATED: October 28, 2013        THE PIETZ LAW FIRM

                 */s/ Morgan E. Pietz*
                 Morgan E. Pietz

                 *Attorney for Putative John Doe(s)*
                 *Appearing on Caption*

---

[1] Most notably, Doe would agree that *since the sanctions hearings in this case*, Mr. Gibbs appears to have been generally forthright and credible in his dealings with various courts investigating Prenda. This stands in marked contrast to the games Steele, Hansmeier, Duffy (and Lutz) continue to play in these actions. For a comprehensive and fairly recent overview on the status of other Prenda litigation around the country, *see* http://www.popehat.com/2013/10/20/all-across-the-country-prenda-laws-rubble-is-getting-bounced/

**DOE'S RESPONSE TO MOTION FOR INDICATIVE RULING VACATING MAY 6, 2013 ORDER ISSUING SANCTIONS AGAINST MOVANT BRETT L. GIBBS**