FILED

**NOT FOR PUBLICATION**

JUN 10 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55859 |
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |
| PAUL HANSMEIER, Esquire, | MEMORANDUM[*] |
| Movant - Appellant, | |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55880 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08333-ODW-JC |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55881 |
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |
| PRENDA LAW, INC., | |
| Movant - Appellant, | |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55882 |
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |
| AF HOLDINGS, LLC, | |
| Movant - Appellant, | |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

| | |
|---|---|
| INGENUITY13 LLC, | No. 13-55883 |

2

|  |  |
|---|---|
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |
| PAUL DUFFY, | |
| Movant - Appellant, | |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

|  |  |
|---|---|
| INGENUITY13 LLC, | No. 13-55884 |
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |
| JOHN STEELE, | |
| Movant - Appellant, | |
| v. | |
| JOHN DOE, | |
| Defendant - Appellee. | |

|  |  |
|---|---|
| INGENUITY13 LLC, | No. 13-56028 |
| Plaintiff, | D.C. No. 2:12-cv-08333-ODW-JC |
| And | |

PRENDA LAW, INC.,

               Movant - Appellant,

  v.

JOHN DOE,

               Defendant - Appellee,

  And

PAUL DUFFY,

               Movant - Appellee.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

      Paul Duffy, Paul Hansmeier, and John Steele (collectively, "the Prenda

Principals") appeal the district court's award of attorney's fees, including a

punitive multiplier, and a second supersedeas bond order.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

      These consolidated cases began as minor copyright infringement suits, until

courts nationwide started catching on to the plaintiffs' real business of copyright

trolling.  The scheme went essentially like this: The Prenda Principals, through their law firm, Prenda Law, Inc. ("Prenda Law"), set up a number of shell companies, including Ingenuity 13, LLC ("Ingenuity 13") and AF Holdings, LLC ("AF Holdings"), that purchased copyrights to pornographic movies.  When one of those movies was illegally downloaded, the shell company (via Prenda Law or a local attorney hired by Prenda Law) filed a complaint against "John Doe" in federal or state court for copyright infringement and used early discovery mechanisms to determine the identities of the persons it alleged illegally downloaded the film.

The shell company would then mail the purported "John Doe" a letter threatening to sue unless the individual paid roughly $4,000 to "settle" the case. Out of embarrassment and for economic reasons, many "John Does" settled, regardless of whether they, or another family member, friend, or guest, infringed the copyright.  When the "John Does" settled, Prenda Law would voluntarily dismiss the case; Prenda Law never litigated a single copyright infringement case through to a merits judgment.  By misusing the subpoena power of the court, the Prenda Principals made millions of dollars from suing hundreds to thousands of "John Does" across the country.

Concerned that Ingenuity 13 was engaging in a "legal shakedown" and "fishing-expedition discovery," the district court ordered it to show cause ("OSC") why early discovery was warranted and to demonstrate "how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information."

Ingenuity 13 then  moved to disqualify Judge Wright for "pervasive bias." The motion was assigned to district court Judge Michael W. Fitzgerald, who denied it.   Ingenuity 13 then voluntarily dismissed the case against Doe.

By the time of the dismissal, however, the Prenda Principals' nationwide scheme had started to unravel, and Judge Wright ordered the Prenda Principals, who until then were not part of the lawsuit, to appear before the court.  Judge Wright determined that Ingenuity 13 was a dummy LLC set up by Prenda Law, and that Duffy, Hansmeier, and Steele, were the controlling attorneys at Prenda Law.  After a hearing, the district court judge sanctioned the Prenda Principals, Brett Gibbs (the Prenda Law attorney for Ingenuity 13 and AF Holdings), Prenda Law, Ingenuity 13, and AF Holdings, and awarded Doe attorney's fees, including a "punitive multiplier."  After the Prenda Principals posted a supersedeas bond of 125% of the value of the monetary sanction, the district court judge ordered them to post a second supersedeas bond of $135,333.06 (equaling the amount of Doe's

projected costs and attorney's fees to defend the sanctions on appeal).  The Prenda Principals appealed the sanctions.

We review for abuse of discretion the district court's imposition of sanctions pursuant to its inherent power.  *F.J. Hanshaw Enters, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001).  "With respect to sanctions, a district court's factual findings are given great deference."  *Id.*  The district court's broad discretion will not be found to be an abuse unless we have been left with "a definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached."  *United States v. Sumitomo Marine & Fire Ins. Co. Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954)).

The district court did not abuse its discretion in finding bad faith and sanctioning the Prenda Principals under its inherent power.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order); *Hanshaw*, 244 F.3d at 1136 (a federal court's inherent power allows the court to "punish conduct both within their confines and beyond, regardless of whether that conduct interfered with trial").

