O

# United States District Court
# Central District of California

| | |
|---|---|
| INGENUITY 13, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | Case № 2:12-cv-08333-ODW (JC)<br>[Consol. w/ Case Nos. 2:12-cv-6636; 2:12-cv-6662; 2:12-cv-6668; 2:12-cv-6669]<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF OBLIGATION AND EXECUTION ON BOND [260, 261]** |

## I.    INTRODUCTION

On August 3, 2016, Defendant John Doe moved for summary adjudication of SureTec Insurance Company's obligation on two bonds that were posted in this matter, and to execute on those bonds. SureTec Insurance Company has stipulated to the relief sought, and the Court has not received a timely opposition from any other person. For the reasons discussed below, the Court **GRANTS** Doe's Motion.[1] (ECF Nos. 260, 261.)

## II.    FACTUAL BACKGROUND

This case was but one of hundreds filed around the country. Various shell

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

companies that purchased the copyrights to pornographic movies would file suit against fictitious defendants, alleging that these unknown individuals violated the Copyright Act by illegally downloading these movies. The shell companies would then apply to the Court for leave to conduct early discovery, serve subpoenas on internet service providers to discover the identities of the fictitious defendants, and demand settlement payments from them. Because the amounts demanded were typically just below the cost of a barebones defense, and because of the stigma that would attach to being publicly accused of illegally downloading pornography, the defendants almost inevitably elected to pay up rather than contest the allegations. *See generally Ingenuity13 LLC v. Doe*, No. 13-55859, 2016 WL 3212176, at *1 (9th Cir. June 10, 2016); *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 703 (7th Cir. 2014); *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 992 (D.C. Cir. 2014).

After this Court caught on to their scheme, the Court ordered Plaintiff Ingenuity 13, LLC, as well as its principals and affiliates, to show cause why they should not be sanctioned for (1) filing a complaint without any reasonable belief that the allegations therein have evidentiary support, (2) failing to comply with the Court's discovery orders, and (3) perpetrating a fraud on the Court. (ECF Nos. 48, 57, 66, 89, 105.) After holding two hearings, the Court issued an order imposing $81,319.72 in sanctions jointly and severally against John Steele, Paul Hansmeier, Paul Duffy, Prenda Law, Inc., AF Holdings, LLC, and Ingenuity 13, LLC (collectively "sanctioned parties").[2] (ECF No. 130.)

The sanctioned parties appealed (ECF Nos. 140, 149, 152, 153, 155, 156), and also applied to this Court to stay enforcement of the sanction order pending appeal. (ECF No. 157-1.) The Court denied the application, instead directing the sanctioned parties to post a supersedeas bond. (ECF No. 164.) Shortly thereafter, SureTec Insurance Company ("SureTec") posted bond in the amount of $101,650 on behalf of

---

[2] The Court also imposed sanctions against Brett Gibbs, but that sanction was later vacated. (ECF No. 246.)

the sanctioned parties, which the Court approved. (ECF Nos. 174, 177.) However, the Court also ordered the sanctioned parties to post an additional bond in the amount of $135,933.66 to cover Doe's costs and attorney's fees on appeal. (ECF No. 177.) The sanctioned parties appealed this latter order as well, and filed a flurry of motions before both this Court and the Ninth Circuit seeking to either stay or vacate the order. These motions were all denied, and SureTec ultimately posted the additional bond on behalf of the sanctioned parties. (ECF No. 229.) On June 10, 2016, the Ninth Circuit affirmed both the imposition of the original $81,319.72 sanction and the order requiring the sanctioned parties to post additional bond. (ECF No. 258.) On June 15, 2016, Doe moved the Ninth Circuit to award the $65,611.00 in attorney's fees that he incurred on appeal. (Pietz Decl. ¶ 2, Ex. 1, ECF No. 260-1.)