Based on the myriad of information before it—including depositions and court documents from other cases around the country where the Prenda Principals were found contradicting themselves, evading questioning, and possibly committing identity theft and fraud on the courts—it was not an abuse of discretion for Judge Wright to find that Steele, Hansmeier, and Duffy were principals and the parties actually responsible for the abusive litigation.[1]  Similarly, it was not an abuse of discretion for Judge Wright to find that the Prenda Principals were indeed the leaders and decision-makers behind Prenda Law's national trolling scheme.

The district court did not abuse its discretion in awarding $40,659.86 in attorneys fees and costs to Doe to "compensate [attorneys] . . . for expenses incurred in this vexatious lawsuit, especially for their efforts in countering and revealing the fraud perpetrated by Plaintiffs."  As this sanction was intended to compensate Doe, and not the court, it is civil in nature.  *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110–11 (9th Cir. 2005) (monetary sanctions imposed were compensatory where they were, in part, "designed to compensate" the plaintiff); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994)

---

[1] *See also Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 710 (7th Cir. 2014) (Seventh Circuit affirming district court's finding that Steele, Hansmeier, and Duffy were "in cahoots" to "use the judicial system for a legally meritless claim").

(If the sanction is "remedial[] and for the benefit of the complainant," it is considered civil.) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

Due process for civil sanctions requires notice, an opportunity to be heard, and a finding of bad faith. *See Hanshaw*, 244 F.3d at 1143. The Prenda Principals received sufficient notice from Judge Wright's March 6, 2013 OSC ordering the Prenda Principals and others to appear at the already-scheduled March 11, 2013 sanctions hearing. Before the March 6 OSC, Judge Wright issued an OSC on February 7, ordering Gibbs, Prenda Law's Of Counsel, to show cause why he should not be sanctioned for several violations, including fraud on the court. And on February 27, Judge Wright ordered Gibbs to provide the names of the senior members of Prenda Law, the names of the persons making strategic decisions for Prenda Law, the names of the owners of the copyrights, and the names of the principals of AF Holdings and Ingenuity 13.

Appellants were also afforded an opportunity to be heard at both the first and second hearings and were allowed to submit responsive briefs. Finally, the district court made a finding of bad faith. Judge Wright found, *inter alia*, that the Prenda Principals "demonstrated their willingness to deceive not just this [c]ourt, but other

9

courts where they have appeared," and "borrow[ed] the authority of the [c]ourt to pressure settlement."

Because the Prenda Principals received the due process protections to which they were entitled—notice, the opportunity to be heard, and a finding of bad faith—the district court did not abuse its discretion in awarding $40,659.86 in compensatory attorney's fees and costs.

The doubling of the attorney's fees award was also appropriate.  Though labeled a "punitive multiplier," this sanction was "remedial[] and for the benefit of the complainant." *Bagwell*, 512 U.S. at 827–28 (quoting *Gompers*, 221 U.S. at 441).  The doubling of the attorney's fees award did not vindicate the authority of the court but instead "compensate[d] [Doe and Pietz] for losses sustained." *Bagwell*, 512 U.S. at 829 (quoting *Gompers*, 221 U.S. at 441).  Rather than being paid to the court, this additional sanction was paid to Doe, and "the Supreme Court has tended to classify . . . fines payable to another party [as] remedial." *Lasar*, 399 F.3d at 1111 (noting that, while not determinative, "the party who receives the fine is an important indicator" of whether it is remedial).  Given that the doubling of the attorney's fees was compensatory, it does not trigger heightened due process protections.  The Prenda Principals received notice, an opportunity to be heard, and

a finding of bad faith, which collectively satisfy the due process standards for civil sanctions.

The district court did not abuse its discretion in ordering the Prenda Principals to post additional bond to cover Doe's attorney's fees on appeal. The district court had ample reason to do so. The Prenda Principals have engaged in abusive litigation, fraud on courts across the country, and willful violation of court orders. They have lied to other courts about their ability to pay sanctions. *See Lightspeed Media*, 761 F.3d at 71. They also failed to pay their own attorney's fees in this case. Considering the Prenda Principals' tactics throughout this case, it was not an abuse of discretion to increase the bond amount to cover the projected cost of attorney's fees on appeal.

The bankruptcy case relied on by the Prenda Principals, *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456, 467 n.6 (9th Cir. 2010), does not address litigants who engaged in bad-faith conduct from the start of the litigation and throughout the sanctions' proceedings. The district court had the inherent authority to sanction litigants in the form of a bond for projected appellate attorney's fees and costs for bad-faith conduct. *See Chambers*, 501 U.S. at 50. Considering the magnitude of the Prenda Principals' misdeeds, and the covert nature of their businesses, the district court did not abuse its discretion by

11

increasing the bond amount.  Without hope of receiving attorney's fees for

defending sanctions on appeal, Doe and other victims of abusive litigation would

be left with no remedy.  Doe would likely not defend the sanctions in appellate

court, and thus would lose the only compensation—attorney's fees at the district

court level—that he was awarded.

Because we do not remand for further proceedings, we need not reach the

Prenda Principals' request to transfer the case to a different district court judge.

**AFFIRMED**.