On July 6, 2016, the Ninth Circuit's mandate issued. (ECF No. 259.) On July 9, 2016, Doe, Steele, and Hansmeier[3] filed a stipulation and proposed order with the Ninth Circuit seeking to settle all issues that were the subject of the appeal, the relevant terms of which are as follows: (1) Doe shall be paid a total amount of $132,393.75, which consists of the original $81,319.72 sanction, $278.73 in interest, and $50,795.30 in costs and fees incurred on appeal; (2) Doe will move this Court for summary adjudication of SureTec's obligation on the bonds in the amount of $132,393.75, which Steele and Hansmeier agree not to oppose; and (3) Doe, Steele, and Hansmeier agree not to file any further motions, appeals, or petitions for writ of

---

[3] Because Hansmeier has filed for Chapter 7 bankruptcy, the stipulation was executed by the attorney for Hansmeier's bankruptcy trustee. The Court agrees with Doe that summary enforcement of a supersedeas bond or an appeal bond against a surety is not subject to the automatic bankruptcy stay. *See Willis v. Celotex Corp.*, 978 F.2d 146, 149 (4th Cir. 1992) (proceedings against surety on a supersedeas bond not subject to automatic stay because "[t]he terms of the supersedeas bond impose a duty on [the surety] separate from and independent of [the debtor's] duty to pay the judgments"). Moreover, even if the stay applied, the bankruptcy court's approval of the settlement, which explicitly requires Doe to file this Motion, could likely be construed as granting relief from stay. (Decl. Pietz, Ex. 4)

In addition, the Court notes that Duffy, Ingenuity 13, LLC, Prenda Law, Inc., and AF Holdings, LLC, are not parties to this stipulation. Duffy passed away while this matter was on appeal (Decl. Pietz, Ex. 6), and the remaining sanctioned parties appear to be defunct.

certiorari on the issues adjudicated on appeal. (Pietz Decl. ¶ 3, Ex. 2.) After considering the stipulation, the Ninth Circuit stayed Doe's motion for attorney's fees. (Decl. Pietz, Ex. 3.)

On August 3, 2016, Doe filed the instant Motion for Summary Adjudication of Obligation and Execution on Bond. (ECF No. 260.) In addition to service through the Court's CM/ECF system, Doe served the Motion by mail and e-mail on Hansmeier, Hansmeier's bankruptcy trustee, Steele, SureTec, and Duffy's prior counsel. (*Id.* at 8.) Two days later, SureTec confirmed to Doe's attorney that it would not oppose Doe's Motion, and would pay the requested amount to Doe upon receipt of a W-9 form. (ECF No. 261.) To date, the Court has not otherwise received any timely opposition to this Motion. C.D. Cal. L.R. 7-9 (written oppositions to motions due "not later than twenty-one (21) days before the date designated for the hearing of the motion"). Doe's Motion is now before the Court for consideration.

## III.   DISCUSSION

If a party takes an appeal from an adverse order or judgment, the appellant may obtain a stay of enforcement of that order or judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d). In addition, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In the Ninth Circuit, "costs on appeal" includes the prevailing party's attorney's fees on appeal if such fees are otherwise recoverable under a fee-shifting statute—such as section 505 of the Copyright Act. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("We . . . hold that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."); 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) ("Fees are proper under [the Copyright Act]

1  when either successful prosecution or successful defense of the action furthers the
2  purposes of the Copyright Act."); *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir.
3  1996) (holding that the Copyright Act permits recovery of attorney's fees incurred on
4  appeal). These bonds may be posted by surety companies. 31 U.S.C. § 9304.

5        If bond is posted and the judgment creditor prevails on appeal, he or she may
6  move the district court to summarily adjudicate and enforce the surety's liability on
7  the bond. Fed. R. Civ. P. 62(d), 65.1 (supersedeas bonds); Fed. R. App. P. 7, 8(b)
8  (appeal bonds); C.D. Cal. L.R. 65-8; *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052,
9  1054 (9th Cir. 2000) (Rule 65.1 "was intended to provide a uniform rule for summary
10 proceedings against sureties on bonds required or permitted under [Rule 62]"); *Apple*
11 *Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 8477855, at *6 (N.D.
12 Cal. Dec. 9, 2015) (enforcing surety's liability on supersedeas bond under Rule 65.1
13 following affirmance by the Federal Circuit and issuance of mandate); Charles Alan
14 Wright et al., 11A Fed. Prac. & Proc. Civ. § 2971 (3d ed.).[4]

15       Here, the Court is satisfied that summary adjudication of SureTec's obligation
16 on both bonds is appropriate. As to the supersedeas bond, the Ninth Circuit affirmed
17 this Court's imposition of the underlying $81,319.72 sanction. The Ninth Circuit has

---

[4] When moving to summarily adjudicate a surety's obligation on a bond, the movant must serve notice of the motion on the court clerk, who is designated by law as the agent for service of any such motion, and who in turn must mail a copy of the motion to the surety. Fed. R. Civ. P. 65.1. It does not appear that Doe served the court clerk with this Motion. Nevertheless, the Court concludes that Doe has substantially complied with Rule 65.1's service requirements. *Cf. Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (noting that rules relating to service of process are "flexible rule[s] that should be liberally construed so long as a party receives sufficient notice of the complaint" (internal citations and quotations omitted)). Here, Doe mailed and e-mailed a copy of this Motion to both the SureTec attorney who signed the two bonds, and the SureTec attorney who generally handles court bonds. (Mot. at 8.) A SureTec attorney then emailed Doe's attorney confirming that it would not oppose the Motion, and would pay the requested amount upon receipt of a W-9 form. (Decl. Pietz, Ex. 1, ECF No. 261-1.) In light of this, the Court fails to see what would be achieved by requiring Doe to serve the Motion on the court clerk, only for the clerk to then mail the Motion to SureTec—which is exactly what Doe already did himself. Consequently, the Court is satisfied that SureTec received sufficient notice of the Motion such that the Court may adjudicate the Motion on the merits.

issued the mandate, and all sanctioned parties not deceased or defunct have agreed not to further challenge the sanction order. The sanction is therefore final in all material respects, and thus execution on the bond securing the sanction order is appropriate. Finally, SureTec does not challenge its obligation on the bond, and has in fact agreed to pay on the bond pursuant to the terms of the settlement. (Decl. Pietz, Ex. 1, ECF No. 261-1.) *See* C.D. Cal. L.R. 7-12 (failure to file a timely opposition may be deemed consent to the granting of a motion); *cf. Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (same).

Enforcement of the appeal bond is similarly appropriate. Doe was unquestionably the prevailing party on appeal, and thus may recover fees he reasonably incurred on appeal. *Fogerty*, 94 F.3d at 561. And because such fees are part of the "cost of appeal" under Appellate Rule 7, *Azizian*, 499 F.3d at 958, Doe may recover those fees from the appeal bond. Again, SureTec has not challenged Doe's ability to recover his fees on appeal, the reasonableness of the fees incurred, or the propriety of recovering those fees from the bond that was posted. As a result, the Court concludes that Doe may recover from SureTec the full amount of appellate fees and costs requested. C.D. Cal. L.R. 7-12; *cf. Ghazali*, 46 F.3d at 54.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Doe's Motion. (ECF Nos. 260, 261.) It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

(1) SureTec Insurance Company is liable to John Doe on the supersedeas bond in the amount of Eighty One Thousand Five Hundred and Ninety Eight Dollars and Forty-Five Cents ($81,598.45). (ECF No. 174.)

(2) SureTec Insurance Company is liable to John Doe on the appeal bond in the amount of Fifty Thousand Seven Hundred and Ninety Five Dollar and Thirty Cents ($50,795.30). (ECF No. 229.)

(3) Within 30 days of the date of this Order, SureTec Insurance Company

shall pay to John Doe the total amount of $132,393.75 by check. The check shall be made payable to "The Pietz Law Firm – IOLTA", and shall be sent to Morgan Pietz, 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. This payment shall satisfy SureTec Insurance Company's obligations at outlined in this Order.

**IT IS SO ORDERED.**

August 23, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**